

# ADVISORY BULLETINS AND RESOURCE GUIDE

## Colorado Division of Labor

### March 31, 2012

**John Hickenlooper**, Governor, State of Colorado

**Ellen Golombek**, Executive Director

**Michael J. McArdle**, Director, Colorado Division of Labor

**Peter H. Wingate,** Ph.D., Colorado Division of Labor

Plaintiffs' Exhibit 3

# FOREWORD

The Colorado Division of Labor has assembled this publication to aid in discharging its statutory duty of educating and assisting Colorado employees, employers, and the general public on Colorado labor and employment laws and related workplace topics. Readers must take note of the following important information:

> Effective January 28, 2008, content pages of this publication will contain a date stamp on the bottom right of each page. The date will represent the most recent date of revision and publication for the substantive content on each page.

> The Advisory Bulletins and materials contained herein are provided for general advisory, clarification, and explanatory purposes only. The Bulletins and associated materials are not intended to expand, narrow, or contradict current law. The current version of this publication is available at: www.colorado.gov/cdle/labor

> The Colorado Division of Labor does not provide legal advice. Persons inquiring must contact an attorney for legal advice.

> Every attempt has been made to ensure the accuracy and utility of the information contained in this publication. The Colorado Division of Labor is not responsible for errors or omissions; please contact the Division if you have any questions, comments, or feedback.

> This publication references and contains links to a variety of organizations, businesses, external agencies, websites, laws, and regulations. Such links do not represent formal endorsement or approval by the Colorado Division of Labor.

> All documents contained in this publication are for informational purposes only, and should not be relied upon as an official record of action or law. For official, complete, or annotated versions of Colorado Revised Statutes, contact the Colorado Committee on Legal Services of the Colorado General Assembly.

# ACKNOWLEDGEMENTS

This publication was created and written by Peter Wingate, Ph.D., Colorado Division of Labor.

Contributors to this publication include Amanda Neal, Kruz Watkins and additional Colorado Division of Labor staff who assisted in researching, editing, and writing the Bulletins and Resource Guide.

The Division of Labor appreciates the extensive input and feedback we have received from Colorado employees, employers, attorneys, law firms, and organizations regarding the content of this publication.

Plaintiffs' Exhibit 3

Keyword Index

# HOSPITALS AND HEALTH AND MEDICAL CARE, 24(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.*
*CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

Depending upon the specific circumstances, hospitals and hospital employees in Colorado may or may not be covered by the provisions of Colorado wage law and Colorado Minimum Wage Order Number 28. For a hospital to be covered, the hospital must meet the formal definition of an employer; for a worker to be covered, the worker must meet the formal definition of an employee.

## DEFINITION OF AN EMPLOYER

Colorado wage law defines an employer as every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado.

## EXCLUDED FROM THE DEFINITION OF AN EMPLOYER

Colorado wage law excludes the following from its definition of an employer: The state or its agencies or entities, counties, cities and counties, municipal corporations, quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or districts organized and existing under the laws of Colorado.

## DETERMINATION OF HOSPITAL COVERAGE UNDER COLORADO WAGE LAW

Hospitals and hospital employees in Colorado are evaluated on a case-by-case basis to determine if they are covered by Colorado wage law. In general, private for-profit hospitals are covered by Colorado wage law and Colorado Minimum Wage Order Number 28, whereas state and government-operated hospitals are not covered by Colorado wage law and the Wage Order.

## HEALTH AND MEDICAL INDUSTRY: COVERAGE UNDER MINIMUM WAGE ORDER NUMBER 28

Colorado Minimum Wage Order Number 28 includes the health and medical industry as one of the four industries covered by its provisions. The health and medical industry is defined as: Any business or enterprise engaged in providing medical, dental, surgical, or other health services including but not limited to medical and dental offices, hospitals, home health care, hospice care, nursing homes, and mental health centers, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

3/31/12

Plaintiffs' Exhibit 3

Keyword Index

# EXEMPTIONS AND JURISDICTIONAL ISSUES, 30(I)

*THE COLORADO DIVISION OF LABOR DOES NOT GIVE LEGAL ADVICE.
CONTACT AN ATTORNEY FOR LEGAL ADVICE.*

### AGRICULTURAL INDUSTRY
Wage Order 28 does not apply to the agricultural industry.

### AIRLINE INDUSTRY
The Division of Labor does not have any authority over wage claims involving air carriers. Wage disputes involving airlines are typically resolved by either the U.S. Department of Labor or the National Mediation Board. See Advisory Bulletin # 32 (I) for more information.

### BAKERIES
A bakery that operates on a retail or wholesale basis and prepares and offers food for sale or consumption on or off its premises is covered by the Wage Order. See Wage Order 28, Section 2, Food and Beverage.

### CASUAL BABYSITTERS
Casual babysitters are exempt from all provisions of Wage Order 28 pursuant to Section 5. Babysitting on a casual basis is generally defined as work performed on an irregular or intermittent basis and not performed by an individual whose full time work is babysitting. Individuals who perform day-care on a full time basis must be paid proper minimum wage and overtime premiums.

### COMMISSION SALES
Sales employees of retail or service industries paid on a commission basis, provided that 50% of their total earnings in a pay period are derived from commission sales, and their regular rate of pay is at least one and one-half times the minimum wage. This exemption is only applicable for employees of retail or service employers who receive in excess of 75% of their annual dollar volume from retail or service sales. See Colorado Minimum Wage Order Number 28, Section 6b.

### COMPANION SERVICES
Companions are exempt from all provisions of Wage Order 28 pursuant to Section 5. Companionship services may be generally defined in the following manner: services which provide fellowship, care and protection for a person, who due to advanced age or physical or mental conditions cannot care for his or her own needs. Such services may include meal preparation, bed changing, washing of clothes, and other similar services. The companion performs the service for the aged or infirm person and not generally to other persons.

