IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

_____

**UNOPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY**
_____

COME NOW the Plaintiffs, through undersigned counsel, and hereby move the Court for leave to file a Sur-reply to Defendant's Reply on the Motion to Dismiss, and in support state:

1.    Counsel for Plaintiffs conferred, pursuant to D.COLO.LCivR 7.1(a), with counsel for Defendant regarding the relief sought in this Motion. Defendant does not oppose the instant Motion.

2.    In their Reply on the Motion to Dismiss, Defendants assert, for the first

time, that that GEO is not required to pay its detainee employees the Colorado minimum wage because "this case is governed by the [McNamara-O'Hara Service Contract Act, 42 U.S.C. § 351, *et seq.* ("SCA")]." Doc. 18 at p. 19. In its Reply, Defendant also argues for the first time that GEO may avoid liability under the Colorado Minimum Wage Order and the federal statute prohibiting forced labor by relying on the Government Contractor defense. *Id.* at pp. 5, 6, 9, 10, 11, 27, 28.

3. Because these two arguments appear nowhere in the Motion to Dismiss, Plaintiffs seek leave to respond thereto.[1]

4. Granting leave to file a sur-reply is within the discretion of the district court. *Menge v. AT & T, Inc.*, No. 11-CV-00728-PAB-KLM, 2013 WL 537352 (D. Colo. Feb. 13, 2013); *see also, Green v. New Mexico,* 420 F.3d 1189, 1196 (10th Cir.2005). A sur-reply brief is necessary if the reply brief raises new material that was not included in the original motion. *See, Green*, 420 F.3d at 1196 (citing *Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1164 (10th Cir.1998)). "New material" can include new legal arguments or factual evidence. *Green,* 420 F.3d at 1196 (citing *Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1139 n. 13 (10th Cir.2003)). The Court's discretion is limited insofar as it

---

[1] Plaintiffs also note that, in its Reply, Defendant continues to rely on partial, redacted portions of what it claims to be the operative contract between GEO and DHS/ICE. Doc. 18-1. Defendant's continuing refusal to produce the complete, un-redacted contract prevents the Plaintiffs and the Court from examining and verifying all pertinent provisions of the contract. *See*, *York v. Am. Tel. & Tel. Co.,* 95 F.3d 948, 958 (10th Cir. 1996) ("Judicial notice is appropriate where a matter is 'verifiable with certainty.'") (citing *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979). *See also,* Fed.R.Evid. 106 ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction *at that time* of any other part or any other writing or recorded statement which ought in fairness to be considered *contemporaneously* with it.") (emphasis added). *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001) ("The rule of completeness, both at common law and as partially codified in Rule 106, functions as a defensive shield against potentially misleading evidence proffered by an opposing party."). Defendant's non-opposition to Plaintiffs' Motion for Leave to File a Sur-reply does not reach this issue.

may not deny the non-movant's motion to file a sur-reply unless it disregards any new arguments in the moving party's reply. *Menge* at *1 (citing *Pippin v. Burlington Res. Oil & Gas Co.,* 440 F.3d 1186, 1191–92 (10th Cir. 2006) ("if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials.").

WHEREFORE, Plaintiffs respectfully request an Order from the Court granting Plaintiffs leave to file a sur-reply regarding Defendant's SCA and Government Contractor defense arguments. Should the Court be inclined to grant the Motion, Plaintiffs request 21 days from the date of the Court's Order within which to file their sur-reply.

Respectfully submitted,

*S/ Brandt Milstein*
MILSTEIN LAW OFFICE
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*S/ Andrew Turner*
BUESCHER, KELMAN & PERERA, P.C.
600 Grant St., Suite 450
Denver, CO 80203
303.333.7751
aturner@laborlawdenver.com

*S/ Alexander Hood*
TOWARDS JUSTICE

3

>601 16th St. Suite C #207
>Golden, CO 80401
>720.239.2606
>alex@towardsjustice.org
>
>*S/ Hans Meyer*
>Meyer Law Office, P.C.
>P.O. Box 40394
>Denver, CO 80204
>303.831.0817
>hans@themeyerlawoffice.com
>
>*S/ R. Andrew Free*
>Bank of America Plaza
>414 Union St., Suite 900
>Nashville, TN 37219
>615.244.2202
>Andrew@ImmigrantCivilRights.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I filed this *Motion* electronically through the CM/ECF system, which caused all parties entitled to service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*S/ Brandt Milstein*

4