# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

vs.

THE GEO GROUP, INC.,

    Defendant.

# ANSWER

Defendant THE GEO GROUP, INC., by its attorneys, Vaughan & DeMuro and Norton Rose Fulbright US LLP, submits this answer to Plaintiffs' Complaint [Doc. 1] as follows:

In answer to the unnumbered paragraph on page one of Plaintiffs' Complaint, Defendant admits that the plaintiffs are former detainees who were detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("DHS/ICE") at the Aurora Detention Facility which is owned and operated by Defendant

pursuant to a contract with DHS/ICE. Defendant otherwise denies the allegations in that paragraph.

Defendant denies the allegations contained in the first unnumbered paragraph on page two of Plaintiffs' Complaint and further states that Plaintiffs' claim under Colorado's Minimum Wage Order was dismissed by the Court on July 7, 2015 [Doc. 23].

Defendant denies the allegations contained in the second unnumbered paragraph on page two of Plaintiffs' Complaint.

Defendant denies the allegations contained in the third unnumbered paragraph on page two of Plaintiffs' Complaint.

## **STATEMENT OF THE CASE**

1. In answer to paragraph 1 of Plaintiffs' Complaint, Defendant admits that Plaintiffs were detained by DHS/ICE at the Aurora Detention Facility and as part of that detention may have performed duties in accordance with ICE's voluntary detainee work program for detainees and ICE's sanitation policies. Defendant admits that duties carried out by detainees may sometimes include cleaning bathrooms, showers, toilets, windows, floors (sweeping, mopping, stripping, waxing), housing units, intake area, medical patient rooms and offices; doing laundry; preparing meals; barber services; cleaning and organizing the warehouse; pulling weeds; and planting flowers. Defendant otherwise denies the allegations in paragraph 1 of Plaintiffs' Complaint.

2. In answer to paragraph 2 of Plaintiffs' Complaint, Defendant admits that pursuant to ICE's voluntary detainee work program, detainees are paid $1.00 per day for

certain work that they perform. Defendant otherwise denies the allegations in paragraph 2 of Plaintiffs' Complaint.

3. Defendant denies the allegations in paragraph 3 of Plaintiffs' Complaint and further states that Plaintiffs' claim under Colorado's Minimum Wage Order was dismissed by the Court on July 7, 2015 [Doc. 23].

4. Defendant denies the allegations in paragraph 4 of Plaintiffs' Complaint and further states that Plaintiffs' claim under Colorado's Minimum Wage Order was dismissed by the Court on July 7, 2015 [Doc. 23].

5. In answer to paragraph 5 of Plaintiffs' Complaint, Defendant states that the ICE Detainee Handbook speaks for itself and, therefore, it is not necessary for Defendant to either or admit or deny the allegations in paragraph 5. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 5 of Plaintiffs' Complaint.

6. Defendant denies the allegations in paragraph 6 of Plaintiffs' Complaint.

7. Defendant denies the allegations in paragraph 7 of Plaintiffs' Complaint.

8. Defendant denies the allegations in paragraph 8 of Plaintiffs' Complaint.

9. In answer to paragraph 9 of Plaintiffs' Complaint, Defendant admits that pursuant to ICE's voluntary detainee work program, detainees are paid $1.00 per day for certain work that they perform. Defendant otherwise denies the allegations in paragraph 9 of Plaintiffs' Complaint.

## PARTIES, JURISDICTION, VENUE

10. In answer to paragraph 10 of Plaintiffs' Complaint, Defendant admits that Alejandro Menocal was detained by ICE at the Aurora Detention Facility from approximately June 6, 2014, until September 10, 2014. Defendant otherwise denies the allegations in paragraph 10 of Plaintiffs' Complaint.

11. In answer to paragraph 11 of Plaintiffs' Complaint, Defendant admits that Marcos Brambila was detained by ICE at the Aurora Detention Facility from approximately December 26, 2013, until November 5, 2014. Defendant otherwise denies the allegations in paragraph 11 of Plaintiffs' Complaint.

