IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**STIPULATED SCHEDULING AND DISCOVERY ORDER**

---

**1. DATE OF CONFERENCE**

August 11, 2015

**2. STATEMENT OF CLAIMS AND DEFENSES**

  a.  <u>Plaintiffs' statement</u>:

Plaintiffs are current and former civil immigration detainees who are being

held or were held at Defendant The GEO Group, Inc.'s ("GEO") Aurora Detention Facility. Plaintiffs brought suit on their own behalf and on behalf of all others similarly situated to challenge GEO's (a private, for-profit prison corporation) practice of forcing civil immigration detainees to clean GEO's facility, under threat of solitary confinement, for no pay. Plaintiffs also challenge GEO's practice of paying detainees $1 per day for their work scrubbing and waxing GEO's floors, running GEO's laundry and kitchen, performing GEO's clerical work, and landscaping GEO's grounds, among other tasks.

Plaintiffs proceed under the Trafficking Victims Protection Act ("TVPA") because GEO "knowingly provides or obtains the labor or services of [civil immigrant detainees] by… means of force, threats of force, physical restraint, or threats of physical restraint." (18 U.S.C. § 1589(a) and § 1595). Plaintiffs proceed under an unjust enrichment cause of action because GEO's retention the benefits it collected from Plaintiffs' and others' labor violates principles of justice, equity, and good conscience.

The Court dismissed Plaintiffs' claims under the Colorado Minimum Wage Order. [Doc. No. 23].

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the case arises under 18 U.S.C. § 1595. This Court also has

jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because Plaintiffs seek to represent putative classes claiming damages in excess of $5,000,000.00. The Court may exercise jurisdiction over Plaintiffs' common law unjust enrichment claims pursuant to 28 U.S.C. § 1367.

b. Defendant(s)' statement:

Defendant is a private company that operates the Aurora Detention Facility under a contract with a federal agency, Immigration and Customs Enforcement ("ICE"). Persons detained at the Aurora facility are in the custody of ICE. While housed at the facility, detainees have the opportunity to participate in ICE's Voluntary Work Program, where they earn $1 per day for performing certain work. ICE also implements a Housing Unit Sanitation policy, under which detainees are expected to perform certain housekeeping duties to help keep their immediate living areas clean.

Defendant states that none of the currently named Plaintiffs are currently detained at the Aurora facility and none of them have been since April 3, 2015.

Defendant believes that each of the Plaintiffs' claims should be dismissed because the Plaintiffs' have failed to state a valid cause of action on which relief may be granted. The Court correctly dismissed the

Plaintiffs' claim for relief under the Colorado Minimum Wage Order.

Defendant intends to file a motion for reconsideration of the Court's order denying Defendant's motion to dismiss the TVPA claim and the claim for unjust enrichment. As will be further supported in Defendant's forthcoming motion, Defendant believes the TVPA claim should be dismissed because applying the TVPA to the Plaintiffs' claims is contrary to Congressional intent. Defendant believes that Plaintiffs fail to state a claim for unjust enrichment because Plaintiffs' fail to plausibly allege that they had any reasonable expectation that they would be paid the "fair market value" of their services, and that Defendant unjustly obtained a benefit at the expense of the Plaintiffs or other detainees.

Defendant also seeks reconsideration of the Court's ruling that the government contractor defense is inapplicable, on the grounds that there is a significant conflict between Plaintiffs' unjust enrichment claim and the federal interest in the operation of federal detention facilities.

In the event the Court concludes that the Plaintiffs have no standing to sue under the TVPA, and denies supplemental jurisdiction over the Plaintiffs' unjust enrichment claim, then the Court may lack further jurisdiction over this case.

Defendant believes that class certification is unlikely to be

appropriate because Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23, but must await further evidence to provide more specific grounds.

Defendant incorporates by reference these and the other affirmative defenses stated in its answer.

c. Other parties' statement:

### 3. UNDISPUTED FACTS

The following facts are undisputed:

a. Plaintiffs were in ICE custody while detained at GEO's Aurora Detention Facility.

b. Some Plaintiffs participated in the "Voluntary Work Program."

c. Detainees who participate in the "Voluntary Work Program" are paid $1.00 per day for their work.

d. Plaintiffs were subject to the "Housing Unit Sanitation" policy.

