# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

## MOTION TO STRIKE DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING GEO GROUP, INC.'S MOTION TO DISMISS

---

COME NOW, the Plaintiffs, with the following Motion:

## **CERTIFICATE OF CONFERAL PURSUANT TO D.C.COLO.LCivR 7.1(A)**

Plaintiffs' counsel conferred with Defendant's counsel prior to filing this motion.

Defendant opposes this Motion.

In the process of preparing to respond to Defendant The GEO Group, Inc.'s ("GEO's") Motion to Reconsider [Doc. 29], it became apparent to Plaintiffs' counsel that GEO's Motion is procedurally improper and should be stricken as such. Plaintiffs are prepared to file a substantive Response to the Motion to Reconsider, but advance this separate motion to avoid wasting this Court's time in reviewing GEO's procedurally defective motion.

GEO waived all arguments it did not bring in its Motion to Dismiss. F.R.C.P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion"). GEO's new counsel, trapped by this waiver and yet wanting another bite at the apple, impermissibly attempts a redo of the Motion to Dismiss under the guise of a vaguely titled "Motion to Reconsider." This motion is procedurally improper and should be stricken from the record.

GEO's motion fails to cite any federal rule under which it is brought. As the 10th Circuit points out, "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. US*, 952 F. 2d 1241, 1243 (10th Cir. 1991); see *Graber v. City and County of Denver, Dist. Court*, No. 09-cv-01029-JLK-MJW (D. Colo. Sept. 6, 2011). In its "Standards of Review" section—the title of which confusingly suggests multiple standards that are never explained—GEO conflates case law discussing F.R.C.P. 60(b) ("Relief from Judgment or Order"), F.R.C.P. 59(e) ("Motion to Alter or Amend Judgment"), and F.R.C.P. 54(b) (amending interlocutory orders). It is unclear to Plaintiffs

on what basis GEO moves the Court, and on that basis alone the Defendant's Motion should be stricken.

Regardless, F.R.C.P. 12(g)(2)'s waiver provision cannot be undone using any of these rules, as a Motion to Reconsider is only appropriate "where the Court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Graber*, 09-cv-01029-JLK-MJW (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Arguments are limited to the Court's apprehension, not – as GEO attempts – its reasoning. *See FDIC v. Hildenbrand*, 892 F. Supp. 1317, 1319 (D. Colo. 1995) ("A motion for reconsideration is proper when the court has made a mistake not of reasoning but of apprehension.") (quoting *EEOC v. Foothills Title Guar. Co.*, 1991 WL 61012, at *3 (D. Colo. April 12, 1991), *aff'd*, 956 F.2d 277 (10th Cir. 1992).

GEO offers no facts or law that were unavailable to it when it filed its Motion to Dismiss. Instead, GEO's new attorneys filed what is substantively a motion to dismiss barred by F.R.C.P. 12(g)(2), labeled it a motion to reconsider, and impermissibly rehashed arguments from its Motion to Dismiss and new arguments that were available to it when it filed its Motion to Dismiss. The Court and the Plaintiffs should not be forced to waste their time substantively responding to these procedurally improper arguments and GEO's Motion should therefore be stricken.

*S/ Alexander Hood*
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
720.239.2606
alex@towardsjustice.org


*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I filed this *Motion* electronically through the CM/ECF system, which caused all parties entitled to service to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*S/ Alexander Hood*