IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALEGRA,
on their own behalf and on behalf of all others similarly situated,

       Plaintiffs,

v.

THE GEO GROUP, INC.,

       Defendant.

## ORDER ON MOTION FOR RECONSIDERATION

**Kane, J.**

Before the Court is Defendant's Motion for Reconsideration (Doc. 29) of the Court's ruling on Defendant's Motion to Dismiss (Doc. 23).  For the reasons that follow, the motion is **DENIED**.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration.  *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).  A motion for reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  In fact, the grounds for a motion to reconsider are typically limited to: "(1) an intervening change in

the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate where the Court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In its motion, Defendant does not identify any intervening change in controlling law or new evidence previously unavailable.  In fact, Defendant expressly admits that the Court's interpretation of the TVPA is an issue of "first impression." Doc. 29 at 2.  Instead, Defendant presents an expanded version of its previously raised statutory construction arguments regarding the TVPA and asserts that the Court's previous rejection of those arguments was error.  *See* Doc. 29 at 10-23; Doc. 11 at 11-15.  Defendant likewise makes arguments that Plaintiffs' claims are barred by the government contractor defense which were previously raised and rejected.  *See* Doc. 29 at 29-30; Doc. 18 at 5-8.  These are precisely the sort of attempts to "revisit issues already addressed" which are inappropriate for a motion for reconsideration.  *Servants of Paraclete*, 204 F.3d at 1012.  Finally, Defendant brings a new argument that Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs had no reasonable expectation that they would be paid for their work.  Doc. 29 at 23-28.  This argument could have been, but was not, raised in Defendant's original motion to dismiss, and accordingly the Court will not consider it for the first time on a motion for reconsideration.  *See* Doc. 11 at 15; *Servants of Paraclete*, 204 F.3d at 1012.

For these reasons, Defendant's Motion for Reconsideration (Doc. 29) is **DENIED**, and Plaintiffs' Motion to Strike the Motion for Reconsideration (Doc. 31) and Motion to Stay Plaintiffs' Response Deadline (Doc. 32) are **DENIED AS MOOT**.

Dated:  August 26, 2015                                **s/ John L. Kane**
                                                       Senior U.S. District Judge