# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL, *et al.*,

      Plaintiffs,

vs.

THE GEO GROUP, INC.,

      Defendant.

_____

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER CERTIFYING INTERLOCUTORY APPEAL AND MOTION TO STAY LITIGATION PENDING APPEAL

_____

Defendant the GEO Group Inc. ("GEO")'s motion to certify two non-final orders for interlocutory appeal and to stay discovery pending appeal should be denied. Though GEO dubs its pleading a motion for certification, as a procedural matter, it is actually a motion to amend each order. That is because this Court already answered the question GEO presents in its latest volley of motions practice by omitting certification language from both of the orders GEO seeks to challenge. GEO now invites the Court to alter these orders *nunc pro tunc*. The Court should decline this invitation because GEO can demonstrate none of the exceptionally narrow circumstances that would warrant disturbing this Court's previous conclusion that interlocutory review is improper. Even if this Court had not already disposed of the certification issue, GEO's motion still fails because there are no exceptional circumstances that would justify departing from the strong policy against piecemeal review. Accordingly, GEOs motion should be denied.

**Legal Standard**

Interlocutory appeals "are disfavored and should be granted only in narrowly defined circumstances set forth in the statute." *Turner v. Chipotle Mexican Grill*, No.14-cv-2612-JLK, 2015 WL 5579579, 2015 U.S. Dist. Lexis 127705 (D. Colo. Sept. 23, 2015). 28 U.S.C. § 1292(b) provides the standard for considering whether an interlocutory appeal is appropriate in a given case:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Even where a party can demonstrate there is a controlling question of law as to which substantial grounds of difference of opinion exist and that an immediate appeal may materially advance the ultimate termination of litigation, certification remains entirely within the court's sound discretion. *Turner*, 2015 WL 5579579 at *2. This discretion must be exercised consistent with the "long-established policy preference in the federal courts disfavoring piecemeal appeals." *Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1382 (10th Cir. 2009) (citing *Gardiner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480 (1978)) (internal citation omitted). As such, only "'exceptional circumstances' will justify a departure of the basic policy of postponing appellate review until after the entry of final

judgment." *Turner*, 2015 WL 5579579 at *3 (quoting *Coopers & Lybrand v. Livesay*, 437

U.S. 463, 475 (1978)).

**Argument**

> **I. There Is No Factual Or Legal Basis To Reverse This Court's Prior Conclusion That Certification Would Be Improper.**

This Court has already concluded against certification of each order for which GEO

seeks piecemeal interlocutory review. *See* ECF No. 23 (Memorandum Opinion and Order

granting in part and denying in part GEO's Motion to Dismiss); ECF No. 33 (Order on

Motion for Reconsideration). Neither order contains language certifying the Court's

decision pursuant to 28 U.S.C. § 1292(b). Presumably, that is because the Court did not

believe certification was appropriate. *See Turner*, 2015 WL 5579579 at *1 (noting the

challenged memorandum opinion and order lacked certification language because the

Court did not believe certification was proper). GEO's motion to certify is therefore a

motion to amend or to insert certification language *nunc pro tunc*, which, as this Court

has observed, has "no basis in law, statute or rule of procedure." *Id.* at 1 n.1. In the

absence of any compelling justification for amending the prior orders, GEO's latest

attempt to plunge the parties into "yet another sinkhole for motion practice" should fail

on procedural grounds alone. *Id.*

Even if this Court were inclined to revisit its prior certification decision, GEO has not

identified a controlling question of law that would make certification of an interlocutory

appeal proper under the statute.

**II.  Certification Is Improper Because GEO Fails To Identify Any Controlling Question Of Law.**

GEO's attempt to identify controlling questions of law justifying interlocutory appeal stumbles out of the gate. Two of the three proposed questions rely on disputed facts for their premise, while the third draws on a legally incorrect premise about Colorado unjust enrichment law. Thus, none of the questions GEO presents satisfies the strict requirements of 28 U.S.C. § 1292(b).

GEO asks this Court to certify three proposed questions for interlocutory review:

(1) Whether civil detainees lawfully held in the custody of a private detention facility under the authority of the United States can state a claim for "forced labor" under the TVPA, 18 U.S.C. § 1589, for **allegedly being required to perform housekeeping duties.**

(2) Whether, under Colorado law, civil detainees may state a claim for unjust enrichment based on work performed pursuant to the Voluntary Work Program, **absent any alleged reasonable expectation** of being paid more than $1 per day.

(3) Whether a state law claim for unjust enrichment brought by civil detainees against a federal contractor is barred by the "government contractor" defense, where such claims would require that detainees receive additional compensation **even though the contract expressly requires that compensation of more than $1 per day be approved by the government's contracting officer**.

ECF No. 38 at 3 (emphases added).

The first proposed question incorrectly assumes that *Plaintiffs* allege they were "required to perform housekeeping duties." In fact, it is *GEO* that would characterize the alleged work as housekeeping duties in a self-serving attempt to graft the civic-duty exception onto the forced labor statute. Whether the forced pod-cleaning work alleged in Paragraphs 5, 59, 72, and 83 of Plaintiffs' Complaint, ECF No. 1, is properly

4

characterized as "housekeeping duties" is a contested issue of material fact. *Compare* ECF No. 15 at 25, 29-31, and at 31, n. 25 & 26 *and* ECF No. 21 at 7-8, *with* ECF No. 11 at 11 *and* ECF No. 18 at 26.

