IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

vs.

THE GEO GROUP, INC.,

    Defendant.

**REPLY IN SUPPORT OF MOTION FOR AN ORDER
CERTIFYING AN INTERLOCUTORY APPEAL AND
MOTION TO STAY LITIGATION PENDING APPEAL**

Defendant THE GEO GROUP, INC. ("GEO"), by its attorneys, Vaughan & DeMuro and Norton Rose Fulbright US LLP, submits this Reply in support of its Motion for an Order Certifying an Interlocutory Appeal and Motion to Stay Litigation Pending Appeal (Doc. 38) (the "Motion").

**INTRODUCTION**

This case has arrived at a crucial point. If this litigation moves forward without any appellate consideration of the Plaintiffs' novel and highly contentious

1

TVPA and unjust enrichment claims, as well as GEO's government contractor defense, the parties and this Court risk the expenditure of significant resources to litigate a case through trial, only later to have an appellate determination that the claims are invalid. The lack of resolution of the legal issues also makes it impossible for the parties to reach a resolution. The issues in this case have national implications for GEO and the Federal Government's operation of federal detention facilities, because the claims at issue, regardless of their lack of merit, may spur additional litigation regarding other facilities. The Court should certify an interlocutory appeal now.

Plaintiffs do not contest that there is a substantial ground for difference of opinion on each of the proposed certified questions; nor do Plaintiffs independently argue that resolution of the proposed certified questions will not materially advance the litigation. Cf. Plaintiffs' Response ("Resp.") (Doc. 39), at 7. Instead, Plaintiffs argue that the Motion should be denied (1) because the Court did not certify the questions for interlocutory appeal in the July 6, 2015 order (the "Order") (Doc. 23) deciding GEO's motion to dismiss (Doc. 11), and (2) because the proposed certified questions do not involve "controlling questions of law." Resp. at 3-7.

Both of these arguments are incorrect. For the reasons articulated in the Motion and this Reply, the Court should grant GEO's Motion and certify its Order for interlocutory appeal. And, since Plaintiffs do not argue that a stay would be

inappropriate if the Court does certify the Order for interlocutory appeal, the Court should further grant GEO's Motion and stay the present litigation upon certification.

## ARGUMENT

**I. THE COURT HAS AUTHORITY TO CERTIFY ITS JULY 6, 2015 ORDER FOR INTERLOCUTORY APPEAL.**

Plaintiffs contend that the Court is not authorized to grant GEO's Motion, relying solely on Turner v. Chipotle Mexican Grill, Inc., No. 14-cv-2612, 2015 WL 5579579 (D. Colo. Sept. 23, 2015), a decision that the Court entered the day after GEO moved the Court to certify an appeal. See Resp. at 3.

In Turner, the Court denied a motion to certify its prior order under § 1292(b), reasoning that a district judge is only authorized to certify an order for interlocutory appeal by so "stat[ing] in writing in such order," and that by remaining silent on certification, the Court had denied certification. Turner, 2015 WL 5579579, at *1 & n.1.[1]  The Court also separately declined to amend its prior order to include certification language. Id. at *1.  Likewise, Plaintiffs argue that

---

[1] Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its  discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

because the Court did not include certification language in its Order deciding GEO's motion to dismiss, the Court has already denied certification and is no longer authorized to grant certification. See Resp. at 3. This line of reasoning is contrary to significant authority.

First, even if Turner holds that a district court is not authorized to certify a prior order for interlocutory appeal via a separate certification order, Turner need not be read to prevent the Court from amending the prior order to include the necessary certification language in this case. While Turner found that the Court did not have authority to enter "a separate order of certification," see Turner, 2015 WL 5579579, at *1 & n.1, the Court did not decline to amend the prior order on this basis; it did so, rather, based on a separate finding that amendment was not warranted in that case. See id. at *1 ("Nor am I persuaded … that I should enter an order amending or inserting *nunc pro tunc* into the [order] such a statement in writing.").

