**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLlNA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

vs.

THE GEO GROUP, INC.,

      Defendant.

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that:

1. The parties desire to maintain the confidentiality of certain of the documents produced in this case, including to protect the privacy of individuals;

2. Therefore, in order to protect against the disclosure of sensitive and confidential information, while at the same time, observing the requirements of Rule 26 of the Federal Rules of Civil Procedure, and to permit the parties to discover and, if otherwise admissible, make reasonable use at trial and other matters in this litigation information

relevant to the subject matter of this case, the parties, by and through their respective counsel, hereby stipulate to the entry of this Protective Order and agree as follows, and respectfully request that the Court so order:

**ORDER**

1. This Protective Order applies to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" has the meaning set forth in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. The designation "Confidential" means the information shall be used solely for the purposes of this litigation, and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

4. Any party may, at any time, designate a served, disclosed, or filed document "Confidential" if, after review by an attorney, the attorney certifies that the designation as "Confidential" is based on a good faith belief that the document contains nonpublic personal, personnel, employment, financial and/or tax records, medical, or other information implicating privacy or proprietary interests of either the Plaintiffs, the Defendant or a third party (including any documents and information that are subject to the Privacy Act). The documents so designated will be deemed "Confidential Material" subject to this Protective Order. Any confidential designation that is inadvertently omitted following the entry of this Protective Order

will not constitute a waiver of confidentiality, and may be corrected by written notification to the parties.

     5.     No copies of "Confidential" material shall be made except to the extent necessary for the litigation of this action and the parties preparation of this action for trial (including any appeals).

     6.     "Confidential" information shall be handled as follows:

     (a)     Information designated as "Confidential" shall not be disclosed to the public in any form by the parties or their respective counsel, nor disclosed to any other person or entity without further Order of the Court.

     (b)     Information designated as "Confidential" may be disclosed by the parties or their respective counsel only to the following persons: (1) the parties to the action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such parties, or any designated representatives who are authorized to act on the parties' behalf, including insurers, or who may be reasonably necessary to aid counsel in this action; (2) counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff if the disclosure is reasonably and in good faith calculated to aid in the preparation or prosecution of this specific legal action and no other; (3) the Court and its personnel; (4) court reporters who record depositions or other testimony in this case; (5) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (6)

deponents, witnesses, or potential witnesses at any deposition in this action; (7) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of this action; (8) witnesses expected to testify at trial; and (9) any other person to whom the party who originally designated the material as confidential agrees in writing after being given five days written notice.

7. For any disclosures under Paragraph 6(b)(1-9) the person to whom the Confidential Information is being disclosed must first, before viewing the information, review a copy of this Protective Order and counsel shall obtain agreement, in writing, from such person that he or she will be bound by its provisions, as follows:.

> I, _____, declare under penalty that I have read and understand the terms of this Order issued by the United States District Court on _____, 201__. I understand that this Order remains in effect during and after conclusion of this litigation, and I agree to be bound by it. I understand that I may be subject to penalties for contempt of Court if I violate this Order.
>
> Dated: _____     _____

8. This Protective Order does not prohibit or restrain any party from performing the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential Material.

9. No documents containing Confidential Material may be reproduced except as necessary in the litigation of this action. Any copy of a document containing or summarizing Confidential Information must be stamped "CONFIDENTIAL." The inadvertent, unintentional,

or *in camera* disclosure of Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

10. Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order.

11. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

12. Whenever deposition testimony involves the disclosure of Confidential Material, the testimony should be identified on the record as Confidential wherever possible. A party may later designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated CONFIDENTIAL and the cover page of the transcripts that contain Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

13. A party may object to the designation of a document as Confidential Material by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential Material.

The disputed information must be treated as Confidential Material until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential. If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential Material.

14. The obligation to preserve the confidentiality of Confidential Material survives the termination of this action. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

15. Should the parties desire to submit to the Court any CONFIDENTIAL information (whether in a discovery dispute, on the merits, or otherwise), any such documents or information shall be filed with the Clerk of the Court in accordance with D.C.COLO.LCivR 7.2 or any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order will prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order will prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

DATED this ___ day of _____ 2016.   BY THE COURT:

_____
John L. Kane
United States District Judge

APPROVED AS TO FORM:

| | |
|---|---|
| */s/ R. Andrew Free* | */s/ Shelby A. Felton* |
| R. Andrew Free | Shelby A. Felton |
| Bank of America Plaza | Vaughan & DeMuro |
| 414 Union St., Suite 900 | 720 S. Colorado Blvd. |
| Nashville, TN 37219 | North Tower Penthouse |
| 615.244.2202 | Denver, CO  80246 |
| Andrew@immigrantcivilrights.com | (303) 837-9200 |
| | sfelton@vaughandmuro.com |
| Attorneys for Plaintiffs | |
| | Attorneys for Defendant |