IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.  14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALEGRA,
on their own behalf and on behalf of all others similarly situated,

       Plaintiffs,

v.

THE GEO GROUP, INC.,

       Defendant.

## ORDER ON MOTION FOR INTERLOCUTORY APPEAL

**Kane, J.**

Defendant has moved for an order certifying an interlocutory appeal under 28 U.S.C. § 1292(b) from my denial in part of its motion to dismiss.  Doc. 38; *see* Doc. 23.  In particular, Defendant seeks appellate review of: (1) my finding that Plaintiffs have stated a claim under the Trafficking Victims Protection Act (TVPA), Doc. 23 at 7-10; (2) my denial of Defendant's motion to dismiss Plaintiffs' unjust enrichment claim, *id*. at 10-11; and (3) my rejection of the government contractor defense as applied to the Plaintiffs' claims, *id*. at 12-13.  *See* Doc. 38 at 3.  Defendant also seeks a stay of this litigation pending the resolution of the requested interlocutory appeal.  *Id*. at 17-24.

Under 28 U.S.C. § 1292(b), the Court is authorized to certify an order in a civil action for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

Because a complete reversal of my decision on Defendant's motion to dismiss would eliminate Plaintiffs' remaining claims and end this litigation, I assume that the requested interlocutory appeal "involves a controlling question of law" and would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 225 (D .Colo. 1991); *Kerr v. Hickenlooper*, No. 11-cv-01350, 2012 WL 4359076, at *2-3 (D. Colo. Sept. 21, 2012). I therefore turn to whether there is a "substantial ground for difference of opinion" about the questions on which Defendant seeks appellate review.

Defendant argues that there is a "substantial ground for difference of opinion" as to whether Plaintiffs have stated a TVPA claim because the issue is "novel," a "matter of first impression," and one on which there is "no precedent." Doc. 38 at 7, 10. However, "[t]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Am. Fid. Assur. Co. v. Bank of New York Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014); 19 James Wm. Moore et al. Moore Federal Practice § 203.31[4] (2015). Defendant has not identified any split in authority regarding the application of the TVPA in these circumstances, or any cases conflicting with my application of that statute. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633-34 (9th Cir. 2010). Accordingly, Defendant's motion for an interlocutory appeal with respect to Plaintiffs' TVPA claim is denied.

Defendant next seeks an interlocutory appeal of the Court's denial of Defendant's motion to dismiss Plaintiff's unjust enrichment claim on the grounds that Plaintiffs had no "reasonable expectation" of compensation as required to state an unjust enrichment claim. Doc. 38 at 11-13. Defendant did not raise this issue in its original motion to dismiss, but instead raised it for the first time in its motion for reconsideration. Doc. 38 at 11 n.1.

I am at a loss to understand Defendant's suggestion that they did not raise their argument regarding reasonable expectations until after the Court had ruled on Defendant's motion to dismiss because "Plaintiffs did not plead the 'fair market value' theory addressed in the Court's order." Doc. 38 at n.1. My comments regarding "fair market value" were made in the context of addressing whether Plaintiffs' CMWO and unjust enrichment claims sought the same remedy and were therefore duplicative, and did not purport to address the elements of unjust enrichment. Put simply, if Defendant believes that Plaintiffs have failed to plead all of the elements of unjust enrichment because they have not alleged that Plaintiffs had any reasonable expectation of compensation for their services, Defendant should have raised that argument in its motion to dismiss. As Defendant acknowledges, Doc. 38 at 11 n.1, it remains free to properly raise this issue through an appropriate motion in the future, but unless and until it does so there are certainly no grounds for reconsideration or for an interlocutory appeal.

Finally, Defendant seeks to appeal the Court's rejection of Defendant's government contractor defense. Doc. 38 at 14-16. Defendant does not identify any grounds for a "substantial difference of opinion," other than their disagreement with the Court's ruling and a rehashing of their now twice rejected arguments regarding the operative contract. *Id*.; *see Couch*, 611 F.3d at 633 ("[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'"). Accordingly, Defendant is not entitled to an interlocutory

appeal with respect to its assertion of the government contractor defense.  In conclusion, Defendant's Motion for an Interlocutory Appeal (Doc. 38) is **DENIED** and Defendant's request for a stay pending appeal is **DENIED AS MOOT**.

   Dated:  March 17, 2016                               **s/ John L. Kane**  
                                                                         Senior U.S. District Judge