IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

  Plaintiffs,

vs.

THE GEO GROUP, INC.,

  Defendant.

**DEFENDANT'S OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

# Exhibit 5

Notify

13

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT
                                                      CIVIL ACTION NO. 15-00444-E

ANTHONY WHYTE, Individually and on behalf
of all others similarly situated

VS.

SUFFOLK COUNTY SHERIFF'S DEPARTMENT and another[1]

MEMORANDUM OF DECISION AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

INTRODUCTION

The plaintiff, Anthony Whyte ("Whyte"), is a United States permanent resident who was been held as an Immigration and Customs Enforcement ("ICE") detainee at the Suffolk County House of Correction ("SCHC") for approximately two years. In his class action complaint, Whyte alleges that, during his detention, the defendants, the Suffolk County Sheriff's Department ("Sheriff's Department") and the Commonwealth of Massachusetts (collectively, "defendants"), misclassified him as a non-employee, in violation of the Massachusetts Independent Contractor Law, G. L. c. 149, § 148B ("Independent Contractor Law") (Count I); violated the Massachusetts Minimum Fair Wage Law, G. L. c. 151, § 1 ("Minimum Wage Law") (Count II) and the Massachusetts Payment of Wages Law, G. L. c. 149, § 148 ("Wage Act") (Count II), by paying him less than the statutory minimum wage for work he performed for SCHC; breached a contract or quasi-contract with him by failing to pay the legal wages due him

---

[1] Commonwealth of Massachusetts.

1

(Count IV); and deprived him of the fair value of his services under a *quantum meruit* or unjust enrichment theory (Count V).

The case is now before the court on the defendants' motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6), in which motion they contend that the Independent Contractor Law, the Minimum Wage Law, and the Wage Act do not apply to ICE detainees and that the claims for breach of contract and *quantum meruit* do not obtain. After hearing, and for the reasons set forth below, the defendants' motion is ALLOWED.[2]

## BACKGROUND

The following facts are drawn from the allegations in the complaint.

Whyte is a citizen of Jamaica and a United States permanent resident. From September 16, 2013, until December 3, 2015, Whyte was held as a civil detainee at SCHC pursuant to a contract between SCHC and ICE. During his detention, he performed janitorial services at SCHC.

Whyte worked up to seven days each week, for between one and eight hours per day. SCHC paid him $1.00 per day each day he worked, regardless of the number of hours he worked. He did not receive overtime pay for weeks in which he worked more than 40 hours. Whyte's wages for each month were deposited into his inmate account at the beginning of the next month but were not available immediately as liquid funds.

---

[2] The instant motion can be resolved without resorting to the supplemental documents submitted by Whyte in the course of his opposition. Therefore, the defendants' motion to strike is moot; and the court need not and does not reach its merits.

2

DISCUSSION

I. Rule 12(b)(6) Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "look beyond the conclusory allegations in the complaint," *Curtis v. Herb Chambers I-95 Inc.*, 458 Mass. 674, 675 (2011), and determine if the nonmoving party has pleaded "factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 636 (2008) (citation omitted). In doing so, the court must accept as true "all facts pleaded by the nonmoving party." *Jarosz v. Palmer*, 436 Mass. 526, 529 (2002) (citation omitted).

II. Analysis

A. Introduction

In the present case, Whyte brings five claims, which can be grouped broadly into two theories of liability. First, he contends that the defendants violated the Independent Contractor Law (Count I), the Minimum Wage Law (Count II), and the Wage Act (Count III). Second, he maintains that his employment as a "detainee-laborer" created a contract between himself and the Sheriff's Department, such that he is entitled to recover for breach of contract (Count IV) or, if the contract fails, in *quantum meruit* (Count V).

B. Statutory Violations

The Minimum Wage Law requires Massachusetts employers to pay their employees an hourly wage of not less that $9.00 per hour[3] "unless the commissioner has expressly approved or shall expressly approve the establishment and payment of a lesser wage" or the employee is part

---

[3] Prior to January 1, 2015, the minimum wage was $8.00 per hour. Effective January 1, 2016, the minimum wage rose to $10.00 per our.

3

of an enumerated exempt occupational class, such as a member of a religious order. G. L. c. 151, §§ 1-2. The Wage Act requires employers to pay employees on a weekly or bi-weekly basis and specifically provides that "the commonwealth . . . shall so pay . . . every person employed . . . in any penal or charitable institution." G. L. c. 149, § 148.

In addition to these general statutes, the Legislature also has authorized regulations that specifically govern the payment of inmates, a term broadly defined under Massachusetts law as "a committed offender or such other person as is placed in custody in a correctional facility in accordance with law."[4] G. L. c. 125, § 1. Section 48A ("Section 48A") of Chapter 127 of the General Laws directs the Commissioner of Correction to "establish a system of compensation for inmates . . . who perform good and satisfactory work . . . in the servicing and maintenance of the correctional institutions . . . ." G. L. c. 127, § 48A. Pursuant to Section 48A, the Commissioner has promulgated two regulations relevant to this case: 103 Code Mass. Regs. 405.08, which establishes a pay scale for state correctional facilities that pays some inmates as little as $5 per week, distributed on a monthly basis, and 103 Code Mass. Regs. 944.01, which directs county correctional facilities such as SCHC to develop their own inmate work assignment plans.

