# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

vs.

THE GEO GROUP, INC.,

    Defendant.

## THE GEO GROUP, INC'S MOTION TO STAY PROCEEDINGS PENDING RULE 23(F) REVIEW

Defendant, The GEO Group, Inc. ("GEO"), through its undersigned attorneys, hereby moves to stay these district court proceedings pending the Tenth Circuit's Rule 23(f) review of the Court's class certification order.

**D.C.COLO.LCivR 7.1 Certification**: The undersigned certifies that GEO's counsel conferred in good faith with Plaintiffs' counsel multiple times on the phone regarding the relief requested in this Motion.

## INTRODUCTION

The Tenth Circuit has granted GEO's petition for interlocutory review of the Court's class certification order, noting "both the complexity and difficulty of the issues presented." Order (Dkt. 63) at 2; Fed. R. Civ. P. 23(f); *Menocal, et al. v. The GEO Group*, No. 17-1125 (10th Cir.). The certification order can now receive plenary review and the court of appeals' decision could determine whether this proceeding will move forward as a class action of potentially over 60,000 members, or will become a case pressed by a small number of individual plaintiffs. Because the stakes are so high, and the potential costs of moving forward with discovery and other matters in this Court during the pendency of the appeal so great, GEO respectfully moves the Court to stay all litigation in this Court in this matter until the Tenth Circuit has ruled and issued its mandate.

GEO satisfies the test for a stay, which is similar to that for a preliminary injunction. *See CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277, 1278 (D. Colo. 2013). First, GEO is reasonably likely to succeed on the merits in showing error in the class certification. In their opposition brief in the court of appeals, the Plaintiffs emphasized that the grant of Rule 23(f) petitions is exceptional, and that 80% of petitions are denied. *See* Response in Opp. to Pet. for Permission to Appeal Class Cert., No. 17-701, at 5. Despite those apparently long odds, the Tenth Circuit has granted GEO's petition, which raised fundamental doubts about whether the Plaintiffs' novel claims are fit for classwide resolution.

The balance of harms weighs heavily in favor of a stay of these proceedings. GEO's contracts with federal immigration authorities, Department of Homeland Security Immigration and Customs Enforcement ("DHS/ICE"), require it to provide services and establish GEO's rates for doing so. But GEO now faces an unprecedented class action challenge to policies that served as bedrock assumptions when those contracts were drafted. The certified classes, composed of individuals who spent time at the Aurora facility over the span of ten years, and who are now spread around the world, seek damages and restitution. GEO will likely face a much more limited discovery burden if class certification is reversed or modified on appeal. The Court should stay this case until the Tenth Circuit has decided whether class certification is warranted. Plaintiffs will suffer a brief delay in potentially obtaining damages or restitution, but that delay is far outweighed by the alternative—months of wasted time and resources on discovery and related issues. By Plaintiffs' own estimation in the Proposed Scheduling and Discovery Order, the costs of discovery, class notice, and discovery motions could be as high as $370,000. (Dkt. 61) at 11-12 ("Proposed Discovery Order"). GEO's estimates are even higher.

The public interest also weighs in favor of a stay. Plaintiffs' class claims affect not only GEO but also the agencies that contract with GEO to enforce federal law. Discovery requests are likely to extend past GEO to include these agencies. For example, in the Proposed Scheduling Order, Plaintiffs propose three separate Rule 30(b)(6) depositions of ICE. *Id.* at 15-16. Such a situation would drag federal agencies into this case and would clog the courts with additional discovery complications arising from

third-party discovery from executive agencies. The likelihood of reversal or modification of Plaintiffs' class coupled with a balance of harms that tips heavily in GEO's favor mean that a stay of proceedings is appropriate in this case. This Court should grant GEO's motion and stay all proceedings pending the Tenth Circuit's review of the Court's class certification order.

## BACKGROUND

Plaintiffs brought three claims in this Court: (1) a claim under Colorado's Minimum Wage Order ("CMWO Claim"); (2) a claim for violation of the Trafficking Victims Protection Act ("TVPA" or "Trafficking Claim"); and (3) the Unjust Enrichment Claim. GEO moved to dismiss all three. This Court dismissed the CMWO Claim, but declined to dismiss the other two. *See generally* Mem. Opinion & Order (Dkt. 23).

