Motion for Protective Order
Exhibit A

**U.S. DEPARTMENT OF JUSTICE**



**John F. Walsh**
*United States Attorney*
*District of Colorado*

*Timothy B. Jafek*  *1225 Seventeenth Street, Suite 700*  *(303) 454-0100*
*Assistant United States Attorney*  *Seventeenth Street Plaza*  *(FAX) (303) 454-0400*
*Civil Division*  *Denver, Colorado  80202*

September 17, 2015

**By electronic mail only**

Shelby A. Felton
Vaughn & De Muro
3900 East Mexico Avenue, Suite 620
Denver, CO 80210
sfelton@vaughandemuro.com

Ms. Felton:

This responds to your inquiries regarding the disclosure of documents and information in ICE detainees' files with the Office of the Principal Legal Advisor, Immigration and Customs Enforcement.  I am responding because my office represents the United States in litigation.

My understanding is that, in response to discovery served on your client, GEO Group, you propose to provide Plaintiff's counsel with redacted detainee files of the nine named Plaintiffs in *Menocal v. The GEO Group, Inc.*, 14-cv-02887-JLK.   It is ICE's understanding that the detainee files contain ICE documents as well as information related to material from ICE documents.

The disclosure of material from ICE's files or information related to those files is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49.   These regulations are often called "*Touhy* regulations" after the case *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which upheld such regulations.   The regulations set forth certain procedural requirements which must be met before any documents may be released.   The regulations apply to contractors like GEO.   6 C.F.R. § 5.41(c).

In order for ICE to evaluate your client's request that it release ICE documents or information related to ICE documents, your client must comply with the *Touhy* regulations. That requires, as an initial step, that your client must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 6 C.F.R. § 5.45(a). My understanding is that you have collected the detainee files you propose to produce. Providing copies of those, with your proposed redactions, should satisfy the requirement of describing the nature of the information sought. Please supplement your request with a detailed description of the relevance of the information as it pertains to the issue at hand. ICE will then review your request in light of the factors it must consider pursuant to 6 C.F.R. § 5.48.

I do not know how long it will take ICE to review the documents you propose to produce in discovery; it depends on the quantity and nature of the documents. It is my understanding that your client's responses to discovery are due September 23, 2015. It is very unlikely that ICE will be able to complete its review by then.

You can send the documents and the description of their relevance to me, and I will forward them to ICE.

ICE would also expect that an appropriate protective order would be entered to protect documents that contain ICE documents and information related to information from ICE documents.

Please let me know if you have any questions.

Sincerely,

*s/ Timothy B. Jafek*
Timothy B. Jafek
Assistant United States Attorney

Cc: Stephanie Sharer, Associate Legal Advisor, ICE Office of the Principal Legal Advisor