

Motion for Protective Order
Exhibit C

500 12th St. SW; STOP 5009
Washington, D.C. 20536-5009

**U.S. Immigration and Customs Enforcement**

February 11, 2016

    TO: GEO Counsel Shelby Felton, Esq.
    RE: *Menocal, et al. v.* GEO, 1:14-cv-02887-JLK (D. Colorado)

    I am responding to the request for testimony you sent to the U.S. Department of Homeland Security Office of the Principal Legal Advisor via e-mail on February 2, 2016, relating to the above referenced matter, which is pending before the Federal District Court for the District of Colorado. You have requested the testimony of Dawn Ceja, Assistant Warden of Operations of the Aurora Detention Facility in Aurora, Colorado, and Melody Furst, Assistant Business Manager of the same facility. Both proposed witnesses are employees of GEO, which operates the Aurora Detention Facility as a contractor to Immigration and Customs Enforcement (ICE).

    The purpose of this letter is to inform you of the procedural prerequisites for obtaining information, either through the use of documents or testimony, from the Department of Homeland Security (DHS or the Department), of which ICE is a component. DHS regulations bar all DHS employees from providing documents or oral or written testimony relating to information acquired while such persons were employed by DHS unless authorized to do so by the DHS Office of General Counsel or its designees. See 6 C.F.R. § 5.44. This is applicable to contractors as well as direct employees in accordance with 6 C.F.R. § 5.41(c). In addition, DHS regulations require the party seeking testimony or documents to first set forth in writing, with as much specificity as possible, the nature and relevance of the information sought. See 6 C.F.R. § 5.45.

    When determining whether to comply with a request, ICE will consider the following factors: (1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) the public interest; (4) the need to conserve the time of DHS employees for the conduct of official business; (5) the need to avoid spending the time and money of the United States for private purposes; (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated; (7) whether compliance would have an adverse effect on performance by DHS of its mission and duties; and (8) the need to avoid involving DHS in controversial issues not related to its mission. See 6 C.F.R. § 5.48(a).

    DHS will not comply with a request when such compliance would violate a statute, regulation, Executive Order, or agency policy. Likewise, DHS will not comply with a request

when such compliance would reveal classified or confidential information, agency deliberations, or potentially impede or prejudice an on-going law enforcement investigation. See 6 C.F.R. § 5.48(b).

      At this time, there is no reason to believe that compliance with the deposition would be unduly burdensome or inappropriate or adversely affect DHS' mission. ICE therefore has no current objection to the presentation of the identified contractor employees as witnesses.

Sincerely,


Wendy Leifer
Assistant Chief Counsel
New York OCC/OPLA/ICE
Detailed to the Government Information Law Division (GILD-ICE) Department of Homeland Security
26 Federal Plaza, Rm. 1130
New York, NY 10278
212-264-6107
Wendy.Leifer@ice.dhs.gov