Motion for Protective Order
Exhibit D

*Office of the Principal Legal Advisor*
**U.S. Department of Homeland Security**
Government Information Law Division
500 12th Street, SW; MS 5900
Washington, DC 20536-5900



**U.S. Immigration and Customs Enforcement**

February 11, 2016

SENT BY ELECTRONIC MAIL (E-MAIL) via GEO counsel Shelby Felton

Dawn Ceja
Assistant Warden of Operations, Aurora Detention Facility

Melody Furst
Assistant Business Manager, Aurora Detention Facility

Re:   *Menocal, et al. v. GEO*, Case No.1:14-cv-02887-JLK (District of Colorado)

Dear Ms. Ceja and Ms. Furst:

    I reviewed the Notice of Deposition issued in the above-referenced matter. You have been identified by GEO's counsel Shelby Felton as the employees most responsive to the request for testimony at the deposition proposed in the 30(b)(6) Notice of Deposition. Specifically, your testimony is sought in the civil lawsuit brought by plaintiffs who are or were detainees at the Aurora Detention Facility. Rescheduling of the originally proposed deposition date of January 26, 2016 is pending, but expected to be in February 2016 at 600 Grant Street, Suite 450 Denver, CO 80203. It is my understanding that your expected testimony will relate to the practices followed at the Aurora facility regarding the Voluntary Work Program and related matters, as known to you in your professional capacity as employees of an Immigration and Customs Enforcement (ICE) contractor (GEO) at a facility housing solely ICE detainees. Testimony is expected to consist primarily of information about GEO's application of the Performance Based National Detention Standards (PBNDS) at the Aurora Detention Facility.

    The Department of Homeland Security (DHS) regulations bar all employees of DHS or its components, of which ICE is one (including contractors, pursuant to 6 C.F.R. §5.41(c)), from providing documents or oral or written testimony relating to information acquired while such persons were employed by DHS unless authorized to do so by the DHS Office of General Counsel or its designees. *See* 6 C.F.R. § 5.44. The DHS Office of General Counsel has authorized ICE Office of the Principal Legal Advisor to approve or deny requests for documents or oral or written testimony.

Based on information provided and the foregoing factors, you are hereby authorized to give testimony in this matter. You are authorized to provide factual information regarding your actions surrounding the topics listed in the Notice of Deposition. You are authorized to discuss the PBNDS and its application to the operation of the Voluntary Work Program and related functions at the Aurora detention facility. However, you are required to limit the scope of your testimony to that which is specifically authorized by this letter and are not to answer any questions asked beyond the scope authorized herein. You are not authorized to give expert testimony broadly on "policies and procedures" that go beyond your own factual knowledge of those same policies and procedures. Your testimony should not provide interpretations of ICE policies and procedures. Your testimony should not include any details regarding detainee-specific personal information or ICE information that is not publicly available. (The PBNDS is public.)

Please be advised that you are not authorized to discuss any other information you have received in the course of your duties as an ICE employee, including ICE internal procedures, non-PBNDS policies or programs. You may not discuss the existence of any ongoing investigations, or the existence or non-existence of information relating to this or any other matter in DHS databases or record systems. You are not authorized to testify in this matter as an expert witness, provide opinion testimony regarding ICE policies or procedures, and you are further restricted from discussing any matters that may result in operational harm to the agency.

Furthermore, you are not authorized to testify about any law enforcement techniques (other than those publicly available in the PBNDS) that are not generally known to the public (to include, but not limited to investigations or investigative techniques, policy, or procedure) or anything else that would reveal the same. To that end, please be mindful of law enforcement sensitive information when discussing your training and background. You are not authorized to testify about any confidential information or informants. With respect to any and all of these restrictions, the agency is prepared to assert a law enforcement privilege.

Again, I am instructing you not to answer any questions that go beyond the scope of your authority and this letter. If you are asked to testify beyond the limits authorized by this letter, please respectfully decline to respond. *See* 6 C.F.R. § 5.44. Request an opportunity to confer with an attorney from the U.S. Attorneys' Office or ICE.

If you have any questions regarding this authorization, please contact me at Wendy.Leifer@ice.dhs.gov or 212-264-6107.

Sincerely,

Wendy Leifer, ACC
Detailed to Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement

Page **3** of **3**

Motion for Protective Order
Exhibit D