**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*,
     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

**PLAINTIFFS' MOTION TO COMPEL**

**Introduction**

Pursuant Federal Rule of Civil Procedure 37, D.C.COLO.LCivR 37.1, and this Court's Order of April 5, 2017 (Docket Entry ("DE") 62), the certified Plaintiff Class ("Class") hereby respectfully moves to compel disclosures and discovery responses withheld by Defendant The GEO Group, Inc. ("GEO") under the claimed authority of the Department of Homeland Security ("DHS")'s *Touhy* regulations. 6 C.F.R. §§ 5.41-49; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); 5 U.S.C. § 301.

The issue before this Court is whether GEO may rely on *Touhy* to withhold from the Class discoverable evidence at the direction—and purportedly unreviewable discretion—of DHS. Because accepting GEO's position allows a private corporation and an executive agency to usurp the roles of Congress, the Supreme Court, and the federal judiciary in setting the scope and limits of civil discovery vis-à-vis parties to litigation, 28

1

U.S.C. §§ 2072-2074, this Court should grant the Class's motion and order GEO to make the disclosures, productions, and responses outlined below without further delay.

## Certification of Counsel

Pursuant to Fed. R. Civ. P. 37(a)(1), D.C.COLO.LR 7.1.A and this Court's Admonition, I hereby certify on behalf of Class Counsel that counsel have in good faith conferred with counsel for The GEO Group, Inc. in an effort to obtain the requested disclosures and discovery without court intervention. Class Counsel exchanged several emails and conducted substantive telephone conferrals on or about March 29, 2017, March 31, 2017, and April 12, 2017, in an effort to resolve the parties' dispute, but to no avail. The parties set forth the substance of the positions they exchanged during those discussions in their Joint Proposed Scheduling and Discovery Order filed March 31, 2017. (DE 61 at 18-20.) Class Counsel previously engaged in extensive negotiations with GEO's prior local counsel on the *Touhy* issue beginning in January 2016 and leading up to the depositions of GEO's corporate representatives on March 29, 2016.

<u>s/ Alexander Hood</u>

## Disclosures and Discovery Withheld

The Class seeks an Order compelling the following disclosures and discovery currently withheld by GEO under the claimed authority of DHS's *Touhy* regulations:

**A.  Initial Disclosures**

Pursuant to Fed. R. Civ. P. 37(a)(3)(A), the Class seeks an Order compelling GEO to produce an unredacted, complete version of its contract with U.S. Immigration and Customs Enforcement ("ICE"). On August 4, 2015, GEO served its initial disclosures.

2

Exhibit A – Defendants' Initial Rule 26(a)(1) Disclosures. Twenty-one (21) of the first 45 pages of documents GEO provided pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) are a truncated and heavily redacted version of the company's contract with ICE to operate the Aurora facility. Ex. B – GEO MEN 1-45. On April 19, 2017, GEO revealed to Class Counsel communications between GEO's lawyers and DHS and DOJ attorneys. Ex. C – Email from GEO Counsel to Class Counsel, Apr. 19, 2017, Ex. D – *Touhy* Correspondence Attachment to Apr. 19 Email from GEO Counsel. These communications reveal GEO's redactions to the documents are the product of its reliance on DHS's *Touhy* regulations. *See, e.g.*, Ex. D at 2 ("As for release of the unredacted contract: at this point, we would not agree to its release.").

**B. Interrogatories**

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii), the Class respectfully moves to compel GEO's full and complete response to Interrogatories 1 (seeking the name and Alien Registration Number of each Voluntary Work Program ("VWP") participant at the Aurora Detention Facility from October 22, 2012 to the present), 2 (seeking the name and Alien Registration Number of each detainee subject to the Housing Unit Sanitation Policy ("HUSP") at Aurora from October 22, 2004 to the present), 3 (seeking contact and employment information of any GEO employee who supervised the VWP during the class period), 4 (seeking similar information for any GEO employee who supervised the HUSP), 5 (seeking information relating to disciplinary actions for failure to clean under the HUSP), 6 (seeking disciplinary action information), and 7 (seeking policy information relating to disciplinary action and refusal to work under the HUSP).

Pursuant to D.C.COLO.L.Civ.R. 37.1, the text of each Interrogatory, along with GEO's highlighted responses, are attached hereto as Exhibits E and F.

GEO provided two sets of responses to the Class's Interrogatories. The first response, served September 23, 2015, is attached as <u>Exhibit E</u>. In this response, GEO lodges a general objection on *Touhy* grounds and a specific *Touhy* objection as to Interrogatories 1-7. GEO's second response, styled as a first supplemental response, was served February 26, 2016. It is attached as <u>Exhibit F</u>. This response supplements GEO's responses to Interrogatories 1, 5, 6, and 7. This response indicates GEO's continuing reliance to DHS's *Touhy* regulations to withhold responsive information.

