# EXHIBIT D

**From:** Smith, J Michelle [mailto:JMichelle.Smith@ice.dhs.gov]
**Sent:** Friday, December 05, 2014 9:59 AM
**To:** Shelby Felton
**Cc:** O'Hare, Donald C; Torres, Kathleen L; Jones, Christopher L; Cammorto, Tracey L; Zabat, Carl; Lynch, Jeffrey D; Longshore, John P
**Subject:** FW: ICE/GEO contract

Shelby,

I've marked a few additional parts of the attached relevant contract portions for redaction, but don't have any additional comments on the attached. I've copied both of my Deputies here, so they can review if desired, to determine if they feel additional redactions or comments would be necessary.

As for release of the entire unredacted contract: at this point, we would not agree to its release. As an initial matter, it doesn't appear to be relevant to the litigation. Aside from that, there are substantial portions of the document the

release of which would potentially threaten ICE and GEO operational security (e.g. the outfitting of vehicles for transporting detainees), facility security (e.g. communications/IT schematics and requirements), and the safety and security of ICE and GEO personnel (e.g. body armor requirements). Due to the sensitive nature of some of the information contained in this document, and due to the national implications of releasing such a contract in its entirety, I believe that our Headquarters disclosure experts would need to determine what can be released. I did conduct a search to determine if the contract was already publicly available after HQ vetting and release, but did not find any indication that it is. Let me know if you think disclosure will be compelled so we can forward this to HQ for review.

Please also let me know if I can assist further or if you have any questions. You can reach me at 303-784-6560.

Thanks,
Michelle

*** Warning *** Attorney/Client Privilege *** Attorney Work Product ***
This communication and any attachments may contain confidential and/or sensitive attorney/client privileged information or attorney work product and/or law enforcement sensitive information. It is not for release, review, retransmission, dissemination, or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Furthermore do not print, copy, re-transmit, disseminate, or otherwise use this information. Any disclosure of this communication or its attachments must be approved by the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY and may be exempt from disclosure under the Freedom of Information Act, 5 USC §§ 552(b)(5), (b)(7).

---

**From:** Shelby Felton [mailto:SFelton@vaughandemuro.com]
**Sent:** Monday, November 24, 2014 11:20 AM
**To:** Zabat, Carl
**Cc:** Dawn Ceja; Johnny Choate
**Subject:** ICE/GEO contract

Hi, Carl.

I'm the local attorney for GEO. You and I have talked before, but not in quite some time.

We have a litigation case you have probably heard about involving a class of detainees asserting they should be paid minimum wages for the voluntary work they do and the cleaning they are required to do in the housing pods.

As part of the motion asking the court to dismiss the case, we provided the attached pages of the ICE/GEO contract which we heavily redacted. Now, the Plaintiffs' attorneys are wanting a copy of the entire un-redacted contract. We wanted to get ICE's position on providing it.

Is this something I should discuss with you or someone else or does ICE have a standard response to this question?

*Shelby A. Felton, Esq.*
*Vaughan & DeMuro*
*Attorneys at Law*

3900 E. Mexico Ave., Suite 620
Denver, CO 80210
(303) 837-9200
fax (303) 837-9400
sfelton@vaughandemuro.com

111 S. Tejon St., Suite 545
Colorado Springs, CO 80903
(719) 578-5500

**From:** Sharer, Stephanie [mailto:Stephanie.Sharer@ice.dhs.gov]
**Sent:** Thursday, August 27, 2015 10:28 AM
**To:** Shelby Felton
**Cc:** Wolff, Karen P
**Subject:** Menocal v. GEO

Shelby-

I apologize for the delay in responding to you.

ICE treats A-File numbers as confidential as they are used by Aliens like social security numbers (i.e. to apply for benefits) and are personally identifiable. ICE affords alien's the protection of the Privacy Act by policy. The Plaintiff has not demonstrated a need to know that information, and the inquires posed in their interrogatory could be provided in an alternate manner (i.e. the number of inmates could be provided, in lieu of their specific names and A-file numbers).

We would be happy to consult with you regarding specific ICE records or records with ICE equities as you respond to discovery requests.

Thanks,

**Stephanie Sharer**
Associate Legal Advisor
Government Information Law Division

Office of the Principal Legal Advisor
Immigration and Customs Enforcement
202.732.5356 (Temporary Office Phone – no access to voicemail)
202.246.5399 (Mobile)
Stephanie.Sharer@ice.dhs.gov

\*\*\* WARNING \*\*\* ATTORNEY/CLIENT PRIVILEGE \*\*\* ATTORNEY WORK PRODUCT \*\*\*
This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this message has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** Shelby Felton [mailto:SFelton@vaughandemuro.com]
**Sent:** Monday, August 24, 2015 1:10 PM
**To:** Smith, J Michelle
**Subject:** Menocal

Happy Monday, Michelle.

