# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

   Plaintiffs,

vs.

THE GEO GROUP, INC.,

   Defendant.

---

**DEFENDANT GEO'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF
DOCUMENTS**

---

Defendant GEO, by its attorneys, Vaughan & DeMuro and Norton Rose Fulbright US

LLP, hereby provides its first supplemental responses to Plaintiffs' first set of interrogatories,

and requests for production.

**GENERAL OBJECTIONS AND STATEMENTS**

   1.  Defendant objects to the disclosure of any information protected from discovery

by the attorney-client privilege or work product doctrine.

   2.  Defendant states that any discovery relating to the production of confidential

information regarding detainees, GEO Group employees, or GEO Group policies is subject to federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951) and the stipulated protective order entered in this case.

3.      The responses to the discovery below are to the best of Defendant's present ability and information. Defendant reserves the right to supplement these responses after completion of discovery, investigation, or preparation for trial.  Defendant further reserves the right to introduce evidence at the time of trial based upon information and/or documents located, developed, or discovered subsequent to the date hereof, which evidence may supplement, amplify, modify or be in conflict with the following answers that are based upon present information only.

4.      Defendant objects to the "Definitions" and "Instructions," in Plaintiffs' discovery requests, to the extent they impose obligations beyond those imposed by the Federal Rules of Civil Procedure and to the extent they are vague and fail to provide specific understandable definitions.

5.      Defendant objects to the discovery requests to the extent they seek information regarding GEO Group facilities, detainees, or employees outside the facility in Aurora, CO. Information regarding other facilities is not relevant and not likely to lead to the discovery of relevant information.  Such requests are also overbroad and unduly burdensome.  For purposes of answering this discovery, Defendant will refer only to its facility in Aurora, Colorado, and the detainees and employees from that facility as that facility is where Plaintiffs were housed.

6.      Defendant objects to these discovery requests to the extent that they seek discovery beyond class certification issues.

## INTERROGATORIES

**1.** **Please provide the name and Alien Registration Number of each detainee who participated in the VWP at the Aurora Detention Facility between October 22, 2012, and the present.**

**ANSWER**: Objection.  Defendant objects to this interrogatory as unduly burdensome, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence, and because it seeks confidential information subject to the Privacy Act.  Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Pursuant to direction from DHS/ICE and the Department of Justice, Defendant objects to and cannot provide the Alien Registration Number ("A Number") for each detainee who participated in the VWP because the A Number is not relevant to any claim or defense, is not likely to lead to the discovery of admissible evidence, and because the A Number is confidential information subject to the Privacy Act, 5 U.S.C §552a, FR Doc No: 2013-27895. This interrogatory is more appropriately submitted via a Freedom of Information Act request to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement.

Defendant objects to this interrogatory as unduly burdensome because there could be approximately 4,000 to 6,000 ICE detainees that are housed at the Aurora facility every year.

|      | intake | release |
|------|--------|---------|
| 2014 | 3,630  | 3,693   |
| 2013 | 4,374  | 4,367   |
| 2012 | 5,471  | 5,433   |
| 2011 | 5,838  | 5,903   |

| 2010  | 6,175     | 6,192 |
|-------|-----------|-------|
| 2009  | 6,222     | 6,189 |
| 2008  | 6,640     | 6,674 |
| 2007  | 5,809     | 5,556 |
| total | 44,159.00 |       |
| avg   | 5,519.86  |       |

Plaintiffs are seeking information for almost three years, or potentially 18,000 detainees.  On any given day there could be up to 80 detainees participating in the VWP.  Defendant objects to creating a list of these detainees as it is unduly burdensome.

Without waiving those objections, Defendant provided VWP payroll information in its Rule 26 disclosures at GEO_MEN 057-58, 63-66, 71-78, 85-86, 94-103, 108-116, 121-125, 142-153.  Defendant has provided some monthly reimbursement reports for the VWP (which includes the names of the detainees who were paid pursuant to the VWP) to DHS/ICE/DOJ for its review.  At this time, pursuant to a letter from the US Attorney's office, Defendant is unable to provide those reports until approval is received from DHS/ICE/DOJ.  See letters attached to original responses.  Defendant understands that if Plaintiffs want these documents, they must provide DHS/ICE/DOJ with the "detailed description of the relevance of the information as it pertains to the issue at hand." See letters attached to original responses.

1st SUPPLEMENTAL ANSWER: Without waiving the above objections and subject to the protective order entered in this case, attached are GEO_MEN 1514-4559 which are voluntary work program reimbursement documents that GEO submits to ICE on a monthly basis.  The attached documents are for the period October 2012 through December 2015.  GEO redacted the attached documents to remove private and proprietary information and

information protected by the Privacy Act, including the "A" numbers.

