IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL, *et al.*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RULE 23(f) REVIEW, ECF DOC. 69**

---

**INTRODUCTION**

Defendant The GEO Group, Inc. ("GEO") asks the Court for a stay of all litigation in this matter until the Tenth Circuit resolves its appeal of this Court's class certification order, reviewed on an interlocutory basis under Rule 23(f). This Court ruled that while "[t]he questions posed in this case are complex and novel, . . . the answers to those questions can be provided on a classwide basis." ECF Doc. 57 at 2. Although it has agreed to take up GEO's appeal, the Tenth Circuit has never suggested that class certification is improper. Yet GEO asks the Court to put off discovery regarding the "complex and novel" questions at the core of this case pending appellate review of the preliminary question of class certification.

GEO ignores that those "complex and novel" questions will come before the Court no matter how the Tenth Circuit resolves the 23(f) appeal, for the named Plaintiffs in this action intend to pursue their claims to judgment regardless of the outcome in the Tenth Circuit. There is thus no

1

cause to stay this litigation on the merits. On the other hand, there is plenty of harm that would flow from a stay. In total, the classes now include tens of thousands of members, spread out across the globe, and their claims turn on GEO's policies and practices over time. The more time passes, the more likely it is that memories will fade and valuable evidence in this case will dissipate.

Furthermore, many of the members of the classes are currently detained and affected daily by the policies at issue. It is thus imperative that the legality of these policies be finally—and promptly—adjudicated. Although the named Plaintiffs are not themselves detained, the ongoing detention of some class members presents, at the very least, a powerful public interest consideration counseling against a stay.

For these reasons, the Court should deny GEO's motion and allow discovery in this case to proceed. In the alternative, to mitigate some of the concerns that GEO identifies in its motion, the Court could limit the proceedings during the pendency of the Tenth Circuit appeal to those matters certain to bear on the merits of Plaintiffs' claims, which will proceed regardless of the result on appeal.

## ARGUMENT

### A. The Court Should Deny GEO's Motion.

The parties agree that the Court should apply the four factors that courts in this Circuit generally apply in deciding whether to grant preliminary relief pending final adjudication. As with stays pending appeal and motions for preliminary injunctions, the Court should weigh: (1) the likelihood of success on the merits; (2) harm to GEO if a stay is not granted; (3) harm to Plaintiffs if a stay is granted; and (4) the public interest. *See, e.g., CGC Holding Co., LLC v. Hutchens,* 965 F. Supp. 2d 1277, 1278 (D. Colo. 2013). As the party seeking a stay that would "alter[] the status

quo," GEO bears the burden of demonstrating the balance factors weighs "heavily and compellingly in its favor." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1178 (10th Cir. 2003) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099 (10th Cir. 1991) (internal quotation omitted).

The parties disagree about how those factors apply here. As for GEO's likelihood of success, GEO places great emphasis on the Tenth Circuit's decision to hear its appeal. But Rule 23(f) is not a "vehicle to delay proceedings in the district court," *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2d Cir. 2001), and the Tenth Circuit has yet to weigh the parties' respective arguments on class certification. By contrast, this Court has thoroughly reviewed the issue and found class certification appropriate. Thus, the most that GEO can argue is that its likelihood of success is "indeterminate." *See In re Petrobras Sec.*, 193 F. Supp. 3d 313, 316 (S.D.N.Y. 2016) (concluding the "likelihood of success" factor is "indeterminate because this Court does not know the Second Circuit's reasons for granting defendants' [23(f)] petition"); *see also Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016) (ruling against stay pending 23(f) appeal and rejecting defendant's argument that "the Second Circuit's granting of their petition [was] . . . an assessment of the merits and [its] speculat[ion] that it signals a likelihood of success"); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-CV-1455, 2016 WL 5107173, at *2 (W.D. Pa. Jun. 8, 2016) (same, noting that the court already decided class certification and "there is no basis upon which this [c]ourt could declare that [d]efendant has a likelihood of success on the merits of having the class certification reversed"), *R&R adopted as modified*, No. 2:14-cv-1455, 2016 WL 5339410 (W.D. Pa. Jul. 8, 2016).

