**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.: 1:14-cv-02887-JLK**

---

ALEJANDRO MENOCAL, *et al.*,
    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**PLAINTIFFS' REPLY TO GEO'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

---

The issue before the Court is whether, consistent with the Rules Enabling Act, the Federal Rules of Civil Procedure, and the U.S. Constitution, an Article III court must cede control over the scope and timing of party discovery[1] to a private contractor for an executive branch agency because, according to the contractor, the agency claims such authority for itself by regulation.

The parties dispute the scope and effect of the Department of Homeland Security ("DHS")'s *Touhy* regulations in this case. 6 C.F.R. §§ 5.41-49. One fact, however, is beyond dispute: GEO fails to offer a single case where a court applied an agency's housekeeping regulations to limit party discovery. Perhaps that is because GEO, like

---

[1] Throughout this Reply, Plaintiffs use "party discovery" to describe discovery requests propounded from one party in litigation to another party in the litigation pursuant to Fed. R. Civ. P. 33, 34, and 36, as distinguished from what Plaintiffs refer to as "non-party discovery" to describe subpoenas and subpoenas *duces tecum* issued to non-parties pursuant to Fed. R. Civ. P. 45, and the corresponding criminal rules.

1

Plaintiffs, has been unable to locate any such authority. And that, in turn, is likely because the federal government has never had the chutzpah to claim this power, given the unbroken line of precedent to the contrary.[2] *See* Pltfs.' Mot. to Compel, ECF No. 74 at 10-12. In the absence of such authority, GEO relies exclusively on cases applying agencies' *Touhy* regulations to non-party discovery disputes. *See* GEO Response, ECF No 77 at 13-14. Because courts have held agencies' *Touhy* regulations may impose limitations on non-party discovery, GEO contends, those regulations must apply equally to limit party discovery in this case.

In response, Plaintiffs offer a separate line of precedent holding that the executive branch may not, consistent with the separation of powers, usurp the control of courts over party discovery in cases to which the United States and its agencies are a party. Pltfs.' Mot. ECF No. 74 at 10-12. GEO attempts to distinguish this precedent by claiming that although it *is* a federal actor, *i.e.*, an "employee" of DHS, for the purposes of invoking DHS's *Touhy* regulations, 6 C.F.R. § 5.41(c), it *is not* a DHS "employee" pursuant to "common law" for the purpose of determining whether Plaintiffs' party discovery is directed at a federal agency. ECF No. 77 at 12. GEO posits that because no federal agency is a "party" to the litigation, and Plaintiffs' authorities are inapposite.

The parties thus present the Court with two competing interpretations of 6 C.F.R. §§ 5.41 *et seq.* Well-established principles of regulatory construction explain why Plaintiffs' position is the correct one. "Federal statutes are to be construed as to avoid serious doubts

---

[2] Indeed, the federal government has not done so here. DHS has never asserted *Touhy* applies to *Plaintiffs*. And the agency has thus far avoided intervening to adopt this position.

2

of their constitutionality." *Int'l Ass'n of Machinists v. Street*, 367 U.S. 740, 749 (1961); *see also Hooper v. California*, 155 U.S. 648, 657 (1895); *United States v. Security Industrial Bank*, 459 U.S. 70, 78 (1982). As the Supreme Court has explained:

> [W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress. . . . 'The elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality.' This approach not only reflects the prudential concern that constitutional issues not be needlessly confronted, but also recognizes that Congress, like this Court, is bound by and swears an oath to uphold the Constitution.

*DeBartolo Corp. v. Florida Gulf Coast Trades Council*, 485 U.S. 568, 575 (1988) (quoting *Hooper v. California*, 155 U.S. 648, 657 (1895)). *Accord FCC v. Fox TV Stations*, 556 U.S. 502, 17 526 n.3 (2009) (recognizing the applicability of the doctrine of constitutional avoidance to regulatory construction).

In this case, Congress has delegated to the Judiciary the power to promulgate rules for controlling party discovery. 28 U.S.C. § 2072. The Judiciary implemented that delegation by promulgating the Federal Rules of Civil Procedure. At the same time, Congress delegated to the heads of executive departments to power to promulgate internal housekeeping regulations. 5 U.S.C. § 301 Supreme Court has upheld that power. *Touhy ex rel. United States v. Ragen*, 340 U.S. 462 (1951). However, no court has ever held, and no federal agency has ever claimed—including in this case—that an agency may control the rules of party discovery.

To adopt such a rule, as GEO urges here, would mean DHS could assume the role of the Court in adjudicating what documents are relevant and discoverable in party

3

discovery. In other words, "judicial control over the evidence in the case" would be "abdicated to the caprice of executive officers," thus creating a "significant separation of powers problem." *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953). Because GEO's interpretation would raise this significant concern and Plaintiffs' does not, the principles of constitutional avoidance counsel in favor of granting Plaintiffs' motion, and maintaining judicial control over party discovery.

## Conclusion

Based on the foregoing, the Plaintiffs respectfully request that the Motion to Compel be GRANTED[3], and that reasonable attorney's fees and costs be awarded in connection with this Motion.

Date: May 17, 2017                               Respectfully Submitted by:

/s Brandt Milstein
Brandt Milstein
MILSTEIN LAW OFFICE
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
PO Box 90568
Nashville, TN 37209
(844) 321-3221
Andrew@ImmigrantCivilRights.com
Alexander Hood
David Seligman

---

[3] Contrary to GEO's claims, Plaintiffs' Motion seeks only an Order compelling production based on an overruling of GEO's *Touhy* objections. If GEO intends to seek a protective order on other grounds, Plaintiffs agree that the parties have not yet conferred on those grounds, and that such issues should be left for a separate decision.

Andrew Schmidt
TOWARDS JUSTICE
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

Andrew Turner
THE KELMAN BEUSCHER FIRM
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com
*Class Counsel*

## Certificate of Service

      I hereby certify that on this date I served the foregoing document on counsel of record for all parties in this case via this Court's CM/ECF system.

May 17, 2017                                         /s Brandt Milstein