IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

vs.

THE GEO GROUP, INC.,

    Defendant.

## THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RULE 23(F) REVIEW

Defendant, The GEO Group, Inc. ("GEO"), through its undersigned attorneys, hereby replies to the Plaintiffs' response in opposition (Dkt. 78, "Opp.") to GEO's motion to stay (Dkt. 69, "Mot.") these district court proceedings pending the Tenth Circuit's Rule 23(f) review of the Court's class certification order. *See Menocal, et al v. The GEO Group*, No. 17-1125 (10th Cir.).

Plaintiffs contend that "no matter how the Tenth Circuit resolves the 23(f) appeal…the named Plaintiffs in this action intend to pursue their claims to judgment

1

regardless of the outcome in the Tenth Circuit." Opp. 1.  Nobody knows whether or how that intent will be carried out if the Tenth Circuit reverses the class certification.  This case was pled as a class action.  In the event the Tenth Circuit reverses the certification order, and depending on what the court of appeals says in that ruling, Plaintiffs (and their counsel) will need to determine whether they would continue to bear the quickly escalating costs of this case just for their own minimal monetary benefit (or loss), without a class.  Guesswork about that decision is not an argument against a stay.

Plaintiffs now declare that "[t]ime is of the essence." Opp. 5.  It is not, and the nature and course of this case shows otherwise.  No injunction against any past or current action by GEO has ever been sought. Plaintiffs are already released from the Aurora facility.  Opp. 2 ("the named Plaintiffs are not themselves detained…").  This is a suit solely for monetary relief for alleged past harms.  A delay in recovering that money is not an "injury" that precludes a stay.  *See* Mot. at 9-10; *Pena v. Taylor Farms Pac., Inc.*, No. 2-13-cv-01282, 2015 WL 5103157, at *6 (E.D. Cal. Aug. 31, 2015).  There is no reason why their monetary claims cannot wait until the Tenth Circuit makes the crucial determination of whether that monetary relief is properly sought on an individual or class basis.

The "time is of the essence" claim rings hollow given the Plaintiffs' litigation decisions, and the pace at which this case has unfolded. The complaint was filed in October 2014.  Dkt. 1.  Plaintiffs did not seek expedited or injunctive relief.   GEO promptly moved to dismiss the case in November 2014, Dkt. 11, but—respectfully, in recognition of the Court's caseload—there was no decision on the motion to dismiss or

2

other significant action taken in the case until the Court's order partially granted and partially denied the motion to dismiss in July 2015, eight months later. Dkt. 23. But even then, if the Plaintiffs were genuinely interested in an expeditious resolution of their claims on the merits, they would not have opposed (*see* Dkt. 39) GEO's motion for interlocutory appeal on the merits of the TVPA and unjust enrichment claims. That interlocutory appeal would likely have enabled an appellate determination of whether Plaintiffs have stated a valid claim by now.

Instead, Plaintiffs sought to postpone that decision and requested to pursue limited discovery on class action and to move for class certification, rather than seeking full discovery and summary judgment on the merits. Pursuant to that chosen course, Plaintiffs sought (with GEO's consent) multiple extensions of time for such discovery and briefing on class certification. Dkt. 41. Plaintiffs finally moved for class certification in May 2016, and again—respectfully, in recognition of the Court's docket—there was no decision on class certification until February 2017, over nine months later. Thus, Plaintiffs' newfound urgency and argument that "time is of the essence" does not accord with this case, and does not support opposition to a stay.

Plaintiffs argue that "[n]o one should be forced to labor under illegal or inequitable policies for a single day longer than is necessary." Opp. 7. But their own litigation decisions also undermine this argument against a stay. From Plaintiffs' opposition, it is now clearer than ever that this case is really about Plaintiffs' policy agenda against GEO's administration of ICE's housekeeping policy and the Voluntary Work Program ("VWP"). *See* Opp. 2 ("It is thus imperative that the legality of these

3

policies be finally—and promptly—adjudicated."); *id*. at 6 (""Plaintiffs seek adjudication of the legality of the policies GEO uses…").  However, from the outset, Plaintiffs made the decision to pursue this case without naming as defendants the Department of Homeland Security ("DHS") or Immigration and Customs Enforcement ("ICE").  To GEO's knowledge, Plaintiffs have taken no additional steps to seek changes to ICE policy through petitions for agency rulemaking or policy changes, or by pushing for legislative changes.  By voluntarily electing to bypass a suit against DHS or ICE to challenge the legality of the policies or obtain injunctive relief, Plaintiffs charted a necessarily slower course to pursue their policy ends by seeking money from GEO to a class.[1]  Plaintiffs cannot have it both ways, choosing to use a class action for monetary relief as their chosen course, but opposing a stay while the Tenth Circuit decides the validity of that course by feigning haste to effect policy changes.

