IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALEGRA,
on their own behalf and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE GEO GROUP, INC.,

        Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (ECF NO. 73) AND DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (ECF NO. 72)**

Kane, J.

This matter is before me on the parties' opposing motions, Plaintiffs' Motion to Compel (ECF No. 73) and Defendant's Motion for Protective Order (ECF No. 72), in which they dispute the application of the Department of Homeland Security's *Touhy* regulations to discovery in this case.

The certified Plaintiff Classes consist of current and former detainees of the Aurora Detention Facility, a private immigration detention center operated by Defendant The GEO Group, Inc. (GEO) pursuant to a contract with U.S. Department of Homeland Security (Department) Immigration and Customs Enforcement. They allege that, in operating the Facility,

1

GEO forced them to labor in violation of the Trafficking Victims Protection Act and was unjustly enriched by their work.

Plaintiffs served discovery requests on GEO in 2015. GEO objected to many of the requests on the basis that they were governed by *United States ex rel. Touhy v.* Ragen, 340 U.S. 462 (1951), and the Department's related regulations. Essentially, GEO asserted that it had not been given permission from the Department to provide the information, and so, under *Touhy* and the Department's regulations, it could not do so.[1] The parties have since filed and briefed numerous motions, including a motion for class certification and a motion to stay pending the Court of Appeals' review of my order granting certification. Plaintiffs now move to compel complete responses to their discovery requests, while GEO seeks a protective order requiring Plaintiffs to submit their requests directly to the Department. I deny GEO's Motion for Protective Order and grant Plaintiffs' Motion to Compel, because I find GEO's arguments to be without merit and offensive to the judicial process.

## I. Federal Rule of Civil Procedure 26, the Housekeeping Statute, the *Touhy* Decision, and Related Department of Homeland Security Regulations

Federal Rule of Civil Procedure 26(b) sets forth the scope and limits of discovery. Generally, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The court must limit the "frequency or extent of discovery" if it determines that "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment,

---

[1] In general, the rest of GEO's objections are generic, indicate a "stone walling" approach to discovery, and violate the disclosure requirements and good faith required by the Federal Rules of Civil Procedure.

oppression, or undue burden or expense" and may, as Defendant requests here, prescribe a discovery method other than the one selected by the party seeking discovery. Fed. R. Civ. P. 26(c)(1).

Separate from the Federal Rules of Civil Procedure, the federal "Housekeeping Statute" authorizes the head of an Executive department to "prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. The statute specifically does not, however, "authorize withholding information from the public or limiting the availability of records to the public." *Id.*

The U.S. Supreme Court has held that the Housekeeping Statute permits agencies, in certain circumstances, to prohibit their employees from producing official documents in court proceedings. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 466-67 (1951). In *Touhy*, an inmate of the Illinois state penitentiary initiated a habeas corpus action against the warden, alleging that his imprisonment was unconstitutional. *Id.* at 463-64. An FBI agent was served a subpoena duces tecum that required him to produce records the inmate claimed would establish his conviction was brought about by fraud. *Id.* at 464-65. The FBI agent declined to produce the records and advised the trial court that he was acting in accordance with the Attorney General's instructions and a Department of Justice regulation prescribed pursuant to the Housekeeping Statute. *Id.* at 465. As a result, the trial court found the agent guilty of contempt of court. *Id.*

After the Seventh Circuit Court of Appeals reversed, the Supreme Court granted certiorari to determine the validity of the Department of Justice regulation at issue. *Id.* at 466. The regulation required Department employees or officers who were served with a subpoena to produce official documents to "appear in court . . . and respectfully decline to produce the

records specified there in, on the ground that the disclosure of such records is prohibited by the regulation." *Id.* at 463 n.1. Based on the authority given to the Attorney General by the Housekeeping Statute—"to prescribe regulations not inconsistent with law for the custody, use, and preservation of the records, papers, and property appertaining to the Department of Justice," the Court held it was appropriate for him to promulgate the regulation. *Id.* at 468 (internal quotation marks omitted). As such, the Court concluded that the FBI agent properly declined to produce the records. *Id.* at 468.

