IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALEGRA,
on their own behalf and on behalf of all others similarly situated,

       Plaintiffs,

v.

THE GEO GROUP, INC.,

       Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART THE GEO GROUP, INC.'S MOTION TO STAY PROCEEDINGS PENDING RULE 23(F) REVIEW (ECF NO. 69)

Kane, J.

This matter is before me on The GEO Group, Inc.'s Motion to Stay Proceedings Pending Rule 23(f) Review (ECF No. 69). In February 2017, I granted Plaintiffs' motion to certify classes for their Trafficking Victims Protection Act and unjust enrichment claims. Defendant The GEO Group, Inc. (GEO) filed a timely petition under Federal Rule of Civil Procedure 23(f) with the Court of Appeals, seeking permission to appeal certification of the classes. The Court of Appeals granted its petition in April 2017, and the appeal is pending. With its instant Motion, GEO requests that I stay all litigation in this case until GEO's interlocutory appeal to the Tenth Circuit Court of Appeals is decided. Because I find a complete stay would cause unnecessary harm to Plaintiffs, I grant GEO's Motion in part and deny it in part.

1

A stay pending a Rule 23(f) appeal is not automatic or mandatory. *See* Fed. R. Civ. P. 23(f). The parties agree that, in ruling on GEO's Motion, I should consider the four factors applicable for stays pending appeals of final judgments: (1) the movant's likelihood of success on the merits of its appeal, (2) any irreparable harm to the movant, (3) any harm to the nonmoving parties if the stay is granted, and (4) the public interest. *See CGC Holding Co., LLC v. Hutchens*, 965 F.Supp.2d 1277, 1279 (D. Colo. 2013); *Nken v. Holder*, 556 U.S. 418, 434 (2009).

GEO initially asserts that, since 80 percent of petitions to appeal certification of a class are denied, the grant of its petition weighs in favor of the likelihood of its success on appeal. I find the treatment of this matter disconcerting. This is a legal proceeding, not a game of poker. I take the Court of Appeals order granting GEO's petition for review precisely for what it says and that is that the issues involve complexity and difficulty. *See* Order, No. 17-1701 (10th Cir.). I do not presume to know more than what the Court of Appeals wrote, nor do I think prognostication is a fruitful endeavor. I am confident the Court of Appeals will decide the limited issues in this individual case pending before it on their merits and thus percentages and odds are meaningless.

Based on the merits and my best judgment, I certified the class. If indeed the Court of Appeals determines I have erred, it will say so. Until such an event, however, I have no reason whatsoever to walk away from my decision nor to abandon my obligation under Federal Rule of Civil Procedure 1 to manage this case diligently and efficiently.

As Plaintiffs have suggested in their Response to GEO's Motion, discovery is not an "all or nothing" proposition. Sound case management considerations do not, in my view, suggest that the work on this case should come to a screeching halt. Rather, in balancing the above factors, I think it makes sense to stay discovery on the class action issues and to proceed with discovery on the merits questions. Plaintiffs specifically request to proceed with:

(1) a Rule 30(b)(6) fact deposition of GEO officials;

(2) a fact deposition of former ICE detention official and current GEO officer David Venturella;
(3) a fact deposition of GEO Assistant Warden Dawn Ceja;
(4) limited requests for production of documents and interrogatories pertaining to the federal government's contracting requirements as to GEO's use of detainee labor and use or threats of use of solitary confinement; and
(5) limited requests for production of documents and interrogatories pertaining to the detention policies, procedures, and oversight employed by GEO at the Aurora Detention Facility.

Response at 8, ECF No. 78. Plaintiffs have advised of their intent to continue this litigation irrespective of the Court of Appeals decision, and so the foregoing discovery is appropriate. I find such limited discovery would be efficient and comparatively inexpensive, minimizing any potential for "irreparable harm" to GEO or for wasting judicial resources. Perhaps more to the point, though, it will obviate the harm to Plaintiffs—including lost witnesses, failing memories and changing personnel—resulting from further delay in this case.[1]

Accordingly, GEO's Motion to Stay Proceedings Pending Rule 23(f) Review (ECF No. 69) is GRANTED IN PART and DENIED IN PART. Specifically, discovery on the class action issues is STAYED, but discovery on the above enumerated issues relating to liability and merits issues shall proceed in accordance with Federal Rule of Civil Procedure 26. Noting GEO's objection to not having been consulted regarding Plaintiffs discovery proposal, the exact number of depositions, requests for production, and interrogatories to be permitted will be addressed at the upcoming scheduling conference on June 7, 2016, at 11 a.m.

DATED this 6th day of June, 2017.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

---

[1] It stands to reason that Defendant may likewise benefit from deposing the named plaintiffs and others who might become lost or otherwise unavailable.