# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:14-cv-02887-JLK**

ALEJANDRO MENOCAL, *et al.*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

## SCHEDULING AND DISCOVERY ORDER
---

Pursuant to the Court's orders at the June 7, 2017 scheduling conference and the Court's June 17, 2017 Minute Order, the parties submit this Proposed Stipulated Scheduling Order as to deadlines and discovery limitations for non-class discovery only.[1] The parties will submit an amended Proposed Stipulated Scheduling Order within 30 days after the Tenth Circuit issues a mandate on GEO's appeal of this Court's class certification order.

### 1. DATE OF CONFERENCE

Held June 7, 2017.

---

[1] *See* June 7, 2017 Hr'g Tr. [ECF No. 95]; Minute Order dated June 7, 2017 [ECF No. 88]; Order Granting in Part and Denying in Part the GEO Group, Inc.'s Motion to Stay Proceedings Pending Rule 23(f) Review ("Stay Order") [ECF No. 85].

## 2. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Class Representatives' statement</u>:

Class Representative Plaintiffs Alejandro Menocal, Marcos Brambila, Grisel Xahuentitla, Hugo Hernandez, Lourdes Argueta, Jesus Gaytan, Olga Alexaklina, Dagoberto Vizguerra, and Demetrio Valegra (collectively, "Representatives" or "Plaintiffs") and the certified classes they represent (collectively, "the Class") are current and former civil immigration detainees who are being held or were held at Defendant The GEO Group, Inc.'s ("GEO" or "Defendant") Aurora Detention Facility. GEO is a private, for-profit prison corporation. Representatives brought suit on their own behalf and on behalf of the Class to challenge GEO's practice of forcing civil immigration detainees to clean GEO's facility, under threat of solitary confinement, for no pay. The Class also challenges GEO's practice of paying detainees $1 per day for their work scrubbing and waxing GEO's floors, running GEO's laundry and kitchen, performing GEO's clerical work, and landscaping GEO's grounds, among other tasks.

The Court dismissed Representatives' claims under the Colorado Minimum Wage Order but allowed their TVPA and unjust enrichment claims to proceed. [Doc. No. 23] The Court then granted Representatives' motion to certify their proposed classes, appointed Representatives as class representatives, and appointed Representatives' counsel as Class Counsel. [ECF No. 57]. The Class is comprised of two overlapping subclasses:

(1) **the TVPA class**: All persons detained in Defendant's Aurora Detention Facility in the ten years prior to the filing of this action.

> (2) **the unjust enrichment class**: All people who performed work at Defendant's Aurora Detention Facility under Defendant's Voluntary Work Program ("VWP") policy in the three years prior to the filing of this action.

*Id.*

GEO filed a petition for interlocutory appellate review of the Court's class certification decision under Fed. R. Civ. P. 23(f) [ECF No. 58] and the Tenth Circuit granted the petition on April 11, 2017 [ECF No. 63]. Subsequently, GEO filed a Motion to Stay these proceedings pending the Tenth Circuit's Rule 23(f) review [ECF No. 69] and Plaintiffs opposed the motion [ECF No. 78]. On June 6, 2017, the Court granted in part and denied in part GEO's motion for a stay, ordering that discovery on class action issues is stayed pending the Tenth Circuit's Rule 23(f) review, but that the following discovery on liability and merits issues shall proceed:

> (1) a Rule 30(b)(6) fact deposition of GEO officials;
>
> (2) a fact deposition of former ICE detention official and current GEO officer David Venturella;
>
> (3) a fact deposition of GEO Assistant Warden Dawn Ceja;
>
> (4) limited requests for production of documents and interrogatories pertaining to the federal government's contracting requirements as to GEO's use of detainee labor and use or threats of use of solitary confinement; and
>
> (5) limited requests for production of documents and interrogatories pertaining to the detention policies, procedures, and oversight employed by GEO at the Aurora Detention Facility.

Stay Order at 2-3.

