# Exhibit B



**U.S. Department of Justice**

Robert C. Troyer
United States Attorney
District of Colorado

Timothy B. Jafek
303-454-0104
timothy.jafek@usdoj.gov

*1225 17th Street, Suite 700*
*Denver, CO  80202*

August 21, 2018

**By email and First-class mail**

Alexander Neville Hood
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:Alex@towardsjustice.Org

Charles A. Deacon
Norton Rose Fulbright US LLP-San Antonio
300 Convent Street Suite 2200
San Antonio, TX  78205
Email:Charlie.Deacon@nortonrosefulbright.Com

*Additional addressees starting on page 4*

      **RE:**    *Menocal*, et al. *v. The GEO Group*, 14-cv-02887-JLK

Dear Counsel:

      I write to clarify the government's position regarding the need for, and scope of, U.S. Immigration and Customs Enforcement (ICE) review of documents before they are released in discovery in the subject case.  So that the parties are informed in advance of further discovery proceedings, including the August 22, 2018 submission of an Amended Proposed Stipulated Scheduling Order, *see* ECF No. 135, this letter provides an overview of ICE's potential need to review documents that may be the subject of discovery in this matter.

      As a general matter, ICE only needs to review records that are owned by ICE, or that contain ICE information.  Records that are owned or created solely by contractors, such as The GEO Group (GEO), or records that solely contain contractor information, do not need to be

1

reviewed by ICE, except to the extent such records contain ICE information.  ICE is willing to work with the parties to determine which categories of responsive records will need to be reviewed by ICE.

As you may be aware, the Privacy Act, 5 U.S.C. § 552a, generally prohibits the disclosure of an agency record about an individual absent the written consent of the individual, unless a statutory exception applies.  This disclosure restriction applies to both federal agencies and their contractors.  Although 5 U.S.C. § 552a(b)(11) permits disclosure pursuant to a qualifying court order, it appears that the protective order currently in effect in this case, *see* ECF No. 45, does not authorize production pursuant to the Privacy Act.  Before any disclosure subject to the Privacy Act may be made, the entry of an appropriate protective order is required.  To the extent that an appropriate Protective Order is entered in this matter, it may also aid in limiting the voluminous redactions that would need to take place to protect against disclosure of personally identifiable information covered by the Privacy Act or the DHS Privacy Policy.  Disclosures prohibited by the Privacy Act include any data that could potentially identify a specific individual, or any information that can be used to distinguish one person from another and can be used for deanonymizing anonymous data, including but not limited to detainee names and alien numbers.

Additionally, it is my understanding that certain documents that Plaintiffs, Defendant, or both, have requested or intend to produce in this matter, or may request or may intend to produce in this matter, may contain information that is subject to the statutory and regulatory disclosure restrictions described below ("Covered Information").  As a result, prior to any production of Covered Information, review by ICE will be necessary to ensure compliance with such restrictions and with ICE policy.

Absent an applicable exception, the following federal statutes and regulations prohibit disclosure of records that may be the subject of discovery in this case:

- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for relief, whether pending or approved, under the Violence Against Women Act;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for a T Visa, concerning trafficking victims;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for a U Visa, concerning victims of crimes;
- 8 U.S.C. § 1255a(c)(5) prohibits disclosure of information relating to Legalization/Special Agricultural Worker claims; and
- 8 C.F.R. § 208.6 prohibits disclosure of information contained in or pertaining to an asylum application (which ICE has also applied to refugee applications), information

pertaining to a credible fear determination pursuant to 8 C.F.R. § 208.30, and records pertaining to a reasonable fear determination pursuant to 8 C.F.R. § 208.31.

The consequences for unauthorized disclosure of these categories of records include criminal and civil penalties. In addition, these categories of information cannot be disclosed, even with a protective order in place. Thus, in order to ensure compliance with these statutory and regulatory requirements, ICE must conduct a review of any Covered Information before it is produced in discovery so that the appropriate redactions and withholdings can be applied.[1] The time needed for ICE to complete any such review will depend on the volume and nature of the Covered Information at issue. For example, to protect against inadvertent disclosure of information pertaining to a credible-fear determination, a page-by-page review of certain records may be required. ICE is committed, however, to working with the parties to allow discovery to proceed on a reasonable timetable, and the agency intends, subject to resource constraints, to allocate resources to any necessary document review.

In the event that either party anticipates producing documents that contain, or are likely to contain, Covered Information, please contact me at your earliest convenience so that ICE may make necessary arrangements for document review, as the redactions necessary to protect these categories of information will take a considerable amount of time.

Thank you in advance for your cooperation in this matter. Should you have any questions or concerns regarding the above, please do not hesitate to contact me.

Sincerely,

*s/ Timothy B. Jafek*
Timothy B. Jafek
Assistant U.S. Attorney

cc:   ICE counsel

---

[1] In addition to the disclosure prohibitions noted above, legal privileges or law-enforcement sensitivities may also prevent the disclosure of certain information.

**Additional addressees:**

*Plaintiffs' counsel:*

Andrew H. Turner
Kelman Buescher Firm
600 Grant Street Suite 825
Denver, CO  80203
Email:Aturner@laborlawdenver.Com

Hans Christopher Meyer
Meyer Law Office, P.C.
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO  80204
Email:Hans@themeyerlawoffice.Com

P. David Lopez
Outten & Golden, LLP-DC
601 Massachusetts Avenue Nw 2nd Floor West Suite
Washington, DC  20001
Email:Pdl@outtengolden.Com

Ashley Kathryn Boothby
Kelman Buescher Firm
600 Grant Street Suite 450
Denver, CO  80203
Email:Aboothby@laborlawdenver.Com

David Hollis Seligman
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:David@towardsjustice.Org

Juno E. Turner
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY  10017
Email:Jturner@outtengolden.Com

Ossai Miazad
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY  10017
Email:Om@outtengolden.Com

Rachel Williams Dempsey
Outten & Golden, LLP-San Francisco
One California Street 12th Floor
San Francisco, CA  94111
Email:Rdempsey@outtengolden.Com

Robert Andrew Free
R. Andrew Free Law Office
414 Union Street Suite 900
Email:Andrew@immigrantcivilrights.Com

Brandt Powers Milstein
Milstein Law Office
1123 Spruce Street
Boulder, CO  80302
Email:Brandt@milsteinlawoffice.Com


*Defendant's counsel:*

Dana L. Eismeier
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email:Deismeier@bfwlaw.Com

Mark Thomas Emery
Norton Rose Fulbright US LLP-DC
799 9th Street Suite 1000
Washington, DC  20001-4501
Email:Mark.Emery@nortonrosefulbright.Com

Michael York Ley
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email:Mley@bfwlaw.Com