IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE GEO GROUP, INC.,

        Defendant.

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REQUEST FOR DEPOSITIONS OF ABSENT CLASS MEMBERS**

GEO respectfully requests the Court's permission to take depositions of absent class members to test and rebut various aspects of Plaintiffs' claims, including the inference of causation on Plaintiffs' TVPA claim, 18 U.S.C. § 1589. Plaintiffs invoke *CGC Holding Co. v. Broad & Cassel*, 773 F.3d 1076 (10th Cir. 2014), and rely on an inference to establish the "by means of" element in § 1589; specifically, Plaintiffs will ask the jury to infer from what Plaintiffs claim is classwide proof that the class members cleaned their general use areas because of GEO's implementation of the government's policies that required class

1

members to do so. This Court and the Tenth Circuit have allowed Plaintiffs to rely on such an inference in this case. (*See* ECF No. 57, p. 13.) Based on recent precedent in this Circuit, and without waiving its position that the requirements of Rule 23 of the Federal Rules of Civil Procedure have not been and cannot be satisfied in this case, GEO seeks to depose a random sample of ninety-six absent class members (out of the class of 50,000–60,000) in the United States, or, if necessary, North America, to test and rebut this inference and, in those depositions, also develop evidence to defend the unjust enrichment claim.

## I.   Legal Standard

"A defendant in a class action has a due process right to raise individual challenges and defenses to claims," and a class action should not proceed "in a way that eviscerates this right or masks individual issues." *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013). *See also* 3 NEWBERG ON CLASS ACTIONS § 9:11 (5th ed. June 2018) ("[A] defendant has a due process right to so defend itself and should not be unfairly prejudiced by being unable to develop its case.") (hereinafter "NEWBERG"). "Whether a defendant's due process interest is violated depends on the nature of the class action, the plaintiff's theory of recovery, and the defendant's opportunity to contest liability and the amount of damages it owes." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 669–70 (7th Cir. 2015). The question is "whether the defendant will receive a fair opportunity to present its defenses." *Id.* at 670.

Balancing a defendant's due process rights against the goals of a class action, most courts hold that "discovery from absent class members is not forbidden but rather is disfavored, with limited discovery being permitted on certain showings in particular circumstances." NEWBERG § 9:11. While there is no uniform test for allowing discovery from absent class members, and the Tenth Circuit has not addressed the issue, federal courts generally apply a multi-factor test that analyzes whether the information sought is "necessary to a trial of issues affect[ing] the class as a whole, rather than issues relating to individual claims," not "readily obtainable from other sources," and is not "unduly burdensome" and is sought for a proper purpose. *In re Qwest Commc'ns Int'l., Inc. Sec. Litig.*, 283 F.R.D. 623, 625–26 (D. Colo. 2005) (citation omitted); *see also* NEWBERG § 9:11 (same).

## II.   GEO's Requested Discovery

This case is similar to *Roberts v. C.R. England, Inc.*, No. 12-cv-0302, 2017 WL 5312116 (D. Utah Nov. 13, 2017), in which the court considered whether to allow the defendant to conduct depositions of one hundred absent class members to overcome an inference of causation under *CGC Holding*. The magistrate judge thoroughly reviewed the applicable law and applied the three-part test from *In re Qwest*, 283 F.R.D. at 625–26. The magistrate judge allowed the defendant to take depositions of absent class members, provided the defendant produced statistical evidence on the appropriate number of depositions. The defendant subsequently provided an affidavit from an expert statistician

3

identifying and explaining that ninety-six depositions were appropriate.  After receiving that affidavit, the district court upheld the magistrate judge's recommendation.  *Roberts v. C.R. England, Inc.*, No. 12-cv-0302 (D. Utah May 22, 2018) (attached as Exhibit A).

Similar discovery is necessary and appropriate in this case.  Attached as Exhibit B is a declaration from Anthony Hayter, Ph.D. Dr. Hayter is a full professor in the Department of Business Information and Analytics at the University of Denver.  He has post-graduate degrees from Cambridge University and Cornell University, lectures nationally and internationally, and has authored a probability and statistics textbook used at universities around the world.  In Dr. Hayter's opinion, a sample size of ninety-six absent class member depositions, out of the TVPA class of 50,000-60,000 detainees, is appropriate in this case.

