Case No. 1:14-cv-02887-JLK-CYC   Document 143-1   filed 08/30/18   USDC Colorado
                                    pg 1 of 6
        Case 2:12-cv-00302-RJS-BCW   Document 467   Filed 05/22/18   Page 1 of 6

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES ROBERTS, an individual, and KENNETH MCKAY, an individual, on behalf of themselves and others similarly situated, | **ORDER OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE WELLS' ORDER** |
| Plaintiffs, | |
| v. | Case No. 2:12-cv-00302-RJS-BCW |
| C.R. ENGLAND, INC., a Utah corporation; OPPORTUNITY LEASING, INC., a Utah corporation; and HORIZON TRUCK SALES AND LEASING, LLC, a Utah Limited Liability Corporation, | Judge Robert J. Shelby<br>Magistrate Judge Brooke C. Wells |
| Defendants. | |

Plaintiffs object to and move the court to set aside Magistrate Judge Wells' Order Granting In Part Defendants' Motion to Amend the Fourth Amended Scheduling Order and for Approval to Depose Absent Class Members.[1]  Because Judge Wells' Order is not clearly erroneous or contrary to law, the court OVERRULES Plaintiffs' objection.

## BACKGROUND

On May 5, 2017, Defendants filed a Motion to Amend the Scheduling Order.[2] Defendants sought leave to take 100 depositions of absent class members in order to "rebut the inference of reliance and causation and to demonstrate the individual disparity in damages."[3] After oral argument and supplemental briefing, Judge Wells granted in part Defendants' request

---

[1] Dkt. 410.

[2] Dkt. 335.

[3] Dkt. 335 at 2.

1

**EXHIBIT A**

Case No. 1:14-cv-02887-JLK-CYC   Document 143-1   filed 08/30/18   USDC Colorado
pg 2 of 6
Case 2:12-cv-00302-RJS-BCW   Document 467   Filed 05/22/18   Page 2 of 6

to take absent class member depositions.[4] However, Judge Wells found the proposed number of depositions to be unsupported, and therefore ordered Defendants to propose a "statistically significant sample size based on the work of an expert in this case."[5] Plaintiffs objected to Magistrate Judge Wells' Order and asked the court to set it aside, arguing Judge Wells held Defendants to the wrong burden and misapplied the requisite factors.[6]

The court ordered Defendants to respond to Plaintiffs' Objection.[7] Before briefing was complete on the Objection, Defendants submitted the declaration of statistician Ted Tatos.[8] Tatos stated that a sample size of 96 drivers in this case would fall within "commonly accepted precision and confidence levels."[9] The court stayed further consideration of Defendants' Motion and the Tatos submission pending resolution of Plaintiffs' Objection.[10]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a magistrate judge's decision on a non-dispositive matter should be set aside only if it is "clearly erroneous or contrary to law." Under this deferential standard, the court must affirm unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed."[11]

## ANALYSIS

Plaintiffs contend that Judge Wells clearly erred by 1) relaxing Defendants' burden, and 2) misapplying the requisite factors. The court addresses each argument in turn.

---

[4] Dkt. 405.

[5] Dkt. 405 at 12.

[6] Dkt. 410.

[7] Dkt. 438.

[8] Dkt. 432.

[9] Dkt. 432-1 at ¶ 28.

[10] Dkt. 442.

[11] *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quotation omitted).

**EXHIBIT A**

1. **Defendants' Burden**

Judge Wells required Defendants to make a strong showing that the requested depositions were necessary, but found their burden was "slightly relaxed."[12] Plaintiffs argue Judge Wells' decision to relax Defendants' burden was clearly erroneous.

No controlling authority provides the standard when a party seeks discovery of absent class members. In crafting a standard, Judge Wells considered the general rule disfavoring discovery from absent class members and noted that other courts consistently place the burden on the party seeking discovery. Judge Wells thus required Defendants to make a "strong showing" that the proposed discovery would be necessary. But based on Defendants' stated purpose for the proposed discovery – to rebut the inference of reliance and causation– and the Tenth Circuit's distinction between an inference and presumption of reliance,[13] Judge Wells found Defendants' burden could be "slightly relaxed."[14]

Given the absence of controlling law on this issue, it was neither clearly erroneous near contrary to law for Judge Wells both to define Defendants' burden and to "slightly relax" that burden.[15] Plaintiffs' objection to this part of the Order is overruled.

---

[12] Dkt. 405 at 6.

[13] In *CGC Holding Co. v. Broad and Cassel*, the Tenth Circuit distinguished between a presumption of reliance and an inference of reliance. 7734 F.3d 1076, 1094 n.12 (10th Cir. 2014). Whereas a presumption is a "legal conclusion that will alter the plaintiffs' burden of proof" at trial, an inference is "simply a commonsense deduction based on the facts presented that plaintiffs can use to satisfy Rule 23(b)." *Id*. In this case, the court found in its Certification Order that "an inference of reliance and causation is warranted." Dkt. 304 at 95. In light of the distinction laid out in *CGC Holding*, Judge Wells concluded that "the required burden to obtain discovery to rebut an inference [is] less than that necessary where a presumption is established." Dkt. 405 at 7.

