# Exhibit B

APR. 13. 2010 4:41PM Case No. 1:14-cv-02887-JLK-CYC Document 144-3 filed 08/30/18 USDC Colorado NO. 608 P. 3
Case 4:08-cv-10310-CSR pg 2 of 4
Case 4:08-cv-10310-CSR Document 137-2 Filed 04/20/10 Page 2 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
GAMZE ZIVALI, Individually and on behalf : ECF Case
of all other Similarly Situated Employees,
                    Plaintiff,

v. : Case No. 08-cv-10310 (JSR)

AT&T MOBILITY, LLC, et al.,
                       : UPDATED CASE MANAGEMENT PLAN
                Defendants.
------------------------------------------------------- x

**This Court requires that this case shall be ready for trial on AUGUST 9, 2010**

    After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case _is_ to be tried to a jury.

B.    Joinder of additional parties must be accomplished by **March 4, 2009**.

C.    Amended pleadings may be filed without leave of Court until **March 4, 2009**.

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1.    Documents. First request for production of documents, if any, must be served by **February 12, 2009**. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

    2.    Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by **February 12, 2009**. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-20-10

3.  **Experts.** Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **May 25, 2010**. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **June 15, 2010**. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

4.  **Depositions.** All depositions (including any expert depositions, see item 3 above) must be completed by **July 9, 2010**. Defendant may take up to 30 depositions of randomly-selected opt in plaintiffs, each not to exceed two hours. Depositions shall proceed concurrently, with no party having priority. For depositions other than opt in plaintiffs, no deposition shall extend beyond one business day without prior leave of the Court.

5.  **Timing of Written Discovery** [~~To Be Resolved By the Court~~].

    ~~Plaintiffs' Clause:~~ All parties will produce all outstanding documentary and written discovery on a rolling basis to be completed no later than **May 14, 2010** (30 days from service of Defendant's questionnaires).

    ~~Defendant's Clause: Plaintiffs will produce responses to Defendant's 30 questionnaires on a rolling basis to be completed no later than May 4, 2010. Defendant will respond to Plaintiffs' written and documentary discovery on a rolling basis to be completed no later than June 9, 2010 (60 days from service of Plaintiffs' Second Set of Requests for the Production of Documents).~~

6.  **Requests to Admit.** Requests to admit must be served by **June 9, 2010**.

7.  All discovery is to be completed by **July 9, 2010**. Interim deadlines for items 1-6 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.  Plaintiff shall file a motion for an order authorizing the claim to proceed on a collective action basis and to approve the form of the notice and individuals to whom it shall be sent by **February 20, 2009**. Opposition shall be filed by **March 12, 2009** and Plaintiffs Reply shall be field by **March 23, 2009**.

F.  The Rule 23 Class Certification Motion and Motion for Decertification of the Collective Action shall be filed by **July 6, 2010**. Oppositions shall be filed by **July 27, 2010** and reply papers shall be filed by **August 6, 2010**.

G.  Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week

following the close-of-discovery date (item D-6 above) and provided that the moving papers are served by **July 16, 2010**, answering papers by **July 31, 2010**, and reply papers by **August 6, 2010**.[the last of these days being no later than six weeks following the close of discovery]. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

H.  A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on  Aug. 19, 2010, 3 PM [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

I.  All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

JED S. RAKOFF
U.S.D.J.

DATED: New York, New York
4/19/10