IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALEGRA,
on their own behalf and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE GEO GROUP, INC.,

        Defendant.

**ORDER DENYING DEFENDANT'S REQUEST TO DEPOSE
ABSENT CLASS MEMBERS (ECF NO. 143)**

Kane, J.

On August 30, 2018, Plaintiffs and Defendant filed opposing briefs regarding Defendant's request to depose 96 absent class members. Defendant, The GEO Group, Inc., contends that such depositions are necessary for it to "test and rebut various aspects of Plaintiffs' claims, including the inference of causation on Plaintiffs' [Trafficking Victims Protection Act] claim." Br. in Supp. at 1, ECF No. 143. Plaintiffs, in turn, assert that depositions of absent class members would undermine the efficiencies and protections inherent in a class action, are unnecessary for GEO's defenses, and threaten to intimidate and place an undue burden on class

members. I am inclined to agree with Plaintiffs on all accounts but, at this stage, find it appropriate to DENY GEO's request WITHOUT PREJUDICE.

The class has yet to be constituted. The first indication of a class member's cause for laboring in the Aurora Detention Facility will be whether he or she opts out of the class. Therefore, I adopt the discovery cutoff date proposed by Plaintiffs: August 21, 2019. Upon nearing that date, I may entertain another motion for absent class member discovery if it becomes obvious that such discovery is necessary.

Any future motion seeking absent class member discovery must demonstrate that the selected method of discovery is tailored and cost-effective, will safeguard the unique vulnerabilities of the class members, and will not force an undue burden on them. I will not condone a juggernaut approach to litigation. Furthermore, broad assertions regarding the necessity of the discovery will be rejected. *See*, *e.g.*, Br. in Supp. at 5 ("Because the unjust enrichment class is subsumed within the TVPA class (as those classes are certified), GEO should also be permitted to elicit information relevant to the unjust enrichment claim."). Absent class member discovery may only be authorized upon presentation of a much more detailed and logical proposal than the one presently before me.

DATED this 18th day of September, 2018.

*John L. Kane*
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE