IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA,
and DEMETRIO VALERGA
*on their own behalf and on behalf of all others similarly
situated*,

       Plaintiffs,

v.

THE GEO GROUP, INC.,

       Defendant.

---

## AMENDED STIPULATED SCHEDULING AND DISCOVERY ORDER

---

Pursuant to the Court's July 23, 2018 and August 29, 2018 Minute Orders, the parties

submit this Amended Proposed Stipulated Scheduling Order.

### 1. DATE OF CONFERENCE

October 3, 2018 at 10:30 a.m.

### 2. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiffs' statement**:

1

Class Representative Plaintiffs Alejandro Menocal, Marcos Brambila, Grisel Xahuentitla, Hugo Hernandez, Lourdes Argueta, Jesus Gaytan, Olga Alexaklina, Dagoberto Vizguerra, and Demetrio Valegra (collectively, "Representatives" or "Plaintiffs") and the certified classes they represent (collectively, "the Class") are civil immigration detainees held at Defendant The GEO Group, Inc.'s ("GEO" or "Defendant") Aurora Detention Facility. GEO is a private, for-profit prison corporation. Representatives brought suit on their own behalf and on behalf of the Class to challenge GEO's practice of forcing civil immigration detainees to clean GEO's facility, under threat of punishment including solitary confinement, for no pay. The Class also challenges GEO's practice of paying detainees $1 per day for their work scrubbing and waxing GEO's floors, running GEO's laundry and kitchen, performing GEO's clerical work, and landscaping GEO's grounds, among other tasks.

The Court dismissed Representatives' claims under the Colorado Minimum Wage Order but allowed their TVPA and unjust enrichment claims to proceed. [ECF No. 23]. The Court then granted Representatives' motion to certify their proposed classes, appointed Representatives as class representatives, and appointed Representatives' counsel as Class Counsel. [ECF No. 57]. The Class is comprised of two overlapping subclasses:

(1) **the TVPA class**: All persons detained in Defendant's Aurora Detention Facility in the ten years prior to the filing of this action.

(2) **the unjust enrichment class**: All people who performed work at Defendant's Aurora Detention Facility under Defendant's Voluntary Work Program ("VWP") in the three years prior to the filing of this action.

[*Id.*].

2

GEO filed a petition for interlocutory appellate review of the Court's class certification decision under Fed. R. Civ. P. 23(f) [ECF No. 58], and the Tenth Circuit granted the petition on April 11, 2017, [ECF No. 63]. Subsequently, GEO filed a Motion to Stay these proceedings pending the Tenth Circuit's Rule 23(f) review [ECF No. 69], and Plaintiffs opposed the motion, [ECF No. 78]. On June 6, 2017, the Court granted in part and denied in part GEO's motion for a stay, ordering that discovery on class action issues be stayed pending the Tenth Circuit's Rule 23(f) review, but that discovery on individual liability and merits issues would proceed. [ECF No. 85]. On July 14, 2017, the Court entered a scheduling order setting February 2, 2018 as the deadline for the completion of non-class discovery only. [ECF No. 103]. Plaintiffs and Defendant (collectively, the "Parties") were ordered to submit an amended Proposed Scheduling Order within 30 days after the Tenth Circuit issued a mandate on GEO's appeal. [*Id.*]. On December 18, 2018, the deadline for completion of non-class discovery was extended to May 4, 2018. [ECF No. 113].

On February 9, 2018, the Tenth Circuit affirmed the Court's class certification decision. [ECF No. 115].[1] In light of the Tenth Circuit's decision, the Court ordered the Parties to mediate before Magistrate Judge Michael E. Hegarty, and to submit an amended Proposed Stipulated Scheduling Order on or before March 12, 2018. [ECF No. 116]. The Parties attended a settlement conference before Judge Hegarty on May 2, 2018. [ECF No. 121]. On March 9, 2018, the Court granted a stipulation to extend the deadline for the parties to submit a

---

[1]    GEO subsequently filed a petition for rehearing and rehearing en banc, which the Tenth Circuit denied. *Menocal v. GEO Group, Inc.*, No. 17-1125 (10th Cir. Mar. 5, 2018). On June 4, 2018, GEO filed a Petition for a Writ of Certiorari from the Supreme Court. *GEO Group, Inc. v. Menocal*, No. 17-1648 (U.S.). The petition has been distributed for consideration in the Court's September 24, 2018 conference.

