**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*,

Plaintiffs,

v.

THE GEO GROUP, INC.,

Defendant.

---

**STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION (CM/ECF No. 154)**

---

The parties, by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

## I. APPLICABILITY

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other paper or electronically stored information ("ESI") or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

## II. DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. The production of any privileged or otherwise protected or exempted Information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the work product doctrine, or another legal privilege protecting Information from discovery, provided that the producing party notifies the receiving party, in writing, of the production, and of the producing party's intent to maintain the privilege or protection, after its discovery of same.

3. The production of privileged or otherwise protected or exempted Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding pursuant to Federal Rule of Evidence 502(d).

4. Notwithstanding the agreement set forth in Paragraph 3, the privilege may be waived in this case (and this case only) when: (a) the producing party affirmatively uses that information in this litigation by motion, pleading, or otherwise; or (b) where the producing party does not alert the party using the document within 24 hours of the use of the information in this litigation by motion, pleading, or otherwise that the document may be privileged. In the event of the scenario described in 4(b), the producing party will investigate and confirm or withdraw its objection within three days or in a reasonable amount of time thereafter as agreed to by the parties.

5. The producing party must notify the receiving party promptly, in writing, upon discovery that a privileged or otherwise protected document has been produced. Upon receiving

written notice from the producing party that privileged and/or work-product protected material has been produced (the "Identified Materials"), all such information, and all copies thereof, shall be returned to the producing party or destroyed or deleted within ten (10) business days of receipt of such notice and any analyses, memoranda, or notes that were internally generated based upon such inadvertently produced Privileged Material shall be sequestered. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format in databases or other locations used to store the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court of competent jurisdiction as not privileged or protected. To the extent not already provided, the producing party will provide a privilege log providing information required by the Federal Rules of Civil Procedure and applicable case law to the receiving party when the producing party provides the receiving party notice of the Identified Materials.

6.   If any receiving party has reason to believe that it is in receipt of a document from a producing party that is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of the Identified Materials so that the producing party may make a determination of whether it wishes to have the Identified Materials returned or destroyed pursuant to this Stipulation and Order.

7.   Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing party that such materials have been produced.

8. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents before the notice was made.

9. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production itself, provided, however, that a party may argue that the information was intentionally waived through use in this litigation as described in Paragraph 4 above.

10. The producing party retains the burden, upon the receiving party's challenge, of establishing the privileged or protected nature of the inadvertently produced material.

11. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court of competent jurisdiction later designates the Identified Materials as not privileged or protected.

12. This Stipulated Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

13. By entering this Order, a party is not giving up its right to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a party to produce documents without review.

Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
(212) 245-1000
jturner@outtengolden.com
om@outtengolden.com
estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
(202) 847-4400
pdl@outtengolden.com

Rachel Dempsey
Adam Koshkin
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
(415) 638-8800
rdempsey@outtengolden.com
akoshkin@outtengolden.com

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221
Andrew@ImmigrantCivilRights.com

Alexander Hood
David Seligman
Andrew Schmidt

David G. Palmer
Naomi Beer
**GREENBERG TRAURIG, LLP**
1200 17th Street, Suite 2400
Denver, CO 80202
(303) 572-6500
palmerd@gtlaw.com
beern@gtlaw.com

Scott Allyn Schipma
**GREENBERG TRAURIG, LLP**
2101 L Street, N.W., Suite 1000
Washington, DC 20037
(202) 331-3141
schipmas@gtlaw.com

Dana Eismeier
**BURNS, FIGA & WILL**
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, Colorado 80111
(303) 796-2626
deismeier@bfwlaw.com

Mark Emery
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
(202) 662-0210
mark.emery@nortonrosefulbright.com

Charles A. Deacon
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street
San Antonio, Texas 78205
(210) 270-7133
charlie.deacon@nortonrosefulbright.com

**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

By: *s/ Elizabeth Stork*

*Counsel for Defendant*

By: *s/ Naomi Beer*

SO ORDERED:

[signature]
The Honorable John L. Kane
Senior U.S. District Court Judge

Date: November 26, 2018