# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

## AMENDED STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION
## (CM/ECF No. 155)

---

    IT IS HEREBY STIPULATED by and between the parties, through their respective counsel, that:

    i.    The parties have requested for use in this action certain documents that may contain information that the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), a nonparty agency of the federal Executive Branch, states that it must protect pursuant to law, regulation, and/or policy.

    ii.    Documents containing information covered by the Privacy Act of 1974, 5 U.S.C. § 552a, or that contain information that is law enforcement sensitive are protected from disclosure. Such information has been identified by the United States (hereinafter "Government") as sensitive and/or confidential. Non-public law enforcement information regarding Government policies, methods, techniques, procedures, guidelines and intelligence is to be treated as "law enforcement sensitive." The parties acknowledge and agree, for purposes of this litigation only, and in order to

ensure that the parties have access to documents and other information necessary to the prosecution and defense of their claims, a desire to protect against any risk of circumvention of law that might result from disclosure of sensitive and confidential law enforcement information as described in this Order.

  iii. The parties desire, where appropriate, to maintain the confidentiality of certain of the documents produced in this case, including to protect the privacy of individuals;

  iv. Therefore, in order to protect against the disclosure of sensitive and confidential information, which includes, but is not limited to, Privacy Act-protected and law enforcement sensitive, investigatory, and official Government information, while at the same time, observing the requirements of Rule 26 of the Federal Rules of Civil Procedure, and to permit the parties to discover and, if otherwise admissible, make reasonable use at trial and other matters in this litigation information relevant to the subject matter of this case, the parties, by and through their respective counsel, hereby stipulate to the entry of this Protective Order and agree as follows, and respectfully request that the Court so order:

**ORDER**

  1. This Protective Order applies to all documents, materials, and information (and information copied, extracted, excerpted from, as well as summaries or compilations of the foregoing), including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, presentations or conversations by parties or their counsel, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

  2. As used in this Protective Order, the term "document" has the meaning set forth in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of

this term.

3.      Documents designated "Confidential" means the information shall be used solely for the purposes of this litigation, and shall not be used for any other purpose or suit, nor published to the general public in any form (other than described herein), or used for any business or commercial purpose.

4.      Any party may, at any time, designate a served, disclosed, or filed document "Confidential" if, after review by an attorney, the attorney certifies that the designation as "Confidential" is based on a good faith belief that the document contains nonpublic personal, personally identifiable information ("PII"), personnel, employment, financial and/or tax records, medical, "sensitive information" as defined at 48 C.F.R. § 3052.204-71, "law enforcement sensitive" information (as defined *supra* at ii), investigatory, official Government information or other information implicating privacy or proprietary interests of the Plaintiffs, the Defendant, ICE or another nonparty (including any documents and information that are subject to the Privacy Act of 1974, 5 U.S.C. § 552a). This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974. Such information shall be marked confidential. The documents so designated will be deemed "Confidential Material" subject to this Protective Order. Any Confidential designation that is inadvertently omitted following the entry of this Protective Order will not constitute a waiver of confidentiality, and may be corrected by written notification to the parties.

5.      Any party may, at any time, designate a served, disclosed, or filed document "Highly Confidential – Attorneys' Eyes Only" if, after review by an attorney, the attorney certifies that the designation as "Highly Confidential – Attorneys' Eyes Only" is based on a good faith belief that the document contains:

    (a)    Highly sensitive information, the disclosure of which could result in compromise of the safety or security of GEO facilities and/or harm or retaliation to individuals; or

    (b)    Other highly sensitive information requiring such protection.

The documents so designated will be deemed "Highly Confidential Material" subject to this Protective Order. Any Highly Confidential designation that is inadvertently omitted following the entry of this Protective Order will not constitute a waiver of confidentiality, and may be corrected by written notification to the parties.

6.    No copies of "Confidential" or "Highly Confidential" Material shall be made except to the extent necessary for the litigation of this action and the parties preparation of this action for trial (including any appeals).

