# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

# PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

To: Defendant THE GEO GROUP, INC.

PLEASE TAKE NOTICE THAT the Named Plaintiffs hereby request that you respond to the following interrogatories, requests for production, requests for admission, and request for inspection under oath pursuant to rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure ("FRCP") separately and fully, in writing, within the time allotted by the FRCP. Your answers should include all information known up to the date of their verification or signing.

The Named Plaintiffs request that you respond to the requests for production 33 days from the date of this request, and continuing from day to day thereafter, until completed, at 1535 High St., Suite 300, Denver, CO 80218 or at such time and place as may be agreed upon by all counsel.

PLEASE TAKE FURTHER NOTICE that you are under a duty to supplement responses pursuant to Rule 26(a) of the FRCP if you discover that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not

1

otherwise been made known to Plaintiff during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), you are under a duty to seasonably amend responses to these discovery requests if you learn that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Plaintiff during the discovery process or in writing.

## Definitions

As used in these Interrogatories, requests for production, and requests for admission, the following terms have the following meanings:

1. The term "GEO" is defined as the Defendant THE GEO GROUP, INC.

2. The term "Detainee Volunteer Work Program" ("VWP"), is defined as the program involving labor performed by detainees for remuneration pursuant to 8 U.S.C. § 1555(d) and Performance Based National Detention Standard 5.8 (2011).

3. The term "Housing Unit Sanitation Policy" is defined as the written policy requiring certain actions of U.S. Immigration and Customs Enforcement ("ICE") detainees at GEO's Aurora, Colorado detention facility, as described in GEO's detainee handbook, and implemented in practice by GEO staff.

4. The term "Aurora Facility" is defined as the Aurora Contract Detention Facility, located in Aurora, Colorado, and operated by GEO pursuant its federal contract with ICE.

5. The term "detainee" is defined as any person detained in an immigration detention facility operated by GEO.

6. The term "person" is defined as any natural person or business, legal, or governmental entity or association.

2

7. The terms "Plaintiffs", "Plaintiff", "Defendant", and "Defendants" as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, his officers, directors, employees, partners, corporate parent, subsidiaries, predecessors, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8. You/Your: The terms "you" and "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

9. The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

10. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

11. The word "each" shall be construed to include "every" and vice-versa.

12. The word "any" shall be construed to include "all" and vice-versa.

13. The present tense shall be construed to include the past tense and vice-versa.

14. The masculine shall be construed to include the feminine and vice-versa.

15. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

16. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

17. The term "communication" means the transmittal of information by any means (in the form of facts, ideas, inquiries, or otherwise).

18. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

19.  The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in F.R.C.P. 34(a)(1)(A).

20.  The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in F.R.C.P. 34(a)(1)(A) and shall be abbreviated from time to time as "ESI".

21.  "Identify:"

   a.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; and

   b.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

   c.  The word "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in F.R.C.P. 34(a). A draft of a non- identical copy is a separate document within the meaning of this term.

22.  If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## Instructions for Interrogatories

1.  In answering each of these Interrogatories, please furnish all information that is available to you.

2.      Pursuant to F.R.C.P 26 and 33, each Interrogatory shall be answered separately and fully in writing under oath unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

3.      In the event that you are unable to fully answer one or more of the following interrogatories after exercising due diligence to secure the necessary information, provide the most complete answer possible and specify the reason(s) for the inability to provide a complete response at the present time.

4.      Should a privilege be asserted with respect to any part of any discussion, document, or other communication concerning information requested by any of the following interrogatories, you must answer the Interrogatories in the manner indicated herein, except that the contents of the part deemed privileged need not be summarized; instead, indicate that a privilege is claimed for such part and state the nature of the privilege claimed and the facts upon which such claim is based in sufficient detail to permit the Court to adjudicate the validity of the privilege claim.

5.      Defendant is requested to supplement or correct his answers to these Interrogatories should Defendant later obtain information indicating answers are not complete or accurate.  See F.R.C.P. 26(e).

