# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

vs.

THE GEO GROUP, INC.,

      Defendant.

---

**DEFENDANT GEO'S RESPONSES TO PLAINTIFFS' FIRST SET OF**
**INTERROGATORIES, REQUESTS FOR ADMISSIONS, REQUESTS FOR**
**PRODUCTION OF DOCUMENTS, AND REQUEST FOR INSPECTION**

---

      Defendant GEO, by its attorneys, Vaughan & DeMuro and Norton Rose Fulbright

US LLP, hereby responds to Plaintiffs' first set of interrogatories, requests for admissions,

requests for production, and request for inspection.

## GENERAL OBJECTIONS AND STATEMENTS

      1.    Defendant objects to the disclosure of any information protected from

discovery by the attorney-client privilege or work product doctrine.

      2.    Defendant states that any discovery relating to the production of confidential

information regarding detainees, GEO Group employees, or GEO Group policies is subject

to federal regulations at 6 C.F.R. §§ 5.41-5.49 and by <u>United States ex rel. Touhy v.</u>
<u>Ragen</u>, 340 U.S. 462 (1951) and a stipulated protective order to be entered in this case.

3.    The responses to the discovery below are to the best of Defendant's present
ability and information. Defendant reserves the right to supplement these responses after
completion of discovery, investigation, or preparation for trial.  Defendant further reserves
the right to introduce evidence at the time of trial based upon information and/or
documents located, developed, or discovered subsequent to the date hereof, which
evidence may supplement, amplify, modify or be in conflict with the following answers that
are based upon present information only.

4.    Defendant objects to the "Definitions" and "Instructions," in Plaintiffs'
discovery requests, to the extent they impose obligations beyond those imposed by the
Federal Rules of Civil Procedure and to the extent they are vague and fail to provide
specific understandable definitions.

5.    Defendant objects to the discovery requests to the extent they seek
information regarding GEO Group facilities, detainees, or employees outside the facility in
Aurora, CO.  Information regarding other facilities is not relevant and not likely to lead to
the discovery of relevant information.  Such requests are also overbroad and unduly
burdensome.   For purposes of answering this discovery, Defendant will refer only to its
facility in Aurora, Colorado, and the detainees and employees from that facility as that
facility is where Plaintiffs were housed.

6.    Defendant objects to these discovery requests to the extent that they seek
discovery beyond class certification issues.

## **INTERROGATORIES**

2

**1.    Please provide the name and Alien Registration Number of each detainee who participated in the VWP at the Aurora Detention Facility between October 22, 2012 and the present.**

<u>**ANSWER**</u>: Objection.    Defendant objects to this interrogatory as unduly burdensome, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence, and because it seeks confidential information subject to the Privacy Act.  Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

Pursuant to direction from DHS/ICE and the Department of Justice, Defendant objects to and cannot provide the Alien Registration Number ("A Number") for each detainee who participated in the VWP because the A Number is not relevant to any claim or defense, is not likely to lead to the discovery of admissible evidence, and because the A Number is confidential information subject to the Privacy Act, 5 U.S.C §552a, FR Doc No: 2013-27895.  This interrogatory is more appropriately submitted via a Freedom of Information Act request to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement

Defendant objects to this interrogatory as unduly burdensome because there could be approximately 4,000 to 6,000 ICE detainees that are housed at the Aurora facility every year.

|      | intake | release |
|------|--------|---------|
| 2014 | 3,630  | 3,693   |
| 2013 | 4,374  | 4,367   |
| 2012 | 5,471  | 5,433   |
| 2011 | 5,838  | 5,903   |

3

| 2010 | 6,175 | 6,192 |
|------|-------|-------|
| 2009 | 6,222 | 6,189 |
| 2008 | 6,640 | 6,674 |
| 2007 | 5,809 | 5,556 |
| total | 44,159.00 | |
| avg | 5,519.86 | |

Plaintiffs are seeking information for almost three years, or potentially 18,000 detainees. On any given day there could be up to 80 detainees participating in the VWP.   Defendant objects to creating a list of these detainees as it is unduly burdensome.

Without waiving those objections, Defendant provided VWP payroll information in its Rule 26 disclosures at GEO_MEN 057-58, 63-66, 71-78, 85-86, 94-103, 108-116, 121-125, 142-153.   Defendant has provided some monthly reimbursement reports for the VWP (which includes the names of the detainees who were paid pursuant to the VWP) to DHS/ICE/DOJ for its review.  At this time, pursuant to a letter from the US Attorney's office, Defendant is unable to provide those reports until approval is received from DHS/ICE/DOJ. See attached letters.  Defendant understands that if Plaintiffs want these documents, they must provide DHS/ICE/DOJ with the "detailed description of the relevance of the information as it pertains to the issue at hand." See attached letters.

