# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ALEJANDRO MENOCAL, *et al.*,

        Plaintiffs,

    v.

THE GEO GROUP, INC.,

        Defendant.

No. 14 Civ. 2887 (JLK)

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the District of Colorado, Plaintiffs request that Defendant The GEO Group, Inc. produce the documents and electronically-stored information described below for inspection and copying within thirty-three days of the date of these requests at the offices of Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, NY 10017, unless otherwise indicated herein. Defendant is also required to serve written responses within thirty-three days of the date of these requests.

**DEFINITIONS**

Plaintiffs incorporate by reference the Definitions in Plaintiffs' First Set of Discovery Requests to Defendant, dated July 31, 2015. In addition, as used in these Requests for Production of Documents ("Requests"), the following terms have the following meanings:

1.    "Compensation" means all monies and benefits, including: salaries, hourly wages, overtime wages, commissions, raises, and bonuses; or any other benefits given in return for work, tasks and/or duties.

2.    The term "hours" includes full hours and partial hour(s).

3. Pursuant to Federal Rule of Civil Procedure 34, electronically stored information ("ESI") subject to disclosure includes information stored "in any medium." Such media include, but are not limited to:

    a. Active, online storage locations, such as magnetic disks and hard drives;

    b. Near-line storage locations, such as optical disks;

    c. Offline storage locations and archives, such as removable optical disks and magnetic tape media;

    d. Back-up tapes;

    e. Floppy disks, diskettes, CDs, zip discs, jazz discs, zip drive, flash memory, DVDs, videotapes, audiotapes, Personal Digital Assistant ("PDA"), memory cards; and

    f. Any other medium, including but not limited to third-party Electronic Communications Service and Remote Computing Service providers, such as wireless cell phone companies, online electronic mail providers (e.g., Gmail, Hotmail or Facebook); and any website hosting providers (e.g., Typad).

4. "Plaintiffs" refers to the named plaintiffs in this litigation.

5. "Policy" or "Policies" mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by Defendant or persons acting or purporting to act on Defendant's behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

6. "Refers to" and "relates to" mean evidencing, constituting, reflecting, showing,

comprising, including, containing, describing, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

7.  "Relevant period" means the period from October 22, 2004 through the present for all requests related to the Housing Unit Sanitation Policy and October 22, 2012 through the present for all requests related to the VWP.

## **INSTRUCTIONS**

Plaintiffs incorporate by reference the Instructions in Plaintiffs' First Set of Discovery Requests to Defendant, dated July 31, 2015.  In addition, unless otherwise indicated, the following instructions apply to, and are incorporated into, all Definitions, Requests, and Instructions:

1.  All requests pertain to the entirety of the relevant period, and Defendant's responses should be updated regularly.

2.  Consistent with Fed. R. Civ. P. 34(E)(i), with respect to each document produced, Plaintiffs request that Defendant specify the Request(s) to which the document is responsive.

3.  Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

4.  Unless otherwise indicated, Plaintiffs request that Defendant produce responsive documents in a manner consistent with the Parties' ESI Protocol dated August 16, 2017 [ECF No. 108].

5.  To the extent Defendant has already produced documents responsive to these requests, state the unique identifier (e.g., Bates number) for each responsive document that was

3

previously produced and identify the request to which it is responsive.

## DOCUMENT REQUESTS

### REQUEST NO. 17

All documents relating to the implementation and enforcement of the Housing Unit Sanitation Policy applicable during the period when Plaintiffs were subject to that policy, including but not limited to documents related to sanitation tasks performed by detainees pursuant to the Housing Unit Sanitation Policy and discipline to which detainees were subject for failing to complete those tasks or otherwise abide by the policy.

### REQUEST NO. 18

All documents relating to the custodial maintenance of housing units or "pods" at the Aurora Facility.

### REQUEST NO. 19

All documents relating to the implementation and enforcement of the VWP during the times when Plaintiffs were subject to the VWP.

### REQUEST NO. 20

All documents that refer or relate to Plaintiffs' performance of work, tasks and/or duties pursuant to the Housing Unit Sanitation Policy, including all records of hours spent by Plaintiffs performing such work, tasks and/or duties.

### REQUEST NO. 21

All documents that refer or relate to Plaintiffs' performance of work, tasks and/or duties pursuant to the VWP, including all documents that refer or relate to hours spent by Plaintiffs performing such work, tasks and/or duties.

