# Exhibit H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-02887-JLK

---

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

**DEFENDANT THE GEO GROUP, INC.'S RESPONSES TO**
**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

---

      Defendant, The GEO Group, Inc. ("GEO"), through its undersigned attorneys, hereby provides its Responses to Plaintiffs' Second Set of Interrogatories.  In providing information responsive to Plaintiffs' written discovery, GEO does not intend to waive any applicable privilege or work product protection.

**INTERROGATORY NO. 10**

Please describe and explain the possible consequences to the Plaintiffs for not complying with the Housing Unit Sanitation Policy.

Response: If a Plaintiff refused to clean his or her housing unit when he or she was assigned to do so after meal service, the most common result would not have involved any consequence or loss of privileges.  Rather, GEO or ICE would have asked someone else to perform the work that the Plaintiff refused to perform.  The next most common scenario would involve a loss of privileges such as playing XBOX or eating cookies and ice cream that GEO provides.  All possible sanctions for refusing to clean or refusing to obey a staff member's order, which are 300-level offenses, are listed in the ICE Detainee Handbook (*see, e.g.*, Deposition Exhibit 5) and GEO policy 11.2.1.

**INTERROGATORY NO. 11**

For each Plaintiff, please provide a list of each day that the Plaintiff performed work, tasks and/or duties under the VWP, and, for each day listed, please describe the work, tasks and/or duties the Plaintiff performed, the hours Plaintiff worked, and what compensation the Plaintiff received.

Response:  GEO has provided VWP payroll information with respect to the named Plaintiffs, Bates numbered GEO_MEN 57-58, 63-66, 71-78, 85-86, 94-103, 108-116, 121-125, and 142-153.  GEO has also provided VWP reimbursement documents, Bates numbered GEO_MEN 1514-4559.  These documents reflect the days the Plaintiffs worked under the VWP and show that Plaintiffs were paid one dollar per day for that work.  Because GEO does not pay VWP participants on an hourly basis, GEO does not keep track of how many hours per day each

VWP participant worked, except that VWP participants' shifts are between three hours and eight hours per day and detainees are not allowed to work more than eight hours per day and forty hours per week per policy 8.1.8-AUR.  The work performed by each Plaintiff depends upon which VWP job he or she applied for and was performing.  GEO has produced job descriptions for the VWP jobs performed by Plaintiffs, Bates numbered GEO_MEN 60, 70, 80, 88, 105, 120, 127, 129, 137, and 155.

**INTERROGATORY NO. 12**

For each Plaintiff, please provide a list of each day that the Plaintiff performed work, tasks and/or duties under the Housing Unit Sanitation Policy and, for each day listed, please describe the work, tasks and/or duties performed, the hours Plaintiff worked, where in the facility the work, tasks and/or duties were performed, and what compensation Plaintiff received.

Response: The work outlined in the Department of Homeland Security, Office of Immigration and Custom Enforcement-approved Housing Unit Sanitation Policy is performed by both GEO staff and detainees.  Of the portion of the work performed by detainees, most of the work is performed by detainees pursuant to their VWP jobs for which they have volunteered and are compensated. For example, VWP participants clean toilets, showers, and bathrooms, sweep and mop floors, dust, empty trash, and clean windows.  The only non-VWP sanitation work performed by detainees is maintaining the cleanliness of their individual cells and cleaning up their housing unit after meal services—sometimes referred to as a general clean up.  The records GEO keeps on the VWP are outlined in response to Interrogatory Number 11.  GEO does not keep records of how many hours detainees clean their cells or clean up after meal service.  Meal services happen three times per day.  GEO assigns between three and seven (five or six on

3

average) detainees in a given housing unit to clean up after each meal service. The majority of general population housing units have up to 80 detainees and one holds 48. It takes approximately 30-45 minutes to clean up after meal service. GEO's practice is to not assign post-meal clean up responsibilities to detainees who are participating in the VWP. Other than through the VWP, a detainee is never required to clean anything outside of his or her housing unit.

**INTERROGATORY NO. 13**

Please describe each job, task and/or duty the Plaintiffs could have been required to perform under the Housing Unit Sanitation policy and the location with [sic] the facility that such work, tasks and/or duties were performed.

Response: For the Plaintiffs enrolled in the VWP, their VWP responsibilities may have fallen within the scope of the Housing Unit Sanitation Policy. GEO has produced job descriptions for the VWP jobs performed by Plaintiffs, Bates numbered GEO_MEN 60, 70, 80, 88, 105, 120, 127, 129, 137, and 155. Regarding non-VWP work, detainees are required to maintain the cleanliness of their cells and to clean up after meal service if assigned to do so. Cleaning up after meal service involves throwing away food and cleaning tables, floors, windows, microwaves, phones, windows, sinks, and any other part of the common living area dirty with food from the meal.

