# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ALEJANDRO MENOCAL, *et al*.,

                    Plaintiffs,

v.

THE GEO GROUP, INC.,

                    Defendant.

NO. 14-CV-02887-JLK

**DEFENDANT THE GEO GROUP, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the U.S. District Court for the District of Colorado (the "Local Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiffs' Third Set of Requests for Production of Documents.

## PRELIMINARY STATEMENTS

1.      Defendant objects to the disclosure of any information protected from discovery by the attorney-client privilege or work product doctrine.

2.      Defendant states that any discovery relating to the production of confidential information regarding detainees, GEO employees, GEO policies, or implicates official information of the U.S. Immigration Customs and Enforcement ("ICE") is subject to federal regulations at 6 C.F.R. §§ 5.41–5.49 and by *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

3.      The responses to the discovery below are to the best of Defendant's present ability and information.  Defendant reserves the right to supplement these responses after completion of discovery, investigation, or preparation for trial.  Defendant further reserves the

right to introduce evidence at the time of trial based upon information and/or documents located, developed, or discovered subsequent to the date hereof, which evidence may supplement, amplify, modify or be in conflict with the following answers that are based upon present information only.

4.      Defendant objects to the "Definitions" and "Instructions," in Plaintiffs' discovery requests, to the extent they impose obligations beyond those imposed by the Federal Rules of Civil Procedure and to the extent they are vague and fail to provide specific understandable definitions.

5.      Defendant objects to the discovery requests to the extent they seek information regarding GEO facilities, detainees, or employees outside the ICE detention facility in Aurora, CO ("the Aurora Detention Facility").  Information regarding other facilities is not relevant and not likely to lead to the discovery of relevant information.  Such requests are also overbroad, unduly burdensome, and the burden of responding to them is not proportional to the needs of this case.  For purposes of answering this discovery, Defendant is responding and will refer only to its ICE detention facility in Aurora, Colorado, and the detainees and employees from that facility as it is the only one relevant to Plaintiffs' claims.

6.      Defendant objects to Plaintiffs' definition of "Relevant period" on the ground that it is unduly burdensome, as it would require GEO to continuously supplement its responses without a defined end date, and also on the ground that it is unduly burdensome, overbroad, and seeks information that is neither relevant nor proportional to any claim or defense and thus not likely to lead to the discovery of admissible evidence because by extending the "Relevant period" to "the present" it includes the time period after the end of the certified class period. GEO's responses, unless otherwise indicated, relate to a period ending on October 22, 2014.

7.     The parties are meeting and conferring regarding search terms to be used to search for documents responsive to Plaintiffs' requests.  GEO reserves the right to amend or supplement these responses based on this meet and confer process.

### RESPONSES AND OBJECTIONS TO
### THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 35

**Any and all documents relating to grievances, complaints, request forms, or "kites," regarding the HUSP or the VWP.**

### RESPONSE TO NO. 35

GEO objects to this Request to the extent that it is overly broad, unduly burdensome, and seeks information not relevant or proportional to any claim or defense.  Specifically, GEO also objects to this Request as overly broad and unduly burdensome because it contains no temporal limitation.  GEO objects that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014.  Accordingly, the production of any documents relating to grievances, complaints, request forms, or "kites," regarding the HUSP or the VWP will be limited to these time periods.   In addition, GEO also objects to this Request as overly broad and unduly burdensome to the extent it requests documents relating to detainees who may not be Class Members.   Further, GEO objects to this Request as overly broad and unduly burdensome because it is not limited to grievances, complaints, request forms, or "kites," submitted at the Aurora Detention Facility.  Documents relating to other facilities are not relevant to the claims and defenses in this case.  Moreover, the burden of searching for and producing such documents is not proportional to the needs of this case.  Also, GEO objects to this Request as overly broad and unduly burdensome to the extent it

seeks "any and all documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks documents containing confidential information regarding detainees, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  GEO already has produced documents responsive to this Request for the named Plaintiffs.  In addition, GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially relevant information.  To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to grievances, complaints, request forms, or "kites," regarding the HUSP or the VWP at the Aurora Detention Facility during the class periods.

