# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALEJANDRO MENOCAL, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>                Defendant. | NO. 14-CV-02887-JLK<br><br>**DEFENDANT THE GEO GROUP, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the U.S. District Court for the District of Colorado (the "Local Rules"), Defendant The GEO Group, Inc. ("GEO") hereby responds and objects to Plaintiffs' Third Set of Interrogatories.

### PRELIMINARY STATEMENTS

1.    Defendant objects to the disclosure of any information protected from discovery by the attorney-client privilege or work product doctrine.

2.    Defendant states that any discovery relating to the production of confidential information regarding detainees, GEO employees, GEO policies, or official information of the U.S. Immigration Customs and Enforcement ("ICE") is subject to federal regulations at 6 C.F.R. §§ 5.41–5.49 and by *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and the Amended Stipulated Protective Order Concerning Confidential Information, dated November 26, 2018 (ECF No. 155).

3.    The responses to the discovery below are to the best of Defendant's present ability and information. Defendant reserves the right to supplement these responses after completion of discovery, investigation, or preparation for trial. Defendant further reserves the

1

right to introduce evidence at the time of trial based upon information and/or documents located, developed, or discovered subsequent to the date hereof, which evidence may supplement, amplify, modify or be in conflict with the following answers that are based upon present information only.

4. Defendant objects to the "Definitions" and "Instructions," in Plaintiffs' discovery requests, to the extent they impose obligations beyond those imposed by the Federal Rules of Civil Procedure and to the extent they are vague and fail to provide specific understandable definitions.

5. Defendant objects to the discovery requests to the extent they seek information regarding GEO facilities, detainees, or employees outside the ICE detention facility in Aurora, CO ("the Aurora Detention Facility"). Information regarding other facilities is not relevant and not likely to lead to the discovery of relevant information. Such requests are also overbroad, unduly burdensome, and the burden of responding to them is not proportional to the needs of this case. For purposes of answering this discovery, Defendant is responding and will refer only to its ICE detention facility in Aurora, Colorado, and the detainees and employees from that facility, as it is the only one relevant to Plaintiffs' claims.

6. Defendant objects to Plaintiffs' definition of "Relevant period" on the ground that it is unduly burdensome, as it would require GEO to continuously supplement its responses without a defined end date, and also on the ground that it is unduly burdensome, overbroad, and seeks information that is neither relevant nor proportional to any claim or defense and thus not likely to lead to the discovery of admissible evidence because by extending the "Relevant period" to "the present" it includes the time period after the end of the certified class period. GEO's responses, unless otherwise indicated, relate to a period ending on October 22, 2014.

2

## RESPONSES AND OBJECTIONS TO THIRD SET OF INTERROGATORIES

### INTERROGATORY NO. 17

For each VWP job that Class Members performed throughout the relevant period, please provide a list of the shifts worked by VWP participants each week, including the number of hours in each shift, and please describe the work, tasks and/or duties the Class Members who held that job performed.

### RESPONSE TO NO. 17

GEO objects to this Interrogatory on the grounds that it is compound and comprises two distinct areas of inquiry. GEO will count these inquiries accordingly when determining whether Plaintiffs have exceeded the maximum allowable interrogatories as permitted under Fed. R. Civ. P. 33(a)(1). GEO also objects to Plaintiffs' definition of "relevant period" for the VWP as unduly burdensome because it would require GEO to continuously supplement and amend its response without a defined end date. As stated in the Preliminary Statements, GEO will limit any responsive information to the period between October 22, 2011, and October 22, 2014, the dates of class certification for the Plaintiffs' claims relating to the VWP.

GEO objects to the first inquiry—a list of "shifts" worked by VWP participants each week, including the number of hours in each shift—as ambiguous. To the extent this inquiry requests a list of VWP participants by shift for each detail, GEO also objects to this line of inquiry to the extent it requires an individualized inquiry to respond. This Request is also unduly burdensome and as not proportional to the needs of this case. To the extent this inquiry seeks information about the actual number of hours VWP participants work during each shift, GEO objects that it does not record the actual number of hours worked during a shift and thus does not have records from which this information can be extracted.

3

GEO objects to the second inquiry—please describe the work, tasks, and/or duties the Class Members who held that job performed—because the terms "tasks" and "duties" are vague and ambiguous. Each term could apply to specific roles, setting, and physical actions or movements that a detainee may complete as a participant in the VWP.

Subject to and without waiving GEO's above stated objections, GEO responds to the first inquiry: GEO does not maintain records of VWP participants by shift each week. However, GEO does maintain a "detainee payroll" sheet that records the detail participating detainees worked on a particular day. GEO anticipates producing these documents. These records contain information under the following headers: the detainee's name, "duty assignment," and "hours worked" on a given day. As explained in prior correspondence, however, the phrase "hours worked" represents the amount of time allocated for that duty assignment; it does not represent the actual hours worked that day. GEO also maintains a "detainee worker" list that provides detention officers a list of detainees by detail participating in the VWP at a given time. GEO also anticipates producing these documents. Because the burden of deriving or ascertaining the requested information is substantially the same for Plaintiffs as for GEO, GEO will refer Plaintiffs to these records pursuant to Federal Rule of Civil Procedure 33(d).

