# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02887 JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

## PLAINTIFFS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION AND INSPECTION WITH VIDEO RECORDING

---

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................... 1

FACTUAL AND PROCEDURAL HISTORY ................................................. 2

   I.   Pre-Class-Certification Discovery and Discovery Pending the Tenth Circuit's
       Ruling on GEO's Rule 23(f) Appeal of Class Certification.................................... 2

   II.  GEO Refuses to Produce a Rule 30(b)(6) Witness In Merits Discovery. ............... 6

   III. GEO Refuses to Permit Video Recording of the Aurora Inspection....................... 7

   IV. D. COLO. L. Civ. R. 7.1(a) Statement. .................................................................. 9

ARGUMENT..................................................................................................... 10

   I.   GEO Must Designate a Witness or Witnesses in Response to Plaintiffs' Third
       Amended Rule 30(b)(6) Notice. ............................................................................ 10

     A.  Rule 30(b)(6) Does Not Limit Plaintiffs to One Deposition of GEO. ................. 10

     B.  GEO is Estopped from Withholding 30(b)(6) Testimony in Classwide Merits
     Discovery. ............................................................................................................ 12

        i.   GEO's Current Position is Inconsistent with its Prior Agreements. ................ 13

        ii.  GEO Represented to the Court that the Prior Rule 30(b)(6) Depositions Were
          Limited to Class Certification and the Court Adopted this Position...................... 14

        iii. GEO's Inconsistent Position Prejudices Plaintiffs. ........................................ 15

     C.  Plaintiffs Should Be Reimbursed for Attorneys' Fees and Costs Because GEO's
     Position is Patently Inconsistent with its Prior Behavior. ......................................... 18

   II.  The Importance of a Videotaped Site Inspection Outweighs the Burden to GEO. 19

     A.  Courts Balance the Burden of Complying with a Discovery Request Against the
     Benefit to the Requesting Party.................................................................................. 19

     B.  A Videotaped Inspection is Key to Plaintiffs' Ability to Prove their Claims. .... 20

     C.  GEO's Privacy and Security Concerns Are Manageable. .................................... 21

CONCLUSION .................................................................................................. 23

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                    **PAGE(S)**

*Am. Civil Liberties Union v. Dep't of Def.*,
  No. 04 Civ. 4151, 389 F. Supp. 2d 547 (S.D.N.Y. Sept. 29, 2005) .............................. 22

*Bestop, Inc. v. Tuffy Sec. Prods., Inc.*,
  No. 13 Civ. 10759, 2015 WL 5025892 (E.D. Mich. June 23, 2015) ............................ 11

*Carmody v. Mikesell*,
  No. 16 Civ. 2603, 2017 WL 5191802 (D. Colo. Nov. 9, 2017) .................................... 19

*Centennial Archaeology, Inc. v. AECOM, Inc.*,
  688 F.3d 673 (10th Cir. 2012) ................................................................................ 18

*Cuin v. Adams Cty. Bd. of Cty. Comm'rs*,
  2011 WL 3236088 (D. Colo. July 28, 2011) ......................................................... 14, 17

*Dang by & through Dang v. Eslinger*,
  No. 14 Civ. 37, 2015 WL 13655675 (M.D. Fla. Jan. 20, 2015) ....................... 21, 22, 23

*E.E.O.C. v. BNSF Ry. Co.*,
  No. 12 Civ. 2634, 2014 WL 172141 (D. Kan. Jan. 15, 2014) ..................................... 19

*Foreclose Mgmt. Co. v. Asset Mgmt. Holdings, LLC*,
  No. 07 Civ. 2388, 2008 WL 3895474 (D. Kan. Aug. 21, 2008) .................................. 11

*Green Const. Co. v. Kan. Power & Light Co.*,
  No. 87 Civ. 2070, 1988 WL 360149 (D. Kan. Dec. 29, 1988)..................................... 20

*Johnson v. Lindon City Corp.*,
  405 F.3d 1065 (10th Cir. 2005) ........................................................................... 12, 14

*Lewis v. Lewis*,
  189 P.3d 1134 (Colo. 2008) ....................................................................................... 15

*Lujan v. Exide Techs.*,
  No. 10 Civ. 4023, 2011 WL 1594952 (D. Kan. Apr. 27, 2011) .................................. 19

*New Hampshire v. Maine*,
  532 U.S. 742 (2001).................................................................................................. 12

*Nourse v. Cty. of Jefferson*,
  No. 17 Civ. 807, 2018 WL 6444226 (N.D.N.Y. Dec. 10, 2018)............................ 21, 22

*Roadway Exp., Inc. v. Piper,*
 447 U.S. 752 (1980) ................................................................................ 18

*Russo v. Ballard Med. Prods.,*
 No. 05 Civ. 59, 2006 WL 2345868 (D. Utah Aug. 10, 2006) ...................... 17

*S.M. v. Bloomfield Sch. Dist.,*
 No. 16 Civ. 823, 2017 WL 3159166 (D.N.M. Jun. 12, 2017) ................. 15, 17

*Starlight Int'l Inc. v. Herlihy,*
 No. 97 Civ. 2329, 186 F.R.D. 626 (D. Kan. Jun. 3, 1999) ........................... 10

*Welzel v. Bernstein,*
 No. 03 Civ. 1887, 233 F.R.D. 185 (D.D.C. Dec. 30, 2005) ......................... 19

