IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALEJANDRO MENOCAL,<br>MARCOS BRAMBILA,<br>GRISEL XAHUENTITLA,<br>HUGO HERNANDEZ,<br>LOURDES ARGUETA,<br>JESUS GAYTAN,<br>OLGA ALEXAKLINA,<br>DAGOBERTO VIZGUERRA, and<br>DEMETRIO VALERGA<br>on their own behalf and on behalf of all others similarly situated,<br>                                     Plaintiffs,<br><br>     v.<br><br>THE GEO GROUP, INC.,<br>                                     Defendant. | Civil No. 1:14-cv-02887-JLK |

**DECLARATION OF MICHAEL SCIMONE IN SUPPORT OF PLAINTIFFS'
<u>MOTION TO COMPEL</u>**

I, Michael Scimone, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an attorney at Outten & Golden LLP, which, together with Towards Justice, the Law Office of R. Andrew Free, Milstein Law Office, The Kelman Buescher Firm, P.C., and Meyer Law Office, P.C., are Plaintiffs' and Class Counsel in this action. I am an attorney in good standing admitted to practice before this Court.

2. I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' and the Class's claims in this case.

3. I make the statements in this Declaration based on my personal knowledge and would so testify if called as a witness at trial.

**D. Colo. L. Civ. R. 7.1(a) Statement**

4. The parties met and conferred to attempt to resolve their disputes over the issues raised in this motion on several occasions, beginning on May 9, 2019.

**30(b)(6) Deposition**

5. GEO took the position throughout the meet-and-confer process that Plaintiffs were required to seek leave of Court to take a Rule 30(b)(6) deposition, because Plaintiffs previously took a deposition during class certification discovery.

6. Plaintiffs' position was that the Court had clearly bifurcated class and merits discovery, and that the earlier deposition was without prejudice to Plaintiffs' right to take a subsequent deposition on the merits of the case. In addition, Plaintiffs provided GEO's counsel with correspondence from prior GEO counsel objecting to the scope of the earlier class certification deposition on the ground that the noticed topics went beyond the scope of class certification issues.

7. Notwithstanding these exchanges, GEO continued to maintain its position that because there had been no explicit agreement between counsel that the depositions were limited in scope, GEO was not required to designate a 30(b)(6) witness absent a court order requiring it to do so. In a May 17, 2019 letter to Plaintiffs' Counsel, GEO did not rebut Plaintiffs' representation that the prior deposition had been limited in scope, but wrote that, "Plaintiffs did not preserve this issue anywhere in in the Amended Notice of 30(b)(6) deposition served on March 9, 2016, or on the record of the depositions of the

corporate designees already deposed."

8.   On May 22, 2019, the parties met and conferred again and confirmed that they were at an impasse with respect to whether GEO would produce a 30(b)(6) witness.

**Site Inspection**

9.   During the parties' meet-and-confer efforts, GEO objected to the scope of the inspection request.  While it did not object to a site inspection *per se*, GEO objected to the inspection being either photographed or videotaped, citing security concerns.

10.   In correspondence dated April 26, 2019, GEO cited portions of its contract with ICE that prohibited disclosure of "sensitive information," defined by the contract in pertinent part as "any information which could affect the national interest, law enforcement activities, the conduct of federal programs, or the privacy to which individuals are entitled under Title 5, U.S. Code, Section 552a."  GEO's letter did not elaborate on what "sensitive information" would be disclosed by a site inspection, or why recording that disclosure would be different from an unrecorded disclosure.

11.   During the May 9, 2019 conference call, the parties agreed that they would continue to negotiate what areas of the GEO facility would be subject to inspection in an effort to narrow the areas in dispute.

12.   In a subsequent exchange of correspondence, the parties exchanged proposals for areas of the facility to be included, and Plaintiffs provided case law supporting their position that the inspection should be videotaped.  On a May 22, 2019 call, GEO informed Plaintiffs that it could agree to most of the requested areas, and confirmed that the parties had largely reached agreement with respect to the areas for

inspection pending final confirmation.

13. During the May 22, 2019 call, Plaintiffs offered to blur the faces of any detainees who appeared in the inspection video and to work with GEO on means to address their safety and security concerns. Plaintiffs also reminded GEO of the protective order already in place restricting use of materials designated "Confidential" or "Highly Confidential" and forbidding their disclosure to the public.

14. However, GEO maintained the position that no video could be recorded due to security concerns, notwithstanding any measures to offset those concerns. GEO did not provide any further detail about its specific security concerns in a way that would enable Plaintiffs to offer ways to address them.

Dated: New York, NY
May 30, 2019

Respectfully submitted,

By: /s/Michael Scimone
Michael Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
mscimone@outtengolden.com

*Class Counsel*