IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others
similarly situated,

                    Plaintiffs,

    v.

THE GEO GROUP, INC.,

                    Defendant.

Civil No. 1:14-cv-02887-JLK

**DECLARATION OF ALEXANDER HOOD IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL**

I, Alexander Hood, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an attorney at Towards Justice, which, together with Outten & Golden LLP, the Law Office of R. Andrew Free, Milstein Law Office, The Kelman Buescher Firm, P.C., and Meyer Law Office, P.C., are Plaintiffs' and Class Counsel in this action. I am an attorney in good standing admitted to practice in the State of Colorado and before this Court.

2. I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' and the Class's claims in this case.

3.     I make the statements in this Declaration based on my personal knowledge and would so testify if called as a witness at trial.

**Rule 30(b)(6) Depositions**

4.     On January 12, 2016, Plaintiffs served on GEO a Notice of Deposition under Fed. R. Civ. P. 30(b)(6) ("Original Notice").

5.     GEO objected in January and March 2016 that Plaintiffs' Original Notice touched on individual, rather than pattern and practice, testimony that GEO argued was not necessary to class certification (and therefore fell outside the scope of the operative scheduling order).

6.     The parties conferred by telephone thereafter, and Plaintiffs' counsel explained that the focus of the deposition(s) would be on GEO's policies and practices for purposes of class certification, in keeping with the Court's order.

7.     In response to GEO's objections, Plaintiffs withdrew the Original Notice and served an Amended Notice on March 9, 2016, which limited the topics to the existence of "policies and practices."

8.     Pursuant to this exchange, on March 29, 2016, Plaintiffs deposed GEO's Rule 30(b)(6) designees Dawn Ceja and Melody Furst.

9.     On December 15, 2017, Plaintiffs served a Rule 30(b)(6) notice on GEO as to individual merits discovery only ("Individual Merits Notice").

10.    GEO objected to specific 30(b)(6) topics in the Individual Merits Notice, but did not raise any objection to the Individual Merits Notice itself. Instead, the parties reached an agreement to reframe certain topics and began to try to schedule the

deposition.

11. On February 9, 2018, the Tenth Circuit affirmed class certification. In the interest of efficiency, Plaintiffs did not move forward with the 30(b)(6) deposition as to individual merits discovery.

12. On November 2, 2018, in accordance with the stipulated scheduling and discovery order, Plaintiffs served an amended Rule 30(b)(6) Notice of Deposition for the purposes of merits discovery ("Class Merits Notice"). GEO did not raise an objection to this notice from November 2018 through February 2019, during which time the parties discussed scheduling the noticed 30(b)(6) deposition.

13. During this same time period, the parties also met and conferred several times regarding GEO's plan to search for and produce class merits discovery.

14. Then, on March 12, 2019, Holland & Knight made an appearance for GEO, and Greenberg Traurig withdrew as counsel. Holland & Knight was the fifth law firm to make an appearance in this action on behalf of GEO. On March 29, 2019, Plaintiffs reached out to GEO's new counsel to request that the parties move forward with scheduling the 30(b)(6) deposition, with a tentative target date in June 2019.

15. On April 26, 2019, after nearly six months of negotiating the scheduling of the 30(b)(6) deposition and well over a year after Plaintiffs served the first 30(b)(6) notice as to merits discovery, GEO informed Plaintiffs it had reversed course and would refuse to designate a witness.

**Requests for Inspection**

16. Plaintiffs' First Set of Requests for Inspection was served on GEO on July 31, 2015.

17. GEO objected to the First Set of Requests for Inspection, among other reasons, on the basis that they were not relevant to class certification discovery. No inspection took place at that time.

18. On December 15, 2017, Plaintiffs served a Second Set of Requests for Inspection on GEO that was limited to Plaintiffs' individual claims only. Again, no inspection took place, and the parties agreed that after Plaintiffs amended their request for inspection for the purposes of classwide merits discovery, the parties would work to schedule an inspection of Aurora by Plaintiffs' counsel.

19. Plaintiffs served their amended Second Set of Requests for Inspection ("Second RFI") on GEO on November 2, 2018.

20. Over the following months, the parties met and conferred over the scope of the Second RFI.

21. On December 27, 2018, GEO sent Plaintiffs a letter summarizing its position that any inspection would have to be approved by and scheduled through ICE.

