# Exhibit B



**TOWARDS JUSTICE**

Alex Hood <alex@towardsjustice.org>

---

## Menocal - 30(b)(6)
16 messages

---

**Shelby Felton** <sfelton@vaughandemuro.com>                                     Wed, Mar 9, 2016 at 2:11 PM
To: Alex Hood <alex@towardsjustice.org>
Cc: Hans Meyer <hans@themeyerlawoffice.com>, David DeMuro <ddemuro@vaughandemuro.com>, Andrew Free
<andrew@immigrantcivilrights.com>, "Emery, Mark" <mark.emery@nortonrosefulbright.com>, Charles Deacon <cdeacon@fulbright.com>,
Andrew Turner <aturner@laborlawdenver.com>, Brandt Milstein <brandt@milsteinlawoffice.com>

Gentlemen:

As you know, GEO provided the 30(b)(6) deposition notices to DHS/ICE in order to obtain approval to proceed with the deposition.  Attached to this email is the response that GEO received.  GEO will produce witnesses to testify, as set forth below, but such testimony will be limited by the attached letter from ICE.  If you intend on asking questions outside of policies and procedures and general practices, please tell me and I will file a motion for protective order.

Defendant still objects to several of the topics in the second amended 30(b)(6) notice.  First, Defendant objects to the listed topics because they seek discovery beyond class certification issues, but Defendant will agree to going forward with the deposition despite that.

As we already discussed, Defendant objects to any sub-topics that seek information outside of the Aurora facility as the Aurora facility is the only facility at issue in Plaintiffs' complaint.  If you want to pursue a 30(b)(6) deposition regarding facilities other than Aurora, please let me know and I will file a motion for protective order on that issue.

Topic 1 is substantially similar to Interrogatories 5 and 6 and Defendant objects to Topic 1 for the same reasons.  Defendant continues the objections provided by email on January 12, 2016.  Additionally, the Aurora facility does not have "solitary confinement."  The Aurora facility does have administrative and disciplinary segregation.  However, this topic, as stated, is overbroad because Plaintiffs' claim is limited to the use of administrative segregation in the context of refusing to participate in ICE's sanitation policy and there is no claim related to the use of administrative segregation in any other context.  There is also no claim related to the treatment of detainees before, during and after any alleged segregation.  Information about the use of administrative segregation outside its application to the sanitation policies is not relevant to any claim or defense in the case and is not proportional to the needs of the case as required by Fed.R.Civ.P. 26(b)(1).  If you intend on asking questions regarding the use of administrative segregation outside its application to the sanitation policy, please tell me and I will file a motion for protective order.

As to the use of the word "practices" in relation to Topic 1, as we discussed by phone, we object to testimony regarding the use of segregation in relation to specific detainees.  Not only is this overbroad and unduly burdensome due to the number of detainees that have been housed in the facility in the last ten years, such testimony would also be a privacy violation.  if you intend on asking such questions, please tell me and I will file a motion for protective order.

Defendant also objects to Topic 1(c) to the extent it seeks information regarding specific employees, for the reasons already stated.  If you intend on asking questions about specific employees, please tell me and I will file a motion for protective order.

Defendant objects to Topic 1(d) and 1(c) as overbroad because these sections seek communications for a ten year period of time.

Subject to these limitations, Defendant will designate Dawn Ceja, assistant warden of operations, to testify regarding Topic 1.

Topic 2 is substantially similar to Interrogatories 2, 5, 6, and 7.  Defendant objects to Topic 2 based on the objections stated in answer to Interrogatories 2, 5, 6, and 7.  Defendant continues the objections provided by email on January 12, 2016.  Defendant objects to Topic 2(d) and 2(e) as overbroad because these sections seek communications for a ten year period of time. Defendant also objects because, as stated above, Topic 2(f) seeks information regarding other GEO facilities.  Subject to the objections and with the exception of information regarding other facilities, Defendant designates Dawn Ceja for Topic 2.

In relation to Topic 2, if you are going to ask questions regarding specific detainees, specific employees, or other facilities, please tell me and I will file a motion for protective order.

Topic 3 is substantially similar to Interrogatories 1, 3, 6, and Requests for Production 1, 2, and 3.  Defendant continues the objections provided by email on January 12, 2016. In relation to Topic 3, if you are going to ask questions regarding specific detainees, specific employees, or other facilities, please tell me and I will file a motion for protective order.  Subject to the objections and with the exception of information regarding other facilities, Defendant designates Dawn Ceja and Melody Furst, assistant business manager at the Aurora facility, for Topic 3.

Ms. Ceja is designated to testify regarding the policies and practices generally regarding the selection, work assignments, supervision, and discipline of VWP participants.  Ms. Ceja is designated to testify about the contract and policies relating to detainee pay, but not the day-to-day process of such payments. Ms. Ceja is also designated as to the quantity, scope, and type of work performed in the VWP.  To the extent such information exists, Ms. Ceja is designated to testify regarding Topic 3(h).  Ms. Ceja is also designated as to Topics 3(I) (with the exception of information regarding specific employees), 3(j), and 3(k).

Ms. Furst is designated to testify, based on the reimbursement documents provided on February 26, 2016, regarding: the pay and number of participants in the VWP; the existence and location of any documents containing this information or containing information relevant to determining that number; and total compensation paid to VWP participants at Aurora.

Topics 3(d) and 3(I) are duplicative.  To the extent responsive information exists, Defendant will designate both Ms. Ceja and Ms. Furst for this topic.

Ms. Ceja and Ms. Furst can both testify generally about Topics 3(f) and 3(g).  Due to the number of detainees in the facility over the three year period of time sought in this topic, Ms. Ceja and Ms. Furst will not be able to testify about specific detainees.  Furthermore, specific information regarding each of the named defendants was provided on February 26, 2016.

Ms. Ceja and Ms. Furst are available on March 29.  If necessary, Ms. Furst is also available on March 30.

*Shelby A. Felton, Esq.*

*Vaughan & DeMuro*

(303) 837-9200  (office)

(303) 345-8023  (cell)

*PLEASE NOTE OUR NEW ADDRESS*

*720 S. Colorado Blvd.*

*North Tower Penthouse*

*Denver, CO  80246*

CONFIDENTIALITY NOTICE:  This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.