# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL *et al*.,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

**AMENDED NOTICE OF FRCP 30(b)(6) DEPOSITION OF DEFENDANT THE GEO GROUP INC.**

---

      TO: Defendant THE GEO GROUP, INC. (hereinafter "Geo").

      PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), counsel for Plaintiff will take the deposition of Defendant on 3/29/2016 at 9:30 a.m. at 600 Grant Street, Suite 450 Denver, CO  80203 on the topics detailed below. Geo shall identify the persons who will speak on its behalf on each topic below at least seven days before the deposition(s). This deposition will be taken before a certified court reporter, will be recorded by stenographic means, may be adjourned from day to day until completed, and may occur over several days if more than one person is necessary to provide the information requested.

      As used in this Notice, the term "Defendant" means, without limitation, the responding party.

      As used in this Notice, the term "You" means the corporate defendant answering these requests, and any person acting on that corporation's behalf.

      When you are asked to "identify" a particular employee or person, you are to provide that

person's full name, current or last job title, and current physical work address if still employed

by you; if the person is not still employed by you, provide the last known address, phone

numbers, e-mail address or other available contact information.

You are advised that you must designate one or more officers, directors, managing

agents, or other persons who will testify on your behalf regarding the topics listed here.

## <u>TOPICS</u>

1. Policies and practices, over the ten years prior to the filing of this litigation until now, regarding the use of solitary confinement by Geo's Aurora Detention Facility, including but not limited to:

    a. Policies and practices regarding when and whether solitary confinement is appropriate and the treatment of detainees immediately before, during, and after Geo has committed them to solitary confinement.

    b. The existence and location of documentation of the use of solitary confinement at Geo's Aurora Detention Facility.

    c. Policies and practices regarding the training and oversight of Geo employees on matters related to solitary confinement, including discipline of employees relating to their use or threatened use of solitary confinement on detainees.

    d. Communications with Geo employees regarding policies and practices for the use of solitary confinement, including communications in the course of trainings and communications during the course of employment.

    e. Communications with detainees regarding policies and practices for the use of solitary confinement, including communications regarding when and whether solitary confinement is appropriate and communications regarding the treatment of detainees immediately before, during, and after Geo has committed them to solitary confinement.

2. Policies and practices, over the ten years prior to the filing of this litigation until now, regarding the Geo Aurora Detention Facility's "Housing Unit Sanitation Policy" and any other policies regarding detainees' responsibilities to clean Geo property, including but not limited to:

2

 

a. The nature of these policies, the nature and extent of work detainees must perform under these policies, supervision of detainees' work related to these policies, and the consequences for detainees of failing to perform this work and of completing the work successfully.

b. The number of detainees who have performed work under these policies or who have been disciplined or threatened with discipline for not performing work under these policies and the existence and location of any documents containing this information.

c. Policies and practices regarding the training and oversight of Geo employees on the "Housing Unit Sanitation Policy" and any other policies regarding detainees' responsibilities to clean Geo property, including discipline of employees relating to their implementation of these policies.

d. Communications with Geo employees regarding the "Housing Unit Sanitation Policy" policies and practices, and any other policies regarding detainees' responsibilities to clean Geo property, including communications in the course of trainings and communications during the course of employment.

e. Communications with detainees regarding the "Housing Unit Sanitation Policy" policies and practices, and any other policies regarding detainees' responsibilities to clean Geo property.

f. The existence and location of documents regarding employees, contractors, or others performing work in the Aurora Detention Facility and other Geo facilities that is the same or similar as work performed under the "Housing Unit Sanitation Policy", the scope of their work, and the value of their services.

3. Policies and practices regarding the Voluntary Work Program ("VWP") at Geo's Aurora Detention Facility, over the three years prior to the filing of this litigation until now, including but not limited to:

a. Policies and practices regarding the selection, pay, work assignments, supervision, and discipline of VWP participants.

b. The number of participants in the VWP and the existence and location of any documents containing this information or containing information relevant to determining that number.

c. The quantity, scope, and type of work performed in the VWP.

3

d. The value of the work performed by VWP participants and the existence of location of documents containing information relevant to that value.

e. Total compensation paid to VWP participants at the Aurora Detention Facility and paid to VWP participants at other Geo facilities.

f. Detainees' use of funds obtained through participation in the VWP while in detention.

g. Policies and practices relating to products sold by Geo or Geo contractors to detainees, including but not limited to sanitary products, and phone cards or other means detainees use to communicate with people outside of the facility.

h. The existence and location of documents regarding employees, contractors, or others performing work in the Aurora Detention Facility and other Geo facilities that is the same or similar as work performed under the VWP, the scope of their work, and the value of their services.

i. Policies and practices regarding the training and oversight of Geo employees on the VWP, including discipline of employees relating to their implementation of the VWP.

j. Communications with Geo employees regarding VWP policies and practices, including communications during the course of trainings and communications during employment.

k. Communications with detainees regarding VWP policies and practices.

l. The existence and location of documents regarding the value to GEO of detainee work under the VWP.

DATED: 3/9/16

<div style="margin-left:45%">

s/Alexander Hood
Alexander Hood
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

</div>

<div style="text-align:center">

**Certificate of Service**

</div>

On 3/9/2016, I served the forgoing electronically on the following individuals pursuant to FRCP 5:

*Attorneys for Defendant*

Shelby Felton
Charles Deacon
Mark Emery
David DeMuro

<div style="margin-left:45%">

 s/Alexander Hood
Alexander Hood
Attorney for the Plaintiff

</div>