# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL *et al.*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**NOTICE OF FRCP 30(b)(6) DEPOSITION OF DEFENDANT THE GEO GROUP INC.**

---

TO: Defendant THE GEO GROUP, INC. ("GEO").

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), counsel for Plaintiff will take the deposition of Defendant on January 17, 2018 at 10:00 a.m., or an agreed-upon time thereafter, at 1535 High St., Denver CO, on the topics detailed below. GEO shall identify the persons who will speak on its behalf on each topic below at least seven days before the deposition(s). This deposition will be taken before a certified court reporter, will be recorded by stenographic and audiovisual means, may be adjourned from day to day until completed, and may occur over several days if more than one person is necessary to provide the information requested.

As used in this Notice, the term "Defendant" or "GEO" mean, without limitation, the responding party.

As used in this Notice, the term "You" means the corporate defendant answering these requests, and any person acting on that corporation's behalf.

As used in this Notice, the term "ICE" means United States Immigration and Customs Enforcement. The term "relevant period" means the period from October 22, 2004 through the present for all topics related to the Housing Unit Sanitation Policy and October 22, 2012 through the present for all requests related to the VWP.

When You are asked to "identify" an employee or person, You are to provide that person's full name, current or last job title, and current physical work address if still employed by You; if the person is not still employed by You, provide the last known address, phone numbers, e-mail address or other available contact information.

You are advised that You must designate one or more officers, directors, managing agents, or other persons who will testify on Your behalf regarding the topics listed here.

## TOPICS

1. GEO's application of the "Housing Unit Sanitation Policy" ("HUSP") to Plaintiffs during the relevant period, including, but not limited to, the following

    a. ICE's policies and practices relating to the HUSP, including discipline or other consequences for a detainee's failure to comply with the HUSP.

    b. Your policies and practices relating to the HUSP, including discipline or other consequences for a detainee's failure to comply with the HUSP.

    c. Communications and agreements with ICE regarding the use of detainee labor to clean the facility.

    d. Communications and agreements with ICE regarding the use of administrative or disciplinary segregation.

    e. Policies related to the HUSP, including any changes to those policies.

      f. The Performance-Based National Detention Standards (PBNDS) and their relationship to the HUSP.

      g. Revisions or changes to the PBNDS.

      h. Plaintiffs' responsibilities under the HUSP, including the specific cleaning tasks required under the HUSP.

      i. The physical layout of the Aurora Detention Facility and the precise locations within the facility cleaned or otherwise maintained by detainees under the HUSP.

      j. Equipment used by Plaintiffs to perform tasks under the HUSP and any policies or practices regarding detainees' use of equipment to perform tasks under the HUSP.

      k. The frequency and duration of tasks performed under the HUSP, as well as any records or logs of such tasks.

      l. Communications with Plaintiffs or other detainees regarding the HUSP, including the consequences of not performing work required under the HUSP.

      m. Policies and practices regarding the training and oversight of GEO officers in relation to the HUSP.

      n. Any GEO employees that perform or supervise the cleaning tasks required by the HUSP.

      o. Any GEO employees that perform or supervise other cleaning tasks that are not required by the HUSP.

      p. The costs of using GEO employees to perform cleaning tasks, including the costs of using GEO employees to perform the cleaning tasks required by the HUSP, including any studies conducted that assess or describe such costs.

      q. GEO's budgets for cleaning and otherwise maintaining the Aurora facility.[1]

      r. Any differences and/or similarities between the use of the HUSP at the Aurora Detention Facility and at other GEO immigrant detention facilities.

---

[1] This includes but is not limited to the budgets reflected in GEO_MEN_00011426, 14324, 11516, 12991, and 14230.

3

2. GEO's policies and practices relating to discipline for Plaintiffs' violation of GEO's rules or regulations during the relevant period, including, but not limited to, the following:

   a. The origins of the Segregation/Special Management Unit Officer policy.

   b. The implementation of the Segregation/Special Management Unit policy at the Aurora Detention Facility.

   c. Policies regarding administrative segregation and disciplinary segregation, including removing a detainee from segregation.

   d. Policies and practices related to discipline for violation of the HUSP, up to and including segregation and/or legal action.

   e. Training and oversight of GEO officers regarding procedures or guidelines related to administrative segregation and disciplinary segregation at the Aurora Detention Facility.

   f. The detainee violations for which administrative or disciplinary segregation is a potential consequence.

   g. Policies or practices relating to communications with detainees regarding administrative or disciplinary segregation.

   h. Policies or practices regarding communications with detainees regarding GEO's rules and the consequences for violating GEO's rules.

   i. Policies or practices for determining appropriate detainee discipline for a violation of GEO's rules.

   j. Detainee complaints regarding administrative or disciplinary segregation.

   k. The nature of administrative or disciplinary segregation, including the nature of the facilities used for segregation and policies and procedures applied to those in segregation.

   l. Communications with ICE regarding detainee violations of GEO's rules.

   m. Communications with ICE regarding the use of administrative or disciplinary segregation.

3. Plaintiffs' participation in the Voluntary Work Program (VWP) during the relevant period, including, but not limited to, the following:

    a. Communications and agreements with ICE regarding the VWP.

    b. ICE's policies and procedures regarding to the VWP.

    c. GEO's policies and procedures regarding the VWP.

    d. Staffing needs at the Aurora Detention Facility.

    e. Current staffing at the Aurora Detention Facility, including janitorial, maintenance, laundry, and kitchen staff.

    f. Similarities and differences between the VWP as implemented at the GEO detention facility and the VWP as implemented at other GEO immigrant detention facilities.

    g. Maintenance requirements at the Aurora Detention Facility.

    h. Daily logs or records, including any records reflecting time worked, maintained by GEO officers at the Aurora Detention Facility.

    i. Communications with Plaintiffs regarding the VWP, and policies or practices regarding communications to detainees about the VWP.

    j. Method of determining the pay rate for VWP participants at the Aurora facility and other GEO facilities.

    k. GEO's budget for cleaning and otherwise maintaining the Aurora facility.

    l. Policies and practices regarding supervision of VWP participants, including work hours and breaks.

    m. Policies and practices for training VWP participants and any training provided to Plaintiffs related to their VWP participation.

    n. Policies and practices regarding violations of the VWP, including but not limited to such violations as requiring detainees to work longer than eight hours in a day.

Dated:  December 15, 2017            By:   /s/ Juno Turner

                                            Juno Turner

5

Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

6

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*