# Exhibit F



Advocates for Workplace Fairness

February 16, 2018

**By E-mail**

Dana L. Eismeier  
Michael York Ley  
Burns, Figa & Will, P.C.  
6400 S. Fiddlers Green Circle, Ste. 1000  
Greenwood Village, CO 80111  
(303) 796-2626  
deismeier@bfwlaw.com  
mley@bfwlaw.com  

Charles A. Deacon  
Mark Thomas Emery  
Norton Rose Fulbright US, LLP  
300 Convent Street, Ste. 2100  
San Antonio, TX 78205  
(210) 270-7133  
charlie.deacon@nortonrosefulbright.com  
mark.emery@nortonrosefulbright.com  

Andrea L. D'Ambra  
Norton Rose Fulbright US, LLP  
1301 Avenue of the Americas  
New York, NY 10019  
(212) 318-3015  
andrea.dambra@nortonrosefulbright.com  

Re:   *Menocal, et al. v. The GEO Group, Inc.*, No. 14-cv-02887 (JLK)

Dear Counsel:

We write to confirm the details of our meet and confer discussion on January 11, 2018 concerning Plaintiffs' Rule 30(b)(6) notice to GEO and GEO's Responses to Plaintiffs' Second Set of Requests for Production of Documents and to Plaintiffs' Second Set of Interrogatories. Please respond if you do not agree with any of the confirmations below.

In light of the Tenth Circuit's ruling affirming Judge Kane's certification of the TVPA and unjust enrichment classes, Plaintiffs reserve all rights to seek further testimony from GEO's Rule 30(b)(6) witness or witnesses during the class discovery period. We are also willing to meet and confer to discuss broadening the scope of the currently scheduled Rule 30(b)(6) deposition to include classwide topics, after appropriate discovery. We will continue to confer regarding the details of the Aurora facility inspection as well.

**Rule 30(b)(6) Deposition**

Plaintiffs and GEO agreed to some revisions to the Rule 30(b)(6) notice, which Plaintiffs will send to GEO separately. We note specifically with respect to topic 1(p) – "The costs of using GEO employees to perform cleaning tasks, including the costs of using GEO employees to perform the cleaning tasks required by the HUSP, including any studies conducted that assess or

New York  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060  
Chicago  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010  Fax (312) 809-7011  
San Francisco  One Embarcadero Street  38th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810  

www.outtengolden.com

February 16, 2018
Page 2 of 4

describe such costs" – you stated that prior 30(b)(6) testimony by Ms. Ceja and Ms. Furst addresses this point. Thus, we agree to eliminate it from the list of topics, provided that GEO agrees not to subsequently introduce, at trial or through motion practice, additional evidence of the costs of using GEO employees to perform cleaning tasks .

**Plaintiffs' Second Set of Requests for Production of Documents**

General Issues

We asked you to confirm how GEO searched for email correspondence and/or other custodial ESI responsive to Plaintiffs' Requests. We noted, in particular, that David Venturella, Senior Vice President for Business Development at GEO and a fact witness soon to be deposed, appears to be a custodian of only one document produced by Defendant, GEO_MEN 00052826. Given Mr. Venturella's apparent role in GEO's business function and in compliance with PBNDS standards, *see* GEO_MEN 00052826, Mr. Venturella would likely be a custodian for many more documents relevant to Plaintiffs' claims.

You stated that Mr. Venturella's custodial file was not reviewed, and that only one document for which he happened to be a custodian was responsive to our requests. We requested the list of custodians whose files you reviewed, and the search terms you used to cull relevant documents from those files. You said that you would confer with your client and respond. We are still awaiting your response.

Request No. 17

We asked you to confirm how GEO searched for email correspondence and/or custodial ESI responsive to this Request. This overlaps with our request above. We are still awaiting your response.

We asked you to confirm that you have no records of the hours Plaintiffs worked, including in the form of assignment sheets listing detainees scheduled to clean pods on a given day. You stated that GEO did not preserve those assignment sheets and that there were no other records of hours worked by Plaintiffs under the Housing Unit Sanitation Policy.

Request Nos. 17, 18, 19, 20, and 21

We stated that GEO's response was inadequate, as Plaintiffs' requests encompassed – and GEO has not produced – video footage relating to (1) GEO's enforcement of the Housing Unit Sanitation Policy, including video of disciplinary action related to the Housing Unit Sanitation Policy; (2) Plaintiffs' performance of work, tasks, and/or duties under the VWP or Housing Unit Sanitation policy; (3) the custodial maintenance of housing units or "pods"; and (4) the implementation and enforcement of the VWP.

You stated that you would look into whether video evidence exists that is responsive to this request. We are awaiting your response.

February 16, 2018
Page 3 of 4

Request Nos. 28 and 29

We asked you to confirm whether there are any trainings, policies, or guidance on trafficking and/or forced labor at GEO's Aurora facility. You confirmed that there are no such trainings, policies or guidance.

Request Nos. 32 and 33

You confirmed that GEO is not withholding documents responsive to these Requests.

**Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 11

We explained that GEO's response appears to be incomplete because at least one job description is missing for the VWP job that Plaintiff Gaytan performed. You said you would look into this and respond to us. We are awaiting your response.

We asked you to confirm whether GEO has any methods, other than examining VWP payroll information and reimbursement documents, of determining time worked by Plaintiffs. For example, does GEO track detainees' locations in the facility? Does GEO otherwise record detainees' work in the facility? You stated that GEO does not monitor movements of detainees at the Aurora facility in ways that relate to the VWP, though GEO does document movements into and out of certain units, such as the medical unit. Please confirm your response in writing to clarify what movements GEO does and does not monitor.

You stated that GEO has produced all payroll records related to VWP work for each Plaintiff for the entire relevant period. Plaintiffs requested that GEO provide such payroll records in an alternative format, if possible, such as an Excel spreadsheet or database, to enable easier calculation of days worked. You stated you would look into this and get back to us. We are still awaiting your response.

Interrogatory No. 12

You stated in your response that "GEO does not keep records of how many hours detainees clean their cells or clean up after meal service." We asked you to confirm whether GEO has retained sheets showing assignments to clean following meal service. *See, e.g.*, PL000059-61. You stated that you believed GEO has no retention policy with regard to those sheets, and no other method of recording assignments to clean at the Aurora facility. Please confirm this response in writing.

Interrogatory No. 15

You stated in your response that "[t]he rate of pay for the VWP is the amount set in GEO's government contract with the Department of Homeland Security, Office of Immigration and Custom Enforcement." You explained that any further description of how GEO determined the rate to be paid to Plaintiffs under the VWP at the Aurora facility is set forth in Dawn Ceja's Rule 30(b)(6) deposition testimony.

February 16, 2018
Page 4 of 4

Interrogatory No. 16

      With respect to GEO's objection that this Interrogatory is unduly burdensome because it would require an assessment of overhead costs of administering detainee labor programs, Plaintiffs are willing to narrow the Interrogatory.  Plaintiffs request that GEO describe the cost it would have to pay employees or contracted workers for the labor that detainees currently perform under the Housing Unit Sanitation Policy and the VWP.

                                           Sincerely,

                                           Elizabeth Stork

cc:      Plaintiffs' counsel