# Exhibit G

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

---

ALEJANDRO MENOCAL *et al.*,

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

**NOTICE OF F.R.C.P. 30(b)(6) DEPOSITION OF DEFENDANT THE GEO GROUP INC.**

---

     TO:    Defendant THE GEO GROUP, INC. ("GEO").

     PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6),

counsel for Class Members will take the deposition of Defendant on January 22, 2019 at

10:00 a.m., or an agreed-upon time thereafter, at the offices of Towards Justice, 1410 High

St., Denver CO, on the topics detailed below. GEO shall identify the persons who will speak

on its behalf on each topic below at least seven days before the deposition(s). This deposition

will be taken before a certified court reporter, will be recorded by stenographic and

audiovisual means, may be adjourned from day to day until completed, and may occur over

several days if more than one person is necessary to provide the information requested.

     As used in this Notice, the term "Defendant" or "GEO" or "You," mean, without

limitation, the responding party and any person acting on the responding party's behalf.

1

As used in this Notice, the term "ICE" means United States Immigration and Customs Enforcement. The term "relevant period" means the period from October 22, 2004 through the present for all topics related to the Housing Unit Sanitation Policy and October 22, 2012 through the present for all requests related to the VWP.

When You are asked to "identify" an employee or person, You are to provide that person's full name, current or last job title, and current physical work address if still employed by You; if the person is not still employed by You, provide the last known address, phone numbers, e-mail address or other available contact information.

You are advised that You must designate one or more officers, directors, managing agents, or other persons who will testify on Your behalf regarding the topics listed here.

### **TOPICS**

1. GEO's application of the "Housing Unit Sanitation Policy" ("HUSP") to Class Members during the relevant period, including, but not limited to, the following:

    a. ICE policies and practices relating to the HUSP, including discipline or other consequences for a detainee's failure to comply with the HUSP.

    b. GEO policies and practices relating to the HUSP, including discipline or other consequences for a detainee's failure to comply with the HUSP.

    c. Communications and agreements with ICE regarding the use of detainee labor to clean the facility.

    d. Communications and agreements with ICE regarding the use of administrative or disciplinary segregation.

    e. Policies related to the HUSP, including any changes to those policies.

    f. The Performance-Based National Detention Standards (PBNDS) and their relationship to the HUSP.

    g. The ICE Detainee Handbook and its relationship to the HUSP.

2

h.      Revisions or changes to the PBNDS, the ICE Detainee Handbook, or GEO's Detainee Handbook.

i.       Class Members' responsibilities under the HUSP, including the specific cleaning tasks required under the HUSP.

j.       All locations within the facility cleaned or otherwise maintained by detainees under the HUSP.

k.      Equipment used by Class Members to perform tasks under the HUSP and any policies and/or practices regarding detainees' use of equipment to perform tasks under the HUSP.

l.       The frequency and duration of tasks performed by Class Members under the HUSP, as well as any records and/or logs of such tasks and the location of and retention policy for such records and/or logs.

m.     Communications with Class Members regarding the HUSP, including the consequences of not performing work required under the HUSP.  This includes GEO's general practices, policies, and procedures regarding communications with detainees concerning the HUSP, and consequences of not performing work required under the HUSP.

n.      Policies and practices regarding the training and oversight of GEO employees and/or contractors officers in relation to the HUSP.

o.       GEO employee and/or contractor positions that perform or supervise the cleaning tasks required by the HUSP.

p.      GEO employee and/or contractor positions that perform or supervise other cleaning tasks that are not required by the HUSP.

q.      The origins and objectives of the HUSP at the Aurora Detention Facility.

2.      GEO's policies and practices relating to discipline for Class Members' violation of GEO's rules or regulations during the relevant period, including, but not limited to, the following:

a.      The origins of the Segregation/Special Management Unit Officer policy. *See, e.g.*, GEO_MEN 00037721.

b.      The implementation of the Segregation/Special Management Unit policy.

c.      Policies regarding administrative segregation and disciplinary segregation.

     d.     Policies regarding protective custody.

     e.     Policies regarding the use of detainee labor in the Segregation/Special Management Unit.

     f.     Policies and practices related to discipline for violation of the HUSP, and the purpose behind such policies and practices.

     g.     Training and oversight of GEO officers regarding procedures or guidelines related to administrative segregation and disciplinary segregation and/or protective custody.

