# Exhibit K

# Holland & Knight

Cira Centre, Suite 800 | 2929 Arch Street | Philadelphia, PA 19104 | T 215.252.9600 | F 215.867.6070
Holland & Knight LLP | www.hklaw.com

Carolyn P. Short
+1 215-252-9553
Carolyn.Short@hklaw.com

April 26, 2019

*Via E-mail*

Rachel Dempsey
Elizabeth Stork
Outten & Golden
One Embarcadero Street, 38th Floor
San Francisco, CA  94111

   Re:  Menocal, et al. v. The GEO Group, Inc., No. 14-cv-02887 (JLK)

Dear Counsel:

I write on behalf of Defendant, The GEO Group, Inc. ("GEO" or "Defendant") to respond to your letter of April 5, 2019, as well as other outstanding discovery discussed during our telephonic meet and confer on April 23, 2019.

As GEO has repeatedly informed Plaintiffs' counsel, GEO is not withholding any documents based on *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).  GEO is in compliance with its discovery obligations, with the terms of the Protective Order, with the Court's Order related to *Touhy*, and with the recent Stipulation entered by the parties.  As we've mentioned, there are other statutory provisions, like the Privacy Act, etc., and the contractual limitations referred to in our email to Plaintiffs' counsel dated April 19, 2019, that have relevance to the discovery produced in this action; however, there are currently no documents being withheld from Plaintiffs as a result of these obligations.  GEO will continue to meet and confer with Plaintiffs' counsel to the extent concerns arise in the future on this issue.

With respect to the Protective Order, whether the Protective Order permits withholding documents is a hypothetical issue.  GEO's position is that the Protective Order is a mechanism to facilitate the production of sensitive documents.  If there are statutory, regulatory, or contractual limitations outside of the Protective Order that require the withholding of documents at some time in the future, then we will address that with you directly, as we are required to do under the rules of discovery.

You have also requested that GEO refer you to the portions of the contract that places obligations on GEO with respect to producing documents and conducting site inspections in this litigation.  As set forth in counsel's email to Plaintiffs' counsel dated April 19, 2019, per the terms of HSCEDM-

Rachel Dempsey
April 26, 2019
Page 2

11-D-00003 (hereinafter "the contract"), any person who improperly discloses sensitive information is subject to criminal and civil penalties. Contract at § H-7. As noted in the contract's Explanation of Terms, sensitive information is "any information which could affect the national interest, law enforcement activities, the conduct of federal programs, or the privacy to which individuals are entitled under Title 5, U.S. Code, Section 552a. All detainee records are considered sensitive information." Contract at §H-6. The contract also incorporates the Privacy Act via FAR 52.224-2, which protects against the disclosure of certain identifiable information, as well as 48 CFR 3052.204-71, which provides that "work under this contract may involve access to sensitive information. Therefore, the Contractor shall not disclose, orally or in writing, any sensitive information to any person unless authorized in writing by the Contracting Officer." Again, as GEO has made clear that it is not currently withholding any documents from Plaintiffs, this remains a hypothetical issue and GEO will continue to meet and confer with Plaintiffs to the extent an issue related to the withholding of documents arises in the future.

**Plaintiffs' Second Notice of FRCP 30(b)(6) Deposition of Defendant**

Upon further review of this issue, it appears that this is the second notice of FRCP 30(b)(6) deposition and that Plaintiffs previously conducted FRCP 30(b)(6) depositions on or about March 29, 2016. It appears that the topics identified in the second notice FRCP 30(b)(6) deposition served on November 2, 2018 covers many of the same topics covered during the prior depositions. It does not appear that those depositions were limited to class certification. Defendant is not aware of any agreement by prior counsel consenting to additional FRCP 30(b)(6) beyond that to which Plaintiffs are entitled under the Federal Rules. If there is such an agreement, or if there is some other basis that Plaintiffs contend entitles them to take additional FRCP 30(b)(6) depositions beyond those already taken by Plaintiffs, please direct Defendant to those agreements or authority, and we can meet and confer on the topic.

