# Exhibit P



Naomi G. Beer
Tel 303.572.6549
Fax 303.572.6540
BeerN@gtlaw.com

December 27, 2018

<u>VIA EMAIL</u>
Juno Turner
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
jturner@outtengolden.com
estork@outtengolden.com

     Re:    Alejandro Menocal v. The GEO Group, Inc. - Case No. 2014CV02887

Dear Juno and Elizabeth,

     This letter serves to follow up on our brief discussions regarding Plaintiffs' Second Requests for Inspection, served November 2, 2018 ("Second Inspection Requests"), through which Plaintiffs seek to conduct an inspection of the Aurora facility on January 19, 2019.

     As a preliminary matter, this letter confirms our discussions that the January 19 date was a placeholder date and that the parties will work together and with ICE to schedule any inspection on a mutually convenient date.

     More broadly, we briefly discussed that all inspection requests must be approved by and scheduled through ICE. During that conversation, you indicated that Plaintiffs wanted to view *all* areas of the facility as identified in the Second Inspection Requests. I advised that it was my understanding that narrowing the scope of the Second Inspection Requests to *representative samples* of areas, rather than *all* areas, would facilitate ICE approval of the requested inspection, and that insisting on viewing *all* areas would likely lead to obstacles in obtaining ICE approval. To further these discussions, we are providing the following information regarding the process that GEO must follow with ICE with respect to obtaining approval for the inspection, and ask that you reconsider your position on viewing *all* areas in light of this information.

     All inspection requests must be initiated by the facility and submitted to the facility's Assistant Field Office Director ("AFOD") at ICE. When the facility generates an inspection request, the AFOD inquires as to the purpose of the request and the *specific* areas to be visited. ICE needs this information for both logistical and security purposes: ICE and GEO staff must clear detainees from the areas while visitors are present, must address national security concerns, and must ensure the security of visitors while at the facility.

     In our experience, ICE does not approve requests that would, in effect, allow inspection of broad areas of the facility without limiting the inspection to representative samples of those

Greenberg Traurig, LLP | Attorneys at Law
1200 17th Street  |  Suite 2400  |  Denver, CO 80202  |  T +1 303.572.6500  |  F +1 303.572.6540

www.gtlaw.com

December 27, 2018
Page 2

areas. As drafted, your request does exactly this and would likely be denied. Though we are able to submit your inspection request as is, we believe it is more productive to collaborate with you to craft a narrower inspection request that both: (1) meets your litigation needs; and (2) is likely to be approved by ICE. We believe this is the most efficient approach to conducting this portion of discovery.

Further, once ICE has approved a physical inspection of the facility, there will need to be a further plan for the logistics of any such inspection. To that end, we will, in advance of the inspection, present you with a specific plan that addresses logistics such as sequencing and timing of the areas to be inspected, and give you time to comment on any such plan. To the extent you find deficiencies within the proposed plan, we will meet and confer in good faith about revising the plan and help negotiate any revisions with ICE.

Finally, we note you that when we submit the request for physical inspection, we are obligated to disclose to ICE that you intend to take photographs and video of the facility. That request will likely be handled separately by an individual in the Department of Homeland Security, and we will keep you updated on the proper procedure for that aspect of the inspection.

Please let us know your thoughts on the above. We are available to set a call to further discuss if that would be helpful.

Very truly yours,

Naomi G. Beer

NGB/je

cc:   Scott Schipma (via email schipmas@gtlaw.com)
      David Palmer (via email palmerd@gtlaw.com)
      Dawn Ellison (via email ellisond@gtlaw.com)
      Dana Eismeier (via email deismeier@bfwlaw.com)
      Mickey Ley (via email mley@bfwlaw.com)
      Ossai Miazad (via email om@outtengolden.com)
      Rachel Dempsey (via email rdempsey@outtengolden.com)
      Adam Koshkin (via email akoshkin@outtengolden.com)
      David Lopez (via email pdl@outtengolden.com)
      Alexander Hood (via email alex@towardsjustice.org)
      David Seligman (via email david@towardsjustice.org)
      Andrew Schmidt (via email andy@towardsjustice.org)
      R. Andrew Free (via email Andrew@ImmigrantCivilRights.com)
      Brandt Milstein (via email brandt@milsteinlawoffice.com)
      Andrew Turner (via email aturner@laborlawdenver.com)
      Hans Meyer (via email hans@themeyerlawoffice.com)

*WDC 373833778v1*