# Exhibit A

| | |
|---|---|
| **From:** | Scimone, Michael |
| **To:** | Brown, Valerie E (PHL - X49569) |
| **Cc:** | GeoPlaintiffsCounsel; Short, Carolyn P (PHL - X49553); McCabe, Patrick J (PHL - X49529); deismeier@bfwlaw.com; mley@bfwlaw.com |
| **Subject:** | RE: Further Conferral regarding Pending Motion to Compel |
| **Date:** | Wednesday, June 19, 2019 10:27:59 PM |

*[External email]*

Valerie,

While we are open to negotiating discovery as a general matter, the timing here is problematic.  It has been approximately six weeks since GEO took the position that we were not entitled to any further 30(b)(6) deposition based on its construction of Rule 30, which you told us a month ago was non-negotiable, forcing us to expend time and resources filing a motion to compel.  We don't believe attempting to negotiate a compromise based on a different set of objections now, one day before your opposition is due, is proper or productive.  It is particularly troubling that this is the second time in three months that GEO altered its position after Plaintiffs filed a Motion to Compel.  That is not how the rules are designed to work; this approach wastes the parties' resources and only causes delay.

With respect to your objections – although there is no formal objection process for a Rule 30(b)(6) notice, we don't believe the content of GEO's objections would be proper if there were one.  They primarily take the form of boilerplate general objections that do not explain the reasons they apply to the specific topic (even most of the so-called "specific" objections merely recite words like "unduly burdensome" and "vague" without explaining why either objection applies).  Courts consistently criticize similar objections as an abuse of discovery in the Rule 34 and 33 context.  *See, e.g., Kissing Camels Surgery Center, LLC v. Centura Health Corp.*, No. 12 Civ. 3012, 2016 WL 277721 (D. Colo. Jan. 22, 2016) ("Boilerplate objections are improper.").  As for the specific objections we can ascertain, we do not agree to limit the topics to accommodate them at this time.  The earlier discussion you refer to in January 2018 was in the context of discovery limited to the named plaintiffs while GEO's 10th Circuit appeal of the Court's class certification order was pending.  That is no longer an appropriate limitation at this stage of the proceedings.

With respect to your request for an extension, we cannot agree to it at this time in light of the fact that the close of the discovery period is quickly approaching.  The 30(b)(6) notice has been pending for over seven months and we believe that this issue needs to be resolved expeditiously.

Michael

Outten & Golden LLP

**Michael J. Scimone** | **Counsel**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2055
mscimone@outtengolden.com | Bio

    

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

*Please consider the environment before printing this e-mail.*

**From:** Valerie.Brown@hklaw.com <Valerie.Brown@hklaw.com>
**Sent:** Wednesday, June 19, 2019 3:52 PM
**To:** Scimone, Michael <mscimone@outtengolden.com>
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>; Carolyn.Short@hklaw.com; Patrick.McCabe@hklaw.com; deismeier@bfwlaw.com; mley@bfwlaw.com
**Subject:** Further Conferral regarding Pending Motion to Compel

Michael,

I am writing to touch base with you on the topics covered by the Motion to Compel filed on May 30.

On the 30(b)(6) deposition, we are willing to further confer and agree to a 30(b)(6) deposition but believe there needs to be a limitation on the topics.  We would be willing to agree to the topics set out in the attached, which largely reflects the proposal made by GEO counsel to Elizabeth Stork and Juno Turner in January 2018.  I am also attaching objections to the topics to supplement the attached redline, which also sets forth our designees for the topics.

While we confer on this topic, are you willing to agree to a one week extension of GEO's time to respond to the Motion?

Thank you,

**Valerie Brown** | **Holland & Knight**
Senior Counsel
Holland & Knight LLP
2929 Arch Street, Suite 800 | Philadelphia, PA 19104
Phone 215.252.9569 | Fax 215.867.6070
valerie.brown@hklaw.com | www.hklaw.com

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.