# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALEJANDRO MENOCAL,<br>MARCOS BRAMBILA,<br>GRISEL XAHUENTITLA,<br>HUGO HERNANDEZ,<br>LOURDES ARGUETA,<br>JESUS GAYTAN,<br>OLGA ALEXAKLINA,<br>DAGOBERTO VIZGUERRA, and<br>DEMETRIO VALERGA<br>on their own behalf and on behalf of all others similarly situated,<br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THE GEO GROUP, INC.,<br>　　　　　　　　　　Defendant. | Civil No. 1:14-cv-02887-JLK |

**DECLARATION OF MICHAEL J. SCIMONE IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 30(B)(6) DEPOSITION AND <u>INSPECTION WITH VIDEO RECORDING</u>**

　　　　I, Michael Scimone, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

　　　　1.　　I am an attorney at Outten & Golden LLP, which, together with Towards Justice, the Law Office of R. Andrew Free, Milstein Law Office, The Kelman Buescher Firm, P.C., and Meyer Law Office, P.C., are Plaintiffs' and Class Counsel in this action. I am an attorney in good standing admitted to practice before this Court.

　　　　2.　　I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' and the Class's claims in this case.

3. I make the statements in this Declaration based on my personal knowledge and would so testify if called as a witness at trial.

**GEO's pattern of brinksmanship**

4. Throughout this litigation, Plaintiffs have taken their obligations under Local Rule 7.1 seriously, and have engaged GEO in the meet and confer process to resolve its objections to discovery. Many of those efforts have been fruitful, and the parties have been able to compromise on a number of requests for documents and related discovery issues.

5. The parties have not had similar success in resolving GEO's objections to Plaintiffs' 30(b)(6) notice, despite Plaintiffs' best efforts. Beginning in April 2019, GEO refused to produce a 30(b)(6) witness based on a theory that Rule 30 limited Plaintiffs to a single such deposition, and based on the fact that Plaintiffs had taken an earlier, limited 30(b)(6) deposition during an earlier stage of discovery, which was limited by the Court's scheduling order to the subject of class certification.

6. Plaintiffs tried on numerous occasions to break this impasse, pointing out to GEO that the rules did not support its argument, and that prior counsel had recognized and explicitly argued that the earlier deposition should not extend beyond the topic of class certification.

7. After maintaining the position throughout the meet-and-confer process that it would not produce any witnesses for Plaintiffs' 30(b)(6) notice, GEO sent an email offering for the first time to negotiate the topics in that notice on June 19, 2019. This e-

mail was sent one day before GEO's response to Plaintiffs' Motion to Compel was due.

8. The June 19, 2019 e-mail was the second time in a short period that GEO has reversed its position on a dispute over which Plaintiffs filed a motion to compel on the eve of the due date for its opposition brief.

9. On March 18, 2019, Plaintiffs filed a motion to compel GEO's disclosures and discovery responses and the production of a complete class list. *See* ECF No. 168 ("Prior Motion to Compel"). GEO took the position during the meet-and-confer process that it could withhold documents pending ICE review pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), in spite of the Court's prior holding that it could not.

10. GEO's opposition to the Prior Motion to Compel was due on April 2, 2019. On March 28, 2019, GEO e-mailed Plaintiffs with further information on the production of the class list, an offer to withdraw its *Touhy* objections, and a request to meet and confer to attempt to resolve the remaining issues raised in the Prior Motion to Compel. This represented an abrupt change from the position GEO had maintained during the meet and confer process.

11. On Monday, April 1, 2019, the parties met and conferred, and GEO agreed to stipulate to the relief Plaintiffs sought in the Prior Motion to Compel.

12. On April 2, 2019, the parties stipulated to withdraw the Prior Motion to Compel and set forth their compromises for the Court. ECF No. 174. The Court granted

the stipulation the following day, on April 3, 2019.  ECF No. 175

**Videotape preservation**

13.     On March 4, 2019, then-counsel for GEO Naomi Beer sent a letter informing Plaintiffs that GEO overwrites its video surveillance footage every 30 days. During the subsequent meet-and-confer process, GEO explained that the video is overwritten on a rolling basis, such that each day, the recording from 31 days ago is overwritten by new footage.  A true and correct copy of Ms. Beer's March 4, 2019 letter is attached as **Exhibit A**.

14.     GEO's counsel represented during the meet & confer process that GEO did not take any steps to preserve the 30 days of footage that were presumably available to it on the date it was served with the complaint, which would have shown the facility's operations during the class period.

**Scope of inspection request**

15.     During the meet-and-confer process on the scope of Plaintiffs' inspection of the GEO Aurora facility, Plaintiffs agreed to limited sampling of the areas to be inspected.  Plaintiffs set forth their compromise offer in a May 15, 2019 e-mail from Michael Scimone to Valerie Brown and Carolyn Short.  A true and correct copy of this email is attached as **Exhibit B**.

16.     For example, Plaintiffs agreed that, instead of all housing units, only one male and one female pod, plus common areas, would be subject to inspection.  Plaintiffs also offered other compromises to resolve GEO's security concerns, such as blurring the faces of detainees and guards caught on camera.  Plaintiffs further requested that if GEO

could provide specifics about the nature of the security concerns, Plaintiffs would like to work to address them. This did not change GEO's position.

Dated: New York, NY
July 3, 2019

Respectfully submitted,

By: /s/Michael Scimone
Michael Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
mscimone@outtengolden.com

*Class Counsel*

5