# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-CV-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE GEO GROUP, INC.,

        Defendant.

**SURREPLY TO PLAINTIFFS' MOTION TO COMPEL (ECF 181) AS TO THE SECOND 30(b)(6) DEPOSITION OF DEFENDANT**

**I.   INTRODUCTION**

Plaintiffs' reply raises new issues that require this surreply. The factual support provided by Plaintiffs is a grossly incomplete record of GEO's good faith efforts to resolve the parties' discovery disputes. The parties' fundamental disagreement concerns Plaintiffs' underlying entitlement to a second 30(b)(6) deposition and Plaintiffs' failure to provide GEO with a legal basis for such entitlement until the filing of the instant Motion. Regardless, GEO continued its efforts towards resolution of the parties' disputes through compromise after the filing of this

1

motion. It was Plaintiffs who chose not to continue efforts for compromise and rejected a very brief extension of time that would have allowed a meaningful conferral. (*See* Exhibit A to GEO's Response, ECF 187-4.) Plaintiffs' attempt to contort GEO's continued efforts at compromise (after the filing of the instant motion) into evidence of bad faith is unavailing. Nothing could be further from the truth. GEO remains willing to schedule and negotiate the terms of the 30(b)(6) deposition, but Plaintiffs refuse to do so. GEO firmly disagrees with Plaintiffs' accusations that it has engaged in a pattern of brinksmanship by continuing to work through discovery issues while motions to compel are pending. This conduct should not be discouraged, and the circumstances of the two instances in which this has happened, as described below, are materially different.

Further, in stark contrast to its own conduct and practice in this very matter, Plaintiffs now claim that topic objections to a 30(b)(6) deposition are not proper when made prior to the deposition. Not only was this the very process and practice engaged in by the parties in this matter for the first 30(b)(6) deposition, but it was Plaintiffs themselves that invited GEO's objections during the negotiation of this second 30(b)(6) deposition. Declaration of Valerie Brown in Support of the Geo Group Inc.'s Surreply ("Brown Decl.") at ¶ 7. Incredibly, Plaintiffs now, for the first time, claim that such objections are improper. GEO disagrees. Providing objections prior to a 30(b)(6) deposition allows for a more practical and efficient resolution of those issues.

Contrary to Plaintiffs' claims, the Court's authority is in no way limited by the posture of this motion in determining the appropriate scope of the 30(b)(6) deposition or in determining the appropriateness of videography and photography during the site inspection. The Court has ample authority to modify and limit the Plaintiffs' 30(b)(6) notice or the scope of the site inspection based

on the instant briefing, regardless of whether the matter comes to this Court as a motion to compel or a motion for a protective order.

**II.   ARGUMENT**

    **A.   GEO Has Negotiated in Good Faith.**

During the conferral process, Plaintiffs failed to cite to any authority where an exception was made to the limitation in the Federal Rules of a single 30(b)(6) deposition. *See* ECF No. 187-2 (Declaration of Valerie Brown in Opposition to Motion to Compel ("Brown Opp. Dec.") at ¶¶ 3-6. It was not until the filing of their Motion to Compel that Plaintiffs set forth a basis in law or fact for their position. *See* ECF No. 181 (Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition and Inspection with Video Recording ("Pls.' Br.")) at pp. 11-12. Plaintiffs' accusations are disappointing, particularly considering the good faith basis that GEO's counsel has exhibited in working through numerous discovery issues since entering the case in March 2019, and to move the case forward as the parties near the close of discovery. By way of example, GEO has produced approximately 8,255 documents comprising over 41,931 pages since March 14, 2019, and has resolved outstanding ESI issues over search terms, the class list, and the scope of numerous discovery requests. Brown Decl. at ¶ 2. GEO's suggested compromise on the scope of the 2nd 30(b)(6) deposition preserved the vast majority of Plaintiff's 30(b)(6) topics, was made in good-faith, and would appropriately resolve the dispute between the parties. Rather than agree to a mere seven-day extension to file GEO's response to the Motion to Compel to continue to meet and confer on the notice topics in the hopes of avoiding full briefing and the Court's involvement, Plaintiffs chose to ignore GEO's efforts at compromise. Brown Opp. Decl. at ¶ 9; and Dkt. No.

3

187-4 (Email correspondence sent by and between Valerie Brown on behalf of GEO and Michael Scimone and Plaintiffs' Counsel dated June 19, 2019).

Plaintiffs' accusations of a "pattern of brinksmanship" are patently untrue.[1]  The prior motion to compel was filed the day before a previously scheduled meet and confer was set on the topic of the motion.  Brown Decl. at ¶ 3.  The filing of that motion came as a total surprise to GEO on the eve of the planned meet and confer.  Brown Decl. at ¶ 4.  Nevertheless, in an effort to resolve discovery issues that arose prior to current counsel's appearance in this case, GEO worked to reach agreement on these outstanding issues while the motion was pending.  Brown Decl. at ¶ 5. Ultimately, the parties were successful in resolving those issues proving that continued engagement of counsel to resolve disputes during the pendency of a motion is a productive endeavor.  Brown Decl. at ¶ 6.  Characterizing GEO's successful efforts in resolving an earlier discovery dispute and its current efforts to resolve the instant dispute as brinksmanship is offensive to the rules of professional practice that require attorneys to continue to attempt to resolve disputes throughout the course of litigation.  Rather, it is the premature filing of such motions on which the Courts frown.

