# Exhibit A

| | |
|---|---|
| **From:** | Scimone, Michael |
| **To:** | ashley.calhoun@akerman.com; GeoPlaintiffsCounsel |
| **Cc:** | colin.barnacle@akerman.com; melissa.cizmorris@akerman.com; nick.mangels@akerman.com |
| **Subject:** | RE: Menocal v. GEO Group |
| **Date:** | Friday, August 23, 2019 12:24:31 PM |

Ashley,

Thank you for the interim update. We'll look forward to hearing more detail Monday with respect to items 1-7. With respect to the deposition dates, please also let us know the locations of those witnesses; we are operating under the assumption that Amber Martin is in Boca Raton, FL; that Cheryl Nelson is in Los Angeles, CA; and that Kevin Martin is in the Denver, CO area. Please let us know if that's not the case so we can plan arrangements. We anticipate taking those depositions in locations convenient to the witnesses.

I would like you to clarify your responses on items 8 and 9 below. You say you do not agree with "the characterization" of "the agreements" between the parties – my statement in my email was that GEO's position on our motion to compel was that it did not object to a site inspection, only to video recording. That is based on GEO's opposition, ECF No. 187 at 4, which states, "GEO does not oppose Plaintiffs' request for a site inspection; rather GEO's concerns rest[] solely on the unrestricted videography and photography demanded by Plaintiffs during the site inspection." Your disagreement implies that this position has changed. If that is the case, please tell us; if not, please explain why you disagree.

Relatedly, Denver's local Fox affiliate recently reported that GEO has allowed members of the news media to videotape the interior of the Aurora facility (see link below). This new fact contrasts with GEO's statement in its opposition, ECF No. 187 at 4, that "GEO has not allowed video recording to take place within the APC dating back 15 years." We plan to file a notice to update the Court about this development, in the absence of an agreement with GEO to withdraw its opposition to our motion to videotape the site inspection. Please consider this in advance of our conference on Monday. To the extent you believe it is necessary to involve Anne Rose from ICE, or another ICE representative in these conversations, please let us know. As we discussed earlier with Valerie and the Holland & Knight team, our request to videotape the inspection has never been "unrestricted," notwithstanding GEO's characterization in its opposition, and we remain willing to agree to reasonable security measures, including obscuring faces of individuals (as the Fox31 reporters did) and designating the footage as "Attorneys' Eyes Only." See Fox31 report here: https://kdvr.com/2019/08/21/video-media-cameras-allowed-inside-aurora-ice-facility/

Finally, please clarify your statement regarding the 30(b)(6) deposition. The parties appear to agree that a 30(b)(6) deposition will take place, *see* ECF No. 187 at 6 ("GEO has Agreed to a Second 30(b)(6) Deposition"), so there is no reason not to schedule it. In light of the remaining time left in the discovery period, GEO's refusal to offer dates appears needlessly obstructive. If GEO's position has changed since it filed its opposition on June 20, please let us know.


Thank you and have a good weekend,
Michael



**Michael J. Scimone**
646-825-9806

**From:** ashley.calhoun@akerman.com <ashley.calhoun@akerman.com>
**Sent:** Friday, August 23, 2019 8:34 AM
**To:** Scimone, Michael <mscimone@outtengolden.com>; GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Cc:** colin.barnacle@akerman.com; melissa.cizmorris@akerman.com; nick.mangels@akerman.com
**Subject:** RE: Menocal v. GEO Group

Michael,

We're writing with an update on pending items you've raised.

1. <u>Audit reports, inspection forms, corrective action notices, and contract discrepancy reports</u>. The gap analysis is ongoing

and by 8/30 we will be able to either confirm the production is complete or provide a date by which GEO will make a supplemental production.

2. <u>Documents withheld (identified on spreadsheet)</u>.  We have identified and are reviewing these documents.

3. <u>Documents produced without attachments (identified on spreadsheet)</u>.  Same.

4. <u>Log of documents GEO withheld or delayed producing either (1) at ICE's request, (2) pursuant to GEO's contract with ICE, or (3) pending ICE review</u>.  We are researching this issue and will have an update for Juno on Monday.  We don't yet have details to report on this piece yet.

5. <u>Information on VWP rates at other facilities</u>.  We have gotten this request to the correct person and are working to track down this information.  We do not yet have a timeframe on when this will be produced.

6. <u>Audit reports or related documents from other facilities</u>.  We'll need to discuss this because of the complicated nature of this piece.  We are exploring and identifying options and will discuss with Juno on Monday.

7. <u>Searching and producing responsive kite forms</u>.  Same.

