# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

 v.

THE GEO GROUP, INC.,

      Defendant.

Civil No. 1:14-cv-02887-JLK

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ENFORCE THIS COURT'S PRIOR ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

I.   This Court Has Already Rejected GEO's Position. ...................................................... 2

II.  GEO Continues To Ignore This Court's Order. ........................................................... 2

III. The Court's *Touhy* Order Should Be Enforced. ........................................................... 4

IV.  The Court Should Not Condone GEO's Conduct. ....................................................... 4

CONCLUSION ................................................................................................................... 6

ii

## INTRODUCTION

Plaintiffs hereby move to compel production of documents which the GEO Group, Inc. ("GEO") has delayed producing pending review by Immigration and Customs Enforcement ("ICE"), and for an Order to Show Cause enforcing the Court's prior orders on this precise issue. The purported basis for GEO's delay is the Housekeeping Act, 5 U.S.C. § 301, and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The Court previously adjudicated and rejected GEO's discovery objections based on the Housekeeping Act and *Touhy*, holding that GEO's desire to interpose an ICE approval process interfered with discovery in this case, and stating that, if GEO sought to submit documents for ICE review before producing them, "[GEO], and not Plaintiffs, should shoulder any resulting inconvenience." ECF No. 84 at 8 n.3 ("*Touhy* Order"). Plaintiffs seek the Court's intervention because on September 3, 2019, almost three months after advising Plaintiffs that its document production was substantially complete, GEO informed Plaintiffs that production of several thousand documents that are "potentially responsive to Plaintiffs' discovery requests" had been "delayed pending . . . ICE review." Scimone Decl. Ex. B (ICE log). GEO has represented that ICE review will not be completed until October 4, 2019 – the day after the currently scheduled deposition of a witness on October 3, 2019 – and has not provided a date by which the documents will be produced. Scimone Decl. ¶¶ 8, 11.

This motion marks the third time Plaintiffs have been forced to seek Court intervention to compel GEO to produce discovery without interference from ICE. The fact that Plaintiffs have been forced to raise this issue repeatedly demonstrates the need

for further supervision of GEO and its counsel to prevent further disruption of the discovery process. Plaintiffs therefore seek an Order to Show Cause why the Court should not implement its prior *Touhy* Order by ordering the remedy suggested therein: i.e., appointing a Special Master, at GEO's expense, to supervise the discovery process.

**I.      This Court Has Already Rejected GEO's Position.**

This Court ruled more than two years ago, on June 6, 2017, that the Department of Homeland Security ("DHS")'s *Touhy* regulations are inapplicable to this action. *Touhy* Order at 2. The Court held that allowing ICE, an agency component of DHS, to "determine what evidence is discoverable in this case . . . would undermine the role of the court." *Id*. at 8. It also held that GEO's arguments that discovery in this action is subject to ICE approval were "without merit and offensive to the judicial process," and that to hold otherwise would allow ICE "to usurp the court's authority to control discovery." *Id*. at 2, 5. The Court ordered a prompt response to Plaintiffs' discovery requests and directed GEO to pay Plaintiffs' attorneys' fees for the motion. *Id*. at 8-9. It also noted that failure to comply with its order in the future would result in all requests for admission being deemed admitted and appointment of a special master to oversee discovery, at GEO's expense. *Id*. at 9.

**II.     GEO Continues To Ignore This Court's Order.**

Despite these unambiguous statements, GEO again attempted to withhold discovery pending ICE review in March 2019, shortly after a change of counsel, forcing Plaintiffs to file a second Motion to Compel on March 18, 2019. ECF No. 168. After Plaintiffs filed that motion, GEO offered to withdraw its *Touhy* objections and to stipulate

for further supervision of GEO and its counsel to prevent further disruption of the discovery process. Plaintiffs therefore seek an Order to Show Cause why the Court should not implement its prior *Touhy* Order by ordering the remedy suggested therein: i.e., appointing a Special Master, at GEO's expense, to supervise the discovery process.

