**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ALEJANDRO MENOCAL,<br>MARCOS BRAMBILA,<br>GRISEL XAHUENTITLA,<br>HUGO HERNANDEZ,<br>LOURDES ARGUETA,<br>JESUS GAYTAN,<br>OLGA ALEXAKLINA,<br>DAGOBERTO VIZGUERRA, and<br>DEMETRIO VALERGA<br>on their own behalf and on behalf of all others similarly situated,<br>                Plaintiffs,<br><br>    v.<br><br>THE GEO GROUP, INC.,<br>                Defendant. | Civil No. 1:14-cv-02887-JLK |

**DECLARATION OF MICHAEL J. SCIMONE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ENFORCE THIS COURT'S PRIOR ORDER**

I, Michael Scimone, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am Counsel at Outten & Golden LLP, which, together with Towards Justice, the Law Office of R. Andrew Free, Milstein Law Office, The Kelman Buescher Firm, P.C., and Meyer Law Office, P.C., are Plaintiffs' and Class Counsel in this action. I am an attorney in good standing admitted to practice before this Court.

2. I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' and the Class's claims in this case.

3. I make the statements in this Declaration based on my personal knowledge and would so testify if called as a witness at trial.

**Documents withheld pending ICE review**

4. On March 18, 2019, Plaintiffs filed a Motion to Compel documents that GEO objected to producing on the basis of the Housekeeping Act, 5 U.S.C. § 301, and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and sought to withhold pending ICE review. The motion is available at ECF No. 168.

5. After Plaintiffs filed the March 18 Motion to Compel, counsel for GEO contacted Plaintiffs offering to withdraw its *Touhy* objections and stipulate that no documents were being withheld pending ICE review. To avoid future noncompliance, Plaintiffs insisted that the stipulation require GEO to produce a monthly log of any documents responsive to Plaintiffs' discovery requests that GEO had withheld or delayed pending ICE review.

6. GEO did not produce a log identifying any withheld or delayed documents in May, June, July, or August 2019.

7. On July 12, 2019, Plaintiffs' counsel asked counsel for GEO how many documents remained to be produced, and when their production was anticipated. On July 17, 2019, counsel for GEO responded that 4,500 documents would be produced on July 19, 2019, which would "substantially complete" GEO's production of electronically-stored information. That correspondence is attached hereto as **Exhibit A**.

8. In reliance on GEO's representation that discovery was substantially complete, Plaintiffs scheduled a deposition of GEO witness on October 3, 2019 and

another deposition of a GEO witness on October 9, 2019.

9. On August 26, 2019, during their first meet-and-confer session, GEO's most recent counsel informed Plaintiffs that a log of documents being withheld pending ICE review would be produced the following week.

10. On September 3, 2019, GEO produced a log to Plaintiffs showing that the production of more than 4,500 documents are being delayed pending ICE review. That document is attached hereto as **Exhibit B**.

11. In a September 9, 2019 telephone conference, counsel for GEO told counsel for Plaintiffs that it anticipated that ICE review of the 4,500 documents identified in the log would be complete on October 4, 2019, and that the delayed documents, which consist of communications between GEO and ICE, would be produced sometime after that date. Counsel for GEO also told Plaintiffs that it has identified an additional 1,200 documents responsive to Plaintiffs' discovery requests, and that an unidentified number would be submitted for ICE review.

12. As of the date of this declaration, no date has been provided for the production of any documents that have or will be submitted for ICE review.

**Other discovery delays**

13. After several months of meeting and conferring with GEO's prior counsel, Plaintiffs recently reached impasse with respect to Plaintiffs' request for documents relating to communications between GEO and ICE regarding the use of detainee labor at any GEO-owned or GEO-operated facility.

14. GEO has objected that documents relating to facilities other than the

Aurora Detention Facility are irrelevant.

15. Plaintiffs disagree, in part because these documents would tend to rebut GEO's tenth affirmative defense that "any work [the Class] performed was voluntary and/or minor and consistent with that performed by detainees at ICE facilities throughout the United States." ECF No. 26.

16. In an April 26, 2019 letter, GEO represented that it would withdraw this affirmative defense, but nearly five months later, this defense has not been withdrawn. That correspondence is attached hereto as **Exhibit C**.

17. To determine whether the dispute about documents relating to communications between GEO and ICE regarding the use of detainee labor at any GEO-owned or GEO-operated facility was real or theoretical, Plaintiffs asked that GEO identify whether it had withheld any responsive documents based on this objection. That correspondence is attached hereto as **Exhibit D**.

18. GEO's prior counsel agreed to Plaintiffs' request, but its current counsel has reneged on this position; on September 17, in a meet-and-confer, GEO confirmed that it would not disclose whether its document review platform contained documents that were responsive to Plaintiffs' request, but withheld on the basis that they relate to locations other than GEO's Aurora, Colorado facility.

Dated: New York, NY
September 24, 2019

Respectfully submitted,

By: */s/ Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
mscimone@outtengolden.com

*Class Counsel*