# Exhibit D

| | |
|---|---|
| **From:** | Scimone, Michael |
| **To:** | allison.angel@akerman.com; ashley.calhoun@akerman.com; Alex Hood; David Seligman; Turner, Juno; Andrew Schmidt; Andrew Turner; Hans Meyer; Lopez, David; Koshkin, Adam L.; Dempsey, Rachel; Miazad, Ossai; Stork, Elizabeth V.; Andrew Free; Brandt Milstein |
| **Cc:** | colin.barnacle@akerman.com; melissa.cizmorris@akerman.com; nick.mangels@akerman.com |
| **Subject:** | RE: Menocal, et al. v. The GEO Group, Inc. - GEO"s Responses to Plaintiffs" Fourth Set of Interrogatories |
| **Date:** | Thursday, September 12, 2019 3:09:02 PM |
| **Attachments:** | image001.jpg<br>image002.jpg<br>image003.jpg<br>GEO_MEN_00020548_(Roster).xlsx |

Allison,

I appreciate the updates.  Unfortunately, they raise further questions and concerns on our side that underscore the reasons we believe that Court supervision of the discovery process is needed.
In a meet and confer with Juno and Rachel on 8/26, your team responded to our inquiry about documents sent to ICE by saying you expected to produce a log of those documents by 9/1.  We received the log on 9/3.  You told us on Monday, 9/9, that you needed to check with prior counsel at Holland & Knight to find out when those documents had been submitted.  Your email yesterday states that they were sent to ICE on 9/3 - but Holland & Knight withdrew from its representation of GEO on or about 8/1.  We are somewhat perplexed by this course of events.  Is Holland & Knight still involved in the discovery process, despite having formally withdrawn from the case?  If so, can you help us understand their role?
You appear to misunderstand our request with respect to GEO's relevance objections, which we have stated multiple times.  To reiterate: we are not asking GEO to conduct a new search for responsive documents.  A search was already conducted for responsive documents, and many potentially responsive documents were ingested into a discovery review platform as a result of the parties' negotiated ESI search.  There is now a disagreement over whether certain kinds of documents are relevant to this case.  We believe they are; GEO objects that they are not.  But we do not know if any such documents are among the set in your review platform.  We would like to know if there are.  So we are asking you to provide the information called for by FRCP 34(b)(2)(C) by informing us whether you are now holding back documents because of those objections.  You stated on Monday that you needed to speak with your client about that request.  Today you have raised proportionality, but those concerns appear to be based on a misunderstanding about what the request is.  This gap in communication needs to be bridged; we think a special master will help in doing that.

With respect to pay rates at other facilities, I'm unclear on which e-mail you're referring to that restates the original requests.  Our position was and remains that we seek documents sufficient to show pay rates at other facilities, and that if the document identified in the May 23, 2019 email to Valerie Brown shows these rates throughout the class period, it is sufficient.  In case this is the source of the confusion, the oversight documents to which GEO has relevance objections are distinct from the VWP rates at other facilities, and they require a different discussion, as set forth above.

Two more items:

1. Plaintiff depositions: I need to correct information I sent previously: Hugo Hernandez has been moved from Otay Mesa to the Etowah detention center in Alabama.

2. GEO's responses to Plaintiffs' Fourth Interrogatories: GEO's response objects that our interrogatory does not explain who the named individuals are or how they relate to the claims and defenses.  Interrogatories are not required to state such information, but the individuals named are all current or former GEO employees who worked as Detention Officers at Aurora.  Their names appear on the attached spreadsheet, produced at GEO-MEN00020548.  Their precise dates of employment with GEO remains unclear, which is why we have asked which are current and which are former employees.  Given that they are or were employed by GEO, the burden of producing the requested information should be low.  GEO's objection does not state the statutory or other basis for its claim that the information sought is "private and confidential" and "protected from production."  We ask that you provide the basis for that objection.

