# EXHIBIT A



12445 E. Caley Avenue
Centennial, CO 80111

September 30, 2019

**Via Email**
Colin Barnacle
Ashley Calhoun
Akerman LLP
colin.barnacle@akerman.com
ashley.calhoun@akerman.com

Juno Turner
Ossai Miazad
Elizabeth Stork
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017
jturner@outtengolden.com
om@outtengolden.com
estork@outtengolden.com

    **RE:** *Menocal, et al. v. The GEO Group*, 1:14-cv-02887 Media Tour & Video

Dear Counsel:

  I write to advise you that on August 9, 2019 media outlets conducted a limited tour of the Aurora Contract Detention Facility, also known as the Denver Contract Detention Facility (DCDF), without permission to photograph or videotape the facility. One media outlet conducted a follow-up tour of the DCDF on August 21, 2019 with substantially restricted photography and video. The tours were approved due to the significant restrictions on photography and video that the media accepted as conditions for their visits. The photography and video restrictions were based on the same operational security and safety concerns that I raised on ICE ERO's behalf in my previous correspondence dated June 20, 2019. Although my June 20, 2019 correspondence indicated that the video and photographic inspection requested by Plaintiffs would not be allowed, ICE has subsequently reconsidered its position. Given ICE's commitment to transparency in its operations, should Plaintiffs' counsel in this case be willing to accept the same restrictions as a condition for photography and video in the facility, ICE will permit Plaintiffs' counsel to photograph and video to the same extent that the media was permitted on August 21.

  On August 9, various media outlets visited DCDF and were permitted to bring cameras, video

1

cameras, and other recording devices into the DCDF training room only, in order to record an interview that I gave to those outlets. The training room is not part of the secure portion of the facility. The media outlets then conducted a limited "pen and pad" tour of the DCDF. That tour included the law library; a male housing unit; a circular walkway connecting various housing units and the recreation area (without entry into those housing units or the recreation area); the threshold into the kitchen; the threshold into the medical area (from which the dental area, pharmacy, and telepsychiatry areas are visible through viewing windows); and an area for detainees to conduct video-teleconferences with immigration judges in connection with asylum proceedings. The tour was approximately one hour. In conjunction with this visit, an ICE photographer and videographer took still photography and video. ICE released twelve photos and approximately seven minutes of video to the media, which are publicly available at: https://www.dvidshub.net/image/5655609/life-inside-aurora-contract-detention-facility and https://www.dvidshub.net/video/701993/aurora-contract-detention-facility-media-b-roll.

On August 21, 2019, ICE permitted one news outlet, CBS4, to enter the secure portion of the facility with one video camera, with the understanding that footage recorded would be available to other media outlets through a pooling system. CBS4 took the same tour as the August 9 media group, which lasted less than one hour. CBS4 took photo and video of the following areas only: the law library, a men's housing unit, circular walkway, and the threshold of the recreation area, kitchen and medical area. CBS4 was not permitted to record the image of any detainee. If a detainee entered into a shot, CBS4 recorded a blurred image. No recording was permitted of any documents or paperwork in the facility. ICE does not object to the parties in this case requesting this pooled footage, subject only to any applicable policies and procedures of CBS4.

ICE notes that the scope of the media tours, in terms of access to the DCDF, was significantly more limited than the tour requested by Plaintiffs' counsel. However, and while photography and video would be subject to the limitations of the August 21 tour set forth above, ICE remains willing to allow Plaintiffs' counsel to conduct a "pen and pad" tour of the five areas requested by Plaintiffs' counsel[1], even though some of these areas are not part of ICE's standard tour under the ICE 2011 Performance-Based National Detention Standards, 2016 revision.

Thank you in advance for your cooperation and understanding in this matter. As stated above, ICE will permit Plaintiffs' counsel to photograph and video to the same extent that the media was permitted on August 21. Should you have any questions or concerns regarding the above, please do not hesitate to contact me.

---

[1] It is my understanding that Plaintiffs are requesting to inspect: (1) all facilities used for administrative or disciplinary segregation of immigration detainees; (2) all housing units occupied by any Class Member, including both individual cells and common areas; (3) all areas, including but not limited to GEO's on-site medical facility, laundry room, dining area, kitchen, law library, barbershop, intake area, solitary confinement unit, warehouses, any exterior or outdoor areas, and ICE and GEO offices, including, but not limited to, conference rooms and break rooms, where any Class Member performed work, including cleaning, pursuant to the Housing Unit Sanitation Policy; (4) all areas in which GEO stores or stored records and/or electronically-stored information; (5) all areas, including but not limited to GEO's on-site medical facility, laundry room, dining area, kitchen, law library, barbershop, intake area, solitary confinement unit, warehouses, any exterior or outdoor areas, and ICE and GEO offices, including, but not limited to, conference rooms and break rooms where any Class Member performed work pursuant to the Voluntary Work Program.

Sincerely,

John E. Fabbricatore
Acting Denver Field Office Director
Enforcement and Removal Operations
U.S Immigration and Customs Enforcement

CC:
David Lopez
Outten & Golden LLP
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
E-Mail: pdl@outtengolden.com

Rachel Dempsey
Adam Koshkin
Outten & Golden LLP
One California Street, 12th Floor
San Francisco, CA 94111
E-Mail: rdempsey@outtengolden.com
E-Mail: akoskin@outtengolden.com

Alexander Hood
David Seligman
Andrew Schmidt
Towards Justice
1410 High St., Suite 300
Denver, CO 80218
(720) 441-2236
E-Mail: alex@towardsjustice.org
E-Mail: david@towardsjustice.org
E-Mail: andy@towardsjustice.org

R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
E-Mail: Andrew@ImmigrantCivilRights.com

Brandt Milstein
Milstein Law Office
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
E-Mail: brandt@milsteinlawoffice.com

Andrew Turner
The Kelman Buescher Firm
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
E-Mail: aturner@laborlawdenver.com

Hans Meyer
Meyer Law Office, P.C.
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
E-Mail: hans@themeyerlawoffice.com

Timothy Jafek
U.S. Attorney's Office for the District of Colorado
1801 California Avenue, Suite 1600
Denver, CO 80202
Email: Timothy.Jafek@usdoj.gov