**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

---

The GEO Group, Inc. ("GEO") submits this memorandum of law in response to Plaintiff's Motion to Compel (ECF No. 207) and the Court's September 24, 2019 Minute Order setting an expedited briefing schedule (ECF No. 209).

### PRELIMINARY STATEMENT

It should be noted at the outset that GEO does not oppose Plaintiffs' request for appointment of a Special Master to oversee the limited discovery left in this case. The purpose of this brief, however, is to address and correct the various misrepresentations contained in Plaintiffs' moving papers which inaccurately suggest that GEO is attempting to frustrate Plaintiffs' discovery efforts.

To date, GEO has produced over 129,000 pages of documents, and provided full responses to all of Plaintiffs' written discovery requests, including 23 Interrogatories and 51 Requests for Production. GEO has also consented to Plaintiffs' request for a site inspection of the Aurora Detention Facility and will be producing two 30(b)(6) witnesses for depositions within the next two weeks. Since the undersigned joined this case as GEO's counsel, the parties have been conducting near-weekly meet-and-confer calls to resolve all remaining discovery disputes. In light of the foregoing, it is accurate to say that written discovery is substantially, but not entirely, complete.

**ARGUMENT**

**I.    GEO Has Complied With All Discovery Orders Entered In This Case**

The ultimate issued raised by Plaintiffs' Motion to Compel is whether GEO has complied with discovery orders entered in this case, and the answer is simply: Yes. Plaintiffs' arguments to the contrary stem from their misguided interpretation of this Court's June 6, 2017 Order (ECF No. 84, the "June 6th Order"), which granted Plaintiffs' motion to compel discovery responses and denied GEO's request for a protective order that would have required Plaintiffs to seek ICE documents from the U.S. Department of Homeland Security ("DHS") directly, via subpoena, rather than through party document requests. The "paramount question" before the Court in that motion was "whether GEO can decline to disclose or produce information based on the Department's *Touhy* regulations." *Id*. at 5. The Court held it could not and directed GEO provide complete responses to Plaintiffs on all non-class issues. *Id.* at 9. Accordingly, since the June 6th Order was entered, GEO has provided complete responses to all of Plaintiffs' discovery written requests. The directive to *respond*, however, does not imply an automatic requirement to *produce* all DHS or

2

ICE documents in GEO's possession, as the June 6th Order did not address the applicability of privileges and other statutory protections. Indeed, Plaintiffs understood, and consented, that ICE may need to review responsive documents for those reasons.

### A. Plaintiffs Consented to ICE Review of Documents

On April 2, 2019, the parties entered a stipulation (the "April 2nd Stipulation") which expressly provides for ICE review of documents: "Beginning 30 days after the Court 'so orders' this stipulation, and every thirty (30) days thereafter, GEO will provide a log of any documents responsive to Plaintiffs' discovery requests that GEO has withheld or delayed at ICE's request, or pursuant to GEO's contract with ICE, or pending any other form of ICE review." ECF No. 174 at 2. The Court so-ordered the stipulation on April 3, 2019. ECF No. 175. Pursuant to this agreement, GEO notified Plaintiffs on August 26, 2019 that a number of documents had been sent to ICE for review and produced a log of the documents on September 3, 2019. In so doing, GEO complied with all terms of the April 2nd Stipulation, which was approved by both the Plaintiffs and this Court. Plaintiffs concede as much in their moving papers (ECF No. 207 at 4-5).

### B. The June 6th Order Did Not Bar GEO or DHS From Asserting Privilege Over the Requested Documents

Although the June 6th Order found *Touhy* inapplicable to the instant case, it did not eliminate GEO's ability to raise good faith objections to Plaintiffs' document requests, including privilege or statutory privacy and security obligations. In order to properly raise such objections, GEO must first consult with DHS, the owner of the documents that Plaintiffs now seek to compel. The June 6th Order did not bar GEO from doing so and the April 2nd stipulation expressly allows it.

GEO acknowledges that this Court, citing Tenth Circuit precedent, held "that it is the role of the court and not the government agency…to determine whether documents are entitled to the protection of [certain] privilege[s]". ECF No. 84 at 6, citing *Sperandeo v. Milk Drivers & Dairy Emp. Local Union No. 337,* 334 F.2d 381, 3884 (10th Cir. 1964).  GEO did not interpret this language as a bar to any future *assertions* of privilege by GEO or DHS, but rather, as a confirmation of this Court's authority to adjudicate and render a final decision on the discoverability of evidence and any disputes that may arise with respect to privilege designations. In other words, the June 6th Order did not strip GEO or DHS of the ability to claim the privileges otherwise available to party litigants and/or owners of the applicable documents, such as the governmental, deliberative process or law enforcement privilege; it merely reserved the right of this Court to compel production of privileged documents in the event that Plaintiffs successfully articulate arguments in favor of disclosure. This interpretation is consistent with *Touhy*[1] and federal case law nationwide. *See, Sims v. Nat'l Transp. Safety Bd.,* 662 F.2d 668, 673 (10th Cir. 1981) (*Sperandeo* "held that the trial court, not the litigant, was to determine whether documents claimed to be privileged were entitled to the privilege classification."); *United States v. Fuentes-Correa*, No. CRIM. 13-71 CCC/SCC, 2013 WL 588892, at *8 (D.P.R. Feb. 13, 2013) ("If the Government does refuse to produce [discovery], we will rule on the motion to compel according to the principles normally applied in criminal cases, and the Government will have an opportunity to assert any privilege or relevance arguments."); *Watts v. SEC*, 482 F.3d 501, 508–09 (D.C.Cir. 2007) ("*Touhy* regulations do not relieve district courts of the responsibility to analyze privilege

---

[1] *Touhy* did not address the power of the agency head to refuse a proper judicial demand for the production of the records. 340 U.S. at 467.  Justice Frankfurter's concurring opinion noted, however, that even where the agency head could be reached by legal process, "what disclosure he may be compelled to make is another matter.  It will of course be open to him to raise those issues of privilege..." *Id.* at 472-473.

