# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others
similarly situated,

                    Plaintiffs,

   v.

THE GEO GROUP, INC.,

                    Defendant.

Civil No. 1:14-cv-02887-JLK

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ENFORCE THIS COURT'S PRIOR ORDER**

## INTRODUCTION

Plaintiffs respectfully submit this reply in support of their Third Motion to Compel Production of Documents and Enforce this Court's Prior Order, ECF No. 207 ("Plaintiffs' Motion"), and in response to GEO's submission addressing the use of video recording at the Aurora Detention Facility, ECF No. 210. Both issues underscore the need for supervision of the discovery process, which both parties now consent to.

## I.   GEO Mischaracterizes the Parties' Agreement and Its Own Compliance.

GEO's response to Plaintiffs' Motion, ECF No. 211, contains several misrepresentations.

First, GEO incorrectly claims that "Plaintiffs Consented to ICE Review of Documents." ECF No. 211 at 3. If that were so, Plaintiffs would not have filed three motions to compel documents that have been submitted for ICE review. *See* ECF Nos. 73, 168, 207. More specifically, GEO misrepresents the parties' April 2, 2019 stipulation. *See* ECF No. 174. That stipulation provided for the production of documents; represented that no documents were then being reviewed by ICE; and provided that *if* GEO submitted documents to ICE for review, that it would produce a log of those documents. Nowhere did the stipulation state that Plaintiffs consented to ICE review or concede that an ICE review process was appropriate or would be an appropriate cause for delaying GEO's document production. To the contrary, the status report accompanying the parties' protective order in this litigation, at ECF No. 155, explicitly reserves Plaintiffs' right to challenge ICE's review of documents to be disclosed in discovery, which Plaintiffs have now done three times.

Second, GEO's protestations of good faith and promptness are disingenuous. It is Plaintiffs' understanding that the communications currently under review by ICE were identified pursuant to an electronic search process that the parties negotiated months ago, and which was "substantially completed" by late July. *See* ECF No. 208-1. ICE appears to share Plaintiffs' understanding: earlier this week, the Department of Justice on behalf of ICE sent a letter to both sets of counsel in this case, noting ICE's understanding that the documents it received on September 3 had been "identified at some point prior to July 17, 2019." *See* Declaration of Michael J. Scimone filed contemporaneously with this submission ("Scimone Decl.") ¶ 4, Ex. A at 1-2. GEO does not explain why documents it identified in July were not submitted to ICE for review until September. This delay undermines GEO's claim that it acted promptly by providing a log on the same day as the belated submission to ICE. *See* Def.'s Opp. 6. It also shows that GEO continues to interpose the *Touhy* doctrine to "create obstacles" to discovery that are consistent with a "'stone walling' approach[.]" ECF No. 84 (*Touhy* Order) at 5, 2 n.1.

Third, GEO's other claims that it has cooperated in discovery elide the facts. GEO's claim that it provided "complete responses" to Plaintiffs' discovery requests omits the fact that those responses also include substantial objections, Scimone Decl. ¶ 5, which the parties continue to address in the weekly meet-and-confer sessions that GEO notes. *See* Def.'s Opp. 2. As GEO itself points out, the Court's "directive to *respond* [to discovery] does not imply an automatic requirement to *produce*" documents or other information. *Id*. at 2-3. Plaintiffs' Motion notes one example of such a dispute, where GEO's response is less than complete, insofar as it does not disclose whether GEO is

withholding documents based on its objections. *See* ECF No. 207 at 5. Plaintiffs' pending Motion to Compel a 30(b)(6) deposition, ECF No. 181, concerns another.[1]

Plaintiffs anticipate that they will likely oppose many privilege claims asserted by ICE, through GEO, but are ill-positioned to do so because no privilege has yet been claimed or logged. GEO's late invocation of these vague privilege issues – and postponement of any specific claim until later in the case – appears calculated to frustrate discovery.

With discovery currently scheduled to close on October 21, 2019, issues like these can be most expeditiously resolved through supervision by a special master, preferably (in Plaintiffs' view) a magistrate judge experienced in resolving such disputes. GEO does not oppose this step. Def.'s Opp. 7. Nor does GEO oppose an extension of the discovery process, *id*. at 6, which Plaintiffs agree is warranted, but which should be ordered by the Court or the Special Master in light of the needs of the case, with an eye to completing outstanding discovery on a fixed schedule.

