# Exhibit CC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

## DEFENDANT THE GEO GROUP, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Colorado, Defendant The GEO Group, Inc. ("Defendant" or "GEO") hereby supplements its response to Plaintiffs' Fifth Set of Interrogatories.

### PRELIMINARY STATEMENTS

1. Defendant objects to the disclosure of any information protected from discovery by the attorney-client privilege or work product doctrine.

2. Defendant states any discovery relating to the production of confidential information regarding detainees, ICE employees, ICE policies, or official information of the U.S.

1

Immigration Customs and Enforcement ("ICE") is subject to federal regulations at 6 C.F.R. §§ 5.41–5.49 and by *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and the Amended Stipulated Protective Order Concerning Confidential Information (Nov. 26, 2018, Dkt. 157).

3. The responses below are to the best of Defendant's present ability and information. Defendant reserves the right to supplement these responses during and/or after completion of discovery, investigation, and preparation for trial. Defendant further reserves the right to introduce evidence at the time of trial based upon information and/or documents located, developed, or discovered at a later date, which may supplement, amplify, modify, or be in conflict with the following responses that are based upon present information only.

4. Defendant objects to Plaintiffs' Fifth Set of Interrogatories to the extent they seek information regarding GEO facilities, detainees, or employees unrelated to the ICE detention facility in Aurora, Colorado (the "Aurora Detention Facility"). Discovery seeking this information is overbroad and unduly burdensome. It seeks information neither relevant to any party's claims or defenses nor proportional to the needs of the case. In providing any responses to this discovery, absent Court order to the contrary, Defendant will only address information related to the Aurora Detention Facility.

5. Defendant objects to Plaintiffs' Plaintiffs' Fifth Set of Interrogatories to the extent they can be construed to seek continuous supplements because they do not state a defined time period. Any discovery without a defined end date is overbroad and unduly burdensome. It seeks information neither relevant to any party's claims or defenses nor proportional to the needs of the case because it includes the time period after the end of the certified class period. In providing

2

any responses to this discovery, Defendant will provide information related to a period ending October 22, 2014.

## SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES

**INTERROGATORY NO. 24:** Identify all communications, acts, or authorization of any other kind from ICE that form the basis of your affirmative defense that Plaintiffs' claims relating to GEO's Housing Unit Sanitation Policy "are barred by the government contractor defense." ECF No. 26 at 14, ¶ 13.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

GEO provides this supplemental response to Interrogatory No. 24, but notes that discovery is ongoing and it is premature at this time to identify all communications, acts, or "authorization of any other kind" that may be used to support this defense. As GEO identifies additional responsive information in discovery, it will update this response.

As an initial matter, GEO's policies are specifically approved by ICE. As is relevant here, ICE has approved the following sections of the Aurora Detention Center Policy and Procedure Manual:

- Section 12.1.4-AUR (Housekeeping Policy), signed by ICE at GEO_MEN 00001510.
- Section 8.1.8-AUR (Detainee Work Program) signed by ICE at GEO_MEN 00038548.

GEO is, and has been, in full compliance with all relevant and applicable sections, clauses, duties, requirements, and/or other obligations of any other kind related to detainee housekeeping requirements from or related to each of GEO's contracts with ICE for the operation and management of the Aurora ICE Processing Facility ("AIPF") during the relevant class period. ICE

3

and its designees have confirmed and documented GEO's full compliance with the above referenced contracts in a variety of manners including, but not limited to:

- o No findings of contractual non-compliance with respect to GEO's operation and management of the voluntary work program or housekeeping policies from ICE personnel operating at the AIPF on a daily basis including, but not limited to, the Contracting Officer ("CO"), Contracting Officer's Technical Representation ("COTR"), Assistant Field Office Director ("AFOD"), and any other ICE official or representative.
- o No adverse findings related to GEO's Quality Assurance Surveillance Plan (QASP) during any Quality Assurance Review (QAR) with respect to GEO's operation and management of the voluntary work program or housekeeping policies at the AIPF.
- o No Contract Deficiency Reports (CDR) from ICE regarding GEO's operation and management of the voluntary work program or housekeeping policies at the AIPF.
- o No adverse findings related to GEO's operation and management of the voluntary work program or housekeeping policies at the AIPF from any internal GEO or external ICE or ICE-contracted third-party audits. Such external audits have been conducted by, amongst others not identified herein, the following:

    - Department of Homeland Security Immigration and Customs Enforcement.
    - ICE Office of Professional Responsibility (OPR), Office of Detention Oversight (ODO).
    - The Office of Enforcement and Removal Operations (ERO), Detention Standards Compliance Unit.
    - The Commission on Accreditation for Corrections (accrediting body of the American Correctional Association).
    - Creative Corrections.
    - The Nakamoto Group, Inc.
    - MGT of America, Inc.

