# EXHIBIT J

1              IN THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF COLORADO

3   _____

4
        ALEJANDRO MENOCAL, et al.,                  )
5                                                   )
                                                    )
6                  Plaintiffs,                      ) Case No.
                                                    )
7           vs.                                     ) 1:14-cv-
                                                    ) 02887-JLK
8       THE GEO GROUP, INC.,                        )
                                                    )
9                                                   )
                   Defendant.                       )
10                                                  )

11
    _____
12

13
              VIDEOTAPED DEPOSITION OF KEVIN MARTIN
14
                       November 19, 2019
15
                          9:31 a.m.
16
                      205 North First Street
17
                      La Conner, Washington
18

19

20

21

22

23  Reported by:
    Connie Recob, CCR, RMR, CRR
24  CCR No. 2631
    Job No. 854755 - NE 288153
25

```
 1     APPEARANCES:

 2


 3     For the Plaintiffs:

 4          ELIZABETH STORK
            MICHAEL J. SCIMONE
 5          OUTTEN & GOLDEN LLP
            685 Third Avenue, 25th Floor
 6          New York, New York 10017
            (212) 245-1000
 7          estork@outtengolden.com
            mscimone@outtengolden.com
 8


 9     For the Defendant:

10          ALLISON ANGEL
            AKERMAN LLP
11          1900 Sixteenth Street, Suite 1700
            Denver, Colorado 80202
12          (303) 640-2511
            allison.angel@akerman.com
13


14     Also Present:

15              Danielle Greene - Videographer

16

17

18

19

20

21

22

23

24

25
```

```
 1                    INDEX TO EXAMINATION

 2
                 WITNESS:  KEVIN MARTIN
 3

 4    EXAMINATION                                    PAGE NO.

 5    BY MS. STORK                                       8

 6    BY MS. ANGEL                                     280

 7    BY MS. STORK                                     287

 8    BY MS. ANGEL                                     291

 9

10

11              WITNESS INSTRUCTED NOT TO ANSWER

12

13                         (None)

14

15
                    INFORMATION REQUESTED
16

17
                           (None)
18

19

20

21

22

23

24

25
```

INDEX TO EXHIBITS

KEVIN MARTIN

MENOCAL V. GEO GROUP

Tuesday, November 19, 2019

Connie Recob, CCR #2631, RMR, CRR

| MARKED | DESCRIPTION | PAGE NO. |
|---|---|---|
| Exhibit 1 | Resume, Bates Nos. GEO_MEN 00019835 through 37 | 26 |
| Exhibit 2 | Performance-Based National Detention Standards 2011, Bates Nos. GEO-MEN 00064018 through 64414 | 38 |
| Exhibit 3 | AUR-3, Bates Nos. GEO-MEN 00079602 through 608 | 93 |
| Exhibit 4 | Memorandum, Bates Nos. GEO_MEN 00056798 through 799 | 99 |
| Exhibit 5 | Administrative Segregation Review, Bates No. GEO_MEN 00056745 | 120 |
| Exhibit 6 | Facility Building Schedule, Bates Nos. GEO_MEN 00047547 through 56 | 138 |
| Exhibit 7 | 8.1.8-AUR, Bates Nos. GEO_MEN 00038548 through 52 | 158 |
| Exhibit 8 | Standards Compliance Checklist, Bates Nos. GEO_MEN 00042008 through 28 | 160 |
| Exhibit 9 | Memorandum, Bates Nos. GEO_ MEN 00053783 through 791 | 171 |
| Exhibit 10 | 12.1.4-AUR, Bates Nos. GEO_MEN 00001419 through 513 | 178 |

