# EXHIBIT N

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

---

ALEJANDRO MENOCAL, *et al.*,

               Plaintiffs,

   v.

THE GEO GROUP, INC.,

               Defendant.

No. 14 Civ. 2887 (JLK)

---

## PLAINTIFFS' RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SIXTH[1] SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the District of Colorado, Plaintiffs, by their attorneys, make the following supplemental response to Defendant's Sixth Set of Interrogatories, dated March 6, 2020.  Plaintiffs provided responses to GEO's First Set of Requests for Admission on April 6, 2020.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories and Requests for Admission are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to submit additional information, should it become known.  Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts and witnesses may become known, which may in turn warrant additions to or changes in the responses provided

---

[1]     The set of interrogatories to which this pleading responds was styled incorrectly as "GEO Group, Inc.'s Fourth Set of Interrogatories."  GEO's Fourth set of Interrogatories was served on November 14, 2019, and its Fifth set of Interrogatories was served on November 15, 2019.  The numbering of individual interrogatories is, accordingly, corrected herein, to reflect the fact that GEO has served a total of 37 interrogatories prior to serving the current set.

equip Defendant with the means to independently interfere, outside of this litigation, with Plaintiffs' access to funds that might support their claims for restitution for Defendant's violations of the law.

**INTERROGATORY NO. 39 (Numbered 37 By GEO):**

Describe all actions taken by GEO that You allege constitute "force, threats of force, physical restraint, or threats of physical restraint" under 18 U.S.C. § 1589(a)(1).

**RESPONSE TO INTERROGATORY NO. 39:**

Plaintiffs object to this interrogatory as follows:

1. This interrogatory is vague in its use of the term "You,"[2] insofar as it is unclear whether GEO is seeking information about acts specific to the named Plaintiffs in this action or acts that are generally applicable to the Trafficking Victims' Protection Act ("TVPA") Class. Plaintiffs understand this interrogatory to seek information about allegations about acts by GEO that were directed at the TVPA Class and respond accordingly below.

2. While Plaintiffs respond to this interrogatory below as it is drafted (subject to Objection 1), the response to this interrogatory should not be read in isolation from the responses to Interrogatory Nos. 41, 43, and 45 below. The TVPA prohibits persons from obtaining

---

[2] This set of interrogatories purport to incorporate the definitions from GEO's Second Set of Interrogatories, served on November 8, 2017 ("GEO's 2d Rogs"). GEO's 2d Rogs state that "'you' . . . refers to Plaintiffs in this Lawsuit, and any agent or representative of Plaintiffs." It is unclear whether "Plaintiffs" in the first clause refers to the named Plaintiffs who appear in the caption of the lawsuit, or to members of the TVPA Class, which had been certified as of the date of GEO's 2d Rogs. The term "agent or representative" further confuses matters, as if does not specify whether it is intended to refer to attorneys or other agents, or to the TVPA Class representatives (i.e., the named Plaintiffs); to the extent that the term refers to the latter, it creates further ambiguity as to the meaning of the term "Plaintiffs" in the preceding clause, as it suggests that "any agent or representative of Plaintiffs" could refer to a distinct category from "Plaintiffs."

labor "by any one of, or *by any combination of*" the means referred to in each of these interrogatories.

Plaintiffs respond to this interrogatory as follows:

- Plaintiffs allege that GEO threatened members of the TVPA class with discipline up to and including solitary confinement if they refused to comply with GEO's Housing Unit Sanitation Policy ("HUSP").

- Plaintiffs allege that on a number of occasions, GEO placed various class members in solitary confinement when they refused to comply with GEO's HUSP.

## INTERROGATORY NO. 40 (Numbered 38 By GEO):

Describe all tasks You completed as a result of the "force, threats of force, physical restraint, or threats of physical restraint" identified in response to Interrogatory Number [39].

## RESPONSE TO INTERROGATORY NO. 40:

Plaintiffs object to this interrogatory for the reasons described in response to Interrogatory No. 39, Objections 1 and 2, and further object that the cleaning tasks described in this response were completed as the result of a combination of the acts described in response to Interrogatory Nos. 39, 41, 43, and 45.

Plaintiffs respond to this interrogatory as follows:

- Plaintiffs allege that throughout the period covered by Plaintiffs' TVPA claims, members of the TVPA class cleaned the housing pods and common areas pursuant to GEO's Housing Unit Sanitation Policy.

