# EXHIBIT O

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

### PLAINTIFF ALEJANDRO MENOCAL LEPE'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alejandro Menocal Lepe ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

### PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that he was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least one day per week for the approximately three months Plaintiff was detained in the Aurora facility.  Plaintiff recalls that post-meal-service cleaning assignments pursuant to the Housing Unit Sanitation Policy rotated between him and other members of his pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

time. When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to his response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning work performed pursuant to the Housing Unit Sanitation Policy. Plaintiff cannot recall specific details for each and every instance identified above. Notwithstanding this, to the best of his recollection, Plaintiff estimates that he cleaned for approximately one hour after each of three meals, or approximately three hours per day, on the days he was assigned post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy. During such cleaning, Plaintiff's responsibilities typically included sweeping floors, mopping floors, wiping down tables, and clearing dishes.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

## VERIFICATION

I, Alejandro Menocal Lepe, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  January 19, 2018            By: _____

                                        Alejandro Menocal Lepe

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

### PLAINTIFF DEMETRIO VALERGA'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

     Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Demetrio Valerga ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

## PRELIMINARY STATEMENT

     All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff recalls one ICE officer, Chris Jones, explaining to Plaintiff that he could be punished for failing to clean.  Plaintiff does not recall when this occurred.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that he was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least two days per week for approximately two months starting in or around September 2013.  Plaintiff recalls that post-meal-service cleaning assignments pursuant to the Housing Unit Sanitation Policy rotated between him and other members of his pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time.  When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

## VERIFICATION

I, Demetrio Valerga, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated: January 19, 2018          By: _____
                                      Demetrio Valerga

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

### PLAINTIFF GRISEL XAHUENTITLA FLORES'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

      Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Grisel Xahuentitla Flores ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

### PRELIMINARY STATEMENT

      All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of her recollection, Plaintiff estimates that she was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least two to three days per week for the approximately four months Plaintiff was detained in the Aurora facility. Plaintiff recalls that post-meal-service cleaning assignments pursuant to the

Housing Unit Sanitation Policy rotated between her and other members of her pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time.  When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.   Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to her response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning work performed pursuant to the Housing Unit Sanitation Policy.  Plaintiff cannot recall specific details for each and every instance identified above.  Notwithstanding this, to the best of her recollection, Plaintiff estimates that she cleaned for approximately one hour after each of three meals, or approximately three hours per day, on the days she was assigned post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy. During such cleaning, Plaintiff's responsibilities typically included sweeping floors, mopping floors, wiping down tables, and clearing dishes.

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

## VERIFICATION

I, Grisel Xahuentitla Flores, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  January 22, 2018          By: _____

                                      Grisel Xahuentitla Flores

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

**PLAINTIFF JESUS YEPEZ GAYTAN'S OBJECTIONS AND RESPONSES TO
DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY
REQUESTS TO PLAINTIFFS**

---

      Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jesus

Yepez Gaytan ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and

responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery

Requests to Plaintiffs.

## PRELIMINARY STATEMENT

      All responses to the following Interrogatories are based on information currently known

to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known.  Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may

become known, which may in turn warrant additions to or changes in the responses provided

herein.  These responses are made in a good faith effort to supply such information as is

1

relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff cannot recall whether a DHS/ICE official threatened him with administrative or disciplinary segregation for failing to clean because he was not sure whether any of the guards were employees of DHS or ICE.  It is possible that a DHS/ICE official threatened him with solitary for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of his recollection, Plaintiff recalls that post-meal-service cleaning assignments pursuant to the Housing Unit Sanitation Policy rotated between him and other members of his pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time.  When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.   Plaintiff recalls being assigned to post-meal-service cleaning under the Housing Unit

Sanitation Policy several times during the time he was detained at the Aurora detention facility, but cannot recall specifically how many times or on which occasions he was forced to clean under the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.   Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall all specific dates and details for each and every instance identified above. Notwithstanding this, to the best of his recollection, Plaintiff estimates that he worked approximately one and a half hours every day that he was assigned post-meal-service cleaning under the Housing Unit Sanitation policy.  During such cleaning, Plaintiff's responsibilities typically included cleaning tables and the bathrooms and mopping the floor.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

6

**VERIFICATION**

I, Jesus Yepez Gaytan, verify subject to the penalty of perjury that the foregoing OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the best of my knowledge and belief.

