**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.: 1:14-cv-2887-JLK-MEH**

ALEJANDRO MENOCAL

     Plaintiffs,

v.

THE GEO GROUP, Inc.,

     Defendants.

---

**PLAINTIFF HUGO HERNANDEZ CEREN'S EMERGENCEY PETITION**
**FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM**
**PURSUANT TO 28 U.S.C. § 2241(c)(5)**

---

Pursuant to 28 U.S.C. § 2241(c)(5) and 28 U.S.C. § 1651 (the All Writs Act), Plaintiff and Class Representative Hugo Hernandez Ceren respectfully petitions this Court for a Writ of Habeas Corpus Ad Testificandum requiring the federal government to produce him for live deposition testimony prior to effectuating his removal from the United States, which Mr. Hernandez believes to be imminent. As good cause for this Motion, Plaintiff states as follows:

### Introduction

Plaintiff and Class Representative Hugo Hernandez Ceren is currently detained in the custody of U.S. Immigration and Customs Enforcement ("ICE") subject to a judicially final order of removal. *See Hernandez-Ceren* v. *Barr*, No. 18-72612 (9th Cir. Jun. 5, 2020) (issuing the mandate). The parties in this case

1

had targeted June 15, 2020, for Mr. Hernandez's deposition. However, within the next several days, the United States Government intends to deport Mr. Hernandez to El Salvador, where he has twice been tortured by police and transnational criminal organizations following prior ICE removals. The federal government has elected to deport Mr. Hernandez now, while its contracting partner, Defendant The GEO Group, Inc. ("GEO"), seeks his deposition.  GEO, in turn, has expressed its desire to depose Mr. Hernandez before the remaining Class Representatives.

Before seeking this relief, Mr. Hernandez pursued nearly every conceivable avenue to halt his removal so that he may provide the testimony GEO requests prior to his deportation. All proved fruitless. These attempts include requests to the United States Court of Appeals for the Ninth Circuit to reconsider its decision and forestall issuing the mandate, a request for an emergency stay of removal directed to the Board of Immigration Appeals ("BIA"), a written request to the U.S. Immigration and Customs Enforcement ("ICE") officer responsible for investigating human trafficking and ensuring its victims are allowed Continued Presence in the United States while their federal claims are pending, ongoing conferrals with the U.S. Attorney's Office for the District of Colorado, and an unsuccessful request to this Court to halt Mr. Hernandez's deportation based on the due-process and Administrative Procedure Act violations it would cause. *See Hernandez v. Wolf*, No. 1:20-cv-1628 (D. Colo. filed Jun. 5, 2020).  At every turn,

the government opposed these requests, and re-affirmed its intent to remove Mr. Hernandez as soon as it can.

Mr. Hernandez therefore respectfully seeks an Emergency Writ of Habeas Corpus Ad Testificandum directed to Matthew Albence, ICE's Acting Director, and Diane Witte, the Field Office Director of ICE's New Orleans Field Office, requiring ICE – Mr. Hernandez's legal and physical custodian – to produce him for live deposition testimony prior to removing him from the United States. A proposed order accompanies this filing.

Counsel for Plaintiff has conferred with Assistant U.S. Attorney Timothy Jafek regarding the government's position on this request, but has not yet received a response. Undersigned counsel hereby certifies that a copy of this document and the proposed order are being provided to Mr. Jafek by e-mail immediately upon filing them in this Court's CM/ECF system.

## Legal Standard

"The authority to issue writs of habeas corpus ad testificandum is expressly conferred by 28 U.S.C. 2241(c)(5)," and allows a federal court in its discretion "to secure the appearance of a state or federal prisoner as a witness in federal court." *Mitchell v. Howard*, No. 14-CV-1068-WYD-NYW, 2015 WL 5728765, at *2 (D. Colo. Sept. 30, 2015). "The writ of habeas corpus ad testificandum is a common law writ of ancient origin. Its object is to direct the custodian of a desired witness who is incarcerated to bring such witness into court to give testimony. The granting of the writ rests largely within the discretion of the court." *Gilmore v.*

*United States*, 129 F.2d 199, 202 (10th Cir. 1942). *See also Brady v. United States*, 433 F.3d 924, 925 (10th Cir. 1970) (affirming the abuse-of-discretion standard of review).

