## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

## EMERGENCY MOTION TO AMEND WRIT OF
## HABEAS CORPUS AD TESTIFICANDUM

---

On June 11, 2020, the Court issued "A Writ of Habeas Corpus Ad Testificandum… commanding ICE Acting Director Albence, Field Office Director Witte, and any other custodian of detainee Hugo Hernandez Ceren, A 073-956-722, to produce him for live, remote, deposition testimony by videotape prior to effectuating his removal to El Salvador." ECF# 275 pg.2, ¶1; ECF #276. Plaintiff Hernandez Ceren remains in ICE custody within the United States. His videotaped deposition is scheduled to begin on **Wednesday June 23 at 9:00AM MST**. Ex. 1, Amended Notice of Deposition pg. 1.

Pursuant to the All Writs Act, 28 U.S.C. § 1651, Plaintiff respectfully moves the Court for an emergency order modifying its writ (ECF# 276) to address a dispute concerning this imminent deposition, which will preserve the video testimony of an appointed representative of

the Certified Class for trial.[1]  Specifically, at 3:26PM this afternoon, Asst. United States Attorney

Timothy Jafek notified Class Counsel that:

> ICE has considered your request that Mr. Hernandez be permitted to change into a shirt
> and tie for his deposition.  Mr. Hernandez is required to stay in his uniform at all times.
> This applies even to those detainees appearing in immigration court.  So ICE does not
> approve your request.

Ex. 2, Jafek Email pg. 2.  Having grudgingly agreed to permit Mr. Hernandez Ceren to give his

testimony before returning him to El Salvador *only after being ordered by this Court to do so*,

the government and his Defendant custodians[2] now seek to demean that testimony by requiring

Mr. Hernandez Ceren to tell his story in prison fatigues.  Plaintiffs respectfully request that the

Court modify its existing writ (ECF# 276) to further require that Mr. Hernandez Ceren be

permitted to give his testimony in court-appropriate civilian clothing, as the videotaped

deposition at issue will preserve his testimony for trial.

The prejudicial effect that "identifiable prison clothes" have on jurors has long been

recognized in the criminal context.  *Estelle v. Williams*, 425 U.S. 501, 512 (1976).  Indeed, its'

potency has elevated the jury's exposure to such dress to a *per se* constitutional violation.  *Id*

("[t]he State cannot, consistently with the Fourteenth Amendment, compel an accused to stand

trial before a jury dressed in identifiable prison clothes …."); *See also Deck v. Missouri*, 544

U.S. 622 (2005) (Due Process Clause prohibits routine use of visible shackles); *State v. Rose*, 46

A.3d 146, 153 (Conn. 2012)("[T]he conviction of a defendant who is compelled to stand trial in

identifiable prison clothing in violation of his or her constitutional rights is reversible per se.").

---

[1] Mindful of D.C.COLO. LCivR 7.1(a), undersigned counsel attempted to confer with opposing
counsel and with Assistant U.S. Attorney Jafek concerning the relief sought within this motion
within 72 minutes after receiving notice of ICE's position this afternoon.  Despite ongoing e-
mail correspondence in the hours since, neither Defendant nor the government has provided its
position on the relief Plaintiffs request.

[2] The ICE facility in which Mr. Hernandez Ceren's deposition will be taken is a contract facility
owned and operated by Defendant, The GEO Group, Inc.

The prejudice inherent in prison clothing is similarly inappropriate in the present context of civil litigation brought by detained individuals. *Sides v. Cherry*, 609 F.3d 576, 581, 2010 BL 140270, 4 (3d Cir. 2010)("[R]equiring a party in a civil trial to appear in shackles 'may well deprive him of due process unless the restraints are necessary.'")(*Quoting Davidson v. Riley*, 44 F. 3 d 1118, 1122 (2d Cir. 1995)); *See also, Lovett v. Cole*, 1:11-cv-277, 2014 BL 294350, 2 (S.D. Ohio Oct. 20, 2014)(granting Plaintiff's request to appear at excessive force trial in street clothing); *Freeman v. Collins*, No. 2:08-cv-71, 2014 U.S. Dist. LEXIS 10872 , at \*43-44 (S.D. Ohio Jan. 29, 2014)(same).

In this case, the Court should guard against the significant risk that the jury would conclude erroneously that class representatives wearing prison fatigues are criminal detainees, where they are – by definition – detained for civil violations.  For good cause shown, the Court should modify its writ to require that Mr. Hernandez Ceren be permitted to give his testimony in court-appropriate civilian attire.

**Respectfully Submitted,**

**/s/ Andrew H. Turner**
Andrew H. Turner
THE KELMAN BUESCHER FIRM
600 Grant Street, Ste. 825
Denver, CO 80210
303-333-7751
aturner@laborlawdenver.com

Michael J. Scimone
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-Mail: mscimone@outtengolden.com

Rachel Dempsey
Adam Koshkin
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: rdempsey@outtengolden.com
E-Mail: akoshkin@outtengolden.com

David Lopez
OUTTEN &
GOLDEN LLP 601
Massachusetts Avenue
NW Suite 200W
Washington, D.C. 20001
Telephone: (202)
847-4400
Facsimile: (202)
847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David Seligman
Andrew Schmidt
Juno Turner
TOWARDS
JUSTICE 1410
High St., Suite
300 Denver,
CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org
juno@towardsjustice.org

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
MILSTEIN LAW OFFICE
1123 Spruce Street
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Hans Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd  day of June, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.  I further certify that Assistant U.S. Attorney Timothy Jafek will be provided with a copy of this document by e-mail immediately upon filing in this Court's CM/ECF system.

*s/  Andrew H. Turner*
**Class Counsel**