**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALEGRA,
on their own behalf and on behalf of all others similarly situated,,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**MOTION TO RECONSIDER/RESPONSE BY NONPARTY ICE TO PLAINTIFFS'
EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM
[ECF No. 279]**

---

The Court should deny Plaintiffs' motion to modify the writ of habeas corpus ad testificandum to require ICE to allow Mr. Hernandez to appear in his videotaped deposition in street clothes. ICE has legitimate reasons for keeping Mr. Hernandez in the same detainee outfit as all other detainees at his facility, and Plaintiffs have not shown interests that outweigh ICE's reasons. Furthermore, the Court lacks personal jurisdiction over the parties to which to writ is directed because Plaintiffs have not served those parties.

1

A motion for reconsideration is proper when, among other things, a court has not understood a party's position. *See, e.g., N.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (Kane, J.). Here, the Court ruled before considering ICE's response and therefore did not understand ICE's position. ICE therefore respectfully requests that the Court consider ICE's position.

ICE respectfully requests that the Court give this motion/response the same prompt attention that it gave Plaintiffs' motion because the deposition will take place tomorrow, June 24, 2020.

**Factual background**

Plaintiff Hernandez is one of nine class representatives. Plaintiffs argued, and the Court agreed, that all class members' claims were common and typical and thus susceptible to being prosecuted as a class action. ECF No. 57.

Plaintiffs have requested a trial to the court. ECF No. 103 at 15. Defendants have demanded a trial to a jury "on all issues triable." ECF No. 26 at 16.

Mr. Hernandez is currently subject to an order of removal as affirmed by the Ninth Circuit Court of Appeals. *Hernandez-Ceren v. Barr*, No. 18-72612 (9th Cir.) He is being detained until that removal order may be executed.

The Court granted the writ for a habeas corpus ad testicandum without giving ICE an opportunity to respond. ICE has cooperated with the parties regarding their arrangements to depose Petitioner. The parties agreed to a deposition on June 22, 2020; Plaintiffs informed GEO and ICE that they did not believe that the deposition could go forward on June 22, 2020. The deposition is now scheduled for June 24, 2020.

The first time Plaintiffs requested that Mr. Hernandez be able to wear a shirt and tie for his deposition was on June 20, 2020.

**Argument**

    **a. ICE has legitimate reasons for requiring all detainees at all times to wear the clothing issued by the institution.**

As explained by the Acting Assistant Field Office Director where Mr. Hernandez is being held, ICE has a variety of reasons for denying Mr. Hernandez's request to wear a shirt and tie for his videotaped deposition. Ex. 1.   These include:

- The governing ICE Performance Based National Detention Standards 2011, revised in 2016 ("2011 PBNDS") require that detainees be issued official clothing and that "personal items of clothing, including undergarments, are not permitted." PBNDS 2011 (Revised Dec. 2016), Sec. 4.5(V)(A).  *Id*. at ¶ 5.

- ICE requires all detainees to remain in their uniforms at all times so that they can easily be distinguished from nondetainees and to prevent escape.  *Id*. at ¶ 6.

- Ties can present a safety concern to Mr. Hernandez and other because it could be used for self-harm and to harm others.  *Id*. at ¶ 8.

- Permitting Mr. Hernandez to change clothes would present logistical challenges because a staff member would have to oversee Mr. Hernandez changing clothes and the place to change clothes is not close to the deposition room.  *Id*. at ¶¶ 9-10.

- Detainees are not permitted to change out of their uniforms in detention centers under any circumstances.  *Id*. at ¶ 13.

- Permitting Mr. Hernandez's request to change clothes for a deposition would likely create many similar requests for immigration hearings, meetings, depositions, and the like which would increase the security and logical concerns described above. *Id*. at ¶ 15.
- ICE thoroughly consider Mr. Hernandez's request and did not grant it for the reasons given above. *Id*. at ¶ 16.

**b. Plaintiffs have not shown that their interests outweigh those of ICE.**

The cases Plaintiffs cite do not show that their interests outweigh ICE's. The criminal cases do not apply because this is a civil trial. Most of the civil cases Plaintiffs cite are about not appearing in shackles. *Sides v. Cherry*, 609 F.3d 576, 581 (3d Cir. 2010); *Davidson v. Riley*, 33 F.3d 1118, 1112 (2d Cir. 1995). But Mr. Hernandez will not appear in shackles in his videotaped deposition. In two cases, courts granted requests by plaintiffs to appear at trial in street clothing. *Lovett v. Cole*, No. 1:11-cv-277, ECF No. 199 (S.D. Ohio Oct. 20, 2014);[1] *Freeman v. Collins*, No. 2:08-cv-71, 2014 WL 325631, at *15 (S.D. Ohio Jan. 29, 2014). However, in each of those cases, plaintiffs' requests were unopposed. Furthermore, because the plaintiffs would appear at trial in street clothes, the court would be in charge of security. Here, in contrast, Mr. Hernandez will be at the detention facility, not the courthouse.

