# DECLARATION OF MATTHEW W. REAVES
## ACTING ASSISTANT FIELD OFFICE DIRECTOR
## ENFORCEMENT AND REMOVAL OPERATIONS
## UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT
## DEPARTMENT OF HOMELAND SECURITY

I, Matthew W. Reaves, make the following statement under oath subject to the penalty of perjury pursuant to the laws of the United States and the State of Colorado:

1. My name is Matthew W. Reaves. I am competent to testify in these matters in that I am over the age of majority and I am familiar with the subjects discussed herein. The statements contained in this declaration are based upon my personal knowledge or information provided to me in my official capacity. The following statements are true and correct to the best of my information, knowledge, and belief.

2. I am the Acting Assistant Field Office Director within U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations for the region including the LaSalle ICE Processing Center ("LaSalle"), Richwood Correctional Center, and Catahoula Correctional Center. I have held this position since March 2020. My responsibilities as Acting Assistant Field Office Director include several aspects of the immigration enforcement process, including the identification and arrest, transportation, detention, case management, and removal of aliens.

3. I have been employed by the former Immigration and Naturalization Service (INS) and ICE since 2002 and previously served as Supervisory Detention and Deportation Officer at LaSalle in Jena, Louisiana.

4. I am aware of the Emergency Motion to Amend Writ of Habeas Corpus Ad Testificandum filed in *Menocal v. GEO*, No. 14-2887, currently pending in the United States District Court for the

District of Colorado, seeking to permit Hugo Hernandez Ceren, currently an ICE detainee, to wear a shirt and tie for a videotaped deposition taking place at LaSalle on June 24, 2020.

5. LaSalle is governed by the ICE Performance Based National Detention Standards 2011, revised in 2016 ("2011 PBNDS"). The 2011 PBNDS states that detainees are issued official clothing and that "personal items of clothing, including undergarments, are not permitted." PBNDS 2011 (Revised Dec. 2016), Sec. 4.5(V)(A).

6. ICE detainees at LaSalle are issued official uniforms with color designations based on risk classification. ICE requires all detainees to remain in their uniforms at all times so that detainees are easily identifiable as compared with other staff members, medical personnel, ICE officers, and civilians who frequent the facility in plainclothes and to prevent escape.

7. Mr. Hernandez Ceren wears a red uniform due to his "high risk" classification based on his criminal record. This uniform alerts facility staff that Mr. Hernandez Ceren must be separated from medium-low and low-risk detainees at all times.

8. Plainclothes, such as a tie, can also present a safety concern to the detainee and others. For example, a tie could easily be used as a weapon to cause serious bodily harm to other detainees or facility staff. Furthermore, if a tie were to be lost in the facility, it would pose a serious security concern as a possible tool to cause self-harm or to harm others or facilitate escape.

9. Permitting Mr. Hernandez Ceren to change his clothes would also pose significant logistical issues and would require substantial facility personnel resources and take facility staff away from other assigned responsibilities. Mr. Hernandez Ceren's plainclothes would be required to undergo a thorough search for weapons and contraband prior to introduction into the facility. Facility staff would be required to have possession of the plainclothes at all times. Facility staff would then be required to oversee Mr. Hernandez Ceren changing his clothes, which may pose

a privacy concern. Facility staff would then be required to have possession of Mr. Hernandez Ceren's uniform at all times during the deposition. Facility staff would be required to oversee Mr. Hernandez Ceren changing back into his uniform, again triggering privacy concerns. Finally, facility staff would be required to have possession of the plainclothes until the plainclothes left the facility.

10. The only place for Mr. Hernandez Ceren to change clothes with privacy at LaSalle is in the dormitories or showers. Mr. Hernandez Ceren would then have to be escorted to the deposition room. Plainclothes will allow him to blend in with facility staff, medical personnel, and other civilians at the facility, posing a security and escape risk.

11. If Mr. Hernandez Ceren were to change clothes in the deposition room, there would be privacy concerns due to the lack of private secure space in the room.

12. To my knowledge, ICE detainees are not permitted to change out of their uniform in detention centers under any circumstances.

13. ICE detainees are not permitted to change out of their uniforms for immigration court appearances.

14. It is my understanding that ICE detainees are not permitted to change out of their uniforms for meetings or depositions with other government agencies. It is further my understanding that ICE detainees have previously testified as plaintiffs in civil litigation involving other government agencies while wearing their uniforms.

15. Permitting Mr. Hernandez Ceren to change clothes for this deposition is likely to create a deluge of similar requests for immigration hearings, meetings, depositions, and the like, which would exponentially increase the security and logistical concerns described above.

16. ICE has thoroughly considered Mr. Hernandez Ceren's request to wear a shirt and tie for the deposition, and given the concerns outlined above, cannot grant the request.

DATED: June 23, 2020

*[signature]*

MATTHEW W. REAVES
Acting Assistant Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement