UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KELVIN R. LOVETT, | : | Case No. 1:11-cv-277 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| STEVEN COLE, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO BE FREE FROM PHYSICAL RESTRAINTS AND PRISON UNIFORM DURING TRIAL (Doc. 180)

This civil action is before the Court on Plaintiff's motion to be free from physical restraints and prison uniform during trial (Doc. 180) and the parties' responsive memoranda (Docs. 183, 189).[1] Specifically, Plaintiff claims that requiring him to appear at trial in his prison uniform and shackles will unfairly prejudice his fundamental right to a fair trial by affecting the jury's ability to evaluate his credibility.

### I. PHYSICAL RESTRAINTS

Plaintiff moves the Court to be free of physical restraints at trial. (Doc. 180). In the alternative, Plaintiff moves the Court to employ the minimum restraints necessary, keep all restraints outside the view of the jury, and provide jurors with a curative instruction. (*Id.*)

---

[1] Additionally, Defendants filed a motion for a hearing on this issue. (Doc. 193). The Court finds the pleadings are clear on their face, and that oral argument and/or an evidentiary hearing is not necessary. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 515243, at *7 (S.D. Ohio July 27, 2006) (C.J. Dlott) ("Local Rule 7.1(b)(2) leaves the court with discretion whether to grant a request for oral argument.").

The United States Supreme Court has repeatedly recognized that requiring litigants to appear in court in shackles and a prison uniform is unduly prejudicial. *Holbrook v. Flynn*, 475 U.S. 560, 568–69 (1986).[2] The Sixth Circuit has also explained that there is an "inherent prejudice to a defendant who is shackled while in the courtroom." *U.S. v. Waldon*, 206 F.3d 597, 607 (6th Cir. 2000), *cert. denied*, 531 U.S. 881 (2000). Although the presumption of innocence is not at issue here, circuit courts have recognized that fairness to all parties in both civil and criminal trials is fundamental. *Bailey v. Sys. Innovation, Inc.*, 852 F.2d 93, 98 (3rd Cir. 1988).

Historically, the correctional officers of the respective Ohio Department of Rehabilitation and Correction ("ODRC") correctional facilities where the inmate plaintiff resides and is held pending trial, work together in corroboration with the United States Marshal's office and court personnel to ensure the safety and security of all trial participants. ODRC normally uses physical restraints, but only those restraints which are necessary. This procedure is consistent with the rulings of the Supreme Court cited herein.

Both parties cited *Freeman v. Collins*, No. 2:08-cv-71, 2014 U.S. Dist. LEXIS 10872, at *43–44 (S.D. Ohio Jan. 29, 2014), a case regarding a prisoner's request to be free from restraints during a 42 U.S.C. § 1983 excessive force trial. The *Freeman* court determined that a stun belt affixed under the inmate plaintiff's clothing in addition to leg shackles which would be removed and applied outside the view of a recessed jury, would

---

[2] *See also Estelle v. Williams*, 425 U.S. 501, 504–05 (1976); *Illinois v. Allen*, 397 U.S. 337, 344–45 (1970).

2

assure safety and security. In addition, the inmate plaintiff was assigned the seat farthest from the jury, which allowed correctional staff to remain discretely near, yet not invade the province of the jury. In *Freeman*, these security restraints were not prejudicial to the plaintiff, but also ensured the safety of the court and jurors.

Even if this Court declined to consider the September 17, 2014 incident, where Plaintiff allegedly got out of his handcuffs and struck an officer, Plaintiff is currently serving a 15 year sentence for convictions of rape, kidnapping, and aggravated robbery. The Court finds that those convictions alone, establish a security risk. Like in *Freeman*, this Court finds that restraints in the form of a stun belt and leg shackles, concealed from the jury,[3] are necessary to ensure the safety of persons in the courtroom, the fairness of the trial, the integrity of the trial, and to obviate any risk of a mistrial.[4] These hidden restraints provide a balance between security and the protection of Plaintiff's fundamental right to a trial.

## II. CIVILIAN CLOTHING

"The potential effects of presenting an accused in prison attire need not . . . be measured in the abstract. Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system." *Estelle*, 425 U.S. at

---

[3] The Court will curtain counsels' tables so that the jury is not able to see Plaintiff's shackles. To the extent the Court cannot conceal Plaintiff's shackles if and when he testifies, the Court will consider releasing Plaintiff from his shackles for that portion of the trial.

[4] Since both the stun belt and shackles will be concealed from the jury, the Court finds that a curative instruction is unnecessary, and, in fact, would only highlight the issue. However, if Plaintiff's counsel still requests a curative jury instruction, counsel should include an instruction in their proposed jury instructions which are due to be filed with the Court on November 6, 2014. (5/14/14 Notation Order).

3

504. Defendant "generally does not oppose" Plaintiff's request to be free from prison clothing during trial. (Doc. 183 at PageID 790). Moreover, this Court finds that permitting Plaintiff to wear street clothing does not pose a security risk. Therefore, Plaintiff is not required to wear a prison uniform during trial.

### III. CONCLUSION

Accordingly, Plaintiff's motion to be free from physical restraints and prison uniform during trial (Doc. 180) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

**IT IS SO ORDERED.**

Date: 10/20/14

Timothy S. Black
United States District Judge

4