IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL, *et al.*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

___

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
MOTION TO RECONSIDER [ECF# 281]**

___

    COME NOW the Plaintiffs who respectfully submit the following response in opposition to ICE's Motion to Reconsider [ECF# 281]. ICE's Motion to Reconsider rests, in part, on its assertion that the Court lacks personal jurisdiction over the custodian. ECF# 281 pgs. 5-6. This argument fails for several reasons. As a threshold matter, the custodian has waived its objection to any purported lack of personal jurisdiction.

> [I]t is well-recognized that personal jurisdiction—unlike subject-matter jurisdiction—may be waived. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 , 102 S.Ct. 2099 , 72 L.Ed.2d 492 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir.1994). Although we have not previously considered whether the lack of personal jurisdiction over a habeas petition may be waived by the state or an appropriate state official, we see no reason not to apply the general rule in the habeas context.

*Smith v. Idaho*, 392 F.3d 350, 356 (9th Cir. 2004).  The Tenth Circuit has explained that,

> It is well settled that lack of personal jurisdiction is a privileged defense that can be waived "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct," *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165 , 168 , 60 S. Ct. 153 , 84 L. Ed. 167 , (1939); *see also Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170 , 176 (10th Cir. 1992) (noting that "'defendant may [not] halfway appear in a case, giving . . . [*4] the impression that he has been served, and [later] pull failure of service out of the hat like a rabbit'" (quoting *Broadcast Music, Inc. v. MTS Enters., Inc.*, 811 F.2d 278 , 281 (5th Cir. 1987))); *Ziegler v. Akin*, 261 F.2d 88 , 92 (10th Cir. 1958) (holding that voluntary appearance cures any defect in service).

*Morreale v. City of Cripple Creek*, 113 F.3d 1246, at *5 (10th Cir. 1997) (table decision published in full-text format at 1997 U.S. App. LEXIS 12229).

In this case, ICE appeared through counsel at a June 19, 2020 hearing before Judge Hegarty and represented its intention to honor the writ it now claims, for the first time, was issued without personal jurisdiction. Ex. 1, Jafek Email (confirming participation in hearing). Judge Hegarty Ordered the participants in that call to notify the Court of any concerns with executing the writ of habeas corpus ad testificandum [ECF# 275] by close of business on Monday June 22, 2020.  ICE made no such notification and had not raised personal jurisdiction until its current Motion to Reconsider.  ECF# 281.  When Plaintiffs filed an Emergency Motion to amend the writ [ECF# 279], ICE appeared through counsel a mere 8 hours and 35 minutes later.  ECF# 281.  Indeed, the Acting Field Office Director within ICE's Enforcement and Removal Operations for the region including the LaSalle ICE Processing Center stated in his sworn declaration that "I am aware of the Emergency Motion to Amend Writ of Habeas Corpus Ad Testificandum filed in *Menocal v. GEO,* No. 14-2887,…". ECF# 281-1 pg. 1 ¶4.[1]   ICE can

---

[1] While ICE represents that "As of the time of this  filing Plaintiffs have not served the U.S. Attorney's Office" it cannot contest that Assistant U.S. Attorney Timothy Jafek received an e-mailed courtesy copy of Plaintiff's Emergency Motion six minutes after the same was filed on CM/ECF.  Ex. 2, Turner Email.

demonstrate no prejudice given its real time awareness of and response to Plaintiffs' motion.[2]

ICE has waived any objection based upon lack of personal jurisdiction. ICE's Motion to Reconsider should be denied.

**Respectfully Submitted,**

*/s/ Andrew H. Turner*

Andrew H. Turner
THE KELMAN BUESCHER FIRM
600 Grant Street, Ste. 825
Denver, CO 80210
303-333-7751
aturner@laborlawdenver.com

Michael J. Scimone
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-Mail: mscimone@outtengolden.com

---

[2] Acting Field Office Director Reaves' Declaration expressed numerous safety, security and operational concerns. In recognition of his safety concern [ECF# 281-1 pg. 2 ¶8], Plaintiffs have agreed that Mr. Hernandez Ceren need not wear or possess a tie. He will instead testify in a shirt and sport coat, if those items can be delivered to him. Other concerns the Assistant Field Office Director expresses are founded in factual inaccuracies. For example, Asst. Director Reaves claims that "Mr. Hernandez wears a red uniform due to his 'high risk' classification based on his criminal record. This uniform alerts facility staff that Mr. Hernandez Ceren must be separated from medium-low and low-risk detainees at all times." *Id.* Mr. Hernandez Ceren does not wear a red uniform. He wears an orange uniform, denoting a lower security risk. Second, Asst. Director Reaves claims that "[t]he only place for Mr. Hernandez Ceren to change clothes with privacy at LaSalle is in the dormitories or showers." ECF# 281-1 pg. 2 ¶10. Mr. Hernandez Ceren is presently in solitary confinement. It is incorrect that the only place he could change clothes "is in the dormitories or showers". Class Counsel has put the government on notice of the foregoing inaccuracies in the evidence it has filed.

Rachel Dempsey
Adam Koshkin
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: rdempsey@outtengolden.com
E-Mail: akoshkin@outtengolden.com

David Lopez
OUTTEN &
GOLDEN LLP 601
Massachusetts Avenue
NW Suite 200W
Washington, D.C. 20001
Telephone: (202)
847-4400
Facsimile: (202)
847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David Seligman
Andrew Schmidt
Juno Turner
TOWARDS
JUSTICE 1410
High St., Suite
300 Denver,
CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org
juno@towardsjustice.org

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
MILSTEIN LAW OFFICE
1123 Spruce Street
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Hans Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.  I further certify that Assistant U.S. Attorney Timothy Jafek will be provided with a copy of this document by e-mail immediately upon filing in this Court's CM/ECF system.

*s/ Andrew H. Turner*
**Class Counsel**