IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALEGRA,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

## ORDER DENYING ICE'S MOTION TO RECONSIDER AMENDMENT OF THE WRIT OF HABEAS CORPUS AD TESTIFICANDUM (ECF NO. 281)

Kane, J.

On June 10, 2020, Plaintiffs requested that I issue a Writ of Habeas Corpus Ad Testificandum for Hugo Hernandez Ceren, a named Plaintiff in this case who is presently detained and subject to removal by United States Immigration and Customs Enforcement (ICE). The following day, I ordered that the Writ issue, commanding ICE and the custodians of Mr. Hernandez Ceren to delay his removal until his video deposition in this case could take place. Early this morning, Plaintiffs filed an Emergency Motion (ECF No. 279) seeking an amendment to that Writ of Habeas Corpus Ad Testificandum compelling ICE to permit Mr. Hernandez Ceren to don civilian attire during his deposition. I granted Plaintiffs' Motion and amended the Writ "to

1

require that Mr. Hernandez Ceren be permitted to give his testimony in court-appropriate civilian attire, specifically a coat, shirt, and tie." 6/23/20 Order at 1, ECF No. 280. ICE now moves for reconsideration of that Order.

Mr. Hernandez Ceren's video deposition is to be evidence in a jury trial. Having a witness, especially a plaintiff, appear in prison garb before a jury is prejudicial and unnecessary, even in a case challenging detention policies. These circumstances are obviously distinguishable from immigration hearings and "meetings" in which a jury is not involved. *See* Mot. Reconsider at 4, ECF No. 281 (arguing that permitting Mr. Hernandez Ceren's "request to change clothes for a deposition would likely create many similar requests for immigration hearings, meetings, depositions, and the like which would increase the security and logical concerns"). Any explanatory instruction would be insufficient as it would only call attention to the fact that Mr. Hernandez Ceren was wearing a prison uniform. Moreover, the stated security concerns can easily be addressed. Plaintiffs have agreed that Mr. Hernandez Ceren will only wear a sport coat and shirt and not a tie. Mr. Hernandez Ceren need only change his top for the deposition, and he can do so in the deposition room in the presence of ICE officials. Accordingly, the Motion for Reconsideration (ECF No. 281) is DENIED.

DATED this 23rd day of June, 2020.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE