# Exhibit 16

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

### PLAINTIFF LOURDES ARGUETA'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Lourdes Argueta ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

### PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 26:

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

### RESPONSE TO INTERROGATORY NO. 26:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than her attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

2

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. To the best of her recollection, Plaintiff recalls that she has communicated with Nestor Romero, her co-worker; Susanna Enriquez, Adriana Rice, Lemu Oreyana, and Hayde Nuñez, who

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

were detained with her at the Aurora Detention Facility; Patrick Rápalo, her supervisor; Justin

Edwards, her brother-in-law; Karen Argueta, her sister; Carlos Avelar, her cousin; and her mother,

Maria Avelar, about the allegations in this lawsuit.

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee

threatened you with administrative or disciplinary segregation for failing to clean any area of the

Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's

custody and control.  Plaintiff also objects to this interrogatory as overly broad to the extent that it

relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as

much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff observed guards

threatening detainees with solitary confinement for refusing to clean on several occasions.

Plaintiff was specifically told by GEO guards that detainees would be put in solitary confinement

if they refused to clean.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official

threatened you with administrative or disciplinary segregation for failing to clean any area of the

Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall directly receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of her recollection, Plaintiff estimates that she was assigned cleaning responsibilities pursuant to the Housing Unit Sanitation Policy between two days and several days per week for approximately the first two months Plaintiff was detained in the Aurora facility. The number of assignments per week varied in part based on the number of detainees in the facility at any given time. Plaintiff also estimates that after the first two months

she was detained in the Aurora facility, she was assigned cleaning responsibilities pursuant to the Housing Unit Sanitation Policy occasionally.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.   Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall the precise dates or number of times Plaintiff was assigned to or otherwise required to clean pursuant to the Housing Unit Sanitation Policy, but Plaintiff refers Defendant to her response to Interrogatory No. 29 above with respect to frequency of work performed pursuant to the Housing Unit Sanitation Policy.  Plaintiff cannot recall specific details for each and every instance identified above.  Notwithstanding this, to the best of her recollection, Plaintiff estimates that she worked approximately one hour in the morning and one hour in the afternoon on each day that she was assigned to clean pursuant to the Housing Unit Sanitation Policy.  When she was assigned to clean pursuant to the Housing Unit Sanitation Policy, her tasks involved cleaning, sweeping, and mopping the common spaces in the pod, such as bathrooms and showers, cleaning the eating area, washing windows, cleaning tables and the patio, and removing trash from the pods.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. To the best of her recollection, Plaintiff estimates that Plaintiff worked at least 28 weeks in the Voluntary Work Program, and that Plaintiff worked seven days each week that she worked in the Voluntary Work Program. Plaintiff estimates that Plaintiff worked approximately eight weeks under the Housing Unit Sanitation Policy, and that Plaintiff worked at least one or two days each week that she worked under the Housing Unit Sanitation Policy.

To the best of her recollection, Plaintiff estimates that she worked at least four to eight hours per day in the Voluntary Work Program on the days that Plaintiff worked in the Voluntary Work Program, and at least two hours per day on the days that she worked pursuant to the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 32:**

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

7

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy. To the best of her recollection, Plaintiff estimates that Plaintiff worked at least eight weeks under the Housing Unit Sanitation Policy, and that Plaintiff worked at least one or two days each week that she worked under the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked at least two hours per day under the Housing Unit Sanitation Policy on the days that Plaintiff worked pursuant to the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint? If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications

8

concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows: Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

**INTERROGATORY NO. 34:**

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee? If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks

information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding these objections, Plaintiff responds as follows: Plaintiff has not communicated with any current or former GEO employee since her release from the Aurora Detention Facility.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 26:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows: Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 27:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Moreover, to the extent the request seeks correspondence with other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

11

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows: Plaintiff is withholding responsive documents based on privilege. Plaintiff will produce any non-privileged responsive documents in her possession on or before March 19, 2018.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

12

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows: Plaintiff does not have non-privileged documents in her possession.  Plaintiff is withholding responsive documents based on privilege.

**REQUEST FOR PRODUCTION NO. 29:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. She has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff produced any responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiffs on February 19, 2018. *See* P00000001-04.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and

14

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows: Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, execute and return the attached Medical Authorization and Release for each medical provider or therapist from whom you have received treatment for mental anguish, emotional distress, or other similar or related conditions.

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

## VERIFICATION

I, Lourdes Argueta, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  March 6, 2018                          By: _____

                                               Lourdes Argueta

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Dated:  March 6, 2018                    By:    /s/ Juno Turner

                                    Juno Turner
Juno Turner
Ossai Miazad
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Rachel Dempsey
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

Alexander Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S

SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by

email and U.S. Mail to the following counsel of record:


Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


By:    */s/ Christopher Truong*
          Christopher Truong
          Paralegal