IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant The GEO Group, Inc. ("Defendant" or "GEO"), by and through undersigned counsel, hereby provides the following Notice of Supplemental Authority pursuant to D.C.COLO.LCivR 7.1(f).

On June 5, 2020, GEO filed its Opposition to Plaintiffs' Motion for Summary Judgment ECF 270. In its motion, GEO asserted that the declaration of Shannon Ely on behalf of ICE (ECF 261-7) should not be considered at this phase because it is inadmissible hearsay. In their reply, Plaintiffs have argued that the declaration constitutes a public record under Fed. R. Evid. 803(8)(A)(i) because it is a statement of a public office setting forth the office's activities. ECF

53771905;1

286. Further Plaintiffs argued that ICE[1] had not shown information or circumstances that demonstrate a lack of trustworthiness under Fed. R. Evid. 803(8)(B) because the documents were produced subject to a FOIA request. *Id.* At the time GEO filed its opposition, it was unaware that Plaintiffs believed the document to be a public record. Since that time, Plaintiffs have made representations in their conferrals with ICE (and their reply) that they are relying upon certain documents produced in response to a FOIA request in *Washington v. GEO*, Case No. 3:17-cv-05806-RJB, pending in front of the Honorable Judge Bryan in the Western District of Washington, to corroborate the trustworthiness of the statements made in Ms. Ely's declaration. Following this conferral with Plaintiffs, GEO's counsel in the above-captioned case reviewed the documents produced in the subject FOIA request. Those documents establish a "lack of trustworthiness" of the source of the information under Fed. R Evid. 803(8)(B).

In her declaration signed October 11, 2019, Ms. Ely states that ICE did not draft or negotiate GEO's housekeeping policies at the Aurora Facility. ECF 261-7, ¶ 22. However, the attached Exhibit A, which is an email from April 2017 that was forwarded and considered again in February 2018, shows that ICE was aware that someone (whose name has been redacted) signed off on the GEO housekeeping policy "every year as the policies are renewed."[2] Further, the email, which is heavily redacted, indicates that the individual had a standard practice of reviewing such

---

[1] Of course, under Fed. R. Evid. 803(8)(B), it would be GEO who would have an opportunity to show a lack of trustworthiness based upon ICE's actions. Plaintiffs unsubstantiated statements that the information is trustworthy would be insufficient to establish the hearsay exception applied.

[2] Upon information and belief, the redacted name belongs to the contracting officer for ICE who is situated at the Aurora Facility and has the initials "A.S." GEO will not place the contracting officer's name in this public filing but can provide it to the Court at its request. It is GEO's experience that A.S. reviews and signs off on each of GEO's policies on an annual basis.

policies. This is corroborated by a number of documents that have been previously filed in this action which clearly show ICE's signature at the top. *See e.g.* ECF 262-11 at 2 (approving segregation policy); ECF 262-7 at 2 (approving VWP policies); ECF 50-2 at 9 (approving sanitation procedures). Reviewing and approving a policy would certainly be meaningless if ICE was not permitted to interpose comments for review or alteration during the review process—indeed it is the job of the onsite ICE contracting officer to ensure policies are followed and to resolve ambiguities. Accordingly, because government records indicate that relevant policies were reviewed and approved of by ICE on an annual basis, the declaration remains inadmissible hearsay because there is reason to doubt the trustworthiness of the statements made within the declaration. At a minimum, the statements must be subject to cross-examination prior to being considered admissible.

Accordingly, GEO respectfully requests that this Court consider the attached authority should it reach the issue of whether Ms. Ely's declaration constitutes hearsay in deciding Plaintiffs' Motion for Summary Judgment (ECF 260).

///

///

///

///

///

///

///

///

Respectfully submitted, this 8th day of July, 2020.

           **AKERMAN LLP**

           *s/ Colin Barnacle*
           Colin L. Barnacle
           Adrienne Scheffey
           Christopher J. Eby
           Melissa L. Cizmorris
           1900 Sixteenth Street, Suite 1700
           Denver, Colorado 80202
           Telephone: (303) 260-7712
           Facsimile:  (303) 260-7714
           Email: colin.barnacle@akerman.com
           Email: christopher.eby@akerman.com
           Email: melissa.cizmorris@akerman.com
           Email: adrienne.scheffey@akerman.com

           **BURNS, FIGA & WILL, P.C.**
           Dana L. Eismeier
           Michael Y. Ley
           6400 S. Fiddlers Green Circle, Suite 1000
           Greenwood Village, CO 80111
           Telephone: (303) 796-2626
           Facsimile:  (303) 796-2777
           Email: deismeier@bfwlaw.com
           Email: mley@bfwlaw.com

           *Attorneys for Defendant The GEO Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of July, 2020, a true and correct copy of the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY** was filed and served electronically via the Court's CM/ECF system on the following:

### Counsel for Plaintiffs:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
Towards Justice
1410 High St., Ste. 300
Denver, CO 80218
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Kelman Buescher Firm
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com

Hans C. Meyer
Meyer Law Office, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
Outten & Golden, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
Outten & Golden, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
Outten & Golden, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

R. Andrew Free
Law Office of R. Andrew Free
2004 8th Ave. South
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
Milstein Law Office
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Nick Mangels*
Nick Mangels