IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

_____

**RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**
_____

    Plaintiffs respond herein to Defendant The GEO Group, Inc.'s ("GEO's") Notice of Supplemental Authority, ECF No. 291. GEO's Notice argues that the Declaration of ICE Contracting Officer Shannon Ely[1] is untrustworthy and should be excluded on hearsay grounds. GEO's attempt to cast doubt on ICE's statements about the two entities' contracting relationship do not withstand scrutiny.

---

[1] See ECF No. 261-7.

"At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial, but the content or substance of the evidence must be admissible." *Pack v. Hickey*, 776 F. App'x 549, 554 (10th Cir. 2019) (internal quotation marks omitted). Here, statements made in the Ely declaration are admissible because the declaration falls within the hearsay exception for Public Records. *See* FRE 803(8).

GEO implicitly concedes that the Ely declaration meets the criteria for the first part of the Public Records exception; its Notice only challenges the second prong: whether there are circumstances that indicate that the Ely declaration is untrustworthy.[2]

## I. The Document GEO Cites Corroborates the Ely Declaration.

The email GEO attaches to its Notice does not contradict the Ely declaration; in fact, it corroborates it. The Ely declaration states, in summary, that the "HUSP," GEO's forced-labor policy, "is a GEO policy, created by GEO. The HUSP is not created by ICE nor is it a requirement of the contract. ICE did not draft or negotiate GEO's HUSP." ECF No. 261-7, ¶ 22.

---

[2] Although D.C. Colo. L. Civ. R. 7.1(f) does not restrict the matters that can be set forth in notices of supplemental authority, GEO's filing is a questionable use of the rule. GEO casts this as an evidentiary issue and takes pains to explain that at the time of its opposition, it "was unaware that Plaintiffs believed the [Ely declaration] to be a public record." But the arguments GEO raises should have been presented as a dispute of Plaintiffs' proposed reliance on the Ely declaration in the Summary Judgment Motion, when GEO first raised the hearsay objection. The documents GEO relies on here were previously produced in discovery and disclosed in Plaintiffs' Rule 26 disclosures, Scimone Decl. ¶ 4, and were filed in a case that has been pending against GEO for three years, which is being defended by the same firm defending this case. GEO has no excuse for being unaware of information filed or produced in multiple cases it is defending.

GEO attacks this statement as untrustworthy by pointing to an email showing that an ICE employee "signed off" on the HUSP and reviewed it. *See* Def.'s Notice at 3. That is consistent with Ms. Ely's statements that the policy was created by GEO, and that ICE did not draft or negotiate it. Signing off on a policy is not the same as drafting or negotiating it. Nor are these facts new. In the pending motions for summary judgment, the parties have presented testimony from GEO's own 30(b)(6) designee about exactly how policies are drafted (by GEO) and approved (by ICE). *See* ECF No. 286, Fact No. 40. In its opposition to summary judgment, GEO mischaracterizes its own designee's testimony in an attempt to blur the distinction between creating a policy and reviewing it. *Id.* GEO elides this distinction because it knows that it is critical under the law of derivative sovereign immunity. *See* Pls.' Reply, ECF No. 286 at 91-98.

## II. The COR's Actions Do Not Constitute ICE Direction.

GEO's Notice represents in footnote 2 of its Notice that GEO believes the reviewing ICE employee is "the contracting officer for ICE who is situated as the Aurora Facility and has the initials 'A.S.'" (emphasis added). In correspondence following GEO's Notice, ICE has confirmed the identity of the employee, but identifies her not as the Contracting Officer, but as the Contracting Officer's Representative ("COR"), a position that ICE has stated is "interchangeable" with the Contracting Officer's Technical Representative ("COTR").[3] Scimone Decl. ¶ 5. This distinction is a material one.[4] The

---

[3] In minutes of meetings from the Aurora facility, "A.S." is identified as the COTR. *See* Scimone Decl. Ex. A (GEO-MEN 00089660).
[4] Before filing this response, Plaintiffs' counsel notified GEO that its Notice was inaccurate, and forwarded Exhibit A to the Scimone Declaration, to offer GEO an

3

COTR (or COR) does not have authority to authorize contractor conduct that, like the HUSP, deviates from ICE standards.  *See* Pls.' Reply at 98-101.

What GEO is really doing here is presenting a merits issue as an evidentiary dispute.  This only highlights the importance of the Ely declaration that GEO is so keen to exclude.  GEO's arguments in the Notice should be rejected.

| | |
|---|---|
| Dated: New York, NY<br>July 24, 2020 | Respectfully submitted,<br><br>By: */s/ Michael J. Scimone*<br>Michael J. Scimone<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060<br>E-Mail: mscimone@outtengolden.com<br><br>Rachel Dempsey<br>Adam Koshkin<br>**OUTTEN & GOLDEN LLP**<br>One California Street, 12th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br>Facsimile: (415) 638-8810<br>E-Mail: rdempsey@outtengolden.com<br>E-Mail: akoshkin@outtengolden.com<br><br>Alexander Hood<br>David Seligman<br>Juno Turner<br>**TOWARDS JUSTICE**<br>1410 High St., Suite 300<br>Denver, CO 80218<br>(720) 441-2236 |

---

opportunity to correct the record.  Scimone Decl. ¶ 6.  GEO has informed Plaintiffs that it intends to issue a correction.  *Id.* at ¶ 7.

alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
1123 Spruce Street
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BUESCHER FIRM, P.C.**
600 Grant St., Suite 825
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 24, 2020, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

               */s/ Michael J. Scimone*
               Michael J. Scimone
               **OUTTEN & GOLDEN LLP**
               685 Third Avenue, 25th Floor
               New York, NY 10017
               Telephone: (212) 245-1000
               E-Mail: mscimone@outtengolden.com