IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK-MEH

ALEJANDRO MENOCAL, et al.

       Plaintiffs,

v.

THE GEO GROUP, INC.,

       Defendant.

## SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant The GEO Group, Inc. ("Defendant" or "GEO"), by and through undersigned counsel, hereby provides the following Second Notice of Supplemental Authority to clarify its Notice of Supplemental Authority (ECF 291) and provide additional information to the Court.

On June 5, 2020, GEO filed its Opposition to Plaintiffs' Motion for Summary Judgment. ECF 270. In its Notice (and corresponding Motion), GEO asserted that the declaration of Shannon Ely (ECF 261-7) should not be considered at summary judgment because it is inadmissible hearsay. On July 13, 2020, GEO filed a Notice of Supplemental Authority attaching an "email from April 2017 that was forwarded and considered again in February 2018[.]" ECF 291, 2. GEO argued that the email "shows that ICE was aware that **someone** (whose name has been redacted) signed off on the GEO housekeeping policy 'every year as the policies are renewed.'" ECF 291, 2 (emphasis added). In a related footnote, GEO stated "[u]pon information and belief, the redacted name belongs to the contracting officer for ICE who is situated at the Aurora Facility and has the initials 'A.S.' GEO will not place the contracting officer's name in this public filing but can

53976582;1

provide it to the Court at its request. It is GEO's experience that A.S. reviews and signs off on each of GEO's policies on an annual basis." ECF 291, 2 at n2. GEO used the informal term "contracting officer" based upon the informal phrase that employees at the Aurora Facility use to describe "A.S." GEO did not use this phrase as a term of art or purport to connect it to any technical definition in the GEO-ICE contract or the FAR. Nor did GEO did assign "A.S" an official title as the documents produced in this action indicate she may have held more than one title. Plaintiffs have since indicated that they construed the phrase "contracting officer" in a footnote of Docket Number 291 to refer to a specific definition within the GEO-ICE contract. *See* ECF 294.

Today, a representative of ICE stated in an email that A.S.'s title was "Contracting Officer's Representative" for all relevant periods prior to 2014 and that that title was used interchangeably with the term "Contracting Officer's Technical Representative." Accordingly, GEO provides this update to the Court as is reflected in **Exhibit A.**[1] While GEO does not believe that A.S.'s title is relevant to whether her annual sign-off on the Aurora Facility policies calls into question the trustworthiness of the Ely Declaration (ECF 261-7), GEO provides this additional information for the Court's full consideration of the issue. While no documents were produced in connection with ICE's description of A.S.'s title, the attached **Exhibit B** shows that as part of her duties as "Contracting Officer's Representative," A.S.'s "primary duty" was to "monitor The GEO Group's performance." *See* Exhibit B**.** As part of this duty, A.S. was required to "record and report to the CO all incidents of faulty or nonconforming work." *See* Exhibit B. In addition, A.S. was required to notify the "Contracting Officer," as defined by ICE and the FAR, of any "requests for

---

[1] Based upon this new information, GEO is currently reviewing documents to determine whether A.S. was appointed to both the "Contracting Officer's Representative" and "Contracting Officer's Technical Representative" positions concurrently and whether that is the basis for the interchangeable use of the terms in this circumstance.

53976582;1

changes from a contractor" and of "[a]ny possible Contractor deficiencies or questionable practices so that corrections can be made before the problems become significant[.]" Accordingly, it is GEO's position that A.S.'s title reaffirms that the statements in Paragraph 22 of the Ely Declaration are inadmissible hearsay because her annual signature indicates that the policies she reviewed conformed to the requirements of the GEO-ICE contract. Plaintiffs have offered no evidence that her review of the policies resulted in a determination *by ICE* that the policies deviated from the requirements of the GEO-ICE contract.

In sum, regardless of the title she held, the document submitted with GEO's Notice of Supplemental Authority (ECF 291) indicates that the "Contracting Officer's Representative" who was situated at the Aurora Facility, not only reviewed, but <u>signed off</u> on the policies each year. Indeed, the redacted portion of the email appears to detail her standard procedure for the same. This procedure appears to be part of A.S.'s review of GEO's "compliance against the technical provisions of the contract and verif[ication of] the performance of work by [GEO.]" Exhibit B. GEO is aware of no documents from ICE informing A.S. that this procedure of signing off on the policies was outside of her authority or otherwise unauthorized. Accordingly, for the reasons set forth in its prior briefing, the Ely Declaration is inadmissible hearsay and should not be considered by this Court in deciding the pending cross-motions for summary judgment. Should GEO obtain any additional information regarding this issue, it will promptly notify the Court.

Dated: July 24, 2020

**AKERMAN LLP**

<u>s/Adrienne Scheffey</u>
Colin L. Barnacle
Adrienne Scheffey
Christopher J. Eby
Melissa L. Cizmorris
1900 Sixteenth Street, Suite 1700

53976582;1

Denver, Colorado 80202
Telephone:(303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
Email: christopher.eby@akerman.com
Email: melissa.cizmorris@akerman.com
Email: adrienne.scheffey@akerman.com

**BURNS, FIGA & WILL, P.C.**
Dana L. Eismeier
Michael Y. Ley
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, CO 80111
Telephone:(303) 796-2626
Facsimile: (303) 796-2777
Email: deismeier@bfwlaw.com
Email: mley@bfwlaw.com
*Attorneys for Defendant The GEO Group, Inc.*

53976582;1

## CERTIFICATE OF SERVICE

I hereby certify on this 24th day of July, 2020, a true and correct copy of the foregoing **Second Notice of Supplemental Authority** was filed and served electronically via the Court's CM/ECF system on the following:

### Counsel for Plaintiffs:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
Towards Justice
1410 High St., Ste. 300
Denver, CO 80218
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Kelman Buescher Firm
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com

Hans C. Meyer
Meyer Law Office, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
Outten & Golden, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
Outten & Golden, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
Outten & Golden, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
Law Office of R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

R. Andrew Free
Law Office of R. Andrew Free
2004 8th Ave. South
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
Milstein Law Office
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

53976582;1