# EXHIBIT H

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

### PLAINTIFF ALEJANDRO MENOCAL LEPE'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Alejandro Menocal Lepe ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

### PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 26:

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

### RESPONSE TO INTERROGATORY NO. 26:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than his attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. To the best of his recollection, Plaintiff recalls that he has communicated with his daughter, Alexis Menocal, his wife, Constance Thrasher, his sons Anthony and Andrew Menocal,

3

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

his friend, Mark Trujillo, and his friend, Dean Knowll, and with reporters whose names Plaintiff cannot recall concerning the allegations in the lawsuit.

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall receiving direct threats from any GEO employee regarding administrative or disciplinary segregation for failing to clean. Plaintiff observed other detainees who had been sent to solitary and was told by a guard that the other detainees had been sent to solitary for failing to clean.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it

relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that he was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least one day per week for the approximately three months Plaintiff was detained in the Aurora facility.  Plaintiff recalls that post-meal-service cleaning assignments pursuant to the Housing Unit Sanitation Policy rotated between him and other members of his pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given

time. When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to his response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning work performed pursuant to the Housing Unit Sanitation Policy. Plaintiff cannot recall specific details for each and every instance identified above. Notwithstanding this, to the best of his recollection, Plaintiff estimates that he cleaned for approximately one hour after each of three meals, or approximately three hours per day, on the days he was assigned post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy. During such cleaning, Plaintiff's responsibilities typically included sweeping floors, mopping floors, wiping down tables, and clearing dishes.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked at least four weeks in the Voluntary Work Program, and that Plaintiff worked approximately seven days each week that he worked in the Voluntary Work Program.  Plaintiff estimates that Plaintiff worked for approximately three months under the Housing Unit Sanitation Policy, and that Plaintiff worked at least one day each week that he performed post-meal-service cleaning under the Housing Unit Sanitation Policy.

Plaintiff estimates that Plaintiff worked at least 6 hours per day in the Voluntary Work Program on the days that Plaintiff worked in the Voluntary Work Program. On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, he estimates that he performed that work for at least three hours per day.

**INTERROGATORY NO. 32:**

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy.   Plaintiff estimates that Plaintiff worked approximately three months under the Housing Unit Sanitation Policy, and that Plaintiff worked

at least one day each week that he worked under the Housing Unit Sanitation Policy.  On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, he estimates that he performed that work for at least three hours per day.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint?  If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows. Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

**INTERROGATORY NO. 34:**

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee? If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

Notwithstanding this objection, Plaintiff responds as follows. Since his release from the Aurora Detention Facility, Plaintiff has not communicated with any current or former GEO employee, except for one instance during which Plaintiff visited the Aurora facility and asked to enter the facility to use the bathroom, and a GEO employee told Plaintiff he could not enter the facility.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 26:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 27:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 28:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 29:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will only produce responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiff. Plaintiffs will produce such documents, if any, by February 19, 2018.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows.  Plaintiff has no responsive documents.  To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, execute and return the attached Medical Authorization and Release for each medical provider or therapist from whom you have received treatment for mental anguish, emotional distress, or other similar or related conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

## VERIFICATION

I, Alejandro Menocal Lepe, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  January 19, 2018                    By: _____

                                            Alejandro Menocal Lepe

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

Dated:  January 19, 2018        By:    _/s/ Juno Turner_____

       Juno Turner
Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**

17

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

DocuSign Envelope ID: ECA81233-5139-4E7D-84BD-33026A3145EB

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by E-Mail to the

following counsel of record:


Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


By:    */s/ Juno Turner*
        Juno Turner

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

## PLAINTIFF GRISEL XAHUENTITLA FLORES'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

     Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Grisel Xahuentitla Flores ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

## **PRELIMINARY STATEMENT**

     All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve:  (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 26:**

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than her attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows.  To the best of her recollection, Plaintiff recalls that she has communicated with her

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

mother, Maria del Socorro Sandoval, her father, Marcelino Xahuentitla Vasquez, and with reporters whose names she cannot recall concerning the allegations in the lawsuit.

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff recalls receiving or observing threats from approximately three GEO guards that solitary confinement was a punishment for failing to clean. One threat was made directly by a GEO guard to Plaintiff, and the other two were made to women in Plaintiff's pod. Plaintiff does not recall when exactly each threat occurred.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

4

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of her recollection, Plaintiff estimates that she was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least two to three days per week for the approximately four months Plaintiff was detained in the Aurora facility. Plaintiff recalls that post-meal-service cleaning assignments pursuant to the

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

Housing Unit Sanitation Policy rotated between her and other members of her pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time. When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to her response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning work performed pursuant to the Housing Unit Sanitation Policy. Plaintiff cannot recall specific details for each and every instance identified above. Notwithstanding this, to the best of her recollection, Plaintiff estimates that she cleaned for approximately one hour after each of three meals, or approximately three hours per day, on the days she was assigned post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy. During such cleaning, Plaintiff's responsibilities typically included sweeping floors, mopping floors, wiping down tables, and clearing dishes.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked approximately four weeks in the Voluntary Work Program, until Plaintiff became sick from the cleaning products she was required to use in her VWP job, and that Plaintiff worked at least seven days each week that she worked in the Voluntary Work Program. Plaintiff estimates that Plaintiff worked approximately four months under the Housing Unit Sanitation Policy, and that Plaintiff worked at least two days each week that she performed post-meal-service cleaning under the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked at least 6 hours per day in the Voluntary Work Program on the days that Plaintiff worked in the Voluntary Work Program. On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, she performed that work for at least 3 hours per day.

