# EXHIBIT O

```
 1              IN THE UNITED STATES DISTRICT COURT

 2               FOR THE DISTRICT OF COLORADO

 3   Civil Action No. 1:14-cv-02887-JLK-MEH
     _____
 4
                  RULE 30(b)(6) DEPOSITION OF:
 5           DAWN CEJA, VOLUME I - August 5, 2020
                     The GEO Group, Inc.
 6                    (Via RemoteDepo)
     _____
 7
     ALEJANDRO MENOCAL, MARCOS BRAMBILA, GRISEL
 8   XAHUENTITLA, HUGO HERNANDEZ, LOURDES ARGUETA,
     JESUS GAYTAN, OLGA ALEXAKLINA, DAGOBERTO
 9   VIZGUERRA, and DEMETRIO VALERGA, on their own and
     on behalf of all others similarly situated,
10
     Plaintiffs,
11
     v.
12
     THE GEO GROUP, INC.,
13
     Defendant.
14
     _____
15
              PURSUANT TO NOTICE, the Rule 30(b)(6)
16   deposition of DAWN CEJA, THE GEO GROUP, INC., Volume
     I, was taken on behalf of the Plaintiffs by remote
17   means in Arapahoe County, Colorado, on August 5, 2020,
     at 9:04 a.m. MDT, before Sherry Wallin, Certified
18   Realtime Reporter, Registered Merit Reporter and
     Notary Public within Colorado, appearing remotely from
19   Adams County, Colorado.

20

21

22

23

24

25
```

```
 1                    REMOTE APPEARANCES

 2

     For the Plaintiffs:
 3
                JUNO E. TURNER, ESQ.
 4              BRIANNE POWER, ESQ.
                Towards Justice
 5              1410 High Street
                Suite 300
 6              Denver, Colorado 80218
                juno@towardsjustice.com
 7              brianne@towardsjustice.com


 8
     For the Defendant:
 9
                ADRIENNE SCHEFFEY, ESQ.
10              Akerman LLP
                1900 Sixteenth Street
11              Suite 1700
                Denver, Colorado 80202
12              adrienne.scheffey@akerman.com

13              DANA L. EISMEIER, ESQ.
                MICHAEL "MICKEY" Y. LEY, ESQ.
14              Burns, Figa & Will, P.C.
                6400 South Fiddlers Green Circle
15              Suite 1000
                Greenwood Village, Colorado 80111
16              deismeier@bfwlaw.com
                mley@bfwlaw.com
17

18

19

20

21

22

23

24

25
```

```
 1                        I N D E X

 2   EXAMINATION OF DAWN CEJA:                        PAGE
     August 5, 2020 - Volume I
 3
     By Ms. Turner                                      7
 4
                                                    INITIAL
 5   DEPOSITION EXHIBITS:                          REFERENCE

 6   (Exhibits provided electronically to the reporter.)

 7   Exhibit 1    Notice of FRCP 30(b)(6)              10
                  Deposition of Defendant The
 8                GEO Group, Inc.

 9   Exhibit 2    PowerPoint presentation -            26
                  Housing Unit Sanitation
10
     Exhibit 3    Aurora Detention Center              32
11                Housing Unit Officer Post
                  Order AUR-2
12
     Exhibit 4    Aurora/ICE Processing Center         44
13                Policy and Procedure Manual,
                  Chapter: Sanitation, Revised
14                on 3/3/10, and attached
                  Housekeeping/Maintenance Plan
15
     Exhibit 5    Video orientation statement,         88
16                beginning with Warden's
                  opening statement
17
     Exhibit 6    PowerPoint document: Detainee       101
18                Orientation Video

19   Exhibit 7    Detainee Handbook, GEO_MEN          115
                  00056937 through 56961
20
     Exhibit 8    Detainee Handbook, GEO_MEN          131
21                00065783 through 00065808

22   Exhibit 9    Aurora Detention Center             134
                  Policy and Procedure Manual,
23                11.2.1-AUR, Chapter: Detainee
                  Issues, Effective 8/18/14
24

25
```

| | | | |
|---|---|---|---|
| Exhibit 10 | Email chain. Top email to Bowen from Ceja, 7/27/11, and attached emails and attachments | 141 |
| Exhibit 11 | Memorandum to Hunt from Andrews, 2/19/08, RE: Administrative Officer of the Day | 160 |
| Exhibit 12 | PowerPoint presentation: Detainee Orientation Video | 167 |
| Exhibit 13 | ICE Detention Policy and Procedure Manual, Chapter: Detainee Issues, Effective 07/01/2019 | 170 |
| Exhibit 14 | General Incident Report, 6/19/09 | 176 |
| Exhibit 15 | Aurora/ICE Processing Center Policy and Procedure Manual, Chapter: Post Orders, Revised on 2/22/10 | 177 |
| Exhibit 16 | Aurora Detention Center Policy and Procedure Manual, 10.2.11-AUR, Chapter: Security | 188 |
| Exhibit 17 | Email chain. Top email to Cassel from Ceja, 12/22/09, Subject: FW: Segregation review | 197 |
| Exhibit 18 | 2015 Annual Training Plan - Western Region | 201 |
| Exhibit 19 | Tables entitled "Staff Training" | 207 |
| Exhibit 20 | The GEO Group, Inc., Aurora ICE Processing Center, Detainee Handbook Local Supplement, Revised June 2011 | 214 |

```
 1   Exhibit 21   Email chain.  Top email to       215
                  Rowden from Andrews,
 2                10/26/07, Subject: RE: Lesson
                  Plans, with attachments
 3
     Exhibit 22   2013 Annual Training Plan -      239
 4                Western Region, The GEO
                  Group, Inc., Aurora Detention
 5                Facility

 6   Exhibit 23   Aurora Detention Center          241
                  Policy and Procedure Manual,
 7                8.1.8-AUR, Chapter: Detainee
                  Work Program, Effective
 8                5/6/13

 9   Exhibit 24   Email chain.  Top email to       254
                  Ceja from Martin, 3/11/15,
10                Subject: Re: Detainee Job
                  Descriptions please, with
11                attachments

12   Exhibit 25   Aurora Detention Center          263
                  Policy and Procedure Manual,
13                8.1.8-AUR, Chapter: Detainee
                  Work Program, Effective
14                5/6/13

15

16   INFORMATION REQUESTED:

17   Page 93, Line 17
     Page 175, Line 5
18

19

20

21

22

23

24

25
```

