# EXHIBIT D

```
 1          IN THE UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF COLORADO
 2
                    CASE NO. 1:14-cv-02887-JLK
 3


 4   ALEJANDRO MENOCAL, et al.,

 5                 Plaintiffs,

 6   -vs-

 7   THE GEO GROUP, INC.,

 8                 Defendant.
     _____/
 9

10

11

12

13              DEPOSITION OF AMBER MARTIN
                    Pages 1 Through 209
14

15

16

17           Wednesday, October 9, 2019
               8:58 a.m. - 3:21 p.m.
18
                   951 Yamato Road
19                    Suite 285
              Boca Raton, Florida 33431
20

21

22

23

24          Stenographically Reported By:
                Nancy Cannizzaro, RMR
25             Registered Merit Reporter
```

```
 1                         APPEARANCES

 2

 3   On Behalf of the Plaintiffs:
         OUTTEN & GOLDEN, LLP
 4       685 Third Avenue
         25th Floor
 5       New York, New York 10017
         212.245.1000
 6       mscimone@outtengolden.com
         BY:   MICHAEL J. SCIMONE, ESQUIRE
 7

 8   On Behalf of the Defendant:
         AKERMAN, LLP
 9       1900 Sixteenth Street
         Suite 1700
10       Denver, Colorado 80202
         303.260.7712
11       colin.barnacle@akerman.com
         BY:   COLIN L. BARNACLE, ESQUIRE
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    INDEX OF PROCEEDINGS

 2   WITNESS                                              PAGE
     AMBER MARTIN
 3       DIRECT EXAMINATION BY MR. SCIMONE                  6
         CROSS-EXAMINATION BY MR. BARNACLE                205
 4
     CERTIFICATE OF OATH                                  208
 5   CERTIFICATE OF REPORTER                              209

 6


 7


 8


 9                    PLAINTIFF EXHIBITS

10   EXHIBIT              DESCRIPTION                    PAGE

11   No. 1     Preliminary Statements                      21

12   No. 2     E-mail chain, with attachment -             26
               Bates No. GEO-MEN 000797976 through
13             GEO-MEN 00079805
                         CONFIDENTIAL
14
     No. 3     E-mail chain, with attachment -             40
15             Bates Stamp GEO-MEN 00071642
               through GEO-MEN 00071701
16                       CONFIDENTIAL

17   No. 4     E-mal chain, with attachment -              44
               Bates No. GEO_MEN 00037752 through
18             GEO_MEN 00037759
                         CONFIDENTIAL
19
     No. 5     HSCEOP-06-R-00013 Amendment 02 -            62
20             Bates No. GEO_MEN 00030577 through
               GEO_MEN 00030583
21                       CONFIDENTIAL

22   No. 6     WCC Technical Proposal - Technical          66
               and Management Plans - Sanitation
23             and Hygienic Living Conditions -
               Bates No. GEO_MEN 00042206 through
24             GEO_MEN 00042209
                         CONFIDENTIAL
25
```

```
 1    No. 7      The GEO Group, Inc. Technical              72
                 Proposal & Past Experience - Part
 2               1:  Demonstrated
                 Technical/Management Capability -
 3               Bates No. GEO_MEN 00040665 through
                 GEO_MEN 00040670
 4                        CONFIDENTIAL

 5    No. 8      Award/Contract - Bates No. GEO-MEN         78
                 00059635 through GEO-MEN 00059743
 6                        CONFIDENTIAL

 7    No. 9      Award/Contract - Bates stamp Nos.          90
                 GEO_MEN 00019613 through GEO_MEN
 8               00020037
                          CONFIDENTIAL
 9
      No. 10     Summary of Major Changes Between           95
10               the 2008 and 2011 Performance-Based
                 National Detention Standards -
11               Bates stamp Nos. GEO-MEN 00105553
                 through GEO-MEN 00105592
12                        CONFIDENTIAL

13    No. 11     Detainee Handbook - LaSalle               108
                 Processing Center, Jena, LA - Bates
14               stamp Nos. 2018-ICLI-0052 2141
                 through 2018-ICLI-0052 2169
15
      No. 12     06/16/2014 E-mail from James D.           120
16               Adams to Amber Martin, Subject:
                 Volunteer work program - Bates
17               stamp No. GEO_MEN 00007300
                          CONFIDENTIAL
18
      No. 13     The GEO Group, Inc Aurora ICE             124
19               Processing Center, Aurora, Colorado
                 - 400-Bed Staffing Plan - Bates
20               stamp Nos. GEO_MEN 00038920 through
                 GEO_MEN 00038925
21                        CONFIDENTIAL

22

23

24

25
```

