# EXHIBIT O

Alejandro Torres  07/16/2020
ALEJANDRO MENOCAL vs GEO GROUP

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF COLORADO

 3    Civil Case No. 1:14-cv-02887-JLK-MEH
      _____
 4
      ALEJANDRO MENOCAL,
 5    MARCOS BRAMBILA,
      GRISEL XAHUENTITLA,
 6    HUGO HERNANDEZ,
      LOURDES ARGUETA,
 7    JESUS GAYTAN,
      OLGA ALEXAKLINA,
 8    DAGOBERTO VIZGUERRA, and
      DEMETRIO VALERGIA,
 9    on their own and on behalf of all others similarly
      situated,
10
      Plaintiffs,
11
      v.
12
      THE GEO GROUP, INC.,
13
      Defendant.
14    _____

15

16             VIDEOTAPED REMOTEDEPO™ DEPOSITION OF

17                  ALEJANDRO HERNANDEZ TORRES

18                    APPEARING REMOTELY FROM

19                        TOLUCA, MEXICO

20                  July 16, 2020 - 9:00 a.m.

21

22    REPORTED BY:

23    Teresa Lynne Cardenas, RPR, CRR

24    APPEARING REMOTELY FROM DENVER, COLORADO

25
```

U.S. LEGAL SUPPORT, INC
303-832-5966

Alejandro Torres  07/16/2020                                          Page 2
ALEJANDRO MENOCAL vs GEO GROUP

```
 1              A P P E A R A N C E S

 2   For the Plaintiffs:

 3           BRANDT P. MILSTEIN, ESQ.
             Milstein Law Office
 4           1123 Spruce Street
             Boulder, Colorado 80302
 5           brandt@milsteinlawoffice.com

 6           ADAM L. KOSHKIN, ESQ.
             Outten & Golden, LLP
 7           One California Street, 12th Floor
             San Francisco, California 94111
 8           akoshkin@outtengolden.com

 9   For the Defendant The GEO Group, Inc.:

10           ADRIENNE SCHEFFEY, ESQ.
             Akerman, LLP
11           1900 16th Street, Suite 1700
             Denver, Colorado 80202
12           adrienne.scheffey@akerman.com

13           MICHAEL Y. LEY, ESQ.
             DANA L. EISMEIER, ESQ.
14           Burns, Figa & Will, P.C.
             Greenwood Village, Colorado 80111
15           mley@bfwlaw.com
             deismeier@bfwlaw.com
16

17   Also Present:

18           Daniel Whitten, Videographer
             Bety Zinan, Interpreter
19

20

21

22

23

24

25
```

```
 1                           I N D E X

 2     EXAMINATION OF ALEJANDRO HERNANDEZ TORRES:        PAGE
       July 18, 2020
 3
       By Ms. Scheffey                                   7, 145
 4
       By Mr. Milstein                                   134, 150
 5
                                                         INITIAL
 6     DEPOSITION EXHIBITS:                              REFERENCE

 7     Exhibit 1     Hernandez Torres Dates              19
                     of Detention
 8
       Exhibit 2     Housing History by Dorm             31
 9
       Exhibit 3     Detainee Handbook (Spanish)         56
10
       Exhibit 3A    Detainee Handbook (English)         56
11
       Exhibit 4     Detainee Work Detail Application,   62
12                   15-1-13

13     Exhibit 5     Detainee Work Detail Application,   70
                     11-12-12
14
       Exhibit 6     Memorandum to Special Management    88
15                   Unit to IDP (Hearing Panel), 4/4/13

16     Exhibit 7     General Incident Report             96

17     Exhibit 8     Aurora Detention Center             99
                     (Request Form - Kite), 10/4/13
18
       Exhibit 9     Sanitation Policies 2013 and 2014   102
19
       Exhibit 10    Declaration of Alejandro Hernandez  104
20                   Torres (Spanish)

21     Exhibit 10A   Declaration of Alejandro Hernandez  104
                     Torres (English)
22
       Exhibit 11    Aurora Detention Center             113
23                   (Request Form - Kite), 11/10/13

