**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

**DEFENDANT THE GEO GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINES ON SUMMARY JUDGMENT [ECF NO. 305], MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED PARTY [ECF NO. 307], AND MOTION TO DECERTIFY CLASS [ECF NO. 312]**

Defendant The GEO Group, Inc. ("Defendant" or "GEO"), by and through its undersigned counsel, hereby submits its Response in Opposition to Plaintiffs' Motion for Extension of Deadlines on Summary Judgment [ECF No. 305], Motion to Dismiss for Failure to Join Required Party [ECF No. 307], and Motion to Decertify Class [ECF No. 312].

1

54406936;1

## I. ARGUMENT

Despite the Parties' agreement to a schedule for dispositive motions that anticipated the exact schedule that is now before the Court, Plaintiffs now seek over **two months** to respond to GEO's timely-filed Motion for Summary Judgment (ECF 305) and Motion to Dismiss (ECF 307). Plaintiffs also seek just shy of **three months** to respond to GEO's Motion for Decertification (ECF 312). Plaintiffs have not established good cause, with particularity, for extending these deadlines as required by this Court's practice standards. Accordingly, their motion should be denied.

The Parties have been working diligently to meet the deadlines in this case in order to finish discovery quickly and get the dispositive motions before this Court. Ex. 1 at ¶¶ 1-7. To that end, the Parties conducted extensive discovery over the past few months. *Id.* at ¶¶ 1-6. In order to do so, counsel for GEO planned their schedules in other cases around the deadlines agreed to by the Parties in their most recent stipulation. *Id.* at ¶5. In making these arrangements, GEO anticipated that briefing on dispositive motions would follow the schedule that is currently set before the Court. ECF 293. At no point during the discussions about the case deadlines did Plaintiffs' counsel raise concerns about pre-planned vacations or unavailability in August and early September. *Id.* Instead, they indicated they were available for briefing during that time by agreeing to an August 17, 2020 dispositive motions deadline as well as by rushing to file their Motion for a Jury View, with a briefing schedule that coincides with the response deadlines they now seek to move. ECF 293.

While GEO is opposed to any extension, in an effort to minimize the issues before this Court, GEO proposed reasonable extensions that would allow the briefing to be completed in the near future. GEO proposed the following extensions:

2

54406936;1

1. **GEO's Motion for Summary Judgment, ECF 305, filed August 17, 2020.**
    a. <u>Current Deadlines</u>:
        i. Response: September 8, 2020.
        ii. Reply: September 22, 2020.
    b. <u>GEO's Proposed Deadlines</u>:
        i. Plaintiff's Response: September 15, 2020.
        ii. GEO's Reply: October 6, 2020.

2. **GEO's Motion to Dismiss, ECF 307, Filed August 17, 2020.**
    a. <u>Current Deadlines</u>:
        i. Response: September 8, 2020.
        ii. Reply: September 22, 2020.
    b. <u>GEO's Proposed Deadlines</u>:
        i. Plaintiff's Response: September 21, 2020.
        ii. GEO's Reply: October 12, 2020.

3. **GEO's Motion to Decertify the Class, ECF 312, filed August 19 2020**.
    a. <u>Current Deadlines</u>:
        i. Response: September 9, 2020.
        ii. Reply: September 23, 2020.
    b. <u>Proposed Deadlines</u>:
        i. Response: September 15, 2020.
        ii. Reply: October 6, 2020.

Plaintiffs rejected the extensions without a counterproposal and filed the instant motion, seeking extensions that at a minimum **double** the time to respond to GEO's motion, while not proposing reciprocal reply extensions. ECF 321. Indeed, Plaintiffs' briefing schedule proposes that if they are provided **months** to respond to GEO's motions, that GEO's reply deadlines will be extended by only **a week** for each motion. *Id.* Yet, the present motion is before this Court explicitly because Plaintiffs' counsel asks this Court to extend their response deadlines by significantly more than one week. *Id.* It is unclear why Plaintiffs believe a one-week extension is insufficient for their responses, but not for GEO's replies.

