**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

     Plaintiffs,

v.

THE GEO GROUP, INC.,

     Defendant.

## MOTION TO RESTRICT

Defendant The GEO Group, Inc. ("Defendant" or "GEO") hereby moves this Court to restrict access to the following exhibits filed by Plaintiffs as restricted but not thereafter maintained as confidential by Plaintiffs. According to D.C.COLO.LCivR 7.2, a motion to restrict public access shall be open to public inspection and shall:

    (1) identify the document or the proceeding for which restriction is sought;

    (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated

1

protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

### I.     Conferral Pursuant to D.C.COLO.LCivR 7.2

On October 15, 2020, GEO learned that certain documents designated by GEO as confidential and filed by Plaintiffs as restricted, had been de-designated because Plaintiffs did not comply with the protective order in this case, ECF 157, and did not satisfy their obligation to preserve from disclosure to the public the documents marked by GEO as confidential through either redaction or a motion to restrict. Prior to filing those confidential documents, Plaintiffs did not confer with GEO about an appropriate motion to restrict and provide notice to GEO that Plaintiffs would <u>not</u> be filing a motion to restrict, despite the express obligation to do so in the Protective Order. ECF 157. GEO immediately conferred with Plaintiffs on October 15 when it learned these documents had been disseminated to the public. During the conferral, Plaintiffs acknowledged that they had not conferred with GEO before filing the confidential documents, and had not provided notice to GEO and ICE as required by the Protective Order. Plaintiffs' justification for not doing so is that they did not believe GEO would agree to waive the confidentiality designations. Despite admitted non-compliance with the Protective Order, and

2

55048102;2

acknowledging that GEO had not waived its confidentiality designations, Plaintiffs declined to file a motion to restrict to correct the errors in the prior filing. Following further conferral, Plaintiffs initially noted that they conditionally opposed this Motion[1] but thereafter, stated that they do not have sufficient information to take a position. Accordingly, GEO hereby moves to restrict at its first opportunity since learning that Plaintiffs do not believe it is their obligation to maintain the confidentiality of information received under the Protective Order. In order to prevent further dissemination of confidential material GEO files the instant motion to restrict.

## II.    Documents GEO Seeks to Restrict and Level of Restriction Sought

GEO seeks to restrict the following documents as Level 1 restricted consistent with the protective order in this case:

1. **ECF 262-2**, a copy of GEO's 2011 contract with Immigration and Customs Enforcement ("ICE") which has been marked as confidential in this litigation by both GEO because in its unredacted form as it contains confidential pricing information, ICE employee information, and GEO employee information.

2. **ECF 262-3,** a copy of a modification to GEO's 2011 contract with ICE which has been marked as confidential in this litigation by GEO because in its unredacted form as it contains confidential pricing information, ICE employee information, and GEO employee information.

---

[1] Plaintiffs stated that they would take no position on this motion *if* GEO "refrains from making arguments that shift the blame for disclosure to Plaintiffs based on arguments about the protective order." GEO could not agree to this request because this Court would be left without the relevant procedural history.

3

3. **ECF 262-4**, excerpts from of GEO's 2006 contract with ICE which has been marked as confidential in this litigation by GEO because in its unredacted form as it contains confidential pricing information, ICE employee information, and GEO employee information.

4. **ECF 262-5**, excerpts from GEO's 2003 contract with ICE which has been marked as confidential in this litigation by GEO because in its unredacted form as it contains confidential pricing information, ICE employee information, and GEO employee information.

5. **ECF 262-6,** a copy of various GEO detainee work plan documents which was marked as confidential by GEO as it is a proprietary policy of GEO, contains information about the operation of the facility, and contains employee signatures.

6. **ECF 261-9** a copy of the ICE Detainee Work Program Policy which was marked as confidential by GEO as it is a proprietary policy of GEO, contains information about the operation of the facility, and contains employee signatures.

7. **ECF 262-8** A compilation of GEO's Policy Number 12.1.4, sanitation procedures, over the years which contains signatures of GEO employees.

8. **ECF 262-9** Aurora's 2002 Local Detainee Handbook which has been marked confidential by GEO, does not apply to the class period here and therefore is not relevant, and is a proprietary policy of GEO.

9. **ECF 261-11** A copy of GEO's Special Management Unit Operations which has been marked confidential by GEO, contains signatures of ICE and GEO employees, and contains sensitive information about the operations of GEO's segregation units.

4

10. **ECF 261-12,** a compilation of employee post orders and disciplinary incident reports that contain detainee information and GEO employee information that have been marked confidential by GEO. These documents contain GEO employee names, signatures, and job assignments. They also contain private personal information of detainees, including their names, A-numbers, country of origin, and disciplinary write ups.

