# EXHIBIT A

Case No. 1:14-cv-02887-JLK-CYC   Document 333-1   filed 10/16/20   USDC Colorado
pg 1 of 17



**U.S. Department of Justice**

Robert C. Troyer
United States Attorney
District of Colorado

---

Timothy B. Jafek
303-454-0104
timothy.jafek@usdoj.gov

*1225 17th Street, Suite 700*
*Denver, CO  80202*

July 3, 2018

**By E-mail**
Mickey Ley
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One
Suite 1000
Greenwood Village, CO 80111

      RE:    *Menocal*, et al. *v. The GEO Group*, 14-cv-02887-JLK

Mickey:

      We are writing as part of our ongoing discussions regarding the detainee files that we understand GEO is contemplating producing to Plaintiffs' counsel.  As we have previously conveyed, federal statutes and DHS regulations impose disclosure prohibitions on certain categories of information that are likely contained in the detainee files.  From the production of documents regarding named Plaintiffs that GEO previously made, and that ICE reviewed, our understanding is that "detainee files" contain a variety of documents, some created by ICE, and some created by GEO.  In particular, we understand that detainee files are likely to contain forms I-213 Record of Deportable/Inadmissible Alien.  I-213s typically contain a broad range of information about aliens.

      Based on ICE's review of the named Plaintiffs' files, and the sheer number of detainees at issue in the contemplated production, the following protections are likely to be relevant:

      **Asylum application/credible fear determination/reasonable fear determination.**  8 C.F.R. § 208.6 prohibits disclosure, subject to exceptions not applicable here, of "[i]nformation contained in or pertaining to" asylum applications, credible-fear determinations, and reasonable-fear determinations.  ICE interprets "pertaining to" as any information from which the public could reasonably infer that an asylum claim was made.  ICE also extends these protections to information regarding refugees.

**T visas, U visas, and Violence Against Women Act (VAWA).** T visas relate to trafficking victims; U visas relate to victims of crime; and VAWA relates to battered spouses and children (not limited to women). Under 8 U.S.C. § 1367(b)(2), the "use or disclos[ure]" of "any information which relates to" an alien who is a beneficiary of an application for a T visa, U visa, or VAWA is prohibited subject to exceptions not applicable here. That prohibition only ends when the application is denied and all opportunities for appeal have ended. There is a civil penalty of up to $5,000 per violation for willful violation of this provision.

**Battered spouse/child.** Certain battered spouses or children may apply for removal of conditional basis of legal permanent resident status under 8 U.S.C. § 1186a(c)(4). Regulations promulgated under that statute state that "the information contained in the application and supporting documents shall not be released without a court order or the written consent of the applicant; or, in the case of a child, the written consent of the parent or legal guardian who filed the waiver application on the child's behalf." 8 C.F.R. § 216(e)(3)(viii).

**S visas.** S visas are given to confidential informants. ICE practice is to release such information only with the written consent of the ICE Director of Investigations.

**Temporary Protected Status (TPS).** The TPS statute provides that the Attorney General shall establish procedures to protect the confidentiality of information provided by aliens related to TPS. Those regulations are at 8 C.F.R. § 244.16 and provide that "[t]he information provided in the application and supporting documents submitted by an alien shall not be released in any form whatsoever to a third party requester without a court order, or the written consent of the alien."

**Seasonal Agricultural Worker (SAW) claims.** Information furnished by an applicant for the SAW program may not be used except for certain exceptions not applicable here. 8 U.S.C. § 1255a(5)(A)(i). There is a criminal penalty of up to $10,000 for willful violation of this statute.

**Department of State visa information.** Department of State records "pertaining to the issuance or refusal of visas and permits to enter the United States shall be considered confidential" subject to certain exceptions not applicable here. 8 U.S.C. § 1202(f). If there are such documents, the Department of State may need to be consulted before any production.

ICE is open to discussing how these legally mandated protections can be implemented in the most efficient manner. At this time, ICE does not believe that a keyword search is likely to protect the documents and information listed above. For example, keyword searches would not be sufficient to identify documents from which an asylum application or credible fear determination may reasonably be inferred, because the precise terms used in such documents are not uniform and subject to identification by keyword. Given that, ICE will have to review all documents before they are produced to Plaintiffs. For ICE to consider how that review might occur, it would be useful to know the following:

- Are the documents responsive to a discovery request? If so, could you provide us with the request?
- If the documents are not responsive to a discovery request, why they are being produced?
- What types of documents are included in the detainee files? Which of those are ICE documents?
- How are the detainee files organized?
- Whether you have determined that all of the documents proposed to be released are responsive?
- Whether you have determined that all of the documents proposed to be released are relevant?
- Whether there is a court order setting a deadline for disclosure?
- Whether the court is aware that ICE needs to review ICE records before release?

