## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

Plaintiffs,

v.

THE GEO GROUP, INC.,

Defendant.

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant The GEO Group, Inc. ("Defendant" or "GEO"), by and through undersigned

counsel, hereby provides the following Notice of Supplemental Authority pursuant to

D.C.COLO.LCivR 7.1(f).

On October 23, 2020, GEO received the attached letter from the United States Immigration

and Customs Enforcement ("ICE"). **Ex. A**. The letter responds to an information request from

Andrew Free, an attorney for Plaintiffs in both the present case and the case captioned *Novoa v.*

*The GEO Grp.*, Case Number 17-cv-02514-JGB-SHK, currently pending in the Central District of

California. The letter from ICE also enclosed the declaration of Jay M. Brooks ("Declaration")

55142007;1

who is the Supervisory Detention and Deportation Officer, Custody Management Division

Enforcement and Removal Operations, at ICE. **Ex. B**. In the Declaration, Ms. Brooks explains that

she participated in the ICE working group that drafted the 2011 PBNDS. **Ex. B at ¶14**. Based upon

her personal knowledge, she attests that in drafting the 2011 PBNDS, the drafting group did not

intend for Section 5.8(V)(C) of the PBNDS "to establish a conclusive list of personal housekeeping

activities or to preclude detainees from participating in maintaining the cleanliness of common or

shared living areas." *Id.* She also explains that the "ICE Detainee Handbook, which is provided to

each detainee as part of orientation, is clear that all detainees, including those not participating in

a Voluntary Work Program, are expected to participate in keeping general-use or detainee common

areas clean and orderly." *Id.* at ¶17. In ICE's view, under the 2011 PBNDS, "[e]veryone living in

a group housing unit shares a co-responsibility to keep the dormitory, dayroom, shower and

bathroom areas tidy and clean." *Id.* These newly clarified positions of ICE are relevant to a number

of pending motions, including: Plaintiffs' Motion for Summary Judgment (ECF 260); GEO's

Cross-Motion for Summary Judgment (ECF 284); GEO's Notices of Supplemental Authority

(ECF 291 & 297); GEO's Rule 19 Motion to Dismiss (ECF 307); and GEO's Motion for Summary

Judgment (ECF 305). GEO provides more specific detail below as to the relevance to each filing.

A. **Plaintiffs' Motion for Summary Judgment (ECF 260) and GEO's Cross-Motion for Summary Judgment (ECF 284).**

In Plaintiffs' Motion for Summary Judgment, Plaintiffs argued that the Aurora meal clean-

up practice "conflicts on its face with the PBNDS, which . . . list only four specific housekeeping

chores that may be required." ECF 260 at 35. Based upon this argument, Plaintiffs declared that

GEO had violated its contract with ICE, which requires compliance with the PBNDS. *Id.* In

response, GEO argued that under the PBNDS detainees must keep their living area clean, which

55142007;1

would include the entirety of their housing unit, including the common use areas. ECF 270 at 26.

In their reply, Plaintiffs called GEO's interpretation of the PBNDS, as requiring detainees to keep

their entire living area clean, "beyond its logical limits and well into the absurd." ECF 286 at 101.

Plaintiffs argued that the PBNDS "explicitly *prohibit* GEO from" requiring detainees to help mop

the floors after meals. *Id* (emphasis in original). Similar arguments are echoed in the briefing on

GEO's Cross-Motion for Summary Judgment. ECF 284 (arguing detainees can be required to keep

their living area clean); ECF 298 at 35 ("ICE *prohibited* GEO from requiring detainees to clean all

but a limited space directly around their beds"); ECF 316 at 2 (citing to the ICE National Detainee

Handbook as support for the position that detainees housekeeping obligations are not limited to

the four items in Section 5.8 of the PBNDS).

The attached Declaration makes plain that GEO's interpretation is not "absurd," but rather

that it is consistent with the intention of the 2011 PBNDS drafters and ICE's understanding. **Ex.**

**B**. As explained by Ms. Brooks, Section 5.8 of the PBNDS does not create an exhaustive list of

cleaning tasks that are permitted without compensation, nor did the drafting group intend to limit

the housekeeping chores for which detainees are responsible to the four enumerated items. **Ex. B**

**at ¶14**. Instead, "[e]veryone living in a group housing unit shares a co-responsibility to keep the

dormitory, dayroom, shower, and bathroom areas tidy and clean." **Ex. B at ¶17**. Because this

provides ICE's clear position on the interpretation of 5.8, and ICE's interpretation is consistent

with GEO's understanding, the attached supplemental authority provides evidence that is helpful

for this Court's determination of whether GEO breached its contract with ICE. Certainly, if the

two contracting parties had the same understanding and intention, as here, a third party's differing

and self-interested interpretation has no bearing on whether the parties performed as expected.n

55142007;1

**B.**    <u>GEO's Notices of Supplemental Authority (ECF 291 & 297).</u>

The attached declaration is also relevant to GEO's prior notice of supplemental authority

as it resolves an ongoing ambiguity in a declaration previously submitted in this case by Ms.

