# Exhibit 9



*Office of the Principal Legal Advisor*

**U.S. Department of Homeland Security**
425 I Street, NW, Room 6100
Washington, DC 20536

U.S. Immigration
and Customs
Enforcement

October 11, 2019

Michael J. Scimone, Esq.
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017

Re:  Menocal et al. v. The Geo Group, Inc., 14-cv-02887 (D. Colo.)

Dear Mr. Scimone:

This letter serves as a response to your revised *Touhy* Statement and accompanying attachment, dated May 31, 2019, requesting that ICE provide a 30(b)(6) witness in the above captioned matter.[1] These revised documents were provided as part of an informal conferral process in response to ICE's correspondence, dated April 5, 2019, in which ICE lodged its objections under *Touhy*, as well as Federal Rule of Civil Procedure 45.[2]  ICE's April 5, 2019 correspondence was in response to a subpoena dated March 22, 2019, which requested testimony pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure and the Local Rules of the District of Colorado for use in the above Federal proceeding, to which the United States is not a party.[3]  ICE's April 5, 2019 correspondence objected to the appearance of an ICE witness, based on Plaintiffs' noncompliance with the *Touhy* regulation, as well as several other objections under Rule 45, including, but not limited to: the relevance of the information sought; the overbreadth of the information sought; the burdensome effort to produce the information sought; the vague nature of the requests; the fact that the information sought was publicly available and/or in the possession of GEO; the cumulative and duplicative nature of the request; as well as the fact that the request sought privileged information.[4]

---

[1] ICE will note that these revised documents were not accompanied by a proper Rule 45 subpoena, and an additional subpoena has not been properly served on ICE.  However, given the fact that the parties have conferred about the proposed testimony and in order to prevent significant delay, ICE is responding to the revised request under its *Touhy* regulations, and, in the alternative, Federal Rule of Civil Procedure 45.  Please note ICE's position is that its obligations with respect to the subpoena are governed by its *Touhy* regulations, not Rule 45.  *See, e.g., Quezada v. Mink*, Case No. 10-cv-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010).  To the extent that ICE's response is made under Rule 45, it is not a waiver of any arguments and/or objections regarding the applicability of Rule 45 to your request.

[2] ICE is using September 27, 2019, as the date of the modified request, as that is the date when you indicated that you no longer wished to attempt to negotiate the resolution of the request and concluded the informal discussion.  ICE will also note that although the revised request was provided on May 31, 2019, the parties did not begin discussing the request for deposition testimony, instead focusing on the request for production of documents, until late August, 2019, when you requested potential deposition dates in October.

[3] The deposition was noticed for May 9, 2019 at 10:00 a.m. in Washington, D.C., and requested testimony from a designated ICE official regarding five topics.

[4] ICE reserves any and all objections and assertions made in its April 5, 2019 correspondence.  In this response, ICE is raising additional objections regarding your revised request.

Michael Scimone, Esq.
Page 2

        Your revised request seeks testimony from a designated ICE official regarding two topics
with three subparts.[5]  For the reasons that follow, your request for the testimony of an ICE official is
denied pursuant to the Department of Homeland Security's (DHS) *Touhy* regulations.  *See* 6 C.F.R.
§§ 5.41-5.49; *see also generally United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951).
Accordingly, ICE does not intend to produce the requested witness.  In addition, even if the
subpoena were governed by Rule 45 rather than ICE's *Touhy* regulations, ICE would nonetheless
object to the requested testimony pursuant to Federal Rule of Civil Procedure 45(d)(2)(B).

## **Touhy**

        As previously stated in ICE's response, dated April 5, 2019, there are published procedural
prerequisites for obtaining information, whether oral or written, from the Department of Homeland
Security (DHS) of which ICE is a component.  DHS has promulgated regulations that govern the
release of testimony by DHS employees or documents in a legal proceeding where the United States
is not a party.  These regulations are commonly referred to as *Touhy* regulations and can be found at
6 C.F.R. §§ 5.41-5.49.  *See Touhy*, 340 U.S. 462.  Compliance with the *Touhy* regulations is an
absolute condition precedent to obtaining testimony or other information from a DHS employee, as
well as documents.  *See U.S. v. Soriano-Jarquin*, 492 F.3d 495 (4th Cir. 2007); *Ho v. U.S.*, 374
F.Supp.2d 82 (D.D.C. 2005); *Boeh v. Gates, et. al.*, 25 F.3d 761 (9th Cir. 1994); *Saunders v. Great
Western Sugar Co.*, 396 F.2d 794 (10th Cir. 1968); *United States Steel Corp. v. Mattingly*, 663 F.2d
68 (10th Cir. 1980).

