IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALEJANDRO MENOCAL,<br>MARCOS BRAMBILA,<br>GRISEL XAHUENTITLA,<br>HUGO HERNANDEZ,<br>LOURDES ARGUETA,<br>JESUS GAYTAN,<br>OLGA ALEXAKLINA,<br>DAGOBERTO VIZGUERRA, and<br>DEMETRIO VALERGA<br>on their own behalf and on behalf of all others similarly situated,<br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE GEO GROUP, INC.,<br>　　　　　　　　　Defendant. | Civil No. 1:14-cv-02887-JLK |

### DECLARATION OF MICHAEL J. SCIMONE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR DECERTIFICATION

I, Michael J. Scimone, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a Partner with the law firm Outten & Golden LLP, which, together with Towards Justice, the Law Office of R. Andrew Free, Milstein Law Office, The Kelman Buescher Firm, P.C., and Meyer Law Office, P.C., are Class Counsel in this action. I am an attorney in good standing admitted to practice before this Court.

2. I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' and the Class's claims in this case.

3. I make the statements in this Declaration based on my personal knowledge

and would so testify if called as a witness at trial.

**Deposition of Class Plaintiffs Located Abroad**

4. In the course of discovery in this case, GEO requested depositions of the Named Plaintiffs in early 2020, and the parties have been working together to schedule those depositions since in or about February 2020.

5. The Plaintiffs in this case were all subject to immigration proceedings during their detention at GEO's Aurora facility. As a result of those proceedings, several of the Named Plaintiffs have been deported from the United States and currently reside abroad. These Named Plaintiffs include Lourdes Argueta, who now resides in Honduras, and Olga Alexakhina, who resides in the Russian Federation.

6. As Plaintiffs have informed GEO, both Honduras and the Russian Federation impose strict limitations on the depositions of non-United States citizens located within their borders for use in a U.S. legal proceeding. In Honduras, permission for depositions must be obtained from Honduran courts pursuant to letters rogatory.[1] In Russia, voluntary depositions of willing witnesses for use in civil and commercial matters are not permitted under any circumstances.[2]

7. To facilitate the depositions of Ms. Argueta and Ms. Alexakhina, Plaintiffs sought to have them both paroled into the United States for that purpose.

---

[1]  *See* Depositions, U.S. Embassy Tegucigalpa, Honduras, https://hn.usembassy.gov/wp-content/uploads/sites/109/2016/05/deposition_acs.pdf (last visited Oct. 24, 2020).

[2]  *See* Russian Federation, U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last visited Oct. 24, 2020).

8. Counsel for GEO initially informed Plaintiffs that they would prefer to wait on the outcome of the parole applications for Ms. Argueta and Ms. Alexakhina before considering other options for taking their depositions abroad. To date, Plaintiffs' efforts to secure parole for Ms. Argueta and Ms. Alexakhina have been unsuccessful.

9. On March 4, 2020, counsel for GEO e-mailed counsel for Plaintiffs requesting the availability of several witnesses for deposition, including Ms. Argueta and Ms. Alexakhina. On March 5, 2020, counsel for Plaintiff replied, reminding GEO of the legal impediments to those depositions and suggesting alternative arrangements to allow depositions of Ms. Argueta and Ms. Alexakhina outside their countries of residence.

10. One option proposed by Plaintiffs was for Ms. Alexakhina to travel to Finland, or another country in which depositions of non-U.S. citizens for use in U.S. courts was permitted. Plaintiffs' counsel was in the process of making the necessary arrangements for this travel, including securing Ms. Alexakhina a visa and passports, when the COVID-19 pandemic caused nearly all of Europe to close its borders to both Russian and United States citizens, making international travel virtually impossible.

11. Ms. Argueta's deposition would require permission from Honduran courts via letters rogatory. Counsel for Plaintiffs provided GEO with information on how GEO could begin this process on March 5, 2020. Plaintiffs have not heard any updates since then.

12. Plaintiffs remain prepared to present both Ms. Alexakhina and Ms. Argueta for deposition if and when it becomes possible and safe.

3

**Video Script**

13.     During the course of discovery, GEO produced two documents that were used during the class period as scripts for a detainee orientation video that was shown to detainees upon arrival at Aurora. These documents are Bates-stamped GEO_MEN 00056575-81 and GEO-MEN 00075173-83.

14.     The first document, Bates-stamped GEO_MEN 00056575-81, is titled Orientation Video Script 042705. Document metadata does not include a creation date, but indicates that its custodian was Dawn Ceja.

15.     The second document, Bates-stamped GEO-MEN 00075173-83, is titled Orientation Video Scripts 082507. Document metadata indicates that it was created on August 26, 2007, and that its custodian was Barbara Krumpelmann.

16.     During a telephone conference on September 28, 2020, counsel for Plaintiffs asked counsel for GEO to investigate the dates during which some version of these video scripts was in use. Via e-mail the following day, September 29, 2020, counsel for GEO agreed to do so.

