**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

  Plaintiffs,

v.

THE GEO GROUP, INC.,

  Defendant.

---

**UNOPPOSED MOTION TO RESTRICT**

---

Defendant The GEO Group, Inc. ("Defendant" or "GEO") hereby moves this Court to

restrict access to the following exhibits filed by Plaintiffs as restricted in connection with Docket

Numbers 337 and 340. According to D.C.COLO.LCivR 7.2, a motion to restrict public access shall

be open to public inspection and shall:

   (1) identify the document or the proceeding for which restriction is sought;

   (2) address the interest to be protected and why such interest outweighs the

   presumption of public access (stipulations between the parties or stipulated

1

55172759;1

protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

## I.    Conferral Pursuant to D.C.COLO.LCivR 7.2

Prior to filing confidential exhibits in ECF Nos. 337 and 340, Plaintiffs sent GEO and ICE a list of documents they intended to file with their motions. In response, GEO provided permissible redactions for some documents and identified others for which restriction was the only option for protecting confidential and sensitive information. Plaintiffs indicated that they intended to reference the redacted content in some of GEO's proposed redactions and that therefore they would need to be restricted rather than redacted. Plaintiffs do not take a position on GEO's motion to restrict. Accordingly, GEO hereby files the following unopposed motion to restrict.

## II.    Documents GEO Seeks to Restrict and Level of Restriction Sought

GEO seeks to restrict the following documents as Level 1 restricted consistent with the protective order in this case:

55172759;1

1. **Restricted Documents filed With Plaintiffs' Opposition to Motion for Summary Judgment (ECF 337):**

   • <u>ECF 337-1 (Exhibit 16)</u>, a letter dated May 30, 2018 from GEO to ICE, seeking intervention in the instant case and estimating potential costs to ICE if cases nationwide are successful.

   • <u>ECF 337-2 (Exhibit 24)</u>, photographs of the Aurora ICE Processing Center (also subject to Plaintiffs' Motion to Restrict, ECF 341).

   • <u>ECF 337-3 (Exhibit 25)</u>, a draft version of the Detainee Orientation Video Script.

   • <u>ECF 337-4 (Exhibit 26)</u>, a draft of the Detainee Orientation Video Script.

2. **Restricted Documents filed With Plaintiffs' Opposition to Motion for Decertification (ECF 340):**

   • <u>ECF 340-1 (Exhibit 11)</u>, a training lesson for Officers at the Aurora ICE Processing Center entitled "Anatomy of a Con Game."

   • <u>ECF 340-2 (Exhibit 12)</u>, the personnel file of a witness in this action, Joyce Quezada.

   • <u>ECF 340-3 (Exhibit 14)</u>, a document titled "Aurora ICE Processing Center Building Schedule."

   • <u>ECF 340-4 (Exhibit 24)</u>, a copy of the PowerPoint presentation from the Aurora ICE Processing Center's "Detainee Orientation Video."

### III.    Interests to Be Protected and Corresponding Injury

The Protective Order in this case, ECF 157, serves to protect the confidentiality interests of the parties to this case (GEO and Plaintiffs), and also ICE. Under the Protective Order, a party may mark information as confidential if it contains:

> "[N]onpublic personal, personally identifiable information ("PII"), personnel, employment, financial and/or tax records, medical, "sensitive information" as

3

> defined at 48 C.F.R. § 3052.204-71, "law enforcement sensitive" information (as defined supra at ii), investigatory, official Government information or other information implicating privacy or proprietary interests of the Plaintiffs, the Defendant, ICE or another nonparty (including any documents and information that are subject to the Privacy Act of 1974, 5 U.S.C. § 552a). This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974."

Pursuant to the Protective Order, GEO marked a number of documents produced in discovery as confidential, including, the documents listed in Section II *supra*. As is relevant to this Motion, GEO seeks to maintain the confidentiality of the following: information related to its employees who are not listed as witnesses for trial (including an entire personnel file of one employee), photographs that both GEO and ICE agree must be confidential for safety reasons, and proprietary business information from GEO—including GEO officer trainings and GEO's cost estimates to the federal government. This use of a confidentiality designation is consistent with the Parties' Protective Order. In addition to the Protective Order, Local Rule 7.2 permits a party to restrict access to documents on this basis. Release of confidential information about GEO's employees, their training, or the facility's layout could compromise the safety of those who are detained within the facility as well as the employees who work there. These risks are echoed in ICE's letter filed by Plaintiffs at ECF 341.

WHEREFORE, Defendant respectfully requests a Level 1 restriction of the documents listed herein which would make the exhibits viewable only by the Court and the Parties to this action.

Respectfully submitted, this 6th day of November, 2020.

**AKERMAN LLP**

4

55172759;1

*s/ Adrienne Scheffey*
Colin L. Barnacle
Adrienne Scheffey
Christopher J. Eby
Melissa L. Cizmorris
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:   (303) 260-7714
Email: colin.barnacle@akerman.com
Email: christopher.eby@akerman.com
Email: melissa.cizmorris@akerman.com
Email: adrienne.scheffey@akerman.com

**BURNS, FIGA & WILL, P.C.**
Dana L. Eismeier
Michael Y. Ley
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, CO 80111
Telephone:  (303) 796-2626
Facsimile:   (303) 796-2777
Email: deismeier@bfwlaw.com
Email: mley@bfwlaw.com

*Attorneys for Defendant The GEO Group, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify on this 6th day of November, 2020, a true and correct copy of the foregoing

**UNOPPOSED MOTION TO RESTRICT** was filed and served electronically via the Court's

CM/ECF system on the following:

### Counsel for Plaintiffs:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

_s/ Nick Mangels_
Nick Mangels