# Exhibit A

Case No. 1:14-cv-02887-JLK-CYC   Document 345-1   filed 11/10/20   USDC Colorado
pg 1 of 10

```
                                                                        1

 1                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
 2                     EASTERN DIVISION - RIVERSIDE

 3

 4   RAUL NOVOA,                  ) Case No. EDCV 17-2514-JGB (SHKx)
                                  )
 5        Plaintiff,              ) Riverside, California
                                  ) Thursday, October 29, 2020
 6             v.                 )
                                  ) VIDEO/TELEPHONIC CONFERENCE
 7   THE GEO GROUP, INC.,         )
                                  )
 8        Defendant.              )
                                  )
 9

10

11                      TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE SHASHI H. KEWALRAMANI,
12                  UNITED STATES MAGISTRATE JUDGE.

13

14   Appearances:            See Page 2

15   Deputy Clerk:           D. Castellanos

16   Court Reporter:         Recorded; CourtSmart

17   Transcription Service:  JAMS Certified Transcription
                             16000 Ventura Boulevard #1010
18                           Encino, California  91436
                             (661) 609-4528
19

20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.
```

```
 1  APPEARANCES:

 2

 3  For the Plaintiff:        Law Office of R. Andrew Free
                              By:  R. ANDREW FREE
 4                            2004 8th Avenue South
                              Nashville, Tennessee  37209
 5                            (844) 321-3221
                              Andrew@ImmigrationCivilRights.com
 6
                              Burns Charest LLP
 7                            By:  DANIEL H. CHAREST
                                   E. LAWRENCE VINCENT
 8                                 LAUREN CROSS
                              900 Jackson Street, Suite 500
 9                            Dallas, Texas  75202
                              (469) 904-4550
10                            dcharest@burnscharest.com
                              lvincent@burnscharest.com
11                            lcross@burnscharest.com

12                            Burns Charest LLP
                              By:  LYDIA A. WRIGHT
13                            365 Canal Street, Suite 1170
                              New Orleans, Louisiana  70130
14                            (504) 799-2845
                              lwright@burnscharest.com
15
    For the Defendant:        Akerman LLP
16                            By:  ELLEN S. ROBBINS
                              601 West Fifth Street, Suite 300
17                            Los Angeles, California  90071
                              (213) 688-9500
18                            ellen.robbins@akerman.com

19                            Akerman LLP
                              By:  ADRIENNE SCHEFFEY
20                            1900 Sixteenth Street, Suite 1700
                              Denver, Colorado  80202
21                            (303) 260-7712
                              Adrienne.scheffey@akerman.com
22
    For Interested Nonparty:  United States Department of Homeland
23                            Security, Immigration and Customs
                              Enforcement
24                            By:  ANGELA FIORENTINO-RIOS
                              (Contact information unavailable)]
25
```

```
 1  For Interested Nonparty    United States Department of Homeland
    (Con't):                   Security, Immigration and Customs
 2                             Enforcement
                               By:  ALARICE MEDRANO
 3                             Federal Building, Suite 7516
                               300 North Los Angeles Street
 4                             Los Angeles, California  90012
                               (213) 894-0460
 5                             alarice.medrano@usdoj.gov

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   necessity for these depositions.  That agreement was brokered
2   based on what ICE has already said in sworn testimony in the
3   *Menocal* case in order to confirm that and ensure that we had
4   some admissible evidence for use at trial.  At the 11th hour
5   ICE decides that they have a new factual basis, new policy.
6   It was news to GEO.  They filed it immediately on the *Menocal*
7   docket because it's, you know, according to GEO, so helpful
8   for them.
9           This policy, which I said has existed, is not cited
10  to by the declarant.  It's not offered any sort of, you know,
11  what level of analysis it's gone through.  The declarant
12  herself -- I believe it's -- it's Ms. Brooks -- is a low-
13  level ICE employee.  She's a supervisory detention and
14  deportation officer, not an assistant secretary, not a policy
15  officer, not anyone with any authority to make or approve
16  policy.  There's not even that statement in the declaration,
17  I don't believe.
18          And the problem with it, Your Honor, is that it
19  directly conflicts with the agency's stated positions for the
20  last five or six years.  It directly conflicts with what ICE
21  told GEO when GEO asked ICE to pay its legal fees in this
22  case.  ICE said that the PBNDS speaks for itself and there's
23  no additional policies, and so "your defense is a defense to
24  contract performance."  It contradicts what GEO has said,
25  which is that -- in sworn testimony Amber Martin has said she

1  didn't ask ICE for additional and didn't receive additional
2  policy guidance as to the meaning of the PBNDS.
3              It contradicts what ICE told the OIG and Congress
4  by concurring with the OIG's investigation at the
5  (indecipherable) in California, where the Office of Inspector
6  General for the Department of Homeland Security found that
7  forcing detainees to clean outside of their immediate living
8  area violates the PBNDS.  ICE concurred with that result.  It
9  contradicts what the Department of Justice and the Solicitor
10 General's Office told the 11th Circuit in an amicus brief for
11 neither party when the Department of Justice neglected to
12 point out this position, curiously.
