**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

**NOTICE REGARDING GEO'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN A REQUIRED PARTY [ECF NO. 348]**

      Defendant The GEO Group, Inc. ("Defendant" or "GEO") files this notice to clarify two statements made in its Reply in Support of its Motion to Dismiss for Failure to Join a Required Party ("Reply"), ECF 348, following conferral with Plaintiffs regarding the same.

      In its Reply, GEO stated that "Ms. Brooks' Declaration was provided at the request of *Plaintiffs'* counsel Andrew Free for a declaration that would serve as Rule 30(b)(6) testimony." ECF 348 at 5 (citing ECF 335-1) (emphasis in original). Shortly thereafter, in a footnote, GEO referred to the date "Plaintiffs" were aware of the Brooks Declaration by referring generally to

1

55498269;1

"Plaintiffs," not specifically Plaintiffs' *counsel* Andrew Free. ECF 348 at 5, n.1. Counsel for Plaintiffs pointed out that the different phrasing in the footnote could be interpreted as stating that Plaintiffs *in this case* sought the declaration, as opposed to that *Plaintiffs' counsel* sought the Declaration. Counsel for Plaintiffs take the position that the difference in phrasing amounts to a material misrepresentation. GEO disagrees, but at Plaintiffs' request, GEO files this notice to restate that Plaintiffs' counsel Andrew Free sought and obtained the Brooks Declaration, as opposed to the named Plaintiffs themselves having sought the Declaration.

More specifically, GEO clarifies that Plaintiffs' counsel Andrew Free obtained the Brooks Declaration from ICE in connection with a subpoena[1] issued in a case in which both Mr. Free and the undersigned are entered: *Novoa v. The GEO Group, Inc.*, Case Number 17-cv-02514-JGBSHK, currently pending before the Honorable Jesus Bernal in the United States District Court for the Central District of California. ECF 335-1 (letter from ICE transmitting the Brooks declaration and including the case caption in the subject). Plaintiff Hernandez in this case is also a class member in the *Novoa* case.[2] While GEO clarifies its use of "Plaintiffs" in footnote 1, GEO maintains that Plaintiffs were on notice of the Brooks Declaration at the time their counsel, Mr. Free, received the Declaration via email from ICE: October 23, 2020. ECF 335-1 (Letter from ICE). While the Declaration was obtained in connection with another case, it has been Plaintiffs' counsel's practice

---

[1] Specifically, ICE states that the declaration was provided "in lieu of providing ICE's Rule 30(b)(6) deposition(s) and producing documents pursuant to your subpoenas dated August 3, 2020 to ICE. These declarations were prepared to address the seven proposed attestations of fact provided by Plaintiffs' counsel, Mr. Andrew Free, during conferrals with ICE counsel and memorialized in an attachment to an email (also enclosed) from Mr. Free dated September 2, 2020. ICE reserves any and all objections and assertions made in its initial Rule 45 and Touhy response letter dated August 18, 2020." ECF 335-1.

[2] In this brief notice, GEO does not attempt to unpack the impact of Plaintiff Hernandez' involvement in both the *Novoa* case and the *Menocal* case has on the issue of whether Plaintiffs themselves were on notice of the declaration.

2

to use information obtained by ICE interchangeably in this case and other related cases. *See e.g.*, ECF 261 (Declaration in Support of Plaintiffs' Motion for Summary Judgment, relying upon "the declaration of Tae D. Johnson in *State of Washington v. The GEO Group, Inc.*, Case No. 17-cv-05806 (W.D. Wash.), ECF No. 91."); ECF 295 at 2 (relying upon "a FOIA production by U.S. Immigration and Customs Enforcement ("ICE") that Plaintiffs have previously produced in discovery"); *Novoa v. GEO*, 17-cv-02514-JGB-SHKx, ECF 209, 210 (submitting the Ely declaration obtained through a subpoena in the above-captioned case); ECF 330 (transcript of discovery hearing held before the Honorable Michael E. Hegarty in this case, wherein Plaintiffs relied upon documents from the *State of Washington v. The GEO Group, Inc.*, Case No. 17-cv-05806 (W.D. Wash) as the basis for their dispute); **Exhibit A** (Plaintiffs' Amended Disclosures identifying ICE documents from, *Stevens v. Broadcasting Board of Governors, et al.*, Case No. 18-cv-5391 (N.D. Ill.)). Indeed, the Brooks Declaration, ECF 335-2, was obtained based upon Mr. Free's understanding of "representations of fact Shannon Ely affirmed in the *Menocal* declaration." **Exhibit B.** In essence, the two declarations build off of one another.

GEO also corrects an incorrect date from its Reply. In footnote 1 of its Reply, GEO stated that GEO's Notice of Supplemental Authority (ECF 335) was filed on October 24, 2020—two days before Plaintiffs' Reply was due. This statement was inaccurate and the result of an inadvertent drafting error. GEO's Notice of Supplemental Authority (ECF 335) was filed on October 26, 2020—the same date that Plaintiffs' Response was due.

3

Respectfully submitted, this 25th day of November, 2020.

**AKERMAN LLP**

*s/ Adrienne Scheffey*
Colin L. Barnacle
Adrienne Scheffey
Christopher J. Eby
Melissa L. Cizmorris
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: colin.barnacle@akerman.com
Email: christopher.eby@akerman.com
Email: melissa.cizmorris@akerman.com
Email: adrienne.scheffey@akerman.com

**BURNS, FIGA & WILL, P.C.**
Dana L. Eismeier
Michael Y. Ley
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, CO 80111
Telephone: (303) 796-2626
Facsimile: (303) 796-2777
Email: deismeier@bfwlaw.com
Email: mley@bfwlaw.com

*Attorneys for Defendant The GEO Group, Inc.*

4

55498269;1

**CERTIFICATE OF SERVICE**

I hereby certify on this 25th day of November, 2020, a true and correct copy of the foregoing **NOTICE REGARDING GEO'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOINT REQUIRED PARTY [ECF NO. 348]** was filed and served electronically via the Court's CM/ECF system on the following:

**Counsel for Plaintiffs:**

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Toni Domres*
Toni Domres

5

55498269;1

**LIST OF EXHIBITS TO NOTICE REGARDING GEO'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN A REQUIRED PARTY [ECF NO. 348]**

**Ex A**: Plaintiffs' Amended Disclosures dated June 25, 2020.

**Ex. B**: Email correspondence between counsel for Plaintiffs and U.S. Immigration and Customs Enforcement.