# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**PLAINTIFFS' AMENDED INITIAL DISCLOSURES**

---

Plaintiffs, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 26(a)(1), provide the following amended initial disclosures:

    A.    Fed. R. Civ. P. 26(a)(1)(A)(i): Individuals likely to have discoverable information that Plaintiffs may use to support their claims:

        1.    Plaintiff Olga Alexakhina
              Residence: St. Petersburg, Russia

    c/o Milstein Law Office
    1123 Spruce Street
    Boulder CO, 80302
    303-440-8780

Plaintiff Alexakhina has information regarding her and other detainees' work in the Voluntary Work Program and information regarding her and other detainees' work and experiences under the Housing Unit Sanitation policy.

2.  Plaintiff Lourdes Argueta
    Residence: San Pedro Sula, Honduras
    c/o Milstein Law Office
    1123 Spruce Street
    Boulder CO, 80302
    303-440-8780

Plaintiff Argueta has information regarding her and other detainees' work in the Voluntary Work Program and information regarding her and other detainees' work and experiences under the Housing Unit Sanitation policy.

3.  Plaintiff Jesus Gaytan
    Residence: Denver, Colorado
    c/o Milstein Law Office
    1123 Spruce Street
    Boulder CO, 80302
    303-440-8780

Plaintiff Gaytan has information regarding his and other detainees' work in the Voluntary Work Program and information regarding his and other detainees' work and experiences under the Housing Unit Sanitation policy.

4.  Plaintiff Hugo Hernandez
    Residence: Gadsden, Alabama
    c/o Milstein Law Office
    1123 Spruce Street
    Boulder CO, 80302
    303-440-8780

Plaintiff Hernandez has information regarding his and other detainees' work in the Voluntary Work Program and information regarding his and other detainees' work and experiences under the Housing Unit Sanitation policy.

5.  Plaintiff Alejandro Menocal
    Residence: Golden, Colorado
    c/o Milstein Law Office
    1123 Spruce Street

       Boulder CO, 80302
       303-440-8780

Plaintiff Menocal has information regarding his and other detainees' work in the Voluntary Work Program and information regarding his and other detainees' work and experiences under the Housing Unit Sanitation policy.

6.     Plaintiff Dagoberto Vizguerra
       Residence: Guanajuato, Mexico
       c/o Milstein Law Office
       1123 Spruce Street
       Boulder CO, 80302
       303-440-8780

Plaintiff Vizguerra has information regarding his and other detainees' work in the Voluntary Work Program and information regarding his and other detainees' work and experiences under the Housing Unit Sanitation policy.

7.     Plaintiff Grisel Xahuentitla
       Residence: Durango, Colorado
       c/o Milstein Law Office
       1123 Spruce Street
       Boulder CO, 80302
       303-440-8780

Plaintiff Xahuentitla has information regarding her and other detainees' work in the Voluntary Work Program and information regarding her and other detainees' work and experiences under the Housing Unit Sanitation policy.

8.     Class Member Alejandro Hernandez Torres
       Residence: Toluca, Mexico
       c/o Milstein Law Office
       1123 Spruce Street
       Boulder CO, 80302
       303-440-8780

Hernandez Torres has information regarding his and other detainees' work in the Voluntary Work Program and information regarding his and other detainees' work and experiences under the Housing Unit Sanitation policy.

9.     Dawn Ceja
       Warden, Aurora Detention Facility, The GEO Group
       Residence Unknown

Ms. Ceja has information regarding the topics on which she was designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and regarding the

policies and procedures of ICE and GEO, the contract between the two, and the claims in Plaintiffs' complaint.

10. Melody Furst
    Assistant Business Manager, Aurora Detention Facility, The GEO Group
    Residence Unknown

Ms. Furst has information regarding the topics on which she was designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and regarding the policies and procedures of ICE and GEO, the contract between the two, and the claims in Plaintiffs' complaint.

11. Amber Martin
    Executive Vice President, The GEO Group
    Residence Unknown

Ms. Martin has information regarding the topics on which she was designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and regarding contracting processes and GEO's compliance obligations under the ACA and other contractually mandated standards.

12. Daniel Ragsdale
    Executive Vice President, Contract Compliance, The GEO Group
    Residence Unknown

Mr. Ragsdale has information regarding the topics on which he was designated as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and regarding contract compliance and GEO's corporate policies.

13. Brian Evans
    Senior Vice President, Chief Financial Officer, The GEO Group
    Residence Unknown

Mr. Evans has information regarding GEO's finances insofar as they relate to Plaintiffs' claims.

14. Sergio Gallegos
    Detention Officer, The GEO Group
    Residence Unknown

Mr. Gallegos has information regarding the application of GEO's policies at the Aurora Detention Facility.

15. Chuck Hill
    Director of Business Management, Western Region, The GEO Group
    Residence Unknown

4

Mr. Hill has information regarding GEO's finances insofar as they relate to Plaintiffs' claims.

