# EXHIBIT B

| | |
|---|---|
| **From:** | Andrew Free |
| **To:** | Fiorentino-Rios, Angela M |
| **Cc:** | Osinoff, Joanne (USACAC); Lydia Wright; Medrano, Alarice (USACAC); Simkins, Frances; Lesh, Christa; Harrold, Sarah P; Maximous, Cassandra; Panthaky, Shiraz; Jones, Roy; Arledge, Rhea |
| **Subject:** | Re: Novoa v. GEO (C.D. Cal.) |
| **Date:** | Monday, August 31, 2020 9:14:03 AM |

Angela:

You're correct in your interpretation of the scope, which includes the nationwide class. We appreciate that the universe of contracts and contracting officers is expanded, and will require additional verification by ICE. However, Plaintiffs believe this process should be *extremely* straightforward, based on our understanding of the Ely Declaration in Menocal, and the Johnson Declaration in the Washington State GEO cases/ Plaintiffs also believe this information is actually centralized within either the Custody Management Division, the Office of Detention Oversight, and/or the Office of Acquisition Management. In other words, it won't take speaking with 12-13 contracting officers, because the question for each contract is fundamentally the same: Is it a performance-based contract?

The mid-September conferral period you offer is appreciated, but too far out. The discovery deadline in this case is September 14, so if Plaintiffs need to enforce their subpoena and put an ICE witness under oath to obtain this (fairly straightforward) information, it's going to happen before.

In lieu of a declaration, Plaintiffs would also agree to an appropriately crafted stipulation to limit the subject of testimony an ICE witness would give about the five factual representations we're seeking to confirm.

Bottom line:
(1) Plaintiffs are unable to narrow the scope of their inquiry because the question pertains to the nationwide class.
(2) Plaintiffs are willing to be creative and flexible with ICE about the means of confirming these facts.
(3) That process needs to be complete, with evidence in hand, or the parties need to have staked out the contours of their stalemate, by no later than the middle of next week (September 9).

Given those constraints, can you please advise whether ICE reasonably believes it can provide the information requested in Plaintiffs' proposal to narrow their original subpoena on or before 5:00 pm PST on **Tuesday**, **September 1, 2020**?

Happy to discuss by phone if it's easier. My cell is 770-337-2858.

Best regards,

Andrew



Tel: (844) 321-3221 Fax: (615) 829-8959

Andrew@ImmigrantCivilRights.com
Mail: P.O. Box 90568 Nashville, TN 37209
**NEW OFFICE ADDRESS (BY APPOINTMENT ONLY)** : 414 Union Street Suite 900 Nashville, TN 37219
**www.Resist.Law**
Licensed to Practice in Tennessee

On Thu, Aug 27, 2020 at 5:42 PM Fiorentino-Rios, Angela M <Angela.M.Fiorentino-Rios@ice.dhs.gov> wrote:

> Good Afternoon Andrew,
>
> We have already begun gathering the relevant contracts for the Adelanto ICE Processing Center for review and identifying the appropriate declarant(s) for the five requested ICE attestations in your email below.  Today we noted that your requests may be seeking information pertaining to, not just the Adelanto ICE Processing Center, but all other civil immigration detention facilities operated by GEO, with certain exceptions, as identified in the Court's order regarding the Nationwide HUSP Class, defined as:
>
> "All civilly detained immigrants who (i) were detained at **any civil immigration detention center owned or operated by GEO in the United States between December 19, 2007 and the date of final judgment in this matter, and (ii) were subject to a GEO Housing Unit Sanitation Policy (HUSP) at any point during their detention**.
>
> Excluded from the definition of the Nationwide HUSP Class are the following: (1) individuals detained in GEO's family residential detention facility in Karnes City, Texas; (2) individuals detained in the Alexandria Staging Facility in Alexandria, Louisiana; (3) any individual detained in the custody of the U.S. Marshall or any other law enforcement agency at a GEO facility where the company also detains civil immigration detainees pursuant to contracts with ICE; and (4 ) civilly detained immigrants detainees held at the Aurora ICE Processing Center in Aurora, Colorado at any time before October 22, 2014."
>
> Please let us know if we are interpreting the requests incorrectly.  The Shannon Ely declaration provided by ICE in the *Menocal v. Geo* case was limited to contracts for operating the Aurora Detention Facility.  The inclusion of the Nationwide HUSP Class in the *Novoa v. Geo* case – covering multiple detention facilities, varying ICE contracts and multiple ICE Contracting Officers - involves a much larger universe of contract-related documents that would need to be reviewed and discussed with the appropriate Contracting Officers to determine the accuracy of the ICE attestations you have requested on behalf of plaintiffs.  We are hoping to discuss ways to narrow this scope – ideally, to the Adelanto ICE Processing Center from 2011 to present.
>
> We are also looking into ways to address the authenticity/admissibility of an ICE declaration

at trial.  We are available for a telephone conference to discuss these issues on September 16, 17 or 18, 2020, anytime 11 a.m. EDT or later on those dates.  Please also feel free to call me in the meantime so that we might work out some of the issues and to clarify what is being requested.