3/31/12

Plaintiffs' Exhibit 3

Keyword Index

## CONSTRUCTION INDUSTRY
Wage Order 28 does not apply to the construction industry.

## DEVELOPMENTAL DISABILITY COMMUNITY CENTERED BOARDS AND SERVICE AGENCIES
Community Centered Boards and service agencies that are planned, designed, organized, operated, and maintained to provide services to and for individuals with developmental disabilities as defined in C.R.S. 27-10.5-202 are exempt from all provisions of the Wage Order.

## INMATES IN CORRECTIONAL INSTITUTIONS
Inmates in correctional institutions are exempt from all provisions of Wage Order 28. See Advisory Bulletin # 34 (I) for more information.

## INSURANCE INDUSTRY
Wage Order 28 does not apply to the insurance industry.

## MANUFACTURING INDUSTRY
Wage Order 28 does not apply to the manufacturing industry.

## MEDICAL TRANSPORTATION INDUSTRY
Employees of the medical transportation industry who are scheduled to work 24 hour shifts are exempt from the 12-hour overtime requirement provided they receive overtime wages for hours worked in excess of 40 hours per week. See Colorado Minimum Wage Order Number 28, Section 6d.

## NON-PROFIT ORGANIZATIONS
Non-profit organizations are not specifically exempted from Wage Order 28; exemption status is determined in accordance with the provisions of the Wage Order and Colorado wage law.

## RELIGIOUS AND CHARITABLE ORGANIZATIONS
Religious and charitable organizations are not specifically exempted from Wage Order 28; exemption status is determined in accordance with the provisions of the Wage Order and Colorado wage law.

Plaintiffs' Exhibit 3

Keyword Index

## RESIDENTIAL CAMPS

Adult seasonal staff (not year-round employees) of residential camps in Colorado licensed by the Colorado Department of Human Services pursuant to C.R.S. 26-6-101.4 et seq. are exempt from the overtime provisions of Wage Order 28. This overtime exemption only applies to a 16-week season beginning no earlier than May 15th and ending no later than September 15th each year. This exemption is granted subject to the following conditions:

- All allowable credits or other deductions from wages must be identified to the adult seasonal employee in writing.

- Year round employees, full time kitchen staff, or other employees not directly engaged in the supervision of the camp attendees are not exempted from the provisions of Wage Order 28.

- The camps are permitted a credit for the reasonable cost or fair market value for lodging not to exceed $15.00 per day.

Camps in Colorado that do not meet all of the criteria specified in the exemption as described above are evaluated on a case-by-case basis in accordance with all relevant facts and applicable Colorado Laws and Regulations.

## RESPITE CARE WORKERS

Respite care workers who provide companion-type services to individuals (not to the general public or not to a facility open to the general public) are exempt from the Wage Order. See also the companions exemption under Wage Order 28.

## SKI INDUSTRY

Employees of the ski industry performing duties directly related to ski area operations for downhill skiing or snowboarding, and those employees engaged in providing food and beverage services at on-mountain locations are exempt from the 40-hour overtime requirement under Wage Order 28. The 12-hour overtime requirement remains in effect for such workers. The partial ski industry exemption described above does not apply to ski area employees performing duties related to lodging. See Colorado Minimum Wage Order Number 28, Section 6c.

## VETERINARY MEDICINE

Veterinary medicine is not included under the health and medical industry. Veterinary medicine is not classified within the health and medical industry for the purposes of Wage Order 28. The intent of the Wage Order is to cover the health and medical industry as it applies to humans.

Veterinary workers are exempt from Wage Order 28 when classified as agricultural workers. Veterinarians who spend the majority of their time employed on a farm or other agricultural facility are considered agricultural workers and not covered by Wage Order 28. Veterinary workers are covered by Wage Order 28 when classified under the retail and service category. Veterinarians who provide care for domestic animals or household pets in a clinic or hospital are classified as service workers, and are covered by Wage Order 28.

3/31/12

Plaintiffs' Exhibit 3

Keyword Index

## WESTERN STOCK SHOW ASSOCIATION

The Western Stock Show, presented and operated by the Western Stock Show Association, is exempt from the overtime requirements of Wage Order 28. This conclusion is based upon the fact that the stock show is predominantly a livestock exhibition conducted for educational purposes. The exemption is limited to the several hundred temporary employees of the Western Stock Show Association hired for the annual livestock exhibition, and does not apply to vendors, concessionaires, or contractors who conduct their operations at the Stock Show.

## THE FOLLOWING ARE EXEMPT FROM ALL PROVISIONS OF WAGE ORDER 28:

Administrative Employees
Executives or Supervisors
Professionals
Outside Salespersons
Elected Officials and Members of Their Staff
Domestic Employees
Property Managers
Interstate Drivers
Driver Helpers, Loaders, or Mechanics of Motor Carriers
Taxi Cab Drivers
Bona Fide Volunteers
Students Employed by Sororities or Fraternities
Students Employed by College Clubs or Dormitories
Students Employed in a Work Experience Study Program
Employees Working in Laundries of Charitable Institutions
Patient Workers in Institutional Laundries

See Advisory Bulletin # 9 (I) for more information on exemptions under Colorado Minimum Wage Order Number 28.

## REFERENCES

Colorado Minimum Wage Order Number 28

## WEBSITE LINKS

www.colorado.gov/cdle (Colorado Department of Labor and Employment)
www.coloradolaborlaw.gov (Colorado Division of Labor)

3/31/12

Plaintiffs' Exhibit 3