12. In answer to paragraph 12 of Plaintiffs' Complaint, Defendant admits that Grisel Xahuentitla was detained by ICE at the Aurora Detention Facility from approximately May 15, 2014, until September 3, 2014. Defendant otherwise denies the allegations in paragraph 12 of Plaintiffs' Complaint.

13. In answer to paragraph 13 of Plaintiffs' Complaint, Defendant admits that Hugo Hernandez was detained by ICE at the Aurora Detention Facility from approximately March 8, 2014, until April 3, 2015. Defendant otherwise denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14. In answer to paragraph 14 of Plaintiffs' Complaint, Defendant admits that Lourdes Argueta was detained by ICE at the Aurora Detention Facility from approximately

September 30, 2013, until February 6, 2015. Defendant otherwise denies the allegations in paragraph 14 of Plaintiffs' Complaint.

15. In answer to paragraph 15 of Plaintiffs' Complaint, Defendant admits that Jesus Gaytan was detained by ICE at the Aurora Detention Facility from approximately July 21, 2014, until December 12, 2014. Defendant otherwise denies the allegations in paragraph 15 of Plaintiffs' Complaint.

16. In answer to paragraph 16 of Plaintiffs' Complaint, Defendant admits that Olga Alexaklina was detained by ICE at the Aurora Detention Facility from approximately August 13, 2014, until September 29, 2014. Defendant otherwise denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17. In answer to paragraph 17 of Plaintiffs' Complaint, Defendant admits that Dagoberto Vizguerra was detained by ICE at the Aurora Detention Facility from approximately October 17, 2014, until November 14, 2014. Defendant otherwise denies the allegations in paragraph 17 of Plaintiffs' Complaint.

18. In answer to paragraph 18 of Plaintiffs' Complaint, Defendant admits that Demetrio Valerga was detained by ICE at the Aurora Detention Facility from approximately September 11, 2013, until July 11, 2014. Defendant otherwise denies the allegations in paragraph 18 of Plaintiffs' Complaint.

19. Defendant admits the allegations in paragraph 19 of Plaintiffs' Complaint.

20. In answer to paragraph 20 of Plaintiffs' Complaint, assuming Plaintiffs have standing and a claim under the TVPA, Defendant admits this Court has jurisdiction over

this matter pursuant to 28 U.S.C. § 1331.  However, if Plaintiff's lack standing to bring a claim under the TVPA or the TVPA provides them no cause of action, there is no federal subject matter jurisdiction, and the Court should deny supplemental jurisdiction over pending state law claims.  Defendant otherwise denies the allegations in paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiffs' Complaint.

22. In answer to paragraph 22 of Plaintiffs' Complaint, Defendant admits 28 U.S.C. § 1367 addresses supplemental jurisdiction.  Defendant otherwise denies the allegations in paragraph 22 of Plaintiffs' Complaint.

23. To the extent this Court has jurisdiction, Defendant admits the allegations in paragraph 23 of Plaintiffs' Complaint.

**RULE 23 CLASS ALLEGATIONS AS TO THE "MINIMUM WAGE CLASS"**

24-39. In answer to paragraphs 24-39 of Plaintiffs' Complaint, Defendant states that Plaintiffs' "minimum wage" claim was dismissed by the Court on July 7, 2015 [Doc. 23], as such, it is unnecessary for Defendant to respond to these paragraphs.  To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraphs 24-39 of Plaintiffs' Complaint.

**COUNT I**
**Colorado Minimum Wages of Workers Act, § 8-6-101, *et seq.***
**as implemented by the Colorado Minimum Wage Order, 7 CCR 1103-1**

40. In answer to paragraph 40 of Plaintiffs' Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1 through 39 of Plaintiffs' Complaint

as though fully set forth herein.

41-52. In answer to paragraphs 41-52 of Plaintiffs' Complaint, Defendant states that Count I of Plaintiffs' Complaint was dismissed by the Court on July 7, 2015 [Doc. 23]; as such, it is unnecessary for Defendant to respond to these paragraphs. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraphs 41-52 of Plaintiffs' Complaint.