### 4. COMPUTATION OF DAMAGES

Plaintiffs:

Plaintiffs bring their unjust enrichment claims to recover for themselves and the putative Class the difference between the amount they were paid for their work and the fair market value of their work. Plaintiffs cannot yet calculate their individual or the putative

Class's damages attributable to the unjust enrichment claims because the records of hours worked and wages paid required to calculate those damages are in Defendant's control and have not yet been produced to Plaintiffs, and Plaintiffs may require the assistance of an expert to ascertain damages from those records. Further, an expert opinion as to the fair market value of Plaintiffs' and the putative Class's labor has not yet been rendered. Plaintiffs are also entitled to recover for themselves and the putative Class exemplary damages under their unjust enrichment claims.

As to the Plaintiffs' and the putative Class's TVPA claims, Plaintiffs seek compensatory damages, punitive damages, restitution and attorney fees and costs. Calculations of Plaintiffs' and the putative Class's actual damages (e.g. restitution) cannot be made until Defendant produces information regarding the work performed by Plaintiffs and the members of the putative Class in Defendant's "Housing Unit Sanitation" program. Plaintiffs' and the Class's attorney fees and litigation costs are described in section 5(i) below.

Defendant:

Defendant disputes that any calculation of damages, restitution, attorney's fees or costs is necessary, because Plaintiffs have failed to state a claim upon which relief may be granted to the Plaintiffs or a class. In the event the Court does not dismiss those claims, Defendant anticipates a need for expert opinion(s) rebutting Plaintiffs' calculation of these amounts.

Defendant does not claim damages, but reserves the right to seek costs and fees that may be recoverable under applicable federal and Colorado law.

**5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R.Civ. P. 26(f)**

a. Date of Rule 26(f) meeting: July 21, 2015

b. Names of each participant and each party represented:

    Brandt Milstein, Attorney for Plaintiffs
    Andrew Turner, Attorney for Plaintiffs
    R. Andrew Free, Attorney for Plaintiffs
    Shelby Felton, Attorney for Defendant
    Charles A. Deacon, Attorney for Defendant
    Mark Emery, Attorney for Defendant

c. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1):

None.

d. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

The parties' Initial Disclosures will be made on or before August 4, 2015.

e. Statement concerning any agreements to conduct informal discovery:

The parties have not agreed to any informal discovery.

f. Statement concerning any agreements or proposals regarding electronic discovery:

Consistent with this District's Guidelines Addressing the Discovery of Electronically Stored Information, the parties have conferred regarding the conduct of E-discovery in this case. The parties have discussed all issues in

7

       this District's Meet-and-Confer Checklist regarding ESI.

g.     Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:

       Plaintiffs have proposed a stipulation pursuant to Fed.R.Civ.P. 30(b)(4) permitting the deposition of any witness located outside the territorial jurisdiction of the United States *via* internet video conference, thus eliminating the need for witnesses, attorneys, and/or court reporters to travel internationally.

       Defendant requests the right to be present in person for any deposition and to oppose any request to do specific depositions by video conference.

h.     Statement regarding use of the unified exhibit numbering system:

       The parties will use a unified exhibit numbering system.

i.     Each party shall set forth its anticipated costs of conducting this litigation, itemizing costs including travel and attorney fees for taking depositions, paralegal expenses, costs of preparations, costs of drafting written discovery, anticipated motions and costs of complying with discovery requests.

    <u>Plaintiffs total anticipated fees and costs</u>: It is difficult at this stage for the Plaintiffs to estimate their fees and costs because discovery has just commenced and the need and/or breadth of discovery and expert discovery is not clear. Nonetheless, Plaintiffs estimate the costs and fees associated with litigating this case through trial will total between **$275,000 and $500,000.** Plaintiffs reserve the right to amend this estimate. Below is an itemization of this estimate.

    Anticipated <u>deposition costs</u> including attorney fees and travel: $75,000 to $150,000

Anticipated costs and attorney fees for <u>drafting written discovery</u>: $5,000 to $15,000.