GEO's proposed question is therefore not a "controlling" question of law because it relies on facts that are disputed, and does not accept Plaintiffs' version of those facts as true, which it must at this early stage in the litigation. *See Kerr v. Hickenlooper*, No. 11-cv-1350-WJM-BNB, 2015 WL 2359076 at *2 (D. Colo. Sept. 21, 2012) (requiring a "straightforward" factual setting, with the complaint's allegations accepted as true, before certifying a question of law as controlling when the Tenth Circuit would have to apply law to facts).

Similarly, GEO's third proposed "question of law" attempts to smuggle disputed facts into the piecemeal appellate review Defendant seeks. Specifically, GEO contends its contract with ICE "expressly requires that compensation of more than $1 per day be approved by the government's contracting officer." ECF No. 38 at 13-14 (citing ECF No. 11-2, Ex. C at 3, 21 & ECF No. 29 at 29). But that is not what the contract says.[1] Rather, the cited provisions refer to a "Stipend for Detainee Work Program" and state, "Reimbursement for this line item will be at actual cost of $1.00 per day per detainee. The contractor shall not exceed the quantity shown without prior approval by the Contracting Officer." ECF No. 11-2 at 3, 21.

---

[1] We do not actually know what exactly the contract says because GEO only provided portions of it, and it unilaterally redacted the portions it did not want the Court or the Plaintiffs to see. *See* ECF No. 11-2, Ex. C.

5

The ICE-GEO contract thus refers to the *reimbursement* the government will pay *to GEO* for paying detainees to perform labor in the Detainee Work Program—not the *compensation* GEO must pay *to the detainees*. If GEO wants more reimbursement, the contract says it must ask the government first. But the contract is silent about how much GEO may pay detainees for work performed. Conflating these two distinct concepts, GEO seeks to introduce a federal interest in shortchanging detainee workers so that it may cloak itself in the government contractor defense. But the contract says different. GEO's third proposed "controlling question of law" is therefore neither "controlling" nor a "question of law."

GEO's second proposed controlling question of law regarding the purported "reasonable expectation of a benefit" element to a Colorado unjust enrichment claim also fails. This issue is absent to from the Court's order on GEO's motion to dismiss, ECF No. 23, because GEO never raised it. *See* ECF No. 11 at 15; ECF No. 18 at 28-30. And because GEO raised this issue for the first time in its motion to reconsider, this Court expressly declined to consider it when denying that motion. ECF No. 33 at 2. Now GEO seeks an Order from this Court *sua sponte* considering and certifying for interlocutory appellate review an issue Defendant has never properly raised. Such an order would not only be procedurally improper, but also legally futile. That is because Colorado unjust enrichment law does not require plaintiffs to allege a reliance interest to recover.

In Colorado, a plaintiff seeking recovery for unjust enrichment need only prove: (1) at the plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without payment. *See Grynberg*

*v. Shell Exploration B.V.*, 433 F.Supp.2d 1229, 1234 (D. Colo. 2006) (quoting *Salzman v. Bachrach*, 996 P.2d 1263, 1265-66 (Colo. 2000)). Colorado law does not require Plaintiffs to allege any reasonable expectation of a benefit, so GEO's inclusion of that legal premise in its proposed question of law makes the question itself irrelevant, or, at the very least, not "controlling."

In sum, each of GEO's proposed controlling questions of law rests on a fatally flawed factual or legal premise. Whether there is a substantial ground for difference of opinion as to their answers is therefore irrelevant. Resolving these questions will not materially advance the litigation because they do not address actual, disputed factual and legal issues in this case. None of the statutorily required elements for interlocutory appellate review is present, so certification is wholly unwarranted.

## Conclusion

In light of the foregoing, GEO's motion for certification and to stay the proceedings should be denied.

Dated: October 13, 2015    Respectfully Submitted,

        *S/ R. Andrew Free*
        Law Office of R. Andrew Free
        Bank of America Plaza
        414 Union St., Suite 900
        Nashville, TN 37219
        615.244.2202
        Andrew@ImmigrantCivilRights.com

        *S/ Brandt Milstein*
        Milstein Law Office
        595 Canyon Boulevard
        Boulder, CO 80302
        303.440.8780

brandt@milsteinlawoffice.com

*S/ Alex Hood*
Towards Justice
601 16th St. Suite C #207
Golden, CO 80401
720.239.2606
alex@towardsjustice.org

*S/ Andrew Turner*
Beuscher, Kelman & Turner, P.C.
600 Grant St., Suite 450
Denver, CO 80203
303.333.7751
aturner@laborlawdenver.com

*S/ Andy Schmidt*
97 India Street
Portland, ME 04101
(207) 619-0320
andy@maineworkerjustice.com

*S/ Hans Meyer*
Meyer Law Office, P.C.
P.O. Box 40394
Denver, CO 80204
303.831.0817
hans@themeyerlawoffice.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

**David R. DeMuro**
ddemuro@vaughandemuro.com

**Charles A. Deacon**
charlie.deacon@nortonrosefulbright.com

**Mark Thomas Emery**
mark.emery@nortonrosefulbright.com

**Shelby Anne Felton**
sfelton@vaughandemuro.com

/R. Andrew Free