To the extent the Court views § 1292(b) to require certification language to be included within the order to be certified, that can be accomplished by amending the prior order to include the necessary certification language. Accord Fed. R. App. P. 5(a)(3) (authorizing district court to "amend its order, either on its own or in response to a party's motion" to include necessary certification language). GEO moved the Court "to grant an order certifying the above stated questions for interlocutory appeal . . . ." Motion at 24. "[A]n order" includes, of

4

course, the July 6, 2015 Order as amended to include the proposed certified questions.[2]

There is also ample authority from the Tenth Circuit and elsewhere that supports the view that an interlocutory appeal may also be certified by means of a separate order. In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the district court concluded that a habeas petitioner's claims were not procedurally barred. Id. at 1259. Upon motion of the state-respondent, the district court certified its prior order for interlocutory appeal in a separate, subsequent order. See English v. Cody, 4:95-cv-00753 (D. Colo., filed Aug. 8, 1995), Docs. 11-15. However, the state-respondent failed to seek an appeal within the appropriate time, and requested and obtained yet another separate order from the district court to re-certify the interlocutory appeal. English, 146 F.3d at 1259 & n.1; English, 4:95-cv-00753, Docs. 16, 18. On appeal, the petitioners in English argued that the Tenth Circuit lacked jurisdiction because the district court had re-certified its order for interlocutory appeal. English, 146 F.3d at 1259 & n.1. The Tenth Circuit, without questioning the validity of the district court's initial certification

---

[2] To the extent Turner holds that a district court is not authorized to subsequently amend its prior order to certify an interlocutory appeal, it is contrary to Fed. R. App. P. 5(a)(3), which addresses situations where "a party cannot petition for appeal unless the district court first enters an order granting permission to do so." In such situations—which includes § 1292(b)—Rule 5(a)(3) expressly authorizes a district court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3); see also Aparicio v. Swan Lake, 643 F.2d 1109, 1112 (5th Cir. 1981) (relying on Fed. R. App. P. 5(a)(3)'s amendment authorization to support its holding that a district court may re-certify a prior order for appeal).

order (which had been entered in a separate, subsequent order) "[held] that [it] h[ad] jurisdiction to hear the appeal," because the petitioners had "requested and received from the district court an order reentering the § 1292(b) order[.]" Id.

That determination controls here. The Tenth Circuit could not have "h[e]ld" that it had jurisdiction over the appeal if the state-respondent was (as Plaintiffs believe Turner to suggest) automatically foreclosed from seeking an appeal because the district court did not grant or amend its initial order with certification language. Not only was it permissible for the district court to grant certification through a separate order, but the Tenth Circuit even sanctioned the further step (currently unnecessary in this case) of granting an additional and separate certification order in order to reopen the time to seek permission from the court of appeals under § 1292(b).

Thus, granting certification through a subsequent-order has a "basis in law, statute or rule of procedure." C.f. Turner, 2015 WL 5579579, at *1 n.1. To the extent Turner holds that a district court lacks authority to certify an order for interlocutory appeal under § 1292(b) through a subsequently entered order, it is inconsistent with Tenth Circuit precedent.

Other federal circuit courts agree, for compelling legal and policy reasons. In Weir v. Propst, 915 F.2d 283 (7th Cir. 1990) (Posner, J.), the Seventh Circuit addressed a factual scenario materially indistinguishable from this case. There, the district court denied the appellant's motion to reconsider its prior order, but

also granted an interlocutory appeal of that prior order. Id. at 284-85. When this procedure was challenged on appeal, the Seventh Circuit considered the language of § 1292(b) on which Turner relied (i.e., "shall so state in writing in such order"), and identified why a literal interpretation of § 1292(b) is not appropriate:

> The objection to reading "in such order" literally is that the district judge naturally looks to the parties to advise him on whether to certify an order for an immediate appeal, and they can hardly do that until they have seen the order—until it has been issued, in other words. Moreover, the controlling character of the question decided in the order may not emerge until subsequent developments in the litigation. For both reasons it is commonplace for the district judge to be asked to certify an order for an immediate appeal under section 1292(b) after—and not necessarily immediately after—he has issued the order. And it is commonplace for him to agree to do so—with our acquiescence.