State and federal courts in Massachusetts have relied on Section 48A and its associated regulations in upholding inmate work assignment plans that pay less than the minimum wage. *Miller v. Dukakis*, 961 F.2d 7 (1st Cir. 1992) (civilly committed sexually dangerous persons not entitled to minimum wage); *Shea v. Spencer*, 31 Mass. L. Rptr. 564 (Mass. Super. 2013) (inmate not entitled to minimum wage for work performed for private company through prison industries program). Similarly, federal courts in other jurisdictions have held that inmates, including

---

[4] To the extent that Whyte argues he was held contrary to law, the court will not address such argument because it relies on factual allegations not stated in the complaint and is not within the court's purview.

immigration detainees, in federal facilities are not entitled to the federal minimum wage. *Tourscher v. McCullough*, 184 F.3d 236, 244 (3rd Cir. 1999) (pretrial detainee not entitled to minimum wage because standard of living is guaranteed and work "bears no indicia of traditional free-market employment"); *Danneskjold v. Hasruth*, 82 F.3d 37, 43 (2nd Cir. 1996) ("no Court of Appeals has ever questioned the power of a correctional institution to compel inmates to perform services . . . without paying minimum wage"). Of particular note is *Alvarado Guevara v. I.N.S.*, in which the Fifth Circuit upheld a $1-per-day wage paid to immigration detainees at a federal facility, on the grounds that detainees were equivalent to prison inmates rather than employees and, therefore, were not entitled to the wage protections of the Fair Labor Standards Act. 902 F.2d 394, 396 (5th Cir. 1990).

Whyte makes no persuasive argument as to why this court should deviate from the sound reasoning and guidance of this jurisprudence. Although the Minimum Wage Law and the Wage Act are intended to provide "strong statutory protection for employees," *Crocker v. Townsend Oil Co.*, 464 Mass. 1, 13 (2012). Whyte is a inmate who has been "placed in custody in [SCHC] in accordance with law," G. L. c. 125, § 1, rather than an employee "employed . . . in [a] penal or charitable institution," G. L. c. 149, § 148. Therefore, his compensation is governed by the specific regulations promulgated under Section 48A rather than by the general employment provisions of the Minimum Wage Law or the Wage Act. See *Reiter Oldsmobile, Inc. v. General Motors Corp.*, 378 Mass. 707, 711 (1979) (in case of a conflict between statutes, the provisions of the specific statute govern). These regulations "quite plainly express[] the Commonwealth's intention *not* to pay [inmates of state correctional facilities] the minimum wage," *Miller*, 961 F.2d at 10, and likewise its intention to authorize county correctional facilities to do the same.

5

Whyte's reliance on the Massachusetts Independent Contractor Law is unavailing. As he does not constitute an employee but, rather, a prisoner, as discussed *supra*, that statute, which serves to distinguish between employees and independent contractors, is inapposite. See G. L. c. 149, § 148B.

In sum, the employment statutes under which Whyte purports to bring his claims do not apply to him as an ICE detainee in a Massachusetts correctional facility. Accordingly, even accepting as true all the factual allegations of his complaint, Counts I, II, and III fail to state a claim upon which relief can be granted.

### C. Breach of contract

Whyte's claim for breach of contract depends on his assertion that the employment contract between himself and the Sheriff's Department contained, as implied terms, the protections of the Minimum Wage Law and the Wage Act. It must fail, therefore, for the reasons stated above. Whyte does not challenge the validity of the contract, nor is there any factual basis in the complaint to do so. There being a valid alleged contract, relief in *quantum meruit* is unavailable. See *PDM Mechanical Contractors, Inc. v. Suffolk Constr. Co.*, 35 Mass. App. Ct. 228, 231 (1993). Thus, even accepting as true all the factual allegations of the complaint, Counts IV and V fail as well.

## ORDER

For all the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the defendants' motion to dismiss be **ALLOWED** and that the complaint be **DISMISSED**.

Linda E. Giles,
Justice of the Superior Court

Dated: January 8, 2016

*Notify*

14

| JUDGMENT ON MOTION TO DISMISS | Trial Court of Massachusetts<br>The Superior Court |
|---|---|
| **DOCKET NUMBER**<br>1584CV00444 | Michael Joseph Donovan, Clerk of Court |
| **CASE NAME**<br>Whyte, Anthony<br>vs.<br>Suffolk County Sheriffs Dept et al | **COURT NAME & ADDRESS**<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

**JUDGMENT FOR THE FOLLOWING DEFENDANT(S)**
Suffolk County Sheriffs Dept
Comm of Mass

**JUDGMENT AGAINST THE FOLLOWING PLAINTIFF(S)**
Whyte, Anthony

This action came on before the Court, Hon. Linda E Giles, presiding, and upon review of the motion to dismiss pursuant to Mass. R.Civ.P. 12(b).

It is ORDERED AND ADJUDGED:

that the defendants' motion to dismiss be ALLOWED and that the complaint be DISMISSED.

*Notice Sent*
*1-11-16*
SSC
HS
PL
HS-mE
AS
DGC

JUDGMENT ENTERED ON DOCKET 1-11-20 16
PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P.58(a)
AND NOTICE SENT TO PARTIES PURSUANT TO THE PROVISIONS OF MASS. R. CIV. P. 77(d) AS FOLLOWS

| DATE JUDGMENT ENTERED | CLERK OF COURTS/ ASST CLERK |
|---|---|
| 01/08/2016 | X Margaret M Buckley |

Date/Time Printed 01-08-2016 15:10:06                                              SCV0831 11/2014