After some discovery related to class certification, Plaintiffs moved to certify a class for the Trafficking Claim comprising "[a]ll persons detained in [GEO's] Aurora Detention [Center] in the ten years prior to the filing of this action." Pls.' Mot. for Class Cert. (Dkt. 49) at 10 ("Mot."). Plaintiffs also proposed a class of "[a]ll people who performed work [at] [GEO's] Aurora Detention [Center] under [GEO's] VWP policy in the three years prior to the filing of this action" for the Unjust Enrichment Claim. *Id.* at 19. On February 27, 2017, This Court certified Plaintiffs' proposed classes, naming Plaintiffs as class representatives and Plaintiffs' counsel as class counsel. Class Certification Order (Dkt. 57) at 21.

On March 13, GEO filed a timely Rule 23(f) petition in the Tenth Circuit seeking review of this Court's certification order. *See* GEO Group, Inc.'s Petition for Permission

to Appeal Class Certification, No. 17-701 (10th Cir.), ("Petition"); Reply Brief in Support of Petition for Permission to Appeal Class Certification, No. 17-701 (10th Cir.). On April 11, the Tenth Circuit granted the petition. Currently, the parties are awaiting certification of the record and then the court of appeals will set a briefing schedule.

## ARGUMENT

**I.     Litigation Should Be Stayed In This Court While The Tenth Circuit Determines Whether Class Certification Was Properly Granted.**

Although a Rule 23(f) petition or appeal does not automatically stay proceedings in a district court, it is clearly appropriate to grant such a stay. Fed. R. Civ. P. 23(f) (stay of proceedings may be granted if "district judge or the court of appeals so orders"). Now that the Tenth Circuit has granted the petition, and will be reviewing the class certification order, the Court should stay the proceedings in this Court pending the Tenth Circuit's review.

To decide whether to grant a stay pending Rule 23(f) review, the Court considers (1) whether the movant has shown that it is likely to succeed on the merits of its appeal; (2) whether the movant will be irreparably harmed absent a stay; (3) whether issuing the stay will substantially injure the other parties in the proceeding; and (4) whether public interest favors the stay. *KSTU, LLC v. Aereo, Inc.*, No. 14-4020, 2014 WL 1687749, at *1 (10th Cir. Mar. 7, 2014) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The test requires a party to show that the harm it would sustain in the absence of a stay would outweigh the harm that a stay would cause to its opponent. *In re Yellow Cab Co-Op Ass'n*, 192 B.R. 555, 557 (D. Colo. 1996) (citing *Autoskill Inc. v. Nat'l Educ. Support*

*Sys., Inc.*, 994 F.2d 1476, 1498 (10th Cir. 1993)).  A stay pending a Rule 23(f) appeal is appropriate when "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Blair v. Equifax Check Servs.*, 181 F.3d 832, 835 (7th Cir. 1999); *see also Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001) ("[A] stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay.").

        **A.**      **GEO's Is Likely to Succeed In Showing Error In Class Certification.**

Although a party must show that its chance of success on appeal is "better than negligible," *Nken*, 556 U.S. at 434, courts in this circuit have recognized that a party's chance of success is more likely when that party raises a novel issue to the attention of the appellate court.  *See CGC Holding Co.*, 965 F. Supp. 2d at 1278.  Success is also more likely when a district court has decided an issue of first impression that other circuits have decided differently and that is "sufficiently serious, substantial, difficult and doubtful."  *Farrell-Cooper Mining Co. v. U.S. Dep't of the Interior*, No. Civ-16-12, 2016 WL 4097091, at *3 (E.D. Okla. Aug. 1, 2016).

In *CGC Holding Co.*, the district court found the movants to have a likelihood of success even though the judge reasonably considered his own judgment to have been correct.  965 F. Supp. 2d at 1278.  Judge Jackson noted that he "[o]bviously … would not have certified [the] class if [he] did not find it to be appropriate" but nonetheless recognized the defendants' likelihood of success due to the nature of the issues raised in their Rule 23(f) appeal, and the Tenth Circuit's grant of the Rule 23(f) petition.  *Id.*; *see*

Joint Reply in Support of Joint Motion to Stay Proceedings Pending Resolution of Rule 23(f) Appeals at 7, *CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277 (D. Colo. 2013) (No. 1:11-cv-01012), ECF 487.  Similarly, the court in *Nieberding v. Barrette Outdoor Living, Inc.* noted that the Tenth Circuit's grant of a petition for Rule 23(f) review clearly weighed in favor of the defendants' likelihood of success on appeal.  No. 12-2353, 2014 WL 5817323, at *2 (D. Kan. Nov. 10, 2014).  The court noted that this grant, when coupled with the "serious, substantial [and] difficult" issues raised by the appeal, sufficed to show a likelihood of success to support a stay pending appeal. *Id.* at *3.