**C.  Requests for Production**

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), the Class seeks documents GEO withheld in response to Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, and 16. <u>Ex. E</u> at 14-21; <u>Ex. F</u> at 10-14. In each response, GEO lodges an objection based on DHS's *Touhy* regulations. The limited documents GEO provided in response to these Requests included substantial redactions (GEO_MEN 160-1394).

According to the email of GEO's counsel dated April 19, 2017, "while ICE has not made a final *Touhy* determination with respect to these documents, ICE has not authorized GEO to disclose them." <u>Ex. C</u>. GEO's counsel refers to an email from Assistant U.S. Attorney Timothy B. Jafek (D. Colo.) dated December 2, 2015. <u>Ex D</u> at 11. This email, in turn, refers to an "attached spreadsheet" that summarizes ICE's "questions regarding other potential releases." <u>Id.</u> GEO has not provided the attached spreadsheet to Class Counsel. The AUSA, on behalf of ICE and U.S. Customs and

Border Protection ("CBP") states, "[a]s you can see, the relevance of most ICE or CBP documents was not apparent to ICE." Id. AUSA Jafek continues, "If you still want to release the ICE and CBP documents listed in the spreadsheet, please let me know what the relevance of those documents is." Id.

GEO, in turn, claimed through its counsel on April 19, 2017, "we do not believe it is appropriate for GEO to argue the relevancy of Plaintiffs' discovery requests to the government, nor do we imagine that you would choose to assign that task to us." Ex. C.

**D. Requests for Admission**

Pursuant to Fed. R. Civ. P. 36(a)(6), the Class respectfully moves this Court to deem GEO's answer to Request for Admission No. 1 in sufficient and its *Touhy* objection unjustified. Request for Admission 1 states:

> Admit that at least one detainee in the Aurora Detention Center faced disciplinary or other corrective action for refusing to participate in work pursuant to the Housing Unit Sanitation Policy.

GEO's boilerplate *Touhy* objection is attached at pages 21 and 22 of Exhibit E. The two referenced letters from the United States Attorney's Office, dated September 15 and September 22, 2015, respectively are at pages 6-9 of Exhibit C.

**Legal Standard**

Fed. R. Civ. P. 26(b)(1) sets forth the scope of discovery in civil proceedings, and in general provides that parties may obtain discovery regarding any non-privileged matter that is relevant to a claim or defense, provided it is proportional to the particular case at hand. A party resisting discovery or asserting a privilege bears the burden of demonstrating the asserted privilege or legal ground for withholding discovery applies.

*See, e.g.*, *In re Motor Fuel Temperature Sales Practices Litigation*, 641 F.3d 470, 489 (10th Cir. 2011) (quoting *Peat, Marwick, Mitchell & Company v. West*, 748 F.2d 540, 542 (10th Cir. 1984) ("A party seeking to assert a privilege must make a clear showing that it applies.")). *Accord Marcin Engineering, LLC, v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 525 (D. Colo. 2003) (Kane, J.) (applying the burden against the party resisting discovery on the basis of the work-product doctrine); *Lee v. State Farm Mutual Auto Insurance Company*, 249 F.R.D. 662, 685 (D. Colo. 2007) (same).

## Argument

GEO is a private prison corporation that owns and operates the Aurora Detention Facility pursuant to a contract with DHS and ICE. (DE 26 – GEO Answer at 1-2.) The Class sued and sought discovery from GEO—not ICE—because it is GEO that is legally responsible for the violations alleged in the Complaint. (DE 1) Yet according to GEO, it is ICE, or CBP, or DHS, or perhaps an Assistant United States Attorney, Ex. C, who gets to determine what evidence is relevant and subject to production in response to the Class's discovery requests. If the Class disagrees with these non-parties' assessments, GEO says, it should take the matter up with them. This is true, GEO claims, even where the company has demonstrably failed to provide the spreadsheets and communications it exchanged with the officers of the executive branch, and even where the executive has not made a final decision.

GEO's legal authority for withholding otherwise discoverable information and documents is DHS's *Touhy* regulations, 6 C.F.R. §§ 5.41-49, and the Supreme Court decision from whence those regulations got their name, *United States ex rel. Touhy v.*

*Ragen*, 340 U.S. 462, 468 (1951).[1] According to GEO, its status as a contractor make the company an "employee" of the Department of Homeland Security. 6 C.F.R. § 6.41(c). By consequence, during the Class Discovery period, GEO asserted the right to redact its initial disclosures, withhold the names and identifying information of Class members, withholding documents and testimony regarding its policies and practices, and refuse an otherwise proper request for admission about its disciplinary practices. GEO indicates it will continue to withhold information from the Class unless told to do otherwise by ICE, or CBP, or DHS, or an AUSA.