I wanted to let you know that I have not heard from anyone regarding GEO's responses to Plaintiffs' discovery requests which are coming due in the Menocal case.

Thank you.

**Shelby A. Felton, Esq.**
**Vaughan & DeMuro**
**Attorneys at Law**

3900 E. Mexico Ave., Suite 620
Denver, CO 80210
(303) 837-9200
fax (303) 837-9400
sfelton@vaughandemuro.com

111 S. Tejon St., Suite 545
Colorado Springs, CO 80903
(719) 578-5500
fax (719) 578-5504

CONFIDENTIALITY NOTICE

This electronic mail transmission and any accompanying documents contain information belonging to the sender which may be confidential and legally privileged. This information is intended only for the use of the individual or entity to whom this electronic mail submission was sent, as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please call me collect at (303) 837-9200 to let me know and delete the message. Thank you.

**U.S. DEPARTMENT OF JUSTICE**



**John F. Walsh**
*United States Attorney*
*District of Colorado*

*Timothy B. Jafek*  *1225 Seventeenth Street, Suite 700*   *(303) 454-0100*
*Assistant United States Attorney*  *Seventeenth Street Plaza*  *(FAX) (303) 454-0400*
*Civil Division*  *Denver, Colorado   80202*

September 17, 2015

**By electronic mail only**

Shelby A. Felton
Vaughn & De Muro
3900 East Mexico Avenue, Suite 620
Denver, CO 80210
sfelton@vaughandemuro.com

Ms. Felton:

     This responds to your inquiries regarding the disclosure of documents and information in ICE detainees' files with the Office of the Principal Legal Advisor, Immigration and Customs Enforcement.   I am responding because my office represents the United States in litigation.

     My understanding is that, in response to discovery served on your client, GEO Group, you propose to provide Plaintiff's counsel with redacted detainee files of the nine named Plaintiffs in *Menocal v. The GEO Group, Inc.*, 14-cv-02887-JLK.   It is ICE's understanding that the detainee files contain ICE documents as well as information related to material from ICE documents.

     The disclosure of material from ICE's files or information related to those files is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49.   These regulations are often called "*Touhy* regulations" after the case *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which upheld such regulations.   The regulations set forth certain procedural requirements which must be met before any documents may be released.   The regulations apply to contractors like GEO.   6 C.F.R. § 5.41(c).

1

In order for ICE to evaluate your client's request that it release ICE documents or information related to ICE documents, your client must comply with the *Touhy* regulations. That requires, as an initial step, that your client must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 6 C.F.R. § 5.45(a). My understanding is that you have collected the detainee files you propose to produce. Providing copies of those, with your proposed redactions, should satisfy the requirement of describing the nature of the information sought. Please supplement your request with a detailed description of the relevance of the information as it pertains to the issue at hand. ICE will then review your request in light of the factors it must consider pursuant to 6 C.F.R. § 5.48.

I do not know how long it will take ICE to review the documents you propose to produce in discovery; it depends on the quantity and nature of the documents. It is my understanding that your client's responses to discovery are due September 23, 2015. It is very unlikely that ICE will be able to complete its review by then.

You can send the documents and the description of their relevance to me, and I will forward them to ICE.

ICE would also expect that an appropriate protective order would be entered to protect documents that contain ICE documents and information related to information from ICE documents.

Please let me know if you have any questions.

                                              Sincerely,

                                              *s/ Timothy B. Jafek*
                                              Timothy B. Jafek
                                              Assistant United States Attorney

Cc:    Stephanie Sharer, Associate Legal Advisor, ICE Office of the Principal Legal Advisor

## U.S. DEPARTMENT OF JUSTICE



**John F. Walsh**
*United States Attorney*
*District of Colorado*

---

*Timothy B. Jafek*              *1225 Seventeenth Street, Suite 700*     *(303) 454-0100*
*Assistant United States Attorney*  *Seventeenth Street Plaza*               *(FAX) (303) 454-0400*
*Civil Division*                *Denver, Colorado  80202*

September 22, 2015

**By electronic mail only**

Shelby A. Felton
Vaughn & De Muro
3900 East Mexico Avenue, Suite 620
Denver, CO 80210
sfelton@vaughandemuro.com

Ms. Felton:

     This follows up on my letter to you dated September 17, 2015.  That letter concerned redacted detainee files of the nine named plaintiffs in *Menocal v. The GEO Group, Inc.*, 14-cv-02887-JLK.  The purpose of this letter is to explain the general scope of documents and information subject to DHS's *Touhy* regulations.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (upholding agency regulations regarding release of documents).  The regulations set forth certain procedural requirements which must be followed before any documents subject to DHS's *Touhy* regulations may be released.