Pursuant to direction from DHS/ICE and the Department of Justice, Defendant objects to and cannot provide the Alien Registration Number ("A Number") for each detainee who participated in the VWP because the A Number is not relevant to any claim or defense, is not important to the issues at stake in the action, is not important to resolving the issues, and because the A Number is confidential information subject to the Privacy Act, 5 U.S.C §552a, FR Doc No: 2013-27895.

**5.      Please describe in detail each and every disciplinary or corrective action taken against a detainee for failing or refusing to fully participate in work pursuant to the Housing Unit Sanitation Policy from October 22, 2004 to the present and any policies of the Defendant that govern these disciplinary or corrective actions. For each disciplinary or corrective action (an "Action"), please provide the following information**:

> **a.      The name and Alien Registration Number of the detainee subject to the Action;**
>
> **b.      The name and all known contact information for any employee or agent of GEO who assigned, carried out, or otherwise had knowledge of the Action; and**
>
> **c.      A description of the Action.**

**ANSWER**:  Objection.  Defendant objects to this interrogatory because it seeks confidential information subject to the Privacy Act and as unduly burdensome, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence. Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Defendant objects to this request as vague because "disciplinary," and "corrective action," are not defined.  It is unknown whether this follows the allegation in the Complaint that there were "threat[s] to put those who refused to work (for no pay) in 'the hole,' or solitary confinement."  Doc. 1.  Defendant employs approximately 189 people on the ICE contract during three shifts, 24 hours a day and 365 days a year and those employees change over time.  This request could be interpreted as asking whether some employee referred to solitary confinement or "the hole" in relation to the sanitation policy at some time since 2004. Defendant simply has no way of determining the answer to this interrogatory.

Pursuant to direction from DHS/ICE/DOJ, Defendant objects to providing the Alien Registration Number ("A Number") for each detainee subject to the sanitation policy because the A Number is not relevant to any claim or defense, is not likely to lead to the discovery of admissible evidence, and because the A Number is confidential information subject to the Privacy Act, 5 U.S.C §552a, FR Doc No: 2013-27895.

Defendant also objects to providing the personal contact information for its current and former employees as the contact information is not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence, and because it seeks confidential information. Providing the names and contact information for employees (to persons who were previously or are currently detained) presents a security risk and a safety issue for those employees. Additionally, providing the requested information would unduly interfere with the privacy expectations of Defendant's current and former employees because Defendant considers such information confidential.

Defendant objects to this interrogatory as unduly burdensome because there could be approximately 4,000 to 6,000 ICE detainees that are housed at the Aurora facility every year.

6

All detainees are subject to ICE's housing sanitation policy and Plaintiffs are seeking

information for ten years and, therefore, potentially 60,000 detainees.  In the ordinary course

of business, Defendant does not maintain any document that would identify disciplinary or

corrective actions for each of those 60,000 detainees or the employees involved in those

actions.  Therefore, answering this interrogatory would require reviewing each of up to 60,000

detainee files to locate any disciplinary or corrective actions.  Defendant objects to this as

unduly burdensome.

Defendant also objects to this interrogatory as Defendant has not received approval

from DHS/ICE/DOJ to provide information from the detainee files as stated in the attached

letters.

As to policies, see the objections, answer, and responses to Response to Request for

Production No. 9.

**1ST SUPPLEMENTAL ANSWER**: Without waiving the above objections and subject

to the protective order entered in this case, Defendant is providing redacted detainee files for

the named plaintiffs which include any disciplinary or corrective actions.  See GEO_MEN

00000160 - GEO_MEN 00001394.  GEO redacted the detainee files to remove private and

proprietary information and information protected by the Privacy Act, including the "A" numbers.


Pursuant to direction from DHS/ICE and the Department of Justice, Defendant objects

to and cannot provide the Alien Registration Number ("A Number") for each detainee who

participated in the VWP because the A Number is not relevant to any claim or defense, is not

important to the issues at stake in the action, is not important to resolving the issues, and

because the A Number is confidential information subject to the Privacy Act, 5 U.S.C §552a,

FR Doc No: 2013-27895.

The documents in the detainee file that are redacted with the word, "REDACTED," were

redacted by GEO, but are ICE documents and ICE requested that such documents not be

provided until the relevance requirements of Touhy are met.