Second, there will be little harm resulting to GEO by the denial of its Motion. The only

3

harm GEO identifies in its Motion is significant pretrial litigation costs. *See* ECF Doc. 69 at 9-12. In evaluating similar motions, some courts have declined to give serious or any weight to such costs. *See, e.g., Strougo*, 194 F. Supp. 3d at 234 ("[T]he prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury."). But even when courts do take litigation costs into consideration, they look only at the litigation costs that the parties would not incur were the class to be decertified or altered. *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015).

In claiming it will suffer harm if this case proceeds pending appeal, GEO identifies discovery that the parties are likely to propound and several discovery issues that are likely to arise over the course of this case. But GEO does not distinguish between the issues that would also arise if the case moved forward on Plaintiffs' individual claims regardless of the outcome of the 23(f) appeal and those issues that are specific to the class action. For example, GEO points to the parties' ongoing dispute about the applicability of *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951), to discovery served on GEO. The company fails to acknowledge that the parties' *Touhy* dispute bears on Plaintiffs' individual claims and class claims alike. GEO also fails to recognize that "depositions by both parties, including of international witnesses" will occur even if Defendants prevail in the Tenth Circuit. ECF Doc. 69 at 10. After all, Plaintiffs' individual claims will depend on depositions of GEO officials, among others, and their individual cases would almost certainly require depositions of international witnesses, including Plaintiffs themselves. *See In re Petrobras Sec.*, 193 F. Supp. 3d at 316 (concluding that Defendants would experience minimal harm without a stay because Plaintiffs would continue to pursue individual claims regardless of the outcome of the Rule 23(f) appeal).

To be sure, this case is likely to entail some costs that would not arise were the class to be decertified, for example costs related to class notice and identifying absent class members. *See* ECF Doc. 69 at 11. But, as explained below, these costs outweigh neither the considerable harm Plaintiffs would suffer were the Court to grant GEO's Motion, nor the substantial public interest considerations militating against a stay. And, in any case, the Court can defer these costs until after resolution of the Rule 23(f) appeal without staying discovery entirely.

Finally, GEO fails to acknowledge the harms to Plaintiffs that would undisputedly flow from a stay in this matter and the strong public interest that counsels in favor of prompt resolution of the legal issues at the core of this case—legal issues that are collateral to the Court's class certification order.

First, Plaintiffs' litigation position will undoubtedly suffer from delay. Whether or not this case proceeds on a class basis, Plaintiffs' claims will depend on a close examination of the Aurora facility's policies over time. The more time passes before reaching the merits questions in this case, the more difficult it will be to obtain useful evidence regarding those policies. In analyzing shorter discovery stays pending motions to dismiss, courts in this District are reluctant to impose a stay if it would have "adverse consequences such as a decrease in evidentiary quality and witness availability." *Jackson v. Denver Water Bd.*, 2008 WL 5233787, at *1 (D. Colo. Dec. 15, 2008). Here, the delay could be a year or more, during which witnesses' and Plaintiffs' memories will inevitably fade and witnesses will become difficult, if not impossible, to find. Countless detainees will be deported or otherwise freed. Guards and administrators will move on to other jobs. Time is of the essence.

As for consideration of the "public interest," GEO contends that because this case involves

5

weighty questions purportedly affecting federal immigration detention policy, the Court should put off resolution of this matter. *See* ECF Doc. 69 at 15. For example, GEO posits, "Plaintiffs' class claims seek to upend settled detention practices across the country, targeting DHS/ICE's longstanding—and congressionally authorized—contracting policies." ECF Doc. 69 at 14. This characterization is patently false: Neither Congress nor DHS/ICE has sanctioned forced labor of civil detainees by detention contractors. Indeed, GEO's contract expressly forbids it. Similarly, the Congressional authorization of payments to immigration detainees for work in no way sets a ceiling on the amount a for-profit prison may pay detainees for their labor, and it certainly does not mandate affirmatively misrepresenting to detainees that such a ceiling exists when a private corporation knows well it does. ECF Doc. 49 at 4-10.