Plaintiffs also ask the Court to assume the answer to questions that have not been finally decided by this Court or the Tenth Circuit.  Plaintiffs argue that a stay is improper because "many of the members of the classes are currently detained and affected daily by the policies at issue."  Opp. 2.  First, Plaintiffs' class relates to people who were detained "prior to the filing of this lawsuit" in 2014.   It is not clear that any purported class member is still detained.  But even if this were not the case, Plaintiffs assume what has not yet been finally decided.  For example, Plaintiffs cite "harms . . . that would

---

[1]   For example, as the Court is aware from the parties' recent briefing regarding *Touhy* issues, Plaintiffs' decision not to sue the federal government has caused significant delays in the production of documents and availability of witnesses.

4

undisputedly flow from a stay and the strong public interest that counsels in favor of prompt resolution of the legal issues at the core of this case—legal issues that are *collateral to the Court's class certification order*." Opp. 5 (emphasis added). They argue against a stay because "the interests of current detainees to be free of forced labor weigh powerfully in the public interest analysis." Opp. 6.[2] Whether GEO has engaged in "forced labor" is a merits question that has not been finally resolved by this Court, or resolved by the Tenth Circuit. Plaintiffs opposed prompt interlocutory review of this question, and cannot simply presume the answer in opposing a stay. Similarly, Plaintiffs' opposition to a stay based on the interests of the class members is circular. Plaintiffs presume that there is actually a properly certified class of detained persons, but that is *exactly the question* before the Tenth Circuit. The Court should not preempt the court of appeals.

With respect to likelihood of success, Plaintiffs attempt to cast doubt on whether the Tenth Circuit's grant of the petition is meaningful, but it was they who cited that 80% of petitions are denied. *See* Opp. 2; Response in Opp. to Pet. for Permission to Appeal Class Cert. at 5, *The GEO Group v. Menocal, et al.*, No. 17-701 (10th Cir.). It would be unsurprising if the court that granted the certification under review has doubts about whether the non-movant is right on the merits of certification, but that is a different issue from whether the non-movant is likely to succeed on the merits in the court of appeals.

---

[2] It is also unclear that interests of former detainees currently abroad would be in the "public interest," since they are non-U.S. citizens who do not live in the United States. Opp. 2 ("named Plaintiffs are not themselves detained").

5

*See CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277, 1278 (D. Colo. 2013) (judge noting that he "[o]bviously … would not have certified [the] class if [he] did not find it to be appropriate" but nonetheless recognized the defendants' likelihood of success due to the nature of the issues raised in their Rule 23(f) appeal, and the Tenth Circuit's grant of the Rule 23(f) petition). *Compare Nieberding v. Barrette Outdoor Living, Inc,.* No. 12-2353, 2014 WL 5817323, at *2-3 (D. Kan. Nov. 10, 2014) (noting that Tenth Circuit's grant of a petition for Rule 23(f) review on "difficult" issues weighed in favor of defendants' likelihood of success on appeal), *with* Dkt. 63 at 2 (Tenth Circuit's order granting petition and noting "both the complexity and difficulty of the issues presented").

With respect to harm, Plaintiffs do not dispute that this Court has deemed pretrial litigation costs to be an irreparable injury when they would be significant and wasteful in light of a successful Rule 23(f) appeal. *Nieberding*, 2014 WL 5817323, at *3-4. Plaintiffs instead urge a distinction between discovery on the merits and class discovery. But in the posture of a Rule 23(f) appeal—where the Tenth Circuit will essentially decide the scope of the case on an interlocutory basis—this distinction means little. *Id*. The standard rule is that parties may obtain discovery "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). There is no sense of proportion on many of these issues until the Tenth Circuit rules.

6

Plaintiffs attempt to draw a bright line between discovery that pertains to the merits of this case and that pertaining only to class action. The lack of examples of how Plaintiffs would apply this distinction is telling. Permitting this case to go forward on this limited basis would likely engulf the Court in disputes over whether particular requests pertain to the merits only or class certification. It is much simpler and more efficient just to stay this case until the Tenth Circuit determines whether class certification was warranted. A delay in a class plaintiff's case does not outweigh a defendant's burdensome discovery costs during a pending Rule 23(f) petition. *Nieberding*, 2014 WL 5817323, at *4.