Relevant for this case, the Department of Homeland Security has adopted its own similar, but broader, regulations under the Housekeeping Statute. These regulations provide that, in response to a demand or request, "including in connection with any litigation," no Department employee shall "provide oral or written testimony by deposition, declaration, affidavit, or otherwise concerning any information acquired while such person is or was an employee of the Department as part of the performance of that person's official duties . . . unless authorized to do so by the Office of the General Counsel." 6 C.F.R. § 5.44(a). Employees are also prohibited from "produc[ing] any document or any material acquired as part of the performance of that employee's duties . . . unless authorized by the Office of the General Counsel." *Id.* § 5.44(b). Contractors are specifically included in the definition of "employee" for the purposes of these regulations. *Id.* § 5.41(c).

## II. Discussion

GEO claims that the Department's *Touhy* regulations prevent GEO from providing the information Plaintiffs request in discovery. Consequently, GEO moves for a protective order under Federal Rule of Civil Procedure 26(c), requiring Plaintiffs to seek the information from a more convenient source, i.e., directly from the Department. Plaintiffs, in turn, assert that GEO

4

cannot refuse to disclose information based on the regulations. They move to compel the disclosures and discovery responses withheld by GEO and for an award of attorney fees and costs in connection with their Motion.

The paramount question in ruling on the parties' Motions is whether GEO can decline to disclose or produce information based on the Department's *Touhy* regulations. GEO argues that, as the subpoenaed FBI agent in *Touhy* was a Department of Justice employee, it is a contractor and "employee" of the Department of Homeland Security and, thus, may properly refuse to provide discovery responses based on the regulations. It contends that if I order it to produce documents and information, it will be placed in a "no win" scenario: violating the Department's regulations or violating a court order. Mot. Protective Order 72 at 9, ECF No. 72. Plaintiffs, on the other hand, assert that, as a party to the litigation, GEO is beyond the reach of the *Touhy* regulations and cannot rely on them to circumvent its discovery obligations. They insist that finding otherwise would allow the Department to usurp the court's authority to control discovery, resulting in a separation of powers problem.

Plaintiffs are unquestionably correct. Here, unlike in *Touhy* where the Department of Justice employee was not a party to the case, GEO, an "employee" of the Department of Homeland Security, is a party to the litigation. The Supreme Court in *Touhy* interpreted the Housekeeping Statute to allow government departments to prescribe regulations "centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged" when the department is *not* a party to the litigation. *See Touhy*, 340 U.S. at 468. The conspicuous and sensible purpose of the *Touhy* regulations is to protect an agency of government from unrestricted disclosure of official documents when that agency or its "employees" are *not* parties to the litigation. The purpose is not to create obstacles or shields from the normal rules of

5

discovery when that agency or its "employees" are parties. In the latter case, the law requires them to be treated equally without special and predictably stilted advantage.

Tenth Circuit precedent supports this interpretation. In *Sperandeo v. Milk Drivers & Dairy Emp. Local Union No. 337*, 334 F.2d 381, 382 (10th Cir. 1964), the director of a regional unit of the National Labor Relations Board brought suit on behalf of the Board against a local union. *See id.* The union caused a subpoena duces tecum to be issued requiring the regional director to testify and produce various records, reports, files, and correspondence. *Id.* at 382-83. The director moved to quash the subpoena on the grounds that regulations of the Board prohibited the disclosure of such information without the consent of the Board and its general counsel. *Id.* at 383. A panel of the Tenth Circuit announced that it is the role of the court and not the government agency or executive branch to determine whether documents are entitled to the protection of that privilege. *Id.* at 384. The court ultimately upheld dismissal of the case as a sanction for the director and the Board's refusal to comply with the subpoena. *Id.*

GEO attempts to distinguish *Sperandeo* by claiming that the National Labor Relations Board was actually a party to that case whereas the Department of Homeland Security is not a party here. That distinction is shown to be immaterial by a close reading of *Quezada v. Mink*, No. 10-cv-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010), Magistrate Judge Kristen Mix's thorough opinion cited multiple times by GEO in its briefs. The Department of Homeland Security was not a party in *Quezada*, yet the *Touhy* regulations still were not applied to its employees who were parties to the litigation. Subpoenas duces tecum were served on three of the Department's agents, all of whom were not initially parties to the case. The Department sought to quash all three subpoenas based on its *Touhy* regulations. *Id.* at *1. The complaint was amended to add two of the agents as defendants in their individual capacities. *Id.* The

subpoenaing party then conceded that the subpoenas were moot and no longer the proper method of pursuing the information it sought from those agents. *Id.* The parties agreed that the application of the *Touhy* regulations only needed to be decided with respect to the third, non-party agent. *Id.* In justifying its decision not to comply with that subpoena based on its *Touhy* regulations, the Department asserted that the subpoenaing party "ha[d] additional potential means for discovery through [the two agents who have been made] parties and . . . should be required to exhaust such party discovery before burdening a nonparty with discovery requests." *Id.* at *2 (internal quotation marks omitted). Thus, regardless of whether the government agency itself is a party, there is an exception to application of the *Touhy* regulations in discovery proceedings when the employee is a party to the litigation.