Additionally, GEO filed a Motion to for a Protective Order [ECF No. 72] and Plaintiffs filed a Motion to Compel [ECF No. 73], regarding disclosures and discovery responses GEO withheld pursuant to the Department of Homeland Security's *Touhy* regulations.

On June 6, 2017, the Court granted Plaintiffs' Motion to Compel and Denied GEO's Motion for a Protective Order, ordering that GEO's discovery responses are stricken, GEO's *Touhy*-related objections are overruled, and that GEO shall provide complete responses to Plaintiffs on all non-class issues as specified in the Court's Stay Order. Order Granting Plaintiffs' Motion to Compel and Denying Defendant's Motion for Protective Order ("*Touhy* Order") at 7-8 [ECF No. 84].[2]

On June 7, 2017, the Court held a scheduling conference with parties, during which the Court explained required changes to the parties' March 31, 2017 Proposed Scheduling Order [ECF No. 61] in light of the Court's *Touhy* Order and Stay Order. *See* June 7, 2017 Hr'g Tr. [ECF No. 95]. On the same day, the Court directed the parties to submit this revised Proposed Stipulated Scheduling Order, including deadlines and discovery limitations for only non-class discovery. Minute Order dated June 7, 2017 [ECF No. 88]. The Court instructed that each party shall be limited to 25 interrogatories, 25 requests for production,

---

[2] The *Touhy* Order instructed GEO to provide complete responses to Plaintiffs on non-class issues on or before June 26, 2017.  On June 7, 2017, the Court order the parties to submit this revised Proposed Scheduling Order, and vacated the June 26, 2017 deadline for GEO to provide complete responses under the *Touhy* Order, but reiterated that consequences for violation of the *Touhy* Order apply to all future discovery. Minute Order dated June 7, 2017 [ECF No. 88].

and 25 requests for admission for this phase of discovery. *Id*.; *see also* June 7, 2017 Hr'g Tr. at 5:1-6.

      b.    <u>Defendant's statement</u>:

GEO operates immigration detention facilities under contracts with the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"), subject to extensive contractual, regulatory and statutory requirements. The Immigration and Nationality Act ("INA") authorizes DHS/ICE to detain aliens awaiting removals or hearings and mandates that ICE detain certain classes of immigrants. See 8 U.S.C. §§ 1225, 1226, 1226a, 1231. DHS/ICE may contract with private entities, such as GEO, to provide secure facilities for confinement. Id. §§ 1231(g), 1103(a), (c).

Since 1986, GEO has operated Colorado's Aurora Detention Facility, where this dispute arises. Persons detained at the Aurora facility are in the lawful custody of ICE. While housed at the facility, detainees have the opportunity to participate in ICE's Voluntary Work Program ("VWP"), where they earn $1 per day for performing certain work. GEO also implements ICE's Housing Unit Sanitation policy, under which detainees are expected to perform basic housekeeping chores to keep their personal living areas clean and sanitary.

Plaintiffs' TVPA claim is not legally actionable. Congress did not intend the TVPA to apply to cases like this one, and Plaintiffs' TVPA claim is barred by the government contractor defense. (See GEO's Motion to Dismiss (Doc. No. 11) at pp. 11-14; GEO's Reply in Support of Motion to Dismiss (Doc. No. 18) at pp. 5-6, 22-28; GEO's Motion for Reconsideration (Doc. No. 29) at pp. 10-23, 29-30.)

5

Plaintiffs' unjust enrichment claim is also legally untenable. Plaintiffs must prove that (1) GEO received a benefit, (2) at the Plaintiffs' expense, (3) under circumstances that would make it unjust for GEO to retain the benefit without commensurate compensation. Lewis v. Lewis, 189 P.3d 1134, 1141 (Colo. 2008). Whether retention of the benefit is unjust involves considering "among other things, the intentions, expectations, and behavior of the parties." Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C., 287 P.3d 842, 847 (Colo. 2012). Specifically, the compensation must be "**reasonably expected**." Britvar v. Schainuck, 791 P.2d 1183, 1185 (Colo. App. 1989) (emphasis added).