### III.   Analysis

**A.   GEO's requested discovery is legally supported.**

GEO's requested discovery is necessary, not unduly burdensome, and aimed at issues that affect the class generally.  *See* NEWBERG § 9:11; *In re Qwest*, 283 F.R.D. at 625–26.

First, as in *Roberts*, the requested depositions are necessary because they will go directly to one of GEO's core defenses on the merits, which will focus on testing the inference of causation upon which Plaintiffs' TVPA claim relies.  Notwithstanding the inference of causation, "there will be a need for additional evidence" on the issue of

4

causation at trial. *Roberts*, 2017 WL 5312116, at *5. The best evidence as to whether the class members' labor was obtained "by means of" GEO's alleged conduct is the testimony of the class members themselves. GEO should have an opportunity to develop that evidence to test the inference of causation and rebut that inference at trial. If GEO is precluded from doing so, GEO will not have "a fair opportunity to present its defenses." *Mullins*, 796 F.3d at 670. Indeed, the TVPA class relies, perhaps exclusively, on the *CGC Holding* inference to prove the necessary element of causation. GEO seeks to determine whether that common inference holds true for a random sample of detainees. Like the defendant in *Roberts*, GEO should be allowed to conduct the discovery necessary for a fair opportunity to present its defense. Because the unjust enrichment class is subsumed within the TVPA class (as those classes are certified), GEO should also be permitted to elicit information relevant to the unjust enrichment claim. This is especially true given the time and other limitations GEO proposes. (*See* Section III(B) *infra*.)

Moreover, and like the plaintiffs in *Roberts*, Plaintiffs have indicated that they may use yet-to-be-identified absent class members, apparently from either or both classes, as trial witnesses. (*See* ECF No. 139, p. 15.) Plaintiffs have also previously submitted declarations from absent class members of both the TVPA class and the unjust enrichment class to support their claims. (*See* ECF Nos. 49-7, 49-8, 49-9.) There is no indication in the *Roberts* decision that the plaintiffs in that case went so far as to submit declarations from absent class members. Rather, the *defendant* submitted twenty-eight absent class

5

member declarations in opposing class certification, which the judge found to be merely "anecdotal evidence." 2017 WL 5312116, at *1, 5. Plaintiffs' own use of absent class members in this case emphasizes their importance and the need for the requested depositions.

Second, the testimony GEO seeks through these depositions is not available from other sources. GEO has a right to defend itself from Plaintiffs' claims, and it is entitled to do that by marshalling its own evidence through its own means. And while it is true that class counsel has hand-picked certain detainees for its own purposes, there is no basis for limiting GEO's defense to only those detainees. Rather, GEO should have an opportunity to develop its own random sample of detainee testimony. Limiting the available evidence to just the detainees class counsel has selected would, among other things, unfairly force GEO "to defend against a fictional composite without the benefit of deposing or cross-examining the disparate individuals behind the composite creation." *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 345 (4th Cir. 1998). *See also* NEWBERG § 9:17 ("If the court permits the plaintiff to select which class members are subject to discovery, it risks creating an unfairly strong composite plaintiff."). To avoid such unfairness, the Court "may elect to permit evidence regarding an appropriate sample size for discovery purposes." NEWBERG § 9:17. That is precisely what GEO seeks.

Third, the requested discovery is not unduly burdensome. Ninety-six depositions would constitute less than 0.2% of the TVPA class. Further, as noted in *Roberts* (which

6

dealt with a much smaller class), a lesser amount of discovery could be characterized as merely "anecdotal" and insufficient to overcome the inference of causation. Plaintiffs seek millions of dollars from GEO on their claims and intend to prove the "by means of" element in § 1589 by relying on the *CGC Holding* inference of causation. GEO should have an opportunity to test and rebut that inference.