[14] Dkt. 405 at 6.

[15] *See Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) (affirming a discovery ruling because "the magistrate judge acted well within the limits of his sound discretion" and made a ruling that "clearly fell within the bounds of permissible choice in the circumstances").

**EXHIBIT A**

### 2. Application of the Factors

In the absence of a controlling standard, Judge Wells reviewed the case law and decided to use the following *Qwest* factors[16] to guide her analysis:

> (1) whether the information sought is necessary to a trial of issues affect[ing] the class as a whole, rather than issues relating to individual claims; (2) the information sought must not be readily obtainable from other sources; and (3) the discovery must not be unduly burdensome and not demanded for an improper purpose.[17]

Plaintiffs do not object to Judge Wells' reliance on these factors, but contend her application of them was clearly erroneous.[18]

Plaintiffs first argue Judge Wells "failed to conduct the analysis required" for the first factor. But Judge Wells considered the first factor and found "persuasive value" in Defendants' argument that the depositions would provide necessary evidence on the issues of causation and reliance affecting the entire class.[19] And as discussed below, Judge Wells ordered Defendants to submit expert evidence showing the proposed depositions would provide a "statistically significant sample size."[20] Plaintiffs claim Judge Wells erred in her analysis of this factor by "misinterpret[ing] and . . . reject[ing]"[21] several cases from outside the Tenth Circuit. The court has reviewed those cases and does not find Judge Wells' treatment of them to be clearly

---

[16] These factors come from *In re Qwest Commc'ns Int'l Inc. Sec. Litig.*, 283 F.R.D. 623 (D. Colo. 2005).

[17] Dkt. 405 at 7 (quotations omitted).

[18] Dkt. 410 at 11.

[19] Dkt. 405 at 8-9.

[20] Dkt. 405 at 12.

[21] Dkt. 410 at 17.

**EXHIBIT A**

erroneous.  Plaintiffs' "[m]ere disagreement with [the] decision is insufficient to justify Rule 72(a) relief."[22]

Plaintiffs also contend Judge Wells "abdicated her role" in determining whether the information Defendants seek is obtainable from other sources and whether the discovery would be unduly burdensome.  Not so.  Judge Wells acknowledged that the information could come from less-burdensome discovery methods, but ultimately found the information "must come from the drivers" and that the use of depositions, though burdensome, was "proportional to the needs of the case."[23]

Plaintiffs next argue Judge Wells erred because her conclusion that the use of depositions was proportional to the case was premature.  Judge Wells granted Defendants' request to take depositions of absent class members, but ordered them to submit a new proposed number of depositions, supported by expert evidence showing the depositions would achieve a "statistically significant sample size."[24]  According to Plaintiffs, this was erroneous because "it is simply impossible to calculate a proportion when the primary numeric input has not yet been determined."[25]  But by ordering the expert evidence, Judge Wells conditioned her ruling on proof from Defendants that the number of depositions would be necessary for the purpose they are meant to serve (to rebut the inference of causation and reliance on a class-wide basis), and would be proportional.  To the extent Plaintiffs contest the sufficiency of Defendants' recent expert submission on this point, they may challenge it directly.

---

[22] *Carpenter v. Southwestern Bell Telephone Co.*, No. 12-1284-CM, 2013 WL 4011068 (10th Cir. Aug. 6, 2013).

[23] Dkt. 405 at 9-11.

[24] Dkt. 405 at 12.

[25] Dkt. 410 at 20.

**EXHIBIT A**

Case No. 1:14-cv-02887-JLK-CYC   Document 143-1   filed 08/30/18   USDC Colorado
Case 2:12-cv-00302-RJS-BCW   Document 467   Filed 05/22/18   Page 6 of 6
pg 6 of 6

Finally, Plaintiffs ask the court to set aside Judge Wells' Order because it is "unprecedented." Even if Plaintiffs are correct, they provide no authority to support the conclusion that a magistrate judge's decision should be set aside because it is unprecedented.

## CONCLUSION

After reviewing the case law, the briefing, and Judge Wells' Order, the court is not left with a "definite and firm conviction that a mistake has been committed." Because Judge Wells' Order is not clearly erroneous or contrary to law, Plaintiffs' Objection[26] is OVERRULED. The stay[27] entered February 23, 2018 is lifted.

**SO ORDERED** this 22nd day of May, 2018.

BY THE COURT

ROBERT J. SHELBY
United States District Judge

---

[26] Dkt. 410.

[27] Dkt. 442.

**EXHIBIT A**