Proposed Stipulated Scheduling Order to June 1, 2018, to allow the parties to devote their

resources to preparing for the settlement conference. [ECF No. 123]. The Court extended that

deadline three more times, most recently to August 22, 2018. [ECF Nos. 132, 134, 135].

Despite the Parties' good-faith efforts to resolve the matter, the settlement conference

and subsequent settlement negotiations have been unsuccessful. Thus, the Parties must

proceed with discovery on the Class's claims, and with notice to the Class.

**b.  Defendant's statement**:

GEO operates immigration detention facilities under contracts with the Department of

Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"), subject to

extensive contractual, regulatory and statutory requirements. The Immigration and Nationality

Act ("INA") authorizes DHS/ICE to detain aliens awaiting removals or hearings and mandates

that ICE detain certain classes of immigrants. *See* 8 U.S.C. §§ 1225, 1226, 1226a, 1231.

DHS/ICE may contract with private entities, such as GEO, to provide secure facilities for

confinement. *Id.* §§ 1231(g), 1103(a), (c).

Since 1986, GEO has operated Colorado's Aurora Detention Facility, where this

dispute arises. Persons detained at the Aurora facility are in the lawful custody of ICE. While

housed at the facility, pursuant to GEO's contract with DHS/ICE, detainees have the

opportunity to participate in ICE's Voluntary Work Program ("VWP"), where they are

authorized by ICE to receive $1 per day for participation.

GEO also implements DHS/ICE's Performance Based National Detention Standards

("PBNDS") and other DHS/ICE policies including ICE's National Detainee Handbook, under

which detainees are expected to perform basic housekeeping chores to keep their personal

living areas and general use areas clean and sanitary. GEO is contractually required to abide by the PBNDS and DHS/ICE policy. Page 12 of the 2016 ICE National Detainee Handbook poses a frequently asked question: "Will I get paid for keeping my living area clean?" The answer is: "No. You must keep areas that you use clean, including your living area and any general-use areas that you use. If you do not keep your areas clean, you may be disciplined." The 2016 version of the ICE National Detainee Handbook is substantially similar on this point to prior versions. Under ICE policy, "[r]efusal to clean [an] assigned living area" constitutes a 300-level "high moderate" offense. 2011 PBNDS at § 3.1.A. This has been ICE's policy dating back to the 2000 version of the PBNDS. "Disciplinary segregation (up to 72 hours)" is one of thirteen different sanctions permitted under ICE's disciplinary policy for a 300-level offense. Annual audits by ICE confirm GEO's compliance with DHS/ICE's PBNDS.

GEO believes Plaintiffs' TVPA claim is not legally actionable for the reasons described in previous filings (*See* ECF Nos. 61, 98, 103). In addition, GEO maintains that Plaintiffs' TVPA claim is subject to dismissal under Rule 12(b)(7) for failing to join a necessary party (namely, DHS) and because GEO is entitled to derivative and/or intergovernmental immunity.

GEO also believes that Plaintiffs' unjust enrichment claim is legally untenable for reasons described in previous filings (*See* ECF Nos. 61, 98, 103). In addition, the existence of an express contract precludes Plaintiffs' unjust enrichment claim.

GEO also incorporates by reference the affirmative defenses stated in its Answer.