7.    "Confidential" information shall be handled as follows:

    (a)    Information designated as "Confidential" shall not be disclosed to the public in any form by the receiving party or its respective counsel, nor disclosed to any other person or entity without Order of the Court.

    (b)    Information designated as "Confidential" may be disclosed by the receiving party or its respective counsel only to the following persons: (1) the parties to the action whose counsel have executed this Protective Order on their behalf, including any officers, managers, directors, or in-house counsel of such parties, or any designated representatives who are authorized to act on the parties' behalf, including insurers, or who may be reasonably necessary to aid counsel in this action; (2) counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff if the disclosure is reasonably and in good faith

calculated to aid in the preparation or prosecution of this specific legal action and no other; (3) the Court and its personnel; (4) court reporters who record depositions or other testimony in this case; (5) experts or independent consultants (and their staff) retained by attorneys for the receiving party to whom disclosure is reasonably necessary for this Action; (6) deponents, witnesses, or potential witnesses at any deposition in this action; (7) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of this action; (8) witnesses expected to testify at trial; (9) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and (10) any other person to whom the party who originally designated the material as confidential agrees in writing.

8.  "Highly Confidential" information shall be handled as follows:

(a)  Information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed by the receiving party's outside counsel of record to the public or the receiving party, nor disclosed to any other person or entity without Order of the Court.

(b)  Unless otherwise ordered by the Court or permitted in writing by the designating party, the receiving party's outside counsel of record may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY" only to: (1) the receiving party's outside counsel of record's employees and any legal, investigative, technical, administrative, and other support staff of said outside counsel of record to whom it is reasonably necessary to disclose the information for this Action; (2) experts or independent consultants (and their staff) retained by

        attorneys for the receiving party to whom disclosure is reasonably necessary for this Action; (3) the court and its personnel; and (4) court reporters and their staff.

(c)     Unless otherwise ordered by the Court or permitted in writing by the designating party, the receiving party's outside counsel of record may discuss or show any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY" to the specific detainee to whom the document pertains, only if such disclosure is necessary for the purposes of this litigation, or if the specific detainee authored, originated, received, or otherwise possesses the information. Such discussion or showing of the relevant document(s) shall not include providing the detainee with copies.

(d)     Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Material and are designated as such pursuant to paragraph 13 of this Order may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

9.     For any disclosures under Paragraph 7(b)(4-10) and Paragraph 8(b)(2 & 4), the person to whom the Confidential Material or Highly Confidential Material is being disclosed must first, before viewing the information, review a copy of this Protective Order and counsel shall obtain agreement, in writing, from such person that he or she will be bound by its provisions, as follows:

        I,_____, declare that I have read and understand the terms of this Amended Stipulated Protective Order Concerning Production of Confidential Information (" Order") issued by the United States District Court for the District of Colorado ("Court") on November __, 2018 in the case of *Menocal et al. v. The GEO*

*Group, Inc*. I understand that this Order remains in effect during and after conclusion of this litigation, and I agree to be bound by it. I understand that I may be subject to penalties for contempt of Court if I violate this Order.

Printed Name: _____
Signature: _____
Dated: _____

10. This Protective Order does not prohibit or restrain the disclosure of information between the parties for the performance of the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential and Highly Confidential Material to nonparties, the general public or use outside of this litigation.

11. No documents containing Confidential or Highly Confidential Material may be reproduced except as necessary in the litigation of this action. Any copy of a document containing or summarizing Confidential or Highly Confidential Material must be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The inadvertent, unintentional, or *in camera* disclosure of Confidential or Highly Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

12. Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential and Highly Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order.