6.      For each Interrogatory or part of an Interrogatory that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

## Instructions for Requests for Production

1.      If, in responding to this Request, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2.      Whenever in this Request you are asked to identify or produce a Record which is deemed by you to be properly withheld from production, inspection, or copying:

    a.      If you are withholding the Record under claim of privilege (including but not limited to, the work product doctrine), please provide the information set forth in F.R.C.P. 26(b)(5), including the type of Record, the general subject matter of the Record, the date of the Record, and such other information as is sufficient to identify the Record, including, where appropriate, the author, addressee, custodian and any other recipient of the Record, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    b.      If you are withholding the Record for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each Record and, in addition to the information requested in paragraph 2.A. above, please state the reason for withholding the Record.

3.      When a Record contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Record, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Record has been redacted or altered in any fashion, identify as to each Record the reason for the redaction or alteration, the date of the redaction or alteration, and the person

performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4.      If production of any requested Record(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

5.      Plaintiffs reserve the right to request to view the original of any copy of a Record provided in response to this Request.

6.      Pursuant to FRCP 34(B)(1)(c), please produce all electronically stored information ("ESI") in its original file format as maintained in your regular course of business and in a format readable by readily available commercial software. In the alternative, ESI may be produced in a format otherwise agreed upon by the parties.

## **Interrogatories**

1.      Please provide the name and Alien Registration Number of each detainee who participated in the VWP at the Aurora Detention Facility between October 22, 2012 and the present.

2.      Please provide the name and Alien Registration Number of each detainee subject to the Housing Unit Sanitation Policy at the Aurora Detention Facility between October 22, 2004 and the present.

3.      Please provide the full name, dates of employment, last known address, last known personal e-mail address, and last known personal telephone number of each of your employees or other agents, current or former, who supervised any detainee in any job in the VWP at the Aurora Facility between October 22, 2012 and the present.

7

4. Please provide the full name, dates of employment, last known address, last known personal e-mail address and last known personal telephone number of each of your employees or other agents, current of former, who supervised any detainee in performing work pursuant to the Housing Unit Sanitation Policy in the Aurora Facility between October 22, 2004 and the present.

5. Please describe in detail each and every disciplinary or corrective action taken against a detainee for failing or refusing to fully participate in work pursuant to the Housing Unit Sanitation Policy from October 22, 2004 to the present and any policies of the Defendant that govern these disciplinary or corrective actions. For each disciplinary or corrective action (an "Action"), please provide the following information:

    a. The name and Alien Registration Number of the detainee subject to the Action;

    b. The name and all known contact information for any employee or agent of GEO who assigned, carried out, or otherwise had knowledge of the Action; and

    c. A description of the Action.

6. Please describe in detail each and every disciplinary or corrective action taken against a detainee in the Aurora Facility that resulted in a detainee being disciplined in any way, including, but not limited to, placed in solitary confinement, at any time from October 22, 2004 to the present and any policies of the Defendant that govern these disciplinary or corrective actions. For each disciplinary or corrective action (an "Action"), please provide the following information:

    a. The name and Alien Registration Number of the detainee subject to the Action;

    b. Any employee or agent of the Defendant that assigned, carried out, or otherwise had knowledge of the Action; and

      c.      A description of the Action and the reason for the Action, including a description of the purported violation justifying the Action.

7.      Please describe in detail each and every policy of GEO that resulted in disciplinary or corrective action taken against a detainee for refusing to work pursuant to the Housing Unit Sanitation Policy in the Aurora Facility from October 22, 2004 to the present.

8.      For each policy identified in response to the previous interrogatory, please state which GEO facilities implemented each policy and between what dates each policy was in effect at each facility.

9.      Please provide the full name, dates of employment, last known address, last known personal e-mail address and last known personal telephone number of each of your employees or other agents, current of former, responsible for reporting to, communicating with, or otherwise liaising with the ICE personnel, including, but not limited to, the ICE Contracting Officer's Technical Respresentive(s) and ICE Designated Service Official, regarding GEO's compliance with the federal contractual and legal requirements, at the Aurora Facility between October 22, 2012 and the present.

## Requests for Production

1.      Please provide all "Detainee Payroll" documents bearing any date between October 22, 2012 and the present that pertain to or record work in the VWP at the Aurora Facility.