**2.      Please provide the name and Alien Registration Number of each detainee subject to the Housing Unit Sanitation Policy at the Aurora Detention Facility between October 22, 2004 and the present.**

**ANSWER**: Objection.   Defendant objects to this interrogatory because it seeks confidential information subject to the Privacy Act and as unduly burdensome, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.

Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

Pursuant to direction from DHS/ICE/DOJ, Defendant objects to providing the Alien Registration Number ("A Number") for each detainee subject to the sanitation policy because the A Number is not relevant to any claim or defense, is not likely to lead to the discovery of admissible evidence, and because the A Number is confidential information subject to the Privacy Act, 5 U.S.C §552a, FR Doc No: 2013-27895.

Defendant objects to this interrogatory as unduly burdensome because there could be approximately 4,000 to 6,000 ICE detainees that are housed at the Aurora facility every year. All detainees are subject to ICE's housing sanitation policy and Plaintiffs are seeking information for ten years and, therefore, potentially 60,000 detainees. Defendant does not have, in the ordinary course of business, any document that lists every detainee that has been housed in the Aurora facility in the last ten years. Defendant objects to creating a list of 60,000 names as it is unduly burdensome.

Defendant objects to this interrogatory as it has not been given approval from DHS/ICE/DOJ to provide information from detainee files per the attached letters.

**3.      Please provide the full name, dates of employment, last known address, last known personal e-mail address, and last known personal telephone number of each of your employees or other agents, current or former, who supervised any detainee in any job in the VWP at the Aurora Facility between October 22, 2012 and the present.**

<u>**ANSWER**</u>: Objection. Defendant objects to this interrogatory as unduly burdensome, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence, and because it seeks confidential information. Defendant objects to this request

as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by <u>United States ex</u>
<u>rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

This interrogatory is overbroad as the Aurora facility employs approximately 189
people on the ICE contract at any time and, of course, employees separate from
employment and are hired at various times. Who was employed and the number of people
employed may vary at any time. Defendant does not, in the ordinary course of business,
maintain any document that would readily identify which of those employees supervised
detainees in the VWP. Even reviewing daily detainee payroll sheets submitted each day
for each of the 80 jobs in the VWP may not identify the employee that actually supervised
the detainees on each job.

Defendant also objects to providing the personal contact information for its current
and former employees as the contact information is not relevant to any claim or defense
and not likely to lead to the discovery of admissible evidence, and because it seeks
confidential information. Providing the names and contact information for employees (to
persons who were previously or are currently detained) presents a security risk and a safety
issue for those employees. Additionally, providing the requested information would unduly
interfere with the privacy expectations of Defendant's current and former employees
because Defendant considers such information confidential.

Defendant objects to this interrogatory as it has not been given approval from
DHS/ICE/DOJ to provide information related to detainees per the attached letters.

**4.      Please provide the full name, dates of employment, last known address,**
**last known personal e-mail address and last known personal telephone number of**
**each of your employees or other agents, current or former, who supervised any**
**detainee in performing work pursuant to the Housing Unit Sanitation Policy in the**

Aurora Facility between October 22, 2004 and the present.

**ANSWER**:    Objection.    Defendant objects to this interrogatory as unduly burdensome, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence, and because it seeks confidential information.  Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

This interrogatory is overbroad as the Aurora facility employs approximately 189 people on the ICE contract at any time and, of course, employees separate from employment and are hired at various times.  Who was employed and the number of people employed may vary at any time.  The officers work three shifts, 24 hours a day, 365 days a year and anyone of them could have supervised cleaning pursuant to the sanitation policy at any time.  Defendant does not, in the ordinary course of business, maintain any document that would identify which of those employees supervised detainees cleaning pursuant to the sanitation policy.  This interrogatory is also unduly burdensome as Plaintiffs are seeking information regarding all detention officers employed for a ten year period.

Defendant also objects to providing the personal contact information for its current and former employees as the contact information is not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence, and because it seeks confidential information.  Providing the names and contact information for employees (to persons who were previously or are currently detained) presents a security risk and a safety issue for those employees.  Additionally, providing the requested information would unduly interfere with the privacy expectations of Defendant's current and former employees because Defendant considers such information confidential.