### REQUEST NO. 22

4

All documents that refer or relate to compensation received by Plaintiffs pursuant to the VWP.

**REQUEST NO. 23**

All documents that refer or relate to the purpose, results, or effects of the VWP during the relevant period.

**REQUEST NO. 24**

All documents that refer or relate to the purpose, results, or effects of the Housing Unit Sanitation Policy during the relevant period.

**REQUEST NO. 25**

All documents that refer or relate to any guidelines, rules, regulations, or procedures for conducting disciplinary or corrective action during the relevant period related to the Housing Unit Sanitation Policy or the VWP. This includes but is not limited to any documents related to training by either United States Immigration and Customs Enforcement ("ICE") or Defendant on guidelines, rules, regulations, or procedures for conducting disciplinary or corrective action during the relevant period.

**REQUEST NO. 26**

All documents that refer or relate to any disciplinary or corrective action taken against any of the Plaintiffs between October 22, 2004 and the present.

**REQUEST NO. 27**

All documents that refer or relate to staffing plans and/or schedules for work, tasks and/or duties at the Aurora Facility, between October 2004 and the present. This includes, but is not limited to, daily, weekly, or monthly staffing plans or employee rosters, and the units or buildings or areas and duties to which each employee or detainee was assigned.

**REQUEST NO. 28**

All documents relating to any guidance, policies, and/or trainings for Defendant's employees at the Aurora Facility regarding forced labor and/or trafficking that were in effect during the periods when Plaintiffs were detainees.

**REQUEST NO. 29**

All documents relating to any guidance, policies, and/or trainings for detainees at the Aurora facility regarding forced labor and/or trafficking during the periods when Plaintiffs were detainees.

**REQUEST NO. 30**

All documents relating to any trainings for Defendant's employees regarding enforcement of Aurora rules, regulations, and/or policies including guidelines for use of force or use of punishment or discipline in enforcing such rules, regulations, and/or policies. This includes but is not limited to any documents related to training by either United States Immigration and Customs Enforcement ("ICE") or Defendant.

**REQUEST NO. 31**

All documents recording or relating to attendance at the trainings described in Requests 25, 28, 29 and 30.

**REQUEST NO. 32**

All documents reflecting the estimated costs of operating the Aurora facility without detainee work, tasks and/or duties.

**REQUEST NO. 33**

All documents reflecting compensation paid to any GEO employee or independent contractor performing cleaning or maintenance work, tasks and/or duties at the Aurora Facility,

6

or other types of work, tasks and/or duties encompassed by the VWP jobs available at the Aurora Facility.

**REQUEST NO. 34**

All documents referring or relating to compensation paid to VWP participants, including all communications between Defendant and ICE and/or between Defendant and Plaintiffs about VWP compensation at the Aurora Facility.

Dated:  September 29, 2017       By:   */s/ Juno Turner*
                                       Juno Turner
                                 Juno Turner
                                 Ossai Miazad
                                 Elizabeth Stork
                                 **OUTTEN & GOLDEN LLP**
                                 685 Third Avenue, 25th Floor
                                 New York, New York 10017
                                 Telephone:  (212) 245-1000
                                 Facsimile:  (212) 977-4005
                                 E-Mail: jturner@outtengolden.com
                                 E-Mail: om@outtengolden.com
                                 E-Mail: estork@outtengolden.com

                                 David Lopez
                                 **OUTTEN & GOLDEN LLP**
                                 601 Massachusetts Avenue NW
                                 Second Floor West Suite
                                 Washington, D.C. 20001
                                 Telephone:  (202) 847-4400
                                 Facsimile:  (202) 847-4410
                                 E-Mail: pdl@outtengolden.com

                                 Alexander Hood
                                 David  Seligman
                                 Andrew Schmidt
                                 **TOWARDS JUSTICE**
                                 1535 High St., Suite 300
                                 Denver, CO 80218
                                 (720) 441-2236
                                 alex@towardsjustice.org
                                 david@towardsjustice.org
                                 andy@towardsjustice.org

7

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ALEJANDRO MENOCAL, *et al.*,

        Plaintiffs,

v.

THE GEO GROUP, INC.,

        Defendant

No. 14 Civ. 2887 (JLK)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 29, 2017 a copy of the foregoing Plaintiff's Second Set of Requests for Production of Documents was sent by E-Mail to the following counsel of record:

Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com


Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


                                              By:   */s/ Juno Turner*
                                                        Juno Turner