**INTERROGATORY NO. 14**

Please describe every disciplinary or corrective action taken against any Plaintiff between October 22, 2004 and the present and the reason for each disciplinary or corrective action.

Response: All formal disciplinary action taken against the Plaintiffs is included in their detainee files, Bates numbered GEO_MEN 20549-21973.  GEO does not keep records of how often a detainee is orally corrected or denied privileges such as ice cream or time playing XBOX.

## INTERROGATORY NO. 15

Please explain how GEO determined the rate to be paid to Plaintiffs under the VWP policy between October 22, 2012 and the present.

Response: The rate of pay for the VWP is the amount set in GEO's government contract with the Department of Homeland Security, Office of Immigration and Custom Enforcement (*see, e.g.*, GEO_MEN 2).

## INTERROGATORY NO. 16

Please describe the total cost to GEO of running the Aurora detention facility without detainee participation in the Housing Unit Sanitation Policy or the VWP, including describing each type of cost GEO would expect to incur, which includes but is not limited to wages, taxes, benefits, and other expenses.

Objection: GEO objects to this Interrogatory because it is not relevant to the claims asserted or damages sought by Plaintiffs.  Plaintiffs' calculation of damages is set forth in the Proposed Scheduling and Discovery Order, Doc. No. 61, pp. 7–9.  The information requested in this Interrogatory has no bearing on Plaintiff's method of calculating damages as set forth in the Proposed Scheduling and Discovery Order, which is based solely upon the alleged fair market value of the number of hours the Plaintiffs labored.  GEO also objects to this Interrogatory as unduly burdensome.  To answer this Interrogatory, GEO would need to assess the overhead costs of administering these programs, the duties of which are spread across dozens of GEO

5

employees.    In  addition  to  being  unduly  burdensome,  without  making  significant  and unspecified assumptions of fact, any attempt at that calculation would be speculative.

Respectfully submitted this 13th day of November, 2017.

As to objections:

S/  Dana L. Eismeier
Dana L. Eismeier
Michael Y. Ley
BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone:          303-796-2626
Fax:             303-796-2777
Email:          deismeier@bfwlaw.com
                    mley@bfwlaw.com

S/ Charles A. Deacon
Charles A. Deacon, Esq.
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2100
San Antonio, TX  79205-3792
(210) 270-7133

Mark Emery, Esq.
NORTON ROSE FULBRIGHT US LLP
799 9th Street, NW, Suite 1000
Washington, DC  20001-4501
(202) 662-0210

**Attorneys for Defendant
The GEO Group, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2017, I served the foregoing **DEFENDANT THE GEO GROUP, INC.'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** via email to the following:

Brandt Milstein, Esq.
Milstein Law Office
5959 Canyon Boulevard
Boulder, Colorado  80302

Alexander Hood, Esq.
Towards Justice
601 16th Street, Suite C #207
Golden, Colorado  80401

R. Andrew Free, Esq.
Law Office of R. Andrew Free
Bank of America Plaza
414 Union Street, Suite 900
Nashville, Tennessee  37219

Mark Emery, Esq.
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC  20001-4501

P. David Lopez, Esq.
Outten & Golden, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001

David Hollis Seligman, Esq.
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218

Andrew Turner, Esq.
Kelman Buescher, P.C.
600 Grant Street, Suite 450
Denver, Colorado  80203

Hans Meyer, Esq.
Meyer Law Office, P.C.
P.O. Box 40394
Denver, Colorado  80204

Charles A. Deacon, Esq.
Norton Rose Fulbright US LLP
300 Convent Street, Suite 2200
San Antonio, Texas  79205-3792

Ashley Kathryn Boothby, Esq.
Kelman Buescher Firm
600 Grant Street, Suite 450
Denver, CO 80203

Ossai Miazad, Esq.
Elizabeth V. Stork, Esq.
Juno E. Turner, Esq.
Outten & Golden, LLP
685 Third Ave., 25th Floor
New York, NY 10017

S/ Michael Y. Ley
Michael Y. Ley
BURNS, FIGA & WILL, P.C.
6400 S. Fiddlers' Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone:        303-796-2626
Fax:          303-796-2777
Email:        mley@bfwlaw.com

**Attorneys for Defendant**
**The GEO Group, Inc.**

## VERIFICATION

I have read the foregoing interrogatory responses and I affirm under oath that the answers are true and correct to the best of my knowledge.

**THE GEO GROUP, INC.**

By: Dawn Ceja

Its:  Assistant Warden, Operations

9