However, responsive documents are largely contained within the detainee files.  For a variety of reasons, the production of all Class Members' detainee files is unduly burdensome and not proportional to the needs of the case.  As one example, GEO notes that the production of the detainee files requires page-by-page review of each page of the file, and also requires redaction of certain statutorily-protected information.  Thus, GEO objects to producing the detainee files for all Class Members.   However, GEO is willing to meet and confer about the purpose of Plaintiffs' Request so that the parties can develop a process for production of documents that balances Plaintiffs' need for the requested documents with the substantial burden that GEO faces to process them.  GEO reserves the right to seek cost sharing for the cost of responding to this

Request.  Further, as noted above, GEO objects to producing documents from facilities other than the Aurora Detention Facility and for time periods after the end of the class periods and has limited its investigation accordingly.

**REQUEST NO. 36**

**All documents relating to Defendant's document retention or destruction policy or computer record-keeping, including but not limited to Defendant's policy regarding retention of video recordings in the Aurora Detention Facility.**

**RESPONSE TO NO. 36**

GEO objects to this Request to the extent it seeks document retention or destruction policies, or computer record-keeping policies relating to facilities other than the Aurora Detention Facility.  GEO objects this Request as overly broad, unduly burdensome, and not relevant or proportional to any claim or defense in this case.  Specifically, GEO also objects to this Request as overly broad and unduly burdensome because it contains no temporal limitation. GEO objects that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014.  Further, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks GEO policies, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will

produce relevant, responsive, non-privileged documents relating to GEO's document retention, destruction, and computer record-keeping policies that apply to the Aurora Detention Facility during the class periods.

## REQUEST NO. 37

**All documents relating to the determination of the rate paid to detainees under the VWP at all of GEO's facilities, including but not limited to the $1/day rate paid to detainees at the Aurora Detention Facility.**

## RESPONSE TO NO. 37

GEO objects to this Request to the extent it seeks documents relating to the determination of the rate paid to detainees under the VWP at facilities other than the Aurora Detention Facility. Documents relating to the rate of pay at other facilities, involving substantively different contracts for different time periods, are not relevant to any claim or defense in this case. Moreover, the burden of searching for and producing such documents is not proportional to the needs of this case.  In addition, GEO also objects to this Request as overly broad and unduly burdensome to the extent that it does not contain a temporal limitation.   Documents relating to the VWP are relevant only for the time period from October 22, 2011, through October 22, 2014. Accordingly, the production of any documents relating to the determination of the rate paid to detainees under the VWP will be limited to that time period.   Further, GEO objects to this Request to the extent it seeks documents containing information protected from discovery by the attorney-client privilege.  Also, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks GEO policies, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  It already has produced documents responsive to this Request.  In addition, GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially responsive information. To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to the determination of the rate paid to detainees under the VWP at the Aurora Detention Facility during the class periods. Among the responsive documents, GEO will produce its contract documents with ICE, as well as documents referenced in the contracts, such as the PBNDS.  Further, as noted above, GEO objects to producing documents from facilities other than the Aurora Detention Facility and for time periods after the end of the class periods and has limited its investigation accordingly.

## REQUEST NO. 38

**All records of audits and/or evaluations of the Aurora Detention Facility, including by ICE and/or the Department of Homeland Security's Office of the Inspector General, or by a contractor or any other party, including documents or ESI referring to such audits or evaluations and Defendant's responses to such audits or evaluations and communications related to such audits or evaluations.**

## RESPONSE TO NO. 38

GEO objects to this Request to the extent it is overly broad, unduly burdensome, and seeks information not relevant or proportional to any claim or defense.  Specifically, GEO objects to this Request as overly broad and unduly burdensome because it contains no temporal limitation.  GEO objects that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014.

Accordingly, the production of any documents relating to audits and/or evaluations of the Aurora Detention Facility will be limited to these time periods.   In addition, GEO objects to this Request as to the extent it seeks records relating to audits or evaluation of the Aurora Detention Facility for issues that do not relate to the HUSP or the VWP, as those audits or evaluations are not relevant to this case, and the burden of producing such records is not proportional to the needs of this case.   GEO also objects to this Request as overly broad and unduly burdensome to the extent it seeks "any and all documents."   This language does not describe with reasonable particularity the information that is being requested.   *See* Fed. R. Civ. 34(b)(1).