To the second line of inquiry, GEO responds: It has already produced job descriptions. *See, e.g.*, GEO_MEN 00006617–26, 00030711, and 00057598–99. These job descriptions describe the "major duties/responsibilities" of the VWP details. GEO anticipates producing additional job descriptions. Because the burden of deriving or ascertaining the requested information is substantially the same for Plaintiffs as for GEO, GEO will refer Plaintiffs to these records pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 18**

For each year from 2011 to the present, please identify GEO's profits or losses for the Aurora Detention Center and the sources of that information.

**RESPONSE TO NO. 18**

GEO objects to the relevance of this Interrogatory. GEO's profits or losses for the Aurora Detention Facility are not relevant or proportional to any claim or defense and not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the above-stated objections, GEO responds: GEO is standing on its relevance objection. GEO is willing to meet and confer with Plaintiffs regarding the purported relevance of this information.

**INTERROGATORY NO. 19**

For each year from 2004 to the present, please state the amount of and basis for GEO's claimed "set off for the benefits that [the plaintiffs] received while in the Aurora Detention Facility" to which GEO claims it is entitled in paragraph 20 of its Answer.

**RESPONSE TO NO. 19**

GEO objects to this Interrogatory because it is not relevant or proportional to any claim or defense. To the extent this is a contention interrogatory, GEO also objects to it as premature. Contention interrogatories, when permitted, generally are not appropriate until after substantial discovery is complete. *See Folz v. Union Pac. R.R. Co.*, No. 13-CV-00579-GPC-(PCL), 2014 U.S. Dist. LEXIS 15020, at *7 (S.D. Cal. Jan. 29, 2014) ("Courts recognize, however, that contention interrogatories, when served after substantial discovery is complete, may be appropriate."). Earlier requests are not looked on favorably. *See In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 338 ("[T]he propounding party must present specific,

5

plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure.").

Subject to and without waiving the above-stated objections, GEO responds: To the extent this Interrogatory quotes language from GEO's Answer, GEO clarifies the citation to "paragraph 20." The language quoted in this Interrogatory is found in Affirmative Defense No. 20, not paragraph 20. GEO has notified Plaintiffs that it intends to seek leave to file an Amended Answer that will remove Affirmative Defense No. 20 asserting offset. As a result, information responsive to this Interrogatory is not relevant to any claim or defense.

**INTERROGATORY NO. 20**

**Please provide the full name, dates of employment, last known address, last known personal e-mail address and last known personal telephone number of each of your employees or other agents, current or former, responsible for reporting to, communicating with, or otherwise liaising with ICE personnel, including but not limited to, the ICE Contracting Officer's Technical Representative(s) and ICE Designated Service Official, regarding GEO's compliance with the contractual and legal requirements associated with GEO's contract with ICE to operate the Aurora Facility between October 22, 2004 and the present.**

**RESPONSE TO NO. 20**

GEO objects to this Interrogatory as overly broad and unduly burdensome. Specifically, GEO objects to this Request as overly broad and unduly burdensome because it contains no temporal limitation. GEO objects that documents relating to the HUSP are relevant only for the time period from October 22, 2004, through October 22, 2014. Similarly, documents relevant to the VWP are relevant only for the time period October 22, 2011, through October 22, 2014. GEO also objects to the term "responsible for" as ambiguous. GEO interprets this term to mean the employee with job duties that include communicating with ICE regarding compliance with the contractual and legal requirements associated with GEO's contract with ICE. As this

employee is a current employee and held the position through the class periods, GEO also objects to providing personal information such as address, personal e-mail address, and personal telephone number.  Further, as with any current GEO employee, GEO objects to Plaintiffs contacting this employee unless through outside counsel.  Finally, GEO objects to the Interrogatory as overly broad to the extent it seeks information about aspects of GEO's contract with ICE that are not relevant or proportional to the claims and defenses in this case, or which relate to time periods after the end of the class periods.

Subject to and without waiving the above-stated objections, GEO responds:  The following GEO employee was responsible for communicating with ICE regarding compliance with the contractual and legal requirements associated with GEO's contract with ICE to operate the Aurora Detention Facility between October 22, 2004, and October 22, 2014:  Amber Martin; Executive Vice President, Contract Administration; Dates of Employment:  1998 to Present.  As stated above, Ms. Martin may be contacted through GEO's counsel.