*Wilson v. Wal-Mart Stores, Inc.,*
 No. 15 Civ. 1791, 2016 WL 526225 (D. Nev. Feb. 9, 2016) ....................... 19

**STATUTES**

18 U.S.C. § 1589 ................................................................................. 15, 21

**RULES**

Fed. R. Civ. P. 26(b)(2)(C) ................................................................... 11

Fed. R. Civ. P. 30 .........................................................................*passim*

Fed. R. Civ. P. 34(a)(2) ........................................................................ 19

Fed. R. Civ. P. 37 ...................................................................... 1, 18, 27

L.R. 7 ................................................................................................ 27

L.R. 37.1 ........................................................................................... 1

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 37 and D. Colo. Civ. L.R. 37.1, Plaintiffs, on behalf of the certified Plaintiff Class (collectively "Plaintiffs"), hereby respectfully move (i) to compel the GEO Group, Inc. ("GEO") to designate a witness or witnesses pursuant to Federal Rule of Civil Procedure 30(b)(6); and (ii) to permit video recording of Plaintiffs' requested inspection of the Aurora, Colorado detention facility ("Aurora").  GEO has taken the position that Plaintiffs are not entitled to 30(b)(6) testimony about the merits of this case because they took a previous 30(b)(6) deposition during a phase of discovery that the parties agreed, and the Court ordered, would be limited to class certification issues.  It has therefore refused to designate a 30(b)(6) witness absent an order of this Court permitting the deposition.  GEO also will not allow Plaintiffs to conduct a videotaped inspection of the Aurora facility, citing vague privacy and security concerns.  Plaintiffs have expressed openness to possible measures to control any potential privacy and security risks, but GEO's vague description of those risks has made that engagement impossible.

Plaintiffs also move for sanctions pursuant to Rule 37(a)(5).  After taking the position both in negotiations with Plaintiffs and in scheduling orders submitted to this Court that it would designate a Rule 30(b)(6) witness during the merits discovery phase of the case, GEO has now changed course.  GEO cannot use its multiple changes of counsel, which have already significantly delayed this litigation, as an excuse to reverse positions upon which the Plaintiffs and the Court previously relied, and to keep Plaintiffs from obtaining crucial discovery.  Because GEO's abrupt change in position is contrary

to this Court's prior scheduling orders, and departs from previous agreements with counsel, Plaintiffs request that the Court assess sanctions against GEO to compensate Plaintiffs for their fees and costs associated with bringing this Motion.

## FACTUAL AND PROCEDURAL HISTORY

**I.    Pre-Class-Certification Discovery and Discovery Pending the Tenth Circuit's Ruling on GEO's Rule 23(f) Appeal of Class Certification.**

Since the earliest phases of discovery in this case, the Court's case management plan has contemplated bifurcated class and merits discovery.  Plaintiffs filed the Complaint on October 22, 2014.  ECF No. 1 (Compl.).  On September 10, 2015 (following resolution of GEO's Motion to Dismiss, *see* ECF No. 23 (Memorandum Opinion & Order dated July 6, 2015)), the parties submitted a joint status report to the Court proposing a schedule for discovery and briefing limited to class certification.  ECF No. 36 (Joint Proposed Schedule).  Pursuant to that report, the Court ordered that discovery related to class certification issues be completed by December 15, 2015.  ECF No. 37 (Minute Order re Joint Proposed Schedule).  On November 13, 2015, Plaintiffs submitted an unopposed motion to extend the class discovery and class certification motion deadline, ECF No. 41 (Unopposed Motion for Extension of Time), which the Court granted, ordering that discovery related to class certification issues be completed by January 26, 2016, and that Plaintiffs' motion for class certification be filed on or before February 26, 2016, ECF No. 42 (Minute Order re Unopposed Motion for Extension of Time).

On January 12, 2016, Plaintiffs served GEO with a Notice of Deposition under Fed. R. Civ. P. 30(b)(6) ("Original Notice").  Declaration of Alexander Hood in Support of Plaintiffs' Motion to Compel ("Hood Decl.") ¶ 4, Ex. A (Original Notice).[1]  On February 10, 2016, Plaintiffs submitted another unopposed motion to extend the class discovery and class certification motion deadline for the limited purpose of taking a Rule 30(b)(6) deposition of GEO, which had been delayed because GEO had refused to attend without a protective order in place.  ECF No. 46 (Second Unopposed Motion for Extension of Time).  The Court granted Plaintiffs' unopposed motion, ordering that Plaintiffs would have "up to and including March 31, 2016, for the taking of a 30(b)(6) deposition of the defendant" and that the class certification motion deadline would be extended to May 6, 2016 accordingly.  ECF No. 47 (Minute Order re Second Unopposed Motion for Extension of Time).

GEO objected in January and March 2016 that Plaintiffs' Original Notice touched on individual, rather than pattern and practice, testimony that GEO argued was not necessary to class certification (and therefore fell outside the scope of the operative scheduling order).  *See* Hood Decl. ¶ 5, Ex. B (March 9, 2016 email from S. Felton).  The parties conferred by telephone thereafter, and Plaintiffs' counsel explained that the focus of the deposition(s) would be on GEO's policies and practices for purposes of class certification, in keeping with the Court's order.  *Id.* ¶ 6.  In response to GEO's objections, Plaintiffs withdrew the Original Notice and served an Amended Notice on March 9,

---

[1]      Unless otherwise noted, all exhibits are attached to the Declaration of Alexander Hood in Support of Plaintiffs' Motion to Compel ("Hood Decl.").