22. Plaintiffs requested that GEO provide the contractual and/or legal basis for its position, and on January 28, 2019, GEO sent a letter to Plaintiffs stating that another letter with additional details on the ICE approval process was forthcoming.

23. Plaintiffs did not receive this letter, or formal responses and objections to the RFI, until April 26, 2019, nearly three months later and after a change in GEO's

counsel.

24.     The letter did not identify any specific basis for requiring that any inspection be approved by and scheduled through ICE.  Rather, it stated that GEO's contract with ICE generally restricted the improper disclosure of sensitive information, but clarified that no information was being withheld on that basis.

25.     GEO objected that the proposed inspection infringed upon the privacy rights and "other statutory, regulatory, and contractually protected rights of individuals who are not party to this litigation," and that due to "privacy and security concerns," photography and videotaping would not be allowed.

**Exhibits**

26.     Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Notice of Deposition under Fed. R. Civ. P. 30(b)(6), dated January 12, 2016.

27.     Attached hereto as **Exhibit B** is a true and correct copy of the March 9, 2016 email from Shelby Felton regarding GEO's objections and the parties' negotiations as to the scope of the Original Notice.

28.     Attached hereto as **Exhibit C** is a true and correct copy of Plaintiffs' Amended Notice of Deposition under Fed. R. Civ. P. 30(b)(6), dated March 9, 2016 ("Amended Notice").

29.     Attached hereto as **Exhibit D** is a true and correct copy of the transcript of the Rule 30(b)(6) deposition of Melody Furst.

30.     Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' Notice of Deposition under Fed. R. Civ. P. 30(b)(6), dated December 15, 2017 ("Individual

Merits Notice").

31.     Attached hereto as **Exhibit F** is a true and correct copy of the February 16, 2018 letter from Elizabeth Stork to GEO's counsel.

32.     Attached hereto as **Exhibit G** is a true and correct copy of Plaintiffs' Notice of Deposition under Fed. R. Civ. P. 30(b)(6), dated November 2, 2018 ("Class Merits Notice").

33.     Attached hereto as **Exhibit H** is a true and correct copy of the January 9, 2019 email from Naomi Beer to Plaintiffs' counsel.

34.     Attached hereto as **Exhibit I** is a true and correct copy of the January 28, 2019 letter from Naomi Beer to Plaintiffs' counsel.

35.     Attached hereto as **Exhibit J** is a true and correct copy of the April 19, 2019 email from Valerie Brown to Plaintiffs' counsel.

36.     Attached hereto as **Exhibit K** is a true and correct copy of the April 26, 2019 letter from Carolyn Short to Plaintiffs' counsel.

37.     Attached hereto as **Exhibit L** is a true and correct copy of Plaintiffs' First Set of Discovery Requests, dated July 31, 2015.

38.     Attached hereto as **Exhibit M** is a true and correct copy of GEO's Responses and Objections to First Set of Discovery Requests dated September 23, 2015.

39.     Attached hereto as **Exhibit N** is a true and correct copy of Plaintiffs' Second Set of Requests for Inspection, dated December 15, 2017, and limited to Plaintiffs' individual claims only.

40.     Attached hereto as **Exhibit O** is a true and correct copy of Plaintiffs'

amended Second Set of Requests for Inspection, dated November 2, 2018 ("Second RFI").

41.     Attached hereto as **Exhibit P** is a true and correct copy of the December 27, 2018 letter from Naomi Beer to Plaintiffs' counsel.

42.     Attached hereto as **Exhibit Q** is a true and correct copy of GEO's Responses and Objections to Plaintiffs' Second RFI, dated April 26, 2019.

43.     Attached hereto as **Exhibit R** is a true and correct copy of a Yahoo! News article titled, "Internal review of detainee death reveals medical neglect at a Denver immigration jail," dated May 19, 2019, available at https://news.yahoo.com/internal-review-reveals-medical-neglect-at-a-denver-immigration-jail-172814367.html?soc_src=hl-viewer&soc_trk=tw, and showing photos inside GEO facilities taken during "media tour[s]" of the facilities.

Dated: Denver, Colorado
       May 30, 2019

                                    Respectfully submitted,

                                    By:    /s/Alexander Hood_____
                                    Alexander Hood
                                    **TOWARDS JUSTICE**
                                    1410 High St., Suite 300
                                    Denver, CO 80218
                                    (720) 441-2236
                                    alex@towardsjustice.org

                                    *Class Counsel*