     h.     Those violations for which detainees may be subject to administrative or disciplinary segregation.

     i.     Policies and/or practices relating to communications with detainees regarding administrative or disciplinary segregation.

     j.     Policies and/or practices regarding communications with detainees regarding GEO's rules and the consequences for violating GEO's rules.

     k.     Policies and/or practices for determining appropriate detainee discipline for a violation of GEO's rules.

     l.     Class Members' written complaints regarding the use of administrative or disciplinary segregation as a possible consequence for not complying with the HUSP.  This includes GEO's policies, practices and procedures regarding detainee complaints about the use of administrative or disciplinary segregation as a possible consequence for not complying with the HUSP.

     m.     The nature of administrative or disciplinary segregation, including the facilities used for segregation and policies and/or procedures applied to those in segregation.

     n.     GEO's practices regarding communications with ICE regarding detainee violations of GEO's and/or ICE's rules.

     o.     GEO's practices regarding communications with ICE regarding the use of administrative and/or disciplinary segregation.

3.     Class Members' participation in the Voluntary Work Program (VWP) during the relevant period, including, but not limited to, the following:

a.      GEO's communications with, and general practices regarding communications with, ICE regarding the VWP.

b.      GEO's agreements with ICE regarding the VWP.

c.      ICE's policies and procedures regarding to the VWP, including the ICE Detainee Handbook and its relationship to the VWP.

d.      GEO's policies and procedures regarding the VWP.

e.       The origins and objectives of the use of the VWP.

f.      Daily logs or records, including any records reflecting or relating to time Class Members worked, maintained by GEO at the Aurora Detention Facility or elsewhere, and the location of and retention policy for such logs or records.

g.      Communications with Class Members regarding the VWP, and policies and/or practices regarding communications to detainees about the VWP.

h.      Method of determining the pay rate for VWP participants at the Aurora facility and other GEO facilities.

i.      Policies and practices regarding supervision of VWP participants, including work hours and breaks.

j.      Job assignments, duties, or tasks assigned to Class Members under the VWP and the corresponding VWP shifts for such assignments, duties or tasks, including the start and end times for such shifts and the number of detainee workers per shift.

k.      Policies and practices for training VWP participants and any training provided to Class Members related to their VWP participation.

l.      Policies and practices regarding violations of the VWP by detainees or by supervisors, including but not limited to such violations as requiring detainees to work longer than eight hours in a day.

4.      The costs and benefits to GEO of using detainee labor under the HUSP and VWP, including, but not limited to, the following:

a.      Maintenance requirements at the Aurora Detention Facility.

b.      GEO's budgets for cleaning and otherwise maintaining the Aurora facility.[1]

c.      Staffing needs for any work performed by paid employees or contractors that overlaps with duties, tasks, or work performed by detainees pursuant to the HUSP.

d.      Staffing needs for any work that overlaps with duties, tasks, or work performed by detainees under the VWP.

e.      Current staffing at the Aurora Detention Facility, including janitorial, maintenance, laundry, and kitchen staff, and any other staff whose work overlaps with duties, tasks, or work performed by detainees under the VWP.

f.      The cost of using GEO employees and/or contractors to perform cleaning tasks, including the cost of using GEO employees and/or contractors to perform the cleaning tasks required by the HUSP, including any studies conducted that assess or describe such costs.

g.      The cost of using GEO employees and/or contractors to perform cleaning tasks, including the cost of using GEO employees and/or contractors to perform the cleaning tasks performed pursuant to the VWP, including any studies conducted that assess or describe such costs.

h.      The amount and basis for GEO's calculation of the "set off for the benefits that [the plaintiffs] received while in the Aurora Detention Facility" to which GEO claims it is entitled in paragraph 20 of its Answer.

Dated: November 2, 2018

By: /s/ Juno Turner
Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: omiazad@outtengolden.com
E-Mail: estork@outtengolden.com

---

[1] This includes, but it not limited, to the budgets reflected in GEO_MEN_00011426, 14324, 11516, 12991, and 14230.

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Ave NW
Washington, DC 20001
Telephone: (202) 847-4400
Facsimile: (202) 847-4410
E-Mail: pdl@outtengolden.com

Rachel Dempsey
Adam Koshkin
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: rdempsey@outtengolden.com
E-Mail: akoshkin@outtengolden.com

Alexander Hood
David Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1410 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BUESCHER FIRM**

600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*