**Plaintiffs' Request for Production:**

GEO's responses below are without waiver of any objections previously raised, or any other objections not raised herein.

**Request Nos. 5 – 7:**

As GEO recently indicated to Plaintiffs' counsel as part of GEO's efforts to finalize class list information, while optical character recognition ("OCR") has been applied to the detainee files, not all information in the files is searchable through this process because the files contain handwritten information and faint ink that is not conducive for OCR. We are determining whether the disciplinary / corrective action forms you request have any text that is searchable to OCR to facilitate isolation and review of those documents. We will update you once we have confirmation.

Rachel Dempsey
April 26, 2019
Page 3

**Request No. 12:**

We are conducting a search for these documents and will produce responsive non-privileged documents and information, to the extent they exist, as follows: contracts for cleaning services from for the time period from October 22, 2004 through October 22, 2014; and copies of contracts for housekeeping, laundry and kitchen services for the time period from October 22, 2011-October 22, 2014.  We are reviewing the contention you raised on the call related to whether detainees performed landscaping and snow removal at the Aurora Detention Facility and will follow up with you on this issue.

**Request Nos. 17-21:**

As GEO has stated in previous correspondence, GEO disagrees that video footage is covered by Plaintiffs' Request Nos. 17-21.  GEO does not have responsive video footage. GEO's CCTV system has a fixed amount of memory and once it reaches capacity, it overwrites the oldest recorded footage.  Generally, the capacity is such that it overwrites approximately every 30 days.  GEO is not in possession of any video footage from the class periods responsive to these Requests for Production.

**Request Nos. 32-33:**

GEO has previously provided Plaintiffs with and referred Plaintiffs to the United States Department of Labor Wage Determinations.  As discussed during the April 23 call, Plaintiffs will provide GEO with a specific proposal as to the records they are requesting.

**Request No. 35:**

As GEO recently indicated to Plaintiffs' counsel as part of GEO's efforts to finalize class list information, while OCR has been applied to the detainee files, not all information in the files is searchable through this process because the files contain handwritten information and faint ink that is not conducive for OCR.  We are determining whether the disciplinary / corrective action forms you request have any text that is searchable to OCR to facilitate isolation and review of those documents.  We will update you once we have confirmation.

**Request No. 36:**

GEO agrees to provide Plaintiffs with responsive documents and information applicable to the Aurora Detention Facility.

**Request No. 37:**

As discussed on April 23, GEO objects to Plaintiffs' request for documents and information related to GEO facilities other than the Aurora Detention Facility.  The sole basis provided by Plaintiffs for their contention that information and documents concerning other facilities is relevant to this

#67375295_v2

Rachel Dempsey
April 26, 2019
Page 4

case is language included in GEO's ninth affirmative defense set forth in GEO's Answer to the Complaint. [Dkt. No. 26].  As stated during our call on April 23, GEO will withdraw this affirmative defense to clarify that GEO is not basing its defense on claims that "any work performed by a plaintiff was 'consistent with that performed by detainees at ICE facilities throughout the United States.'"  GEO does not agree that information and documents related to other GEO facilities is relevant to this litigation.

**Request No. 38:**

GEO agrees to provide audits and/or evaluations that were conducted or cover GEO's operations at the Aurora Detention Facility during the class period.

**Request No. 39:**

Plaintiffs' statements regarding requests made by Congress to the U.S. Department of Justice, the U.S. Department of Labor, and ICE on March 7, 2018 (as asserted in Plaintiffs' April 5 letter) have no relation to the claims and defenses in this case, nor has Plaintiffs demonstrated any connection between this lawsuit and those communications such that it provides a basis for the information and documents requested in Request No. 39.