///

///

---

[1] Plaintiffs argue that somehow a change of GEO's counsel is part of this pattern of brinksmanship. Nothing could be further from the truth.  In fact, it is Plaintiffs who have changed their position on discovery practices in this matter.  Perhaps this is due to the fact that the Outten & Golden firm was not even part of the Plaintiffs' legal group at the time of the first 30(b)(6) deposition.  Or perhaps it is due to the fact that the lead attorney at Outten & Golden has changed over time, the latest being Mr. Scimone, who entered his appearance on May 30, 2019 - the very day that the instant motion was filed.  See ECF No. 180.  As noted, GEO's current counsel has an established record of resolving discovery disputes in good faith without the Court's involvement.

To be clear, in the instant matter, GEO was presented with an argument raised for the first time in Plaintiffs' briefing and attempted to resolve this issue with Plaintiffs to allow for the deposition to proceed on narrowed topics. Brown Opp. Decl. at ¶ 9. To brand such actions to meet and confer as a "pattern of brinksmanship" flies in the face of GEO's appropriate and expeditious agreement to schedule the deposition and attempt to resolve the topics to be covered. Attempts to resolve discovery disputes regardless of whether there is a pending motion is completely proper and should be encouraged.

### B.   GEO's Objections Are Proper.

Plaintiffs argue that objections are improper prior to a 30(b)(6) deposition while at the same time they inexplicably claim that their own questioning during the first 30(b)(6) deposition was constricted by GEO's pre-deposition objections. Pls' Br. at p. 15. Despite their insistence on the lack of propriety of pre-deposition objections, the Plaintiffs claim that they voluntarily complied with the limitations embodied in GEO's emailed objections to the first deposition which has placed them in their current predicament. It is only now, in an effort to buttress this motion, that Plaintiffs claim GEO's objections to the 30(b)(6) topics were improper. Working through the scope of topics for a 30(b)(6) deposition in good faith streamlines the process and avoids the unnecessary use of judicial resources, and is certainly not sanctionable conduct.

### C.   The Court has Ample Authority to Modify the 30(b)(6) Notice and Request for Inspection.

The Court is not limited by the posture of this motion as a 'Motion to Compel' rather than a 'Motion for Protective Order' in determining the appropriate relief to be ordered. The Court has ample authority to modify and limit the Plaintiffs' 30(b)(6) notice or the scope of the site inspection

based on the instant briefing, regardless of whether GEO's objections to the motion to compel were styled as a motion for a protective order. *See, e.g., Vaughn v. Safeway, Inc.*, No. 14-cv-01066-REB-NYW, 2015 U.S. Dist. LEXIS 33469, at *7-11 (D. Colo. Mar. 18, 2015) (partially denying motion to compel 30(b)(6) testimony, modifying 30(b)(6) topics, based only on motion to compel briefing); *see also Lykins v. Certainteed Corp.*, No. 11-2133-JTM, 2012 U.S. Dist. LEXIS 115145, at *10 (D. Kan. Aug. 16, 2012) ("Defendants . . . can, however, rely upon their formal objections to the noticed Rule 30(b)(6) topics in . . . opposing a motion to compel deposition testimony") (partially granting motion to compel as to certain topics).

Since GEO has agreed to a second 30(b)(6) deposition with reasonable limitations as outlined in GEO's opposition, this Court should deny Plaintiffs' Motion to Compel and should allow the deposition to go forward on the reasonable limitations proposed by GEO.

## III. CONCLUSION

For the reasons set forth above and in GEO's opposition papers, GEO respectfully requests that this Court deny Plaintiffs' Motion to Compel and all relief requested therein.

Dated this 11th day of July, 2019.

                                    Respectfully submitted,

                                    HOLLAND & KNIGHT LLP

                                    By: *s/ Carolyn P. Short*
                                    Carolyn P. Short
                                    Valerie E. Brown
                                    Patrick J. McCabe
                                    Stacy Blank
                                    Holland & Knight LLP
                                    2929 Arch Street, Suite 800
                                    Philadelphia, PA 19104
                                    Telephone: 215.252.9569

Fax: 215.867.6070
Email: Carolyn.Short@hklaw.com
Email: Valerie.brown@hklaw.com
Email: Patrick.Mccabe@hklaw.com
Email: Stacy.Blank@hklaw.com


Dana Eismeier
Michael Ley
BURNS FIGA & WILL
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, Colorado 80111
Telephone: 303.796.2626
Email: deismeier@bfwlaw.com
Email: mley@bfwlaw.com

Attorneys for Defendant The GEO Group, Inc.

7

**CERTIFICATE OF SERVICE**

I hereby certify on this 11th day of July, 2019, a true and correct copy of the foregoing **SURREPLY TO PLAINTIFFS' MOTION TO COMPEL (ECF 181) AS TO THE SECOND 30(b)(6) DEPOSITION OF DEFENDANT** was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

Dated this 11th day of July, 2019.

*s/ Carolyn P. Short*
Carolyn P. Short

8