8. <u>Site inspection</u>.  Based on the briefing filed with the court, we do not agree with the characterization of the agreements between the parties.  But, we are willing to discuss this during the conferral Monday to see if the parties can reach an agreement while the motion to compel is pending.  Given the length of time remaining before we will have an order from the court, scheduling a site inspection now is premature.

9. <u>GEO 30(b)(6)</u>.  Our position on scheduling is the same as noted above regarding the site inspection.

10.  <u>Depositions</u>.  We've conferred with you on availability and have reached out to Amber Martin and Cheryl Nelson.  Once they provide their availability, we'll send dates to you.  We don't yet have contact information for Kevin Martin but we are tracking that down.  As soon as we know how to contact him, we'll determine his availability and we can schedule his deposition.

We look forward to speaking with Juno Monday.

Best,
Ashley

**Ashley Calhoun**
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2543 | T: 303 260 7712 | F: 303 260 7714
Admitted to Practice in Arizona, California, Mississippi, and Colorado
ashley.calhoun@akerman.com

---

**From:** Scimone, Michael <mscimone@outtengolden.com>
**Sent:** Thursday, August 22, 2019 7:35 AM
**To:** Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>; GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Cc:** Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; Cizmorris, Melissa (Assoc-Den) <melissa.cizmorris@akerman.com>; Mangels, Nick (LAA-Den) <nick.mangels@akerman.com>
**Subject:** RE: Menocal v. GEO Group

I'm not sure what prior discussion you're looking back at, but I can say that our current thinking is that we would not be interested in splitting depositions across other cases.  The majority of our team is not on other cases against GEO, so I can't speak for those teams.  The proposal seems to raise a host of logistical problems.  That being said, if you have a specific proposal that covers time limits, admissibility, how counsel will question the witness, etc., we'd be happy to consider it.

For now, I think it would be most efficient to have the witnesses' availability, and we can work around that.  There are too

many moving parts in terms of our teams' availability to give solid blackout dates.  Consider any dates more than 14 days from today, in September or October prior to the discovery cutoff, to be generally open.



**Michael J. Scimone** | **Counsel**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2055
mscimone@outtengolden.com | Bio

   

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** ashley.calhoun@akerman.com <ashley.calhoun@akerman.com>
**Sent:** Thursday, August 22, 2019 10:28 AM
**To:** Scimone, Michael <mscimone@outtengolden.com>; GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Cc:** colin.barnacle@akerman.com; melissa.cizmorris@akerman.com; nick.mangels@akerman.com
**Subject:** Re: Menocal v. GEO Group

Michael,

What is your availability for the three fact witness depositions in Sept. and Oct.? Please send as much availability as possible.

We see there was discussion - at least regarding one deposition - on noticing and taking it for more than one case. Is this still something you are interested in exploring?

Ashley

Ashley E. Calhoun
Akerman LLP
Direct:   (303) 640-2543
Mobile:  (720) 272-1799

On Aug 21, 2019, at 9:17 PM, Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com> wrote:

> Michael,
>
> Thanks for your voicemails on my office and cell lines.  We'll send a detailed update via email on Friday and we will coordinate with Juno Turner to schedule a call for next week.
>
> Best,
> Ashley
>
> **Ashley Calhoun**
> Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
> D: 303 640 2543 | T: 303 260 7712 | F: 303 260 7714
> Admitted to Practice in Arizona, California, Mississippi, and Colorado
> ashley.calhoun@akerman.com
>
> **From:** Scimone, Michael <mscimone@outtengolden.com>

**Sent:** Wednesday, August 21, 2019 2:46 PM
**To:** Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>; Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; Cizmorris, Melissa (Assoc-Den) <melissa.cizmorris@akerman.com>; Mangels, Nick (LAA-Den) <nick.mangels@akerman.com>
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Subject:** RE: Menocal v. GEO Group

Ashley,

I've tried you several times today and left voicemails on both your cell and work number.  I received your message apologizing for your delay in responding to us and assuring us that you are working toward answers to our discovery questions.  While I appreciate that, and understand that it can be challenging to come onto a new case, this level of communication is not appropriate for a case at this stage of discovery.  It does not instill confidence in us that you are taking your discovery obligations seriously when we only receive communications from you after we inform you that we are about to file a motion.  Our pending motion for sanctions at ECF 181 was prompted by a similar pattern in which your predecessors appeared to take discovery positions solely to see how (or whether) we would respond with motion practice, and only modify those positions once we had done so.

I regret that our initial communications are beginning on this foot, but we expect a greater degree of communication.  Judge Kane's practices and the Local Rules are consistent with that expectation.  It is unfortunate that your team is facing this headwind, but we have no choice but to view your handling of discovery in light of how your predecessors have conducted the litigation.  I hope that we will see improvement on this front.