**I.      This Court Has Already Rejected GEO's Position.**

This Court ruled more than two years ago, on June 6, 2017, that the Department of Homeland Security ("DHS")'s *Touhy* regulations are inapplicable to this action. *Touhy* Order at 2. The Court held that allowing ICE, an agency component of DHS, to "determine what evidence is discoverable in this case . . . would undermine the role of the court." *Id*. at 8. It also held that GEO's arguments that discovery in this action is subject to ICE approval were "without merit and offensive to the judicial process," and that to hold otherwise would allow ICE "to usurp the court's authority to control discovery." *Id*. at 2, 5. The Court ordered a prompt response to Plaintiffs' discovery requests and directed GEO to pay Plaintiffs' attorneys' fees for the motion. *Id*. at 8-9. It also noted that failure to comply with its order in the future would result in all requests for admission being deemed admitted and appointment of a special master to oversee discovery, at GEO's expense. *Id*. at 9.

**II.     GEO Continues To Ignore This Court's Order.**

Despite these unambiguous statements, GEO again attempted to withhold discovery pending ICE review in March 2019, shortly after a change of counsel, forcing Plaintiffs to file a second Motion to Compel on March 18, 2019. ECF No. 168. After Plaintiffs filed that motion, GEO offered to withdraw its *Touhy* objections and to stipulate

that no documents were being withheld pending ICE review. Scimone Decl. ¶ 5. To avoid future noncompliance, Plaintiffs also insisted that the stipulation require GEO to produce a log of any documents responsive to Plaintiffs' discovery requests that GEO had withheld or delayed pending ICE review. *Id*. That stipulation was filed by GEO on April 2, 2019 (ECF No. 174) and entered by the Court on April 3, 2019 (ECF No. 175). No log identifying any withheld or delayed documents was produced in May, June, July, or August 2019, Scimone Decl. ¶ 6, and in July 2019, in response to a question about the number of documents that remained to be produced, then-counsel for GEO represented to Plaintiffs' counsel that production of electronically-stored information had been substantially completed. *See* Scimone Decl. Ex. A (Email dated July 17, 2019).

On August 1, 2019, GEO's then-counsel withdrew their appearance (ECF No. 202) and its current counsel appeared for the first time. ECF Nos. 199-201. On August 26, 2019, in their first meet-and-confer session, counsel for GEO informed Plaintiffs that a log of documents being withheld pending ICE review would be produced the following week. Scimone Decl. ¶ 9. That log, which was produced on September 3, 2019, shows that the production of more than 4,500 documents are currently being delayed pending ICE review. Scimone Decl. Ex. A. After Plaintiffs requested more information, GEO informed Plaintiffs that it expects ICE's review to be complete on October 4, 2019, and that the documents consist of communications between GEO and ICE. Scimone Decl. ¶ 11. GEO has not provided a date for those documents' anticipated production. *Id*. In addition, GEO has informed Plaintiffs that it has identified an additional 1,200 documents responsive to Plaintiffs' discovery requests, an unidentified number of which will also be

3

submitted for ICE review. *Id*. GEO has not provided a timeline for producing those documents. *Id*. ¶ 12.

### III. The Court's *Touhy* Order Should Be Enforced.

GEO's failure to timely produce the documents currently under ICE review violates this Court's *Touhy* Order by allowing ICE to intrude upon the discovery process and materially prejudices Plaintiffs' ability to conduct discovery. In reliance on GEO's representation that document discovery was substantially complete, Plaintiffs have scheduled two depositions, on October 3, 2019 and October 9, 2019. Scimone Decl. ¶ 8. Plaintiffs are unable to determine whether the thousands of documents now subject to ICE review are relevant to those depositions. As noted above, the Court previously stated that if GEO did not comply with its *Touhy* order, it would appoint a Special Master, at GEO's expense, to supervise the discovery process. *See Touhy* Order at 9. GEO's repeated refusal to comply with the Court's rulings constitutes good cause to implement this remedy.

Plaintiffs respectfully suggest that the most efficient and cost-effective special master would be a magistrate judge appointed pursuant to Fed. R. Civ. P. 53(h).

### IV. The Court Should Not Condone GEO's Conduct.

GEO has offered to stipulate to a discovery extension and to reschedule depositions now on calendar, and may argue that this will cure the prejudice to Plaintiffs. Plaintiffs disagree. First, the Court has already stated that GEO may not use *Touhy* to "create obstacles or shields from the normal rules of discovery," and GEO has created an obstacle by delaying production for over a month. *Touhy* Order at 5-6. Second, the

4

depositions now scheduled for early October were first noticed in late July. Plaintiffs have undertaken substantial document review to prepare for these depositions, and rescheduling them will simply compound the delay already caused by GEO's positions on document discovery.