Michael

**From:** allison.angel@akerman.com <allison.angel@akerman.com>
**Sent:** Wednesday, September 11, 2019 11:14 AM
**To:** Scimone, Michael <mscimone@outtengolden.com>; ashley.calhoun@akerman.com; Alex Hood <alex@towardsjustice.org>; David Seligman <david@towardsjustice.org>; Turner, Juno <juno@towardsjustice.org>; Andrew Schmidt <andy@towardsjustice.org>; Andrew Turner <aturner@laborlawdenver.com>; Hans Meyer <hans@themeyerlawoffice.com>; Lopez, David <pdl@outtengolden.com>; Koshkin, Adam L. <AKoshkin@outtengolden.com>; Dempsey, Rachel <rdempsey@outtengolden.com>; Miazad, Ossai <OM@outtengolden.com>; Stork, Elizabeth V. <estork@outtengolden.com>; Andrew Free <andrew@immigrantcivilrights.com>; Brandt Milstein <brandt@milsteinlawoffice.com>
**Cc:** colin.barnacle@akerman.com; melissa.cizmorris@akerman.com; nick.mangels@akerman.com
**Subject:** RE: Menocal, et al. v. The GEO Group, Inc. - GEO's Responses to Plaintiffs' Fourth Set of Interrogatories

Michael,

Thanks for the email.  We are available for a call on your first suggested date (Tuesday, September 17th) at 12 PM Mountain/2 PM EST.  Please let us know if that time works for you and your team.

We address the remaining discovery points in turn:

> **Proposed Scheduling Conference/Appointment of a Special Master:** In light of our ongoing discovery efforts and because we share your interest in finding the most efficient path forward, we are willing to stipulate to a reasonable extension of current discovery deadlines.  We believe a joint stipulation will obviate any need for a conference and/or special master, which we do not consider necessary at this time.
>
> **Documents Submitted For ICE Review**: Approximately 4,500 documents were submitted to ICE for review on September 3, 2019. As we previously stated, we expect ICE's review to be

completed by October 4  . We are still conducting our preliminary review of the "gap analysis" documents. We will provide an update on which of those documents, if any, require ICE review as soon as we complete our internal review.

**GEO's Relevance Objections**: We disagree with your characterization of GEO's discovery responses. When the requests outlined in paragraph two of your email were originally propounded, GEO timely objected on good faith relevance grounds. We understand your position now to be that GEO should nonetheless conduct a search for the requested documents in order to state whether any are being withheld. GEO respectfully disagrees. Under Colorado's proportionality requirements, GEO is not obligated to affirmatively search for documents relating to other facilities or from outside the class period because the burden and expense of doing so would significantly outweigh the potential benefit of the proposed discovery.  Because GEO has not conducted this search, we are unable to state whether the client is in possession, custody or control of responsive documents.

**30(b)(6) Deposition:** GEO will provide dates for a 30(b)(6) deposition once the Court issues a ruling on your pending motion to compel. The reason for waiting is not to hinder discovery or delay the deposition, but to avoid the burden of scheduling deposition and prep dates in the event that it turns out to be unnecessary.

**Request For Pay Rates at Other Facilities:** We require further clarification in order to fully respond. It was our understanding that prior counsel objected to producing documents concerning VWP pay rates at other facilities (see Response to Request No. 37) but that it had taken your request to confirm the accuracy of an April 15, 2014 spreadsheet under advisement. However, your most recent email appears to reiterate the full scope of the original request. Please clarify the nature of the documents or information that you are currently seeking and we will work diligently to provide you with a full and complete response. We anticipate that this can be resolved quickly once we obtain a better understanding of what it is that you believe remains outstanding on this point.

**Plaintiff Depositions:** we are in receipt of your email regarding plaintiff depositions and will circle back with our response and proposed dates shortly.

In sum, we share your interest in moving discovery forward but do not believe that a scheduling conference or a special master are necessary to achieve that goal. We are happy to discuss new discovery deadlines, along with any of the other issues address herein, during our Tuesday call.