4

or undue burden assertions under Rule 45"); *In re Recalcitrant Witness Richard Boeh v. Daryl Gates*, 25 F.3d 761, 764 & n. 4 (9th Cir.1994) (noting that *Touhy* did not decide the legality of agency heads' executive privilege claim).

An assertion of privilege by DHS is not akin to "allowing a government agency to determine what evidence is discoverable" (ECF No. 84 at 8), nor does it allow ICE "to usurp the court's authority to control discovery" (*Id.* at 5), because the ultimate decision on whether such evidence must be produced rests with this Court.  Plaintiffs are therefore incorrect in their assertion that GEO ignored the June 6th Order, as GEO has not yet stated whether any of the documents submitted to ICE for review will be withheld on privilege grounds, let alone refused to produce said documents in the face of a court order compelling production.  Further, if ICE does not ask GEO to withhold any documents, Plaintiffs' motion is moot.

### C.   Plaintiffs' Motion is Premature

GEO has never stated that it will withhold from discovery any or all the documents currently under ICE review.  Rather, GEO informed Plaintiffs that it would provide its position with respect to production once ICE advises GEO of any privilege or law enforcement sensitivity concerns.  Once GEO's objections, if any, are communicated, Plaintiffs are free to challenge any privilege designations with which they disagree.  The instant motion is therefore premature, as GEO has not yet stated whether any privileges or objections are being raised.

In sum, Plaintiffs' request for an Order to Show Cause enforcing the June 6th Order is inappropriate because Plaintiffs' consented to ICE review of documents, GEO's document review process does not rely on *Touhy* regulations and therefore does not violate this Court's directives, and Plaintiffs' request is premature.  Both requests for relief should be denied.

## II. Plaintiffs' Motion Mischaracterizes the Parties' Communications and GEO's Good Faith Efforts to Facilitate Discovery

Since joining this case in August 2019, GEO's counsel made every effort to provide full and meaningful responses to all new and outstanding discovery requests. As Plaintiffs' motion notes, GEO advised Plaintiffs at the first available opportunity that it would be sending documents to ICE for review. *See,* ECF 207 at 3 ("On August 26, 2019, in their *first* meet-and-confer session, counsel for GEO informed Plaintiffs that a log of documents being withheld pending ICE review would be produced the following week.") (emphasis added). A log was provided to Plaintiffs' counsel on *the same day* that the documents were transmitted to ICE. That review is currently scheduled to be complete by October 4, 2019. GEO submits to the Court that this one-month period of review is reasonable given the nature and volume of the documents, and was not, as Plaintiffs suggest, a delay tactic or an insurmountable obstacle to completing discovery within current deadlines.

Recognizing however, that depositions were scheduled to commence before ICE completed its document review, GEO made a good faith effort to ameliorate any resulting prejudice by offering to adjourn the October 3rd deposition of its first 30(b)(6) witness. Defendants also offered to consent to a reasonable extension of discovery deadlines[2] to allow for review of the forthcoming document production. Plaintiffs flatly rejected this offer, stating vaguely that the suggested two-week delay would negatively impact the deposition preparation they had already begun. Though it is unclear to the undersigned how additional time would be anything but beneficial to the Plaintiffs, the underlying point remains: GEO and its counsel have

---

[2] It is anticipated that a discovery extension will be necessary in light of Plaintiff's Fourth Interrogatories, which contains the names of 242 current or former GEO employees that Plaintiffs identified as potential deponents.

50282097;4

always tried to engage in a good faith, collaborative discovery process that fairly accommodates the needs of both parties. Plaintiffs' refusal to consider even a brief adjournment of the upcoming depositions reflects *their* unwillingness to cooperate, not GEO's.

### III.     GEO Withdraws Its Tenth Affirmative Defense

Plaintiffs note in their brief that GEO, via letter dated April 26, 2019, consented to withdraw its tenth affirmative defense, but has not yet done so. We can only assume that this was an oversight by prior counsel and hereby withdraw the tenth affirmative defense.

### IV.     GEO Does Not Object to the Appointment of a Special Master

To the extent that the Court believes a Special Master will be helpful in managing the limited discovery remaining in the case, GEO consents to this portion of Plaintiffs' request.

### CONCLUSION

For the foregoing reasons, GEO respectfully requests that the Court deny Plaintiffs' Motion to Compel insofar as it seeks immediate production of ICE documents, and grant Plaintiffs' request for appointment pf a Special Master pursuant to Fed. R. Civ. P. 53.

Respectfully submitted, this the 1st day of October, 2019.

**AKERMAN LLP**

*s/ Colin L. Barnacle*
Colin L. Barnacle
Christopher J. Eby
Ashley E. Calhoun
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:(303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
Email: christopher.eby@akerman.com
Email: ashley.calhoun@akerman.com
*Attorneys for Defendant The GEO Group, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2019, a true and correct copy of the foregoing **RESPONSE TO PLAINTIFFS' MOTION TO COMPEL** was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

*s/ Nick Mangels*
Nick Mangels