## II.     GEO Continues to Oppose Videotape of the Aurora Detention Facility.

GEO's response at ECF No. 210 ("the "Response") is woefully inadequate. GEO's Response merely submits a letter from ICE setting out ICE's "position," but fails

---

[1]     GEO also incorrectly claims that it "will be producing two 30(b)(6) witnesses . . . within the next two weeks." The two depositions currently on calendar are fact witnesses noticed pursuant to Fed. R. Civ. P. 30(b)(1). GEO continues to refuse to designate a 30(b)(6) witness until the Court resolves the parties' disputes regarding the extent of the topics currently noticed. Scimone Decl. ¶ 6.

to state GEO's position. ICE's revised "proposal" does not meet GEO's obligation to produce discovery proportional to the issues in this case.[2]

ICE's proposal that Plaintiffs accept "significant restrictions on photography and video" previously agreed to by members of the media does little to resolve this dispute. This is because ICE's proposal would not permit Plaintiffs to take *any* video of most of the areas at the heart of the claims in this case. The only video or photography ICE proposes to permit would be of the law library, a men's housing unit, and a circular walkway connecting housing units. ECF No. 210-1 at 2. In addition, ICE will permit Plaintiffs to record video of *the threshold only* of the recreation area, kitchen, and medical area.[3] *Id.* ICE's proposal does not contemplate Plaintiffs taking video of the segregation facilities at the center of Plaintiffs' Trafficking Victims Protection Act claims. Nor does the proposal permit Plaintiffs to video the additional housing units and other parts of the facility that are routinely cleaned by Class Members. *See id.* Instead, ICE proposes that Plaintiffs take a "limited 'pen and pad' tour" of the additional areas Plaintiffs seek to inspect. *see id.*, which would do little to resolve the issues in the case, as it is unclear how Plaintiffs' notations from that tour could be submitted in evidence.

---

[2] Plaintiffs maintain their objection to ICE's continuing to selectively insert itself into these proceedings, and to doing so only after Plaintiffs are forced into motion practice. Nevertheless, Plaintiffs have and will continue to work with GEO to the extent possible to accommodate GEO's claimed contractual obligations to the government.

[3] ICE also proposes that Plaintiffs request pooled footage taken during the August 2019 media tour, and suggests that Plaintiffs may obtain ICE-authored photographs and videotape that are publicly available. ECF No. 210-1 at 3.

The restrictions ICE seeks to impose are inconsistent with the discovery process and not tailored to the "operational concerns" it cites. Plaintiffs are litigants in a lawsuit against the operator of the facility – not journalists. Their purpose in obtaining video footage is to enable jurors to understand the scope of Class Members' cleaning duties as well as the nature of the solitary confinement GEO used to coerce Class Members' labor.

Moreover, as Plaintiffs have repeatedly noted, any video that Plaintiffs obtain will be subject to the stringent protective order in place in this litigation, which includes an "attorneys' eyes only" designation. ECF No. 192 at 14-15. There is no reason to further restrict Plaintiffs in the same way that ICE restricted members of the media whose footage would be published for all to see. To the extent that ICE's "operational concerns" are founded on security issues, Plaintiffs' obligations to comply with the Court's protective orders will leave that evidence far more protected than the published footage taken by the press.

For these reasons, as well as those in Plaintiffs' prior submissions, ECF Nos. 187, 192, 206, Plaintiffs respectfully request that the Court grant their motion at ECF No. 181.

| | |
|---|---|
| Dated: New York, NY<br>October 2, 2019 | Respectfully submitted,<br><br>By: */s/ Michael J. Scimone*<br>Michael J. Scimone<br>Ossai Miazad<br>Elizabeth Stork<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060<br>E-Mail: mscimone@outtengolden.com<br>E-Mail: om@outtengolden.com<br>E-Mail: estork@outtengolden.com<br><br>Rachel Dempsey<br>Adam Koshkin<br>**OUTTEN & GOLDEN LLP**<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br>Facsimile: (415) 638-8810<br>E-Mail: rdempsey@outtengolden.com<br>E-Mail: akoshkin@outtengolden.com<br><br>David Lopez<br>**OUTTEN & GOLDEN LLP**<br>601 Massachusetts Avenue NW<br>Suite 200W<br>Washington, D.C. 20001<br>Telephone: (202) 847-4400<br>Facsimile: (202) 847-4410<br>E-Mail: pdl@outtengolden.com<br><br>Alexander Hood<br>David Seligman<br>Andrew Schmidt<br>Juno Turner<br>**TOWARDS JUSTICE**<br>1410 High St., Suite 300<br>Denver, CO 80218<br>(720) 441-2236<br>alex@towardsjustice.org |

david@towardsjustice.org
andy@towardsjustice.org
juno@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
1123 Spruce Street
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BUESCHER FIRM, P.C.**
600 Grant St., Suite 825
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2019, a true and correct copy of the foregoing **Plaintiffs' Reply in Support of Motion to Compel Production of Documents and Enforce this Court's Order** was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

*s/ Michael J. Scimone*
Michael J. Scimone