Furthermore, GEO has been in full compliance with ICE's Performance-Based National Detention Standards ("PBNDS") related to GEO's operation and management of the voluntary work program and housekeeping policies at the AIPF during the relevant class period. ICE and its designees have confirmed and documented GEO's full compliance in a variety of manners including, but not limited to, the review and audit results identified above. Below is an illustrative listing of some applicable sections of the PBNDS that GEO has complied with:

- o Section 1.2.V.A.1 (General Environmental Health).

4

- o  Section 1.2.V.A.2 (Staff and Detainee Safety).
- o  Section 1.2.V.A.3 (General Housekeeping).
- o  Section 3.1 (Disciplinary System).
- o  Appendix 3.1.A (Offense Category III (High-Moderate), A (Prohibited Acts) 306 (Refusing to clean assigned living area).
- o  Appendix 3.1.A (Offense Category III (High-Moderate), B (Sanctions).
- o  Section 5.8 (Voluntary Work Program).
- o  Section 5.8.IV (References).
- o  Section 6.1 (Detainee Handbook).

Likewise, GEO has been in full compliance ICE's National Detainee Handbook, which is specifically incorporated into the PBNDS in Section 6.1:

- GEO-MEN 00064426 ("*Will I get paid for keeping my living area clean?* No. You must keep areas that you use clean, including your living area and any general-use areas that you use. If you do not keep your areas clean, you may be disciplined."); *See also* GEO-MEN 00141683 ("*Will I get paid for keeping my living area clean?* No. You must keep areas that you use clean, including your living area and any general-use areas that you use. If you do not keep your areas clean, you may be disciplined."); GEO-MEN 00062885 (same);
- GEO-MEN 00064460 ("You are not entitled to compensation for tasks that involve maintaining your personal living area or cleaning up after yourself in general use areas. You are required to perform basic cleaning tasks within your living unit, regardless of where you are held. For example, you could be disciplined if you refuse to make your bed or otherwise refuse to clean up after yourself.")
- GEO-MEN 00064428 (Detailing items detainees are responsible for doing under "general cleanliness" including cleaning-up crumbs from food in [a detainee's] housing area.").

Further, as required by its contracts with ICE, the AIPF has been in full compliance with all American Correctional Association (ACA) Performance-Based Standards for Adult Local Detention Facilities related to housekeeping standards and requirements during the entire class period. The AIPF has been fully accredited by the ACA during the entire class period and more importantly for the purposes of this request, there have been no adverse findings related to GEO's operation and management of the voluntary work program and housekeeping policies during any

5

52160684;1

ACA accreditation audit. Below is an illustrative listing of some ACA standard sections relevant to GEO's compliant operation and management of the voluntary work program and housekeeping policies:

- o 4-ALDF-1A-01
- o 4-ALDF-1A-02
- o 4-ALDF-1A-04
- o 4-ALDF-1A-13
- o 4-ALDF-1C-04
- o 4-ALDF-3A-01
- o 4-ALDF-3A-02
- o 4-ALDF-5C-06
- o 4-ALDF-5C-08
- o 4-ALDF-5C-12

Finally, ICE's on-site and off-site representatives (the CO, COTR, and AFOD) participate in GEO's staff meetings related to the management of the AIPC, including the implementation of all policies. ICE officials provide feedback where policies are inconsistent with ICE's intentions. *See e.g.* GEO-MEN 00099110. In these meetings, ICE has reviewed and approved GEO's housekeeping and work program policies, as is noted above.

GEO will update this response as it gathers additional information during discovery.

Respectfully submitted, this 6th day of March 2020.

**AKERMAN LLP**

*s/ Colin L. Barnacle*
Colin L. Barnacle
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com

*Attorneys for Defendant The GEO Group, Inc.*

6

52160684;1

## CERTIFICATE OF SERVICE

I hereby certify on this this 6th day of March 2020, a true and correct copy of the foregoing **DEFENDANT THE GEO GROUP, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES** was electronically served via e-mail on the following:

### Counsel for Plaintiffs:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
1410 High St., Ste. 300
Denver, CO 80218
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
2004 8th Ave. South
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Nick Mangels*
Nick Mangels