INDEX TO EXHIBITS

KEVIN MARTIN

MENOCAL V. GEO GROUP

Tuesday, November 19, 2019

Connie Recob, CCR #2631, RMR, CRR

| MARKED | DESCRIPTION | PAGE NO. |
|---|---|---|
| Exhibit 11 | e-mail string with attachment, Bates Nos. GEO_MEN 00006614 through 626 | 211 |
| Exhibit 12 | e-mail string with attachment, Bates No. GEO_MEN 00052386 | 214 |
| Exhibit 13 | e-mail string, Bates Nos. GEO_MEN 00007310 through 11 | 220 |
| Exhibit 14 | e-mail string, Bates Nos. GEO-MEN 00114478 through 79 | 222 |
| Exhibit 15 | e-mail string, Bates Nos. GEO_MEN00047041 through 45 | 232 |
| Exhibit 16 | e-mail string, Bates Nos. GEO_MEN 00056676 through 77 | 236 |
| Exhibit 17 | e-mail string, Bates No. GEO_MEN 00056695 | 240 |
| Exhibit 18 | e-mail string, Bates No. GEO-MEN 00090984 | 242 |
| Exhibit 19 | e-mail string, Bates Nos. GEO-MEN 00051630 through 31 | 245 |
| Exhibit 20 | Department of Homeland Security, Bates Nos. GEO-MEN 00133153 through 231 | 247 |
| Exhibit 21 | Department of Homeland Security, Bates Nos. GEO-MEN 00135305 through 312 | 261 |

```
 1                    INDEX TO EXHIBITS

 2                      KEVIN MARTIN

 3                   MENOCAL V. GEO GROUP

 4                Tuesday, November 19, 2019

 5             Connie Recob, CCR #2631, RMR, CRR

 6

 7    MARKED          DESCRIPTION                    PAGE NO.

 8    Exhibit 22      e-mail string, Bates Nos.
                     GEO-MEN 00071300 through 20       271
 9
      Exhibit 23      e-mail string, Bates No.
10                   GEO-MEN 00091015                  288

11    Exhibit 24      National Detainee Handbook,
                     Bates Nos. GEO-MEN 00081776
12                   and 1794                          291

13    Exhibit 25      Detainee Handbook Table of
                     Contents                          293
14

15

16

17

18

19

20

21

22

23

24

25
```

1                  La Conner, Washington

2           Tuesday, November 19, 2019, 9:31 a.m.

3
                         <<<<<<  >>>>>>
4

5           THE VIDEOGRAPHER:  We are now on the record.

6    The time is 9:31 a.m. on November 19th, 2019.  Audio

7    and video recording will continue to take place until

8    all parties agree to go off the record.  Please note

9    microphones are sensitive and may pick up whispering

10   and private conversations.

11          This is the video-recorded deposition of

12   Kevin Martin in the matter of Menocal versus The GEO

13   Group Inc., filed in the United States District Court

14   of Colorado.

15          This deposition is being held at 205 North

16   First Street, La Conner, Washington 98257.  My name is

17   Danielle Greene.  I am the videographer appearing on

18   behalf of U.S. Legal Support.  The court reporter

19   today is Connie Recob on behalf of U.S. Legal Support.

20   I am not related to any party in this action nor am I

21   financially interested in the outcome.

22          Will counsel please state their appearances

23   for the record.

24          MS. STORK:  Elizabeth Stork for plaintiffs

25   with the firm Outten & Golden.

1        MR. SCIMONE:  Michael Scimone for the
2    plaintiffs, also of Outten & Golden.
3        MS. ANGEL:  Allison Angel for defendant, The
4    GEO Group from Akerman.
5        THE VIDEOGRAPHER:  And will the court
6    reporter please swear in the witness.
7                    KEVIN MARTIN,
8               having been first duly sworn,
9                    was examined and
10                   testified as follows:
11
12                     EXAMINATION
13   BY MS. STORK:
14       Q.  Good morning, Mr. Martin.
15       A.  Good morning.
16       Q.  My name is Elizabeth Stork.  I'm counsel for
17   the plaintiffs in a lawsuit that the videographer just
18   mentioned, Menocal versus The GEO Group.  I'm here
19   with my colleague, Michael Scimone, who's also counsel
20   for the plaintiffs.
21           Could you please state your full name for the
22   record again.
23       A.  Kevin Ken Martin.
24       Q.  And could you state your address, please, as
25   well?