## INTERROGATORY NO. 41 (Numbered 39 By GEO):

Describe all actions taken by GEO that You allege constitute "serious harm or threats of serious harm" under 18 U.S.C. § 1589(a)(2).

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiffs object to this interrogatory for the reasons described in response to

Interrogatory No. 39 (Objections 1 and 2).

Plaintiffs respond to this interrogatory as follows:

- Plaintiffs contend that solitary confinement, as applied by GEO in both

    "administrative segregation" and "disciplinary segregation," causes serious

    psychological harm, and that GEO both threatened to impose that harm on class

    members and, in many cases, did so.

**INTERROGATORY NO. 42 (Numbered 40 By GEO):**

Describe all tasks You completed as a result of the "serious harm or threats of serious harm"

identified in response to Interrogatory Number [41].

**RESPONSE TO INTERROGATORY NO. 42:**

Plaintiffs object to this interrogatory for the reasons described in response to

Interrogatory No. 40.

Plaintiffs respond to this interrogatory as follows:

- See response to Interrogatory No. 40.

**INTERROGATORY NO. 43 (Numbered 41 By GEO):**

Describe all actions taken by GEO that You allege constitute "the abuse or threatened abuse of

law or legal process" under 18 U.S.C. § 1589(a)(3).

**RESPONSE TO INTERROGATORY NO. 43:**

Plaintiffs object to this interrogatory for the reasons described in response to

Interrogatory No. 39 (Objections 1 and 2).

Plaintiffs respond to this interrogatory as follows:

- Plaintiffs contend that GEO knowingly caused members of the TVPA class to believe that disciplinary infractions, including refusal to comply with GEO's HUSP, could have adverse consequences in immigration proceedings that were pending during class members' confinement at the Aurora facility.

**INTERROGATORY NO. 44 (Numbered 42 By GEO):**

Describe all tasks You completed as a result of the "the abuse or threatened abuse of law or legal process" identified in response to Interrogatory Number [43].

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiffs object to this interrogatory for the reasons described in response to Interrogatory No. 40.

Plaintiffs respond to this interrogatory as follows:

- See response to Interrogatory No. 40.

**INTERROGATORY NO. 45 (Numbered 43 By GEO):**

Describe all actions taken by GEO that You allege constitute "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint" under 18 U.S.C. § 1589(a)(4).

**RESPONSE TO INTERROGATORY NO. 45:**

Plaintiffs object to this interrogatory for the reasons described in response to Interrogatory No. 39 (Objections 1 and 2).

Plaintiffs respond to this interrogatory as follows:

- As described in response to Interrogatory Nos. 39-42, Plaintiffs allege that GEO coerced members of the TVPA class to perform work through the HUSP using

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

---

ALEJANDRO MENOCAL, *et al.*,

          Plaintiffs,

   v.

THE GEO GROUP, INC.,

          Defendant.

No. 14 Civ. 2887 (JLK)

---

## PLAINTIFF ALEJANDRO MENOCAL'S SUPPLEMENTAL RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SIXTH[1] SET OF INTERROGATORIES

Pursuant to Rules 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Colorado, Plaintiff Alejandro Menocal, by his attorneys, makes the following supplemental response to Defendant's Sixth Set of Interrogatories, dated March 6, 2020.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to submit additional information, should it become known. Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts and witnesses may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs.

---

[1] The set of interrogatories to which this pleading responds was styled incorrectly as "GEO Group, Inc.'s Fourth Set of Interrogatories." GEO's Fourth set of Interrogatories was served on November 14, 2019, and its Fifth set of Interrogatories was served on November 15, 2019. The numbering of individual interrogatories is, accordingly, corrected herein, to reflect the fact that GEO has served a total of 37 interrogatories prior to serving the current set.

Plaintiff's access to funds that might support their claims for restitution for Defendant's violations of the law.

**INTERROGATORY NO. 39 (Numbered 37 By GEO):**

Describe all actions taken by GEO that You allege constitute "force, threats of force, physical restraint, or threats of physical restraint" under 18 U.S.C. § 1589(a)(1).