Dated: 2/2/18                    By: _____
                                     Jesus Yepez Gaytan

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

## PLAINTIFF OLGA ALEXAKLINA'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Olga Alexaklina ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

### PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this Interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of her recollection, Plaintiff estimates that she was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least four days per week for the entire time she was detained in the Aurora Facility. Plaintiff recalls that post-meal-service assignments to clean pursuant to the Housing Unit Sanitation Policy rotated between her and other members of her pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time.  When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

## VERIFICATION

I, Olga Alexaklina, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  January 31, 2018          By: _____

                                      Olga Alexaklina

16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

## PLAINTIFF HUGO HERNANDEZ CEREN'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Hugo Hernandez Ceren ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of his recollection, Plaintiff estimates that when he was assigned post-meal-service cleaning responsibilities during the seven months he was detained at the Aurora Detention facility, he had to clean three times a day after every meal.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

5

## VERIFICATION

I, Hugo Hernandez Ceren, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.

Dated:                                    By: _____
                                               Hugo Hernandez Ceren

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

**PLAINTIFF DAGOBERTO VIZGUERRA'S OBJECTIONS AND RESPONSES TO
DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY
REQUESTS TO PLAINTIFFS**

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Dagoberto

Vizguerra ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to

The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to

Plaintiffs.

**PRELIMINARY STATEMENT**

All responses to the following Interrogatories are based on information currently known

to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known. Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may

become known, which may in turn warrant additions to or changes in the responses provided

herein. These responses are made in a good faith effort to supply such information as is

1

relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that he was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy three times a day, after every meal, at least once a week during the time he was detained in the Aurora facility.

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

**PLAINTIFF LOURDES ARGUETA'S OBJECTIONS AND RESPONSES TO
DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY
REQUESTS TO PLAINTIFFS**

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Lourdes

Argueta ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to

The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to

Plaintiffs.

**<u>PRELIMINARY STATEMENT</u>**

All responses to the following Interrogatories are based on information currently known

to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known. Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may

become known, which may in turn warrant additions to or changes in the responses provided

herein. These responses are made in a good faith effort to supply such information as is

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall directly receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of her recollection, Plaintiff estimates that she was assigned cleaning responsibilities pursuant to the Housing Unit Sanitation Policy between two days and several days per week for approximately the first two months Plaintiff was detained in the Aurora facility. The number of assignments per week varied in part based on the number of detainees in the facility at any given time. Plaintiff also estimates that after the first two months

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

she was detained in the Aurora facility, she was assigned cleaning responsibilities pursuant to the Housing Unit Sanitation Policy occasionally.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.   Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall the precise dates or number of times Plaintiff was assigned to or otherwise required to clean pursuant to the Housing Unit Sanitation Policy, but Plaintiff refers Defendant to her response to Interrogatory No. 29 above with respect to frequency of work performed pursuant to the Housing Unit Sanitation Policy.  Plaintiff cannot recall specific details for each and every instance identified above.  Notwithstanding this, to the best of her recollection, Plaintiff estimates that she worked approximately one hour in the morning and one hour in the afternoon on each day that she was assigned to clean pursuant to the Housing Unit Sanitation Policy.  When she was assigned to clean pursuant to the Housing Unit Sanitation Policy, her tasks involved cleaning, sweeping, and mopping the common spaces in the pod, such as bathrooms and showers, cleaning the eating area, washing windows, cleaning tables and the patio, and removing trash from the pods.

**INTERROGATORY NO. 31:**

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

**VERIFICATION**

I, Lourdes Argueta, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  March 6, 2018                    By: _____
                                         Lourdes Argueta