"A prisoner does not have an absolute right to be present at his civil trial or pretrial proceedings," and "[i]n determining whether to grant the writ, the court must weigh the prisoner's need to be present against concerns of expense, security, logistics and docket control." *Mitchell v. Howard*, No. 14-CV-1068-WYD-NYW, 2015 WL 5728765, at *2 (D. Colo. Sept. 30, 2015) (quoting *Hawkins v. Maynard*, 89 F.3d 850, 1996 WL 335234, at *1 (10th Cir. June 18, 1996) (unpublished table case)). "In exercising that discretion, a court 'must weigh the prisoner's need to be present against concerns of expense, security, logistics and docket control' (the '*Muhammad* factors'). *Id.* (quoting *Muhammad v. Warden*, *Baltimore City Jail*, 849 F.2d 107, 111-12 (4th Cir. 1988)). These factors apply regardless of whether the person in custody is a litigant or a nonparty witness. *Session v. Romero*, Civil Action No. 14-cv-02406-PAB-KLM, Dkt. No. 382 at 1 (D. Colo. Dec. 10, 2018).

## Argument

This Court should grant Mr. Hernandez's Motion and issue the Writ because all of the *Muhammad* factors weigh in his favor, and because additional considerations weigh heavily in favor of this Court exercising its sound discretion to allow Mr. Hernandez to testify from inside the United States prior to removal.

*First*, his need to be present for deposition testimony is paramount, given the practical impossibility of conducting his deposition in El Salvador amidst a global pandemic. *See generally*, United States Department of State El Salvador Travel Advisory (Jan. 29, 2019) (advising Americans to "reconsider travel due to: Crime.") *available at* https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/el-salvador-travel-advisory.html. The State Department subsequently adjusted its recommendations as part of the global No Travel warning issued in the wake of the pandemic. *Id.*

Mr. Hernandez is among the last remaining Class Representatives in the United States who GEO has not deposed. His testimony is vital to the Class's prosecution of its case, and GEO is entitled to depose him. Without Mr. Hernandez's testimony prior to removal, all parties' interests will be severely prejudiced.

The *second* factor – expense – weighs heavily in Plaintiff's favor. That is because Mr. Hernandez is currently housed at the Etowah County Detention Center in Gadsden, Alabama, for which ICE pays the Sheriff $45 per person per night. Freedom for Immigrants, Detention in Your District (Dec. 2019) *available at* https://static1.squarespace.com/static/5a33042eb078691c386e7bce/t/5e455feee 0ad8d502af18020/1581604846775/DIYD+AL+4+FINAL.pdf. A delay of 14-21 days to allow for Mr. Hernandez's testimony will cost the government less than

$1,000.00, while his testimony stands to assist the Classes this Court certified recover up to tens of millions of dollars in damages.

*Third*, there are zero security concerns with requiring ICE to keep Mr. Hernandez in the same jail where he has been detained for over a year. The parties have agreed to attempt to conduct this videotaped deposition remotely given concerns raised by COVID-19. An Order from this Court simply requiring Mr. Hernandez's deposition at Etowah therefore will not affect any of the government's security operations.

*Fourth*, the logistical implications of this request present a negligible impact on the government – which would simply have to do nothing at all to comply. Rather than traipsing Mr. Hernandez across the Deep South to other COVID-19 detention hotspots, *see* Lisa Riordan Seville and Hannah Rappleye, "ICE keeps transferring detainees around the country, leading to COVID-19 outbreaks," NBC News (May 31, 2020) (tracking nearly 80 ICE transfers involving COVID-infected people or facilities), the logistical burden on ICE would simply be to delay its removal plans until Mr. Hernandez's deposition is complete. *See also Dada. v. Witte*, 1:20-CV-00458, (W.D. La May 22, 2020) (adopting in part R&R and ordering release of over a dozen ICE detainees from facilities in Louisiana, where Mr. Hernandez is set to be transported) *available at* https://ccrjustice.org/sites/default/files/attach/2020/05/Release_Order_LA_District _Court_052220.pdf

*Fifth*, and finally, Plaintiff's request does not implicate any of the Scheduling Orders in this case, so the docket control factor in *Muhammad* weighs in Mr. Hernandez's favor as well.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the Emergency Motion and issue the Writ of Habeas Corpus Ad Testificandum to ICE requiring the agency to make Mr. Hernandez available for live testimony prior to effectuating his removal. A Proposed Order is filed contemporaneously herewith. Because Mr. Hernandez's removal is imminent[1], he respectfully requests that the Court grant expedited consideration of this emergency request.

Dated: June 5, 2020                          Respectfully submitted,

/s/ R. Andrew Free
**R. ANDREW FREE, No. 30513**
P.O. Box 90568
Nashville, TN 37209
Tel. 844-321-3221
Fax: 615-829-8959
Andrew@immigrantcivilrights.com
*Counsel for the Plaintiffs*

---

[1] Due to purported "security reasons" ICE, as a matter of policy, refuses to notify detained immigrants or their counsel of the exact date and itinerary of their removal. ICE similarly removes individuals like Mr. Hernandez who are awaiting imminent removal from the agency's Online Detainee Locator System, *see* https://locator.ice.gov/odls/ making it virtually impossible to track Mr. Hernandez's whereabouts in real-time.