Furthermore, this case is different because the essence of the case is about being an immigration detainee. Plaintiffs allege that *while they were detainees*, they were the victims of trafficking and were not paid fairly for their work. Thus, seeing Mr. Hernandez in a detainee outfit will not be a surprise to the trier of fact. Furthermore, if Mr. Hernandez's testimony is

---

[1] Undersigned counsel could not find this decision in Westlaw using the citation used by Plaintiffs, so a copy obtained through LEXIS Courtlink is attached as Exhibit 2.

4

presented by video and if the case is tried to a jury—and the parties dispute whether the trial is to the Court or to a jury—the Court could explain to the jury that Mr. Hernandez's clothing should play no role in their decisions, thus curing any potential prejudice.

In summary, Plaintiffs have not shown that their interests outweigh the reasons ICE has given for keeping Mr. Hernandez in the same outfit as other detainees.

### c. The court should also deny the petition because it lacks personal jurisdiction over non-party ICE.

The relief sought by Plaintiffs is aimed at two specific officials, Mathew Albence (Acting ICE Director) and Dianne Witte (New Orleans Field Office Director, Enforcement and Removal Operations, ICE), and ICE itself.  Jurisdiction in a habeas proceeding, through which Plaintiffs sought relief against ICE, requires personal jurisdiction over the custodian.  *See, e.g., Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.") (citing *Braden v 30th Judicial Cir. Crt.*, 410 U.S. 484, 495 (1971).  In *Braden*, the Court found that a district court could exercise jurisdiction in a habeas case over respondents who were outside of the district, but only after respondents have been properly served.  *Braden*, 410 U.S. at 500 ("Since the petitioner's absence from the Western District of Kentucky did not deprive the court of jurisdiction, *and since the respondent was properly served in that district*, … the court below erred in ordering the dismissal of the petition on jurisdictional grounds." (emphasis added and citations omitted)).

However, Plaintiffs have not served the officials or ICE.  Service on federal government officials and a federal agency require service on the U.S. Attorney's Office in the district where the action takes place.  Fed. R. Civ. P. 4(i)(2).   As of the time of this filing Plaintiffs have not

5

served the U.S. Attorney's Office with the habeas petition, the writ itself, or the current motion. Without service, there is no personal jurisdiction. *See Smith v. McNamara*, 395 F.2d 896, 898 (10th Cir. 1968). In that case, the Tenth Circuit found that the district court lacked personal jurisdiction over the federal officials because they had never been served properly.

Service rules are not an empty formality. For example, the Tenth Circuit dismissed a case for improper service when a pro se plaintiff—rather than a nonparty—mailed a complaint and summons to the United States. *Constien v. U.S.*, 628 F.3d 1207, 1213-15 (10th Cir. 2010). The Tenth Circuit found in that same case that the United States cannot waive service—service must be accomplished in strict compliance with the rules. Here, Plaintiffs have not served the targets of the writ with either the application for the writ or the writ itself. Therefore, the Court lacks personal jurisdiction over them.

**Conclusion**

The court should deny Plaintiffs' motion to modify the writ

Dated June 23, 2020                                  Respectfully Submitted,

                                                     JASON R. DUNN
                                                     United States Attorney

                                                     *s/ Timothy Bart Jafek*
                                                     **Timothy Bart Jafek**
                                                     Assistant United States Attorney
                                                     1801 California Street, Suite 1600
                                                     Denver, Colorado  80202
                                                     Telephone: (303) 454-0104
                                                     Fax: (303) 454-0407
                                                     timothy.jafek@usdoj.gov

                                                     Attorney for United States Immigration and
                                                     Customs Enforcement

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

andrew@immigrantcivilrights.com
Alex@towardsjustice.Org
Aturner@laborlawdenver.Com
Hans@themeyerlawoffice.Com
Pdl@outtengolden.Com
Akoshkin@outtengolden.Com
Brianne@towardsjustice.Org
David@towardsjustice.Org
Juno@towardsjustice.Org
Mscimone@outtengolden.Com
Om@outtengolden.Com
Rdempsey@outtengolden.Com
Brandt@milsteinlawoffice.Com

Adrienne.Scheffey@akerman.Com
Christopher.Eby@akerman.Com
Colin.Barnacle@akerman.Com
Deismeier@bfwlaw.Com
Melissa.Cizmorris@akerman.Com
Mley@bfwlaw.Com

and I hereby certify that I will mail to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

*s/ Timothy Bart Jafek*
TIMOTHY BART JAFEK