**INTERROGATORY NO. 32:**

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked approximately four months under the Housing Unit Sanitation Policy, and that Plaintiff worked at least two days each week that she worked under the Housing Unit Sanitation Policy. On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, she performed that work for at least 3 hours per day.

## INTERROGATORY NO. 33:

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint? If so, identify each such detainee.

## RESPONSE TO INTERROGATORY NO. 33:

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows. Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

**INTERROGATORY NO. 34:**

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee? If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding this objection, Plaintiff responds as follows. Since her release from the Aurora Detention Facility, Plaintiff has not communicated with any current or former GEO employee.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 26:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 27:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 29:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will only produce responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiff. Plaintiffs will produce such documents, if any, by February 19, 2018.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel

seeks information that is protected by the attorney-client privilege and/or attorney work product

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule

of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no

responsive documents. To the extent this request covers communications made or received solely

by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 31:

If you are making a claim for mental anguish, emotional distress, or other similar or related

conditions, produce all medical records related to your mental and emotional condition.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or

related conditions.

## REQUEST FOR PRODUCTION NO. 32:

If you are making a claim for mental anguish, emotional distress, or other similar or related

conditions, execute and return the attached Medical Authorization and Release for each medical

provider or therapist from whom you have received treatment for mental anguish, emotional

distress, or other similar or related conditions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or

related conditions.

## VERIFICATION

I, Grisel Xahuentitla Flores, verify subject to the penalty of perjury that the foregoing OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the best of my knowledge and belief.


Dated: January 22, 2018          By: _____

                                        Grisel Xahuentitla Flores

16

Dated: February 2, 2018    By:    */s/ Juno Turner*

         Juno Turner
Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**

17

DocuSign Envelope ID: FC3550E1-EEDA-46E2-B4E5-2DF5EDAD0C29

595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by E-Mail to the

following counsel of record:


Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


By:    */s/ Juno Turner*
                Juno Turner


19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

## PLAINTIFF HUGO HERNANDEZ CEREN'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Hugo Hernandez Ceren ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

### PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 26:

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

### RESPONSE TO INTERROGATORY NO. 26:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than his attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. He has not spoken to or communicated with anyone other than his attorneys concerning the allegations in this lawsuit.

3

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall specific dates, but recalls one instance in which a GEO employee threatened Plaintiff with solitary confinement for failure to clean, and Plaintiff recalls witnessing another detainee being sent to solitary confinement for failure to clean.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

4

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of his recollection, Plaintiff estimates that when he was assigned post-meal-service cleaning responsibilities during the seven months he was detained at the Aurora Detention facility, he had to clean three times a day after every meal.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.   Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to his response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning work performed pursuant to the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked at least twenty-eight weeks in the Voluntary Work Program, and that Plaintiff worked at least 6 days each week that he worked in the Voluntary Work Program for approximately three to four hours a day.   Plaintiff estimates that he performed post-meal-service cleaning regularly under the Housing Unit Sanitation Policy for the first four weeks he was detained, and then occasionally throughout the remaining time he was detained at the Aurora detention facility, and that on each day he performed such cleaning, he cleaned for an estimated 1.5 hours per day.

**INTERROGATORY NO. 32:**

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy. Plaintiff estimates that he performed post-meal-service cleaning regularly under the Housing Unit Sanitation Policy for the first four weeks he was detained, and then occasionally throughout the remaining time he was detained at the Aurora detention facility, and that on each day he performed such cleaning, he cleaned for an estimated 1.5 hours per day.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint? If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows. Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

**INTERROGATORY NO. 34:**

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee?  If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related

to this lawsuit.  Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding this objection, Plaintiff responds as follows. Since his release from the Aurora Detention Facility, Plaintiff has not communicated with any current or former GEO employee.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 26:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 27:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance

that disclosure of every single written or electronic communication Plaintiff might have had about

this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the

attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes

Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel

seeks information that is protected by the attorney-client privilege and/or attorney work product

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule

of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as

follows. Plaintiff has no responsive documents. To the extent this request covers communications

made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice

messages, text messages, Facebook messages and any other messages sent via social media or other

messaging services) between you and any other former Aurora Detention Facility detainee

concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant

information, in that it seeks every message between Plaintiff and any other former Aurora

Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks

material that is not relevant to this action and not "proportional to the need of the case" under

Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 29:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will only produce responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiff. Plaintiffs will produce such documents, if any, by February 19, 2018.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former

GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, execute and return the attached Medical Authorization and Release for each medical

provider or therapist from whom you have received treatment for mental anguish, emotional

distress, or other similar or related conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

      Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or

related conditions.

**VERIFICATION**

I, Hugo Hernandez Ceren, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.

Dated:                              By: _____
                                         Hugo Hernandez Ceren

Dated: February 5, 2018

By:    */s/ Juno Turner*

Juno Turner
Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**

17

595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S

SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by E-

Mail to the following counsel of record:

Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com

By:    _/s/ Juno Turner_
         Juno Turner

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

## PLAINTIFF LOURDES ARGUETA'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Lourdes Argueta ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 26:

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

### RESPONSE TO INTERROGATORY NO. 26:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than her attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows.  To the best of her recollection, Plaintiff recalls that she has communicated with Nestor Romero, her co-worker; Susanna Enriquez, Adriana Rice, Lemu Oreyana, and Hayde Nuñez, who

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

were detained with her at the Aurora Detention Facility; Patrick Rápalo, her supervisor; Justin

Edwards, her brother-in-law; Karen Argueta, her sister; Carlos Avelar, her cousin; and her mother,

Maria Avelar, about the allegations in this lawsuit.