1            WHEREUPON, the following proceedings
2    were taken pursuant to the Federal Rules of Civil
3    Procedure.
4            *      *      *      *      *
5            THE REPORTER:  The attorneys
6    participating in this deposition acknowledge that I am
7    not physically present in the deposition room and that
8    I will be reporting this deposition remotely.
9            They further acknowledge that in lieu of
10   an oath administered in person the witness will
11   verbally declare her testimony in this matter is under
12   penalty of perjury.
13           The parties and their counsel consent to
14   this arrangement and waive any objections to this
15   manner of reporting.
16           Please indicate your agreement by
17   stating your name and your agreement on the record.
18           MS. SCHEFFEY:  Adrienne Scheffey,
19   counsel on behalf of defendant GEO, and we agree.
20           Sorry, Juno.
21           MS. TURNER:  Juno Turner, class counsel
22   for plaintiffs.  We agree as well.
23           THE REPORTER:  And Ms. Dawn Ceja, do you
24   solemnly state that the testimony you are about to
25   give in the cause now pending will be the truth, the

```
 1  whole truth, and nothing but the truth?
 2              THE DEPONENT:  Yes.
 3                      DAWN CEJA,
 4  having sworn to state the whole truth, testified as
 5  follows:
 6              THE REPORTER:  Thank you.  Please
 7  proceed.
 8                     EXAMINATION
 9  BY MS. TURNER:
10       Q.   Thank you.  Good morning, Ms. Ceja.  We
11  met briefly before we got on the record again.  My
12  name is Juno Turner, and I am one of the attorneys
13  who's been appointed as class counsel for the
14  plaintiff class in this matter.
15              Could you just please state your full
16  name and business address for the record?
17       A.   Dawn Ceja.  Business address 3130 North
18  Oakland Street, Aurora, Colorado 80010.
19       Q.   Thank you.  And is that the Aurora
20  detention facility operated by The GEO Group?
21       A.   Yes.  The Aurora ICE Processing Center.
22       Q.   Great.  Thank you.  And do you
23  understand that although, given the circumstance of
24  the deposition, the court reporter wasn't able to
25  administer an oath to you in person, you've agreed to
```

```
 1   'Disciplinary Process.'"  Do you see that?
 2        A.   Yes.
 3        Q.   And is it fair to say that GEO expected
 4   detainees to review the disciplinary process?
 5        A.   Yes.
 6        Q.   Is it fair to say that being placed in
 7   the segregation unit is a serious sanction?
 8        A.   I think that's a broad statement.
 9        Q.   Is it incorrect?
10        A.   I think it all depends on each
11   individual case and why somebody is being placed back
12   there.
13        Q.   But it's -- generally is it GEO's policy
14   to attempt lesser measures to control a detainee
15   before sending them to segregation?
16        A.   Yes.  Most issues, we try to ensure that
17   they are resolved informally.
18        Q.   And, again, is there anything on this
19   slide about special management using [sic] housing
20   that is inaccurate?
21        A.   It's not inaccurate for the old facility
22   as it relates to the first bullet, last sentence.
23   But, again, this was a version that was being updated
24   in between the two buildings.
25        Q.   So you point out the last sentence in
```

```
 1                    REPORTER'S CERTIFICATE

 2   STATE OF COLORADO       )
                             ) ss.
 3   CITY AND COUNTY OF DENVER )

 4
             I, SHERRY WALLIN, Certified Realtime
 5   Reporter, Registered Merit Reporter and Notary Public
     ID 19874212873, State of Colorado, do hereby certify
 6   that previous to the commencement of the examination,
     the said DAWN CEJA verbally declared her testimony in
 7   this matter is under penalty of perjury; that the said
     deposition was taken in machine shorthand by me at the
 8   time and place aforesaid and was thereafter reduced to
     typewritten form; that the foregoing is a true
 9   transcript of the questions asked, testimony given,
     and proceedings had.
10
             I further certify that I am not employed
11   by, related to, nor of counsel for any of the parties
     herein, nor otherwise interested in the outcome of
12   this litigation.

13           IN WITNESS WHEREOF, I have affixed my
     signature this 10th day of August, 2020.
14
             My commission expires May 14, 2023.
15

16   __X__  Reading and Signing was requested.

17   _____  Reading and Signing was waived.

18   _____  Reading and Signing is not required.

19
                    [signature: Sherry A. Wallin]
20
                    _____
21                  Sherry Wallin
                    Certified Realtime Reporter
22                  Registered Merit Reporter

23

24

25
```