| | | | |
|---|---|---|---|
| 1 | No. 14 | The GEO Group, Inc. Aurora/ICE Processing Center Policy and Procedure Manual - Chapter: Sanitation - Bates stamp Nos. GEO_MEN 00001419 through GEO_MEN 00001421, GEO_MEN 00001505 through GEO_MEN 00001509, and GEO_MEN 00001510 through GEO_MEN 00001513 CONFIDENTIAL | 130 |
| 6 | No. 15 | Performance-Based National Detention Standards 2011, excerpt - Bates stamp Nos. GEO_MEN 00064018 through GEN_MEN 00064020, GEN_MEN 00064209 through GEN_MEN 00064222, and GEO_MEN 00064344 through GEO_MEN 00064348 | 134 |
| 10 | No. 16 | 04/17/2014 E-mail chain, Subject: Re: Urgent HQ Tasking: Voluntary Work Programs at ICE Detention Facilities, with attachment CONFIDENTIAL | 167 |
| 13 | No. 17 | Performance-Based National Detention Standards 2011, complete manual - Bates stamp Nos. GEO-MEN 00064018 through GEO-MEN 00064414 | 182 |
| 15 | No. 18 | The GEO Group, Inc./Aurora Detention Center - Aurora, Colorado - Standards Compliance Checklist - Bates stamp Nos. GEO_MEN 00014702 through GEO_MEN 00014717 CONFIDENTIAL | 201 |

                    CERTIFIED QUESTION

| | | | |
|---|---|---|---|
| 21 | Page 10, Line 16 | How many documents did you review? | 10 |

```
1      Deposition taken before Nancy Cannizzaro, Registered
2   Merit Reporter and Notary Public in and for the State of
3   Florida at Large, in the above cause, at 8:58 a.m.
4                        - - - - - - -
5              THE COURT REPORTER:  Ma'am, I'll have you
6         raise your right hand for me so that I can swear
7         you in.
8              Do you swear or affirm testimony you're
9         about to give shall be the truth, the whole truth,
10        and nothing but the truth?
11             THE WITNESS:  Yes, I do.
12  Thereupon,
13                        AMBER MARTIN,
14  A WITNESS CALLED by the Plaintiffs, being first duly
15  sworn or affirmed, testified as follows:
16                      DIRECT EXAMINATION
17  BY MR. SCIMONE:
18        Q.   Good morning, Ms. Martin.
19        A.   Good morning.
20        Q.   My name is Michael Scimone.  I'm an
21  attorney representing the plaintiffs in this case.
22             Have you ever been deposed before?
23        A.   Yes.
24        Q.   So I'm going to go over just a couple of
25  ground rules, which I'm sure you've heard before.
```

```
1                MR. BARNACLE:  Object to the form.
2         A.     I don't know if there's been discipline,
3   but as far as taking anything away from them or anything
4   like that, I mean, there's not much we can do, is what
5   I'm saying.
6                (Plaintiff Exhibit No. 15 was marked for
7            identification.)
8   BY MR. SCIMONE:
9         Q.     Before I go into this exhibit, how do you
10  know that?
11        A.     Well, I know what the performance-based
12  standards say, and that we can give them solitary
13  confinement.  What I'm saying is that's never occurred.
14  We don't give solitary confinement for refusing to clean
15  up their area.
16        Q.     And how do you know that that's --
17        A.     It's always been an informal policy that we
18  made sure -- it was a formal policy that there was
19  clarity on that.
20        Q.     When did that become a formal policy?
21        A.     Well, a few years -- a couple years ago.
22  But it's also been an informal policy.  We've never given
23  a detainee solitary confinement for refusing to clean
24  their areas.
25        Q.     How do you know that that's never been
```

1  done?

2       A.   Like I said, it's been an informal policy.
3  We've never allowed that to happen.  If somebody did that
4  on their own without letting somebody know, then I
5  wouldn't know something like that.  But it's never --
6  it's never been a policy of GEO to put somebody in
7  solitary confinement, a detainee, for not cleaning their
8  area.

9       Q.   And if that did happen, notwithstanding
10 that policy, is that something that would likely come to
11 your attention?

12      A.   Definitely.

13      Q.   How would that come to your attention?

14      A.   I think that there would have been an
15 incident report filed or an internal -- what do we
16 call it? -- SIS if somebody was disciplined in that
17 manner.  Not necessarily to my attention, but at least to
18 the attention of, you know, somebody in the regional
19 office or that nature.

20      Q.   And how are those typically reported up the
21 chain of command?

22      A.   We give number -- well, during different
23 phases and different periods of this time period, I mean,
24 there was reports about how many people have been
25 disciplined, and there were monthly reports, those type

CERTIFICATE OF REPORTER


THE STATE OF FLORIDA )

COUNTY OF PALM BEACH )


       I, Nancy Cannizzaro, Registered Merit Reporter, certify that I was authorized to and did stenographically report the foregoing deposition of AMBER MARTIN, pages 1 through 207; that a review of the transcript was requested; and that the transcript is a true and complete record of my stenographic notes.

       I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.


       DATED this 23rd day of October, 2019.


_____
Nancy Cannizzaro, RMR