24     Exhibit 12    Aurora Detention Center             114
                     (Request Form - Kite), 5/22/13
25
```

```
 1   Exhibit 13   ESL Certificate of Completion            123

 2   Exhibit 14   Alejandro Hernandez Torres'              124
                  Supplemental Responses to Defendant
 3                The Geo Group, Inc.'s Sixth Set
                  of Interrogatories
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Alejandro Torres  07/16/2020                                    Page 5
ALEJANDRO MENOCAL vs GEO GROUP

```
            1              WHEREUPON, the following proceedings were
            2     taken pursuant to the Federal Rules of Civil
            3     Procedure.
09:40:33    4              THE VIDEOGRAPHER:  We are now on the
09:40:34    5     record.  Participants should be aware that this
09:40:37    6     proceeding is being recorded and, as such, all
09:40:39    7     conversations held will be recorded unless there is a
09:40:42    8     request and agreement to go off the record.  Private
09:40:56    9     conversations and/or attorney client interactions
09:40:59   10     should be held outside the presence of the remote
09:41:02   11     interface.  A link to the recording will be available
09:41:13   12     to all parties to the case for up to 90 days from
09:41:16   13     today's date provided the requesting party has
09:41:19   14     purchased a certified copy of the transcript.
09:41:35   15              This is the remote video-recorded
09:41:38   16     deposition of Alejandro Hernandez Torres being taken
09:41:43   17     by the counsel for the defendant.  Today is Thursday,
09:41:46   18     July 16, 2020.  The time is now 3:41 p.m. in Greenwich
09:41:52   19     Mean Time zone.  We are here in the matter of
09:42:12   20     Alejandro Menocal, et al. versus The Geo Group,
09:42:16   21     Incorporated.
09:42:21   22              My name is Daniel Whitten, remote video
09:42:23   23     technician on behalf of U.S. Legal Support located at
09:42:27   24     1900 Grant Street, Suite 1025, in Denver, Colorado.  I
09:42:45   25     am not related to any party in the action nor am I
```