Plaintiffs' motion should be denied. Plaintiffs have not stated with particularity their good cause for an extension, instead cursorily referring to "vacations" and "other matters" as a reason

3

for an extension. Even if these statement are stated with sufficient particularity, the vacation schedules of some of Plaintiffs' counsel cannot constitute good cause when the parties explicitly stipulated to a dispositive motions deadline of August 17, 2020. Under this District's Local Rules, the briefing schedule agreed to by the Parties is exactly as is currently scheduled: Plaintiffs' responses are due in early September and GEO's replies are due in late September. ECF 293. Further, while a few counsel may be on vacation, Plaintiffs have over seven attorneys who have been actively participating in the relevant discovery in this case. Ex. 1 ¶ 6. Plaintiffs' counsel have not shown good cause why the current deadlines cannot be met by their large legal team. Indeed, as recently as July 1, 2020, Plaintiffs added an additional member to their legal team. ECF 290. Thus, the previously undisclosed vacation schedules of a few attorneys, during a global pandemic, in the face of a predictable and anticipated briefing schedule, are not a compelling reason to delay the briefing on the currently pending motions by months.

Additionally, Plaintiffs state that their request for additional time for the 30(b)(6) deposition of Dawn Ceja is a reason for postponing the briefing schedule. This position is unreasonable. Plaintiffs have already deposed GEO's 30(b)(6) witnesses for approximately 20 hours on the record, including deposing Ms. Ceja for two days. Ex. 1 at ¶ 10. If Plaintiffs did not have sufficient information for summary judgment purposes, and believed they needed the final hour and a half of deposition testimony before briefing was due, they should have extended the discovery and briefing deadlines before they lapsed. They did not do so. Accordingly, Plaintiffs have failed to show good cause for their extensions.

4

## II. CONCLUSION

For the foregoing reasons, GEO respectfully requests that the Court deny Plaintiffs' motion to extend the deadlines in this case, or in the alternative, only grant the extensions proposed herein.

Respectfully submitted, this 28th day of August, 2020.

      **AKERMAN LLP**

      *s/ Adrienne Scheffey*
      Colin L. Barnacle
      Adrienne Scheffey
      Christopher J. Eby
      Melissa L. Cizmorris
      1900 Sixteenth Street, Suite 1700
      Denver, Colorado 80202
      Telephone:(303) 260-7712
      Facsimile: (303) 260-7714
      Email: colin.barnacle@akerman.com
      Email: christopher.eby@akerman.com
      Email: melissa.cizmorris@akerman.com
      Email: adrienne.scheffey@akerman.com

      **BURNS, FIGA & WILL, P.C.**
      Dana L. Eismeier
      Michael Y. Ley
      6400 S. Fiddlers Green Circle, Suite 1000
      Greenwood Village, CO 80111
      Phone: (303) 796-2626
      Fax: (303) 796-2777
      Email: deismeier@bfwlaw.com
      Email: mley@bfwlaw.com
      *Attorneys for Defendant The GEO Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on this 28th day of August, 2020, a true and correct copy of the foregoing **DEFENDANT THE GEO GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINES ON SUMMARY JUDGMENT [ECF NO. 305], MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED PARTY [ECF NO. 307], AND MOTION TO DECERTIFY CLASS [ECF NO. 312]** was filed and served electronically via the Court's CM/ECF system on the following:

**Counsel for Plaintiffs:**

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
1410 High St., Ste. 300
Denver, CO 80218
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Nick Mangels*
Nick Mangels

6

54406936;1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

**INDEX OF EXHIBITS TO DEFENDANT THE GEO GROUP, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINES ON SUMMARY JUDGMENT [ECF NO. 305], MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED PARTY [ECF NO. 307], AND MOTION TO DECERTIFY CLASS [ECF NO. 312]**

| Exhibit | Description |
|---|---|
| **1.** | Declaration of Adrienne Scheffey dated August 28, 2020. |

7

54406936;1