11. **ECF 288**, excerpts of GEO's 2011 contract with Immigration and Customs Enforcement ("ICE") which has been marked as confidential in this litigation by both GEO because in its unredacted form as it contains confidential pricing information, ICE employee information, and GEO employee information.

### III.   Interests to Be Protected and Corresponding Injury

#### A.  Documents Protected By Statute.

The Local Rules in this District indicate that information that is protected by statute should be maintained as restricted on the docket. 7.2(a). D.C.COLO.LCivR 7.2(a). Information related to detainees, in particular, is subject to a number of statutory and regulatory restrictions—all of which Plaintiffs are aware. In the instant case Plaintiffs, as the filing party, had the obligation to take all steps to protect such information. Indeed, 8 CFR § 236.6 prohibits any person from "disclos[ing] or otherwise permit[ing] to be made public the name of, or other information relating to, such detainee." ICE has sent repeated correspondence to the parties about the need to maintain the confidentiality of detainee information under Section 236.6 and other statutory prohibitions of disclosure even with a protective order in place. *See e.g.*, **Exhibit A**. In order to facilitate discovery in this case and resolution of the issues, ICE has agreed to review any information before it is made

55048102;2

public to ensure compliance with the statutory and regulatory directives. This right to review is memorialized in the Parties' Protective Order. ECF 157 ¶ 17. Yet, here, Plaintiffs filed documents containing information restricted by statute, without ensuring its restriction under the Local Rules. In addition to disregarding their obligation to restrict information protected by statute, before filing, Plaintiffs did not follow the procedures in Paragraph 17 of the Protective Order by sending any documents to ICE (and GEO) for review before "permitting" the information to be made public. Thus, Plaintiffs' actions resulted in the publication of the name, A-number, disciplinary history, and country of origin of the class members in contravention of Section 236.6 and other applicable statutes. Because this information is protected by statute and regulation, it should be maintained as restricted on the docket.

### B. Documents Protected by the Protective Order in this Case.

In addition to statutory protections, the Protective Order in this case, ECF 157, serves to protect the confidentiality interests of the parties to this case (GEO and Plaintiffs), and also ICE. Under the Protective Order, a party may mark information as confidential if it contains:

> "[N]onpublic personal, personally identifiable information ("PII"), personnel, employment, financial and/or tax records, medical, "sensitive information" as defined at 48 C.F.R. § 3052.204-71, "law enforcement sensitive" information (as defined supra at ii), investigatory, official Government information or other information implicating privacy or proprietary interests of the Plaintiffs, the Defendant, ICE or another nonparty (including any documents and information that are subject to the Privacy Act of 1974, 5 U.S.C. § 552a). This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974."

Pursuant to the Protective Order, GEO marked a number of documents produced in discovery as confidential, including, the documents listed in Section II *supra*. As is relevant to this Motion,

6

55048102;2

GEO seeks to maintain the confidentiality of the following: information related to its employees who are not listed as witnesses for trial, detainee information that ICE has indicated is sensitive, and proprietary business information from GEO—including its pricing. This use of a confidentiality designation is consistent with the Parties' Protective Order. Importantly, GEO has also kept confidential PII and sensitive information related to absent class members who have not appeared before this Court to waive their privacy rights. In addition to the Protective Order, Local Rule 7.2 permits a party to restrict access to documents on this basis. *See Ayyad v. Holder*, No. 05-CV-02342-WYD-MJW, 2012 WL 1414310, at *3 (D. Colo. Apr. 24, 2012).

Plaintiffs appear to misunderstand either (i) their obligation under the Protective Order to keep such information confidential, or (ii) their obligation to follow the proper procedures for seeking to de-designate the documents. Under the Protective Order, prior to taking any action that would result in the dissemination of confidential information to the public (i.e. filing), Plaintiffs have an obligation to either confer with GEO and ICE about whether the confidentiality designation could be removed and replaced with redactions *or* challenge the designation in writing and seek a Court order de-designating the document if no resolution could be reached. ECF 157, ¶¶ 15, 17. Plaintiffs did neither.[2] Instead, they circumvented their obligations under the Protective Order by filing the documents at the risk of public exposure, without conferring with or informing GEO of their intent to disregard their obligations to keep information confidential absent agreement of the parties or an order of this Court. Because Plaintiffs have not sought an agreement

---

[2] For that reason, GEO does not know what redactions ICE would agree to and therefore the documents must be restricted.

7

from GEO or an order from this Court to disseminate GEO's confidential information publicly, restriction is appropriate.