The fewer documents produced to Plaintiffs, the fewer documents ICE would have to review, and the less time the review would take. Any necessary review would be lengthy and a burden on the ICE, particularly given its substantial document reviews underway subject to court deadlines in other cases. Any review in this case would likely be delayed by those reviews.

Subject to these resource constraints, ICE remains willing to work with GEO to facilitate this request. ICE is also open to suggestions from GEO on how the review burden may be mitigated or how otherwise the production might be accomplished. Please let me know if you have any questions.

Sincerely,

*s/ Timothy B. Jafek*
Timothy B. Jafek
Assistant U.S. Attorney



**U.S. Department of Justice**

Robert C. Troyer
United States Attorney
District of Colorado

---

Timothy B. Jafek
303-454-0104
timothy.jafek@usdoj.gov

*1225 17th Street, Suite 700*
*Denver, CO  80202*

August 21, 2018

**By email and First-class mail**

Alexander Neville Hood
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:Alex@towardsjustice.Org

Charles A. Deacon
Norton Rose Fulbright US LLP-San Antonio
300 Convent Street Suite 2200
San Antonio, TX  78205
Email:Charlie.Deacon@nortonrosefulbright.Com

*Additional addressees starting on page 4*

      **RE:**    *Menocal*, et al. *v. The GEO Group*, 14-cv-02887-JLK

Dear Counsel:

    I write to clarify the government's position regarding the need for, and scope of, U.S. Immigration and Customs Enforcement (ICE) review of documents before they are released in discovery in the subject case.  So that the parties are informed in advance of further discovery proceedings, including the August 22, 2018 submission of an Amended Proposed Stipulated Scheduling Order, *see* ECF No. 135, this letter provides an overview of ICE's potential need to review documents that may be the subject of discovery in this matter.

    As a general matter, ICE only needs to review records that are owned by ICE, or that contain ICE information.  Records that are owned or created solely by contractors, such as The GEO Group (GEO), or records that solely contain contractor information, do not need to be

reviewed by ICE, except to the extent such records contain ICE information. ICE is willing to work with the parties to determine which categories of responsive records will need to be reviewed by ICE.

As you may be aware, the Privacy Act, 5 U.S.C. § 552a, generally prohibits the disclosure of an agency record about an individual absent the written consent of the individual, unless a statutory exception applies. This disclosure restriction applies to both federal agencies and their contractors. Although 5 U.S.C. § 552a(b)(11) permits disclosure pursuant to a qualifying court order, it appears that the protective order currently in effect in this case, *see* ECF No. 45, does not authorize production pursuant to the Privacy Act. Before any disclosure subject to the Privacy Act may be made, the entry of an appropriate protective order is required. To the extent that an appropriate Protective Order is entered in this matter, it may also aid in limiting the voluminous redactions that would need to take place to protect against disclosure of personally identifiable information covered by the Privacy Act or the DHS Privacy Policy. Disclosures prohibited by the Privacy Act include any data that could potentially identify a specific individual, or any information that can be used to distinguish one person from another and can be used for deanonymizing anonymous data, including but not limited to detainee names and alien numbers.

Additionally, it is my understanding that certain documents that Plaintiffs, Defendant, or both, have requested or intend to produce in this matter, or may request or may intend to produce in this matter, may contain information that is subject to the statutory and regulatory disclosure restrictions described below ("Covered Information"). As a result, prior to any production of Covered Information, review by ICE will be necessary to ensure compliance with such restrictions and with ICE policy.

Absent an applicable exception, the following federal statutes and regulations prohibit disclosure of records that may be the subject of discovery in this case:

- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for relief, whether pending or approved, under the Violence Against Women Act;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for a T Visa, concerning trafficking victims;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information which relates to an alien who is the beneficiary of an application for a U Visa, concerning victims of crimes;
- 8 U.S.C. § 1255a(c)(5) prohibits disclosure of information relating to Legalization/Special Agricultural Worker claims; and
- 8 C.F.R. § 208.6 prohibits disclosure of information contained in or pertaining to an asylum application (which ICE has also applied to refugee applications), information

> pertaining to a credible fear determination pursuant to 8 C.F.R. § 208.30, and records pertaining to a reasonable fear determination pursuant to 8 C.F.R. § 208.31.