Shannon Ely of ICE. ECF 261-7, ¶ 22. Ms. Ely's declaration stated that ICE did not draft or

negotiate GEO's housekeeping policies at the Aurora Facility. Without further context, this

statement caused confusion (and was untrustworthy) because ICE signed off on the GEO

housekeeping policy "every year as the policies are renewed." ECF 291 at 2; *see also* ECF 297;

ECF 262-11 at 2 (approving segregation policy); ECF 262-7 at 2 (approving VWP policies); ECF

50-2 at 9 (approving sanitation procedures). Indeed, based upon Ms. Ely's ambiguous declaration,

Plaintiffs argued that ICE did not play any role in developing the polices that Plaintiffs challenge.

ECF 286 at 116-17.

The Declaration of Ms. Brooks clarifies these inconsistencies, stating that ICE may have

had "some input" and "may have reviewed" GEO's housekeeping policies, but that ICE was not

the initial drafter of those policies. **Ex. B at ¶10**. This Declaration clarifies that ICE did, in fact,

provide input into the policies (i.e. negotiated their terms), but was not responsible for the initial

drafts.

**C.**    <u>GEO's Rule 19 Motion to Dismiss (ECF 307).</u>

In GEO's Rule 19 Motion to Dismiss for the failure to join ICE, GEO pointed out that

Plaintiffs had made numerous representations about ICE's purported position about the scope of

the PBNDS. ECF 307 at 28. GEO argued that Plaintiffs interpretation was not consistent with

GEO's and ICE's intent in entering into the contract and interpreting the scope of GEO's

obligations under the same. *Id.* The attached Declaration makes clear that GEO and ICE had

4

55142007;1

consistent interpretations of the PBNDS and that Plaintiffs' purported interpretation is inconsistent. The supplemental authority is therefore relevant to determining ICE's interests in the above-captioned case.

**D.      GEO's Motion Summary Judgment (ECF 305).**

In GEO's Motion for Summary Judgment, GEO has described how the ICE Disciplinary Severity Scale is a warning of a legitimate consequence, not a threat. ECF 305 at 28. In so arguing, it explains that detainees can be compelled to perform basic housekeeping tasks (the scope of which Plaintiffs contest). *Id.* at 29. The attached Declaration provides additional information from ICE about the scope of the housekeeping tasks that detainees are responsible for in their living area according to the PBNDS. Thus, it is relevant to GEO's Motion for Summary Judgment.

Accordingly, GEO respectfully requests that this Court consider the attached authority in resolving the issues presented in Plaintiffs' Motion for Summary Judgment (ECF 260); GEO's Cross-Motion for Summary Judgment (ECF 284); GEO's Notices of Supplemental Authority (ECF 291 & 297); GEO's Rule 19 Motion to Dismiss (ECF 307); and GEO's Motion for Summary Judgment (ECF 305).

///

///

///

///

///

///

///

5

Respectfully submitted, this the 26th day of October, 2020.

**AKERMAN LLP**
*s/ Adrienne Scheffey*
Colin L. Barnacle
Adrienne Scheffey
Christopher J. Eby
Melissa L. Cizmorris
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email: colin.barnacle@akerman.com
Email: adrienne.scheffey@akerman.com
Email: christopher.eby@akerman.com
Email: melissa.cizmorris@akerman.com

**BURNS, FIGA & WILL, P.C.**
Dana L. Eismeier
Michael Y. Ley
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, CO 80111
Telephone:  (303) 796-2626
Facsimile:   (303) 796-2777
Email: deismeier@bfwlaw.com
Email: mley@bfwlaw.com

*Attorneys for Defendant The GEO Group, Inc.*

55142007;1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 26th day of October, 2020, a true and correct copy of the foregoing

**NOTICE OF SUPPLEMENTAL AUTHORITY** was filed and served electronically via the

Court's CM/ECF system on the following:

### <u>Counsel for Plaintiffs:</u>

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

<u>*s/ Nick Mangels*</u>
Nick Mangels

7