        Section 5.43 of the DHS *Touhy* regulations requires that service of subpoenas, court orders,
and other demands or requests for official information be served on the DHS Office of the General
Counsel (OGC). DHS OGC has delegated the ability to receive service of and respond to such
requests to its components.  In the event that the request for ICE information is delivered directly to
an employee, the employee is to immediately forward a copy of that document to DHS OGC or its
designee, ICE Office of the Principal Legal Advisor (OPLA).

        Further, DHS regulations bar all DHS employees, including former employees, from *inter
alia*, providing testimony regarding any material contained in the files of the Department, any
information relating to material contained in the files of the Department, or any information acquired
while the subject of the request for information is or was employed by DHS, unless authorized to do
so by the DHS Office of General Counsel or its designees.  *See* 6 C.F.R. § 5.44.  Section 5.45 of the
regulations also requires that the party seeking information must "set forth in writing, and with as
much specificity as possible, the nature and relevance of the official information sought."

        Upon receipt of a sufficiently detailed request, DHS or ICE considers the following factors:
(1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether
compliance is appropriate under the relevant substantive law concerning privilege or disclosure of
information; (3) the public interest; (4) the need to conserve the time of DHS employees for the
conduct of official business; (5) the need to avoid spending the time and money of the United States
for private purposes; (6) the need to maintain impartiality between private litigants in cases where a
substantial government interest is not implicated; (7) whether compliance would have an adverse
effect on performance by the DHS of its mission and duties; and (8) the need to avoid involving the
DHS in controversial issues not related to its mission.  *See* 6 C.F.R. § 5.48(a).

---

[5] Please note that as a general matter your request seeks information regarding "detainee labor."  This term is undefined and unclear.
To adequately respond to your current request, ICE is treating this term as it pertains to ICE to mean information regarding the
Voluntary Work Program (VWP) as it relates to detainee pay and personal housekeeping.

Michael Scimone, Esq.
Page 3

       In addition, ICE will not comply with a request when such compliance would violate a statute, regulation, Executive Order, or agency policy.  Likewise, ICE will not comply with a request when such compliance would reveal agency deliberations, or potentially impede or prejudice an on-going law enforcement investigation.  *See* 6 C.F.R. § 5.48(b).

       ICE has reviewed your revised request and accompanying *Touhy* Statement and has determined that the request does not meet the requirements of 6 C.F.R. § 5.45.  The request does not adequately specify what information is being requested nor does it describe how the information sought is relevant to the present legal proceeding.[6]  Topic 1 of the request and its subparts seek several categories of information including negotiations between GEO and ICE, ICE's oversight of GEO's operations to ensure compliance with the contract in its entirety, requests for equitable adjustment made by GEO, as well as terms regarding the subject contract, without providing information as to why these particular portions of the request are relevant. Also, your request does not sufficiently detail what information you intend to elicit from an ICE witness regarding these topics, nor does it specify the timeframe for the information you seek.[7]  Additionally, Topic 2 seeks information not included in Topic 1 regarding ICE oversight of all GEO facilities, without providing any information as to why ICE oversight of all GEO facilities would be relevant.  Topic 2 also fails to specify what specific information you wish to elicit, and instead acts as a catchall topic covering anything not covered in Topic 1, nor does it specify a timeframe for the information you seek.

      Moreover, pursuant to the factors outlined in 6 C.F.R. § 5.48(a) the information sought in your request may include information that is law-enforcement-sensitive and/or subject to an applicable privilege, or otherwise deliberative in nature.[8]  Your request is also overly broad and unduly burdensome as it does not specify a timeframe regarding the information you seek and potentially includes almost 16 years of information.  This information would include several iterations and modifications of the contract, which would require several ICE witnesses and also seeks information regarding ICE's oversight of the Aurora Facility, which would require a distinct set of witnesses that could address each aspect of your request.  Additionally, your request seeks information for GEO facilities other than the Aurora Facility, as well information unrelated to the Voluntary Work Program (VWP), thus asking for potentially several years of information for multiple facilities, further increasing the burden on the agency to provide several witnesses to address each facility.  Providing such witnesses and preparing such witnesses to appear at a deposition would expend scarce governmental resources and interfere with the official business of the agency and the agency's ability to perform its mission and duties.[9]  Additionally, the information you seek is also available through the discovery process from GEO, and/or seeks information within the purview of other agencies or "other parties."  Your request seeks information regarding the "HUSP," which is a GEO policy, unrelated to ICE.  Also, to the extent that your requests call for