17.     As of the date of this declaration, GEO has not confirmed the operative date of the orientation video scripts.

18.     Based on document metadata, Plaintiffs believe the scripts were in use at least through 2007.

**Exhibits**

19.     Attached hereto as **Plaintiffs' Opposition Exhibit 1** is a true and correct copy of excerpts from the March 29, 2016 30(b)(6) deposition of Dawn Ceja.

20. Attached hereto as **Plaintiffs' Opposition Exhibit 2** is a true and correct copy of excerpts from the August 5, 2020 30(b)(6) deposition of Dawn Ceja.

21. Attached hereto as **Plaintiffs' Opposition Exhibit 3** is a true and correct copy of excerpts from the November 19, 2019 deposition of Kevin Martin.

22. Attached hereto as **Plaintiffs' Opposition Exhibit 4** is a true and correct copy of excerpts from the February 27, 2020 30(b)(6) deposition of Daniel Ragsdale.

23. Attached hereto as **Plaintiffs' Opposition Exhibit 5** is a true and correct copy of excerpts from the February 21, 2018 deposition of Dagoberto Vizguerra.

24. Attached hereto as **Plaintiffs' Opposition Exhibit 6** is a true and correct copy of excerpts from the July 22, 2020 deposition of Alejandro Menocal.

25. Attached hereto as **Plaintiffs' Opposition Exhibit 7** is a true and correct copy of excerpts from the July 16, 2020 deposition of Alejandro Hernandez Torres.

26. Attached hereto as **Plaintiffs' Opposition Exhibit 8** is a true and correct copy of excerpts from the June 24, 2020 deposition of Hugo A. Hernandez-Ceren.

27. Attached hereto as **Plaintiffs' Opposition Exhibit 9** is a true and correct copy of excerpts from the June 29, 2020 deposition of Martha Vasquez.

28. Attached hereto as **Plaintiffs' Opposition Exhibit 10** is a true and correct copy of excerpts from the June 30, 2020 deposition of Sergio Gallegos.

29. Attached hereto as **Plaintiffs' Opposition Exhibit 11** is a true and correct copy of a Powerpoint titled "Anatomy of a Con Game," Bates stamped GEO-MEN 00106711. This exhibit has been filed as a restricted document in accordance with D. Colo. L. Civ. R. 7.2.

30. Attached hereto as **Plaintiffs' Opposition Exhibit 12** is a true and correct copy of excerpts from the personnel file of Joyce Quezada, Bates stamped GEO-MEN0017282-83. This exhibit has been filed as a restricted document in accordance with D. Colo. L. Civ. R. 7.2.

31. Attached hereto as **Plaintiffs' Opposition Exhibit 13** is a true and correct copy of excerpts from the July 28, 2020 deposition of Joyce Quezada.

32. Attached hereto as **Plaintiffs' Opposition Exhibit 14** is a true and correct copy of a document titled "Aurora ICE Processing Center Building Schedule," Bates stamped GEO-MEN 00072830-31. This exhibit has been filed as a restricted document in accordance with D. Colo. L. Civ. R. 7.2.

33. Attached hereto as **Plaintiffs' Opposition Exhibit 15** is a true and correct copy of excerpts from the July 8, 2020 deposition of Luis Pagan.

34. Attached hereto as **Plaintiffs' Opposition Exhibit 16** is a true and correct copy of excerpts from the October 26, 2017 deposition of Grisel Xahuentitla.

35. Attached hereto as **Plaintiffs' Opposition Exhibit 17** is a true and correct copy of excerpts from the November 16, 2017 deposition of Jesus Gaytan.

36. Attached hereto as **Plaintiffs' Opposition Exhibit 18** is a true and correct copy of excerpts from the October 27, 2017 deposition of Demetrio Valerga.

37. Attached hereto as **Plaintiffs' Opposition Exhibit 19** is a true and correct copy of excerpts from the July 23, 2020 deposition of Stuart Grassian.

38. Attached hereto as **Plaintiffs' Opposition Exhibit 20** is a true and correct copy of a transcript of the November 15, 2017 oral argument before the Tenth Circuit in

*Menocal v. GEO Grp., Inc.*, No. 17-1125 (10th Cir.).

39. Attached hereto as **Plaintiffs' Opposition Exhibit 21** is a true and correct copy of the Opening Brief for Appellant filed in *Menocal v. GEO Grp., Inc.*, No. 17-1125 (10th Cir.).

40. Attached hereto as **Plaintiffs' Opposition Exhibit 22** is a true and correct copy of the Segregated Housing & Solitary Confinement report of GEO expert Dr. Jeffrey Kropf.

41. Attached hereto as **Plaintiffs' Opposition Exhibit 23** is a true and correct copy of excerpts from the September 16, 2020 30(b)(6) deposition of Dawn Ceja.

42. Attached hereto as **Plaintiffs' Opposition Exhibit 24** is a true and correct copy of a Powerpoint titled "Detainee Orientation Video," Bates stamped GEO-MEN 00108452.  This exhibit has been filed as a restricted document in accordance with D. Colo. L. Civ. R. 7.2.

Dated: New York, NY
October 26, 2020

Respectfully submitted,

By: */s/ Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
mscimone@outtengolden.com

*Class Counsel*