13             It is nowhere in the 4,000 pages of FOIA documents
14 that we turned over to GEO last summer, which would have been
15 a very helpful thing.  I'm sure it's news to the Owino
16 counsel, who got a nationwide class certified on the basis of
17 the publicly available contradictory information about the
18 PBNDS.  Incidentally, ICE has not weighed in on *Touhy* at all
19 in *Owino*, whereas ICE has spent no fewer than
20 20 communications on *Touhy* here in the GEO case.
21             And so we have a right to depose this witness, and
22 we have a right to our 30(b)(6) witness.
23             THE COURT:  So the relief that plaintiffs are
24 seeking is you want a 30(b)(6) witness available ASAP to
25 speak on the topics that were sent out in the notice?

1              MR. FREE:  Correct.
2              THE COURT:  Okay.
3              Ms. Rios?
4              MS. FIORENTINO-RIOS:  It's ICE's position that, you
5    know, there was a notice issue because we didn't receive
6    notice of the 30(b)(6) deposition and request for documents
7    until a couple of days before the depo was scheduled.  It was
8    a glitch at Office of General Counsel.  We're not saying we
9    haven't been served.  We've been served.  What we're saying
10   is ICE did not waive its, you know, *Touhy* and Rule 45
11   objections to those deposition subpoenas and requests for
12   documents because we were very diligent once we had actual
13   notice in communicating with the parties -- and the
14   plaintiffs included -- that we could not prepare a witness in
15   that short of time, and we do have our *Touhy* objections that
16   we preserved.  It's ICE's position we have not waived those
17   objections, and if the Court would like us to brief that, we
18   would welcome the opportunity to brief that.
19             The deal that we worked out with plaintiffs is to
20   provide these declarations to address -- it ended up being
21   seven factual attestations that the plaintiffs wanted to get
22   with a declaration, and ICE did due diligence to get that,
23   but this case is different from the other cases that
24   plaintiffs' counsel is mentioning in that this case involved
25   11 facilities over a span of many years.  You've got all

1  kinds of moving parts.  In *Menocal*, in that declaration -- it
2  was a declaration by Office of Acquisition Management.  It
3  involved someone expert on contract issues looking at the
4  contract at issue in the *Menocal* case, which had to do with
5  1 detention facility -- doing their due diligence there, and
6  they could say, "No, we didn't draft this particular housing
7  unit sanitation policy."
8         This case we can't say that as to the nationwide
9  class as to all 11.  We selected the most knowledgeable
10 person, Jay (phonetic) Brooks, who's been with ICE since it
11 was legacy INS and is very knowledgeable about the custody
12 management division.  I wouldn't call her "low level."  She's
13 the most experienced person on the topic who's giving the
14 declaration.  She was part of the working group that
15 discussed the very PBNDS sections that is the crux of this
16 case.
17         So we put our best foot forward.  It is apparent
18 plaintiffs were not satisfied with the declaration.  It
19 didn't state things the way they wanted it to state.  So I
20 don't know what more they're going to get from in a
21 deposition, but if the Court so orders it, (inaudible) would
22 ask for a reasonable amount of time to brief our objections
23 and -- you know, and protect the position of ICE.
24         THE COURT:  Well -- thank you.  So I don't -- I
25 need to digest.  My mind was swimming with all the other two

1  topics that we discussed today, and I hope I don't come
2  across as -- I'm trying to be more deliberative, rather than
3  trying to rush to a judgment on this.
4              What I would like the opportunity to do is I'd like
5  to re-read all the stuff that was provided by ICE, as well as
6  by plaintiffs, in light of what was just discussed today, and
7  if I have any questions, what I would like to do is set up a
8  further meeting either -- Ms. Rios, I understood you to be
9  out tomorrow; is that correct?
10             (Pause.)
11             MS. FIORENTINO-RIOS:  I'm sorry.  I was on mute.
12 That's correct.
13             THE COURT:  Okay.  Can we do it -- are you
14 available Monday morning, then, at 9:00 a.m. my time?  So
15 that would be noon yours if you're on the East Coast?
16             MS. FIORENTINO-RIOS:  Yes.  I will make myself
17 available.
18             THE COURT:  Okay.  I mean, I can move it earlier.
19 I can even do it at 8:00 my time if that would work better
20 with your schedule?
21             MS. FIORENTINO-RIOS:  That's fine, Your Honor.  I
22 don't know --
23             THE COURT:  Okay.
24             MS. FIORENTINO-RIOS:  -- if Alarice is available.
25             THE COURT:  Oh, I'm sorry.  I should --

72

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Julie Messa                    November 8, 2020
Julie Messa, CET**D-403             Date
Transcriber