16. Barbara Krumpelmann
    Assistant Warden of Finance and Administration, Aurora Detention Facility, The GEO Group
    Residence Unknown

Ms. Krumpelmann has information regarding the policies and procedures of ICE and GEO, the contract between the two, and the claims in Plaintiffs' complaint.

17. Kevin Martin
    Residence: La Conner, Washington

Mr. Martin has information regarding the application of GEO's policies at the Aurora Detention Facility and the audit and inspection processes used to ensure that GEO complied with its contract with ICE.

18. Cheryl Nelson
    Director of Operations, The GEO Group
    Residence Unknown

Ms. Nelson has information regarding the policies and procedures of ICE and GEO, the contract between the two, and the claims in Plaintiffs' complaint

19. Luis Pagan
    Detention Officer, The GEO Group
    Residence Unknown

Mr. Pagan has information regarding the application of GEO's policies at the Aurora Detention Facility.

20. Nora Ponce
    Detention Officer, The GEO Group
    Residence Unknown

Ms. Ponce has information regarding the application of GEO's policies at the Aurora Detention Facility.

21. Joyce Quezada
    Detention Officer, The GEO Group
    Residence Unknown

Ms. Quezada has information regarding the application of GEO's policies at the Aurora Detention Facility.

22. Martha Vasquez
    Detention Officer, The GEO Group
    Residence Unknown

Ms. Vasquez has information regarding the application of GEO's policies at the Aurora Detention Facility.

23. David Venturella
    Senior Vice President, Client Relations, The GEO Group
    Residence Unknown

Mr. Venturella has information regarding the contract proposal and procurement process.

24. Matthew Alexander
    President, Pertl & Alexander, LLC
    Residence: Manlius, New York
    c/o The Kelman Buescher Firm
    600 Grant St., Suite 450
    Denver, CO 80203

Mr. Alexander has information regarding the matters set forth in his expert report.

25. Jeffrey Edelstein
    Senior Consultant, Core Management Services
    Residence: Bethesda, Maryland
    c/o The Kelman Buescher Firm
    600 Grant St., Suite 450
    Denver, CO 80203

Mr. Edelstein has information regarding the matters set forth in his expert report.

26. Stuart Grassian
    Residence: Chestnut Hill, Massachusetts
    c/o Outten & Golden LLP
    685 Third Avenue, 25th Floor
    New York, NY 10017
    212-245-1000

Dr. Grassian has information regarding the matters set forth in his expert report.

27. Jeffrey Kropf
    Expedient Medicolegal Services
    Residence: Encino, California

6

    Dr. Kropf has information regarding the matters set forth in his expert reports.

  28. All Witnesses identified by Defendants.

B. Fed. R. Civ. P. 26(a)(1)(A)(ii) Description of documents: The following documents may be used to support Plaintiffs' claims:

1. 2004 GEO Audit: PL00001 – PL000019

2. UN Rapporteur on Solitary Confinement: PL000020 – PL000024

3. Commissary Item and Price List: PL000025 – PL000028

4. Detainee Handbook – Local Supplement: PL000029 – PL000055

5. Detainee Payroll Sheet: PL000056

6. Detainee Work Detail Application: PL000057 – PL000058

7. Clean Up Lists: PL000059 – PL000061

8. ICE Segregation Reporting Directive: PL000062 – PL000074

9. National Detainee Handbook: PL000075 – PL000095

10. Detainee Payroll: PL000096

11. Federal Contracting Documents (1): PL000097-PL0000678

12. Federal Contracting Documents (2): PL000679-PL000697

13. Federal Contracting Documents (3): PL000698-PL000841

14. Federal Contracting Documents (4): PL000842-PL000985

15. Screenshot: PL000986

16. Documents produced in response to a Freedom of Information Act ("FOIA") request submitted to the Department of Homeland Security, Immigrations and Customs Enforcement ("ICE") by Professor Jacqueline Stevens, consisting of email correspondence, memoranda, and other documents relating to this litigation and the administration of GEO's Aurora facility from January 1, 2016 through May, 2019. The FOIA request is the subject of litigation, *Stevens v. Broadcasting Board of Governors, et al.*, Case No. 18-cv-5391 (N.D. Ill.). P00000008-P00004022

7

17. July 21, 2016 Office of Inspector General ("OIG") report OIG-16-113-VR, "ICE Still Struggles to Hire and Retain Staff for Mental Health Cases in Immigration Detention."

18. June 26, 2018 OIG report OIG-18-67, "ICE's Inspections and Monitoring of Detention Facilities Do Not Lead to Sustained Compliance or Systemic Improvements."

19. June 3, 2019 OIG report OIG-19-47, "Concerns about ICE Detainee Treatment and Care at Four Detention Facilities."

20. August 5, 2011 Interim Report of the UN Special Rapporteur of the Human Rights Council on torture and other cruel, inhuman or degrading treatment of punishment.