Respectfully,

Angela M. Fiorentino-Rios

Associate Legal Advisor

Government Information Law Division

Office of the Principal Legal Advisor

U.S. Immigration and Customs Enforcement

Cell:  (202) 740-4113

Angela.M.Fiorentino-Rios@ice.dhs.gov

**From:** Andrew Free <andrew@immigrantcivilrights.com>
**Sent:** Thursday, August 27, 2020 8:46 AM
**To:** Fiorentino-Rios, Angela M <Angela.M.Fiorentino-Rios@ice.dhs.gov>
**Cc:** Osinoff, Joanne (USACAC) <Joanne.Osinoff@usdoj.gov>; Lydia Wright <lwright@burnscharest.com>; Medrano, Alarice (USACAC) <Alarice.Medrano@usdoj.gov>; Simkins, Frances <Frances.Simkins@ice.dhs.gov>; Lesh, Christa <Christa.Lesh@ice.dhs.gov>; Harrold, Sarah P <Sarah.P.Harrold@ice.dhs.gov>; Maximous, Cassandra <Cassandra.Maximous@ice.dhs.gov>; Panthaky, Shiraz <Shiraz.Panthaky@ice.dhs.gov>; Jones, Roy <Roy.Jones@ice.dhs.gov>; Arledge, Rhea <Rhea.Arledge@ice.dhs.gov>
**Subject:** Re: Novoa v. GEO (C.D. Cal.)

Thank you, Angela.

Hopefully that won't be necessary. We'll await word from you.

Best regards,

Andrew

Tel: (844) 321-3221 Fax: (615) 829-8959

Andrew@ImmigrantCivilRights.com

Mail: P.O. Box 90568 Nashville, TN 37209

**NEW OFFICE ADDRESS (BY APPOINTMENT ONLY)** : 414 Union Street Suite 900 Nashville, TN 37219

**www.Resist.Law**

Licensed to Practice in Tennessee

On Thu, Aug 27, 2020 at 8:26 AM Fiorentino-Rios, Angela M <Angela.M.Fiorentino-Rios@ice.dhs.gov> wrote:

> Andrew,
>
> Thank you for your email. I will discuss this request and the authentication issue with my colleagues and respond to you later today or tomorrow morning latest. We will also provide available dates to meet and confer, should further *Touhy* conferrals be necessary, and to comply with Rule 37-1 by COB EDT today.
>
> Respectfully,
>
> Angela M. Fiorentino-Rios
>
> Associate Legal Advisor
>
> Government Information Law Division
>
> Office of the Principal Legal Advisor
>
> U.S. Immigration and Customs Enforcement

Cell:  (202) 740-4113

Angela.M.Fiorentino-Rios@ice.dhs.gov

**From:** Andrew Free <andrew@immigrantcivilrights.com>
**Sent:** Wednesday, August 26, 2020 9:00 PM
**To:** Fiorentino-Rios, Angela M <Angela.M.Fiorentino-Rios@ice.dhs.gov>
**Cc:** Osinoff, Joanne (USACAC) <Joanne.Osinoff@usdoj.gov>; Lydia Wright <lwright@burnscharest.com>
**Subject:** Novoa v. GEO (C.D. Cal.)

Angela:

Following up on our call yesterday, we were able to narrow down the facts from the Ely Declaration ICE already submitted to the following five statements Plaintiffs would accept from ICE, either in response to a Request for Admission or in a properly notarized and authenticated declaration from ICE. As we discussed, depending on the agency's response, Plaintiffs believe such agreement may obviate the need for further *Touhy* conferrals. We would, however, reserve the right to renew our subpoena should ICE provide any documents or evidence to GEO (we have not been served with any such request at this point).

Here are the representations of fact Shannon Ely affirmed in the Menocal declaration that Plaintiffs require for the record in this case in authenticated, admissible form (though we've framed them in the manner of Requests for Admission, we believe ICE could also just attest to them):

1.  Admit that the Intergovernmental Services Agreement between the City of Adelanto and ICE for the operation of the Adelanto ICE Processing Center did not contain a specific term regarding personal housekeeping. *See* Dkt. 210-3 (Decl. of Shannon Ely) at ¶ 9.

2.  Admit that the Housing Unit Sanitation Policies ("HUSPs") at each facility the Nationwide HUSP Class are GEO policies, created by GEO. Ely Decl. at ¶ 22.

3. Admit that GEO's HUSPs at each facility the Nationwide HUSP Class were not created by ICE. Ely Decl. at ¶ 22.

4. Admit that ICE did not draft or negotiate GEO's HUSPs. Ely Decl. at ¶ 22.

5. Admit that GEO's HUSPs are not required by the contracts by which GEO operates the facilities in the Nationwide HUSP Class. Ely Decl. at ¶ 22.



Tel: (844) 321-3221 Fax: (615) 829-8959

Andrew@ImmigrantCivilRights.com

Mail: P.O. Box 90568 Nashville, TN 37209

**NEW OFFICE ADDRESS (BY APPOINTMENT ONLY)** : 414 Union Street Suite 900 Nashville, TN 37219

**www.Resist.Law**

Licensed to Practice in Tennessee