## **RULE 23 CLASS ALLEGATIONS AS TO THE "FORCED LABOR CLASS"**

53. In answer to paragraph 53 of Plaintiffs' Complaint, Defendant admits that Plaintiffs seek to bring this action pursuant to Fed.R.Civ.P. 23. Defendant denies that this action is appropriately maintained under such provisions of the federal rules and otherwise denies the remaining allegations contained in paragraph 53.

54. In answer to paragraph 54 of Plaintiffs' Complaint, Defendant admits that it utilizes ICE's sanitation policy and that Plaintiffs' Count II Forced Labor claim does not concern ICE's voluntary detainee work program. Defendant otherwise denies the allegations in paragraph 54 of Plaintiffs' Complaint.

55. In answer to paragraph 55 of Plaintiffs' Complaint, Defendant admits that detainees may have performed work under ICE's sanitation policy and that such policy speaks for itself. Defendant otherwise denies the allegations in paragraph 55 of Plaintiffs' Complaint.

56. Paragraph 56 of Plaintiffs' Complaint contains no allegations for Defendant to admit or deny. To the extent it is deemed necessary to admit or deny the same,

Defendant denies the allegations in paragraph 56 of Plaintiffs' Complaint.

57. Defendant denies the allegations in paragraph 57 of Plaintiffs' Complaint.

58. Defendant is without knowledge regarding the allegations in paragraph 58 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 58.

59. In answer to paragraph 59 of Plaintiffs' Complaint, Defendant admits that it utilizes ICE's sanitation policy and that such policy speaks for itself. Defendant otherwise denies the allegations in paragraph 59 of Plaintiffs' Complaint.

60. Defendant is without knowledge regarding the allegations in paragraph 60 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 60.

61. Defendant is without knowledge regarding the allegations in paragraph 61 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62 of Plaintiffs' Complaint.

63. Defendant is without knowledge regarding the allegations in paragraph 63 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 63.

64. Defendant is without knowledge regarding the allegations in paragraph 64 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 64.

65. Defendant is without knowledge regarding the allegations in paragraph 65 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 65.

66. To the extent that this matter is allowed to proceed under Fed.R.Civ.P. 23, Defendant admits the allegations in paragraph 66 of Plaintiffs' Complaint. Defendant otherwise denies the allegations in paragraph 66 of Plaintiffs' Complaint.

67. Defendant is without knowledge regarding the allegations in paragraph 67 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68 of Plaintiffs' Complaint.

## COUNT II
### Forced Labor
### 18 U.S.C. § 1589

69. In answer to paragraph 69 of Plaintiffs' Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1 through 68 of Plaintiffs' Complaint as though fully set forth herein.

70. In answer to paragraph 70 of Plaintiffs' Complaint, Defendant admits that Plaintiffs seek to bring this action pursuant to Fed.R.Civ.P. 23. Defendant denies that this action is appropriately maintained under such provisions of the federal rules and otherwise denies the remaining allegations contained in paragraph 70.

71. Paragraph 71 of Plaintiffs' Complaint contains no allegations for Defendant to admit or deny. To the extent it is deemed necessary to admit or deny the same,

Defendant denies the allegations in paragraph 71 of Plaintiffs' Complaint.

72-85. Defendant denies the allegations in paragraphs 72-85 of Plaintiffs' Complaint.

**RULE 23 CLASS ALLEGATIONS AS TO THE "UNJUST ENRICHMENT CLASS"**

86. In answer to paragraph 86 of Plaintiffs' Complaint, Defendant admits that Plaintiffs seek to bring this action pursuant to Fed.R.Civ.P. 23. Defendant denies that this action is appropriately maintained under such provisions of the federal rules and otherwise denies the remaining allegations contained in paragraph 86.