Anticipated costs and attorney fees for <u>responding to written discovery</u>: $10,000 to $20,000

Anticipated costs and attorney fees for <u>drafting Plaintiffs' Rule 23 Motion</u>: $10,000 to $20,000

Anticipated costs and attorney fees for <u>drafting Plaintiffs' Motion for Summary Judgment</u>: $30,000 to $50,000

Plaintiffs' anticipated <u>expert witness costs and fees</u>: $20,000 to $30,000

Anticipated <u>Trial costs</u>: $100,000 to $150,000

Other miscellaneous costs and fees: $25,000 to $65,000

**Defendant's total anticipated fees and costs**: It is difficult at this stage for Defendant to estimate its fees and costs because discovery has not commenced and the need and/or breadth of discovery and expert discovery is not clear. Nonetheless, Defendant estimates the costs and fees associated with litigating this case through trial will total between **$275,000 and $500,000.** Defendant reserves the right to amend this estimate. Below is an itemization of this estimate.

- Anticipated <u>deposition costs</u> including attorney fees and travel: $75,000 to $150,000

- Anticipated costs and attorney fees for <u>drafting written discovery</u>: $5,000 to $15,000.

- Anticipated costs and attorney fees for <u>responding to written discovery</u>: $10,000 to $20,000

- Anticipated costs and attorney fees for <u>opposing Plaintiffs' Rule 23 Motion</u>:

$10,000 to $20,000

- Anticipated costs and attorney fees for <u>drafting Defendant's Motion for Summary Judgment</u>: $30,000 to $50,000

- Defendant's anticipated <u>expert witness costs and fees</u>: $20,000 to $30,000

- Anticipated <u>Trial costs</u>: $100,000 to $150,000

- Other miscellaneous costs and fees: $25,000 to $65,000

### 6. CASE PLAN AND SCHEDULE

The plan and schedule must include the following items:

**a.  Deadline for Joinder of Parties**

Plaintiffs propose February 25, 2016.

Defendant proposes that this date be set by the Court after ruling on Plaintiffs' Fed.R.Civ.P. 23 motion.

**b.  Deadline to Amend Pleadings**

Plaintiffs propose February 25, 2016.

Defendant proposes that this date be set by the Court after ruling on Plaintiffs' Fed.R.Civ.P. 23 motion.

**c.  Discovery Cut-off**

The discovery period will end on August 12, 2016.

**d.  Dispositive Motion Deadline**

September 13, 2016.

**e.  Expert Witness Disclosure**

(1) Statement regarding anticipated fields of expert testimony, if any:

Plaintiffs: Plaintiffs anticipate designating the following experts:

- Economist/Statistician regarding Plaintiffs' and the Class's economic damages;
- Psychologist/Psychiatrist regarding Plaintiffs' and the Class's TVPA claims;
- Labor expert regarding the fair market value of services provided by Plaintiffs and the putative Class to GEO.
- Government Contractor regarding the fair market value of services provided by Plaintiffs and the putative Class to GEO.

Defendant: Defendant anticipates designating experts in the following fields:

- Economist/Statistician;
- Psychologist/Psychiatrist;
- Labor expert.
- Government Contracting experts.

(2) Statement regarding any limitations proposed on the use or number of expert witnesses:

None.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 25, 2016.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 26, 2016.

(5) All designations of experts shall include a statement describing the methodology to be used by the particular expert. *Daubert/Kumho Tire* motions challenging any proposed methodology may be considered before the expert is deposed. Such a motion does not preclude the filing of any subsequent motions. The aim is to cut off faulty methodology before undertaking extensive discovery and may result in amended designation with either a new expert, a revised methodology or both.

(6) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

**f.** **Deposition Schedule**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| Unknown 30(b)(6) Deposition of Person(s) Most Knowledgeable within U.S. Immigration and Customs Enforcement regarding federal contracting standards with GEO at the Aurora facility; agency policies governing the Voluntary Work Program; the agency's Performance-Based National Detention Standards; agency solitary confinement policies; agency contracting officer reports; and agency oversight of GEO staffing in the Aurora facility | | | |

| | | | |
|---|---|---|---|
| Kim Andrews | | | |
| | | | |
| GEO 30(b)(6) Deposition(s) Person(s) Most Knowledgeable regarding: GEO's Voluntary Work Program at the Aurora Facility; GEO's Housing Sanitation Policy and the Aurora Facility; GEO disciplinary procedures and practices at the Aurora facility; staffing levels and federal staffing requirements at the Aurora facility. | | | |
| Alejandro Menocal | | | |
| Grisel Xahuentitla | | | |
| Demetrio Valerga | | | |
| Unknown plaintiffs that may be identified if class certification is granted | | | |
| Marcos Brambila | | | |
| Hugo Hernandez | | | |
| Lourdes Argueta | | | |
| Jesus Gaytan | | | |
| Olga Alexaklina | | | |