Id. at 286; cf. Turner, 2015 WL 5579579, at *1 n.1.[3] Indeed, as the Seventh Circuit concluded in Weir, there is actually no material difference between a district court amending the order to be appealed to include the certification

---

[3] See also Matter of Hamilton, 122 F.3d 13, 14 (7th Cir. 1997) (noting prior cases in which court of appeals allowed district court to certify interlocutory appeal in order separate from the order being appealed). Other circuits have similarly permitted a district court to grant a second order certifying a case. Marisol A. by Forbes v. Giuliani, 104 F.3d 524, 525-26, 527-29 (2d Cir. 1997) (holding that, after certifying prior order for appeal, district court is authorized to re-certify interlocutory appeal under 1292(b)); In re Benny, 812 F.2d 1133, 1135-37 (9th Cir. 1987) (district court that initially certified an appeal of a prior order may re-certify questions for interlocutory appeal when the appellant had not timely sought authorization from court of appeals from initial certification order); accord Aparicio, 643 F.2d at 1110-12 (authorizing district court to re-certify prior order for interlocutory appeal); In re City of Memphis, 293 F.3d 345, 348-50 (6th Cir. 2002) (same); Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 866-67 (4th Cir. 2001) (same); Jenkins v. BellSouth Corp., 491 F.3d 1288, 1290 (11th Cir. 2007) (collecting cases and noting that every court of appeals to consider the question has permitted an interlocutory appeal of a re-certified order).

7

language, and a district court granting a separate certification order. When a district court does the latter it is exercising the authority granted by Fed. R. App. P. 5(a)(3) and is "in effect amend[ing] that order to include the required statement[.]" See Weir, 915 F.2d at 286-87.

The same reasoning applies here. Although the Court may not have sua sponte decided to certify any question in denying GEO's motion to dismiss, the Court remains fully authorized, with the benefit of briefing by the parties, to decide to whether to certify an interlocutory appeal to resolve controlling questions of law on matters of substantial differences of opinion that can materially advance this litigation. The Court may do so through a separate order, or by amending its earlier order. Upon such an order, GEO may then seek permission to appeal from the Tenth Circuit.[4]

---

[4] In Turner, the Court appeared to suggest that an order that does not sua sponte certify an interlocutory appeal must nonetheless be appealed to the court of appeals within 10 days. See 2015 WL 5579579, at *1 ("Moreover, I note that Chipotle, faced with a nonfinal order that did not provide for interlocutory review, did not avail itself of the provision in § 1292(b) that would have allowed it, within ten days of the date of the Order, to apply to the Tenth Circuit directly for interlocutory review."). However, such a rule is directly contrary to the express language of § 1292(b), which requires the district court to certify an appeal (not deny certification) before the court of appeals may "permit an appeal to be taken from such order" within 10 days. "Such order," within the context of § 1292(b), can only mean the order certifying a question, not an order that purportedly implicitly denies certification by its silence. Were it otherwise, any party that fails to prevail on an issue that it might seek to certify would have to protectively seek permission in the court of appeals to avoid waiving any opportunity to seek an interlocutory appeal. Such a rule would flood the appellate courts within unnecessary (and unauthorized) appeals.

## II. CERTIFICATION IS PROPER BECAUSE THE QUESTIONS OF LAW ARE CONTROLLING.

Plaintiffs next argue that the Motion should be denied because none of the proposed certified questions are "controlling" within the meaning of § 1292(b). Resp. at 4-7. Plaintiffs arguments are incorrect as to each of the proposed certified questions.

As GEO's Motion argues, each of the proposed certified questions are independently controlling because disposition of each could "substantially accelerat[e] disposition of the litigation." See Motion at 6-7 (internal quotation marks omitted). Plaintiffs seek class certification under Fed. R. Civ. P. 23 for both its TVPA claim and "unjust enrichment" claim. See Motion at 20 (citing Complaint). If this case proceeds, the parties, and the Court, will be required to expend significant resources on discovery and motions practice on class certification alone, followed by further time and monetary expenditures on discovery, motions practice, and trial. Id. at 20-21. Dismissal on appeal of either one of Plaintiffs' claims would significantly reduce the time and resources consumed by this litigation, thereby "substantially accelerating disposition of the litigation." See In re Grand Jury Proceedings, 767 F. Supp. 222, 225 (D. Colo. 1991).