Furthermore, courts in the Tenth Circuit apply a sliding-scale analysis to the four-factor test.  Under this approach, a party may show that a stay is appropriate even without a particularly strong likelihood of success whenever that party has shown that the three other factors tip decidedly in its favor.  *Farrell-Cooper*, 2016 WL 4097091, at *1 (citing *FTC v. Mainstream Marketing Serv., Inc.*, 345 F.3d 850, 852-53 (10th Cir. 2003)); *Nieberding*, 2014 WL 5817323, at *2.  This comports with the theory underlying a stay, since it balances the probability of error in a class certification decision against the gravity of the costs of waiting for review.  *Blair*, 181 F.3d at 835.

While GEO will not rehash at length its concerns regarding the class certification order, GEO's petition emphasized that the classes have been certified on two novel theories that are unworkable in a class action context: first, that a federal human trafficking statute could support a class action against a federal immigration detention contractor implementing government policies that require detainees to help clean their

7

own common living spaces, Petition, at 10-13; and second, that Plaintiffs could seek classwide damages for their participation in a voluntary work program on an unjust enrichment theory, Petition, at 17-20.  Both of these class claims are unprecedented: the requirement that civil detainees help clean their living spaces has been upheld repeatedly for decades, Petition, at 12 & n.3; and the Voluntary Work Program ("VWP") has been affirmed repeatedly in court, Petition, at 19.

GEO is likely to prevail in the Tenth Circuit in showing that the class claims are based on individualized determinations that are unfit for class resolution.  Specifically, even assuming the Trafficking Act claim were to apply, it pivots on the subjective and individualized issue of whether each detainee performed housekeeping chores based on the threat of disciplinary segregation.  The unjust enrichment claim requires a demonstration that each detainee had a reasonable expectation that he or she would be paid more than $1 per day through the VWP.  To the extent that could be shown at all, it would be an individualized determination.

The Tenth Circuit's decision to grant review itself supports the likelihood of success on the merits—the large majority of Rule 23(f) petitions are denied.  The Tenth Circuit noted the complexity and difficulty of the issues in this case.   Among the factors the court of appeals considers is whether the certification decision is "manifestly erroneous" and the deficiencies are "both significant and readily ascertainable . . . ." *Vallario v. Vandehey*, 554 F.3d 1259, 1263-64 (10th Cir. 2009) (citation omitted).  As the court in *Nieberding* noted, the grant of a petition is strong evidence that a movant's Rule 23(f) appeal is likely to succeed on the merits.  2014 WL 5817323, at *2.  The grant of

the petition indicates "the probability of error" in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting. *See Blair*, 181 F.3d at 835; *Sumitomo Copper*, 262 F.3d at 140. And as this court noted in *CGC Holding Co.*, a stay of proceedings in such circumstances is reasonable even when a district court judge stands behind its initial certification decision. 965 F. Supp. 2d at 1278.

### B. GEO Faces Irreparable Harm Absent a Stay Pending Appeal.

To show irreparable harm, a movant must show an injury that is "certain, great, actual and not theoretical." *Farrell-Cooper*, 2016 WL 4097091, at *2 (citing *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). Pretrial litigation costs are irreparable when they would be significant and wasteful in light of a successful Rule 23(f) appeal. *Nieberding*, 2014 WL 5817323, at *3-4. For example, if discovery costs pose a "serious burden" that could be avoided by the pending appeal, they are likely to qualify as irreparable harm. *Pena v. Taylor Farms Pac., Inc.*, No. 2-13-cv-01282, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015) (citing, *inter alia*, *Nieberding*). Discovery costs may be unimportant for analyzing irreparable harm when they would be the same regardless of the outcome of an appeal. *Id.* at *4-5. But that is not the issue here—GEO faces significant costs in litigating this case while the Tenth Circuit decides whether class certification is even warranted.

The Tenth Circuit has already noted the "complexity and difficulty" of the issues presented" in this case. Order at 2. That "complexity and difficulty" is reflected in the parties' estimated costs in the Proposed Scheduling Order, including:

9

- Briefing of on-going disputes over *Touhy*;

- Uncertainty about the federal government's role in this class litigation, including whether one or more federal agencies is an indispensable party;

- Numerous proposed depositions by both parties, including of international witnesses (estimated by Plaintiffs to cost $200,000);

- Responses to written discovery, including interrogatories and requests for production of documents (estimated between $100,000 to $500,000, depending on the scope of requests);

- Preparation of experts and *Daubert* motion briefing;

- Amended pleadings; and

- Motions for summary judgment and other motions practice.