Defendant's position effectively allows GEO and its non-party contracting partner, ICE, to brush away the Rules Enabling Act by regulatory fiat and reserve to themselves the decision about the scope and timing of discovery. This position is foreclosed by GEO's prior litigation positions, the plain language of the federal Housekeeping Statute, and longstanding, well-established separation-of-powers doctrine. For these reasons, the Court should GRANT the Class's Motion to Compel.

### A. GEO Is Judicially Estopped From Raising Or, Alternatively, Has Waived Any Claim That *Touhy* Applies To Limit Discovery.

GEO and ICE have, through their conduct, waived any claim that DHS's *Touhy* regulations prevent the corporation from responding to the Class's discovery requests. The *Touhy* regulations set forth the requirements for service of complaints and process on

---

[1] The corporation curiously omits the statutory authority for DHS's *Touhy* regulations, often referred to as the federal "Housekeeping Act." 5 U.S.C. § 301. Perhaps that is because that section expressly states that it "does not authorize withholding information from the public or limiting the availability jf records to the public." *Id.*

[2] As commentators have noted, the Housekeeping Statute, which was enacted by the first

the DHS Office of General Counsel whenever a DHS employee gets sued. 6 C.F.R. §§ 5.41(a)(1), (d). These regulations provide that only the DHS Office of General Counsel is authorized to receive and accept summons or complaints that would normally be served against Department employees. 6 C.F.R. § 5.42(a).

GEO, which claims it is a "Department employee" under the ambit of § 5.41(c), has never contested service of the summons on the company in this case. Instead, the company filed a Motion to Dismiss (DE 11), a Motion for Reconsideration of this Court's denial of its Motion to Dismiss (DE 29), an Answer (DE 26), and a Motion for Interlocutory Appeal (DE 48). At no point in any of these filings did GEO ever claim service was improper because Plaintiff Class Representatives did not serve the DHS Office of General Counsel. Similarly, there has been no indication on the record or docket of this case from any executive branch agency that GEO is its employee and the Department should have been served.

GEO is therefore judicially estopped from claiming it is a Department employee. *See, e.g.*, *United States v. McCall*, 219 F. Supp. 2d 1208, 1211 (D.N.M. 2002) (noting the Supreme Court has overruled the Tenth Circuit's prior rejection of the judicial estoppel doctrine). Judicial estoppel protects "the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). This is particularly true where one party is prejudiced by acquiescing to the prior, contrary position. *Id.* (quotation and citation omitted). When GEO wanted to keep itself separate from ICE for the purposes of moving to dismiss the claims, it was an independent actor. Now that GEO

wants to limit the information forked over in discovery, it is an employee. This shift in position is not permitted by the principles of judicial estoppel.

Alternatively, because GEO failed to timely raise its *Touhy* objection to service in any of its early filings in this case, it has waived that objection when it comes the discovery.

### B. Even Assuming GEO's *Touhy* Objections Are Not Estopped or Waived, The Regulations Do Not Permit Limitations on Discovery Because GEO is a Party.

Even assuming GEO's prior litigation conduct does not prohibit the company from taking up the mantle of a DHS employee now that it is in discovery, its *Touhy* objections fail. *First*, *Touhy* interpreted the Federal Housekeeping Statute, which is presently codified at 5 U.S.C. § 301.[2] The Court in *Touhy* construed the statute to allow executive agencies to promulgate regulations centralizing the processing of subpoenas when the United States is *not* a party to the litigation. As Justice Frankfurter observed in his concurrence, "[t]here is no hint in [the Court's Housekeeping Statute jurisprudence] that the Government can shut off an appropriate judicial demand for [agency records.]" 340 U.S. at 472. The plain language Federal Housekeeping Statute expressly disclaims the right of any agency to use *Touhy* regulations as a means to withhold information from the public. 5 U.S.C. § 301. Any interpretation of 6 C.F.R. §§ 5.48 that would permit the executive branch to withhold information from litigants in actions to which government

---

[2] As commentators have noted, the Housekeeping Statute, which was enacted by the first Congress in 1789, "was not intended to create any substantive privilege of confidentiality for federal agencies." Daniel C. Taylor, *Taking* Touhy *Too Far: Why It Is Improper For Federal Agencies To Unilaterally Convert Subpoenas into FOIA Requests*, 99 Geo. L. J. 1227, 1234-35 (2011)

employees are a party violation of the Rules Enabling Act, 28 U.S.C. §§ 2072-74 and Fed. R. Civ. P. 26 would thus render the regulation *ultra vires* of the statute.