     DHS *Touhy* regulations cover requests to DHS or any DHS employee "in connection with federal or state litigation arising out of or involving the performance of official activities of the Department" for "any material contained in the files of the Department, any information relating to material contained in the files of the Department, or any information acquired while the subject of the demand or request is or was employed by the Department . . . . as part of the performance of those duties or by virtue of that person's official status."  6 C.F.R. § 5.41(a).  "Employee" is defined to include contractors.  6 C.F.R. § 5.41(c).

1

In order for ICE to evaluate your client's request that it release document subject to DHS's *Touhy* regulations, your client must comply with the *Touhy* regulations. That requires, as an initial step, that your client must "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 6 C.F.R. § 5.45(a). ICE will then review your request in light of the factors it must consider pursuant to 6 C.F.R. § 5.48.

Please let me know if you have any questions.

                                              Sincerely,

                                              *s/ Timothy B. Jafek*
                                              Timothy B. Jafek
                                              Assistant United States Attorney

Cc:    ICE Office of the Principal Legal Advisor

**Jafek, Timothy (USACO)**

| | |
|---|---|
| **From:** | Jafek, Timothy (USACO) |
| **Sent:** | Thursday, January 14, 2016 1:38 PM |
| **To:** | Shelby Felton |
| **Subject:** | RE: Menocal -- ICE and CBP documents |
| **Attachments:** | Pages from work program reimburse July 2015 (redacted).pdf |

Shelby:

Thanks for the note. As for the redacted work program reimbursement documents, the additional information ICE would ask to be redacted are: (1) the signature of the COTR (at the bottom of page 1 of the attached) and (2) the name of the COTR (Amelia Sanchez on page two of the attached). I've just attached the first two pages of the file "work program reimburse July 2015 (redacted)" so you can see what I am referring to. Analogous redactions should be made on others. You may also want to consider redaction of the names of detainees other than the named plaintiffs.

Thanks,

Tim

Timothy B. Jafek
Assistant United States Attorney
United States Attorney's Office for the District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0104
timothy.jafek@usdoj.gov

---

**From:** Shelby Felton [mailto:SFelton@vaughandemuro.com]
**Sent:** Thursday, January 14, 2016 7:58 AM
**To:** Jafek, Timothy (USACO)
**Subject:** RE: Menocal -- ICE and CBP documents

Tim:

I wanted to let you know that I'm supposed to have a conference call tomorrow with Plaintiff's counsel regarding the protective order. I'm hoping that we can get the proposed order filed by Monday of next week.

Per our conversation yesterday, it is my understanding that ICE does not object to GEO's production of the redacted work program reimbursement documents. With that understanding, as soon as the protective order is entered, GEO will start providing Plaintiffs with the redacted monthly reimbursement documents dating back to October 2012. I only provided two samples of those redacted reimbursement documents to you for review, but the others that GEO will be providing are substantially similar and will be redacted in the same manner.

Thank you.

**Shelby A. Felton, Esq.**
**Vaughan & DeMuro**
(303) 837-9200 (office)

(303) 345-8023 (cell)

CONFIDENTIALITY NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited.

---

**From:** Jafek, Timothy (USACO) [mailto:Timothy.Jafek@usdoj.gov]
**Sent:** Wednesday, December 02, 2015 1:53 PM
**To:** Shelby Felton
**Subject:** Menocal -- ICE and CBP documents

Shelby:

Getting back to you on the potential release of ICE and CBP. I apologize that it's taken so long do so. ICE has reviewed the documents you sent to me that you are considering releasing. ICE has no issues regarding the release of the following you sent to me: Hearing Board & Disciplinary Procedure; Sanitation; and Voluntary Work Program.

ICE does have some questions regarding other potential releases. The attached spreadsheet summarizes them. As you'll see, each file has its own tab (if there is a file that you don't see a tab for, please let me know so we can make sure that we didn't overlook one). The spreadsheet identifies which are ICE or CBP documents and indicates ICE's view as to the relevancy of the document. ICE looked at the discovery requests to make that relevancy determination. As you can see, the relevance of most ICE or CBP documents was not apparent to ICE. DHS's *Touhy* regulations require that a party seeking DHS documents articulate the relevancy of the documents. 6 CFR 5.45(a). DHS then uses that information to evaluate the appropriateness of the release under the criteria listed in 6 CFR 5.48. If you still want to release the ICE and CBP documents listed in the spreadsheet, please let me know what the relevance of those documents is. If it would be convenient for you, you could note that information in a new column in the spreadsheet that you can return to me.