**6.**     **Please describe in detail each and every disciplinary or corrective action**

**taken against a detainee in the Aurora Facility that resulted in a detainee being**

**disciplined in any way, including, but not limited to, placed in solitary confinement, at**

**any time from October 22, 2004 to the present and any policies of the Defendant that**

**govern these disciplinary or corrective actions. For each disciplinary or corrective**

**action (an "Action"), please provide the following information:**

   a.     **The name and Alien Registration Number of the detainee subject to the**
          **Action;**

   b.     **Any employee or agent of the Defendant that assigned, carried out, or**
          **otherwise had knowledge of the Action; and**

   c.     **A description of the Action and the reason for the Action, including a**
          **description of the purported violation justifying the Action.**

   <u>ANSWER</u>: Objection.   Defendant objects to this interrogatory because it seeks

confidential information subject to the Privacy Act and as unduly burdensome, overbroad, not

relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.

Defendant objects to this request as vague because "disciplinary," and "corrective action," are

not defined.  Defendant objects to this request as it is governed by federal regulations at 6

C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

   Defendant objects to his request as overbroad, not relevant to any claim or defense and

not likely to lead to the discovery of admissible evidence.  The allegations in Plaintiffs'

Complaint are very specific and only include discipline related to refusing to participate in

ICE's sanitation policy.  Therefore, information regarding detainees subject to discipline for any

other reason is overbroad, not relevant to any claim or defense and not likely to lead to the

discovery of admissible evidence.

Defendant objects to providing the Alien Registration Number ("A Number") for the

reasons already stated.  Defendant objects to providing the personal contact information for

its current and former employees for the reasons already stated.  Defendant objects to this

interrogatory as unduly burdensome because of the number of detainees housed during the

time period and the number of employees, as stated above.

Defendant also objects to this interrogatory as Defendant has not received approval

from DHS/ICE/DOJ to provide information from the detainee files as stated in the attached

letters.

**1ST SUPPLEMENTAL ANSWER**: See first supplemental objections and answer to

Interrogatory No. 5.

**7.      Please describe in detail each and every policy of GEO that resulted in**

**disciplinary or corrective action taken against a detainee for refusing to work pursuant**

**to the Housing Unit Sanitation Policy in the Aurora Facility from October 22, 2004 to**

**the present.**

**ANSWER**: Objection.  Defendant objects to this interrogatory as vague because

"disciplinary or corrective action" is not defined.  Defendant objects to this interrogatory as it

presumes there are policies that state that there will be disciplinary or corrective action taken

against detainees for refusing to work pursuant to the Housing Unit Sanitation Policy. Defendant objects to this interrogatory to the extent that it presumes that there were detainees that received disciplinary or corrective action for refusing to work pursuant to the Housing Unit Sanitation Policy at the Aurora Facility.  Defendant objects to this interrogatory as overbroad and unduly burdensome as it seeks policies for a ten year period of time.

See objections, answers, and responses to Interrogatory No. 5 and Request for Production No. 9.

**1ST SUPPLEMENTAL ANSWER**: Without waiving any objections and subject to the protective order entered in this case, Defendant states that the Aurora local sanitation policies are included in GEO_MEN 1395-1513 and the disciplinary policies are included in the detainee handbook which was provided with Defendant's Rule 26 disclosures.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      **Please provide all "Detainee Payroll" documents bearing any date between October 22, 2012 and the present that pertain to or record work in the VWP at the Aurora Facility.**

**RESPONSE**: Objection.  Defendant objects to this request as vague and overbroad, unduly burdensome and because it requests confidential information.

Defendant objects to this request as vague, overbroad, and unduly burdensome because of the use of the words/phrase "all 'Detainee Payroll' documents" and "pertain to or record work."  This request could seek all documents with the name "Detainee Payroll" or all documents with detainee payroll information.  There are an unknown number of types of documents that could contain detainee payroll information.

Defendant also objects to this request based on the same objections asserted in answer to Interrogatory No. 1. Without waiving any objections, and limiting its response to the documents most readily used in the ordinary course of business, Defendant's response to this request is the same as its objections and answer to Interrogatory No. 1.

Upon approval from DHS/ICE/DOJ, Defendant may also be able to permit inspection of approximately 47+ boxes of "daily sheets" which the detainees sign each day they work. A redacted example of a "daily sheet" was provided to attorney Brandt Milstein via email on June 10, 2015.

**1ST SUPPLEMENTAL RESPONSE**: Without waiving the above objections, see the first supplemental objections and answer to Interrogatory No. 1.

**2.**     **Please provide any and all documents summarizing, recording or reflecting hours worked in the VWP at the Aurora Facility between October 22, 2012 and the present.**

**RESPONSE**: Objection. Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing, recording or reflecting." See also objections, answers, and responses to Interrogatory No. 1 and Request for Production No. ("RFP") 1.

**1ST SUPPLEMENTAL RESPONSE**: Without waiving any objections, see the first supplemental objections and answer to Interrogatory No. 1.

**3.**     **Please provide any and all documents summarizing or recording payments made to detainees working in the VWP at the Aurora Detention Facility between October 22, 2012 and the present.**

**RESPONSE**: Objection.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing or recording." See also objections, answers, and responses to Interrogatory No. 1 and Request for Production Nos. ("RFP") 1 and 2.

**1ST SUPPLEMENTAL RESPONSE**: Without waiving the above objections, see the first supplemental objections and answer to Interrogatory No. 1.

**4.**      **Please provide any and all documents summarizing, constituting or recording policies, guidelines, or authority pursuant to which you conducted the VWP between October 22, 2012 and the present.**

**RESPONSE**: Objection.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing, constituting or recording," and "policies, guidelines, or authority." Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Without waiving those objections and limiting its response to official local policies, Aurora local policy 8.1.8 addresses the voluntary work program. Copies of those policies will be provided upon approval of DHS/ICE/DOJ and the Court's entry of a protective order.

Additionally, Defendant conducts the VWP program pursuant to the PBNDS, the contract with ICE, and the ICE detainee handbook, all of which were previously provided.

**1ST SUPPLEMENTAL RESPONSE**: Without waiving the above objections and subject to the protective order entered in this case, Aurora local policy 8.1.8 is included in GEO_MEN 1395-1513.

7.      Please provide any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action taken between October 22, 2004 and the present that involves the use of solitary confinement.

RESPONSE:  Objection.  See objections, answers, and responses to Interrogatory Nos. 5-7 and RFP 5 and 6.

1ST SUPPLEMENTAL RESPONSE: See first supplemental objections and answer to Interrogatory No. 5.

9.      Please provide any and all documents summarizing, constituting or recording policies, guidelines, or authority pursuant to which you conducted the Housing Unit Sanitation Policy between October 22, 2004 and the present.

RESPONSE: Objection.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing, constituting or recording," and "policies, guidelines, or authority." Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Without waiving those objections and limiting its response to official local policies, Aurora local policy 12.1.4 addresses sanitation. Copies of those policies will be provided upon approval of DHS/ICE/DOJ and the Court's entry of a protective order.

Additionally, sanitation is conducted pursuant to the PBNDS, the contract with ICE, and the ICE detainee handbook, all of which were previously provided.

1ST SUPPLEMENTAL RESPONSE: Without waiving any objections and subject to the

protective order entered in this case, Aurora local policy 12.1.4 is included in GEO_MEN

1395-1513.

**14.** **Please provide all requests for reimbursement from GEO to ICE, and any**

**responses thereto, for monies related to the Detainee Volunteer Work Program**

**created on or after October 22, 2012.**

RESPONSE: Objection. See objections, answers, and responses to Interrogatory No.

1 and RFP 1-3.

**1ST SUPPLEMENTAL RESPONSE**: Without waiving any objections, see the first

supplemental objections and answer to Interrogatory No. 1.

Submitted February 26, 2016.

AS TO OBJECTIONS, REQUESTS FOR PRODUCTIONS, REQUESTS FOR ADMISSIONS, and REQUEST FOR INSPECTION:

| VAUGHAN & DeMURO | NORTON ROSE FULBRIGHT US LLP |
|---|---|
| */s/ Shelby A. Felton* | */s/ Charles A. Deacon* |
| David R. DeMuro | Charles A. Deacon |
| Shelby A. Felton | 300 Convent Street, Suite 2100, |
| 720 S. Colorado Blvd. | San Antonio, Texas 78205-3792 |
| North Tower Penthouse | (210) 270 7133 |
| Denver, Colorado 80246 | charlie.deacon@nortonrosefulbright.com |
| (303) 837-9200 | |
| Email:sfelton@vaughandemuro.com | Mark Emery |
| | 799 9th Street, NW, Suite 1000 |
| | Washington, DC 20001-4501 |
| | (202) 662-0210 |
| | mark.emery@nortonrosefulbright.com |

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, I electronically submitted **DEFENDANT GEO'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** via electronic mail to the following

Brandt Milstein
brandt@milsteinlawoffice.com

Andrew Turner
aturner@laborlawdenver.com

Alexander Hood
alex@towardsjustice.org

Hans Meyer
hans@themeyerlawoffice.com

R. Andrew Free
Andrew@ImmigrantCivilRights.com

/s/Shelby A. Felton
Shelby A. Felton
720 S. Colorado Blvd
North Tower Penthouse
Denver, Colorado 80246
(303) 837-9200
Emails:sfelton@vaughandemuro.com

15