But even if, for the sake of argument, the Court credits GEO's characterization of Plaintiffs' class claims, it is difficult to see how Plaintiffs' claims have more modest aspirations when pursued individually. On either a class or individual basis, Plaintiffs seek adjudication of the legality of the policies GEO uses to conscript free (and virtually-free) labor from detainees in its Aurora facility. The public importance of this question counsels prompt adjudication, not delay. *In re Petrobras Sec.,* 193 F. Supp. 3d at 318 ("More broadly, the public interest is served by the speedy and effective administration of justice, not least in cases of such obvious public interest as this one.").

Finally, the interests of current detainees to be free of forced labor weigh powerfully in the public interest analysis. While this case works its way through the judicial system, hundreds—perhaps thousands—of detainees will continue to labor under threat of solitary confinement at GEO's detention facility in Aurora every day. No other member of the public can make a stronger

6

claim to being interested in the outcome of this litigation, and those interests strongly counsel in favor of allowing this litigation to proceed pending Rule 23(f) review, at least on a limited basis. No one should be forced to labor under illegal or inequitable policies for a single day longer than is necessary.

**B. Alternatively, the Court Can Mitigate Costs to GEO by Limiting Discovery to Matters Pertaining to the Merits of Plaintiffs' Individual Claims.**

GEO casts discovery during the pendency of the appeal as an "all or nothing" proposition: full blown discovery for hundreds of thousands of dollars or nothing at all. There is a middle ground. Even if the Court finds that it does not make sense to proceed with discovery and prosecution of class-action specific issues—for example, class notice—until after the Tenth Circuit resolves the Rule 23(f) appeal, there is no reason Plaintiffs should not now be able to conduct narrower discovery on merits questions.

Calibrating the case's progression in this way is consistent not only with Rules 23 and 26 of the Federal Rules of Civil Procedure, but also with the dictates of Rule 1, which requires that the Rules be interpreted "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and with the Court's "broad discretion over discovery and scheduling matters." *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 591 (10th Cir. 2007).

Thus, if the Court is persuaded by any of GEO's concerns about litigation costs in the short term, Plaintiffs respectfully request that they be permitted to conduct limited discovery regarding merits issues that would arise whether or not the class remains certified, including:

(1) a 30(b)(6) fact deposition of GEO officials;
(2) a fact deposition of former ICE detention official and current GEO officer David Venturella;
(3) a fact deposition of GEO Assistant Warden Dawn Ceja;
(4) limited requests for production and interrogatories pertaining to the federal government's

7

       contracting requirements as GEO's use of detainee labor and use of solitary confinement; and

(5) limited requests for production and interrogatories pertaining to detention policy, procedure, and oversight employed by GEO at the Aurora Detention Facility.

In total, Plaintiffs anticipate being able to conduct this discovery with **3 depositions, 15 requests for production, and 15 interrogatories**. Not only would this discovery impose limited costs on GEO, GEO will bear those costs no matter what happens in the Tenth Circuit. Hence, forestalling them will harm no one but Plaintiffs in this case.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that Defendant's motion be denied. In the alternative, the Court should allow limited discovery as described above.

Respectfully Submitted,

s/David H. Seligman__
David Seligman
Alexander Hood
Andrew Schmidt
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

Brandt Milstein
Milstein Law Office
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
Ashley Boothby
Beuscher, Kelman, Perera, & Turner, P.C.
600 Grant St., Suite 450

8

Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

R. Andrew Free
PO Box 90568
Nashville, TN 37209
(844) 321-3221
(615) 829-8959
Andrew@ImmigrantCivilRights.com

Hans Meyer
Meyer Law Office, P.C.
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

**Certificate of Service**

I hereby certify that on the date of filing I served the foregoing document on counsel of record for all parties in this case via this Court's CM/ECF system.

s/David H. Seligman