A two-stage discovery—on the merits of the Plaintiffs claims and then on additional class-related discovery—would be inefficient. In effect, the Court may need to hold open discovery indefinitely, without a hard deadline, in a manner that would not permit real efficiencies. For example, Plaintiffs will likely seek relevant documentation regarding whether detainees agreed to work in the VWP for $1 per day or to perform other tasks on a voluntary basis. Such documentation is likely available. *See*, *e.g.*, Dkt. 51-6 (sample VWP application form). However, to locate all of the forms in the boxes at the facility site, it would likely be necessary to process all of the boxes, and an expense, based on GEO's current estimates, well in excess of $200,000. In order words, in many instances it would cost as much to obtain information on the nine individual plaintiffs as on a class. Therefore, purportedly limiting discovery to merits does not "defer costs until after resolution of the Rule 23(f) appeal without staying discovery entirely." Opp. 5.

7

Plaintiffs additionally worry about a delay during which "witnesses' and Plaintiffs' memories will inevitably fade and witnesses will become difficult, if not impossible, to find" and detainees will be deported or freed. *Id.* This case has been running since 2014. Plaintiffs allege that there are class members that trace back to 10 years earlier (circa 2003). A few additional months will not make the memories fade marginally more. And nothing has prevented Plaintiffs, while prosecuting their class action, from trying to keep track of the location of former detainees and witnesses or soliciting statements from them. Documentary information in the form of policies or other personnel information about guards and administrators is likely to still be available, if needed, after the Tenth Circuit rules. These concerns simply do not justify the burdens of moving forward with discovery now—it would be perverse to jump start discovery now that the Tenth Circuit has decided to review a threshold issue that will likely decide the scope of needed discovery.

Plaintiffs proposed alternative discovery schedule is spurious. These proposals do not reflect any agreement between the parties, and Plaintiffs did not confer on them before presenting them in their opposition. Although they now claim the proposal is consistent with Fed. R. Civ. P. 23 and 26 and Rule 1, Plaintiffs did not raise the proposal as an alternative when the parties discussed the proposed scheduling order. Nor did Plaintiffs raise the proposal—or make their "time is the essence" argument for discovery—during the nine months while the parties were briefing the class certification motions and waiting for the Court's decision. Only now that the Tenth Circuit has

8

decided to review the certification do Plaintiffs claim there is a rush to get discovery on the merits underway, even though they could have made the same argument a year ago.

Furthermore, the proposals leave many unanswered questions that could lead to widely differing discovery. For example, Plaintiffs assert that 15 requests for production and 15 interrogatories count as "limiting discovery" that would "impose limited costs on GEO," Opp. 7-8, but whether that is true depends entirely on how broad the requests are. Broad requests could require extensive costs.

Furthermore, how GEO undertakes discovery in this case depends on whether there are classes of 60,000 individuals or one involving just nine plaintiffs. It is unlikely GEO would take expensive depositions of the nine plaintiffs who are apparently located all over the world if they are simply pursuing their own claims. It is another matter if the information from those nine plaintiffs is going to be used to support millions of dollars of damages for 60,000 additional class members.

The proportions of this entire case now rest with the Tenth Circuit, which has exercised its discretion to review the certification order. The Court should stay all proceedings until that review is complete. While that review may take time, allowing it to take its course is by far the most efficient and fair way to go forward.

## RELIEF REQUESTED

For these reasons, this Court should stay all proceedings in the district court pending the Tenth Circuit's review of the Court's class certification order.

Dated:  May 30, 2017	Respectfully submitted,

/*s/ Mark Emery*
Mark Emery
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
(202) 662-0210
mark.emery@nortonrosefulbright.com


Charles A. Deacon
NORTON ROSE FULBRIGHT US LLP
300 Convent Street
San Antonio, Texas 78205
(210) 270-7133
charlie.deacon@nortonrosefulbright.com

Dana Eismeier
BURNS, FIGA & WILL
6400 S. Fiddlers Green Circle
Suite 1000
Greenwood Village, Colorado 80111
(303) 796-2626
deismeier@bfwlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2017, I filed the foregoing motion through the Court's CM-ECF system, which will serve the motion on the class counsel:

Alexander N. Hood
Towards Justice-Denver
1535 High Street, Suite 300
Denver, CO 80218
(720) 239-2606
alex@towardsjustice.org

David Hollis Seligman
Towards Justice-Denver
1535 High Street, Suite 300
Denver, CO 80218
(720) 248-8426
david@towardsjustice.org

Andrew H. Turner
Kelman Buescher Firm
600 Grant Street, Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans C. Meyer
Meyer Law Office, P.C.
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

R. Andrew Free
R. Andrew Free Law Office
414 Union Street, Suite 900
Nashville, TN 37209
(615) 244-2202
Andrew@immigrantCivilRights.com

Brandt P. Milstein
Milstein Law Office
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

                              */s/ Mark Emery*
                        Counsel for The GEO Group, Inc.