GEO further argues that it should benefit from a single side of the coin—that it is an "employee" under the Department's *Touhy* regulations—but not be subject to the other side—that its "employee"-party status exempts discovery in this case from the regulations. It argues that, if it were actually an employee of the Department, "it would be immune from Plaintiffs' claims." Response Compel at 12, ECF No. 77. GEO's ability to assert the defense of sovereign immunity has absolutely no bearing on the pertinence of its status as an employee-party. The fact that GEO lacks the "unquestioned authority to authorize disclosure," Mot. Protective Order at 9, is no different from any other agency employee who could be a party to litigation. GEO is an "employee" of the Department and a party to the litigation, so the Department's *Touhy* regulations are inapplicable for discovery proceedings in this case.[2]

---

[2] GEO cites *Saunders v. Great Western Sugar Co.*, 396 F.2d 794 (10th Cir. 1968), and *U.S. Steel Corp. v. Mattingly*, 633 F.2d 68 (10th Cir. 1980), as the controlling Tenth Circuit case law on this matter. But its attempt to analogize these cases to the instant one is unsuccessful. As Plaintiff persuasively argues, *Saunders* itself found *Sperandeo* to be distinguishable on the basis that, unlike in *Sperandeo*, neither the agency nor its officials were parties to the litigation in *Saunders*. *Saunders*, 396 F. 2d at 795 ("[T]here, the governmental agency brought suit seeking judicial

Permitting GEO to hide behind the Department's regulations here would mischaracterize the *Touhy* doctrine and distort the intent of the Housekeeping Statute. Specifically, allowing a government agency to determine what evidence is discoverable could create a significant separation of powers problem. *See Gulf Grp. Gen. Enters. Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 647 (Fed. Cl. 2011). The judiciary oversees the admission of evidence at trial. *Id.* "[N]o executive official or agency can be given absolute authority to determine what documents in his possession" should be considered by the court. *Comm. for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788, 794 (D.C. Cir. 1971). Thus, I cannot authorize the Department to determine what evidence is discoverable in this case, because doing so would undermine the role of the court.[3]

Good cause is required for the issuance of a protective order under Federal Rule of Civil Procedure 26(c). GEO has failed to demonstrate that it exists in this case. And it has not established that its objections are valid or that it is entitled to any privilege under *Touhy* or the related Department of Homeland Security regulations.

III. Conclusion

Accordingly, Plaintiffs' Motion to Compel (ECF No. 73) is GRANTED, and Defendant's Motion for Protective Order (ECF No. 72) is DENIED. GEO's discovery responses are STRICKEN and GEO's *Touhy*-related objections are OVERRULED. GEO shall provide

---

action and then refused to disclose. Here, the [Small Business Administration] and its officials are not parties to the antitrust suit . . . in which disclosure is sought."). For the same reason, *Mattingly* is also distinguishable. Thus, since GEO is a Department employee and a party to this case, the holding in *Sperandeo*, and not *Saunders or Mattingly*, corresponds.

[3]If the Department maintains that GEO must comply with its *Touhy* regulations, GEO *itself* may endeavor to do so. GEO is the one who elected to contract with a government agency, and it, and not Plaintiffs, should shoulder any resulting inconvenience.

complete responses to Plaintiffs on all non-class issues[4] on or before June 26, 2017. Plaintiffs' request for attorney fees in connection with its Motion to Compel is GRANTED. GEO's failure to comply with this Order will result in: (1) all requests for admission being deemed admitted and (2) the appointment of a special master to obtain all discovery, paid for by GEO.[5]

DATED this 6th day of June, 2017.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

---

[4]This Order is subject to my Order on GEO's Motion to Stay (ECF No. 69), which is being issued contemporaneously.

[5]The parties and their counsel should also take note of Federal Rule of Civil Procedure 26(g):
> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made; and (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. . . . If a certification violates this rule without substantial justification, the court, on motion or on its own, *must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both*. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(1) & (3) (emphasis added); *see also* Fed. R. Civ. P. 37.