It is unlikely that any Plaintiff has a reasonable expectation that his or her VWP job would pay a negotiated or minimum wage because the detainees agreed, in writing, to the $1.00 daily allowance in the Detainee Voluntary Work Program Agreements. And beyond the Plaintiffs' reasonable expectations, the Detainee Voluntary Work Program Agreements preclude Plaintiffs' unjust enrichment claims, as "[a] party generally cannot recover for unjust enrichment . . . when there is an express contract addressing the subject of the alleged obligation to pay." Pulte Home Corp. v. Countryside Cmty. Ass'n, 382 P.3d 821, 833 (Colo. 2016). See also Pernick v. Computershare Trust Co., 136 F. Supp. 3d 1247, 1267–69 (D. Colo. 2015) (holding that the plaintiff's unjust enrichment claim was precluded by a written agreement).

GEO also incorporates by reference the affirmative defenses stated in its Answer.

### 3.  UNDISPUTED FACTS

The following facts are undisputed:

  a. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

  b. The Court may exercise jurisdiction over Plaintiffs' Colorado common law unjust enrichment claims pursuant to 28 U.S.C. § 1367.

  c. The Court has personal jurisdiction over Defendant.

  d. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in the District of Colorado.

  e. Plaintiffs were in the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") custody while detained at GEO's Aurora Detention Facility.

  f. Defendant is a private corporation, which owns and operates the Aurora Detention Facility pursuant to a contract with DHS/ICE.

  g. Some Plaintiffs participated in the "Voluntary Work Program."

  h. Detainees who participate in the Voluntary Work Program are paid $1 per day for their work.

## 4. COMPUTATION OF DAMAGES

Representatives:

Plaintiffs set forth a proposed method for calculating damages in the Proposed Scheduling Order submitted to the Court on March 31, 2017 [ECF No. 61]. Plaintiffs' proposed method for calculating damages is the same for Representatives as for the Class.

Defendant:

GEO disputes that Plaintiffs are entitled to any damages. GEO's implementation of federal policies and programs does not subject it to liability to detainees in the custody of ICE pursuant to the laws of the United States. GEO anticipates offering expert opinions to

rebut Plaintiffs' damages calculations. GEO does not claim damages, but reserves the right to seek its reasonable costs and attorney fees under applicable federal and Colorado law. GEO disputes Plaintiffs' computation of damages and believes that damages must be determined on an individualized basis, if at all.

### 5. REPORT OF SUPPLEMENTAL DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: June 30, 2017

b. Names of each participant and each party represented:

> Andrew Free, Juno Turner, Attorneys for Plaintiffs
> Charlie Deacon, Dana Eismeier, and Mark Emery, Attorneys for Defendant

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

Rule 26(a)(1) disclosures have already been made. The parties intend to timely supplement their respective Rule 26 disclosures. GEO intends to serve Supplemental Rule 26 disclosures and supplemental discovery responses to comply with the Court's *Touhy* Order on or before July 21, 2017.

d. Statement as to when Rule 26(a)(1) disclosures were made or will be made: See above.

e. Statement concerning any agreements to conduct informal discovery:

None.

f. Statement concerning any agreements or proposals regarding electronic discovery:

Consistent with this District's Guidelines Addressing the Discovery of Electronically Stored Information, and in light of Guideline 4, in particular, which instructs that E-discovery is an iterative process, the parties have conferred regarding the conduct of E-discovery in this case and plan to confer further regarding the production of ESI. In order to facilitate an efficient and cooperative E-discovery process, the parties plan to meet and confer regarding a stipulated ESI Protocol. The parties will submit to the Court a stipulated ESI Protocol on or before July 28, 2017.

g. Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:

The Parties are meeting and conferring as to the most convenient and efficient method of deposing any witness located outside the territorial jurisdiction of the United States and will raise any disputes they are unable to resolve with the Court.

h. Statement regarding use of the unified exhibit numbering system:

The parties have previously agreed to use a unified exhibit numbering system.

i. Each party shall set forth its anticipated costs of conducting this litigation, itemizing costs including travel and attorney fees for taking depositions, paralegal expenses, costs of preparations, costs of drafting written discovery, anticipated motions and costs of complying with discovery requests.

Representatives:

Representatives estimate the costs of litigating this case during this phase of limited discovery regarding non-class issues will range from $138,000 - $181,000. GEO's position regarding video-deposition of persons located outside of the United States and the possibility of paroling witnesses located abroad into the United States will impact these

cost estimates.

- Anticipated <u>deposition costs</u> including attorney fees and travel:
    - $125,000
- Anticipated attorney fees for <u>drafting written discovery</u>:
    - $3,000
- Anticipated attorney fees for <u>responding to written discovery</u>:
    - $5,000 - $40,000, depending on scope
- Anticipated costs and attorney fees of <u>briefing discovery-related motions</u>:
    - $5,000 - $10,000, if applicable, depending on scope of motion.
- Additional miscellaneous costs and expenses:
    - $500 - $3,000

<u>Defendant</u>:

GEO estimates the costs and fees associated with litigating this phase of limited discovery will total between 210,000 and $465,000**.** GEO plans to depose the named Plaintiffs during this discovery period. GEO reserves the right to amend this estimate. Below is an itemization of this estimate.

- Anticipated <u>deposition costs</u> including attorney fees and travel: $75,000 to $150,000.

- Anticipated costs and attorney fees for <u>drafting written discovery</u>: $10,000 to $15,000.

- Anticipated costs and attorney fees for <u>responding to written discovery</u>:

$50,000 to $200,000, depending upon the scope of the requests.

- Anticipated costs and attorney fees for <u>briefing dispositive motions</u>: $75,000 to $100,000.

- Defendant's anticipated <u>expert witness costs and fees</u>: Not known at this time.

### 6. CASE PLAN AND SCHEDULE

The plan and schedule must include the following items:

**a.   Deadline for Joinder of Parties**

The Parties agree the deadline for joinder of Parties has passed.

**b.   Deadline to Amend Pleadings**

Pursuant to the Court's order, the parties will propose a deadline to amend pleadings after the Tenth Circuit has ruled on the Rule 23(f) appeal of the Court's class certification order. *See* June 7, 2017 Hr'g Tr. at 6:4-8.

**c.   Discovery Cut-off**

The parties will complete the limited discovery ordered by the Court on non-class issues, see Stay Order at 2-3, by February 2, 2018.

**d.   Dispositive Motion Deadline**

In the event that either party anticipates filing a dispositive motion during the limited discovery period, they will confer with the other party as to the briefing schedule prior to filing.

**e.   Expert Witness Disclosure**

The parties will propose deadlines for expert witness disclosures with the revised Proposed Scheduling Order following the issuance of the Tenth Circuit's mandate on GEO's Rule 23(f) appeal.

**f.      Deposition Schedule**

Representatives:

Representatives anticipate deposing the following individuals:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| 4. GEO 30(b)(6) Witness | TBD | TBD | 7 hours |
| 5. David Venturella | TBD | TBD | 7 hours |
| 6. Dawn Ceja | TBD | TBD | 7 hours |

Defendant:

GEO anticipates deposing the following individuals:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| 1. Alejandro Menocal | TBD | TBD | 7 hours |
| 2. Marcos Brambila | TBD | TBD | 7 hours |
| 3. Grisel Xahuentitla | TBD | TBD | 7 hours |
| 4. Hugo Hernandez | TBD | TBD | 7 hours |
| 5. Lourdes Argueta | TBD | TBD | 7 hours |
| 6. Jesus Gaytan | TBD | TBD | 7 hours |
| 7. Olga Alexaklina | TBD | TBD | 7 hours |
| 8. Dagoberto Vizguera | TBD | TBD | 7 hours |

| 9. Demetrio Valerga | TBD | TBD | 7 hours |
|---|---|---|---|

### g. Schedule for Interrogatories and Requests for Admission

Responses shall be made forty-five (45) days after service of the corresponding discovery request.

### h. Schedule for Request for Production of Documents

Responses shall be made forty-five (45) day after service of the corresponding discovery request.

### i. Discovery Limitations

(1)   Any limits any party proposes on the length of any deposition:

Unless stipulated by the parties, or authorized by the Court, a deposition is limited to one (1) day of seven (7) hours per Rule 30(d)(1).

(2)   Any modifications any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:

Per the Court's orders on the record during the June 7, 2017 scheduling conference, Plaintiffs and Defendant are each permitted 25 interrogatories, 25 requests for admission, and 25 requests for production of documents during this limited phase of discovery.  *See* June 7, 2017 Hr'g Tr. at 5:3-6.

(3)   Any limitations any party proposes on the number of requests for production of documents and/or requests for admissions:

See above.

### j. Other Planning or Discovery Orders

The Parties remain bound by the confidentiality order entered by this Court. [Doc.

No. 47]

### 7. SETTLEMENT

The Parties certify that they have discussed the possibilities for settlement or resolution of the case by alternative dispute resolution. The Parties do not believe that it would be beneficial at this time to appoint a magistrate judge for settlement purposes.

### 8. OTHER SCHEDULING ISSUES

a. Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

None.

b. Statement of anticipated motions-to be filed, by whom, estimated time of filing, and any proposed briefing schedule:

Representatives:

Representatives may file discovery motions in the event that discovery disputes arise concerning privilege or other objections during this limited phase of discovery.

Defendant:

- GEO may file a motion to dismiss for failure to join an indispensable party with respect to Plaintiffs' TVPA claim. This issue may be raised at any time, even *sua sponte*. *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)); *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 382–83 (2d Cir. 2006) (citing cases).

- GEO may file additional motions to dismiss related to GEO's affirmative and other defenses.

- GEO will file a motion for summary judgment by the dispositive motion deadline.

- GEO may file a motion to decertify the two classes in this action.

- GEO may file an additional motion to stay proceedings in an appropriate court, if warranted by future circumstances.

c.  Statement whether trial is to the court or jury. If a mixed trial, e.g. declaratory judgment and damages, specify which claims are to tried to a jury and which to the court.

<u>Representatives</u>: Trial as to liability and damages on both claims is to the Court.

<u>Defendant</u>: Trial is to a jury. (*See* Answer, Doc. No. 26, p. 16.)

## 9. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon. As stated elsewhere herein, I will almost always grant stipulated motions for extensions of time and changes in deadlines up to and including the signing of a pretrial order. If the parties cannot agree on such extensions, my inclination is, the absence of abuse, to be permissive. On the contrary, I am not permissive or lenient in changing trial dates.

DATED this 14th day of July, 2017

BY THE COURT:

*John L. Kane*
JOHN L. KANE, Senior Judge
United States District Court

**STIPULATED SCHEDULING AND DISCOVERY ORDER APPROVED:**

By: /s/Alexander Hood

Alexander Hood
David Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
E-Mail: pdl@outtengolden.com

By: /s/ Dana Eismeier

Dana Eismeier
**BURNS, FIGA & WILL**
Suite 1000
6400 S. Fiddlers Green Circle
Greenwood Village, Colorado 80111
T: (303) 796-2626
deismeier@bfwlaw.com

Mark Emery
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
(202) 662-0210
mark.emery@nortonrosefulbright.com

Charles A. Deacon
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street
San Antonio, Texas 78205
(210) 270-7133
charlie.deacon@nortonrosefulbright.com

*Counsel for Defendants*

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*