**B.     GEO proposes appropriate limitations on the depositions.**

GEO acknowledges that the depositions of the random sample of detainees ultimately deposed could be unwelcome, but that is not a reason to deny the requested discovery. GEO's counsel is experienced and professional and has no intention of harassing or intimidating anyone. Class counsel has the right to attend any and all depositions and fully inform the class member of his or her rights. Further, GEO proposes that the depositions be conducted after the deadline to opt out of the class. This would ensure that only class members are deposed and that the decision to opt out is not influenced by a pending deposition.

To reduce the burden of the absent class member depositions, GEO would depose a random sample of class members who are currently in the United States, or North America if necessary. It would also limit the length of each deposition to three hours for English-speaking individuals. GEO is not at this time seeking an order to dismiss class members who do not appear for the deposition. These limitations would adequately protect absent

7

class members while preserving GEO's due process right to a fair opportunity to defend itself.

## IV. Conclusion

WHEREFORE, GEO respectfully requests that the Court allow GEO to take the depositions of a random sample of ninety-six absent class members.

Respectfully submitted this 30th day of August, 2018.

    S/ Dana L. Eismeier
Dana L. Eismeier (#14379)
Michael Y. Ley (#43733)
BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone Number:  303-796-2626

David G. Palmer, Esq.
Naomi Beer, Esq.
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
(303) 572-6500

Charles A. Deacon, Esq.
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2100
San Antonio, TX  79205-3792
(210) 270-7133

Mark Emery, Esq.
NORTON ROSE FULBRIGHT US LLP
799 9th Street, NW, Suite 1000
Washington, DC  20001-4501
(202) 662-0210

**Attorneys for Defendant
The GEO Group, Inc.**

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of August, 2018, I electronically filed the foregoing **DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS REQUEST FOR DEPOSITIONS OF ABSENT CLASS MEMBERS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following or deposited a copy of the filing in the United States mail, postage prepaid, addressed as follows:

| | |
|---|---|
| Brandt Milstein, Esq.<br>Milstein Law Office<br>5959 Canyon Boulevard<br>Boulder, CO 80302 | Andrew Turner, Esq.<br>Ashley Boothby, #46571<br>The Kleman Buescher Firm<br>600 Grant Street, Suite 825<br>Denver, CO 80203 |
| Alexander Hood, Esq.<br>Towards Justice<br>1410 High Street<br>Denver, CO 80218 | Hans Meyer, Esq.<br>Meyer Law Office, P.C.<br>P.O. Box 40394<br>Denver, CO 80204 |
| R. Andrew Free, Esq.<br>Law Office of R. Andrew Free<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219 | Charles A. Deacon, Esq.<br>Norton Rose Fulbright US LLP<br>300 Convent Street, Suite 2200<br>San Antonio, TX 79205-3792 |
| Mark Emery, Esq.<br>Norton Rose Fulbright US LLP<br>799 9th Street, NW, Suite 1000<br>Washington, DC 20001-4501 | Ashley Kathryn Boothby, Esq.<br>Kelman Buescher Firm<br>600 Grant Street, Suite 450<br>Denver, CO 80203 |
| P. David Lopez, Esq.<br>Outten & Golden, LLP<br>601 Massachusetts Ave. NW<br>2nd Floor West Suite<br>Washington, DC 20001 | Ossai Miazad, Esq.<br>Elizabeth V. Stork, Esq.<br>Juno E. Turner, Esq.<br>Outten & Golden, LLP<br>685 Third Ave., 25th Floor<br>New York, NY 10017 |
| David Hollis Seligman, Esq.<br>Towards Justice<br>1410 High Street<br>Denver, CO 80218 | Rachel W. Dempsey, Esq.<br>Outten & Golden LLP<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>rdempsey@outtengolden.com |

9

David G. Palmer, Esq.
Naomi Beer, Esq.
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO 80202
(303) 572-6500
Palmerdg@gtlaw.com
Beern@gtlaw.com

                                      S/ Dana L. Eismeier
                                      Dana L. Eismeier
                                      BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone:	303-796-2626
Fax:	303-796-2777
Email:	mley@bfwlaw.com

**Attorneys for Defendant**
**The GEO Group, Inc.**

10