### 3. UNDISPUTED FACTS

The following facts are undisputed:

a.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

b. The Court may exercise jurisdiction over Plaintiffs' Colorado common law unjust enrichment claims pursuant to 28 U.S.C. § 1367.

c. The Court has personal jurisdiction over Defendant.

d. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in the District of Colorado.

e. Plaintiffs were in the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") custody while detained at GEO's Aurora Detention Facility.

f. Defendant is a private corporation, which owns and operates the Aurora Detention Facility pursuant to a contract with DHS/ICE.

g. Some Plaintiffs participated in the "Voluntary Work Program."

h. Detainees who participate in the Voluntary Work Program are paid $1 per day for their work.

## 4. COMPUTATION OF DAMAGES

<u>Plaintiffs</u>:

Plaintiffs set forth a proposed method for calculating damages in the Proposed Scheduling Order submitted to the Court on March 31, 2017 [ECF No. 61]. Since that time, additional discovery has led Plaintiffs to refine their proposed method for calculating damages. Plaintiffs' current proposed method, which is subject to further refinements as the parties undertake additional fact and expert discovery, is as follows:

**Unjust Enrichment Damages**: Representatives bring their unjust enrichment claims to recover for themselves and the Class an amount in damages equal to (a) the difference between

6

the amount they were paid for their work (W) and the fair market value of their work (FMV), plus (b) the amount of their exemplary damages (E) under Colorado law, such that:

Unjust Enrichment Damages = (FMV) – (W) + (E)

### *Computing FMV*

To compute the Fair Market Value of work through the VWP, Representatives begin with the 30(b)(6) testimony of GEO's representative, Dawn Ceja, regarding the proper wage comparator. GEO indicated that the appropriate comparator for the hourly rate of pay for VWP Class members is the wage rate under the U.S. Department of Labor's Register of Wage Determinations for a detention officer. *See* Plaintiffs' Exhibit 1 to Plaintiffs' Motion For Class Certification ("Ceja 30(b)(6) Dep.") at 170:20-173:6 [ECF No. 50-1].

In addition to wages, the Fair Market Value of the benefit of Plaintiffs' labor that GEO retained unjustly would include the cost to GEO of employee leave, fringe benefits, and other costs attendant to recruiting, screening, hiring and retention of workers. Plaintiffs will seek additional damages-related discovery from GEO and anticipate introducing at least one expert regarding the proper method for computing these additional costs and arriving at a FMV for the benefit of Plaintiffs' labor.

### *Computing W*

As to the computation of (W)—the amount actually paid to class members—GEO has produced invoices documenting payment to Class members under the VWP, which GEO submitted to ICE for reimbursement, covering most months in the class period. Using those invoices, and additional invoices to be obtained through discovery, the Class will calculate the (W) variable for damages computation.

**Computing FMV Minus W**

The initial wage difference between what GEO would have to pay a detention officer, and what it paid a single detainee, would be calculated by (a) multiplying the prevailing wage rate by hours worked, then (b) subtracting the one dollar paid per shift to the detainee. (According to GEO's documentation, VWP shifts generally range in length from three (3) to eight (8) hours. Hours worked will be based on GEO's records of days worked and types of work performed under the VWP or, if no records exist, on expert and/or eyewitness testimony.)

The actual damages as calculated above, plus any exemplary damages under Colorado law, equals the total damages for Plaintiffs' unjust enrichment claims.

**TVPA Damages**: The Class seeks compensatory damages, punitive damages, restitution, and attorney fees and costs for their TVPA claims. As with the unjust enrichment damages calculations above, the Class's compensatory damages will be calculated based on the fair market value of the work for which GEO did not pay the Class members. Hours worked will be based on GEO's records of days worked and types of work performed under the Housing Unit Sanitation Program or, if no records exist, on expert and/or eyewitness testimony.

Plaintiffs seek punitive damages. The trier of fact will decide whether to award punitive damages and in what amount.

The Class's attorney fees and litigation costs are described in section 5(i) below.

Defendant:

GEO disputes that Plaintiffs are entitled to damages. GEO's contractually-required implementation of federal policies and programs does not subject it to liability to detainees in

8

the custody of DHS/ICE pursuant to the laws of the United States. GEO also disputes

Plaintiffs' computation of damages because damages must be determined on an individualized

basis, if at all. GEO anticipates offering expert opinions to rebut Plaintiffs' damages

calculations. GEO does not claim damages, but reserves the right to seek its reasonable costs

and attorney fees under applicable federal and Colorado law. Further, Plaintiffs' claimed

damages for unjust enrichment must be offset by additional compensation or benefits received

by Plaintiffs such as medical, psychological and dental care, among other items.

**5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)**

**a. Date of Rule 26(f) meeting**:

The Parties met and conferred via teleconference on several occasions, most recently on

August 21, 2018, and August 22, 2018, to discuss the content of this discovery plan.

**b. Names of each participant and each party represented**:

Juno Turner and Elizabeth Stork for Plaintiffs and Dana Eismeier, Charles Deacon, and

Michael Ley for Defendant.

**c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**:

Plaintiffs served their Rule 26(a)(1) disclosures on July 31, 2015. Defendant served its

Rule 26(a)(1) disclosures on August 4, 2015. The parties intend to timely supplement their

respective Rule 26 disclosures as necessary.

**d. Statement as to when Rule 26(a)(1) disclosures were made or will be made**:

See above.

**e. Statement concerning any agreements to conduct informal discovery**:

9

None.

**f. Statement concerning any agreements or proposals regarding electronic discovery:**

The parties stipulated to procedures concerning the production of electronically stored information, which were entered by the Court on August 22, 2017. [ECF No. 109].

**g. Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

The parties will continue to meet and confer to determine ways to reduce discovery and other litigation costs, including the most convenient and efficient method of deposing any witness located outside the territorial jurisdiction of the United States, and will raise any disputes they are unable to resolve with the Court.

**h. Statement regarding use of the unified exhibit numbering system:**

The parties have agreed to use a sequential, numerical exhibit numbering system.

**i. Each party shall set forth its anticipated costs of conducting this litigation, itemizing costs including travel and attorney fees for taking depositions, paralegal expenses, costs of preparations, costs of drafting written discovery, anticipated motions and costs of complying with discovery requests.**

<u>Plaintiffs</u>:

Plaintiffs estimate the costs of litigating this case to trial will range from $1,800,000 to $4,200,000. Plaintiffs reserve the right to amend this estimate. GEO's position on several potential disputes between the parties will impact these cost estimates.

- Anticipated cost of <u>class notice</u>:

    o $125,000-200,000

- Anticipated <u>deposition costs</u> including attorney fees and travel:

    o $350,000-1,100,000 (depending on whether Defendant successfully seeks to

10

depose absent class members)

- Anticipated attorney fees for <u>drafting and reviewing written discovery</u>:

    o  $100,000-400,000

- Anticipated attorney fees for <u>responding to written discovery</u>:

    o  $50,000-80,000

- Anticipated costs and attorney fees of briefing <u>discovery-related motions</u>:

    o  $10,000-200,000

- Anticipated attorney fees for <u>summary judgment motions</u>:

    o  $150,000-300,000

- Anticipated <u>expert costs</u>:

    o  $250,000-450,000

- Anticipated <u>cost of trial</u>:

    o  $700,000-1,500,000

<u>Defendant</u>:

GEO estimates the costs and fees associated with litigating this case through trial will total between $1,385,000 and $3,130,500. GEO reserves the right to amend this estimate. Below is an itemization of this estimate.

- Anticipated <u>deposition costs</u> including attorney fees and travel: $150,000 to $500,000.

- Anticipated costs and attorney fees for <u>drafting written discovery</u>: $10,000 to $15,000.

- Anticipated costs and attorney fees for <u>responding to written discovery</u>: $100,000 to $1,000,000, depending upon the scope of the requests.

- Anticipated costs and attorney fees for preparing for and <u>moving for decertification</u>:

$75,000 to $100,000.

- Anticipated costs and attorney fees for <u>briefing dispositive motions</u>: $100,000 to

  $150,000.

- Anticipated costs and attorney fees for <u>briefing discovery motions, *Daubert* motions,</u>

  <u>and other miscellaneous motions practice</u>: $75,000 to $100,000.

- Defendant's anticipated <u>expert witness costs and fees</u>: $50,000 to $450,000.

- Anticipated <u>Trial costs</u>: $800,000 to $1,250,000.

- Other miscellaneous costs and fees: $25,000 to $65,000.

## 6. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties**:

The Parties agreed, as stipulated and ordered on July 14, 2017 [ECF No. 103] that the

deadline for joinder of Parties has passed.

**b. Deadline to Amend Pleadings**:

November 19, 2018.

**c. Discovery Cut-off**:

August 21, 2019.

**d. Dispositive Motion Deadline**:

March 6, 2020. This deadline shall also apply to *Daubert* motions and decertification
motions.

**e. Expert Witness Disclosure**:

 (1) Statement regarding anticipated fields of expert testimony, if any:

  <u>Plaintiffs</u>: Plaintiffs anticipate designating the following experts:

- Economist/statistician regarding Plaintiffs' and the Class's economic damages;

- Incarceration conditions expert regarding the effects of solitary confinement; and

- Industrial relations expert regarding work performed under the VWP and housekeeping policy.

Defendant: GEO anticipates designating experts in the following fields:

- Statistics.

- Value of medical, psychiatric, dental and other benefits.

- Employment expert.

- Government Contracting.

- DHS/ICE Policies and Procedures.

(2) Statement regarding any limitations proposed on the use or number of expert witnesses:

None.

(3) The Parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2):

October 7, 2019.

(4) The Parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2):

November 22, 2019.

(5) Any depositions of expert witnesses shall occur:

January 21, 2020.

(6) All designations of experts shall include a statement describing the methodology to be used by the particular expert. *Daubert/Kumho Tire* motions challenging any proposed methodology may be considered before the expert is

13

deposed. Such a motion does not preclude the filing of any subsequent motions. The aim is to cut off faulty methodology before undertaking extensive discovery and may result in amended designation with either a new expert, a revised methodology or both.

(7) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

### f. Deposition Schedule:

Plaintiffs:

Plaintiffs anticipate deposing the following individuals:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| 1. GEO 30(b)(6) Witness(s) regarding topics to be noticed | TBD | TBD | 7 hours per witness |
| 2. David Venturella | TBD | TBD | 7 hours |
| 3. Dawn Ceja | TBD | TBD | 7 hours |
| 4. Additional fact witnesses identified in the course of discovery. | TBD | TBD | 7 hours per witness |

Defendant:

| GEO anticipates deposing the following individuals:**Name of Deponent** | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| 1. Marcos Brambila | TBD | TBD | 7 hours |
| 2. Hugo Hernandez | TBD | TBD | 7 hours |
| 3. Lourdes Argueta | TBD | TBD | 7 hours |

14

| | | | |
|---|---|---|---|
| 4. Olga Alexaklina | TBD | TBD | 7 hours |
| 5. Alejandro Menocal | TBD | TBD | 7 hours |
| 6. Alexis Menocal | TBD | TBD | 7 hours |
| 7. 30(b)(6) deposition of ICE-ERO | TBD | TBD | 7 hours |
| 8. 30(b)(6) deposition of ICE-HSI | TBD | TBD | 7 hours |
| 9. Aurora ICE Contracting Officer Representative | TBD | TBD | 7 hours |
| 10. Aurora ICE Assistant Field Office Director | TBD | TBD | 7 hours |

**g. Schedule for Interrogatories and Requests for Admission**:

All interrogatories and requests for admission must be served on or before June 24, 2019. Responses shall be made on or before August 8, 2019.

**h. Schedule for Requests for Production of Documents**:

All requests for the production of documents and things must be served on or before June 24, 2019. Responses shall be made on or before August 8, 2019.

**i. Discovery Limitations**

(1)    Any limits any party proposes on the length of any deposition:

Unless stipulated by the parties or authorized by the Court, a deposition is limited to one (1) day of seven (7) hours per Rule 30(d)(1). As stated above, Plaintiffs and Defendant will submit supplemental briefing regarding Defendant's request to depose absent class members.

(2)    Any modifications any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:

The Parties propose that Plaintiffs and Defendants each be permitted 25 interrogatories,

15

25 requests for admission, and 25 requests for production of documents in addition to those already served.

(3)    Any limitations any party proposes on the number of requests for production of documents and/or requests for admissions:

See above.

**j.    Other planning or Discovery Orders**:

The parties remain bound by the confidentiality order entered by this Court. [ECF No. 45]. The parties will re-submit a proposed stipulated Rule 502(d) order on or before October 31, 2018.

Class Notice:

Plaintiffs have requested that the Defendant produce a class list, for the purpose of sending notice of this action to absent class members, with class members' names, A-numbers, last known addresses (which shall include class members' last known address after being released from the Aurora facility, if they were released), telephone numbers and e-mail addresses if available, nationality data, age during the class period, and dates during which each class member was detained at GEO's Aurora Detention Facility.

GEO will produce a list of all detainees from 2006 through 2014 in Excel format by no later than 7 days after entry of a revised Stipulated Protective Order. That list identifies each detainee's name, age, sex, country of origin, date of arrival, and date of release. The list was generated from the GEOtrack software, which GEO started using in 2006. Because of a software change in 2006, GEO does not have a similar list for 2004 and 2005.

The 2004 and 2005 information, as well as each detainee's A-number, last known address and date of birth, can be found in each detainee file. GEO has OCR-ed the documents

16

to make them word searchable. The remaining information requested by Plaintiffs, including additional information for detainees from 2006 to 2014, is contained in this organized and searchable data set. GEO is investigating whether it can provide Plaintiffs with A-numbers for all class members.

On August 21, 2018, the Department of Justice, through Assistant United States Attorney Timothy Jafek, sent a letter to counsel for Plaintiffs and Defendant. The letter sets forth the Government's position that it must review certain documents before they are produced to Plaintiffs. The Parties disagree with the Government's position. GEO's counsel has conferred with Mr. Jafek after receipt of the letter and, at present, DOJ's position does not appear to be negotiable.

The detainee files comprise approximately one million pages. Thus, the parties are concerned that DOJ's approach is not feasible in this case. The parties are agreeable to GEO producing the detainee files to class counsel on an "Attorney's Eyes Only" basis under a forthcoming revised Protective Order, assuming this Court so-orders. GEO has notified Mr. Jafek of its position and will notify Mr. Jafek of the date of the Scheduling Conference such that, if DOJ has an objection, it may appear at that hearing.

The parties are continuing to discuss the most efficient way to extract the information from the detainee files needed to accomplish class notice. That may require hiring a third-party vendor to extract the information Plaintiffs request from the detainee files, such vendor being subject to the forthcoming revised Protective Order and other confidentiality and data protection protocol that the government may require.

GEO has represented to Plaintiffs that GEO does not have in its possession class

17

members' addresses after their release from the Aurora Detention Facility. Plaintiffs anticipate serving DHS/ICE with a subpoena requesting that information. GEO would not object to that subpoena.

The parties' proposed notice and plan for notice to the class shall be submitted on or before October 31, 2018.

Request for Inspection

Plaintiffs served a Request for Inspection on Defendant during the previous phase of discovery limited to Plaintiffs' individual claims only. Plaintiffs will revise and serve an amended Request for Inspection on Defendant related to Plaintiffs' and the Class claims within thirty (30) days of the entry of this Order. The parties plan to work cooperatively to schedule an inspection of the Aurora facility by Plaintiffs' counsel.

Rule 30(b)(6) Deposition

Plaintiffs served a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) on Defendant during the previous phase of discovery limited to Plaintiffs' individual claims only. The parties agreed to postpone the deposition due to pending settlement negotiations. Plaintiffs will revise and serve an amended Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) related to Plaintiffs' and the Class claims within thirty (30) days of the entry of this Order. The parties plan to work cooperatively to schedule a Rule 30(b)(6) deposition of GEO.

## 7. SETTLEMENT

The parties certify that they participated in good faith in a settlement conference with Magistrate Judge Hegarty on May 2, 2018, and continued settlement negotiations thereafter, but were unable

to reach a resolution. The parties to do not believe that it would be beneficial at this time to

continue settlement discussions.

## 8. OTHER SCHEDULING ISSUES

**a. Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement**:

The parties' disagreements are noted herein.

**b. Statement of anticipated motions to be filed, by whom, estimated time of filing, and any proposed briefing schedule**:

<u>Plaintiffs</u>:

Plaintiffs reserve the right to file additional motions as to discovery and other issues

that may arise in discovery.

<u>Defendant</u>:

- GEO may file a motion to dismiss for failure to join an indispensable party with respect

  to Plaintiffs' TVPA claim. This issue may be raised at any time, even *sua sponte*.

  *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984) (citing *Provident*

  *Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)); *MasterCard*

  *Int'l Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 382–83 (2d Cir. 2006) (citing cases).

- GEO may file a motion arguing that GEO is entitled to derivative and/or

  intergovernmental sovereign immunity on Plaintiffs' claims.

- GEO may file a dispositive motion arguing that express contracts preclude Plaintiffs'

  unjust enrichment claim.

- GEO may file a motion arguing that Plaintiffs' claims are subject to the doctrine of

  preemption.

- GEO may file additional motions to dismiss related to GEO's affirmative and other defenses.

- GEO will file a motion for summary judgment by the dispositive motion deadline.

- GEO may file a motion to decertify the two classes in this action.

c. **Statement whether trial is to the court or jury. If a mixed trial, e.g. declaratory judgment and damages, specify which claims are to be tried to a jury and which to the court**.

   Plaintiffs: Trial as to liability and damages for Plaintiffs' TVPA claims is to a jury.

Trial as to liability and restitution for Plaintiffs' unjust enrichment claims is to the Court.

   Defendant: Trial is to a jury. (*See* Answer, Doc. No. 26, p. 16.)

## 9. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon. As stated elsewhere herein, I will almost always grant stipulated motions for extensions of time and changes in deadlines up to and including the signing of a pretrial order. If the parties cannot agree on such extensions, my inclination is, in the absence of abuse, to be permissive. On the contrary, I am not permissive or lenient in changing trial dates.

DATED this 3rd day of October, 2018

BY THE COURT:

_John L. Kane_

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

**STIPULATED SCHEDULING AND DISCOVERY ORDER APPROVED**:

Dated: September 11, 2018

By: /s/Juno Turner

Juno Turner
Ossai Miazad
Rachel Dempsey
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: rdempsey@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
E-Mail: pdl@outtengolden.com

Alexander  Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**

By: /s/ Dana Eismeier

Dana Eismeier
**BURNS, FIGA & WILL**
Suite 1000
6400 S. Fiddlers Green Circle
Greenwood Village, Colorado 80111
T: (303) 796-2626
deismeier@bfwlaw.com

Mark Emery
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
(202) 662-0210
mark.emery@nortonrosefulbright.com

Charles A. Deacon
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street
San Antonio, Texas 78205
(210) 270-7133
charlie.deacon@nortonrosefulbright.com

*Counsel for Defendant*

1410 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
1123 Spruce Street
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*