13. Documents are designated as Confidential or Highly Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY

EYES' ONLY" to each page that contains confidential material. With respect to documents containing Confidential or Highly Confidential Material produced in Native Format, the designating party shall include the appropriate confidentiality designation in the filename. With respect to all documents produced that contain Confidential or Highly Confidential Material, the designating party will also include in the Load File the appropriate confidentially designation. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

14. Whenever deposition testimony involves the disclosure of Confidential or Highly Confidential Material, the testimony should be identified on the record as Confidential or Highly Confidential wherever possible. A party may later designate portions of depositions as Confidential or Highly Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed. Those portions of the original transcripts that contain Confidential or Highly Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY – SUBJECT TO PROTECTIVE ORDER" at the beginning of the text which has been designated Confidential or Highly Confidential and the cover page of the transcripts that contain Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

15. A party may object to the designation of a document as Confidential or Highly Confidential Material by giving written notice to the designating party. The written notice must identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential or Highly Confidential Material. The disputed information must be treated as

Confidential Material or Highly Confidential until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential or Highly Confidential. If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential or Highly Confidential Material.

16. The obligation to preserve the confidentiality of Confidential or Highly Confidential Material survives the termination of this action. The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

17. Should the parties desire to submit to the Court any Confidential or Highly Confidential Material (whether in a discovery dispute, on the merits, or otherwise), the filing party must promptly advise the designating party and ICE (if the parties reasonably believe that the documents contain ICE information or are ICE documents and ICE would be of the position that the documents should be filed under seal) of the intended filing and whether the designating party or ICE will waive the designation. Any party who wishes to advise ICE of such intended submission shall contact the DOJ Liaison (presently Assistant U.S. Attorney Timothy Jafek), in writing, regarding the proposed submission. The designating party will advise the requesting party whether it will waive the designation within two (2) business days of the requesting party's request, or within such other time as agreed to by the parties. If the designating party will not waive the designation, and the filing party still wishing to use the Confidential or Highly Confidential Material in a court filing, the filing party must file the material as restricted, and the designating party, ICE or any other interested party may file a motion to restrict, in accordance with D.C.COLO.LCivR 7.2 or any other rules promulgated by the United States District Court for the District of Colorado in effect at the time the documents are filed.

18. This Protective Order supersedes the prior Protective Order (Dkt. 45). The

provisions of this Protective Order shall apply to any Confidential Material so designated under the prior Protective Order (Dkt. 45) or Highly Confidential Material so designated by any party to this Protective Order before entry of this Protective Order.

19. If a party desires to use another party's Confidential or Highly Confidential Material at trial or at any hearing in open court, the submitting party shall meet and confer with the designating party, and (if the parties reasonably believe that the documents contain ICE information or are ICE documents and ICE would be of the position that the documents should be filed under seal), the submitting party shall follow the procedures outlined in paragraph 17 of this Order with respect to advising ICE. If the producing party or ICE declines to waive the designation, the producing party or ICE or any other interested party shall move for an order that such evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure.

20. If any nonparty shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered confidential by such nonparty, such nonparty will be provided with a copy of this agreement and may invoke its terms with respect to any Confidential or Highly Confidential Material provided to the parties. If any Confidential or Highly Confidential Material is produced by a party other than a party to this agreement, such party shall be considered a designating party and all parties to this order should be treated as receiving parties. Nothing herein shall be construed to restrict the ability of a nonparty from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law or regulation or on a basis of privilege. Nothing contained herein prohibits a party from negotiating a separate protective order with any nonparty, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement, and the Party to this litigation seeking the separate protective order moves the Court

for such order. Furthermore, nothing contained herein prohibits a nonparty from seeking a separate protective order or other relief from the Court.

21.     Nothing contained herein shall be construed to restrict disclosure and use by the receiving party of any documents, information, or things that become publicly available through no fault or wrongdoing of any receiving party even if those documents, information, or things are also designated Confidential or Highly Confidential Material; however the specific documents, information, or things designated Confidential or Highly Confidential shall continue to be treated as such under the provisions of this Protective Order unless otherwise agreed to by the parties and, if applicable, the Government.

22.     Unless prohibited by law, upon termination of this litigation, within sixty (60) calendar days after the termination of this action, including all appeals, each receiving party shall return the originals and all copies, extracts, and summaries of Confidential and Highly Confidential Material to the designating party, or shall certify to the designating party that they have deleted or destroyed the same in a manner that is agreeable to the designating party. Notwithstanding this provision, counsel are entitled to retain one (1) archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Material. Counsel also shall not be required to delete information that may reside on their respective parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. Should counsel know or have reason to know that Confidential or Highly Confidential Material is to be restored from parties' firms' or vendors' electronic disaster recovery systems or other locations not reasonably accessible, counsel will make reasonable efforts to destroy these materials in good faith.

23. If a party is served with a subpoena, service of process, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential," that party must:

    (a) Promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement;

    (c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Highly Confidential Material may be affected.

Once notified, the designating party (or nonparty) seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that has been subpoenaed, requested, or ordered. The subpoenaed party will not produce any of the Confidential or Highly Confidential Material while a motion for a protective order brought by the designating party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending, unless a court orders production of materials that are subject to this agreement, then production of such materials pursuant to that Court Order shall not be deemed a violation of this agreement.

24. Neither the agreement of the parties with respect to Confidential or Highly Confidential Material, nor the designation of any information, document, or the like, as Confidential or Highly Confidential Material, nor the failure to make such designation shall be construed as:

    (a) Evidence with respect to any issue on the merits in this action;

(b) Waiving or restraining a party or nonparty from using or disclosing its own Confidential or Highly Confidential Material as it deems appropriate;

(c) Waiving a party's right to object to any disclosure of Confidential or Highly Confidential Material or production of any documents it deems to contain Confidential or Highly Confidential on any ground other than confidentiality that it may deem appropriate;

(d) Waiving a party's right to redact from any documents, whether designated "Confidential" or "Highly Confidential" or not, any information containing privileged material or any other data protected from disclosure by state or federal law;

(e) Conceding that review of documents is unnecessary or that a producing party need not cull non-responsive, irrelevant, or other documents before producing to the relevant party.

25. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

26. The parties agree that all documents produced subject to this Protective Order and any prior protective order entered in this case shall be protected in accordance with the data security requirements of Section 11 of the ESI Protocol (Dkt. 109). The parties shall follow the data security mandates of Section 11 of the ESI Protocol (Dkt. 109) for any documents that do not qualify as ESI, and shall safeguard those materials accordingly.

27. Nothing in this Protective Order will prevent any party or nonparty from seeking modification of this order or from objecting to discovery that the party or nonparty believes to be improper. Nothing in this Protective Order will prejudice the right of any party or nonparty to contest the alleged relevancy, admissibility, or discoverability of confidential documents or

information sought.

DATED this 20th day of November 2018.

Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Rachel Dempsey
Adam Koshkin
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
E-Mail: rdempsey@outtengolden.com
E-Mail: akoshkin@outtengolden.com

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Alexander Hood
David Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218

Scott Schipma
**GREENBERG TRAURIG, LLP**
2101 L Street, NW, Suite 1000
Washington, DC 20037
(202) 331-3141
schipmas@gtlaw.com

Naomi Beer
**GREENBERG TRAURIG, LLP**
1200 17th Street, Suite 2400
Denver, CO 80202
(303) 572-6549
beern@gtlaw.com

Dana Eismeier
**BURNS, FIGA & WILL**
Suite 1000
6400 S. Fiddlers Green Circle
Greenwood Village, Colorado 80111
(303) 796-2626
deismeier@bfwlaw.com

Mark Emery
**NORTON ROSE FULBRIGHT US LLP**
799 9th Street NW, Suite 1000
Washington, DC 20001
(202) 662-0210
mark.emery@nortonrosefulbright.com

Charles A. Deacon
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street
San Antonio, Texas 78205
(210) 270-7133
charlie.deacon@nortonrosefulbright.com
*Counsel for Defendant*


By: _____

(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.organdy@towardsjustice.org

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

By: _____

SO ORDERED:

_____          Date: __November 26, 2018__
The Honorable John L. Kane
Senior U.S. District Court Judge