2.      Please provide any and all documents summarizing, recording or reflecting hours worked in the VWP at the Aurora Facility between October 22, 2012 and the present.

3.     Please provide any and all documents summarizing or recording payments made to detainees working in the VWP at the Aurora Detention Facility between October 22, 2012 and the present.

4.     Please provide any and all documents summarizing, constituting or recording policies, guidelines, or authority pursuant to which you conducted the VWP between October 22, 2012 and the present.

5.     Please provide any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action taken between October 22, 2012 and the present which arises from, references or concerns the VWP or any job assigned pursuant to that program.

6.     Please provide any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action taken between October 22, 2004 and the present which arises from, references or concerns the Housing Unit Sanitation Policy or any job assigned pursuant to that policy.

7.     Please provide any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action taken between October 22, 2004 and the present that involves the use of solitary confinement.

8.     Please provide any and all documents recording or summarizing the identities of individuals tasked with working pursuant to the Housing Unit Sanitation Program between October 22, 2004 and the present.

9.     Please provide any and all documents summarizing, constituting or recording policies, guidelines, or authority pursuant to which you conducted the Housing Unit Sanitation Policy between October 22, 2004 and the present.

10. Please provide any and all documents summarizing, constituting or recording communications between you and any person representing the ICE, dated between October 22, 2004 and the present and which reference the Housing Unit Sanitation Program.

11. Please provide any and all documents summarizing, constituting or recording communications between you and any person representing the ICE, dated between October 22, 2012 and the present and which mention the VWP.

12. Please provide any and all documents summarizing or constituting any contract you executed to purchase services, including cleaning services, to be delivered at the Aurora Facility between October 22, 2004 and the present.

13. Please provide any and all documents summarizing, constituting, or recording Performance Evaluation Meetings, including all draft invoices, signed minutes, and GEO responses to any areas of disagreement between ICE and GEO, that occurred or were scheduled to occur between you and ICE from October 22, 2004 and the present.

14. Please provide all requests for reimbursement from GEO to ICE, and any responses thereto, for monies related to the Detainee Volunteer Work Program created on or after October 22, 2012.

15. Please provide any and all documents you provided to any Plaintiff.

16. Please provide any and all documents which purport to be signed by any Plaintiff.

**Requests for Admission**

1. Admit that at least one detainee in the Aurora Detention Center faced disciplinary or other corrective action for refusing to participate in work pursuant to the Housing Unit Sanitation Policy.

2. Admit that immigration detainees in other detention facilities owned and or operated by GEO are paid more than $1 per day for their participation in the VWP.

3. Admit that there is no law, regulation, or contract preventing GEO from paying detainees at its Aurora Detention Facility more than $1 per day for their participation in the VWP.

4. Admit that GEO informed at least some detainees at the Aurora Detention Facility that the $1 a day wage for the VWP was set by ICE or some other branch of the Federal government.

**Request for Inspection**

Pursuant to FRCP 34(a)(2), Plaintiffs request that they and/or their agents and attorneys be allowed to enter onto and inspect GEO's Aurora Detention Facility (the "Property") on December 11, 2015 at 10am for the purposes of inspecting, measuring, surveying, photographing, testing, or sampling said property. The Plaintiffs specifically request to inspect the following portions of the Property:

1. All facilities used for disciplinary or corrective actions against detainees, including any facilities used for solitary confinement;

2. Any area that was the subject of detainee work, including cleaning, as a result of the Housing Unit Sanitation Policy; and

3. Any area that was the subject of detainee work as a result of the VWP.

Dated: 7/31/2015

        s/Alexander Hood
        Alexander Hood
        Towards Justice
        1535 High St., Suite 300
        Denver, CO 80218
        Tel.: 720-239-2606
        Fax: 303-957-2289
        Email: alex@towardsjustice.org


        Attorney for the Plaintiffs

## Certificate of Service

      I hereby certify that on 7/31/2015, I served a true and correct copy of the forgoing on the individuals below pursuant to F.R.C.P. 5.

*Attorneys for Defendants*

David R. DeMuro
Charles A. Deacon
Mark Thomas Emery
Shelby Anne Felton

                                                  <u>s/Alexander Hood</u>
                                                  Alexander Hood