7

Defendant objects to this interrogatory as it has not been given approval from DHS/ICE/DOJ to provide information related to detainees per the attached letters.

**5.      Please describe in detail each and every disciplinary or corrective action taken against a detainee for failing or refusing to fully participate in work pursuant to the Housing Unit Sanitation Policy from October 22, 2004 to the present and any policies of the Defendant that govern these disciplinary or corrective actions. For each disciplinary or corrective action (an "Action"), please provide the following information**:

> **a.      The name and Alien Registration Number of the detainee subject to the Action;**
>
> **b.      The name and all known contact information for any employee or agent of GEO who assigned, carried out, or otherwise had knowledge of the Action; and**
>
> **c.      A description of the Action.**

**ANSWER**:  Objection.  Defendant objects to this interrogatory because it seeks confidential information subject to the Privacy Act and as unduly burdensome, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence. Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Defendant objects to this request as vague because "disciplinary," and "corrective action," are not defined.  It is unknown whether this follows the allegation in the Complaint that there were "threat[s] to put those who refused to work (for no pay) in 'the hole,' or solitary confinement."  Doc. 1.  Defendant employs approximately 189 people on the ICE contract during three shifts, 24 hours a day and 365 days a year and those employees change over time.   This request could be interpreted as asking whether some employee

8

referred to solitary confinement or "the hole" in relation to the sanitation policy at some time since 2004.  Defendant simply has no way of determining the answer to this interrogatory.

Pursuant to direction from DHS/ICE/DOJ, Defendant objects to providing the Alien Registration Number ("A Number") for each detainee subject to the sanitation policy because the A Number is not relevant to any claim or defense, is not likely to lead to the discovery of admissible evidence, and because the A Number is confidential information subject to the Privacy Act, 5 U.S.C §552a, FR Doc No: 2013-27895.

Defendant also objects to providing the personal contact information for its current and former employees as the contact information is not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence, and because it seeks confidential information.  Providing the names and contact information for employees (to persons who were previously or are currently detained) presents a security risk and a safety issue for those employees.  Additionally, providing the requested information would unduly interfere with the privacy expectations of Defendant's current and former employees because Defendant considers such information confidential.

Defendant objects to this interrogatory as unduly burdensome because there could be approximately 4,000 to 6,000 ICE detainees that are housed at the Aurora facility every year.  All detainees are subject to ICE's housing sanitation policy and Plaintiffs are seeking information for ten years and, therefore, potentially 60,000 detainees.  In the ordinary course of business, Defendant does not maintain any document that would identify disciplinary or corrective actions for each of those 60,000 detainees or the employees involved in those actions.  Therefore, answering this interrogatory would require reviewing each of up to 60,000 detainee files to locate any disciplinary or corrective actions.

Defendant objects to this as unduly burdensome.

As to policies, see the objections, answer, and responses to Response to Request for Production No. 9.

Defendant also objects to this interrogatory as Defendant has not received approval from DHS/ICE/DOJ to provide information from the detainee files as stated in the attached letters.

**6.      Please describe in detail each and every disciplinary or corrective action taken against a detainee in the Aurora Facility that resulted in a detainee being disciplined in any way, including, but not limited to, placed in solitary confinement, at any time from October 22, 2004 to the present and any policies of the Defendant that govern these disciplinary or corrective actions. For each disciplinary or corrective action (an "Action"), please provide the following information:**

**a.      The name and Alien Registration Number of the detainee subject to the Action;**

**b.      Any employee or agent of the Defendant that assigned, carried out, or otherwise had knowledge of the Action; and**

**c.      A description of the Action and the reason for the Action, including a description of the purported violation justifying the Action.**

**ANSWER**: Objection.  Defendant objects to this interrogatory because it seeks confidential information subject to the Privacy Act and as unduly burdensome, overbroad, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.  Defendant objects to this request as vague because "disciplinary," and "corrective action," are not defined.  Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Defendant objects to his request as overbroad, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.  The allegations in Plaintiffs' Complaint are very specific and only include discipline related to refusing to participate in ICE's sanitation policy.  Therefore, information regarding detainees subject to discipline for any other reason is overbroad, not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.

Defendant objects to providing the Alien Registration Number ("A Number") for the reasons already stated.  Defendant objects to providing the personal contact information for its current and former employees for the reasons already stated.  Defendant objects to this interrogatory as unduly burdensome because of the number of detainees housed during the time period and the number of employees, as stated above.

Defendant also objects to this interrogatory as Defendant has not received approval from DHS/ICE/DOJ to provide information from the detainee files as stated in the attached letters.

**7.     Please describe in detail each and every policy of GEO that resulted in disciplinary or corrective action taken against a detainee for refusing to work pursuant to the Housing Unit Sanitation Policy in the Aurora Facility from October 22, 2004 to the present.**

**ANSWER**: Objection.  Defendant objects to this interrogatory as vague because "disciplinary or corrective action" is not defined.  Defendant objects to this interrogatory as it presumes there are policies that state that there will be disciplinary or corrective action taken against detainees for refusing to work pursuant to the Housing Unit Sanitation Policy. Defendant objects to this interrogatory to the extent that it presumes that there were

detainees that received disciplinary or corrective action for refusing to work pursuant to the Housing Unit Sanitation Policy at the Aurora Facility.    Defendant objects to this interrogatory as overbroad and unduly burdensome as it seeks policies for a ten year period of time.

<u>See</u> objections, answers, and responses to Interrogatory No. 5 and Request for Production No. 9.

**8.    For each policy identified in response to the previous interrogatory, please state which GEO facilities implemented each policy and between what dates each policy was in effect at each facility.**

<u>**ANSWER**</u>:    Objection.    Defendant objects to this request as overbroad, not relevant, and not likely to lead to the discovery of admissible evidence because this request seeks information from facilities other than the Aurora facility, but the Aurora facility is the only facility at issue in this case.

**9.    Please provide the full name, dates of employment, last known address, last known personal e-mail address and last known personal telephone number of each of your employees or other agents, current of former, responsible for reporting to, communicating with, or otherwise liaising with the ICE personnel, including, but not limited to, the ICE Contracting Officer's Technical Representative(s) and ICE Designated Service Official, regarding GEO's compliance with the federal contractual and legal requirements, at the Aurora Facility between October 22, 2012 and the present.**

<u>**ANSWER**</u>:  Objection.  Defendant objects to this interrogatory as vague, overbroad, unduly burdensome, not relevant to any claim or defense and not likely to lead to the

discovery of admissible evidence, and because it seeks confidential information.

Defendant objects to this interrogatory as vague. Defendant is unfamiliar with the phrase "ICE Designated Service Official."  Additionally, it is unclear what is meant by the phrases "responsible for reporting to, communicating with, or otherwise liaising with," and "compliance with the federal contractual and legal requirements."

Defendant objects to this interrogatory as overbroad as any employee could potentially provide information to an ICE official, if asked.

Defendant objects to providing the personal contact information for its current and former employees for the reasons already stated above.

Without waiving those objections and limiting the question to known regular communications with ICE, Defendant states that there are generally weekly meetings between department heads at the Aurora facility and local ICE officials.  Currently, the persons at the meetings are:

| GEO Staff | ICE Staff |
|---|---|
| John Choate, Warden<br>Dawn Ceja, AW Operations<br>Barb Krumpelmann, AW Finance and Administration<br>Jaime Davis, Chief of Security<br>Dennis McCoy, Fire Safety Manager<br>Kevin Martin, Programs Manager<br>Joshua Dittmar, Transportation SV<br>Paul Pinksonly, Maintenance SV<br>Scott Kennedy, Food Service Manager<br>Michele Cooper, Executive Secretary<br>Tommy Jensen, IT<br>Brad Stelter, ACA Compliance<br>Trina McCuen, Training Manager<br>Health Services Administrator | Amelia Sanchez, COR Contracting Officers Representative<br>Carl Zabat, AFOD Asst. Field Office Director<br>Chris Jones, SDDO Supervisory Detention Deportation Officer<br>Tracy Cammorto, SDDO Supervisory Detention Deportation Officer<br>Fred Krzysiak, Detention Services Manager |

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      **Please provide all "Detainee Payroll" documents bearing any date between October 22, 2012 and the present that pertain to or record work in the VWP at the Aurora Facility.**

**RESPONSE**: Objection.  Defendant objects to this request as vague and overbroad, unduly burdensome and because it requests confidential information.

Defendant objects to this request as vague, overbroad, and unduly burdensome because of the use of the words/phrase "all 'Detainee Payroll' documents" and "pertain to or record work."  This request could seek all documents with the name "Detainee Payroll" or all documents with detainee payroll information.  There are an unknown number of types of documents that could contain detainee payroll information.

Defendant also objects to this request based on the same objections asserted in answer to Interrogatory No. 1.  Without waiving any objections, and limiting its response to the documents most readily used in the ordinary course of business, Defendant's response to this request is the same as its objections and answer to Interrogatory No. 1.

Upon approval from DHS/ICE/DOJ, Defendant may also be able to permit inspection of approximately 47+ boxes of "daily sheets" which the detainees sign each day they work. A redacted example of a "daily sheet" was provided to attorney Brandt Milstein via email on June 10, 2015.

2.      **Please provide any and all documents summarizing, recording or reflecting hours worked in the VWP at the Aurora Facility between October 22, 2012 and the present.**

**RESPONSE**: Objection. Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing, recording or reflecting." <u>See</u> also objections, answers, and responses to Interrogatory No. 1 and Request for Production No. ("RFP") 1.

3.     **Please provide any and all documents summarizing or recording payments made to detainees working in the VWP at the Aurora Detention Facility between October 22, 2012 and the present.**

**RESPONSE**: Objection.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing or recording."  <u>See</u> also objections, answers, and responses to Interrogatory No. 1 and Request for Production Nos. ("RFP") 1 and 2.

4.     **Please provide any and all documents summarizing, constituting or recording policies, guidelines, or authority pursuant to which you conducted the VWP between October 22, 2012 and the present.**

**RESPONSE**: Objection.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing, constituting or recording," and "policies, guidelines, or authority."  Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

Without waiving those objections and limiting its response to official local policies, Aurora local policy 8.1.8 addresses the voluntary work program.  Copies of those policies will be provided upon approval of DHS/ICE/DOJ and the Court's entry of a protective order.

Additionally, Defendant conducts the VWP program pursuant to the PBNDS, the contract with ICE, and the ICE detainee handbook, all of which were previously provided.

**5.      Please provide any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action taken between October 22, 2012 and the present which arises from, references or concerns the VWP or any job assigned pursuant to that program.**

**RESPONSE**: Objection. Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing, constituting, recording, or referencing" and "disciplinary or corrective action." Defendant also objects to this request based on the same objections set forth in answer/response to Interrogatory Nos. 5-7.

**6.      Please provide any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action taken between October 22, 2004 and the present which arises from, references or concerns the Housing Unit Sanitation Policy or any job assigned pursuant to that policy.**

**RESPONSE**: Objection.  See objections, answers, and responses to Interrogatory Nos. 5-7 and RFP 5.

**7.      Please provide any and all documents summarizing, constituting, recording or referencing any disciplinary or corrective action taken between October 22, 2004 and the present that involves the use of solitary confinement.**

**RESPONSE**:  Objection.  See objections, answers, and responses to Interrogatory Nos. 5-7 and RFP 5 and 6.

16

**8.**     **Please provide any and all documents recording or summarizing the identities of individuals tasked with working pursuant to the Housing Unit Sanitation Program between October 22, 2004 and the present.**

**RESPONSE**:  Objection. Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrases "any and all documents" and "recording or summarizing." See objections, answers, and responses to Interrogatory No. 2.

**9.**     **Please provide any and all documents summarizing, constituting or recording policies, guidelines, or authority pursuant to which you conducted the Housing Unit Sanitation Policy between October 22, 2004 and the present.**

**RESPONSE**: Objection.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents" and "summarizing, constituting or recording," and "policies, guidelines, or authority."  Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Without waiving those objections and limiting its response to official local policies, Aurora local policy 12.1.4 addresses sanitation.  Copies of those policies will be provided upon approval of DHS/ICE/DOJ and the Court's entry of a protective order.

Additionally, sanitation is conducted pursuant to the PBNDS, the contract with ICE, and the ICE detainee handbook, all of which were previously provided.

**10.**     **Please provide any and all documents summarizing, constituting or recording communications between you and any person representing the ICE, dated**

17

between October 22, 2004 and the present and which reference the Housing Unit
Sanitation Program.

**RESPONSE**: Objection.  Defendant objects to this request as vague, overbroad and
unduly burdensome based on the use of the words/phrase "any and all documents,"
"summarizing, constituting or recording," and "communications."

Defendant also objects to this request because at this time, pursuant to letters from
the US Attorney's office, Defendant is unable to provide any communications with ICE until
approval is received from DHS/ICE/DOJ. See attached letters.  Defendant understands that
if Plaintiffs want these documents, they must provide DHS/ICE/DOJ with the "detailed
description of the relevance of the information as it pertains to the issue at hand." See
attached letters.

11.    **Please provide any and all documents summarizing, constituting or
recording communications between you and any person representing the ICE, dated
between October 22, 2012 and the present and which mention the VWP.**

**RESPONSE**: Objection.  Defendant objects to this request as vague, overbroad and
unduly burdensome based on the use of the words/phrase "any and all documents,"
"summarizing, constituting or recording," and "communications."

Defendant also objects to this request because at this time, pursuant to letters from
the US Attorney's office, Defendant is unable to provide any communications with ICE until
approval is received from DHS/ICE/DOJ. See attached letters.  Defendant understands that
if Plaintiffs want these documents, they must provide DHS/ICE/DOJ with the "detailed
description of the relevance of the information as it pertains to the issue at hand." See

attached letters.

**12.     Please provide any and all documents summarizing or constituting any contract you executed to purchase services, including cleaning services, to be delivered at the Aurora Facility between October 22, 2004 and the present.**

**RESPONSE**: Objection.  Defendant objects to this request as not related to class certification issues.  Defendant objects to this request as not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.  These documents will not make it more likely than not that Defendant violated the TVPA or was unjustly enriched.

**13.     Please provide any and all documents summarizing, constituting, or recording Performance Evaluation Meetings, including all draft invoices, signed minutes, and GEO responses to any areas of disagreement between ICE and GEO, that occurred or were scheduled to occur between you and ICE from October 22, 2004 and the present.**

**RESPONSE**: Objection.  Defendant objects to this request as it is not aware of what is meant by a "Performance Evaluation Meeting."  Defendant objects to this request as not related to class certification issues.  Defendant objects to this request as not relevant to any claim or defense and not likely to lead to the discovery of admissible evidence.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents," "summarizing, constituting or recording," and "draft invoices, signed minutes, and GEO responses to any areas of disagreement."

Defendant also objects to this request because at this time, pursuant to letters from

the US Attorney's office, Defendant is unable to provide any communications with ICE until approval is received from DHS/ICE/DOJ. <u>See</u> attached letters. Defendant understands that if Plaintiffs want these documents, they must provide DHS/ICE/DOJ with the "detailed description of the relevance of the information as it pertains to the issue at hand." <u>See</u> attached letters.

**14.     Please provide all requests for reimbursement from GEO to ICE, and any responses thereto, for monies related to the Detainee Volunteer Work Program created on or after October 22, 2012.**

<u>RESPONSE</u>: Objection.  <u>See</u> objections, answers, and responses to Interrogatory No. 1 and RFP 1-3.

**15.     Please provide any and all documents you provided to any Plaintiff.**

<u>RESPONSE</u>: Objection.  Defendant objects to this request as vague, overbroad and unduly burdensome based on the use of the words/phrase "any and all documents." Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951).

Without waiving those objections, and limiting its answer to its current review of documents, the requested documents are typically maintained in a detainee's file. Defendant has provided redacted detainee files for each currently named plaintiff to DHS/ICE/DOJ for its review.  However, Defendant objects to this request because at this time, pursuant to letters from the US Attorney's office, Defendant is unable to provide the detainee files until approval is received from DHS/ICE/DOJ.  <u>See</u> attached letter. Defendant understands that if Plaintiffs want these documents, they must provide

20

DHS/ICE/DOJ with the "detailed description of the relevance of the information as it pertains
to the issue at hand." See attached letters.

**16.    Please provide any and all documents which purport to be signed by any
Plaintiff.**

RESPONSE:  Objection.  See objections and response to RFP 15.

## REQUESTS FOR ADMISSION

**1.    Admit that at least one detainee in the Aurora Detention Center faced
disciplinary or other corrective action for refusing to participate in work pursuant to
the Housing Unit Sanitation Policy.**

ANSWER:  Objection.  Defendant objects to this request as vague and overbroad.
This request is overbroad and unduly burdensome as it is not limited in time.  This request
is vague and overbroad as "faced," "disciplinary," and "other corrective action," are not
defined.  It is unknown whether this follows the allegation in the Complaint that there were
threats "to put those who refused to work (for no pay) in 'the hole,' or solitary confinement."
Doc. 1.  Defendant employs an average of 189 employees on the ICE contract during three
shifts, 24 hours a day and 365 days a year and those employees change over time.   This
request could be interpreted as asking whether some employee referred to "the hole" or
solitary confinement in relation to the sanitation policy at some time during the entire time
ICE detainees have been housed at the Aurora facility.  Defendant simply has no way of
determining the answer to this request.

Defendant also objects to this request because it seeks confidential information
subject to the Privacy Act and as unduly burdensome, not relevant to any claim or defense

and not likely to lead to the discovery of admissible evidence. Defendant objects to this request as it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

Defendant objects to this request as unduly burdensome because there could be approximately 4,000 to 6,000 ICE detainees that are housed at the Aurora facility every year. All detainees are subject to ICE's housing sanitation policy and Plaintiffs are seeking information for ten years and, therefore, potentially 60,000 detainees. In the ordinary course of business, Defendant does not maintain any document that would identify disciplinary or corrective actions for each of those 60,000 detainees. Therefore, answering this request would require reviewing each detainee file to locate any disciplinary or corrective actions. Defendant objects to this as unduly burdensome.

Defendant also objects to this request as Defendant has not received approval from DHS/ICE/DOJ to provide information from the detainee files as stated in the attached letters.

**2.** **Admit that immigration detainees in other detention facilities owned and or operated by GEO are paid more than $1 per day for their participation in the VWP.**

**ANSWER**: Objection. Defendant objects to this request as overbroad, not relevant, and not likely to lead to the discovery of admissible evidence because this request seeks information from facilities other than the Aurora facility, but the Aurora facility is the only facility at issue in this case. Different facilities work with different ICE contracting officers and each facility has its own contract terms, including the terms related to the detainee work program.

22

Defendant further objects as it can neither admit nor deny this request.  There are

some ICE detainees at some GEO facilities in some jobs that are paid more than $1 per

day.  There are also some detainees at a GEO facility that are permitted to work more than

one job, are paid $1 per day for each job and, therefore, could earn more than $1 per day

for their participation in the VWP.  However, all facilities that receive reimbursement from

ICE for the VWP, are only reimbursed $1 per day.

**3.    Admit that there is no law, regulation, or contract preventing GEO from
paying detainees at its Aurora Detention Facility more than $1 per day for their
participation in the VWP.**

__ANSWER__:    Objection.  Defendant objects to this request as it requires a legal

conclusion and an ultimate issue for trial.    Defendant can neither admit nor deny this

request.  Pursuant to 8 U.S.C. § 1555(d), the Immigration and Naturalization Service ("INS,"

now known as DHS/ICE) can appropriate money for work performed by persons held in

custody under the immigration laws.  The amount of payment was set by the Department

of Justice Appropriation Act, 1978, Pub.L. No. 95-86, 91 Stat. 426 (1978), at a rate not to

exceed $1.00 per day.[1]  See also Department of Justice Appropriation Act, 1979, Pub. L.

No. 95-431, 92 Stat. 1021, 1027 (Oct. 18, 1978); Department of Justice Appropriation Act,

1978, Pub. L. No. 95-86, 91 Stat. 419, 426 (August 2, 1977).[2]  Congress has never raised

---

[1]  The court in Alvarado Guevara v. INS, 902 F.2d 394, 396-977 (5th Cir. 1990), held that the
Congressional authorization of the payment to detained aliens is "a valid exercise of the congressional power
to regulate the conduct of aliens."

[2]  Additionally, the Department of Justice Appropriations Authorization Act, 1979, Pub. L. No. 96-132,
§ 2 (10), 93 Stat. 1040, 1042 (1979), gave the INS (now DHS/ICE) authority comparable to the authority in
8 U.S.C. 1555(d).  The 1979 Act appropriates money to the INS/DHS/ICE for "payment of allowances to
aliens, while held in custody under the immigration laws, for work performed." Id.  Unlike Section 1555(d),

that rate.

The plain language of the contract states that Defendant "shall not exceed the **quantity** shown without prior approval by the Contracting Officer." Doc. 11-2, pp. 3, 5-8. The **quantity** is the total dollar amount allocated for that line item in the contract. Id. The contract makes no statement that Defendant may seek approval for a **rate** higher than $1.00 per day. Id. To the contrary, the contract prohibits Defendant from making a higher payment providing that the government's appropriation or "reimbursement . . . will be at actual cost of $1.00 per day per detainee." Id. DHS/ICE included this term in the contract for services with Defendant at the Aurora facility (Exhibit C to ECF 11) and in the ICE Detainee Voluntary Work Program (Exhibit A to ECF 11).

The requirement that any reimbursement over $1 per day occur only with the "approval of the Contracting Office" indicates a strong federal interest in controlling the levels of reimbursement provided to detainees under the VWP, and in not having such reimbursement calculated based on a post-hoc "fair market value" analysis. See Doc. 29 at 29-30. Allowing Colorado common law to be inserted into the federal government-contractor relationship to vary a material pricing term of the GEO/ICE contract-i.e., paying excess of $1 per day without the "approval of the Contracting Office"-directly and significantly conflicts with the government-contractor relationship. See Doc. 29, at 30 (citing U.S. v. City of Las Cruces, 289 F.3d 1170, 1186 (10th Cir. 2002)).

---

however, Section 2(10) does not require Congress to set the rate of compensation for each fiscal year. 93 Stat. at 1042. Congress has renewed Section 2(10) in subsequent fiscal years. See e.g. Pub.L.No. 98-166, 205(a), 97 Stat 1086 (1984); Pub.L.No. 102-140, 102(a), 105 Stat. at 791 (1992); Pub.L.No. 104-208, 102(a), 110 Stat. at 3009-17 (1997); Pub.L.No. 107-77, 102, 115 Stat. 764 (2002).

Strictly speaking, the "at least" qualification is consistent with the contract, which provides that more than $1 per day could be paid with approval of the Contracting Office.  But that language alone does not authorize payment of more than $1 per day, and does not override the contractual prohibition that the $1 per day rate not be exceeded without "approval of the Contracting Officer."

**4.      Admit that GEO informed at least some detainees at the Aurora Detention Facility that the $1 a day wage for the VWP was set by ICE or some other branch of the Federal government.**

**ANSWER**:      Objection.  Defendant objects to this request as vague.  Defendant is unable to respond to this request as it is unknown who "GEO" is and there is no time frame for this request.  Defendant employs approximately 189 employees on the ICE contract during three shifts, 24 hours a day and 365 days a year and those employees change over time.  Defendant houses 4,000 to 6,000 detainees per year at the Aurora facility.   This request could be interpreted as asking whether some employee made such statements at some time to some detainee during the entire time ICE detainees have been housed at the Aurora facility.  Defendant simply has no way of determining the answer to this request.

### REQUEST FOR INSPECTION

Pursuant to FRCP 34(a)(2), Plaintiffs request that they and/or their agents and attorneys be allowed to enter onto and inspect GEO's Aurora Detention Facility (the "Property") on December 11, 2015 at 10:00 a.m. for the purposes of inspecting, measuring, surveying, photographing, testing, or sampling said property. The Plaintiffs specifically request to inspect the following portions of the Property:

1.    All facilities used for disciplinary or corrective actions against detainees, including any facilities used for solitary confinement;

2.    Any area that was the subject of detainee work, including cleaning, as a result of the Housing Unit Sanitation Policy; and

3.    Any area that was the subject of detainee work as a result of the VWP.

**RESPONSE**: Objection.  Defendant objects to this request for inspection as it is not related to class certification.

Defendant objects to the inspection of the facility as such inspection is not relevant to either party's claim or defense and not likely to lead to the discovery of admissible information.  An inspection will not make it more or less likely that Defendant violated the TVPA or was unjustly enriched.  Defendant also objects to the inspection of the new facility based on security concerns and that it will unduly burden the operation of the facility.

Submitted September 23, 2015.

AS TO OBJECTIONS, REQUESTS FOR PRODUCTIONS, REQUESTS FOR ADMISSIONS, and REQUEST FOR INSPECTION:

VAUGHAN & DeMURO

*/s/ Shelby A. Felton*
David R. DeMuro
Shelby A. Felton
3900 E. Mexico Ave., Suite 620
Denver, Colorado 80210
(303) 837-9200
Email:sfelton@vaughandemuro.com

NORTON ROSE FULBRIGHT US LLP

*/s/ Charles A. Deacon*
Charles A. Deacon
300 Convent Street, Suite 2100,
San Antonio, Texas 78205-3792
(210) 270 7133
charlie.deacon@nortonrosefulbright.com

Mark Emery
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
(202) 662-0210
mark.emery@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2015, I electronically submitted **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR INSPECTION** via electronic mail to the following

Brandt Milstein
brandt@milsteinlawoffice.com

Andrew Turner
aturner@laborlawdenver.com

Alexander Hood
alex@towardsjustice.org

Hans Meyer
hans@themeyerlawoffice.com

R. Andrew Free
Andrew@ImmigrantCivilRights.com

/s/Shelby A. Felton
Shelby A. Felton
3900 E. Mexico Ave., Suite 620
Denver, Colorado 80210
(303) 837-9200
(303) 837-9400 fax
Emails:sfelton@vaughandemuro.com