Subject to and without waiving the above-stated objections, GEO responds:   GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially relevant information regarding audits and/or evaluations related to the HUSP or the VWP.   To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to audits and/or evaluations of the Aurora Detention Facility during the class periods.   Further, as noted above, GEO objects to producing audits and/or evaluations on topics other than the HUSP or the VWP, or for time periods after the end of the class periods, that are not relevant or proportional to the claims or defenses in this case.

**REQUEST NO. 39**

**All documents relating to communications between Defendant and any other party – including but not limited to lobbying firms, members of Congress and their staff(s), competitors, industry groups, and/or government entities – regarding pending or threatened complaints, claims, or lawsuits related to forced labor and/or trafficking.**

8

**RESPONSE TO NO. 39**

GEO objects to this Request to the extent it is overly broad, unduly burdensome, and not relevant or proportional to any claim or defense.  Specifically, GEO objects to this Request as overly broad and unduly burden because it contains no temporal limitation.  Moreover, GEO objects that documents relating to communications with individuals regarding complaints, claims, or lawsuits relating to forced labor or trafficking are relevant only for the time period from October 22, 2004, through October 22, 2014.  In addition, GEO objects to this Request because it seeks information that is not relevant or proportional to any claim or defense.  GEO also objects to this Request as vague and ambiguous as to the terms "forced labor and/or trafficking."  Similarly, the term "party" is ambiguous and undefined.  GEO interprets the term "party" to refer to an individual or entity.  Further, GEO objects to this Request to the extent it seeks documents containing information protected from discovery by the attorney-client privilege.  GEO also objects to this Request as overly broad and unduly burdensome to the extent it seeks "all documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).

Subject to and without waiving the above-stated objections, GEO responds:  GEO objects to this Request for the reasons stated above.  GEO is willing to meet and confer with Plaintiffs on the purported relevance of this Request.

**REQUEST NO. 40**

**All documents referring to and/or relating to communications between Defendant and ICE (including but not limited to reports, alerts, memoranda, and/or emails) that refer or relate to the use of detainee labor at any GEO-owned or GEO-operated facility.**

**RESPONSE TO NO. 40**

GEO objects to this Request to the extent it is overly broad, unduly burdensome, and seeks information that is not relevant or proportional to any claim or defense.  In addition, GEO objects to this Request to the extent it seeks documents relating to the use of detainee labor at facilities other than the Aurora Detention Facility.   Documents relating to the use of detainee labor at other facilities are not relevant to any claim or defense in this case.  Moreover, the burden of searching for and producing such documents is not proportional to the needs of this case.  In addition, GEO also objects to this Request as overly broad and unduly burdensome to the extent that it does not contain a temporal limitation.   Documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relating to the VWP are relevant only for the time period from October 22, 2011, through October 22, 2014.  Accordingly, the production of any documents relating to the use of detainee labor will be limited to that time period.   GEO also objects to this Request to the extent it seeks communications between GEO and ICE, which are governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  Further, GEO objects to this Request as overly broad and unduly burdensome because it is not limited to a specific aspect of detainee labor.  Finally, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).

Subject to and without waiving the above-stated objections, GEO responds:  GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially responsive information.  To the extent such documents exist, and subject to the Amended Stipulated

Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to communications with ICE regarding the use of detainee labor at the Aurora Detention Facility during the class periods.  Further, as noted above, GEO objects to producing documents from facilities other than the Aurora Detention Facility and for time periods after the end of the class periods and has limited its investigation accordingly.  GEO notes that communications with ICE must be approved for release by ICE prior to GEO's production.

**REQUEST NO. 41**

**All documents signed by or purporting to be signed by any Class Member.**

**RESPONSE TO NO. 41**

GEO objects to this Request to the extent it is overly broad, unduly burdensome, and seeks information that is not relevant or proportional to any claim or defense.  Moreover, this Request is overbroad to the extent that it requests documents "signed by or purporting to be signed by any Class Member," without regard to whether the document itself is relevant to any claim or defense in the case.  GEO notes that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relating to the VWP are relevant only for the time period from October 22, 2011, through October 22, 2014.  Accordingly, the production of any documents containing Class Members' signatures will be limited to those time periods.  Also, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks documents containing confidential information

11

regarding detainees, it is subject to the Amended Stipulated Protective Order Concerning

Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  Detainee

files for Named Plaintiffs have been produced.  GEO believes that any documents that GEO

would have that would have been signed by a detainee at the Aurora Detention Facility (which

may not contain all Court documents or documents the detainee may execute with ICE) are in the

detainee files.  Plaintiffs can use the signed documents within the detainee files of the named

Plaintiffs as exemplars of what types of documents contain the signatures of Class Members.

For a variety of reasons, the production of all Class Members' detainee files is unduly

burdensome and not proportional to the needs of the case.  As one example, GEO notes that the

production of the detainee files requires page-by-page review of each page of the file, and also

requires redaction of certain statutorily-protected information.  Thus, GEO objects to producing

the detainee files for all Class Members.   However, GEO is willing to meet and confer about the

purpose of Plaintiffs' Request so that the parties can develop a process for production of

documents that balances Plaintiffs' need for the requested documents with the substantial burden

that GEO faces to process them.  GEO reserves the right to seek cost sharing for the cost of

responding to this Request.

## REQUEST NO. 42

**All documents GEO provided to or showed to any Class Member relating to GEO policies, ICE policies, and/or orientation to the Aurora Detention Facility.**

## RESPONSE TO NO. 42

GEO objects to this Request to the extent it is vague, ambiguous, overly broad, unduly

burdensome, and seeks information that is not relevant or proportional to any claim or defense.

In addition, GEO objects to this Request to the extent it seeks GEO policies, ICE policies and/or orientation materials that do not relate to the HUSP or the VWP, as those materials are not relevant to this case, and the burden of producing such records is not proportional to the needs of this case.  In addition, GEO objects that the terms "provided" or "shown" are vague and undefined.   GEO interprets the term "provided to" to mean documents a Class Member received in hard copy from a GEO employee that were then placed in the Class Member's detainee file.  GEO interprets "showed to" to mean documents displayed on a bulletin board in the housing units.  For documents relevant to this Request, GEO used the bulletin boards to display updates before a new detainee handbook was published.  Those updates where then included in the next version of the detainee handbook.  GEO also objects to the term "orientation" as vague.  GEO interprets "orientation" to mean materials from a detainee's initial orientation into the Aurora Detention Facility.  To the extent this Request seeks confidential information regarding detainees, GEO policies, or ICE policies, it is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).  Finally, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).

Subject to and without waiving the above-stated objections, GEO responds:  GEO believes that all of GEO's relevant documents that are responsive to this Request are in the detainee files or in the detainee handbooks.  Plaintiffs can use the policies, ICE policies and/or orientation materials within the detainee files of the named Plaintiffs as exemplars of the types of documents in the detainee files that are responsive to this Request.  For a variety of reasons, the

production of all Class Members' detainee files is unduly burdensome and not proportional to the needs of the case.  As one example, GEO notes that the production of the detainee files requires page-by-page review of each page of the file, and also requires redaction of certain statutorily-protected information.  Thus, GEO objects to producing the detainee files for all Class Members.  However, GEO is willing to meet and confer about the purpose of Plaintiffs' Request so that the parties can develop a process for production of documents that balances Plaintiffs' need for the requested documents with the substantial burden that GEO faces to process them.  GEO reserves the right to seek cost sharing for the cost of responding to this Request.

In addition, GEO will produce the 2011, 2013, and 2016 versions of the detainee handbook.  "Policies" that the Class Members were shown are compiled in those handbooks.  Finally, GEO has produced the native files from production volume 9.  Those files contain exemplars of detainees' initial orientation materials.   GEO notes that, to the extent this Request seeks ICE policies, GEO must receive ICE approval before producing responsive documents.

## REQUEST NO. 43

**All documents that refer or relate to the use of detainee labor at Defendant's Aurora Detention Facility other than pursuant to the HUSP or the VWP, including but not limited to use of detainee labor for "special details." *See* Ceja Tr. 161:12-19.**

## RESPONSE TO NO. 43

GEO objects to this Request to the extent it is overly broad, unduly burdensome, and not relevant or proportional.  This Request is overly broad and unduly burdensome to the extent that it does not contain a temporal limitation.  GEO objects that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014.  Accordingly, the production of any responsive documents will be limited to

these time periods.  Also, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks GEO policies, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially relevant information.  To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to "special details" at the Aurora Detention Facility during the class periods.

## REQUEST NO. 44

**All documents that refer or relate to Class Members' performance of work, tasks and/or duties pursuant to the HUSP and/or VWP, including all records of hours spent by Class Members performing such work, tasks and/or duties and all documents relating to compensation paid to Class Members for such work, tasks and/or duties. This request specifically includes computer-readable format databases, Excel spreadsheets, and/or reports showing hours or days worked by Class Members.**

## RESPONSE TO NO. 44

GEO objects to this Request to the extent it is overly broad, unduly burdensome, and not relevant or proportional.  This Request is overly broad and unduly burdensome to the extent that it does not contain a temporal limitation.  GEO objects that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relevant to the VWP are relevant only for the time period October 22, 2011, through

October 22, 2014.  Accordingly, the production of any responsive documents will be limited to these time periods.  GEO also objects to this Request as duplicative of Requests for Production Nos. 20 and 21 and incorporates by reference the objections and responses to those Requests.  Further, GEO objects to using any documents responsive to this Request as a record of hours spent on VWP or HUSP tasks.  Documents scheduling a time period for a VWP or HUSP task only reflect a standard number of hours per shift based on job assignment—the actual hours worked by any person on any given day may be different than the schedule.  Also, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks documents containing confidential information regarding detainees or GEO policies, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  GEO already has produced documents responsive to this Request.  In addition, GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially relevant information.  To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents from the Aurora Detention Facility during the class periods.  Further, as previously explained, GEO does not record actual hours spent on VWP or HUSP tasks, and as such, no such documents exist.

**REQUEST NO. 45**

All documents that refer or relate to the "set off for the benefits that [the plaintiffs] received while in the Aurora Detention Facility" to which GEO claims it is entitled in paragraph 20 of its Answer, including all documents that are referenced in, support, or that form the basis of GEO's response to Interrogatory No. 19.

**RESPONSE TO NO. 45**

GEO objects to this Request to the extent it is a contention-styled request and inappropriate under the Federal Rules.  However, to the extent Plaintiffs claim it is appropriate, this Request is also premature until the close of fact discovery.  *See* Fed. R. Civ. P. 26(a)(3)(B). GEO also objects to this Request as not relevant or proportional to any claim or defense.  Finally, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).

Subject to and without waiving the above-stated objections, GEO responds:  To the extent this Request quotes language from GEO's Answer, GEO clarifies the citation to "paragraph 20."  The language quoted in this Request is found in Affirmative Defense No. 20, not paragraph 20.  GEO has notified Plaintiffs that it intends to seek leave to file an amended Answer that will remove Affirmative Defense No. 20 asserting offset.  Accordingly, documents responsive to this Request will no longer be relevant to any claim or defense.

**REQUEST NO. 46**

All documents that refer or relate to the benefit conferred by using detainee labor pursuant to the VWP to operate, maintain, and clean the Aurora Detention Facility for the relevant time period, including: GEO's financial statements; Profit and Loss statements; budgets; documents setting forth the operating costs of the facility, including VWP costs, labor costs, and payroll expenses, as well as all details of revenue, contract payments, and/or reimbursements to the facility; all documents that contain financial analysis, financial models, analysis of profits earned, valuation of the work performed, and/or other assessments of the VWP (including in connection with or for the purpose of GEO's offer(s)

and bid(s), and negotiations related to amendment(s) and renewal(s), of contracts related to the Aurora Facility); and any per diem rate calculations and/or models related to GEO's Aurora Facility contract(s) for the relevant time period, including, but not limited to, the following factors: VWP costs and expenses; labor costs and payroll expenses (excluding VWP); expected and guaranteed occupancy; all other costs of providing services (including food, medical, building operations, etc.); desired margins.

## RESPONSE TO NO. 46

GEO objects to this Request to the extent that it is overly broad, unduly burdensome, and seeks information not relevant or proportional to any claim or defense.  Specifically, GEO also objects to this Request as overly broad and unduly burdensome because it contains no temporal limitation.  GEO objects that documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014.  Moreover, the burden of responding to this Request is not proportional to the needs of the case.  GEO also objects to this Request as vague and ambiguous as the term "benefit" is undefined, and it is unclear what kind of benefit, whether monetary or intangible, is implied by Plaintiffs' Request.  GEO interprets the term "benefit" to mean profit.  This Request combines so many different types of documents under the umbrella of "benefit" that GEO cannot reasonably respond.  Further, GEO objects to this Request to the extent it seeks documents containing information protected from discovery by the attorney-client privilege.  Finally, GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).

Subject to and without waiving the above-stated objections, GEO responds:  GEO objects to this Request for all of the reasons set forth above.  GEO is willing to meet and confer with Plaintiffs on its objections, including the purported relevance of this Request.

**REQUEST NO. 47**

All documents reflecting job descriptions for each VWP job that Class Members performed during the relevant periods.

**RESPONSE TO NO. 47**

GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents." This language does not describe with reasonable particularity the information that is being requested. *See* Fed. R. Civ. 34(b)(1). GEO also objects that documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014. To the extent this Request seeks documents containing confidential information regarding detainees, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds: GEO already has produced job descriptions responsive to this Request. In addition, GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially relevant information. To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to VWP job descriptions from the Aurora Detention Facility during the class periods.

**REQUEST NO. 48**

All documents reflecting or relating to Defendant's contract(s) with ICE to operate the Aurora Detention Facility during the relevant periods.

**RESPONSE TO NO. 48**

GEO objects to this Request to the extent it is overly broad and unduly burdensome. Specifically, "[a]ll documents *reflecting or relating* to Defendant's contracts with ICE" is overly broad and unduly burdensome.  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  GEO also objects to this Request as overly broad and unduly burdensome because it contains no temporal limitation.  GEO objects that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014.  Similarly, documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014.   Finally, this Request is governed by federal regulations at 6 C.F.R. §§ 5.41-5.49 and by *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  GEO is conducting a targeted search of responsive contract documents.  GEO will produce contracts HSCEDM-11-D-00003, HSCEOP-06-D-00010, and ACD-3-C-0008.  In addition to the base contracts, GEO will produce task orders issued against these contracts and modifications thereto as maintained by GEO.

**REQUEST NO. 49**

**All documents relating to the implementation and enforcement of the HUSP applicable during the period when Class Members were subject to that policy, including but not limited to documents related to sanitation tasks performed by detainees pursuant to the HUSP and discipline to which detainees were subject for failing to complete those tasks or otherwise abide by the policy.**

**RESPONSE TO NO. 49**

GEO objects to this Request to the extent it is duplicative of Request for Production No. 17 and incorporates by reference the objections and response to that Request.  GEO also objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This language does not describe with reasonable particularity the information that is being requested. *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks GEO policies, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  GEO already has produced documents responsive to this Request.  In addition, GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially relevant information. To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to the implementation and enforcement of the HUSP at Aurora Detention Facility during the class periods.

**REQUEST NO. 50**

**All documents relating to the implementation and enforcement of the VWP during the times when Class Members were subject to the VWP.**

**RESPONSE TO NO. 50**

GEO objects to this Request to the extent it is duplicative of Request for Production No. 19 and incorporates by reference the objections and response to that Request.  GEO also objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll documents."  This

language does not describe with reasonable particularity the information that is being requested. *See* Fed. R. Civ. 34(b)(1).  To the extent this Request seeks GEO policies, it is subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

Subject to and without waiving the above-stated objections, GEO responds:  GEO already has produced documents responsive to this Request.  In addition, GEO is in the process of conducting a reasonable search of documents on active electronic systems and reasonably accessible paper storage areas that GEO believes may contain potentially relevant information. To the extent such documents exist, and subject to the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155), GEO will produce relevant, responsive, non-privileged documents relating to the implementation and enforcement of the VWP at the Aurora Detention Facility during the class periods.

**REQUEST NO. 51**

**All log books or other documents used by GEO employees at the Aurora facility to record events in each housing unit, such as when Class Members were able to access controlled items within the housing unit.**

**RESPONSE TO NO. 51**

GEO objects to this Request as overly broad and unduly burdensome because it seeks "[a]ll . . . other documents."  This language does not describe with reasonable particularity the information that is being requested.  *See* Fed. R. Civ. 34(b)(1).  To the extent that it does not contain a temporal limitation, GEO also objects to this Request as overly broad and unduly burdensome.  Subject to its preliminary statement above, GEO will limit responsive documents to a period ending on October 22, 2014.  Further, GEO objects to this Request as unduly

burdensome because of the volume of log books recorded during the class periods.  GEO objects that the burden of producing all log books is not proportional to the needs of this case.

Subject to and without waiving the above-stated objections, GEO responds:  Log books are not used at the Aurora Detention Facility to record when Class Members had access to controlled items.  Instead, log books recorded when detention officers conducted their security checks every 30 minutes, when they conducted their suicide watch checks every five minutes, and when any GEO employee or detainee entered or exited the housing unit.  GEO is willing to meet and confer about the purpose of Plaintiffs' Request so that the parties can develop a process for production of documents that balances Plaintiffs' need for the requested documents with the substantial burden that GEO faces to produce them.

Dated:  February 6, 2019

**GREENBERG TRAURIG LLP**
/s/ *Naomi G. Beer*
Naomi G. Beer
David G. Palmer
1200 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
beern@gtlaw.com
palmerdg@gtlaw.com

**BURNS FIGA & WILL, P.C.**
Dana L. Eismeier
Michael Y. Ley
6400 South Fiddlers Green Circle
Plaza Tower One
Suite 1000
Greenwood Village, CO 80111
Telephone: (303) 796-2626
Facsimile: (303) 796-2777
deismeier@bfwlaw.com
mley@bfwlaw.com

**ATTORNEYS FOR DEFENDANT**
**THE GEO GROUP, INC.**

## CERTIFICATE OF SERVICE

I, Naomi G. Beer, certify that on February 6, 2019, I caused to be served a true and correct copy of the above GEO's Response to the Plaintiffs' Third Set of Requests for Production of Documents, via Electronic Mail as follows:

**TOWARDS JUSTICE**
Alexander N. Hood
David H. Seligman
1410 High Street, Suite 300
Denver, CO 80218
alex@towardsjustice.org
david@towardsjustice.com

**KELMAN BUESCHER FIRM**
Andrew H. Turner
Ashley K. Boothby
600 Grant Street
Denver, CO 80203
aturner@laborlawdenver.com
aboothby@laborlawdenver.com

**MEYER LAW OFFICE, P.C.**
Hans C. Meyer
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO 80204
hans@themeyerlawoffice.com

**MILSTEIN LAW OFFICE**
Brandt P. Milstein
1123 Spruce Street
Boulder, CO 80302
brandt@milsteinlawoffice.com

**OUTTEN & GOLDEN, LLP**
P. David Lopez
601 Massachusetts Avenue NW
2nd Floor West Suite
Washington, D.C. 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
One California Street, 12th Floor
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Juno E. Turner
Ossai Miazad
685 Third Avenue, 25th Floor
New York, NY 10017
jturner@outtengolden.com
om@outtengolden.com

**R. ANDREW FREE LAW OFFICE**
R. Andrew Free
414 Union Street, Suite 900
Nashville, TN 37209
andrew@immigrantcivilrights.com

I certify under penalty of perjury under the State of Colorado that the above information is true and correct.

Dated this 6th day of February 2019, at Denver, CO.


*/s/ Naomi G. Beer*
Naomi G. Beer