**INTERROGATORY NO. 21**

**Please provide the full name, dates of employment, last known address, last known personal e-mail address and last known personal telephone number of each of your employees or other agents, current or former, responsible for supervising any Class Member in any job in the VWP.**

**RESPONSE TO NO. 21**

GEO objects to this Interrogatory as duplicative of Interrogatory No. 3 and incorporates by reference the objections and response to that Interrogatory.  Subject to and without waiving the above-stated objections, GEO responds:  It already has produced an employee roster responsive to this Interrogatory.  *See* GEO_MEN 00020548.  It is GEO's position that all detention officers are assigned to supervise VWP participants because a detention officer on shift

7

at a location that has VWP participants is responsible for the safety and security of all the detainees at that location. Accordingly, the employee roster already produced provides the information responsive to this request. Because the burden of deriving or ascertaining the requested information is substantially the same for Plaintiffs as for GEO, GEO refers Plaintiffs to this document pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 22**

**Please identify any Class Members currently residing in a GEO facility, including the Aurora facility.**

**RESPONSE TO NO. 22**

GEO objects this Interrogatory as overly broad and unduly burdensome. GEO also objects to this Interrogatory as not relevant or proportional to any claim or defense in this case. Further, to provide responsive information, GEO would have to search its system for each Class Member. The substantial burden of performing individual searches for thousands of Class Members is not proportional to the needs of this case. Also, detainees often spend only a short period of time in a GEO facility. Accordingly, any listing of Class Members residing in a different GEO facility likely would change continuously over time.

Subject to and without waiving the above-stated objections, GEO responds: GEO is standing on its objection to this Interrogatory. However, GEO is willing to meet and confer with Plaintiffs to discuss this Interrogatory.

| | |
|---|---|
| Dated:  February 6, 2019 | **GREENBERG TRAURIG LLP**<br>/s/ *Naomi G. Beer*<br>Naomi G. Beer<br>David G. Palmer<br>1200 17th Street, Suite 2400<br>Denver, CO 80202<br>Telephone: (303) 572-6500<br>Facsimile: (303) 572-6540<br>beern@gtlaw.com<br>palmerdg@gtlaw.com<br><br>**BURNS FIGA & WILL, P.C.**<br>Dana L. Eismeier<br>Michael Y. Ley<br>6400 South Fiddlers Green Circle<br>Plaza Tower One<br>Suite 1000<br>Greenwood Village, CO 80111<br>Telephone: (303) 796-2626<br>Facsimile: (303) 796-2777<br>deismeier@bfwlaw.com<br>mley@bfwlaw.com<br><br>**ATTORNEYS FOR DEFENDANT THE GEO GROUP, INC.** |

9

# CERTIFICATE OF SERVICE

I, Naomi G. Beer, certify that on February 6, 2019, I caused to be served a true and correct copy of the above GEO's Response to the Plaintiffs' Third Set of Interrogatories, via Electronic Mail as follows:

**TOWARDS JUSTICE**
Alexander N. Hood
David H. Seligman
1410 High Street, Suite 300
Denver, CO 80218
alex@towardsjustice.org
david@towardsjustice.com

**KELMAN BUESCHER FIRM**
Andrew H. Turner
Ashley K. Boothby
600 Grant Street
Denver, CO 80203
aturner@laborlawdenver.com
aboothby@laborlawdenver.com

**MEYER LAW OFFICE, P.C.**
Hans C. Meyer
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO 80204
hans@themeyerlawoffice.com

**MILSTEIN LAW OFFICE**
Brandt P. Milstein
1123 Spruce Street
Boulder, CO 80302
brandt@milsteinlawoffice.com

**OUTTEN & GOLDEN, LLP**
P. David Lopez
601 Massachusetts Avenue NW
2nd Floor West Suite
Washington, D.C. 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
One California Street, 12th Floor
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Juno E. Turner
Ossai Miazad
685 Third Avenue, 25th Floor
New York, NY 10017
jturner@outtengolden.com
om@outtengolden.com

**R. ANDREW FREE LAW OFFICE**
R. Andrew Free
414 Union Street, Suite 900
Nashville, TN 37209
andrew@immigrantcivilrights.com

I certify under penalty of perjury under the State of Colorado that the above information is true and correct.

Dated this 6th day of February 2019, at Denver, CO.


*/s/ Naomi G. Beer*
Naomi G. Beer

11

## VERIFICATION OF RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

I, Dawn Ceja, Assistant Warden of Operations at the Aurora Detention Facility, am authorized to make this verification for and on behalf of The GEO Group, Inc. ("GEO"), and I make this verification for that reason.

I have read the Responses and Objections to Plaintiffs' Third Set of Interrogatories, which were prepared with the assistance of employees and representatives of GEO and legal counsel upon whom I have relied in making this Verification. Based upon the matters that have been made known to me for purposes of making this Verification, I state that I am informed and believe that the matters stated in response to the Interrogatories are true and correct.

I certify under penalty of perjury under the State of Colorado that the above information is true and correct.

Dated this 6th day of February 2019, at Denver, CO.

_____
Dawn Ceja