2016, which limited the topics to the existence of "policies and practices." *Id.* ¶ 7, Ex. C (Amended Notice).  Consistent with this agreement, the Amended Notice limited the topics to the existence of "policies and practices," rather than the application of GEO's policies. *Compare* Ex. A (Original Notice) *with* Ex. C (Amended Notice).

Pursuant to this exchange, on March 29, 2016, Plaintiffs deposed GEO's Rule 30(b)(6) designees Dawn Ceja and Melody Furst.  Hood Decl. ¶ 8.  Ms. Furst, who was designated for portions of topic 3,[2] was unprepared to testify as to the total compensation paid to class members, Ex. D (Furst Tr.) at 15:22-29:18, and as to compensation paid to detainees subject to similar policies at other GEO facilities.  *Id.* at 6:4-12.

On October 26, 2016, GEO's original counsel, Vaughan & DeMuro, withdrew, ECF No. 54 (Order Granting Motion to Withdraw), and another set of counsel, Burns, Figa & Will, P.C., appeared, ECF No. 55 (Notice of Entry of Appearance), joining Norton Rose Fulbright, who had appeared on July 15, 2015.  ECF No. 25 (Notice of Entry of Appearance).

The Court granted Plaintiffs' motion for class certification on February 27, 2017, ECF No. 57 (Order Granting Motion to Certify Class), and the 10th Circuit granted GEO's petition for an interlocutory appeal under Rule 23(f) on April 11, 2017, ECF No. 63 (Order re Petition for Permission to Appeal).  GEO moved to stay discovery pending the appeal, which the Court granted in part, staying classwide merits discovery and allowing discovery to proceed on an individual basis as to the Named Plaintiffs.  ECF

---

[2]     Topic 3 was noticed as: "Policies and practices regarding the Voluntary Work Program ("VWP") at GEO's Aurora Detention Facility, over the three years prior to the filing of this litigation until now," and included sub-topics 3(a) through 3(l).

No. 85 (Order Granting in Part and Denying in Part Motion to Stay).  On December 15,

2017, Plaintiffs served a Rule 30(b)(6) notice on GEO as to individual merits discovery

only ("Individual Merits Notice").  Ex. E (Individual Merits Notice).  GEO objected to

specific 30(b)(6) topics, but did not raise any objection to the Individual Merits Notice

itself.  Hood Decl. ¶ 10.  Instead, the parties reached an agreement to reframe certain

topics and began to try to schedule the deposition.  *Id*. & Ex. F (Feb. 16, 2018 letter from

E. Stork).

On February 9, 2018, the Tenth Circuit affirmed class certification.  ECF No. 115

(Order Affirming Class Certification).  In the interest of efficiency, Plaintiffs did not

move forward with the 30(b)(6) deposition as to individual merits discovery.  Hood Decl.

¶ 11.  On February 13, 2018, Magistrate Judge Hegarty ordered the parties to schedule a

Settlement Conference, ECF No. 117 (Minute Order re Scheduling Settlement

Conference), which the parties scheduled for May 2, 2018, ECF No. 121 (Minute Order

Setting Scheduling Conference).  The Court extended the parties' deadline to file a

stipulated scheduling order for classwide merits discovery during the parties' settlement

negotiations, *see* ECF Nos. 132 (Minute Order Extending Deadline for Scheduling

Order), 134 (same), and 135 (same), which were unsuccessful.

On August 22, 2018, the parties filed a stipulated scheduling and discovery order

for classwide merits discovery.  ECF No. 139 (Proposed Scheduling Order).  In that

scheduling order, Plaintiffs stated their intent to notice a 30(b)(6) deposition.  *Id*. at 14.

GEO did not object to that proposal; to the contrary, the stipulation stated: "The parties

plan to work cooperatively to schedule a Rule 30(b)(6) deposition of GEO."  *Id*. at 19.

Two days later, on August 24, 2018, GEO changed counsel yet again, when Greenberg Traurig LLP entered an appearance.  ECF No. 140 (Notice of Entry of Appearance).  The parties subsequently filed an updated proposed scheduling order, where Plaintiffs again stated their intent to notice a 30(b)(6) deposition and the parties again stated that they would work cooperatively to schedule that deposition.  ECF No. 146 (Amended Proposed Scheduling Order) at 14, 19.  After the Court denied GEO's request to depose absent class members, the Court entered the parties' Amended Stipulated Scheduling and Discovery Order.  ECF No. 149 (Scheduling Order).  Norton Rose withdrew on December 17, 2018.  ECF No. 161 (Order Granting Motion to Withdraw).

## II.   GEO Refuses to Produce a Rule 30(b)(6) Witness In Merits Discovery.

On November 2, 2018, in accordance with the stipulated scheduling and discovery order, Plaintiffs served an amended Rule 30(b)(6) Notice of Deposition for the purposes of merits discovery ("Class Merits Notice").  Ex. G (Class Merits Notice).  GEO did not raise an objection to this notice from November 2018 through February 2019, during which time the parties discussed scheduling the noticed 30(b)(6) deposition.  Hood Decl. ¶ 12, Ex. H (Jan. 9, 2019 email from N. Beer to Plaintiffs' counsel).  During this same time period, the parties also met and conferred several times regarding GEO's plan to search for and produce class merits discovery.  *Id*. ¶ 13 & Ex. I (Jan. 28, 2019 letter from N. Beer).  GEO represented that it was "reassessing discovery generally in light of the current procedural posture of the case," and would, *inter alia*, re-run searches of its electronically stored information to supplement past productions and conduct future discovery.  Ex. I at 2 (Jan. 28, 2019 letter from N. Beer).

Then, on March 12, 2019, a fifth law firm, Holland & Knight, made an appearance

for GEO, ECF No. 164 (Notice of Entry of Appearance), and Greenberg Traurig

withdrew as counsel, ECF No. 166 (Order Granting Motion to Withdraw.  On March 29,

2019, Plaintiffs reached out to GEO's new counsel to request that the parties move

forward with scheduling the 30(b)(6) deposition, with a tentative target date in June 2019.

Hood Decl. ¶ 14 & Ex. J (Apr. 19, 2019 email from V. Brown).  On April 26, 2019, after

nearly six months of negotiating the scheduling of the 30(b)(6) deposition and well over a

year after Plaintiffs served the first 30(b)(6) notice as to merits discovery, GEO informed

Plaintiffs it had reversed course and would not designate a witness.  Ex. K (April 26,

2019 letter from C. Short).

## III.   GEO Refuses to Permit Video Recording of the Aurora Inspection.

Plaintiffs served their Second Set of Requests for Inspection ("Second RFI") on

GEO on November 2, 2018.  Ex. O[3] (Second RFI).  The Second RFI requested an

inspection of (1) all facilities used for administrative or disciplinary segregation; (2) all

housing units occupied by any Plaintiff; (3) any areas where any Plaintiff performed

work pursuant to the Housing Unit Sanitation Policy; (4) all areas where GEO stored

---

[3]   Plaintiffs served their First Set of Requests for Inspection ("First RFI") on GEO
on July 31, 2015.  Ex. L (Plaintiffs' First Set of Discovery Requests).  GEO objected to
the First RFI, among other reasons, on the basis that it was not relevant to class
certification discovery.  Ex. M (GEO's Responses and Objections to First Set of
Discovery Requests).  No inspection took place at that time.  On December 15, 2017,
Plaintiffs served a Second RFI on GEO that was limited to Plaintiffs' individual claims
only.  *See* ECF No. 149 (Scheduling Order) at 18.  Again, no inspection took place, and
the parties agreed that after Plaintiffs amended their request for inspection for the
purposes of classwide merits discovery, the parties would work to schedule an inspection
of Aurora by Plaintiffs' counsel.  *Id.*

records and/or electronically-stored information.  The RFI also requested that the inspection be videotaped.

Over the following months, the parties met and conferred over the scope of the RFI.  On December 27, 2018, GEO sent Plaintiffs a letter summarizing its position that any inspection would have to be approved by and scheduled through ICE.  Ex. P (Dec. 27, 2018 letter from N. Beer) at 1-2.  Plaintiffs requested that GEO provide the contractual and/or legal basis for its position, and on January 28, 2019, GEO sent a letter to Plaintiffs stating that another letter with additional details on the ICE approval process was forthcoming.  Ex. I (Jan. 28, 2019 letter from N. Beer) at 1.

Plaintiffs did not receive this letter, or formal responses and objections to the RFI, until April 26, 2019, nearly three months later and after a change in GEO's counsel.  Ex. K (Apr. 26, 2019 letter from C. Short); Ex. Q (GEO's Responses and Objections to Second RFI).  GEO's response did not identify any specific basis for requiring that an inspection be approved by and scheduled through ICE.  Ex. K (Apr. 26, 2019 Letter from C. Short).  Rather, it stated that GEO's contract with ICE generally restricted the improper disclosure of sensitive information, but stated that no information was being withheld on that basis.  *Id*. at 1-2.  GEO objected that the proposed inspection infringed upon the privacy rights and "other statutory, regulatory, and contractually protected rights of individuals who are not party to this litigation," and that due to "privacy and security concerns," photography and videotaping would not be allowed.  *Id*. at 2.

## IV.     D. COLO. L. Civ. R. 7.1(a) Statement.

The parties met and conferred to attempt to resolve their disputes over the issues raised in this motion on several occasions, beginning on May 9, 2019.  Declaration of Michael Scimone in Support of Plaintiffs' Motion to Compel ("Scimone Decl.") ¶ 4. With respect to the Class Merits Notice, GEO explained that its position was that Plaintiffs must seek leave of Court to permit additional Rule 30(b)(6) depositions.  *Id*. ¶ 5.  Plaintiffs stated their position that the Court had clearly bifurcated class and merits discovery. *Id.* ¶ 6.  As to the inspection, GEO objected to the scope of the inspection request and stated its position that it would not permit the inspection to be either photographed or videotaped, citing security concerns.  *Id*. ¶ 9.  Plaintiffs provided case law supporting their position, and the parties agreed that they would continue to negotiate what areas of the GEO facility would be subject to inspection in an effort to narrow the areas in dispute.  *Id*. ¶¶ 11-12.

On May 22, 2019, the parties met and conferred again and confirmed that they were at an impasse with respect to whether GEO would produce a witness for the Class Merits Notice.  *Id*. ¶ 8.  With respect to Plaintiffs' inspection notice, the parties exchanged proposals for areas of the facility to be included.  GEO informed Plaintiffs that it could agree to most of the requested areas, and confirmed that the parties had largely reached agreement with respect to the areas for inspection.  *Id*. ¶ 12.  Plaintiffs expressed their willingness to blur the faces of any detainees who appeared in the inspection video and to work with GEO on means to address their safety and security concerns, and also reminded GEO of the protective order already in place restricting use

of materials designated "Confidential" or "Highly Confidential" and forbidding their disclosure to the public.  *Id*. ¶ 13; *see also* ECF No. 157 (Amended Stipulated Protective Order Concerning Confidential Information).  However, GEO maintained the position that no video could be recorded due to security concerns (without further elaboration).  *Id*. ¶ 14.

## **ARGUMENT**

I.     **GEO Must Designate a Witness or Witnesses in Response to Plaintiffs' Third Amended Rule 30(b)(6) Notice.**

A.     **Rule 30(b)(6) Does Not Limit Plaintiffs to One Deposition of GEO.**

GEO's refusal to produce a Rule 30(b)(6) witness during merits discovery lacks any basis in the Federal Rules.  Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must designate someone familiar with that subject to testify.  *See* Fed. R. Civ. P. 30(b)(6); *Starlight Int'l Inc. v. Herlihy*, No. 97 Civ. 2329, 186 F.R.D. 626, 638 (D. Kan. Jun. 3, 1999).  The text of the Rule itself contemplates more than one corporate designee, stating that "[t]he named organization must then designate one *or more* officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."  Fed. R. Civ. P. 30(b)(6) (emphasis added).  Moreover, the drafters of the Federal Rules specifically declined to impose Rule 30(a)'s ten-deposition limit on Rule 30(b)(6) depositions, noting that "a deposition under Rule 30(b)(6) should, for the purposes of this limit, be treated as

a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment.

Leave of court is not required to take a second 30(b)(6) deposition where discovery has been bifurcated into different stages. *See, e.g.*, *Bestop, Inc. v. Tuffy Sec. Prods., Inc.*, No. 13 Civ. 10759, 2015 WL 5025892, at *1 (E.D. Mich. June 23, 2015) (holding that where discovery is bifurcated, failure to depose a 30(b)(6) witness on issues pertaining to a later stage of discovery "certainly is not a waiver of a Rule 30(b)(6) deposition" on those issues), *report and recommendation adopted*, No. 13 Civ. 10759, 2015 WL 5025905 (E.D. Mich. Aug. 25, 2015).

Even in cases where leave has been required, courts generally grant such leave unless: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *see also Foreclose Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07 Civ. 2388, 2008 WL 3895474, at *7 (D. Kan. Aug. 21, 2008) (granting motion for leave to take a second 30(b)(6) deposition where the testimony sought "would not be unreasonably cumulative or duplicative and . . . the likely benefit of the testimony outweighs any burden or expense the deposition might impose"). As discussed further below, the topics on which Plaintiffs seek to depose GEO are distinct from previous topics and related to class merits discovery. Further, in this

case, the Court has already approved the parties' scheduling order, which contemplates an additional Rule 30(b)(6) deposition.  ECF No. 149 (Scheduling Order) at 18.

**B.    GEO is Estopped from Withholding 30(b)(6) Testimony in Classwide Merits Discovery.**

The Rule 30(b)(6) depositions of Ms. Ceja and Ms. Furst took place during a phase of discovery that the Court expressly limited to class certification.  GEO successfully sought to circumscribe the scope of these depositions, and cannot now gain an unfair advantage by using that limitation to bar merits discovery outright.  Principles of judicial estoppel provide that, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

Courts considering judicial estoppel apply three factors.  *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005).  First, whether a party's position is "clearly inconsistent" with its earlier position.  *Id*. (quoting *New Hampshire*, 532 U.S. at 750).  Second, "whether the party has succeeded in persuading a court to accept that party's earlier position."  *Id*.  Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Id*.  All three of these factors are met here.

### i.    GEO's Current Position is Inconsistent with its Prior Agreements.

The parties' intent to limit Plaintiffs' Amended Notice to class certification discovery is evident in the Amended Notice's text, in the parties' extensive negotiations as to discovery throughout the last three-plus years, and in the scheduling orders submitted to and adopted by this Court.  The Amended Notice is limited to "policies and practices," because GEO objected to the deposition's original scope.  Hood Decl. ¶ 7.  In contrast, the Class Merits Notice covers GEO's "application" of its policies to Class Members, including "records and/or logs" of specific "tasks" performed under the Housing Unit Sanitation Policy ("HUSP"), the "nature of administrative or disciplinary segregation," as applied, including specific facilities used for segregation, and Class Members' "participation" in the Voluntary Work Program ("VWP"), including "[d]aily logs or records . . . relating to time Class Members worked" under the VWP, "[j]ob assignments, duties, or tasks" and corresponding "shifts" under the VWP.  *Compare* Ex. A (Amended Notice) *with* Ex. G (Class Merits Notice).  As explained further below, the Class Merits Notice also contains entirely new topics relevant to merits discovery and missing from the Amended Notice.  Until recently, GEO had represented consistently to both Plaintiffs and the Court that different discovery is required now given the current "procedural posture of the case" (i.e., given that a class had been certified and the certification affirmed), Ex. I at 2 (Jan. 28, 2019 letter from N. Beer), and that Plaintiffs would be entitled to a Rule 30(b)(6) deposition on classwide merits discovery, *see* ECF No. 149 (Amended Stipulated Scheduling and Discovery Order) at 18.

### ii.   GEO Represented to the Court that the Prior Rule 30(b)(6) Depositions Were Limited to Class Certification and the Court Adopted this Position.

GEO's actions meet the second prong of the estoppel analysis because the Court has adopted GEO's representation throughout the litigation that Plaintiffs would be entitled to a Rule 30(b)(6) deposition on classwide merits issues.  The Court relied on this position in issuing its scheduling orders.  *See Johnson*, 405 F.3d at 1069; *Cuin v. Adams Cty. Bd. of Cty. Comm'rs*, 2011 WL 3236088, at *2 (D. Colo. July 28, 2011) (plaintiffs judicially estopped from seeking additional discovery as to federal claims, where court had granted stay of discovery based on parties' representation that if federal claims were dismissed the only remaining issue would be whether the court should exercise jurisdiction over state law claims).  First, the Court allowed an initial stage of discovery focused only on class certification.  *See* ECF No. 37 (Minute Order re Joint Proposed Schedule).  Second, the Court granted Plaintiffs' unopposed motion to extend discovery to take a Rule 30(b)(6) deposition related to class certification.  *See* ECF No. 47 (Minute Order re Second Unopposed Motion for Extension of Time).  Third, the Court granted the parties' Amended Stipulated Scheduling and Discovery Order for classwide merits discovery on October 3, 2018, ECF No. 149 (Scheduling Order), which specifically stated that "Plaintiffs will revise and serve an amended Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) related to Plaintiffs' and the Class claims within thirty (30) days of the entry of this Order. The parties plan to work cooperatively to schedule a Rule 30(b)(6) deposition of GEO," *id.* at 18.

###### iii.   GEO's Inconsistent Position Prejudices Plaintiffs.

GEO's change in position forecloses discovery at the heart of Plaintiffs' claims. Plaintiffs relied on GEO's representations that previous Rule 30(b)(6) depositions were for class certification discovery only, and therefore limited the Amended Notice and their questioning of GEO's witnesses accordingly. *Cf. S.M. v. Bloomfield Sch. Dist.*, No. 16 Civ. 823, 2017 WL 3159166, at *5 (D.N.M. Jun. 12, 2017) (judicial estoppel more difficult to establish where plaintiff had not alleged that she detrimentally relied on defendant's prior inconsistent position). Plaintiffs seek testimony about how GEO's policies under the HUSP were applied, which is relevant to Plaintiffs' calculations of damages based on the hours worked and tasks performed by Class Members. That testimony is also relevant to proving that GEO obtained Class Members' labor "by means of force, threats of force, physical restraint, or threats of physical restraint," or "serious harm, or threats of serious harm." 18 U.S.C. § 1589. Finally, discovery about how the VWP was applied is relevant to showing that GEO retained Class Members' labor under unjust circumstances. *See Lewis v. Lewis*, 189 P.3d 1134, 1145 (Colo. 2008) ("[T]o prevail on a claim for unjust enrichment, the plaintiff must show that she conferred a benefit on the defendant 'under circumstances that would make it unjust for defendant *to retain the benefit without paying.*'").

The Class Merits Notice also covers additional topics not listed in the Amended Notice that are relevant to GEO's defenses. The Class Merits Notice includes topics related to GEO's communications and agreements with ICE, ICE's policies and practices relating to the HUSP and VWP, and ICE's Performance Based National Detention

Standards ("PBNDS").  *See* Ex. G (Class Merits Notice).  These topics are relevant to

GEO's merits defense that its policies and practices are contractually required by ICE/the

PBNDS and do not violate the TVPA.  *See* ECF No. 149 (Scheduling Order) at 4-5.  The

Class Merits Notice further includes topics related to the "origins and objectives" of the

HUSP and VWP and the "costs and benefits" to GEO of using detainee labor under the

HUSP and VWP.  These topics are relevant to damages and restitution, and to whether

GEO "knowingly" obtained Class Members' services under the TVPA and whether GEO

retained the benefit of Class Members' labor under the VWP under circumstances that

were unjust, which are merits issues appropriate to the current phase of discovery.

The Class Merits Notice also covers the method of determining the pay rate for

VWP participants at Aurora *and* other GEO facilities, a topic about which GEO did not

prepare their witness, Ms. Furst, to testify during class certification discovery.  *See* Ex. D

(Furst Tr.) at 6:4-12.  The pay rate at other GEO facilities is relevant to whether GEO

retained the benefit of Class Members' labor under the VWP under circumstances that

were unjust.

Moreover, GEO is currently in the process of producing documents responsive to

Plaintiffs' discovery requests related to the aforementioned merits issues.  As noted

above, GEO has conceded that prior searches were inadequate and that different

discovery was required given the "procedural posture of the case" (i.e., given that a class

had been certified and the certification affirmed).  Ex. I at 2 (Jan. 28, 2019 letter from N.

Beer).  Plaintiffs should be permitted to depose GEO about these documents, which may

shed further light on the claims and defenses described above.

GEO should not be allowed to derive the benefit of circumscribing previous 30(b)(6) witnesses' testimony without having to eventually designate witnesses to testify about the ultimate merits of the lawsuit. *See Cuin*, 2011 WL 3236088 , at *2 (absent estoppel, plaintiffs would receive unfair advantage because "had plaintiffs taken their current position from the outset, defendants might have preferred that discovery proceed . . . so that all the federal claims could be addressed at the same time" on motion to dismiss); *S.M.*, 2017 WL 3159166, at *5 ("Judicial estoppel is an equitable doctrine and it would not be equitable to allow a defendant to assert facts before one court to promote his self-interests . . . and then assert a completely contradictory set of facts to promote different self-interests . . . ."); *Russo v. Ballard Med. Prods.*, No. 05 Civ. 59, 2006 WL 2345868, at *8 (D. Utah Aug. 10, 2006) (where defendant urged court to hold that particular disclosure was covered by confidentiality agreement, and plaintiff amended complaint in reliance on that position and on holding of the court, defendant could not now change positions to seek a "second victory" at the expense of the court and plaintiff).

Because under Rule 30(b)(6), GEO must designate a witness in response to Plaintiffs' Class Merits Notice, because nothing in the Federal Rules or this Court's Local Rules bars Plaintiffs from conducting multiple Rule 30(b)(6) depositions, and because GEO's refusal to designate a Rule 30(b)(6) witness would allow it to benefit unfairly from a new position clearly inconsistent with what it previously represented to the Court and to Plaintiffs, the Court should order GEO to designate a Rule 30(b)(6) witness for classwide merits discovery.

17

**C.     Plaintiffs Should Be Reimbursed for Attorneys' Fees and Costs Because GEO's Position is Patently Inconsistent with its Prior Behavior.**

As Plaintiffs have set forth above, this is now the third set of counsel with whom Plaintiffs have negotiated post-class certification discovery, and with each change, negotiations have been delayed and GEO's position has shifted.  Now, despite having begun negotiations as to the scope of additional 30(b)(6) depositions over a year ago, and despite having represented to the Court that it would work cooperatively with Plaintiffs to schedule such depositions, GEO has changed its position once again, leaving Plaintiffs with no choice but to expend time and resources moving to compel.  Accordingly, Plaintiffs request that the Court reimburse Plaintiffs for their fees and costs associated with bringing this Motion to Compel.  Fed. R. Civ. P. 37(b)(2)(C) (the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey a court order).  "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)); *see also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682-83 (10th Cir. 2012).  Such sanctions are appropriate here.

II.    **The Importance of a Videotaped Site Inspection Outweighs the Burden to GEO.**

    A.    **Courts Balance the Burden of Complying with a Discovery Request Against the Benefit to the Requesting Party.**

GEO has no valid basis to oppose Plaintiffs' requested inspection.  Pursuant to Rule 26, information is discoverable "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  *Carmody v. Mikesell*, No. 16 Civ. 2603, 2017 WL 5191802, at *2 (D. Colo. Nov. 9, 2017).  Site inspections are contemplated by Fed. R. Civ. P. 34(a)(2), which provides that a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it" is within the scope of the discovery allowed under Rule 26.  Inspections are typically allowed where "the specific location relates to the subject matter of the cause of action."  *Welzel v. Bernstein*, No. 03 Civ. 1887, 233 F.R.D. 185, 186 (D.D.C. Dec. 30, 2005) (collecting cases and granting motion to compel inspection and allowing photographs or video).

Parties may videotape site inspections "if the benefit of the videotape to the inspecting party outweighs the burden on the inspected party."  *Wilson v. Wal-Mart Stores, Inc.*, No. 15 Civ. 1791, 2016 WL 526225, at *2 (D. Nev. Feb. 9, 2016); *E.E.O.C. v. BNSF Ry. Co.*, No. 12 Civ. 2634, 2014 WL 172141, at *4 (D. Kan. Jan. 15, 2014) (permitting videotaped site inspection in ADA discrimination case); *Lujan v. Exide Techs.*, No. 10 Civ. 4023, 2011 WL 1594952, at *6 (D. Kan. Apr. 27, 2011) (permitting videotaped inspection of work site in injury case).  "[T]he fact that an objecting party

19

may have to spend considerable time, effort and expense to respond, or that it may interfere with business operations, is not alone a good reason for barring discovery." *Green Const. Co. v. Kan. Power & Light Co*., No. 87 Civ. 2070, 1988 WL 360149, at *2 (D. Kan. Dec. 29, 1988).  Rather, the court "must balance the burden on the producing party against the benefit of the discovering party for the information."  *Id*. (citing *Rich v. Martin Marietta Corp*., 522 F.2d 333 (10th Cir. 1975)).

B.     **A Videotaped Inspection is Key to Plaintiffs' Ability to Prove their Claims.**

Here, an accurate visual representation of the Aurora facility's layout will assist Plaintiffs in proving two merits issues in this case.  First, Plaintiffs allege and will seek to prove at trial that the vast majority of the uncompensated work Class Members performed under the HUSP falls outside of the personal housekeeping work sanctioned by the PBNDS.  *See* ECF No. 49 (Motion to Certify Class) at 4.  The PBNDS only requires detainees to "maintain their immediate living areas in a neat and orderly manner by:  1. making their bunk beds daily; 2. stacking loose papers; 3. keeping the floor free of debris and dividers free of clutter; and 4. refraining from hanging/draping clothing, pictures, keepsakes, or other objects from beds, overhead lighting fixtures or other furniture."  *Id*. at 4-5.  Plaintiffs will show that detainees are required to "sweep and mop floors, clean windows and divider walls, clean and scrub sinks, toilets and showers, empty and wash trash receptacles, wipe down equipment surfaces, wipe down mattresses and pillows, and clean up dining areas and common rooms after meals," and that this requirement violates the PBNDS.  *Id*. at 5.  The layout of and flow between detainee

20

living and recreation areas, including bunks, restrooms, showers, dining areas, and common rooms, as well as how detainees use these areas, will show that the HUSP includes cleaning responsibilities far in excess of the PBNDS.

Second, Plaintiffs allege and will seek to prove that GEO's use of solitary confinement and the threat of solitary confinement to compel cleaning under the HUSP violates the forced labor provisions of the TVPA. ECF No. 49 (Motion to Certify Class) at 6-7. A violation of the TVPA requires, *inter alia*, a showing that labor or services were obtained by means of force; physical restraint; serious harm; or threats of force, physical restraint, or serious harm. 18 USC § 1589(a). To prove this violation, Plaintiffs will present evidence about conditions of solitary confinement at Aurora, including the size and state of the cells where detainees were housed for punishment.

### C.    GEO's Privacy and Security Concerns Are Manageable.

GEO's position that videotaping the inspection creates insurmountable privacy and security concerns is unsupported and outweighed by the importance of such footage to Plaintiffs' case. *See, e.g., Nourse v. Cty. of Jefferson*, No. 17 Civ. 807, 2018 WL 6444226, at *1 (N.D.N.Y. Dec. 10, 2018) (granting motion to compel inspection and take photographs of jail because "any burden would not constitute an undue burden that outweighs the clear relevance of such a visit"). To address GEO's privacy concerns, Plaintiffs have offered to blur out the faces and other identifying details of any detainees who appear in any video. Courts have held that this alleviates privacy concerns in comparable cases. *See, e.g., Dang by & through Dang v. Eslinger*, No. 14 Civ. 37, 2015 WL 13655675, at *4 (M.D. Fla. Jan. 20, 2015) (calling the plaintiff's offer to conceal the

faces of inmates caught on camera during a videotaped jail inspection a "sensible resolution" of the jail's privacy concerns); *Am. Civil Liberties Union v. Dep't of Def.*, No. 04 Civ. 4151*, 389 F. Supp. 2d 547, 571 (S.D.N.Y. Sept. 29, 2005) (holding that redacted photographs of Department of Defense detainees at Abu Ghraib prison do not represent a "cognizable invasion of personal privacy" (internal quotation marks omitted)).  This is particularly true in light of the robust protective order in place in this case.  *See* ECF No. 157 (Amended Stipulated Protective Order Concerning Confidential Information); *Dang*, 2015 WL 13655675, at *5 ("[C]onfidentiality is not a basis for withholding [discoverable] information . . . if it can be protected by a protective order . . . restricting access to [that] information." (quoting *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 5, 11 (D.D.C. 2009)); *see also Nourse*, 2018 WL 6444226, at *1 ("A protective order, for example, can limit access to any photographs to counsel and any retained experts.").

Furthermore, as the Court in *Dang* observed, "[m]any jails and prisons have allowed members of the news media to enter their facilities to film and take photographs."  2015 WL 13655675, at *4 (providing examples of maximum-security prisons that have allowed videotaping).  Indeed, GEO immigration facilities have allowed outside visitors from the media.  *See, e.g.*, Ex. R (Yahoo! News article titled, "Internal review of detainee death reveals medical neglect at a Denver immigration jail," dated May 19, 2019, available at https://news.yahoo.com/internal-review-reveals-medical-neglect-at-a-denver-immigration-jail-172814367.html?soc_src=hl-viewer&soc_trk=tw, and showing photos inside GEO facilities taken during "media tour[s]" of the facilities). This is because "[a] visit by an outsider, even one armed with a camera, need not create

an unbearable or unmanageable security problem for a correctional institution." *Dang*,

No. 14 Civ. 37, 2015 WL 13655675, at *4.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court (1)

compel GEO to produce a witness or witnesses in response to Plaintiffs' Class Merits

Notice dated November 2, 2018 on a date mutually agreed to by the parties following

production of relevant documents; (2) permit inspection of Aurora with video recording;

and (3) order GEO to pay the Class's costs and fees associated with bringing this motion.

Dated this 30th day of May, 2019.

Respectfully submitted,

OUTTEN & GOLDEN LLP

By:  *s/ Michael J. Scimone*
Michael J. Scimone
Ossai Miazad
Elizabeth Stork
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
mscimone@outtengolden.com
om@outtengolden.com
estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, DC 20001
Telephone: (202) 847-4400
pdl@outtengolden.com

Rachel Dempsey
Adam Koshkin
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: rdempsey@outtengolden.com
E-Mail: akoshkin@outtengolden.com

Alexander Hood
David Seligman
Andrew Schmidt
Juno Turner
**TOWARDS JUSTICE**
1410 High St., Suite 300
Denver, CO 80218
Telephone: (720) 441-2236                              .
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org
juno@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221
andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
1123 Spruce Street
Boulder, CO 80302
Telephone: (303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BUESCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
Telephone: (303) 333-7751

aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
Telephone: (303) 831-0817
hans@themeyerlawoffice.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2019, a true and correct copy of the foregoing **MOTION TO COMPEL** was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

*s/ Michael J. Scimone*
Michael J. Scimone

## <u>Certification of Counsel</u>

Pursuant to Fed. R. Civ. P. 37(a)(1), D. Colo. Civ. L.R. 7.1.A, and this Court's Admonition, I hereby certify on behalf of Class Counsel that counsel have in good faith conferred with counsel for GEO in an effort to obtain the requested discovery without court intervention. Class Counsel exchanged several emails and conducted substantive telephone conferrals on or about May 9, 2019 and May 22, 2019 in an effort to resolve the parties' dispute, but to no avail.

*s/ Michael J. Scimone*

Michael J. Scimone