**RFP No. 40:**

As discussed on April 23, GEO objects to Plaintiffs' request for documents and information related to GEO facilities other than the Aurora Detention Facility.  The sole basis provided by Plaintiffs for their contention that information and documents concerning other facilities is relevant to this case is language included in GEO's ninth affirmative defense set forth in GEO's Answer to the Complaint. [Dkt. No. 26].  As stated during our call on April 23, GEO will withdraw this affirmative defense to clarify that GEO is not basing its defense on claims that "any work performed by a plaintiff was 'consistent with that performed by detainees at ICE facilities throughout the United States.'"  GEO does not agree that information and documents related to other GEO facilities is relevant to this litigation.   GEO further disagrees that communications after the class period regarding the use of detainee labor at the Aurora Facility is relevant to this case.  Those communications would not concern use of detainee labor during the class period, which is the subject of this suit, and are therefore not relevant to the claims and defenses in this case.  Expanding this request to include documents and information outside of the class period is also not proportional to the needs of the case.

**Request No. 42:**

GEO is conducting a search to determine whether any documents responsive to this Request exist outside of the detainee files and will provide representative copies of responsive documents it is able to locate both within and outside of the detainee files, to the extent they exist.

Rachel Dempsey
April 26, 2019
Page 5

**Request No. 43:**

We will add the term "special details" to search term list.  GEO will search for documents that relate to the detainee labor outside of the context of special details to the extent such documents exist.

**Request No. 45:**

GEO has filed a motion to withdraw the affirmative defense related to this Request.

**Request No. 46:**

Per Plaintiffs' request in the April 5 letter, GEO is willing to meet and confer on this Request.

**Request No. 47:**

GEO is conducting a search and will produce any outstanding position description information in its possession for the time period from October 22, 2011 to October 22, 2014.  To the extent there are specific descriptions that Plaintiffs seek, please provide GEO with a list of those that Plaintiffs believe to be outstanding.

**Request No. 48:**

Per Plaintiffs' request in the April 5 letter, GEO is willing to meet and confer on this Request.

**Request No. 49:**

Except for disciplinary or corrective action records previously discussed herein, GEO has produced documents in its possession that are responsive to this Request.

**Request No. 50:**

Except for disciplinary or corrective action records previously discussed herein, GEO has produced documents in its possession that are responsive to this Request.

**Request No. 51:**

We are conducting a search for log books from October 22, 2004 – October 22, 2014.  They are not stored electronically.  After we determine the extent of the records we have, we will confer with you about burden and format of production.

**Plaintiffs' Interrogatories**

GEO's responses below are without waiver of any objections previously raised, or any other objections not raised herein.

#67375295_v2

Rachel Dempsey
April 26, 2019
Page 6

**Interrogatory No. 8:**

As discussed on April 23, GEO objects to Plaintiffs' request for documents and information related to GEO facilities other than the Aurora Detention Facility. The sole basis provided by Plaintiffs for their contention that information and documents concerning other facilities is relevant to this case is language included in GEO's ninth affirmative defense set forth in GEO's Answer to the Complaint. [Dkt. No. 26]. As stated during our call on April 23, GEO will withdraw this affirmative defense to clarify that GEO is not basing its defense on claims that "any work performed by a plaintiff was 'consistent with that performed by detainees at ICE facilities throughout the United States.'" GEO does not agree that information and documents related to other GEO facilities is relevant to this litigation.

**Interrogatory No. 17:**

We are searching for and preparing information responsive to this Interrogatory and will provide information responsive to the Interrogatory, to the extent it exists.

**Interrogatory No. 19:**

GEO has filed a motion to withdraw the affirmative defense related to this Interrogatory.

**Interrogatory No. 20:**

GEO is reviewing its answer to Interrogatory Nos. 9 and 20 and will supplement its response.

**Interrogatory No. 22:**

GEO requests that the parties meet and confer to discuss the feasibility of providing the information requested in this Interrogatory.

Rachel Dempsey
April 26, 2019
Page 7

**Requests for Admission**

GEO's responses below are without waiver of any objections previously raised, or any other objections not raised herein.

**RFA No. 5:**

We are still reviewing this issue and, if necessary, will supplement GEO's response to one or both requests.

We look forward to continuing to confer with you regarding open items and working cooperatively to resolve any outstanding discovery matters.

Sincerely yours,

HOLLAND & KNIGHT LLP

*/s/ Carolyn P. Short*
Carolyn P. Short

CPS/lak

cc:  Dana Eisemeier, Michael Ley, Stacy Blank, Valerie Brown