Your voicemail suggested that we meet and confer next week.  I will not be available, but my co-counsel Juno Turner, from Towards Justice, will be.  I am also available to speak tomorrow between 11:00 and 6:00 Eastern time, and I look forward to hearing from you.  I will be out of the office, so please call me at 845-512-8940.

Before the end of this week, we would like to see from you, in writing: (1) proposed dates for the depositions of Amber Martin, Kevin Martin, and Cheryl Nelson; (2) a designation of a 30(b)(6) witness and their availability, pending the Court's ruling on our motion (which addresses GEO's objections to certain topics); (3) a proposed window of time for a site inspection, pending a ruling on our motion; and (4) a timeline for getting answers to the questions we've posed about document discovery (or the answers themselves, to the extent you have them).

We will refrain from filing our motion for a scheduling conference today, but we need to see some progress toward a definite timeline.  In the absence of that, we will ask for the Court's assistance in setting control deadlines.

Thank you,
Michael

**From:** ashley.calhoun@akerman.com <ashley.calhoun@akerman.com>
**Sent:** Wednesday, August 21, 2019 1:45 PM
**To:** colin.barnacle@akerman.com; melissa.cizmorris@akerman.com; nick.mangels@akerman.com
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>; Scimone, Michael <mscimone@outtengolden.com>
**Subject:** RE: Menocal v. GEO Group

Michael,

Thanks for your email. Just gave you a call to discuss the discovery. Please call me at your earliest convenience.

Best,
Ashley

**Ashley Calhoun**
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2543 | T: 303 260 7712 | F: 303 260 7714
Admitted to Practice in Colorado, California, Arizona, and Mississippi
ashley.calhoun@akerman.com

---

**From:** Scimone, Michael <mscimone@outtengolden.com>
**Sent:** Wednesday, August 21, 2019 10:23 AM
**To:** Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; Eby, Christopher (Assoc-Den) <christopher.eby@akerman.com>; Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Subject:** RE: Menocal v. GEO Group

Colin,

I have not received a response to this email.  We plan to file our motion requesting a status conference by the close of business today.  Please let us know whether GEO takes a position.

Thank you,
Michael

---

**From:** Scimone, Michael
**Sent:** Tuesday, August 20, 2019 4:28 PM
**To:** colin.barnacle@akerman.com; christopher.eby@akerman.com; ashley.calhoun@akerman.com
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Subject:** RE: Menocal v. GEO Group

Colin,

I first emailed you to raise a list of discovery concerns two weeks ago.  You did not respond for a full week, at which point you acknowledged that you had received my email and were working on a response.  I responded the same day to ask when we could expect to see that, and followed up again two days later, but got no answer.  Another week has passed since.

We did hear from Ashley separately, shortly before we had planned to file a motion, but she did not address our discovery concerns.

I'm sure you're aware that we have a discovery cutoff on October 21.  In light of that deadline, we're troubled by the pattern of nonresponsiveness we're seeing.  We need to move this case forward.

Accordingly, we intend to file a motion to set a scheduling conference so that we can lock in some control dates for depositions and other matters.  We will ask for the conference to be held on or after September 3.  We will also tell the Court that we plan to be available to address any questions about our pending discovery motion.  Please let us know your position on the motion to set a scheduling conference.

Michael

**Michael J. Scimone**
646-825-9806

**From:** Scimone, Michael
**Sent:** Thursday, August 15, 2019 5:27 PM
**To:** colin.barnacle@akerman.com; christopher.eby@akerman.com; ashley.calhoun@akerman.com
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Subject:** RE: Menocal v. GEO Group

Colin,

Following up on this.  Do you have an ETA on a response?  We would like to set up a meeting to go over everything and chart a course for the next couple of months.

Michael

**Michael J. Scimone**
646-825-9806

**From:** Scimone, Michael
**Sent:** Tuesday, August 13, 2019 6:35 PM
**To:** colin.barnacle@akerman.com; christopher.eby@akerman.com; ashley.calhoun@akerman.com
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Subject:** Re: Menocal v. GEO Group

Thanks, Colin.  Looking forward to working with you on this case.  Can you let us know when you expect to have that response to us?  We understand your team is new to the case, but we're at a late stage of discovery and need to be mindful of deadlines.

Michael

On: 13 August 2019 16:07, "colin.barnacle@akerman.com" <colin.barnacle@akerman.com> wrote:

Our apologies, Michael.  Yes, received and working on a response.

vCard | Profile

<image001.jpg>

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Scimone, Michael <mscimone@outtengolden.com>
**Sent:** Tuesday, August 13, 2019 8:23 AM
**To:** Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; Eby, Christopher (Assoc-Den) <christopher.eby@akerman.com>; Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Subject:** RE: Menocal v. GEO Group

Colin, Christopher, and Ashley:

Please let us know when we can expect a response to the following, or at least please acknowledge that you've received it and are working on a response.

We request that the parties schedule a time to meet and confer on the items listed below.

Michael

**Michael J. Scimone** | **Counsel**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2055
mscimone@outtengolden.com | Bio

<image003.jpg>   <image003.jpg>   <image003.jpg>   <image003.jpg>   <image003.jpg>

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Scimone, Michael
**Sent:** Tuesday, August 6, 2019 4:41 PM
**To:** colin.barnacle@akerman.com; christopher.eby@akerman.com; ashley.calhoun@akerman.com
**Cc:** GeoPlaintiffsCounsel <GeoPlaintiffsCounsel@outtengolden.com>
**Subject:** Menocal v. GEO Group

Colin, Christopher, and Ashley:

We are class counsel in the *Menocal* litigation.  We look forward to working with you to finish the discovery process on this case.  I'm sure Carolyn, Valerie, and Patrick have briefed you fully on the current status, but from our point of view, below are a number of items that are still open topics of discussion between the parties.  Please let us know the current status, and whether you would like to schedule a call to discuss any of these items:

1. In a meet and confer on June 23, Holland & Knight confirmed that GEO's document discovery encompassed audit reports, inspection forms, corrective action notices, and contract discrepancy reports, and indicated that it was undertaking a gap analysis to ensure that a complete set of these and other documents and reports that are regularly updated were produced for the entire class period.  Please let us know the status of that analysis, and when we can expect either a report confirming that production is complete, or a supplemental production.
2. On June 25, Holland and Knight produced two documents that had been inadvertently withheld as non-responsive pursuant to ESI protocol in this case.  Since then, we have identified several additional documents that, based on the titles, we believe may have been inadvertently withheld, which are identified in one of the attached spreadsheets.  We would like to schedule a meet & confer session to go through these, to the extent there is any disagreement about their status.  Alternatively, if GEO agrees that they are responsive, please let us know the estimated date for production.
3. During the course of our review, we have identified several documents that were produced missing an attachment, which are listed in the other attached spreadsheet.  Please confirm whether GEO will produce these attachments, as per the parties' agreed-upon ESI protocol.
4. Per the parties' stipulation at ECF No. 174, GEO is required to produce a log of any documents responsive to Plaintiffs' discovery requests that GEO has withheld or delayed at ICE's request, or pursuant to GEO's contract with ICE, or pending any other form of ICE review, once every 30 days.  The deadline for the August log was August 1.  To date, GEO has not produced any such logs, which we understand to reflect the fact that no documents are pending ICE review.  Please either confirm that that remains the case, or let us know when we can expect a log pursuant to the stip.
5. Please confirm that GEO is continuing to work on providing information on VWP rates at other facilities during the class period, and when you expect to have that information produced.
6. Per our June 23 meet and confer with Holland & Knight, let us know whether you have identified audit reports or related documents from other facilities that are directly relevant to GEO's compliance with or implementation of the policies at issue in this action within the scope of GEO's search for ESI.  Plaintiffs' position is that these documents are relevant to GEO's defenses insofar as they bear on whether GEO was acting at ICE's direction or in compliance with the PBNDS.  To determine whether any of these documents

   have been withheld, GEO advised Plaintiffs that it would review oversight documents that were captured by its previous searches to determine whether any of them bear on the HUSP, VWP, or the use of solitary confinement at other facilities.
7. The parties had previously been discussing how to search and produce responsive kite forms, which contain a substantial amount of handwritten text that is difficult or impossible to effectively OCR.  We had discussed some search strategies to deal with this, and as of the last exchange, GEO was exploring search options with its vendor.  Please let us know the status of that inquiry and what options you have come up with.
8. Plaintiffs' motion for a site inspection and to compel a 30(b)(6) designation is currently pending.  But as we understand GEO's position, it does not object to a site inspection, only to video recording.  So while that issue is pending before the Court, we had asked H&K to get some tentative dates for the inspection, so that we can start working through the logistics, with the understanding that we will be waiting for the Court's ruling before the inspection takes place.
9. Similarly, with respect to the 30(b)(6), we understand that GEO is no longer refusing to produce a 30(b)(6) witness, but rather is objecting to the scope of the topics.  The parties have briefed those objections in the pending motion (up to and including a surreply from GEO), so the scope issues will be decided by the Court.  But we'd like to get a date on calendar for the 30(b)(6), particularly because we have other pending depositions and we'd like to work around the scheduling issues.
10. Finally, we had asked H&K to get dates for three fact witness depositions: (1) Amber Martin; (2) Cheryl Nelson; and (3) Kevin Martin.  Please let us know their availability.

We look forward to speaking with you further on these and other topics.


**Michael J. Scimone**
646-825-9806