For example, after several months of meeting and conferring with GEO's prior counsel, Plaintiffs recently reached impasse with respect to Plaintiffs' request for documents relating to communications between GEO and ICE regarding the use of detainee labor at any GEO-owned or GEO-operated facility. Scimone Decl. ¶¶ 13-18. GEO has objected that documents relating to facilities other than the Aurora Detention Facility are irrelevant.[1] *Id*. ¶ 14. To assess whether this dispute was real or theoretical, and consistent with the requirements of Fed. R. Civ. P. 34 (b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection"), Plaintiffs asked that GEO identify whether it had withheld any responsive documents based on this objection. Ex. D to Scimone Decl. (July 23, 2019 email from R. Dempsey). Although GEO's prior counsel agreed to do so during a July 23, 2019 met and confer, *id*.

---

[1]    Plaintiffs disagree, because these documents would tend to rebut both GEO's anticipated derivative sovereign immunity defense and GEO's tenth affirmative defense that "any work [the Class] performed was voluntary and/or minor and consistent with that performed by detainees at ICE facilities *throughout the United States*." Answer, ECF No. 26, at 14 (emphasis added). In an April 26, 2019 letter, GEO represented that it would withdraw this affirmative defense, see Ex. C to Scimone Decl. (April 26, 2019 letter from C. Short) at 6 ("GEO will withdraw this affirmative defense to clarify that GEO is not basing its defense on claims that 'any work performed by a plaintiff was "consistent with that performed by detainees at ICE facilities throughout the United States."'"). Although it filed a motion to withdraw a different affirmative defense the same day as sending the letter, see ECF No. 117, GEO's tenth affirmative defense has not been withdrawn nearly five months later.

5

GEO's current counsel has reneged on this position, leaving Plaintiffs unable to assess whether an active dispute even exists.  Scimone Decl. ¶ 18.

Moreover, GEO has been less than cooperative in scheduling other depositions. Because GEO has conceded its previous position that a 30(b)(6) deposition should not be allowed, *see* ECF No. 187 at 2 ("GEO offered to produce two witnesses covering a large majority of the topics listed in the 30(b)(6) notice"), despite objecting to its scope, Plaintiffs have asked for tentative dates and for GEO to designate a witness.  GEO has refused to do so.

These delays show that court intervention is needed.

## CONCLUSION

In light of GEO's continuing violation of this Court's *Touhy* Order and resulting discovery delay, Plaintiffs respectfully request that the Court order GEO to immediately produce any documents currently withheld pending ICE review and appoint a Special Master pursuant to Fed. R. Civ. P. 53 to supervise the discovery process.

| | |
|---|---|
| Dated: New York, NY<br>September 24, 2019 | Respectfully submitted,<br><br>By: */s/ Michael J. Scimone*<br>Michael J. Scimone<br>Ossai Miazad<br>Elizabeth Stork<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060<br>E-Mail: mscimone@outtengolden.com<br>E-Mail: om@outtengolden.com<br>E-Mail: estork@outtengolden.com<br><br>Rachel Dempsey<br>Adam Koshkin<br>**OUTTEN & GOLDEN LLP**<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br>Facsimile: (415) 638-8810<br>E-Mail: rdempsey@outtengolden.com<br>E-Mail: akoshkin@outtengolden.com<br><br>David Lopez<br>**OUTTEN & GOLDEN LLP**<br>601 Massachusetts Avenue NW<br>Suite 200W<br>Washington, D.C. 20001<br>Telephone: (202) 847-4400<br>Facsimile: (202) 847-4410<br>E-Mail: pdl@outtengolden.com<br><br>Alexander Hood<br>David Seligman<br>Andrew Schmidt<br>Juno Turner<br>**TOWARDS JUSTICE**<br>1410 High St., Suite 300<br>Denver, CO 80218<br>(720) 441-2236<br>alex@towardsjustice.org |

david@towardsjustice.org
andy@towardsjustice.org
juno@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
1123 Spruce Street
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BUESCHER FIRM, P.C.**
600 Grant St., Suite 825
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2019, a true and correct copy of the foregoing **Plaintiffs' Motion to Compel Production of Documents and Enforce This Court's Prior Order** was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

*s/ Michael J. Scimone*
Michael J. Scimone