**Allison Angel**
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2511 | C: 516 242 4245
allison.angel@akerman.com

**From:** Scimone, Michael <mscimone@outtengolden.com>
**Sent:** Tuesday, September 10, 2019 8:13 AM
**To:** Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>; Alex Hood

<alex@towardsjustice.org>; David Seligman <david@towardsjustice.org>; Turner, Juno <juno@towardsjustice.org>; Andrew Schmidt <andy@towardsjustice.org>; Andrew Turner <aturner@laborlawdenver.com>; Hans Meyer <hans@themeyerlawoffice.com>; Lopez, David <pdl@outtengolden.com>; Koshkin, Adam L. <AKoshkin@outtengolden.com>; Dempsey, Rachel <rdempsey@outtengolden.com>; Miazad, Ossai <om@outtengolden.com>; Stork, Elizabeth V. <estork@outtengolden.com>; Andrew Free <andrew@immigrantcivilrights.com>; Brandt Milstein <brandt@milsteinlawoffice.com>
**Cc:** Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; Angel, Allison (Assoc-Den) <allison.angel@akerman.com>; Cizmorris, Melissa (Assoc-Den) <melissa.cizmorris@akerman.com>; Mangels, Nick (LAA-Den) <nick.mangels@akerman.com>
**Subject:** RE: Menocal, et al. v. The GEO Group, Inc. - GEO's Responses to Plaintiffs' Fourth Set of Interrogatories

Ashley,

We can discuss GEO's objections on our next call.  We can speak next Tuesday at 1:00 Eastern (11:00 Mountain), or we could meet on Monday, or this Thursday.  Please let us know if either of those days work for you.  I'll respond separately with information about the plaintiff depositions.

Following up on our call today, as we discussed, we anticipate filing a motion this week with the goal of setting case management deadlines to complete discovery.  There are three main points we plan to raise, all of which we discussed substantively on yesterday's call.  Our specific request to Judge Kane will be to schedule a conference to discuss the most efficient path forward as the discovery cutoff nears.  One suggestion Judge Kane had made in his order resolving earlier discovery motions, ECF No. 84 at 8-9, was that he might appoint a special master to supervise remaining discovery, at GEO's expense.  We think the specific criteria Judge Kane laid out in that order have been met, and additional developments have further underscored the need for that or similar relief.

1. **Documents submitted for ICE review**.  You stated today that prior counsel, Holland & Knight, submitted documents for ICE review prior to your firm's appearance.  As we understand it, there are approximately 4,500 such documents, and you expect ICE's review to be completed by October 4.  We don't believe, under the order cited above, that there is any basis to delay those documents in this way.  You had agreed that you would attempt to let us know, by no later than Thursday this week, the exact date on which those documents were submitted to ICE.  We will update the Court with that information if you have it, but intend to move ahead with the filing in any event.  The same issue relates to the documents that are subject to the "gap analysis" we discussed yesterday, some of which you had suggested might be submitted to ICE for review.

2. **Incomplete Discovery Response**.  On the last three calls, we have discussed documents subject to two of GEO's objections: (1) that documents related to other facilities lack relevance; (2) that documents outside the class period lack relevance.  We have discussed narrowing our requests for the sake of efficiency, but one item of information

> we still lack is whether there are, in fact, documents already in your review platform that are responsive to our requests that are subject to these objections.  You stated on our last call that you understood our request for that data point, and we understood that you were looking into it.  Yesterday, you told us you needed to confer with your client about whether you would provide this information.  In our view, this is not a client question – it is squarely answered by FRCP 34(b)(2)(C), which requires that in responding to a request, a party must state whether responsive documents are being withheld on the basis of an objection.

3. **Delay and Timing**.  As a general matter, several of our requests have gone unanswered over the course of the last month.  For example, our request for pay rates at other facilities, which we reiterated yesterday, has been pending since you took over from the Holland & Knight team.  We have asked for initial dates for a 30(b)(6) deposition, and you have refused to even hold tentative dates until the Court rules on our pending motion to compel.  While I understand that you will have a position on these issues, the underlying point, in our view, is that we have a cutoff deadline approaching and need to move forward with the litigation.  We believe the continued delay here underscores the need for control deadlines.  Thus, while we do not intend to ask Judge Kane to issue rulings on these points, we do intend to raise them in the motion as part of our showing that good cause exists for our request.

You stated that you understood our need to move the case forward; that being said, please let us know GEO's substantive position on the motion and whether there are ways to narrow this issue before we file the motion.  We intend to move forward with it no later than Friday.  We are available to speak about this later in the week if that is helpful; please let us know if there are times that work for you.

Michael



**Michael J. Scimone** | **Counsel**
685 Third Ave 25th Floor | New York, NY 10017
T 212-245-1000 | F 646-509-2055
mscimone@outtengolden.com | Bio

   

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

*Please consider the environment before printing this e-mail.*

**From:** ashley.calhoun@akerman.com <ashley.calhoun@akerman.com>
**Sent:** Monday, September 9, 2019 6:51 PM
**To:** Alex Hood <alex@towardsjustice.org>; David Seligman <david@towardsjustice.org>; Turner, Juno <juno@towardsjustice.org>; Andrew Schmidt <andy@towardsjustice.org>; Andrew Turner <aturner@laborlawdenver.com>; Hans Meyer <hans@themeyerlawoffice.com>; Lopez, David <pdl@outtengolden.com>; Koshkin, Adam L. <AKoshkin@outtengolden.com>; Dempsey, Rachel <rdempsey@outtengolden.com>; Scimone, Michael <mscimone@outtengolden.com>; Miazad, Ossai <OM@outtengolden.com>; Stork, Elizabeth V. <estork@outtengolden.com>; Andrew Free <andrew@immigrantcivilrights.com>; Brandt Milstein <brandt@milsteinlawoffice.com>
**Cc:** colin.barnacle@akerman.com; allison.angel@akerman.com; melissa.cizmorris@akerman.com; nick.mangels@akerman.com
**Subject:** RE: Menocal, et al. v. The GEO Group, Inc. - GEO's Responses to Plaintiffs' Fourth Set of Interrogatories

Counsel:

We propose adding this to the agenda for the upcoming conferral call. We want to determine if we can quickly resolve GEO's objections.

We also need to discuss availability for the depositions of the plaintiffs. Please send proposed dates and locations for each plaintiff.

It turns out Friday this week does not work on our end due to another conflict. What days/times work next week on Tuesday or Wednesday for your team?

Best,
Ashley

**Ashley Calhoun**
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2543 | T: 303 260 7712 | F: 303 260 7714
Admitted to Practice in Colorado, California, Arizona, and Mississippi
ashley.calhoun@akerman.com


vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for

the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly proh bited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Mangels, Nick (LAA-Den) <nick.mangels@akerman.com>
**Sent:** Monday, September 9, 2019 4:46 PM
**To:** 'alex@towardsjustice.org' <alex@towardsjustice.org>; 'david@towardsjustice.org' <david@towardsjustice.org>; 'juno@towardsjustice.org' <juno@towardsjustice.org>; 'andy@towardsjustice.org' <andy@towardsjustice.org>; 'aturner@laborlawdenver.com' <aturner@laborlawdenver.com>; 'hans@themeyerlawoffice.com' <hans@themeyerlawoffice.com>; 'pdl@outtengolden.com' <pdl@outtengolden.com>; 'akoshkin@outtengolden.com' <akoshkin@outtengolden.com>; 'rdempsey@outtengolden.com' <rdempsey@outtengolden.com>; 'mscimone@outtengolden.com' <mscimone@outtengolden.com>; 'om@outtengolden.com' <om@outtengolden.com>; 'estork@outtengolden.com' <estork@outtengolden.com>; 'andrew@immigrantcivilrights.com' <andrew@immigrantcivilrights.com>; 'brandt@milsteinlawoffice.com' <brandt@milsteinlawoffice.com>
**Cc:** Calhoun, Ashley (Assoc-Den) <ashley.calhoun@akerman.com>; Barnacle, Colin (Ptnr-Den) <colin.barnacle@akerman.com>; Angel, Allison (Assoc-Den) <allison.angel@akerman.com>; Cizmorris, Melissa (Assoc-Den) <melissa.cizmorris@akerman.com>
**Subject:** Menocal, et al. v. The GEO Group, Inc. - GEO's Responses to Plaintiffs' Fourth Set of Interrogatories

Counsel:

Attached please find Defendant The GEO Group, Inc.'s responses to Plaintiff's fourth set of interrogatories.

Thank you.

**Nick Mangels**

Legal Administrative Assistant, Labor & Employment Practice Group
Akerman LLP | 1900 Sixteenth Street, Suite 1700 | Denver, CO 80202
D: 303 640 2541 | T: 303 260 7712
nick.mangels@akerman.com