1      A.   524 Klamath Drive, La Conner, Washington
2   98257.
3      Q.   And Mr. Martin, have you ever been deposed
4   before?
5      A.   Not that I recall.
6      Q.   Okay.  So I'm just going to go over some
7   ground rules.  The court reporter can't take down
8   shakes of your head or nods or gestures, so I just ask
9   that you try to give verbal answers to my questions.
10          Does that make sense?
11     A.   Yes, it does.
12     Q.   And for a similar reason, it's important that
13  we don't talk over each other.  So please wait for me
14  to finish my question before you begin to answer and I
15  will also do my best to wait for you to finish
16  answering before I begin asking another question.
17          Does that sound okay?
18     A.   Yes.
19     Q.   And you're under -- you understand you're
20  under oath today?
21     A.   Yes.
22     Q.   And that your testimony today here has the
23  same significance as it would have in a court of law
24  before a jury or a judge?
25     A.   Yes.

```
1         A.   189, okay.
2         Q.   And do you recognize this section of the
3    PBNDS?
4         A.   Yes.
5         Q.   And how did this -- how is this section
6    incorporated into the disciplinary system at GEO?
7         A.   The disciplinary system at GEO is specific.
8    The disciplinary system -- this is the disciplinary
9    system.
10        Q.   So you mentioned before the Detainee
11   Handbook?
12        A.   Yes.
13        Q.   And does the Detainee Handbook lay out these
14   exact rules from the PBNDS for the detainees as far as
15   discipline goes?
16        A.   Yes.
17             MS. ANGEL:  Objection.  You can answer.
18             THE WITNESS:  Yes, it does.
19   BY MS. STORK:
20        Q.   Do you know if there's any deviation from --
21   between the DB -- excuse me, between the GEO Detainee
22   Handbook and the PBNDS as far as disciplinary
23   requirements?
24        A.   Not as far as disciplinary requirements, not
25   that I can recall.
```

```
 1        A.   While I was on IDPs, I'm sure there were
 2   times where we did disciplinary segregation if it was
 3   a 100- or 200-level charge.  I know for a fact I -- I
 4   had to have, but I couldn't give examples of it,
 5   but...
 6        Q.   Okay.  I want to talk just a little bit more
 7   about the disciplinary process.  Turning back to
 8   Exhibit 2 on Page 189, if you see the heading that
 9   says:  "Expected outcomes."
10             Do you see that?
11        A.   Yes.
12        Q.   And under that, No. 2 says:  "Each facility
13   shall have graduated severity scales of prohibited
14   acts and disciplinary consequences."
15             Do you see that?
16        A.   Yes.
17        Q.   So do you recall GEO having its own scale
18   of -- of prohibited acts and disciplinary
19   consequences, or was it just the PBNDS 100 through 400
20   level offenses, the pages we were looking at earlier?
21        A.   It would have been just the -- the PBNDS, the
22   ICE standards, yes, this document.
23        Q.   Okay.  But you said you recalled that there
24   may have been other guidelines that were, you know,
25   guiding the UDC as to which sanctions to assess for a
```

1   who cleans.  All he cares is --

2        Q.  Right.

3        A.  -- what's being cleaned and what chemicals

4   are being used to clean it with.

5        Q.  Yeah.

6        A.  So when he developed this, it wasn't

7   developed as far as, Well, John's going to clean this,

8   but Bill's going to clean that.  It specifically was

9   just about what chemicals would be used to clean.  So

10  he didn't put detail that I understand what you would

11  be looking for.

12       Q.  Right.  Yeah.  Thank you.  I think -- I

13  appreciate that, and I think that's why I'm trying to

14  figure out where that -- where that dividing line was

15  set?

16       A.  Okay.

17       Q.  Like what documents would have said, The

18  five-person crew cleans this and trustees clean that?

19       A.  Okay.

20       Q.  But you're saying there isn't -- there's

21  just -- there was a general understanding in the

22  facility of what the crew was supposed to clean versus

23  what the trustees were supposed to clean?

24       A.  The trustees, it would have been on their job

25  description and their training of what -- of what all

REPORTER'S CERTIFICATE

I, CONNIE A. RECOB, the undersigned Certified Court Reporter, pursuant to RCW 5.28.010 authorized to administer oaths and affirmations in and for the State of Washington, do hereby certify that the sworn testimony and/or proceedings, a transcript of which is attached, was given before me at the time and place stated therein; that any and/or all witness(es) were duly sworn to testify to the truth; that the sworn testimony and/or proceedings were by me stenographically recorded and transcribed under my supervision, to the best of my ability; that the foregoing transcript contains a full, true, and accurate record of all the sworn testimony and/or proceedings given and occurring at the time and place stated in the transcript; that a review of which was requested; that I am in no way related to any party to the matter, nor to any counsel, nor do I have any financial interest in the event of the cause.

WITNESS MY HAND and SIGNATURE this 3rd day of December, 2019.

_____
CONNIE A. RECOB, RMR, CRR
Washington Certified Court Reporter, CCR 2631
c.recob@gmail.com