**RESPONSE TO INTERROGATORY NO. 39:**

Plaintiff objects to this interrogatory as follows:

1. This interrogatory is vague in its use of the term "You."[2]  First, this interrogatory does not specify sufficiently which acts it seeks to identify.  Plaintiffs respond to this interrogatory based on the understanding that it seeks acts that were directly experienced by the individual named Plaintiffs, based on GEO's representations.  Second, although GEO clarified in a conference on April 30, 2020 that this interrogatory sought individualized responses from each of the named Plaintiffs, this interrogatory is phrased in terms of Plaintiffs' allegations, which are not styled as individual claims, but rather as classwide claims and allegations that derive from GEO's policies and practices that were common to the TVPA Class.  Accordingly, Plaintiffs allege in this case that the individual acts which each of them experienced are part of a combination of acts which constitute a unified

---

[2]     This set of interrogatories purport to incorporate the definitions from GEO's Second Set of Interrogatories, served on November 8, 2017 ("GEO's 2d Rogs").  GEO's 2d Rogs state that "'you' . . . refers to Plaintiffs in this Lawsuit, and any agent or representative of Plaintiffs."  It is unclear whether "Plaintiffs" in the first clause refers to the named Plaintiffs who appear in the caption of the lawsuit, or to members of the TVPA Class, which had been certified as of the date of GEO's 2d Rogs.  The term "agent or representative" further confuses matters, as if does not specify whether it is intended to refer to attorneys or other agents, or to the TVPA Class representatives (i.e., the named Plaintiffs); to the extent that the term refers to the latter, it creates further ambiguity as to the meaning of the term "Plaintiffs" in the preceding clause, as it suggests that "any agent or representative of Plaintiffs" could refer to a distinct category from "Plaintiffs."

"scheme, plan, or pattern intended to cause" the members of the TVPA Class to believe
that if they did not perform labor under GEO's HUSP, they would suffer serious harm
and/or physical restraint.

2. While Plaintiff responds to this interrogatory below as it is drafted (subject to Objection
1), the response to this interrogatory should not be read in isolation from the responses to
Interrogatory Nos. 41, 43, and 45 below.  The TVPA prohibits persons from obtaining
labor "by any one of, or *by any combination of*" the means referred to in each of these
interrogatories.

Subject to these objections, Plaintiff Menocal responds to this interrogatory by
incorporating his responses to GEO's Interrogatory Nos. 27 and 28, which were served on
Defendant on January 19, 2018, and his declaration dated May 6, 2016 (ECF No. 49-2).
Moreover, Plaintiff alleges that GEO communicated in the Detainee Handbook, Local
Supplement, Bates No. PL000029-55, that he and other members of the TVPA Class could be
subjected to discipline, including solitary confinement, for refusing to clean pursuant to the
HUSP.  *Id*. at PL000047, 53-55.  GEO also communicated in an orientation video shown to
detainees that they would be subject to discipline for failing to follow rules that included
mandatory cleaning pursuant to the HUSP.  *See* GEO_MEN00052387 at slides 2, 7.

**INTERROGATORY NO. 40 (Numbered 38 By GEO):**

Describe all tasks You completed as a result of the "force, threats of force, physical restraint, or
threats of physical restraint" identified in response to Interrogatory Number [39].

**RESPONSE TO INTERROGATORY NO. 40:**

Plaintiff objects to this interrogatory for the reasons described in response to
Interrogatory No. 39, Objections 1 and 2, and further object that the cleaning tasks described in

this response were completed as the result of a combination of the acts described in response to Interrogatory Nos. 39, 41, 43, and 45.

Subject to these objections, Plaintiff Menocal responds to this interrogatory by incorporating his responses to GEO's Interrogatory Nos. 29, 30, and 32, which were served on Defendant on January 19, 2018, and his declaration dated May 6, 2016 (ECF No. 49-2).

**INTERROGATORY NO. 41 (Numbered 39 By GEO):**

Describe all actions taken by GEO that You allege constitute "serious harm or threats of serious harm" under 18 U.S.C. § 1589(a)(2).

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39 (Objections 1 and 2). See Plaintiff's response to Interrogatory No. 39.

**INTERROGATORY NO. 42 (Numbered 40 By GEO):**

Describe all tasks You completed as a result of the "serious harm or threats of serious harm" identified in response to Interrogatory Number [41].

**RESPONSE TO INTERROGATORY NO. 42:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 40. See Plaintiff's response to Interrogatory No. 40.

**INTERROGATORY NO. 43 (Numbered 41 By GEO):**

Describe all actions taken by GEO that You allege constitute "the abuse or threatened abuse of law or legal process" under 18 U.S.C. § 1589(a)(3).

**RESPONSE TO INTERROGATORY NO. 43:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39 (Objections 1 and 2).

Plaintiff Menocal responds to this interrogatory that GEO knowingly caused him to believe that disciplinary infractions, including refusal to comply with GEO's HUSP, could have adverse consequences in his immigration proceeding that was pending during his confinement at the Aurora facility.  *See* PL 000032-33

**INTERROGATORY NO. 44 (Numbered 42 By GEO):**

Describe all tasks You completed as a result of the "the abuse or threatened abuse of law or legal process" identified in response to Interrogatory Number [43].

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 40.  See Plaintiff's response to Interrogatory No. 40.

**INTERROGATORY NO. 45 (Numbered 43 By GEO):**

Describe all actions taken by GEO that You allege constitute "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint" under 18 U.S.C. § 1589(a)(4).

**RESPONSE TO INTERROGATORY NO. 45:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39 (Objections 1 and 2).

Plaintiff Menocal responds that, as described in response to Interrogatory Nos. 39-42, he alleges that GEO coerced him and members of the TVPA class to perform work through the HUSP using threats of discipline, including solitary confinement, and by subjecting detainees to discipline, including solitary confinement, for refusing to clean under the HUSP.  Specific instances of this scheme, plan, and pattern are identified in response to Interrogatory No. 39.

DocuSign Envelope ID: 28BAD66D-D4ED-49A4-9BD0-899E7FF1B304

**VERIFICATION**

I, Alejandro Menocal, verify subject to the penalty of perjury that the foregoing

SUPPLEMENTAL RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SIXTH SET

OF INTERROGATORIES are true and correct to the best of my knowledge and belief.

Dated: May ___, 2020                    By: _____

5/25/2020

Alejandro Menocal

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

ALEJANDRO MENOCAL, *et al.*,

        Plaintiffs,

    v.

THE GEO GROUP, INC.,

        Defendant.

No. 14 Civ. 2887 (JLK)

## PLAINTIFF GRISEL XAHUENTITLA'S SUPPLEMENTAL RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SIXTH[1] SET OF INTERROGATORIES

Pursuant to Rules 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Colorado, Plaintiff Grisel Xahuentitla, by her attorneys, makes the following supplemental response to Defendant's Sixth Set of Interrogatories, dated January 22, 2020.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to submit additional information, should it become known. Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts and witnesses may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs.

---

[1] The set of interrogatories to which this pleading responds was styled incorrectly as "GEO Group, Inc.'s Fourth Set of Interrogatories." GEO's Fourth set of Interrogatories was served on November 14, 2019, and its Fifth set of Interrogatories was served on November 15, 2019. The numbering of individual interrogatories is, accordingly, corrected herein, to reflect the fact that GEO has served a total of 37 interrogatories prior to serving the current set.

DocuSign Envelope ID: FD780E7B-FF01-4D04-A94D-20DD6EAC0B5E

Plaintiff's access to funds that might support their claims for restitution for Defendant's violations of the law.

**INTERROGATORY NO. 39 (Numbered 37 By GEO):**

Describe all actions taken by GEO that You allege constitute "force, threats of force, physical restraint, or threats of physical restraint" under 18 U.S.C. § 1589(a)(1).

**RESPONSE TO INTERROGATORY NO. 39:**

Plaintiff objects to this interrogatory as follows:

1. This interrogatory is vague in its use of the term "You."[2] First, this interrogatory does not specify sufficiently which acts it seeks to identify. Plaintiffs respond to this interrogatory based on the understanding that it seeks acts that were directly experienced by the individual named Plaintiffs, based on GEO's representations. Second, although GEO clarified in a conference on April 30, 2020 that this interrogatory sought individualized responses from each of the named Plaintiffs, this interrogatory is phrased in terms of Plaintiffs' allegations, which are not styled as individual claims, but rather as classwide claims and allegations that derive from GEO's policies and practices that were common to the TVPA Class. Accordingly, Plaintiffs allege in this case that the individual acts which each of them experienced are part of a combination of acts which constitute a unified

---

[2]    This set of interrogatories purport to incorporate the definitions from GEO's Second Set of Interrogatories, served on November 8, 2017 ("GEO's 2d Rogs"). GEO's 2d Rogs state that "'you' . . . refers to Plaintiffs in this Lawsuit, and any agent or representative of Plaintiffs." It is unclear whether "Plaintiffs" in the first clause refers to the named Plaintiffs who appear in the caption of the lawsuit, or to members of the TVPA Class, which had been certified as of the date of GEO's 2d Rogs. The term "agent or representative" further confuses matters, as it does not specify whether it is intended to refer to attorneys or other agents, or to the TVPA Class representatives (i.e., the named Plaintiffs); to the extent that the term refers to the latter, it creates further ambiguity as to the meaning of the term "Plaintiffs" in the preceding clause, as it suggests that "any agent or representative of Plaintiffs" could refer to a distinct category from "Plaintiffs."

DocuSign Envelope ID: FD780E7B-FF01-4D04-A94D-20DD6EAC0B5E

"scheme, plan, or pattern intended to cause" the members of the TVPA Class to believe that if they did not perform labor under GEO's HUSP, they would suffer serious harm and/or physical restraint.

2.  While Plaintiff responds to this interrogatory below as it is drafted (subject to Objection 1), the response to this interrogatory should not be read in isolation from the responses to Interrogatory Nos. 41, 43, and 45 below. The TVPA prohibits persons from obtaining labor "by any one of, or *by any combination of*" the means referred to in each of these interrogatories.

Subject to these objections, Plaintiff Xahuentitla responds to this interrogatory by incorporating her responses to GEO's Interrogatory Nos. 27 and 28, which were served on Defendant on January 22, 2018, and her declaration dated May 6, 2016 (ECF No. 49-3). Moreover, Plaintiff alleges that GEO communicated in the Detainee Handbook, Local Supplement, Bates No. PL000029-55, that she and other members of the TVPA Class could be subjected to discipline, including solitary confinement, for refusing to clean pursuant to the HUSP. *Id*. at PL000047, 53-55. GEO also communicated in an orientation video shown to detainees that they would be subject to discipline for failing to follow rules that included mandatory cleaning pursuant to the HUSP. *See* GEO_MEN00052387 at slides 2, 7. Plaintiff further responds that on one occasion she and other detainees offered to clean in place of a detainee who was ill. A detention officer told Plaintiff and the other detainees to return to their cells and that the ill detainee would be sent to solitary confinement if she did not clean. Plaintiff does not remember exactly when this incident occurred or the name of the detention officer or other detainees involved.

DocuSign Envelope ID: FD780E7B-FF01-4D04-A94D-20DD6EAC0B5E

**INTERROGATORY NO. 40 (Numbered 38 By GEO):**

Describe all tasks You completed as a result of the "force, threats of force, physical restraint, or threats of physical restraint" identified in response to Interrogatory Number [39].

**RESPONSE TO INTERROGATORY NO. 40:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39, Objections 1 and 2, and further objects that the cleaning tasks described in this response were completed as the result of a combination of the acts described in response to Interrogatory Nos. 39, 41, 43, and 45.

Subject to these objections, Plaintiff Xahuentitla responds to this interrogatory by incorporating her responses to GEO's Interrogatory Nos. 29, 30, and 32, which were served on Defendant on January 22, 2018, and her declaration dated May 6, 2016 (ECF No. 49-3).

**INTERROGATORY NO. 41 (Numbered 39 By GEO):**

Describe all actions taken by GEO that You allege constitute "serious harm or threats of serious harm" under 18 U.S.C. § 1589(a)(2).

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39 (Objections 1 and 2). See Plaintiff's response to Interrogatory No. 39.

**INTERROGATORY NO. 42 (Numbered 40 By GEO):**

Describe all tasks You completed as a result of the "serious harm or threats of serious harm" identified in response to Interrogatory Number [41].

**RESPONSE TO INTERROGATORY NO. 42:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 40. See Plaintiff's response to Interrogatory No. 40.

DocuSign Envelope ID: FD780E7B-FF01-4D04-A94D-20DD6EAC0B5E

**INTERROGATORY NO. 43 (Numbered 41 By GEO):**

Describe all actions taken by GEO that You allege constitute "the abuse or threatened abuse of law or legal process" under 18 U.S.C. § 1589(a)(3).

**RESPONSE TO INTERROGATORY NO. 43:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39 (Objections 1 and 2).

Plaintiff Xahuentitla responds to this interrogatory that GEO knowingly caused her to believe that disciplinary infractions, including refusal to comply with GEO's HUSP, could have adverse consequences in her immigration proceeding that was pending during her confinement at the Aurora facility.

**INTERROGATORY NO. 44 (Numbered 42 By GEO):**

Describe all tasks You completed as a result of the "the abuse or threatened abuse of law or legal process" identified in response to Interrogatory Number [43].

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 40.  See Plaintiff's response to Interrogatory No. 40.

**INTERROGATORY NO. 45 (Numbered 43 By GEO):**

Describe all actions taken by GEO that You allege constitute "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint" under 18 U.S.C. § 1589(a)(4).

DocuSign Envelope ID: FD780E7B-FF01-4D04-A94D-20DD6EAC0B5E

**VERIFICATION**

I, Grisel Xahuentitla, verify subject to the penalty of perjury that the foregoing

SUPPLEMENTAL RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SIXTH SET

OF INTERROGATORIES are true and correct to the best of my knowledge and belief.


Dated: 5/29/2020          , 2020          By: _____

Grisel Xahuentitla

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

ALEJANDRO MENOCAL, *et al.*,

          Plaintiffs,

    v.

THE GEO GROUP, INC.,

          Defendant.

No. 14 Civ. 2887 (JLK)

## PLAINTIFF LOURDES ARGUETA'S SUPPLEMENTAL RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SIXTH[1] SET OF INTERROGATORIES

Pursuant to Rules 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Colorado, Plaintiff Lourdes Argueta, by her attorneys, makes the following supplemental response to Defendant's Sixth Set of Interrogatories, dated March 6, 2020.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to submit additional information, should it become known. Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts and witnesses may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs.

---

[1]     The set of interrogatories to which this pleading responds was styled incorrectly as "GEO Group, Inc.'s Fourth Set of Interrogatories." GEO's Fourth set of Interrogatories was served on November 14, 2019, and its Fifth set of Interrogatories was served on November 15, 2019. The numbering of individual interrogatories is, accordingly, corrected herein, to reflect the fact that GEO has served a total of 37 interrogatories prior to serving the current set.

Plaintiff's access to funds that might support their claims for restitution for Defendant's violations of the law.

**INTERROGATORY NO. 39 (Numbered 37 By GEO):**

Describe all actions taken by GEO that You allege constitute "force, threats of force, physical restraint, or threats of physical restraint" under 18 U.S.C. § 1589(a)(1).

**RESPONSE TO INTERROGATORY NO. 39:**

Plaintiff objects to this interrogatory as follows:

1. This interrogatory is vague in its use of the term "You."[2] First, this interrogatory does not specify sufficiently which acts it seeks to identify. Plaintiffs respond to this interrogatory based on the understanding that it seeks acts that were directly experienced by the individual named Plaintiffs, based on GEO's representations. Second, although GEO clarified in a conference on April 30, 2020 that this interrogatory sought individualized responses from each of the named Plaintiffs, this interrogatory is phrased in terms of Plaintiffs' allegations, which are not styled as individual claims, but rather as classwide claims and allegations that derive from GEO's policies and practices that were common to the TVPA Class. Accordingly, Plaintiffs allege in this case that the individual acts which each of them experienced are part of a combination of acts which constitute a unified

---

[2]    This set of interrogatories purport to incorporate the definitions from GEO's Second Set of Interrogatories, served on November 8, 2017 ("GEO's 2d Rogs"). GEO's 2d Rogs state that "'you' . . . refers to Plaintiffs in this Lawsuit, and any agent or representative of Plaintiffs." It is unclear whether "Plaintiffs" in the first clause refers to the named Plaintiffs who appear in the caption of the lawsuit, or to members of the TVPA Class, which had been certified as of the date of GEO's 2d Rogs. The term "agent or representative" further confuses matters, as it does not specify whether it is intended to refer to attorneys or other agents, or to the TVPA Class representatives (i.e., the named Plaintiffs); to the extent that the term refers to the latter, it creates further ambiguity as to the meaning of the term "Plaintiffs" in the preceding clause, as it suggests that "any agent or representative of Plaintiffs" could refer to a distinct category from "Plaintiffs."

"scheme, plan, or pattern intended to cause" the members of the TVPA Class to believe that if they did not perform labor under GEO's HUSP, they would suffer serious harm and/or physical restraint.

2. While Plaintiff responds to this interrogatory below as it is drafted (subject to Objection 1), the response to this interrogatory should not be read in isolation from the responses to Interrogatory Nos. 41, 43, and 45 below. The TVPA prohibits persons from obtaining labor "by any one of, or *by any combination of*" the means referred to in each of these interrogatories.

Subject to these objections, Plaintiff Argueta responds to this interrogatory by incorporating her responses to GEO's Interrogatory Nos. 27 and 28, which were served on Defendant on March 6, 2018, and her declaration dated May 6, 2016 (ECF No. 49-4). Moreover, Plaintiff alleges that GEO communicated in the Detainee Handbook, Local Supplement, Bates No. PL000029-55, that she and other members of the TVPA Class could be subjected to discipline, including solitary confinement, for refusing to clean pursuant to the HUSP. *Id*. at PL000047, 53-55. GEO also communicated in an orientation video shown to detainees that they would be subject to discipline for failing to follow rules that included mandatory cleaning pursuant to the HUSP. *See* GEO_MEN00052387 at slides 2, 7.

**INTERROGATORY NO. 40 (Numbered 38 By GEO):**

Describe all tasks You completed as a result of the "force, threats of force, physical restraint, or threats of physical restraint" identified in response to Interrogatory Number [39].

**RESPONSE TO INTERROGATORY NO. 40:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39, Objections 1 and 2, and further objects that the cleaning tasks described in

4

this response were completed as the result of a combination of the acts described in response to

Interrogatory Nos. 39, 41, 43, and 45.

Subject to these objections, Plaintiff Argueta responds to this interrogatory by

incorporating her responses to GEO's Interrogatory Nos. 29, 30, and 32, which were served on

Defendant on March 6, 2018, and her declaration dated May 6, 2016 (ECF No. 49-4).

**INTERROGATORY NO. 41 (Numbered 39 By GEO):**

Describe all actions taken by GEO that You allege constitute "serious harm or threats of serious

harm" under 18 U.S.C. § 1589(a)(2).

**RESPONSE TO INTERROGATORY NO. 41:**

Plaintiff objects to this interrogatory for the reasons described in response to

Interrogatory No. 39 (Objections 1 and 2). See Plaintiff's response to Interrogatory No. 39.

**INTERROGATORY NO. 42 (Numbered 40 By GEO):**

Describe all tasks You completed as a result of the "serious harm or threats of serious harm"

identified in response to Interrogatory Number [41].

**RESPONSE TO INTERROGATORY NO. 42:**

Plaintiff objects to this interrogatory for the reasons described in response to

Interrogatory No. 40. See Plaintiff's response to Interrogatory No. 40.

**INTERROGATORY NO. 43 (Numbered 41 By GEO):**

Describe all actions taken by GEO that You allege constitute "the abuse or threatened abuse of

law or legal process" under 18 U.S.C. § 1589(a)(3).

**RESPONSE TO INTERROGATORY NO. 43:**

Plaintiff objects to this interrogatory for the reasons described in response to

Interrogatory No. 39 (Objections 1 and 2).

Plaintiff Argueta responds to this interrogatory that GEO knowingly caused her to believe that disciplinary infractions, including refusal to comply with GEO's HUSP, could have adverse consequences in her immigration proceeding that was pending during her confinement at the Aurora facility.

**INTERROGATORY NO. 44 (Numbered 42 By GEO):**

Describe all tasks You completed as a result of the "the abuse or threatened abuse of law or legal process" identified in response to Interrogatory Number [43].

**RESPONSE TO INTERROGATORY NO. 44:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 40.  See Plaintiff's response to Interrogatory No. 40.

**INTERROGATORY NO. 45 (Numbered 43 By GEO):**

Describe all actions taken by GEO that You allege constitute "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint" under 18 U.S.C. § 1589(a)(4).

**RESPONSE TO INTERROGATORY NO. 45:**

Plaintiff objects to this interrogatory for the reasons described in response to Interrogatory No. 39 (Objections 1 and 2).

Plaintiff Argueta responds that, as described in response to Interrogatory Nos. 39-42, she alleges that GEO coerced her and members of the TVPA class to perform work through the HUSP using threats of discipline, including solitary confinement, and by subjecting detainees to discipline, including solitary confinement, for refusing to clean under the HUSP.  Specific instances of this scheme, plan, and pattern are identified in response to Interrogatory No. 39.

DocuSign Envelope ID: 9F804E50-97F8-4967-BE7B-877F23F0BF1B

## VERIFICATION

I, Lourdes Argueta, verify subject to the penalty of perjury that the foregoing

SUPPLEMENTAL RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SIXTH SET

OF INTERROGATORIES are true and correct to the best of my knowledge and belief.

5/25/2020

Dated: May ___, 2020                    By: _____

DocuSigned by:

C1613A9676A94D9...

Lourdes Argueta