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee

threatened you with administrative or disciplinary segregation for failing to clean any area of the

Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's

custody and control.  Plaintiff also objects to this interrogatory as overly broad to the extent that it

relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as

much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff observed guards

threatening detainees with solitary confinement for refusing to clean on several occasions.

Plaintiff was specifically told by GEO guards that detainees would be put in solitary confinement

if they refused to clean.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official

threatened you with administrative or disciplinary segregation for failing to clean any area of the

Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall directly receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows.  Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of her recollection, Plaintiff estimates that she was assigned cleaning responsibilities pursuant to the Housing Unit Sanitation Policy between two days and several days per week for approximately the first two months Plaintiff was detained in the Aurora facility.  The number of assignments per week varied in part based on the number of detainees in the facility at any given time. Plaintiff also estimates that after the first two months

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

she was detained in the Aurora facility, she was assigned cleaning responsibilities pursuant to the Housing Unit Sanitation Policy occasionally.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall the precise dates or number of times Plaintiff was assigned to or otherwise required to clean pursuant to the Housing Unit Sanitation Policy, but Plaintiff refers Defendant to her response to Interrogatory No. 29 above with respect to frequency of work performed pursuant to the Housing Unit Sanitation Policy.  Plaintiff cannot recall specific details for each and every instance identified above.  Notwithstanding this, to the best of her recollection, Plaintiff estimates that she worked approximately one hour in the morning and one hour in the afternoon on each day that she was assigned to clean pursuant to the Housing Unit Sanitation Policy.  When she was assigned to clean pursuant to the Housing Unit Sanitation Policy, her tasks involved cleaning, sweeping, and mopping the common spaces in the pod, such as bathrooms and showers, cleaning the eating area, washing windows, cleaning tables and the patio, and removing trash from the pods.

**INTERROGATORY NO. 31:**

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. To the best of her recollection, Plaintiff estimates that Plaintiff worked at least 28 weeks in the Voluntary Work Program, and that Plaintiff worked seven days each week that she worked in the Voluntary Work Program. Plaintiff estimates that Plaintiff worked approximately eight weeks under the Housing Unit Sanitation Policy, and that Plaintiff worked at least one or two days each week that she worked under the Housing Unit Sanitation Policy.

To the best of her recollection, Plaintiff estimates that she worked at least four to eight hours per day in the Voluntary Work Program on the days that Plaintiff worked in the Voluntary Work Program, and at least two hours per day on the days that she worked pursuant to the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 32:**

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

7

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy. To the best of her recollection, Plaintiff estimates that Plaintiff worked at least eight weeks under the Housing Unit Sanitation Policy, and that Plaintiff worked at least one or two days each week that she worked under the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked at least two hours per day under the Housing Unit Sanitation Policy on the days that Plaintiff worked pursuant to the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint? If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications

8

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows: Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

## INTERROGATORY NO. 34:

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee? If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

## RESPONSE TO INTERROGATORY NO. 34:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks

information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding these objections, Plaintiff responds as follows: Plaintiff has not communicated with any current or former GEO employee since her release from the Aurora Detention Facility.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 26:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows: Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 27:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Moreover, to the extent the request seeks correspondence with other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows: Plaintiff is withholding responsive documents based on privilege. Plaintiff will produce any non-privileged responsive documents in her possession on or before March 19, 2018.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows: Plaintiff does not have non-privileged documents in her possession. Plaintiff is withholding responsive documents based on privilege.

**REQUEST FOR PRODUCTION NO. 29:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. She has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff produced any responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiffs on February 19, 2018. *See* P00000001-04.

## REQUEST FOR PRODUCTION NO. 30:

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows: Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, execute and return the attached Medical Authorization and Release for each medical provider or therapist from whom you have received treatment for mental anguish, emotional distress, or other similar or related conditions.

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

## VERIFICATION

I, Lourdes Argueta, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.

Dated:  March 6, 2018                    By: _____
                                         Lourdes Argueta

17

Dated:  March 6, 2018                    By:    /s/ Juno Turner

                                                  Juno Turner

Juno Turner

Ossai Miazad

**OUTTEN & GOLDEN LLP**

685 Third Avenue, 25th Floor

New York, New York 10017

Telephone:  (212) 245-1000

Facsimile:  (212) 977-4005

E-Mail: jturner@outtengolden.com

E-Mail: om@outtengolden.com

E-Mail: estork@outtengolden.com

David Lopez

**OUTTEN & GOLDEN LLP**

601 Massachusetts Avenue NW

Second Floor West Suite

Washington, D.C. 20001

Telephone:  (202) 847-4400

Facsimile:  (202) 847-4410

E-Mail: pdl@outtengolden.com

Rachel Dempsey

**OUTTEN & GOLDEN LLP**

One Embarcadero Center, 38th Floor

San Francisco, CA 94111

Telephone:  (415) 638-8800

Facsimile:  (415) 638-8810

E-Mail: jturner@outtengolden.com

E-Mail: om@outtengolden.com

E-Mail: estork@outtengolden.com

Alexander Hood

David  Seligman

Andrew Schmidt

**TOWARDS JUSTICE**

1535 High St., Suite 300

Denver, CO 80218

(720) 441-2236

alex@towardsjustice.org

david@towardsjustice.org

andy@towardsjustice.org

18

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

DocuSign Envelope ID: C48D9407-0697-401D-8E68-DB2C4E5163A3

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S

SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by

email and U.S. Mail to the following counsel of record:


Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


By:  __/s/ Christopher Truong__
      Christopher Truong
      Paralegal

20

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

**PLAINTIFF JESUS YEPEZ GAYTAN'S OBJECTIONS AND RESPONSES TO
DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY
REQUESTS TO PLAINTIFFS**

---

     Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jesus

Yepez Gaytan ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and

responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery

Requests to Plaintiffs.

<u>**PRELIMINARY STATEMENT**</u>

     All responses to the following Interrogatories are based on information currently known

to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known.  Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may

become known, which may in turn warrant additions to or changes in the responses provided

herein.  These responses are made in a good faith effort to supply such information as is

1

presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 26:

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

### RESPONSE TO INTERROGATORY NO. 26:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than his attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows.  He has spoken with his mother, Juana Gaytan, concerning the allegations in this lawsuit.

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff was told on at least one occasion that he could be sent to solitary confinement, or "the hole," for failing to clean. Plaintiff also observed guards telling other detainees they would be sent to solitary confinement for failing to clean on multiple occasions. Plaintiff cannot recall the specific dates or specific number of occasions.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it

relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff cannot recall whether a DHS/ICE official threatened him with administrative or disciplinary segregation for failing to clean because he was not sure whether any of the guards were employees of DHS or ICE. It is possible that a DHS/ICE official threatened him with solitary for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of his recollection, Plaintiff recalls that post-meal-service cleaning assignments pursuant to the Housing Unit Sanitation Policy rotated between him and other members of his pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time. When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day. Plaintiff recalls being assigned to post-meal-service cleaning under the Housing Unit

Sanitation Policy several times during the time he was detained at the Aurora detention facility, but cannot recall specifically how many times or on which occasions he was forced to clean under the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall all specific dates and details for each and every instance identified above. Notwithstanding this, to the best of his recollection, Plaintiff estimates that he worked approximately one and a half hours every day that he was assigned post-meal-service cleaning under the Housing Unit Sanitation policy. During such cleaning, Plaintiff's responsibilities typically included cleaning tables and the bathrooms and mopping the floor.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy.  Plaintiff cannot recall exactly how many times he was forced to clean under the Housing Unit Sanitation Policy, but each day he was assigned post-meal-service cleaning under the Housing Unit Sanitation Policy, he worked approximately 1.5 hours on such cleaning.  Plaintiff estimates that Plaintiff worked in the laundry through the Voluntary Work Program at least five days a week, for approximately five months.  Plaintiff estimates that on each day he worked in the Voluntary Work Program, he worked approximately 7 to 8 hours per day.

## INTERROGATORY NO. 32:

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

## RESPONSE TO INTERROGATORY NO. 32:

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy.   Plaintiff cannot recall exactly how many times he was forced to clean under the Housing Unit Sanitation Policy, but each day he was assigned post-meal-service cleaning under the Housing Unit Sanitation Policy, he worked approximately 1.5 hours on such cleaning.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint?  If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows.  Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

**INTERROGATORY NO. 34:**

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee?  If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit.  Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding this objection, Plaintiff responds as follows. Since his release from the Aurora Detention Facility, Plaintiff has not communicated with any current or former GEO employee.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 26:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents.  To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 27:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 29:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will only produce responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiff. Plaintiffs will produce such documents, if any, by February 19, 2018.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

14

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related

conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or

related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related

conditions, execute and return the attached Medical Authorization and Release for each medical

provider or therapist from whom you have received treatment for mental anguish, emotional

distress, or other similar or related conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or

related conditions.

## VERIFICATION

I, Jesus Yepez Gaytan, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated: 2/2/18                          By: _____
                                           Jesus Yepez Gaytan

16

Dated: February 2, 2018          By:     */s/ Juno Turner*

          Juno Turner
Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**

17

595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by E-Mail to the

following counsel of record:


Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


By:    */s/ Juno Turner*
        Juno Turner

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

## PLAINTIFF OLGA ALEXAKLINA'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Olga Alexaklina ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

## PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve: (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 26:**

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than her attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. To the best of her recollection, Plaintiff recalls that she has communicated with her mother, Genny Makeev, concerning the allegations in the lawsuit.

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall receiving direct threats from GEO employees regarding administrative or disciplinary segregation for failing to clean. Plaintiff recalls being told by at least one other detainee that solitary confinement was a punishment for failing to clean.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

## INTERROGATORY NO. 29:

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

## RESPONSE TO INTERROGATORY NO. 29:

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague. Plaintiff also objects to this Interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service. Notwithstanding this, to the best of her recollection, Plaintiff estimates that she was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least four days per week for the entire time she was detained in the Aurora Facility. Plaintiff recalls that post-meal-service assignments to clean pursuant to the Housing Unit Sanitation Policy rotated between her and other members of her pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time. When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague. Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to her response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning assignments performed pursuant to the Housing Unit Sanitation Policy. Plaintiff cannot recall specific details for each and every instance identified above. Notwithstanding this, to the best of her recollection, Plaintiff estimates that she cleaned for between thirty minutes and one hour after each of three meals, or approximately 1.5 to 3 hours per day, on the days she was assigned post-meal-service cleaning. During such cleaning, Plaintiff's responsibilities typically included sweeping floors, mopping floors, and cleaning toilets and showers.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

6

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked for the entire time she was detained in the Aurora Facility in the Voluntary Work Program, and that Plaintiff worked seven days each week that she worked in the Voluntary Work Program. Plaintiff estimates that Plaintiff worked for the entire time she was detained in the Aurora Facility under the Housing Unit Sanitation Policy, and that Plaintiff worked at least four days each week that she performed post-meal-service cleaning under the Housing Unit Sanitation Policy. In addition to post-meal-service cleaning, Plaintiff was sometimes asked by guards to perform extra cleaning tasks such as cleaning hallways, for 4-5 hours each time. This occurred 4-5 times during Plaintiffs' detention at the Aurora Facility.

Plaintiff estimates that Plaintiff worked between 4 and 6 hours per day in the Voluntary Work Program on the days that Plaintiff worked in the Voluntary Work Program. On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, she performed that work for at least 1.5 to 3 hours per day.

## INTERROGATORY NO. 32:

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

## RESPONSE TO INTERROGATORY NO. 32:

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked for the

7

entire time she was detained in the Aurora Facility under the Housing Unit Sanitation Policy, and that Plaintiff worked at least four days each week that she performed post-meal-service cleaning under the Housing Unit Sanitation Policy.  In addition to post-meal-service cleaning, Plaintiff was sometimes asked by guards to perform extra cleaning tasks such as cleaning hallways, for 4-5 hours each time.  This occurred 4-5 times during Plaintiffs' detention at the Aurora Facility.  On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, she performed that work for at least 1.5 to 3 hours per day.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint?  If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the Interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications

concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows. Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

## INTERROGATORY NO. 34:

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee? If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

## RESPONSE TO INTERROGATORY NO. 34:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this Interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have to the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding this objection, Plaintiff responds as follows. Since her release from the Aurora Detention Facility, Plaintiff has not communicated with any current or former GEO employee.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 26:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows.  Plaintiff has no responsive documents.  To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 27:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit.  This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

## REQUEST FOR PRODUCTION NO. 29:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will only produce responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiff. Plaintiffs will produce such documents, if any, by February 19, 2018.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have to the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

14

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, execute and return the attached Medical Authorization and Release for each medical provider or therapist from whom you have received treatment for mental anguish, emotional distress, or other similar or related conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

## VERIFICATION

I, Olga Alexaklina, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  January 31, 2018            By: _____

                                        Olga Alexaklina

16

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

Dated:  February 2, 2018

By:   _/s/ Juno Turner_

Juno Turner
Juno Turner
Ossai Miazad
Elizabeth Stork
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: jturner@outtengolden.com
E-Mail: om@outtengolden.com
E-Mail: estork@outtengolden.com

David Lopez
**OUTTEN & GOLDEN LLP**
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:  (202) 847-4410
E-Mail: pdl@outtengolden.com

Alexander Hood
David  Seligman
Andrew Schmidt
**TOWARDS JUSTICE**
1535 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
andy@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**

DocuSign Envelope ID: AAF317BE-40B6-48D2-8A77-E74B29A44DBF

595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by E-Mail to the

following counsel of record:


Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


By:    /s/ Juno Turner
             Juno Turner

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

**PLAINTIFF DAGOBERTO VIZGUERRA'S OBJECTIONS AND RESPONSES TO
DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY
REQUESTS TO PLAINTIFFS**

---

      Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Dagoberto

Vizguerra ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to

The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to

Plaintiffs.

**<u>PRELIMINARY STATEMENT</u>**

      All responses to the following Interrogatories are based on information currently known

to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any

subsequently discovered facts and information, should such become known.  Plaintiff anticipates

that as investigation and trial preparation continue, it is possible that additional facts may

become known, which may in turn warrant additions to or changes in the responses provided

herein.  These responses are made in a good faith effort to supply such information as is

1

presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve:  (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 26:**

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than his attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have on the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. To the best of his recollection, Plaintiff recalls that he has communicated with Jesus

Yepez Gaytan, with his mother Estela Vizguerra, and his aunt Martha Vizguerra concerning the allegations in the lawsuit.

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff recalls receiving direct threats from GEO employees and observing GEO employees threatening other detainees with solitary confinement for failure to clean on multiple occasions.  Plaintiff cannot recall specifically when each of these threats occurred.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control.  Plaintiff also objects to this interrogatory as overly broad to the extent that it

relates to information outside the Relevant Periods.  Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff does not recall receiving threats from any DHS or ICE official regarding administrative or disciplinary segregation for failing to clean.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that he was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy three times a day, after every meal, at least once a week during the time he was detained in the Aurora facility.

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.   Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to his response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning work performed pursuant to the Housing Unit Sanitation Policy.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that on the days he was assigned post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, he was assigned post-meal-service cleaning responsibilities approximately one hour in the morning, approximately an hour following lunch, and approximately an hour following dinner.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. Plaintiff estimates

6

that Plaintiff worked in the laundry as part of the Voluntary Work Program for approximately four months, and that Plaintiff worked six days each week, for approximately six or seven hours a day, when he worked in the Voluntary Work Program. Plaintiff estimates that Plaintiff worked for the entire time he was detained at the Aurora facility under the Housing Unit Sanitation Policy, and that Plaintiff worked approximately three hours per day, for at least one day each week that he performed post-meal-service cleaning under the Housing Unit Sanitation Policy.

**INTERROGATORY NO. 32:**

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked under the Housing Unit Sanitation Policy for the entire time he was detained at the Aurora facility, and that Plaintiff worked at least one day each week that he performed post-meal-service cleaning under the Housing Unit Sanitation Policy. On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, he estimates that he performed that work for at least three hours per day.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint?  If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows.  Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

**INTERROGATORY NO. 34:**

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee?  If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit.  Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding this objection, Plaintiff responds as follows. Since being released from the Aurora detention facility, Plaintiff has had no written or oral communications with any current or former GEO employee.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 26:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows.  Plaintiff has no responsive documents.  To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 27:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 29:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will only produce responsive documents in which Plaintiffs' counsel relayed statement(s) attributed to Plaintiff. Plaintiffs will produce such documents, if any, by February 19, 2018.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

14

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, execute and return the attached Medical Authorization and Release for each medical provider or therapist from whom you have received treatment for mental anguish, emotional distress, or other similar or related conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

## VERIFICATION

I, Dagoberto Vizguerra, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  January 19, 2018          By: _____
                                       Dagoberto Vizguerra

Dated:  January 19, 2018                    By:  ___/s/ Juno Turner_____

                                                Juno Turner
                                            Juno Turner
                                            Ossai Miazad
                                            Elizabeth Stork
                                            **OUTTEN & GOLDEN LLP**
                                            685 Third Avenue, 25th Floor
                                            New York, New York 10017
                                            Telephone:  (212) 245-1000
                                            Facsimile:  (212) 977-4005
                                            E-Mail: jturner@outtengolden.com
                                            E-Mail: om@outtengolden.com
                                            E-Mail: estork@outtengolden.com

                                            David Lopez
                                            **OUTTEN & GOLDEN LLP**
                                            601 Massachusetts Avenue NW
                                            Second Floor West Suite
                                            Washington, D.C. 20001
                                            Telephone:  (202) 847-4400
                                            Facsimile:  (202) 847-4410
                                            E-Mail: pdl@outtengolden.com

                                            Alexander Hood
                                            David  Seligman
                                            Andrew Schmidt
                                            **TOWARDS JUSTICE**
                                            1535 High St., Suite 300
                                            Denver, CO 80218
                                            (720) 441-2236
                                            alex@towardsjustice.org
                                            david@towardsjustice.org
                                            andy@towardsjustice.org

                                            R. Andrew Free
                                            **LAW OFFICE OF R. ANDREW FREE**
                                            P.O. Box 90568
                                            Nashville, TN 37209
                                            T: (844) 321-3221
                                            Andrew@ImmigrantCivilRights.com

                                            Brandt Milstein
                                            **MILSTEIN LAW OFFICE**

                                            17

595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by E-Mail to the

following counsel of record:

Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com

By: _/s/ Juno Turner_
       Juno Turner

19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL, *et al.*

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

---

## PLAINTIFF DEMETRIO VALERGA'S OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff Demetrio Valerga ("Plaintiff"), by Plaintiffs' attorneys, makes the following objections and responses to The GEO Group, Inc.'s ("Defendant" or "GEO") Second Set of Written Discovery Requests to Plaintiffs.

### PRELIMINARY STATEMENT

All responses to the following Interrogatories are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is

1

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

presently known to Plaintiff.  These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

The production of information pursuant to these responses is made without waiving, or intending to waive, but on the contrary reserving and intending to reserve:  (a) the right to object on any grounds to the use of information provided pursuant to these responses in this or any other action or proceeding; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery mechanisms or proceedings; and (c) the right at any time to revise, correct, or supplement these responses. Plaintiff reserves all objections to the competence, relevance, materiality, or admissibility at trial of any information or documents requested or identified by any party.  The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

Unless otherwise noted below, Plaintiff has no responsive documents.

This Preliminary Statement is incorporated into each response by this reference.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 26:

Other than your attorneys, identify each person, including friends, family, and co-workers, with whom you have spoken or communicated concerning the allegations in this lawsuit.

### RESPONSE TO INTERROGATORY NO. 26:

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every single individual, other than her attorneys, with whom Plaintiff has spoken or communicated about the allegations in this lawsuit.

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every person Plaintiff might have communicated with about the case would have to the issues in this litigation.

Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the period from October 22, 2004 through the present for all interrogatories related to Plaintiffs' TVPA claims and October 22, 2012 through the present for all requests related to Plaintiffs' unjust enrichment claims (the "Relevant Periods").

Moreover, to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes, Plaintiff objects on the ground of privilege with respect to any communications between Plaintiff and those detainees concerning the allegations in the lawsuit.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. To the best of his recollection, Plaintiff recalls that he has communicated with his brother, Martin Valerga, and with Alex Menocal concerning the allegations in the lawsuit.

**INTERROGATORY NO. 27:**

Identify with as much specificity as possible each circumstance in which a GEO employee threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

Notwithstanding these objections, Plaintiff responds as follows. Plaintiff recalls at least one guard telling him that solitary confinement was a punishment for failing to clean. Plaintiff does not recall when this occurred, but believes it was in or around June 2014.

**INTERROGATORY NO. 28:**

Identify with as much specificity as possible each circumstance in which a DHS/ICE official threatened you with administrative or disciplinary segregation for failing to clean any area of the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this interrogatory insofar as it requests information within GEO's custody and control. Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods. Plaintiff also objects to the phrase "with as much specificity as possible" as vague.

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

Notwithstanding these objections, Plaintiff responds as follows.  Plaintiff recalls one ICE officer, Chris Jones, explaining to Plaintiff that he could be punished for failing to clean.  Plaintiff does not recall when this occurred.

**INTERROGATORY NO. 29:**

Identify how many times you were assigned post-meal-service cleaning responsibilities during your time in the Aurora Detention Facility.

**RESPONSE TO INTERROGATORY NO. 29:**

Plaintiff objects to the terms "were assigned" and "post-meal-service cleaning responsibilities" as vague.  Plaintiff also objects to this interrogatory as overly broad to the extent that it relates to information outside the Relevant Periods.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objection, Plaintiff responds as follows. Plaintiff cannot recall the precise number of times Plaintiff was assigned to or otherwise required to clean following meal service.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that he was assigned post-meal-service cleaning responsibilities pursuant to the Housing Unit Sanitation Policy at least two days per week for approximately two months starting in or around September 2013.  Plaintiff recalls that post-meal-service cleaning assignments pursuant to the Housing Unit Sanitation Policy rotated between him and other members of his pod, so the frequency of assignments to clean depended on the number of detainees in the pod at any given time.  When assigned to post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, Plaintiff was required to clean after each meal, or three times per day.

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

**INTERROGATORY NO. 30:**

For each instance identified in response to Interrogatory Number 29, provide as many details as you can, including the approximate date, your best estimate of how many hours you worked and what type of work you performed.

**RESPONSE TO INTERROGATORY NO. 30:**

Plaintiff objects to the terms "as many details as you can" as vague.  Plaintiff also objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Without waiving these objections, Plaintiff responds as follows. Plaintiff cannot recall specific dates, but Plaintiff refers Defendant to his response to Interrogatory No. 29 above with respect to frequency of post-meal-service cleaning work performed pursuant to the Housing Unit Sanitation Policy.  Plaintiff cannot recall specific details for each and every instance identified above.  Notwithstanding this, to the best of his recollection, Plaintiff estimates that he cleaned for between thirty minutes and one hour after each of three meals, or between one and a half hours and three hours per day, on the days he was assigned post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy.  During such cleaning, Plaintiff's responsibilities typically included sweeping floors, mopping floors, wiping down tables, wiping kitchen equipment, and clearing dishes.

**INTERROGATORY NO. 31:**

Identify the number of hours of work for which you seek compensatory damages under your unjust enrichment claim.

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

**RESPONSE TO INTERROGATORY NO. 31:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff seeks compensatory damages for all hours worked under the Voluntary Work Program and the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked at least seven months in the Voluntary Work Program, and that Plaintiff worked at least four or five days each week that he worked in the Voluntary Work Program. Plaintiff estimates that Plaintiff worked at least two months under the Housing Unit Sanitation Policy, and that Plaintiff worked at least two days each week that he performed post-meal-service cleaning under the Housing Unit Sanitation Policy.

Plaintiff estimates that Plaintiff worked between 6.5 and 8.5 hours per day in the Voluntary Work Program on the days that Plaintiff worked in the Voluntary Work Program. On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, he performed that work for at least 1.5 to 3 hours per day.

**INTERROGATORY NO. 32:**

Identify the number of hours of work for which you seek compensatory damages under your TVPA claim.

**RESPONSE TO INTERROGATORY NO. 32:**

Plaintiff objects to this interrogatory to the extent that it requests information within GEO's custody and control.

Notwithstanding this objection, Plaintiff claims compensatory damages for all hours worked under the Housing Unit Sanitation Policy. Plaintiff estimates that Plaintiff worked at least

7

two months under the Housing Unit Sanitation Policy, and that Plaintiff worked at least two days each week that he worked under the Housing Unit Sanitation Policy. On the days that Plaintiff performed post-meal-service cleaning pursuant to the Housing Unit Sanitation Policy, he performed that work for at least 1.5 to 3 hours per day.

**INTERROGATORY NO. 33:**

Have you communicated orally or in writing with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint? If so, identify each such detainee.

**RESPONSE TO INTERROGATORY NO. 33:**

Plaintiff objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance or relevance that others' disagreement with the allegations in the Complaint would have to any party's claim or defense.

Plaintiff objects on the ground of privilege to the extent the interrogatory requests the names of other GEO detainees who are named Plaintiffs or part of the certified classes.

Plaintiff further objects to this Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications concerning this lawsuit seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege or objections, Plaintiff responds as follows.  Plaintiff has not communicated with any current or former Aurora Detention Facility detainee who expressed disagreement with the allegations asserted in the Complaint.

**INTERROGATORY NO. 34:**

Since your release from the Aurora Detention Facility, have you communicated orally or in writing with any current or former GEO employee?  If so, identify with as much specificity as possible each communication, including the identity of the GEO employee, the time and place of the communication, the purpose of the communication, what you communicated, and what the GEO employee communicated.

**RESPONSE TO INTERROGATORY NO. 34:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the identity of every current or former GEO employee, with whom Plaintiff has spoken or communicated, regardless of whether such communication related to this lawsuit.  Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every GEO employee with whom Plaintiff communicated would have on the issues in this litigation.

Plaintiff also objects to this Interrogatory to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for information about Plaintiffs' counsel's communications seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Notwithstanding this objection, Plaintiff responds as follows. Since his release from the Aurora Detention Facility, to the best of his recollection, Plaintiff has not communicated with any current or former GEO employees regarding anything relevant to any party's claims or defenses in this case.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 26:

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other named Plaintiff in this lawsuit.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Plaintiff objects to this request for production as overly broad, unduly burdensome, and seeking irrelevant information. Plaintiff objects to this request on the ground of privilege because this request for production seeks communications between Plaintiff and other named Plaintiffs.

Plaintiff also objects to this request insofar as it seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because the request covers any communication, regardless of whether the communication relates to this lawsuit.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows.  Plaintiff has no responsive documents.  To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 27:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message that Plaintiff possesses concerning this lawsuit.  This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every single written or electronic communication Plaintiff might have had about this lawsuit would have on the issues in this litigation.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 28:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks every message between Plaintiff and any other former Aurora Detention Facility detainee concerning the allegations in this lawsuit. This request therefore seeks material that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every written or electronic communication Plaintiff might have had about this lawsuit with another detainee would have on the issues in this litigation. Plaintiff further objects to the phrase "concerning the allegations" as vague.

Plaintiff objects that this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product

doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above assertions of privilege and objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 29:**

Since 2014, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any member of the media related to the allegations in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to the phrase "any member of the media" as vague. Plaintiff further objects to the extent this request calls for production of documents protected by the attorney-client privilege and the work product doctrine.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will only produce responsive documents in which Plaintiffs'

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

counsel relayed statement(s) attributed to Plaintiff. Plaintiffs will produce such documents, if any, by February 19, 2018.

**REQUEST FOR PRODUCTION NO. 30:**

Since your release from the Aurora Detention Facility, produce all written and electronic communications (including emails, voice messages, text messages, Facebook messages and any other messages sent via social media or other messaging services) between you and any current or former GEO employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff objects to this request as overly broad, unduly burdensome, and seeking irrelevant information, in that it seeks the all communications between Plaintiff and any current or former GEO employee, regardless of whether such communication related to this lawsuit. Plaintiff also objects to this interrogatory insofar as it seeks information that is not relevant to this action and not "proportional to the need of the case" under Federal Rule of Civil Procedure 26(b)(1), because of the minimal importance that disclosure of every communication with a GEO employee would have on the issues in this litigation.

Plaintiff also objects to this Request to the extent that the definition of "you" includes Plaintiffs' counsel, as calling for communications made or received solely by Plaintiffs' counsel seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine, and is otherwise not relevant and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).

Without waiving the above objections, Plaintiff responds as follows. Plaintiff has no responsive documents. To the extent this request covers communications made or received solely by Plaintiffs' counsel, Plaintiff will not produce documents.

**REQUEST FOR PRODUCTION NO. 31:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, produce all medical records related to your mental and emotional condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

**REQUEST FOR PRODUCTION NO. 32:**

If you are making a claim for mental anguish, emotional distress, or other similar or related conditions, execute and return the attached Medical Authorization and Release for each medical provider or therapist from whom you have received treatment for mental anguish, emotional distress, or other similar or related conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff does not make a claim for mental anguish, emotional distress, or other similar or related conditions.

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

**VERIFICATION**

I, Demetrio Valerga, verify subject to the penalty of perjury that the foregoing

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS are true and correct to the

best of my knowledge and belief.


Dated:  January 19, 2018        By: _____

DocuSigned by:

E06D5DEAAF28432...

                            Demetrio Valerga

Dated:  January 19, 2018                    By:    */s/ Juno Turner*

                                                   Juno Turner
                                            Juno Turner
                                            Ossai Miazad
                                            Elizabeth Stork
                                            **OUTTEN & GOLDEN LLP**
                                            685 Third Avenue, 25th Floor
                                            New York, New York 10017
                                            Telephone:  (212) 245-1000
                                            Facsimile:  (212) 977-4005
                                            E-Mail: jturner@outtengolden.com
                                            E-Mail: om@outtengolden.com
                                            E-Mail: estork@outtengolden.com

                                            David Lopez
                                            **OUTTEN & GOLDEN LLP**
                                            601 Massachusetts Avenue NW
                                            Second Floor West Suite
                                            Washington, D.C. 20001
                                            Telephone:  (202) 847-4400
                                            Facsimile:  (202) 847-4410
                                            E-Mail: pdl@outtengolden.com

                                            Alexander Hood
                                            David  Seligman
                                            Andrew Schmidt
                                            **TOWARDS JUSTICE**
                                            1535 High St., Suite 300
                                            Denver, CO 80218
                                            (720) 441-2236
                                            alex@towardsjustice.org
                                            david@towardsjustice.org
                                            andy@towardsjustice.org

                                            R. Andrew Free
                                            **LAW OFFICE OF R. ANDREW FREE**
                                            P.O. Box 90568
                                            Nashville, TN 37209
                                            T: (844) 321-3221
                                            Andrew@ImmigrantCivilRights.com

                                            Brandt Milstein
                                            **MILSTEIN LAW OFFICE**

                                            17

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner
**THE KELMAN BEUSCHER FIRM**
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

DocuSign Envelope ID: B3C5F1A2-8A43-4C3C-BF1E-8AAB74B16FAF

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018 a copy of the foregoing PLAINTIFF'S

OBJECTIONS AND RESPONSES TO DEFENDANT THE GEO GROUP, INC.'S SECOND

SET OF WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS was sent by E-Mail to the

following counsel of record:


Dana L. Eismeier
Michael York Ley
**Burns, Figa & Will, P.C.**
deismeier@bfwlaw.com
mley@bfwlaw.com

Charles A. Deacon
Mark Thomas Emery
**Norton Rose Fulbright US LLP**
charlie.deacon@nortonrosefulbright.com
mark.emery@nortonrosefulbright.com


By: ___*/s/ Juno Turner*_____
        Juno Turner

19