| | | |
|---|---|---|
| 09:42:49 | 1 | interested in any of the outcome.  At this time will |
| 09:42:57 | 2 | the reporter, Teresa Cardenas, on behalf of U.S. Legal |
| 09:43:02 | 3 | Support, please enter the statement for remote |
| 09:43:03 | 4 | proceedings into the record. |
| 09:44:32 | 5 | THE COURT REPORTER:  The attorneys |
| 09:44:32 | 6 | participating in this deposition acknowledge that I am |
| 09:44:32 | 7 | not physically present in the deposition room and that |
| 09:44:32 | 8 | I will be reporting this deposition remotely.  They |
| 09:44:32 | 9 | further acknowledge that, in lieu of oaths |
| 09:44:32 | 10 | administered in person, the witness and the |
| 09:44:32 | 11 | interpreter will verbally declare their testimony and |
| 09:44:32 | 12 | the translation thereof in this matter is under |
| 09:44:32 | 13 | penalty of perjury.  The parties and their counsel |
| 09:44:32 | 14 | consent to this arrangement and waive any objections |
| 09:44:32 | 15 | to this manner of reporting.  Please indicate your |
| 09:44:32 | 16 | agreement by stating your name and your agreement on |
| 09:44:32 | 17 | the record and thereafter I will administer the oaths. |
| 09:44:58 | 18 | MS. SCHEFFEY:  Adrienne Scheffey on |
| 09:45:03 | 19 | behalf of The Geo Group, and we agree. |
| 09:45:06 | 20 | MR. MILSTEIN:  Brandt Milstein on behalf |
| 09:45:06 | 21 | of the plaintiffs.  We also agree. |
| 09:45:48 | 22 | THE COURT REPORTER:  Okay.  Mr. Torres, I |
| 09:45:48 | 23 | would like to swear you in now. |
| 09:45:48 | 24 | THE DEPONENT:  Alejandro Hernandez |
| 09:45:48 | 25 | Torres. |

```
09:45:48    1              ALEJANDRO HERNANDEZ TORRES,
            2    having been first duly sworn to state the whole truth,
            3    testified as follows:
09:46:14    4              (Deponent's response.  Yes, I do.)
09:46:15    5                    BETY ZINAN,
            6    first duly sworn to interpret and translate the
            7    testimony truly, accurately and impartially,
            8    translated the testimony as follows:
            9              (The interpreter's response:  Yes, I do.)
           10              THE COURT REPORTER:  Go ahead.
09:46:16   11                    EXAMINATION
09:46:16   12    BY MS. SCHEFFEY:
09:46:17   13         Q.   Hello, Mr. Alejandro.  My name is
09:46:24   14    Adrienne Scheffey, and I represent The Geo Group.  I'm
09:46:28   15    going to be asking you some questions today about your
09:46:30   16    lawsuit against GEO.  My questions are being taken
09:46:30   17    down by the court reporter who is transcribing today's
09:46:34   18    deposition.
09:46:58   19         A.   Very well.
09:46:59   20         Q.   The purpose of this deposition is to
09:47:01   21    record your responses.  These questions are for use at
09:47:05   22    trial and other purposes in this case.  It is
09:47:06   23    important that you answer truthfully.  Do you
09:47:08   24    understand?
09:47:27   25         A.   Yes.
```

```
12:09:13    1   change their life, and they are going to continue the
12:09:15    2   same.
12:10:01    3                  So, you know, in jail, the rooms are for
12:10:04    4   four people.  The area where the tables are is
12:10:10    5   smaller.  There is no respect, no education.  It's
12:10:15    6   very, very hard.  I don't know how to explain this,
12:10:18    7   but I believed that once I would be done with DOC, my
12:10:23    8   torture was going to end.  However -- and it's hard to
12:10:50    9   be with so many people.  And I want to say the time
12:10:55   10   you spent in a jail is double hard from the time you
12:10:58   11   spend -- doubly hard from the time you spend at DOC.
12:11:05   12         Q.   Okay.  And you've said that the
12:11:08   13   discipline was strong or strict at the DOC.  Was it
12:11:13   14   not as strict as GEO?
12:11:25   15         A.   No.  Well, no, there is no discipline,
12:11:57   16   everybody comes in there and does whatever they want.
12:12:00   17   And, you know, and the guards -- let me tell you,
12:12:04   18   like, I would arrive at intake -- you know, the times
12:12:08   19   that I got there, I would arrive at intake at 8 in the
12:12:11   20   morning, and they would only transfer me to my cell at
12:12:14   21   7 in the evening.
12:12:19   22         Q.   Okay.  I'm going to send a document, and
12:12:21   23   show it on the screen and see if you can see it, okay?
12:12:24   24   We're going to introduce this.  It's going to be 3.
12:12:39   25                  MS. SCHEFFEY:  If everybody gives me a
```

```
12:23:41   1              Q.    (BY MS. SCHEFFEY)  Is that it?
12:23:42   2              A.    Yes.
12:23:44   3                    MS. SCHEFFEY:  Teresa, could you read
12:23:45   4    back the question, the original question?
12:24:21   5                    THE COURT REPORTER:  Sure.  I'm looking
12:24:21   6    for the question.  Hold on.
12:24:22   7                    (The last question was read back as
12:24:22   8    follows:  "Do you remember this document being
12:24:22   9    threatening in any way?")
12:24:27  10              A.    No.  No, that document didn't say
12:24:38  11    anything like that, just everything I told you.  And
12:24:42  12    also that you had to obey the orders that the guards
12:24:50  13    gave you.
12:24:51  14              Q.    (BY MS. SCHEFFEY)  Thank you.
12:24:54  15                    MS. SCHEFFEY:  I'm also going to -- as
12:24:56  16    we've now reread the question and gotten the answer,
12:24:58  17    I'm going to move to strike the entire portion as
12:25:02  18    nonresponsive.  That will be for the record.  As
12:25:05  19    Mr. Milstein said that he is going to bring it before
12:25:07  20    the judge, now we have a clear record.
12:25:31  21              Q.    (BY MS. SCHEFFEY)  The handbook that you
12:25:33  22    described earlier, what you called earlier the housing
12:25:36  23    unit sanitation program --
12:25:45  24                    MR. MILSTEIN:  Object to form.  Misstates
12:25:46  25    prior testimony.
```

```
02:29:49   1                MS. SCHEFFEY:  It should have been what
02:29:50   2   counsel said, because it is 2013.  I can pull up
02:29:56   3   others, if we need to.
02:29:58   4                THE INTERPRETER:  Okay.  Then correction
02:30:00   5   for the record.
02:30:14   6        A.   I recall they took me to the university
02:30:16   7   -- I believe to the hospital by the university.
02:30:25   8   Because I was in segregation, I don't recall.  And
02:30:35   9   they were going to insert a catheter because I --
02:30:41  10   there was a possibility I was going to have a heart
02:30:44  11   attack.  I believe it was some days or a week -- a
02:31:02  12   couple of days, but I was there -- actually, I want to
02:31:07  13   mention that the officer in charge was very nice.
02:31:15  14        Q.   (BY MS. SCHEFFEY)  Okay.  Would you defer
02:31:17  15   to the records for dates because you don't remember
02:31:19  16   them?
02:31:21  17                MR. MILSTEIN:  Objection.  Object to
02:31:31  18   form.  The record is unclear.
02:31:45  19                THE INTERPRETER:  Can he answer, Counsel?
02:31:47  20                MR. MILSTEIN:  He may.
02:32:03  21                MS. SCHEFFEY:  Are you waiting for a
02:32:04  22   question, Mr. Hernandez?
02:32:14  23                THE INTERPRETER:  Counsel, I believe that
02:32:15  24   defending counsel has not indicated if he can answer
02:32:19  25   or not.
```

```
 1

 2                     REPORTER'S CERTIFICATE

 3    STATE OF COLORADO            )
                                   ) ss.
 4    CITY AND COUNTY OF DENVER    )

 5              I, TERESA LYNNE CARDENAS, Registered
      Professional Reporter, Certified Realtime Reporter,
 6    and Notary Public ID 19994013288, State of Colorado,
      do hereby certify that previous to the commencement of
 7    the examination, the said ALEJANDRO HERNANDEZ TORRES
      was duly sworn or affirmed by me to testify to the
 8    truth in relation to the matters in controversy
      between the parties hereto; that the said deposition
 9    was taken in machine shorthand by me remotely and was
      thereafter reduced to typewritten form; that the
10    foregoing is a true transcript of the questions asked,
      testimony given, and proceedings had.
11
                I further certify that I am not employed by,
12    related to, nor counsel for any of the parties herein,
      nor otherwise interested in the outcome of this
13    litigation.

14              IN WITNESS WHEREOF, I have affixed my
      signature this 20th day of July,
15    2020.

16              My commission expires May 24, 2023.

17


18


19    ___X_ Reading and Signing was requested.

20    _____ Reading and Signing was waived.

21    _____ Reading and Signing was not required.

22                    [signature: Teresa Lynne Cardenas]

23                    _____
                      TERESA LYNNE CARDENAS
24                    Registered Professional Reporter
                      Certified Realtime Reporter
25
```