For its part, GEO has consistently maintained the confidentiality of documents marked confidential by Plaintiffs including filing appropriate motions to seal where necessary. *See e.g.*, ECF 315. GEO understands that under the Protective Order, unless the filing party follows the conferral procedures in Paragraph 17 of the Protective Order or the procedures for challenging a confidentiality designation, it is the filing party's obligation to maintain the confidentiality of documents so marked. The filing party cannot circumvent the Protective Order by simply filing the documents as restricted, but not taking any further efforts to maintain such restriction or otherwise notify the designating party (and the Court) of its intention to allow the documents to become public without any further efforts to maintain confidentiality. Otherwise, a party could end run the conferral and designation requirements of the Protective Order merely by filing confidential documents of the other party and letting 14 days expire without notice to the other party or ICE.

GEO anticipates that Plaintiffs may argue this motion is untimely. This is not so. GEO reasonably believed that Plaintiffs' notices of restriction served to protect the documents because, to date, notices filed by Plaintiff have been used in lieu of a motion to seal by this Court which has maintained the restriction of all other documents[3] filed in the record pursuant to a notice by Plaintiff, including:

---

[3] Should this Court determine these documents were improperly restricted, GEO also moves to maintain the restriction of these documents for the reasons noted herein. As of 2:00 P.M. MST on October 16, 2020, these documents remained restricted on the Court's docket. *See* **Exhibit B.**

8

55048102;2

- **ECF 296-1**, which contains communications between ICE's employees and GEO's employees about the training received by officers in the Aurora Facility;
- **ECF 304**, which contains information Plaintiffs marked confidential in their expert's deposition;[4]
- **ECF 300-1**, which is an unredacted version of a document previously disclosed by ICE which served to protect from public disclosure contact information of ICE employees and other confidential information. GEO's disclosure of this document in unredacted form to Plaintiffs was explicitly conditioned upon maintaining that confidentiality under the Protective Order.

Additionally, GEO did not receive any ECF notification indicating that the documents had been marked unrestricted on the date they were so designated which would have allowed it to promptly claw back the documents under the Protective Order. Accordingly, the first time GEO became aware of this change in status was on October 15, 2020.

Finally, even if Plaintiffs believed that the documents were unsealed by the Court through no fault of their own, they still had an obligation to keep them confidential, absent an agreement from GEO. ECF 157, ¶11 (requiring a party that becomes aware of any confidentially marked documents that "become publicly available through no fault or wrongdoing of any receiving party" to continue to treat the documents as confidential "under the protections of this Protective Order unless otherwise agreed to by the parties."). Accordingly, under the Protective Order Plaintiffs

---

[4] Plaintiffs filed this testimony, which they designated as confidential in the deposition, using only a notice of restriction. Plaintiffs have not since de-designated this testimony and it has maintained its status as restricted based upon their motion sealing the documents which was described in their filing as a notice of restriction.

9

should have maintained the confidentiality of the documents mentioned herein as there was never an agreement from GEO that the documents could be de-designated. To that end, consistent with Paragraph 21 of the Protective Order, an order restricting access to the previously filed documents would maintain the status quo.

WHEREFORE, Defendant respectfully requests a Level 1 restriction of the documents listed herein which would make the exhibits viewable only by the Court and the Parties to this action.

Respectfully submitted, this the 16th day of October, 2020.

        **AKERMAN LLP**

        *s/ Adrienne Scheffey*
        Colin L. Barnacle
        Adrienne Scheffey
        Christopher J. Eby
        Melissa L. Cizmorris
        1900 Sixteenth Street, Suite 1700
        Denver, Colorado 80202
        Telephone:  (303) 260-7712
        Facsimile:   (303) 260-7714
        Email: colin.barnacle@akerman.com
        Email: christopher.eby@akerman.com
        Email: melissa.cizmorris@akerman.com
        Email: adrienne.scheffey@akerman.com

        **BURNS, FIGA & WILL, P.C.**
        Dana L. Eismeier
        Michael Y. Ley
        6400 S. Fiddlers Green Circle, Suite 1000
        Greenwood Village, CO 80111
        Telephone:  (303) 796-2626
        Facsimile:   (303) 796-2777
        Email: deismeier@bfwlaw.com
        Email: mley@bfwlaw.com

        *Attorneys for Defendant The GEO Group, Inc.*

55048102;2

## CERTIFICATE OF SERVICE

I hereby certify on this 16th day of October, 2020, a true and correct copy of the foregoing **MOTION TO RESTRICT** was filed and served electronically via the Court's CM/ECF system on the following:

### Counsel for Plaintiffs:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Nick Mangels*
Nick Mangels

11

55048102;2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

**INDEX OF EXHIBITS TO MOTION TO STRIKE**

| Exhibit | Description |
|:---:|---|
| **A.** | ICE Correspondence re Confidentiality of Detainee Information |
| **B.** | Case Docket through October 16, 2020 |

12

55048102;2