The consequences for unauthorized disclosure of these categories of records include criminal and civil penalties. In addition, these categories of information cannot be disclosed, even with a protective order in place. Thus, in order to ensure compliance with these statutory and regulatory requirements, ICE must conduct a review of any Covered Information before it is produced in discovery so that the appropriate redactions and withholdings can be applied.[1] The time needed for ICE to complete any such review will depend on the volume and nature of the Covered Information at issue. For example, to protect against inadvertent disclosure of information pertaining to a credible-fear determination, a page-by-page review of certain records may be required. ICE is committed, however, to working with the parties to allow discovery to proceed on a reasonable timetable, and the agency intends, subject to resource constraints, to allocate resources to any necessary document review.

In the event that either party anticipates producing documents that contain, or are likely to contain, Covered Information, please contact me at your earliest convenience so that ICE may make necessary arrangements for document review, as the redactions necessary to protect these categories of information will take a considerable amount of time.

Thank you in advance for your cooperation in this matter. Should you have any questions or concerns regarding the above, please do not hesitate to contact me.

Sincerely,

*s/ Timothy B. Jafek*
Timothy B. Jafek
Assistant U.S. Attorney

cc:   ICE counsel

---

[1] In addition to the disclosure prohibitions noted above, legal privileges or law-enforcement sensitivities may also prevent the disclosure of certain information.

**Additional addressees:**

*Plaintiffs' counsel:*

Andrew H. Turner
Kelman Buescher Firm
600 Grant Street Suite 825
Denver, CO  80203
Email:Aturner@laborlawdenver.Com

Hans Christopher Meyer
Meyer Law Office, P.C.
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO  80204
Email:Hans@themeyerlawoffice.Com

P. David Lopez
Outten & Golden, LLP-DC
601 Massachusetts Avenue Nw 2nd Floor West Suite
Washington, DC  20001
Email:Pdl@outtengolden.Com

Ashley Kathryn Boothby
Kelman Buescher Firm
600 Grant Street Suite 450
Denver, CO  80203
Email:Aboothby@laborlawdenver.Com

David Hollis Seligman
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:David@towardsjustice.Org

Juno E. Turner
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY  10017
Email:Jturner@outtengolden.Com

Ossai Miazad
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY  10017
Email:Om@outtengolden.Com

Rachel Williams Dempsey
Outten & Golden, LLP-San Francisco
One California Street 12th Floor
San Francisco, CA  94111
Email:Rdempsey@outtengolden.Com

Robert Andrew Free
R. Andrew Free Law Office
414 Union Street Suite 900
Email:Andrew@immigrantcivilrights.Com

Brandt Powers Milstein
Milstein Law Office
1123 Spruce Street
Boulder, CO  80302
Email:Brandt@milsteinlawoffice.Com


*Defendant's counsel:*

Dana L. Eismeier
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email:Deismeier@bfwlaw.Com

Mark Thomas Emery
Norton Rose Fulbright US LLP-DC
799 9th Street Suite 1000
Washington, DC  20001-4501
Email:Mark.Emery@nortonrosefulbright.Com

Michael York Ley
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email:Mley@bfwlaw.Com



**U.S. Department of Justice**

Robert C. Troyer
United States Attorney
District of Colorado

Timothy B. Jafek
303-454-0104
timothy.jafek@usdoj.gov

*1225 17th Street, Suite 700*
*Denver, CO  80202*

August 28, 2018

**By email and First-class mail**

Alexander Neville Hood
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:Alex@towardsjustice.Org

Charles A. Deacon
Norton Rose Fulbright US LLP-San Antonio
300 Convent Street Suite 2200
San Antonio, TX  78205
Email:Charlie.Deacon@nortonrosefulbright.Com

*Additional addressees starting on page 4*

      **RE:**    *Menocal*, et al. *v. The GEO Group*, 14-cv-02887-JLK

Dear Counsel:

    I write as a follow up to my letter dated August 21, 2018, after a review of the parties' (proposed) Stipulated Scheduling Order ("Proposed Order").  Doc. 139.  I write with respect to a single discrete issue; the exclusion of comment on other aspects of the Proposed Order should not be interpreted as agreement or disagreement with any other aspect of the Proposed Order.

    The Proposed Order stated, in part, that "GEO will produce a list of detainees from 2006 through 2014 in Excel format by no later than September 24, 2018." *Id*. at 17.  ICE believes that that information is covered by the Privacy Act, 5 U.S.C. § 552a, for the reasons described in the August 21, 2018, letter.  ICE also believes that other information that the parties may disclose or request may be covered by the Privacy Act as described in that letter.

Case No. 1:14-cv-02887-JLK-CYC    Document 333-1    filed 10/16/20    USDC Colorado
pg 11 of 17

  The Privacy Act, 5 U.S.C. § 552a protects against the disclosure of personally identifiable information found in a system of records, which includes any data that could potentially identify a specific individual, or any information that can be used to distinguish one individual from another and can be used for de-anonymizing anonymous data.  The protective order that has been filed in the above-captioned case does not authorize disclosure of documents or information covered by the Privacy Act that may contain personally identifiable information; nor does it require that such documents be marked confidential.  Revisions to the protective order will be required before disclosures subject to the Privacy Act may be made.  Additionally, the addition of language to the protective order that references the Privacy Act would decrease the number of potential redactions of personally identifiable information that may be necessary.

  As stated in the August 21, 2018 letter, ICE believes that an amendment to the Protective Order in the case, Doc. 45, could allow disclosure of information in this case protected by the Privacy Act.  Specifically, 5 U.S.C. § 552a(b)(11) permits disclosure pursuant to a qualifying court order.  ICE believes that adding the following language to the Protective Order would satisfy § 552a(b)(11):

> This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974.  Such information shall be marked confidential.

That language would satisfactorily address the Privacy Act concerns described in my August 21, 2018 letter.  Note that this language does not address the other statutory and regulatory restrictions on disclosure discussed in the 2018 letter.  Please confirm by no later than September 10, 2018, that the parties will request that the Protective Order be amended to include this language prior to the disclosure of any information, including the list of detainees that GEO endeavors to produce by September 24, 2018.

  Thank you in advance for your cooperation in this matter.  Should you have any questions or concerns regarding the above, please do not hesitate to contact me.

            Sincerely,

            *s/ Timothy B. Jafek*
            Timothy B. Jafek
            Assistant U.S. Attorney

cc:  ICE counsel

**Additional addressees:**

*Plaintiffs' counsel:*

Andrew H. Turner
Kelman Buescher Firm
600 Grant Street Suite 825
Denver, CO  80203
Email:Aturner@laborlawdenver.Com

Hans Christopher Meyer
Meyer Law Office, P.C.
P.O. Box 40394
1029 Santa Fe Drive
Denver, CO  80204
Email:Hans@themeyerlawoffice.Com

P. David Lopez
Outten & Golden, LLP-DC
601 Massachusetts Avenue Nw 2nd Floor West Suite
Washington, DC  20001
Email:Pdl@outtengolden.Com

Ashley Kathryn Boothby
Kelman Buescher Firm
600 Grant Street Suite 450
Denver, CO  80203
Email:Aboothby@laborlawdenver.Com

David Hollis Seligman
Towards Justice-Denver
1410 High Street Suite 300
Denver, CO  80218
Email:David@towardsjustice.Org

Juno E. Turner
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY  10017
Email:Jturner@outtengolden.Com

Ossai Miazad
Outten & Golden, LLP-New York
685 Third Avenue 25th Floor
New York, NY  10017
Email:Om@outtengolden.Com

Rachel Williams Dempsey
Outten & Golden, LLP-San Francisco
One California Street 12th Floor
San Francisco, CA  94111
Email:Rdempsey@outtengolden.Com

Robert Andrew Free
R. Andrew Free Law Office
414 Union Street Suite 900
Email:Andrew@immigrantcivilrights.Com

Brandt Powers Milstein
Milstein Law Office
1123 Spruce Street
Boulder, CO  80302
Email:Brandt@milsteinlawoffice.Com


*Defendant's counsel:*

Dana L. Eismeier
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email:Deismeier@bfwlaw.Com

Mark Thomas Emery
Norton Rose Fulbright US LLP-DC
799 9th Street Suite 1000
Washington, DC  20001-4501
Email:Mark.Emery@nortonrosefulbright.Com

Michael York Ley
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email:Mley@bfwlaw.Com



**U.S. Department of Justice**

Robert C. Troyer
United States Attorney
District of Colorado

Timothy B. Jafek
303-454-0104
timothy.jafek@usdoj.gov

*1225 17th Street, Suite 700*
*Denver, CO  80202*

September 21, 2018

**By E-mail**
Michael York Ley
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email: Mley@bfwlaw.Com

*Additional addressees on page 4*

     **RE:**    *Menocal*, et al. *v. The GEO Group*, 14-cv-02887-JLK

Dear Counsel:

     I am writing again to highlight some issues that have become apparent after a review of the parties' (proposed) Amended Stipulated Scheduling Order ("Proposed Order").  Doc. 146.  On August 21, 2018, I sent a letter to both parties clarifying the government's position regarding the scope of U.S. Immigration and Customs Enforcement ("ICE") review of records in the subject litigation.  It appears that GEO has taken the position that ICE does not need to review the records that GEO intends on providing to the Plaintiff in discovery.  Additionally, GEO has stated in the Proposed Order, that it intends to depose several ICE employees, and also contemplates designating an expert witness in the field of "DHS/ICE Policies and Procedures."  I wish to address these issues.

     Based on my review of discovery GEO previously produced, many of the documents in GEO's possession are ICE records or contain ICE information.  As a preliminary matter, certain terms of the ICE/GEO contract HSCEDM-11-D-00003 address and prohibit the release of information on detainees.  By letter dated September 4, 2018, ICE advised GEO's Executive Vice President, Contract Administration, of those disclosure restrictions, of which GEO had agreed in its contract with ICE.  A copy of that letter, as well as GEO's September 5, 2018 letter in response, are attached to this correspondence for your awareness.

Additionally, my August 21, 2018 letter outlined several categories of records, termed "Covered Information," whose disclosure is not permitted pursuant to federal regulation and/or statute, even with the existence of a protective order. Such categories of records include, but are not limited to, those protected by:

- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information that relates to an alien who is the beneficiary of an application for relief, whether pending or approved, under the Violence Against Women Act;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information that relates to an alien who is the beneficiary of an application for a T Visa, concerning trafficking victims;
- 8 U.S.C. § 1367(a)(2) prohibits agency disclosure of any information that relates to an alien who is the beneficiary of an application for a U Visa, concerning victims of crimes;
- 8 U.S.C. § 1255a(c)(5) prohibits disclosure of information relating to Legalization/Special Agricultural Worker claims; and
- 8 C.F.R. § 208.6 prohibits disclosure of information contained in or pertaining to an asylum application (which ICE, by DHS policy, also applies to refugee applications), information pertaining to a credible-fear determination pursuant to 8 C.F.R. § 208.30, and records pertaining to a reasonable-fear determination pursuant to 8 C.F.R. § 208.31.

The consequences for unauthorized disclosure of these categories of records include criminal and civil penalties.

While GEO has proposed the use of an "attorneys' eyes only" marking on such information to allow for disclosure without any ICE review or redactions, the relevant federal statute and regulation do not contain any such exception that would allow disclosure of these categories of information. Nor do any of the enumerated exceptions allowing disclosure apply. Nevertheless, GEO has taken the position that ICE does not need to review records. ICE again emphasizes that because federal statutes and regulations prohibit disclosure of these categories of information within records owned by ICE or that contain ICE information, ICE must conduct a review of such records prior to any disclosures, to ensure compliance with those prohibitions through appropriate redactions and withholdings.

I would also note that legal privileges may apply in ICE records, such as the attorney-client privilege and work-product protection, as well as other privileges that may apply, such as information that is law-enforcement sensitive, and application of those privileges may prevent the disclosure of certain information. ICE does not consent to release of this information without ICE's review.

To the extent that GEO intends on potentially calling ICE employees as witnesses in the subject litigation, GEO should be aware that the *Touhy* regulations apply to requests for deposition or trial testimony. *See generally United States ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Those regulations can be found at 6 C.F.R. §§ 5.41-5.49. ICE will review any requests from GEO for deposition or trial testimony from ICE employees in accordance with those regulations.

2

I hope that this follow-up letter further clarifies the issues regarding requests for testimony, as well as the review of records associated with the subject litigation. ICE is willing to assist GEO in narrowing the universe of records that ICE will need to review, as well as to coordinate the review of such records. Thank you in advance for your cooperation in this matter. Should you have any questions or concerns regarding the above, please do not hesitate to contact me.

                            Sincerely,

                            *s/ Timothy B. Jafek*
                            Timothy B. Jafek
                            Assistant U.S. Attorney

cc:    ICE counsel

*Additional addressees:*

Dana L. Eismeier
Burns Figa & Will, P.C.
6400 South Fiddlers Green Circle Plaza Tower One Suite 1000
Greenwood Village, CO  80111
Email: Deismeier@bfwlaw.Com

Mark Thomas Emery
Norton Rose Fulbright US LLP-DC
799 9th Street Suite 1000
Washington, DC  20001-4501
Email: Mark.Emery@nortonrosefulbright.Com

Charles A. Deacon
Norton Rose Fulbright US LLP-San Antonio
300 Convent Street Suite 2200
San Antonio, TX  78205
Email: Charlie.Deacon@nortonrosefulbright.Com