---

[6] Topic 1 seeks information regarding: (a) ICE's negotiations with GEO regarding the contract as they concern detainee labor under the HUSP, whether referred to as the HUSP or as "personal housekeeping" requirements, and the Voluntary Work Program; (b) ICE's oversight of GEO's operations to ensure compliance with the contract, including any audits or evaluations of GEO's operation of the Aurora Facility by ICE, OIG, or other parties, any contemplated or completed contract discrepancy reports issued to GEO, and any requests for equitable adjustment by GEO; (c) Contract terms relating to detainee labor under the Housing Unit Sanitation Policy, whether referred to as the HUSP or as "personal housekeeping" requirements, and the Voluntary Work Program.  Topic 2 seeks, "[t]o the extent that they are not included in Topic 1;" ICE audits, inspections, and oversight of GEO facilities' operations.

[7] Please note that during the informal discussion regarding your request, you stated that you are seeking information for an almost sixteen (16) year timeframe from 2004-present, however a timeframe does not appear in the written request.  Assuming that you still seek information for this entire timeframe, you have not articulated in your request why that entire timeframe is relevant to the action.

[8] Without waiving the requirements of specificity and relevancy pursuant to 6 C.F.R § 5.45, ICE addresses the factors under 6 C.F.R. § 5.48(a) to provide additional context for the denial of your request based on the information that has been provided in the request as written.  ICE reserves the right to object to any future revised requests, pursuant to the factors outlined in 6 C.F.R. § 5.48(a).

[9] ICE will note that there are several cases involving the VWP program throughout the country, thus ICE would also expend scare resources should the agency provide witness testimony in each case.

Michael Scimone, Esq.
Page 4

legal conclusions and/or expert or opinion testimony, this type of testimony and information is generally prohibited under 6 C.F.R. § 5.49.

## Rule 45

As stated above, ICE's obligations with respect to the subpoena are governed by its *Touhy* regulations, not Rule 45.  *See, e.g., Quezada v. Mink*, Case No. 10-cv-00879-REB-KLM, 2010 WL 4537086 (D. Colo. Nov. 3, 2010).  If Rule 45 did apply, ICE would make the following objections pursuant to Rule 45(d)(2)(B).

### *Subpoena for Rule 30(b)(6) Witness*[10]

#### a.   Relevance

With regard to the two topics and subparts outlined in your request, you have not satisfied your burden of establishing that the requested information is relevant to your client's case.  *See* Fed. R. Civ. P. 26(b)(1).  Your subpoena states for Topics 1 and 2 that the requested information is relevant to rebut an anticipated defense raised by GEO, however it is unclear how information regarding the negotiations between GEO and ICE, ICE's oversight of GEO's operations to ensure compliance with the contract in its entirety, requests for equitable adjustment made by GEO and terms regarding the subject contract, without providing information as to why those particular portions of the request are relevant to any claim or defense in the action.  Additionally, your request does not seek a timeframe, and it is unclear how information from 2004 to the present, rather than some other timeframe would be relevant to this action.  Additionally, Topic 2 seeks information not included in Topic 1 regarding ICE oversight of all GEO facilities, without providing any information as to why ICE oversight of all GEO facilities would be relevant and also fails to provide a timeframe.

#### b.   Requests are overly broad, unduly burdensome, and/or vague

The request, as currently written, contains requests that are overly broad and unduly burdensome in violation of Rules 26 and 45 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26(c), 45(d)(1), (d)(3).  Additionally, your requests seek an "overly broad" range of information for a civil dispute in which the Executive is not a party.  *See Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 386 (2004).  As the Supreme Court has noted, "special considerations control" when discovery such as that involved in your subpoena means is sought from the Executive. *Id.* at 385.  The "paramount necessity of protecting the Executive Branch from vexatious litigation that might distract from the energetic performance of its constitutional duties," as well as the unique privileges that may be implicated in this context, require a subpoenaing party, at the very least, to meet "exacting standards" of relevancy, admissibility, and specificity." *Id.* at 382, 386-87.

Under Rule 45(d)(1) of the Federal Rules of Civil Procedure, a party issuing a subpoena must avoid imposing undue burden or expense on the respondent.  As currently written, however, the request in this matter does not meet that obligation.  Your deposition request is unduly burdensome for the additional reason that depositions are usually the most burdensome means of obtaining facts in litigation, and a court may require that information be sought by means that are "more convenient, less burdensome, or less expensive."  *See* Fed. R. Civ. P. 26(b)(2)(C).  You have not explained why

---

[10] Due to the fact that the request is not sufficiently detailed, ICE reserves the right to assert additional objections or modify existing objections in the event that a sufficiently detailed *Touhy* request is received.

Michael Scimone, Esq.
Page 5

depositions are needed in this matter, rather than less burdensome means of obtaining information.[11]
Additionally, your request is also overly broad and unduly burdensome as it does not specify a
timeframe regarding the information you seek and potentially includes almost 16 years of
information.  This information would include several iterations and modifications of the contract,
which would require several ICE witnesses and also seeks information regarding ICE's oversight of
the Aurora Facility, which would entail a distinct set of witnesses that could address each aspect of
your request.   Additionally, your request seeks information for GEO facilities other than the Aurora
Facility, as well information unrelated to the Voluntary Work Program (VWP), thus asking for
potentially several years of information for multiple facilities, further increasing the burden on the
agency to provide several witnesses to address each facility.  Providing such witnesses and preparing
such witnesses to appear at a deposition would expend scarce governmental resources and interfere
with the official business of the agency and the agency's ability to perform its mission and duties.

        Vagueness is especially problematic in the context of a Rule 30(b)(6) deposition.  Fed. R.
Civ. P. 30(b)(6) requires that the notice "must describe with reasonable particularity the matters for
examination."  That particularity allows for adequate preparation by the deponent.  *See, e.g.*, *Brunet
v. Quizno's Franchise Co. LLC*, 2008 WL 5378140, *3 (D. Colo. Dec. 23, 2008).  Specific
descriptions also reduce the chance that conflicts will arise regarding the adequacy of preparation by
the 30(b)(6) deponent.  The topics on which you seek to depose an agency official are very broad
and fail to adequately specify the information you are seeking.  Topic 1 of the request and its
subparts seek several categories of information including negotiations between GEO and ICE, ICE's
oversight of GEO's operations to ensure compliance with the contract in its entirety, requests for
equitable adjustment made by GEO and terms regarding the subject contract, without providing
information as to the specific information you seek to elicit nor does it specify the timeframe for the
information you seek.[12]  Additionally, your request is vague in that it does not specify what
information regarding audits and oversight you wish to elicit.  Additionally, Topic 2 seeks
information not included in Topic 1 regarding ICE oversight of all GEO facilities, without providing
any information as to the specific information you wish to elicit, nor does it specify a timeframe for
the information you seek.  Additionally, the requests are overly broad because the requested
testimony also seeks information from other DHS components, specifically OIG[13], or "other
parties", which may be beyond the agency's knowledge.  You also do not specify who may be
included in "other parties," making the request vague.  Your request also fails to provide a timeframe
for the information sought, such that the information requested could span several years, and several
different contracts, making the request unduly burdensome and overly broad.  Thus, the requested
information in your request is overly broad, unduly burdensome and vague.


        c.  *Information likely in the possession of another third party and/or publicly available or
                provided in discovery between the parties*

        Your request seeks information that one would reasonably expect to be exchanged
during the discovery process between the parties, publicly available, and/or in the possession of
another third party, such that the deposition of an ICE official would not be warranted.

---

[11] ICE will note that during the informal discussion phase, ICE offered to provide a declaration and was also willing to engage in the
review of any proposed questions that you wished to provide the agency in order to consider the contents of the declaration.  You
declined to continue this process.

[12] Please note that during the informal discussion regarding your request, you stated that you are seeking information for an almost
sixteen (16) year timeframe from 2004-present, however a timeframe does not appear in the written request.  Assuming that you still
seek information for this entire timeframe, you have not articulated in your request why that entire timeframe is relevant to the action.

[13] Please note that OIG is not an ICE program office and falls under the Department of Homeland Security.  It is unclear what
information you seek to elicit regarding audits conducted by OIG.  You also list "other parties," without specifying who is included in
"other parties."

Michael Scimone, Esq.
Page 6

       For instance, in Topic 1, you seek information regarding the negotiations regarding the contract between GEO and ICE, and audits and oversight of the facility and any requests for equitable adjustment by GEO.  You also seek contract terms relating to detainee labor under the HUSP or "personal housekeeping" requirements.  All of this information is available to you through GEO, who has access to this information.  Additionally, the information you seek is also within the purview of other agencies or "other parties."  Your request also seeks information regarding the "HUSP," which is a GEO policy, unrelated to ICE.   Such information should presumably be exchanged during the discovery process by parties to the litigation and should not be sought from a non-party government entity.

       In addition, your request seeks information that is publicly available.  For instance, audits that have taken place at the Aurora Detention Facility are available on ICE's publicly-facing website in the FOIA Library at https://www.ice.gov/foia/library.  Your request also seeks information regarding OIG and/or audits conducted by other entities outside of ICE, the specifics of which would be beyond the scope of an ICE witness' knowledge.  Given that the information requested in topics one and two should be exchanged in discovery in the subject litigation, and/or are publicly available, and/or may be beyond the scope of knowledge of an ICE witness, this is another aspect in which your subpoena in this matter is also unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2)(C) (court must limit discovery if information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

### d. *Requests are cumulative and duplicative*

       Your requests are "unreasonably cumulative [and] duplicative," *see* Fed. R. Civ. P. 26(b)(2)(C)(i), given that you seek essentially the same information in topics one and two of the request as it pertains to the Aurora Facility.

### e. *Attorney-Client Privilege and/or Deliberative Process Privilege*[14]

       Topics 1 and 2 seek information that may be covered by the attorney-client privilege and/or the deliberative process privilege, and thus not subject to disclosure.  The attorney-client privilege protects from disclosure client communications with a lawyer regarding legal advice.  The deliberative-process privilege protects from disclosure those documents and information that contain recommendations, opinion and conclusions of agency employees.

       Topic 1 references negotiations with GEO regarding the ICE GEO Aurora Detention Facility contract, ICE's oversight of GEO's operations, requests for equitable adjustment and contract terms relating to the HUSP or "personal housekeeping" requirements and the Voluntary Work Program.  Some or all of this information may be protected by the attorney-client privilege as ICE contracts are reviewed and entered into in consultation with the Office of Principal Legal Advisor (OPLA).  Additionally, a good deal of this information is expected to include information subject to the deliberative-process privilege as contract negotiations, audits, evaluations, contract terms etc., would be expected to include recommendations, opinions and conclusions of agency employees.  Additionally, to the extent that you intend to elicit information regarding these issues as they pertain to information that occurred following the initiation of the subject suit, such information may also be protected by the attorney-client privilege to the extent that program offices and employees discussed

---

[14] Please note that due to the lack of specificity in the requests, ICE is asserting the subject privileges based on the potential conflicts that may exist, after a consideration of the type of information that is being requested.  ICE reserves the right to assert additional objections in the future.

Michael Scimone, Esq.
Page 7

the matter with OPLA.  The attorney-client privilege also protects communications between ICE and DOJ.

### f.  Additional objections and privileges

The foregoing objections are not exclusive, and ICE reserves the right to assert further objections in response to the request as appropriate.  Additionally, ICE reserves any and all privileges and other grounds for non-disclosure that may apply to the information requested.  The breadth and nature of your request raises the likelihood that any responsive information, to the extent that responsive information exists, would include privileged or otherwise protected information, including, but not limited to, information protected by the law enforcement privilege.

### **Declaration**

As previously discussed during the informal discussion phase, in response to your request, ICE is willing to provide a declaration providing non-privileged information within ICE's purview, not available through GEO, or other agencies and/or parties, regarding the Aurora Facility, which is the facility at issue in this matter.  This will assist in decreasing the burden on the agency, while also providing you with information you seek.  Without waiving any objections to your request, ICE will provide said declaration on or before October 18, 2019.  The declaration will represent ICE's final response to your request.

If you require additional information on this matter, I can be reached via email at anne.rose@ice.dhs.gov.

Sincerely,

/s/ Anne M. Rose_____
Anne M. Rose
Associate Legal Advisor
Government Information Law Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement

cc. Timothy Jafek