21. ICJJ Solitary Voices dataset.

22. Photographs produced by ICE of the Aurora Detention Facility. 190806806-O-MX570-011-190806806-O-MX570-250; ICE-0000001-ICE0000177

23. Declaration of Shannon Ely, Contracting Officer, Office of Acquisition Management, United States Immigration and Customs Enforcement, Department of Homeland Security, dated October 11, 2019.

24. Declaration of Tae D. Johnson, Assistant Director, Custody Management Division, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, Department of Homeland Security, dated October 16, 2019.

25. Documents produced by ICE pursuant to subpoena. 190806-O-MX570-011-250; ICE – 0000001-5027.

26. Documents produced by Defendant in the course of discovery. GEO_MEN00000001-GEO_MEN00186864.

27. March 19, 2018 ICE Fiscal Year 2017 Report to Congress, "Progress in Implementing 2011 PBNDS Standards and DHS PREA Requirements at Detention Facilities."

28. Agency records provided by U.S. Immigration and Customs Enforcement in response to a Freedom of Information Act request, assigned tracking number ICDE 2013FOIA32547, which were disclosed during litigation in *Stevens v. U.S. Dep't of Homeland Security*, No. 1:14-cv-3305 (N.D. Ill., filed May 6, 2014).

C. Fed. R. Civ. P. 26(a)(1)(A)(iii) Computation of damages:

1. Count Two: Forced Labor.

    a. Plaintiffs and Class Members seek compensatory damages based on the fair market value of the work they performed pursuant to GEO's HUSP. Plaintiffs and Class Members will seek a determination of fair market value based on GEO's records of days worked and types of work performed under the HUSP, at rates of pay and accounting for fringe benefits equivalent to what GEO would have paid for equivalent labor performed by GEO employees.

    b. Plaintiffs and Class Members seek punitive damages in an amount to be determined by the jury in this case.

    c. Plaintiffs and Class Members seek attorneys' fees and costs in an amount to be determined by the Court, following Plaintiff's submission of a fee petition at the conclusion of this litigation.

2. Count Three: Unjust Enrichment

    a. Plaintiffs and Class Members seek restitution in the form of compensatory damages based on the fair market value of the work they performed pursuant to GEO's Voluntary Work Program ("VWP"), minus amounts that GEO paid pursuant to the VWP. For janitorial positions, the methodology for calculating the fair market value of Plaintiff's labor is set forth in the Rule 26(a)(2) report of Jeffrey Edelstein. For laundry positions, the methodology for calculating the fair market value of Plaintiff's labor is set forth in the Rule 26(a)(2) report of Matthew Alexander. For all other VWP positions, fair market value will be based on GEO's records of days worked and types of work performed under the VWP, at rates of pay and accounting for fringe benefits equivalent to what GEO would have paid for equivalent labor performed by GEO employees.

    b. In the alternative, Plaintiffs and Class Members seek restitution in the form of disgorgement of the portion of GEO's profits under the Aurora contract that are attributable to the benefit Plaintiffs and Class Members conferred upon GEO. GEO's profits may be ascertained through GEO's profit and loss statements. GEO's relative contribution to its profits under the Aurora contract may be ascertained through GEO's pricing spreadsheets, which show the cost to GEO of providing services to ICE through the Aurora

9

        contract. Plaintiffs' and Class Members' contribution to GEO's profits may be measured by the fair market value of their labor, which is determinable through the methods described above. The relative value of each party's contribution to GEO's profits will establish the percentage of GEO's profits, during the period covered by Plaintiffs' unjust enrichment claims, which Plaintiffs and Class Members seeks as restitution.

    c. Plaintiffs and Class Members seek exemplary damages in an amount to be determined by the jury in this case.

D. Fed. R. Civ. P. 26(a)(1)(A)(iv) Insurance Agreements: None.

Dated: June 25, 2020

By: */s/ Michael J. Scimone*
    Michael J. Scimone

**OUTTEN & GOLDEN LLP**
Michael J. Scimone
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-Mail: mscimone@outtengolden.com

Rachel Dempsey
Adam Koshkin
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: rdempsey@outtengolden.com
E-Mail: akoshkin@outtengolden.com

**TOWARDS JUSTICE**
Juno Turner
Alexander Hood
David Seligman
1410 High St., Suite 300
Denver, CO 80218
(720) 441-2236
juno@towardsjustice.org
alex@towardsjustice.org
david@towardsjustice.org

10

**LAW OFFICE OF R. ANDREW FREE**
R. Andrew Free
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

**MILSTEIN LAW OFFICE**
Brandt Milstein
595 Canyon Boulevard
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

**THE KELMAN BEUSCHER FIRM**
Andrew Turner
600 Grant St., Suite 450
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

**MEYER LAW OFFICE, P.C.**
Hans Meyer
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

11