87. In answer to paragraph 87 of Plaintiffs' Complaint, Defendant admits that detainees may have performed work under ICE's voluntary detainee work program and that such policy speaks for itself. Defendant otherwise denies the allegations in paragraph 87 of Plaintiffs' Complaint.

88. Paragraph 88 of Plaintiffs' Complaint contains no allegations for Defendant to admit or deny. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 88 of Plaintiffs' Complaint.

89. In answer to paragraph 89 of Plaintiffs' Complaint, Defendant admits that detainees may have performed work under ICE's voluntary detainee work program at $1.00 per day and that such policy speaks for itself. Defendant otherwise denies the allegations in paragraph 89 of Plaintiffs' Complaint.

90. Defendant is without knowledge regarding the allegations in paragraph 90 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same,

Defendant denies the allegations in paragraph 90.

91. In answer to paragraph 91 of Plaintiffs' Complaint, Defendant admits that it utilizes ICE's voluntary detainee work program and that such policy speaks for itself. Defendant otherwise denies the allegations in paragraph 91 of Plaintiffs' Complaint.

92. Defendant is without knowledge regarding the allegations in paragraph 92 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 92.

93. Defendant is without knowledge regarding the allegations in paragraph 93 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94 of Plaintiffs' Complaint.

95. Defendant is without knowledge regarding the allegations in paragraph 95 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 95.

96. Defendant is without knowledge regarding the allegations in paragraph 96 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 96.

97. Defendant is without knowledge regarding the allegations in paragraph 97 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 97.

98. To the extent that this matter is allowed to proceed under Fed.R.Civ.P. 23, Defendant admits the allegations in paragraph 98 of Plaintiffs' Complaint. Defendant otherwise denies the allegations in paragraph 98 of Plaintiffs' Complaint.

99. Defendant is without knowledge regarding the allegations in paragraph 99 of Plaintiffs' Complaint. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100 of Plaintiffs' Complaint.

### COUNT III
### Unjust Enrichment
### Colorado Common Law

101. In answer to paragraph 101 of Plaintiffs' Complaint, Defendant incorporates its answers to the allegations contained in paragraphs 1 through 100 of Plaintiffs' Complaint as though fully set forth herein.

102. In answer to paragraph 102 of Plaintiffs' Complaint, Defendant admits that Plaintiffs seek to bring this action pursuant to Fed.R.Civ.P. 23. Defendant denies that this action is appropriately maintained under such provisions of the federal rules and otherwise deny the remaining allegations contained in paragraph 102.

103. Paragraph 103 of Plaintiffs' Complaint contains no allegations for Defendant to admit or deny. To the extent it is deemed necessary to admit or deny the same, Defendant denies the allegations in paragraph 103 of Plaintiffs' Complaint.

104-107. Defendant denies the allegations in paragraphs 104-107 of Plaintiffs' Complaint.

Defendant denies all of the allegations in the unnumbered "WHEREFORE" paragraphs and their subsections on pages 18-20 of Plaintiffs' Complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

2. Plaintiffs and proposed class members have failed to state a claim or cause of action against Defendant upon which relief may be granted.

3. Plaintiffs and proposed class members may not have standing or otherwise be the real parties in interest to prosecute all or a portion of the claims in question. Therefore, this Court may lack jurisdiction.

4. The named Plaintiffs' and proposed class members' claims against Defendant are barred because Plaintiffs and proposed class members have an available administrative and/or state remedy.

5. One or more of Plaintiffs' and/or the proposed class members' claims are barred as moot.

6. Plaintiffs' and proposed class members' alleged injuries and damages, if any, were proximately caused by the acts of a third party, not a party to this action, over whom Defendant had no control nor right of control.

7. Plaintiffs and proposed class members assumed the risk of the injury or damages claimed.

8. The claims are barred in whole or in part under the doctrines of release, waiver, estoppel and/or laches.

9. Plaintiffs and proposed class members have not suffered any losses and Defendant has not been unjustly enriched as a results of any action or inaction by Defendant or its agents and Plaintiffs and the proposed class members are, therefore, not entitled to any disgorgement or damages.

10. It would be inequitable for any plaintiff to recover any damages because the actions of each plaintiff caused him or her to be placed at the Aurora Detention Center, any work he or she performed was voluntary and/or minor and consistent with that performed by detainees at ICE facilities throughout the United States, and plaintiffs received other benefits such as housing, food, and medical care.

11. Plaintiffs and proposed class members received all monies due them.

12. Plaintiffs' and proposed class members were treated fairly and in good faith.

13. The claims are barred by the government contractor defense.

14. The claims are barred by the Service Contract Act.

15. Plaintiffs and proposed class members are not trafficking victims under U.S.C. Title 18, Chapter 77, and that title, including 18 U.S.C. §§ 1589 and 1595, provides no cognizable cause of action for Plaintiffs.

16. Plaintiffs' and proposed class members' labor was not obtained in violation of 18 U.S.C. § 1589.

17. Defendant did not benefit financially or receive anything of value from participation in a venture that Defendant knew or should have known was in violation of U.S.C. Title 18, Chapter 77.

18. Any labor performed by Plaintiffs was pursuant to civic duty.

19. This suit may not be maintained as a class action because: (a) Plaintiffs have failed to plead, and cannot establish the necessary procedural elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of fact do not predominate; to the contrary, individual issues predominate; (d) Plaintiffs' claims are not representative or typical of the claims of the putative class; (e) Plaintiffs are not proper class representatives; (f) the named plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action treatment is not appropriate; (h) there is not a well-defined community of interest in the questions of fact affecting Plaintiffs and the members of the alleged putative class; and (i) the alleged putative class is not ascertainable, nor are its members identifiable.

20. If any plaintiff recovers on any claim, his or her recovery is subject to set off for the benefits that he or she received while in the Aurora Detention Facility, in law or equity.

21. The claims for punitive or exemplary damages are barred or subject to the

limitations of C.R.S. § 13-21-102 and 13-21-102(5).

22. The claims for punitive or exemplary damages violates the Excessive Fines clause of the Eighth Amendment to the United States Constitution; the Due Process clause of the Fourteenth Amendment to the United States Constitution; the Equal Protection clause of the United States Constitution; and the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

23. Plaintiffs' claims lack substantial justification, are frivolous and groundless, and/or were brought for improper purposes. Plaintiff is liable to Defendant for its costs and attorney fees pursuant to 42 U.S.C. §1988, Fed.R.Civ.P. 11, and any other applicable federal law.

DEFENDANT DEMANDS A JURY ON ALL ISSUES TRIABLE.

Submitted July 20, 2015.

| VAUGHAN & DeMURO | NORTON ROSE FULBRIGHT US LLP |
|---|---|
| */s/ Shelby A. Felton* <br> David R. DeMuro <br> Shelby A. Felton <br> 3900 E. Mexico Ave., Suite 620 <br> Denver, Colorado 80210 <br> (303) 837-9200 <br> Email:sfelton@vaughandemuro.com | */s/ Charles A. Deacon* <br> Charles A. Deacon <br> 300 Convent Street, Suite 2100, <br> San Antonio, Texas 78205-3792 <br> (210) 270 7133 <br> charlie.deacon@nortonrosefulbright.com |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 20, 2015, I electronically filed Defendant's **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following

Charles A. Deacon
Mark Emery
charlie.deacon@nortonrolefulbright.com
mark.emery@nortonrosefulbright.com

Brandt Milstein
brandt@milsteinlawoffice.com

Andrew Turner
aturner@laborlawdenver.com

Alexander Hood
alex@towardsjustice.org

Hans Meyer
hans@themeyerlawoffice.com

R. Andrew Free
Andrew@lmmigrantCivilRights.com

 

/s/Shelby A. Felton
Shelby A. Felton
3900 E. Mexico Ave., Suite 620
Denver, Colorado 80210
(303) 837-9200
(303) 837-9400 fax
Emails:sfelton@vaughandemuro.com