| Dagoberto Vizguerra | | | |
|---|---|---|---|
| Representatives of ICE | | | |

g. **Interrogatory Schedule**

Plaintiffs propose that responses shall be made 30 days after service of the corresponding discovery request. The last interrogatories shall be served 30 days before the end of the merits discovery period described above if served by hand, and 33 days before the end of the discovery period described above if served by other means.

Defendant proposes that interrogatories shall be served no later than 60 days prior to the discovery cutoff.

h. **Schedule for Request for Production of Documents**

Plaintiffs propose that responses shall be made 30 days after service of the corresponding discovery request. The last requests shall be served 30 days before the end of the merits discovery period described above if served by hand, and 33 days before the end of the discovery period described above if served by other means.

Defendant proposes that requests for production of documents shall be served no later than 60 days prior to the discovery cutoff.

**i.     Discovery Limitations**

(1)   Any limits any party proposes on the length of any deposition:

Plaintiffs propose: None.

Defendant proposes that, unless stipulated by the parties, or authorized by the Court, a deposition is limited to one (1) day of seven (7) hours per Rule 30(d)(1).

(2)   Any modifications any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:

Plaintiffs propose: 10 depositions total and 25 interrogatories per party.

Defendant proposes that interrogatories be limited to 25 per side and that the parties may take the depositions of other parties and experts, plus an additional 10 depositions.

(3)   Any limitations any party proposes on the number of requests for production of documents and/or requests for admissions:

Defendant proposes that each side should be permitted up to 25 requests for production of documents, including all discrete subparts, and 25 requests for admissions,

including all discrete subparts.

**j.     Other Planning or Discovery Orders:  None**

## 7.  SETTLEMENT

The parties have not yet engaged in settlement discussions.  The parties agree to revisit this issue after a ruling on Plaintiffs' Fed.R.Civ.P. 23 motion.

## 8.  OTHER SCHEDULING ISSUES

a.   Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

None other than those listed above

b.   Statement of anticipated motions-to be filed, by whom, estimated time of filing,  and any proposed briefing schedule:

<u>Plaintiffs</u>:

- Plaintiffs propose that their Motion for Class Certification pursuant to Fed. R. Civ. P. 23 be filed by December 1, 2015. Responsive brief to be filed by January 14, 2016.  Reply brief to be filed by February 1, 2016

- Defendant proposes that Plaintiffs' Motion for Class Certification be filed by September 28, 2015.

- Motion for Summary Judgment: The Dispositive Motion Deadline is set in section 6(d) above for September 13, 2016.

<u>Defendant:</u>

As stated above, Defendant will be filing a motion for

reconsideration of the Court's order denying Defendant's motion to dismiss Plaintiffs' TVPA and unjust enrichment claims. Defendant intends on filing this motion on or before August 4, 2015.

The Dispositive Motion Deadline is set in section 6(d) above for September 13, 2016.

c. Statement whether trial is to the court or jury. If a mixed trial, e.g. declaratory judgment and damages, specify which claims are to tried to a jury and which to the court.

Trial is to a jury

9. **AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER**

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon. As stated elsewhere herein, I will almost always grant stipulated motions for extensions of time and changes in deadlines up to and including the signing of a pretrial order. If the parties cannot agree on such extensions, my inclination is, the absence of abuse, to be permissive. On the contrary, I am not permissive or lenient in changing trial dates.

DATED this ___ day of _____, 2015

BY THE COURT:

_____
JOHN L. KANE, Senior Judge
United States District Court

**STIPULATED SCHEDULING AND
DISCOVERY ORDER APPROVED:**

*/s/ Brandt Milstein*                                                             */s/ Shelby Felton*
595 Canyon Blvd.                                                              3900 E. Mexico Ave.
Boulder, CO 80302                                                       Denver, CO 80210
303.440.8780                                                                    303.837.9200

Attorney for Plaintiffs                                          Attorney for Defendant