**TVPA Claim (Question 1):** Plaintiffs argue that the first proposed certified question is not "controlling" because it "relies on facts that are disputed," namely whether the "forced pod-cleaning work" is "properly characterized as

'housekeeping duties.'" See Resp. at 4-5. This is incorrect. GEO's primary basis for advocating dismissal of the § 1589 claim was that § 1589, as is demonstrated by its express purpose and legislative history, should not be interpreted to encompass the allegations in Plaintiffs' Complaint—whether characterized as "housekeeping duties" or not. See Motion to Dismiss (Doc. 11), at 12-13 & n.4; Motion for Reconsideration (Doc. 29), at 10-17; id. at 16 ("Plaintiffs' allegations are categorically different from the type of conduct Section 1589 was intended to proscribe.") (emphasis added). This is a pure question of statutory interpretation, resolved by applying the language of § 1589 to Plaintiffs' allegations as pled in the Complaint.[5]

As for Plaintiffs' suggestion that the inclusion of the last phrase is a "self-serving attempt to graft the civic duty exception onto the forced labor statute," cf. Resp. at 4, no such "graft" is necessary for the proposed certified question to encompass the issue of whether the civic duty exception applies. The court of appeals can answer that question regardless of whether Plaintiffs' factual allegations are "properly characterized as 'housekeeping duties.'" Cf. Resp. at 4-5. For example, if the court of appeals were to conclude that § 1589's text does

---

[5] The addition of the phrase "for allegedly being required to perform housekeeping duties," Motion at 3, is meant to generally reference the nature of Plaintiffs' allegations, not to dispute a specific fact. Thus, certification of the question would still be appropriate if that phrase is omitted, or replaced by an even more generic description, e.g., "Whether civil detainees lawfully held in the custody of a private detention facility under the authority of the United States can state a claim for "forced labor" under the TVPA, 18 U.S.C. § 1589, based on the allegations in the Plaintiffs' complaint."

encompass Plaintiffs' allegations of "forced labor," the court of appeals would not need to resolve whether the alleged pod-cleaning duties are properly characterized as "housekeeping duties" to determine whether a "civic duty" exception like that applied in Channer v. Hall, 112 F.3d 214 (5th Cir. 1997) applies to § 1589; the court of appeals would need only consider whether a "civic duty" exception would preclude a claim under § 1589 based on the factual allegations in Plaintiffs' Complaint, "accept[ing] Plaintiffs' version of those facts as true." Cf. Resp. at 5.

**Unjust Enrichment (Question 2):** Plaintiffs argue that the second proposed certified question is not "controlling" because "Colorado law does not require Plaintiffs to allege any reasonable expectation of a benefit." Resp. at 6-7. This objection is mistaken because it misunderstands Colorado law.

Plaintiffs argue that Colorado law only requires that plaintiffs prove: (1) at plaintiff's expense, (2) defendant received a benefit, and (3) under circumstances that would make it unjust for defendant to retain the benefit without payment. See Resp. at 6. But Colorado law's requirement that a plaintiff have a "reasonable expectation" of receiving the benefit is a part of the inquiry into whether the defendant's retention of the benefit is "unjust." See Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C., 287 P.3d 842, 847 (Colo. 2012)

("Whether retention of the benefit is unjust" involves considering "among other things, the intentions, expectations, and behavior of the parties").[6]

Thus, while the "reasonable expectation" requirement is not a free-standing element of unjust enrichment under Colorado law, Plaintiffs will still need to establish such "reasonable expectation" to prevail on their "unjust enrichment" claim, and their failure to plead facts that could support such a showing renders this claim deficient under Fed. R. Civ. P. 12(b)(6).  See Motion at 11-13; Motion for Reconsideration (Doc. 29), at 23-28.  At this stage of the litigation, this is not an issue mired in factual disputes.  Rather, the court of appeals would only be permitted to look to the Plaintiffs' scant factual allegations regarding unjust enrichment (which do not even allege a reasonable expectation of fair market value wages), and could readily conclude that such allegations are insufficient to state a claim upon which relief may be granted.

Plaintiffs suggest that the Court should not certify the "unjust enrichment" claim for interlocutory appeal because GEO did not raise its "reasonable expectation of a benefit" argument until its Motion for Reconsideration.  See

---

[6]  See also Alioto v. Hoiles, No. 04-CV-00438, 2010 WL 3777129, at *15 (D. Colo. Sept. 21, 2010) (concluding in the context of legal services that "it is unjust … to retain a benefit … in situations where there was a reasonable expectation by both parties that compensation to the attorney is appropriate") aff'd, 531 F. App'x 842 (10th Cir. 2013); see also Britvar v. Schainuck, 791 P.2d 1183, 1185 (Colo. App. 1989) (upholding jury verdict denying unjust enrichment claim because "plaintiff had failed to prove that defendant had accepted the benefits of her services under circumstances that would warrant a reasonable expectation that compensation should be paid").

Resp. at 6. Even accepting Plaintiffs' characterization as correct, this does not render the question any less controlling; nor does it render certification for interlocutory appeal improper. As GEO noted in the Motion, this argument—that Plaintiffs' "unjust enrichment" claim fails to state a claim because Plaintiffs have not alleged facts to support a "reasonable expectation" of compensation over $1 a day—remains in the case, and can be raised, *inter alia*, in a subsequent motion for judgment on the pleadings. See Motion at 11 n.1. Thus, because the argument can, and will likely, reappear in this case, and because its resolution could dispose of Plaintiffs' unjust enrichment claim, there is no reason to withhold certification.

**Government Contractor Defense (Question 3):** Plaintiffs argue that the third proposed certified question is not "controlling" because, according to Plaintiffs, the GEO/ICE contract only places a $1.00 a day cap on what ICE may reimburse to GEO, not what GEO may reimburse to detainees. See Resp. at 5-6. This interpretation of the ICE/GEO contract is incorrect, and should not prevent certification of the issue.

As Plaintiffs recognize, the GEO/ICE contract provides that "[r]eimbursement … will be at actual cost of $1.00 per day per detainee." See Resp. at 5 (citing Motion to Dismiss (Doc. 11), Ex. 2, at 3, 21 (ICE/GEO contract)). Understanding that "reimbursement" is referring to payment from ICE to GEO (and not reimbursement from GEO to the detainees), the ICE/GEO

contract further states that "[t]he contractor [i.e., GEO][7] shall not exceed the quantity shown without prior approval by the Contracting Officer." Motion to Dismiss (Doc. 11), Ex. 2, at 3 (emphasis added). This is not a prohibition on ICE's ability to reimburse GEO more than $1.00 a day; it is an unambiguous prohibition on "[t]he contractor" (GEO) and its ability to "exceed" payment of $1.00 a day "without prior approval of the Contracting Officer." See id. Thus, contrary to Plaintiffs' view, the ICE/GEO contract does "expressly require[] that compensation of more than $1 per day be approved by the government's contracting officer," before GEO may make such excess payments to detainees. See Motion at 3; see also Frontrange Solutions USA, Inc. v. Newroad Software, Inc., 505 F. Supp. 2d 821, 831 (D. Colo. 2007) ("[Under Colorado law,] [t]he interpretation of a contract is a question of law…. If the language is plain, clear and unambiguous, a contract must be enforced as written.").

As a consequence, GEO's third proposed certified question is not "smuggl[ing] disputed facts into … piecemeal appellate review." Cf. Resp. at 5. Rather, GEO's third proposed question poses the fundamental legal question of whether the "government contractor" defense bars Plaintiffs' unjust enrichment claim in light of the unambiguous language of the ICE/GEO contract.

---

[7] The entirety of the ICE/GEO contract makes clear that GEO is the "contractor," not ICE. As Plaintiffs recognize, GEO owns and operates the Aurora Detention Facility. See Compl. (Doc. 1), at 1. The ICE/GEO contract refers repeatedly to detention facilities as "Contractor-Owned" and "Contractor-Operated," and separately refers to ICE. See Motion to Dismiss (Doc. 11), Ex. 2, at 9; 48 C.F.R. § 9.403 (defining "contractor" in similar context as entity that "submits offers or is awarded … a Government contract").

Interlocutory review does not become inappropriate, and this proposed certified question does not become less a question of law, because of Plaintiffs' unsupported interpretation of the unambiguous language of the ICE/GEO contract. See Eburn v. Capitol Peak Outfitters, Inc., 882 F. Supp. 2d 1248, 1253 (D. Colo. 2012) ("Mere disagreement between the parties over the meaning does not in and of itself create an ambiguity in the contract.") (internal quotation marks omitted).

\* \* \* \* \*

As noted, Plaintiffs do not even dispute the "substantial ground for difference of opinion" and "materially advance the litigation" factors. Even if the Court were to determine that one of the proposed certified questions did not involve a "controlling question of law," the Court should still certify its order for interlocutory appeal because, under § 1292(b), a district court may certify an order for interlocutory appeal even if less than all of the issues addressed by the order involve "controlling questions of law." See, e.g., Grand Jury Proceedings, 767 F. Supp. at 225 (question of law is "controlling" when it has "the potential for substantially accelerating disposition of the litigation"); see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990) ("resolution of an issue need not necessarily terminate an action in order to be 'controlling'"); Higgins v. BAC Home Loans Servicing, LP, No. 12-CV-183, 2014 WL 3015762,

at *3 (E.D. Ky. July 3, 2014) ("Thus, the Court may certify the order for interlocutory review even if some rulings contained in the order do not meet all of the requirements of § 1292(b).").

For example, if the Court determines that GEO's second certified question (addressing Plaintiffs' "unjust enrichment" claim) does not involve a "controlling question of law," the Court should still certify the remaining proposed questions (addressing Plaintiffs' TVPA claim and "government contractor" defense) for interlocutory appeal. If the Tenth Circuit accepts GEO's argument as to the "government contractor defense," that decision would necessarily dispose of Plaintiffs' "unjust enrichment claim" as well. And if the Tenth Circuit also accepts GEO's position as to Plaintiffs' TVPA claim "these two questions of law, when considered together …. would conclusively resolve the litigation in favor of [GEO]." See Kerr v. Hickenlooper, No. 11-cv-01350, 2012 WL 4359076, at *2 (D. Colo. Sept. 21, 2012).

## III.  WHETHER A STAY IS WARRANTED IS NOW UNDISPUTED.

Plaintiffs have not offered any rebuttal to GEO's arguments in favor of a stay. Therefore, if the Court determines that certification of any issue for interlocutory appeal is warranted, the Court should stay the case pending the resolution of the appeal, for reasons stated in GEO's Motion. See Motion at 17-24.

## CONCLUSION

For the foregoing reasons, GEO respectfully moves the Court to enter an order certifying the questions for interlocutory appeal contained in GEO's Motion, and further moves the Court to enter a stay of litigation pending the outcome of the certified interlocutory appeal.

Dated: October 21, 2015  Respectfully submitted,

/s/ Charles A. Deacon
Charles A. Deacon
Norton Rose Fulbright US LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792
Tel +1 210 270 7133
Fax +1 210 270 7205
charlie.deacon@nortonrosefulbright.com

Mark Emery
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
Tel +1 202 662 0210
Fax +1 202 662 4643
mark.emery@nortonrosefulbright.com

/s/ Shelby A. Felton
Shelby A. Felton
David DeMuro
Vaughan & DeMuro
3900 E. Mexico Ave., Suite 620
Denver, CO  80210
Tel +1 (303) 837-9200
Fax +1 (303) 837-9400
sfelton@vaughandemuro.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys for the Plaintiffs:

Brandt Milstein
brandt@milsteinlawoffice.com

Andrew Turner
aturner@laborlawdenver.com

Alexander Hood
alex@towardsjustice.org

Hans Meyer
hans@themeyerlawoffice.com

R. Andrew Free
Andrew@ImmigrantCivilRights.com

/s/ Charles A. Deacon
Charles A. Deacon
Norton Rose Fulbright US LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792
Tel +1 210 270 7133
Fax +1 210 270 7205
charlie.deacon@nortonrosefulbright.com

Counsel for Defendant