*See generally* Proposed Discovery Order. The nature and scope of all of these issues would likely change if the Tenth Circuit reverses or alters the certified classes. A stay would permit the parties to save these expenses until the Tenth Circuit has ruled.

Additionally, the significant costs of identifying and notifying class members weigh in favor of a stay pending resolution of a Rule 23(f) appeal. *Nieberding*, 2014 WL 5817323, at *3-4; Fed. R. Civ. P. 23(c)(2) (requiring "the best notice practical under the circumstances"). Plaintiffs' class is purported to include more than 60,000 members scattered across the globe. Mot., at 6. Such a large class increases the costs of class discovery and weighs in favor of a stay. *See Pena*, 2015 WL 5103157, at *5 (complications arising from class "includ[ing] several thousand current and former

10

employees" favored staying proceedings pending Rule 23(f) review); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-cv-03339, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) ("sheer size" of a class "estimated to encompass over 22,000 individuals" favored a stay pending the defendant's Rule 23(f) appeal).

To identify class members, Plaintiffs will almost certainly seek to look through GEO's records for at least the past decade, which will incur more time and expense. *See* Mot. at 10 (describing a class that includes "all persons detained [at GEO's] Aurora Detention Facility *in the ten years prior to the filing of this action*") (emphasis added). This burden also weighs in favor of a stay. *See also Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540, 2016 WL 4267954, at *2 (W.D.N.C. Aug. 11, 2016) (staying discovery in part because assessing the class would "require intensive review of personnel records nationwide").

For example, Plaintiffs state that they "intend to informally request GEO provide any records it has containing the names and last known contact information for all members of each certified sub-class." Proposed Discovery Order at 10. To identify each member, the parties will need to investigate to figure out where each member now lives in order to notify each about this pending class action. This process will clearly involve a significant expense. *See id.* at 11 (Plaintiffs' estimate of $60-80,000 for class notice). While the class representatives bear the cost of identifying and notifying class members, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363-64 (1978), they will surely seek attorney fees for doing so, and GEO will have corresponding expenses for its involvement in the notification process. But if the Tenth Circuit reverses or limits

Plaintiffs' classes, almost all of this effort will have been unnecessary. If fact, it could multiply expenses if a retraction of a premature notice became necessary.

Further, because many of GEO's business records include sensitive competitive information used in its bids for government contracts, GEO faces the additional expense of redacting such information from countless records. Likewise, the government asserts that nearly all of GEO's records are subject to the DHS *Touhy* regulations, which impose additional procedural hurdles and attendant expenses. But these expenses will be dramatically curtailed if Plaintiffs' certification is reversed, as any remaining individual claims will require comparatively small discovery costs relating to only a handful of individual plaintiffs.

In the event that GEO prevails in its appeal, these costs will not be recoverable. Even if they could be shifted to Plaintiffs, as immigration-seeking persons facing deportation they are likely to have "limited financial resources" and "likely reside in different countries," and therefore be judgment-proof. Mot., at 19. Thus GEO has no reasonable prospect of recovering any litigation costs even from a complete legal victory.

    **C.**     **Plaintiffs Face No Injury From a Stay Pending Appeal.**

A mere delay in proceedings is not a serious injury to a party. *See Nieberding*, 2014 WL 5817323, at *4. Instead, parties opposing a stay generally need to show that a delay will cause some separate and additional injury, such as spoliation of evidence. *See Pena*, 2015 WL 5103157, at *6. Further, Rule 23(f) appeals should be expeditiously resolved, such that any delay in proceedings is likely to be short. *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 199 (3d Cir. 2008) (citing Fed. R. Civ. P. 23(f) advisory

committee's note). Generally, a short delay in a class plaintiff's case does not outweigh a defendant's burdensome discovery costs during a pending Rule 23(f) petition. *Nieberding*, 2014 WL 5817323, at *4.

In contrast to GEO's burdensome discovery and class notification costs, Plaintiffs' only potential injury from a stay pending appeal would be a delay in proceeding with their class claims. But such a delay is no real injury. *See Pena*, 2015 WL 5103157, at *6. Even if a mere delay in litigation can itself be considered an injury, the expeditious resolution of a Rule 23(f) appeal means that such injury will be slight.

Moreover, any injury to Plaintiffs from a stay of proceedings will be compensable. Plaintiffs seek only classwide damages and restitution. Class Action Complaint (Dkt. 1) at 19-20. Notably, they have not sought any kind of injunctive relief. *Id.* Despite their rhetoric, this case is about money. Any delay in these proceedings will simply delay Plaintiffs' potential award. *Pena*, 2015 WL 5103157, at *6. Consequently, Plaintiffs face no real injury from a stay at all.

### D. The Public Interest Favors a Stay Pending Appeal.

The public's interest in a lawsuit is distinct from the parties' and should be considered separately. *Nat. Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007). Public interest favors a stay when an appellate court's settlement of a specific legal issue will clarify the legal landscape moving forward. *Nieberding*, 2014 WL 5817323, at *5. Early clarification of novel issues helps to avoid wasting valuable judicial resources. *Id.*; *see also Pena*, 2015 WL 5103157, at *6. The public also has an interest in preventing burdensome discovery from clogging the court system. *CGC*

*Holding Co.*, 965 F. Supp. 2d at 1279. More fundamentally, courts should be wary of intruding unnecessarily into powers traditionally reserved to the executive branch. *See Nat. Res. Def. Council*, 502 F.3d at 862.

In this case, the public interest weighs in favor of a stay pending appeal. First, GEO's status as a government contractor will cause discovery complications that will burden the courts as well as the parties. Classwide discovery will likely result in voluminous document requests. Many of the documents sought will relate to GEO's relationship to DHS/ICE. To get these documents, the parties will need to serve DHS/ICE with document requests or subpoenas, which would raise discovery complications under the *Touhy* doctrine. *See generally Quezada v. Mink*, No. 10-cv-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010) (summarizing Tenth Circuit's application of *Touhy* doctrine). This creates a burden not only on the parties but also on DHS/ICE and the courts. The public has a clear interest in avoiding such a burden if the Tenth Circuit finds class certification to have been wrongly decided.

Further, Plaintiffs' class claims raise issues that likely affect all parties contracting with the federal government to provide civil detention services. GEO is not the only contractor that provides such services, nor is Aurora the only facility where they are provided. Plaintiffs' class claims seek to upend settled detention practices across the country, targeting DHS/ICE's longstanding—and congressionally authorized—contracting policies. By staying proceedings in the lower court while scrutinizing the merits of the district court's certification order, this Court would avoid unnecessarily

interfering with executive agencies' power to enter into contracts to help enforce immigration law.

Finally, the public has an interest in ensuring that this case proceeds appropriately. Plaintiffs' claims seek to affect federal immigration policy. The TVPA was not designed to dislodge decades-old civil detention practices. *See* Petition, at 10-12; *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184-85 (1988) ("We generally presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts."); *Yates v. United States*, 135 S. Ct. 1074, 1081-82, 1089 (2015) (holding that statute did not apply to conduct included within its literal terms when context of provision showed it Congress did not intend it to cover such conduct). Plaintiffs seek to accomplish through the courts what should be accomplished through legislation. This Court should be wary of allowing Plaintiffs to attempt to disrupt federal immigration practices while the Tenth Circuit reviews the class certification order.

## RELIEF REQUESTED

For these reasons, this Court should stay all proceedings in the district court pending the Tenth Circuit's review of the Court's class certification order.

Dated: April 25, 2017          Respectfully submitted,

/*s/ Mark Emery*
Mark Emery
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
(202) 662-0210
mark.emery@nortonrosefulbright.com

Charles A. Deacon
NORTON ROSE FULBRIGHT US LLP
300 Convent Street
San Antonio, Texas 78205
(210) 270-7133
charlie.deacon@nortonrosefulbright.com

Dana Eismeier
BURNS, FIGA & WILL
6400 S. Fiddlers Green Circle
Suite 1000
Greenwood Village, Colorado 80111
(303) 796-2626
deismeier@bfwlaw.com

16

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2017, I filed the foregoing motion through the Court's CM-ECF system, which will serve the motion on the class counsel:

Alexander N. Hood
Towards Justice-Denver
1535 High Street, Suite 300
Denver, CO 80218
(720) 239-2606
alex@towardsjustice.org

Andrew H. Turner
Kelman Buescher Firm
600 Grant Street, Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans C. Meyer
Meyer Law Office, P.C.
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

R. Andrew Free
R. Andrew Free Law Office
414 Union Street, Suite 900
Nashville, TN 37209
(615) 244-2202
Andrew@immigrantCivilRights.com

Brandt P. Milstein
Milstein Law Office
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Dated: April 25, 2017

                                                            */s/ Mark Emery*
                                        Counsel for The GEO Group, Inc.