*Touhy* regulations do not create a privilege allowing a federal agency whose officers or agents are *parties* to the litigation to unilaterally withhold discoverable information from civil litigants. *See, e.g.*, *Watts v. Securities & Exchange Commission*, 482 F.3d 501 (D.C. Cir. 2007); *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir. 1995); *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994). Though DHS's *Touhy* regulations authorize withholding of information by agencies in the case of subpoenas, *see, e.g. Quezada v. Mink*, No. 10-cv-00879-REB-KLM, 2010 WL 4537086 at *3 (D. Colo. Nov. 3, 2010), they do not permit GEO to do so in this case. That is because GEO—the Department employee—is a party to the litigation, and *Touhy* does not and cannot limit discovery when the United States, an executive agency, or an employee of the executive is a party to the case. *See Romero v. United States*, 153 F.R.D. 649, 652 (D. Colo. 1994) (Borchers, J.) ("[I]t simply makes no sense that a party [the federal government] would be allowed to determine whom the other side may endorse as a witness," and, "[b]y the same token, the Government cannot use its regulation to gain an unfair advantage in precluding the best evidence from being presented in this Court at trial."). *See also Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C. 1998) ("The Supreme Court's holding in *Touhy* is applicable only in cases where the United States is not a party to the original legal proceeding.") (citing *State of Louisiana v. Sparks*, 978 F.2d 226, 234 (5th Cir. 1992); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). "When the United States is a party to litigation, 'judicial control over the

evidence in the case cannot be abdicated to the caprice of executive officers. This would create a significant separation of powers problem" *Alexander*, 186 F.R.D. at 70 (quoting *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953).

In this case, the Class concedes that neither the United States nor ICE is a party to the litigation. That is a distinction without a difference. The ultimate benefactor of the withholding is a GEO—a DHS "employee"—and party to this litigation. And the ultimate decision-maker as to what is withheld is DHS, whose "employee" is the party. "When the government or one of its agencies comes into court . . . it is to be treated in exactly the same way as any other litigant. Appointment to office does not confer upon the bureaucrat the right to decide the rules of the game applicable to his crusades or his lawsuits." *Alexander,* 186 F.R.D. at 70-71 (D.D.C. 1998) (quoting *EEOC v. Los Alamos Constructors, Inc.*, 382 F. Supp. 1373, 1375 (D.N.M. 1974)). Allowing DHS, or, in this case, its "employee," to determine by regulatory fiat the scope of discoverable information "would create a significant separation of powers problem." *Alexander*, 186 F.R.D. at 70 (quoting *Cmte. for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788, 793-94 (D.C. Cir. 1971)). That is because "[n]o executive official or agency can be given absolutely authority to determine what [evidence] may be considered by the court in its task." *Cmte for Nuclear Responsibility, Inc.*, 463 F.2d at 793-94.

> Allowing DHS to determine the acceptable scope of discovery would create significant powers problem. . . . Mindful of the separation of powers, the judiciary, not the executive branch controls the admission of evidence at trial. It is the court's prerogative, as well as the court's duty and responsibility under the Federal Rules of Evidence . . . to decide the factual and legal issues raised by the plaintiff's complaints, as well as to review

objections to testimony when offered.

*Gulf Grp. Gen. Enter. Co. W.L.L. v. US,* 98 Fed. Cl. 639, 646-47 (Fed. Cl. 2011).

Allowing GEO and ICE to unilaterally determine which documents and responses are discoverable leaves the Class on a fundamentally uneven playing field. It effectively displaces the Federal Rules of Civil Procedure and usurps the power of the Congress, the Supreme Court, and this Court to control the proceeding. For the same reasons courts have consistently resisted attempts by federal agencies to tip the scales in the past, GEO's *Touhy* objections must fail in this case, too.

## Conclusion

Based on the foregoing, the Class respectfully requests that the Motion to Compel be GRANTED, and that reasonable attorney's fees and costs be awarded in connection with this Motion

Date: April 26, 2017                              Respectfully Submitted by:

/s Alexander Hood
Alexander Hood
David Seligman
Andrew Schmidt
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
PO Box 90568
Nashville, TN 37209
(844) 321-3221

Andrew@ImmigrantCivilRights.com

Brandt Milstein
MILSTEIN LAW OFFICE
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
THE KELMAN BEUSCHER FIRM
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com
*Class Counsel*

## Certificate of Service

  I hereby certify that on this date I served the foregoing document on counsel of record for all parties in this case via this Court's CM/ECF system.

April 26, 2017               /s Alexander Hood