Note that after reviewing the documents, ICE did note that some of the documents are actually CBP documents. Those are noted in the spreadsheet. I have reached out to CBP about their documents.

Please let me know if you have any questions.

Tim

Timothy B. Jafek
Assistant United States Attorney
United States Attorney's Office for the District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0104
timothy.jafek@usdoj.gov

*Office of the Principal Legal Advisor*
U.S. Department of Homeland Security
Government Information Law Division
500 12th Street, SW; MS 5900
Washington, DC 20536-5900



U.S. Immigration and Customs Enforcement

February 11, 2016

SENT BY ELECTRONIC MAIL (E-MAIL) via GEO counsel Shelby Felton

Dawn Ceja
Assistant Warden of Operations, Aurora Detention Facility

Melody Furst
Assistant Business Manager, Aurora Detention Facility

Re:   *Menocal, et al. v. GEO*, Case No.1:14-cv-02887-JLK (District of Colorado)

Dear Ms. Ceja and Ms. Furst:

    I reviewed the Notice of Deposition issued in the above-referenced matter. You have been identified by GEO's counsel Shelby Felton as the employees most responsive to the request for testimony at the deposition proposed in the 30(b)(6) Notice of Deposition. Specifically, your testimony is sought in the civil lawsuit brought by plaintiffs who are or were detainees at the Aurora Detention Facility. Rescheduling of the originally proposed deposition date of January 26, 2016 is pending, but expected to be in February 2016 at 600 Grant Street, Suite 450 Denver, CO 80203. It is my understanding that your expected testimony will relate to the practices followed at the Aurora facility regarding the Voluntary Work Program and related matters, as known to you in your professional capacity as employees of an Immigration and Customs Enforcement (ICE) contractor (GEO) at a facility housing solely ICE detainees. Testimony is expected to consist primarily of information about GEO's application of the Performance Based National Detention Standards (PBNDS) at the Aurora Detention Facility.

    The Department of Homeland Security (DHS) regulations bar all employees of DHS or its components, of which ICE is one (including contractors, pursuant to 6 C.F.R. §5.41(c)), from providing documents or oral or written testimony relating to information acquired while such persons were employed by DHS unless authorized to do so by the DHS Office of General Counsel or its designees. *See* 6 C.F.R. § 5.44. The DHS Office of General Counsel has authorized ICE Office of the Principal Legal Advisor to approve or deny requests for documents or oral or written testimony.

Page 2 of 3

Based on information provided and the foregoing factors, you are hereby authorized to give testimony in this matter. You are authorized to provide factual information regarding your actions surrounding the topics listed in the Notice of Deposition. You are authorized to discuss the PBNDS and its application to the operation of the Voluntary Work Program and related functions at the Aurora detention facility. However, you are required to limit the scope of your testimony to that which is specifically authorized by this letter and are not to answer any questions asked beyond the scope authorized herein. You are not authorized to give expert testimony broadly on "policies and procedures" that go beyond your own factual knowledge of those same policies and procedures. Your testimony should not provide interpretations of ICE policies and procedures. Your testimony should not include any details regarding detainee-specific personal information or ICE information that is not publicly available. (The PBNDS is public.)

Please be advised that you are not authorized to discuss any other information you have received in the course of your duties as an ICE employee, including ICE internal procedures, non-PBNDS policies or programs. You may not discuss the existence of any ongoing investigations, or the existence or non-existence of information relating to this or any other matter in DHS databases or record systems. You are not authorized to testify in this matter as an expert witness, provide opinion testimony regarding ICE policies or procedures, and you are further restricted from discussing any matters that may result in operational harm to the agency.

Furthermore, you are not authorized to testify about any law enforcement techniques (other than those publicly available in the PBNDS) that are not generally known to the public (to include, but not limited to investigations or investigative techniques, policy, or procedure) or anything else that would reveal the same. To that end, please be mindful of law enforcement sensitive information when discussing your training and background. You are not authorized to testify about any confidential information or informants. With respect to any and all of these restrictions, the agency is prepared to assert a law enforcement privilege.

Again, I am instructing you not to answer any questions that go beyond the scope of your authority and this letter. If you are asked to testify beyond the limits authorized by this letter, please respectfully decline to respond. *See* 6 C.F.R. § 5.44. Request an opportunity to confer with an attorney from the U.S. Attorneys' Office or ICE.

If you have any questions regarding this authorization, please contact me at Wendy.Leifer@ice.dhs.gov or 212-264-6107.

Sincerely,

Wendy Leifer, ACC
Detailed to Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement