IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

Plaintiffs,

v.

THE GEO GROUP, INC.,

Defendant.

## NOTICE OF SUPPLEMENTAL AUTHORITY

As authority in support of its Motion for Summary Judgment (ECF 305) and Motion to Dismiss for Failure to Join a Required Party (ECF 307), the GEO Group, Inc. ("Defendant"), by and through undersigned counsel, hereby provides the following Notice of Supplemental Authority pursuant to D.C.COLO.LCivR 7.1(f).

In the Opinion attached as **Exhibit A**, the Fourth Circuit Court of Appeals affirmed the district court's dismissal of the complaint in *Ndambi v. CoreCivic, Inc.*, No. 19-2207, 2021 WL 833277 (4th Cir. Mar. 5, 2021). GEO previously cited to the district court's opinion, *Ndambi v. CoreCivic, Inc.*, RDB-18-3521, 2019 WL 4735428 (D. Md. Sept. 27, 2019), in its briefing

57364146;1

asserting that Plaintiffs' failed to join ICE, a required party. *See* ECF 348 at n2. The plaintiffs in *Ndambi* are a group of "former Immigration and Customs Enforcement civil detainees [that claimed they were] owed wages under the Fair Labor Standards Act ("FLSA") for work performed while detained." **Exhibit A** at *1. The challenged policy stemmed from a contract between ICE and Cibola County, which required CoreCivic to operate an ICE detention facility consistent with the Performance Based National Detention Standards ("PBNDS"). *Id*. In assessing the issues before it, the Fourth Circuit found the PBNDS mandated the operation of the challenged program: a Voluntary Work Program ("VWP") where detainees were given opportunities to reduce the negative impacts of confinement through assignments within the facility for which they were provided a stipend that was "markedly below the federally- and state-mandated minimum wages" *Id*. The plaintiffs brought concurrent claims of a violation of the New Mexico Minimum Wage Act ("NMMWA") and a claim for unjust enrichment, arguing that the defendant CoreCivic was unjustly enriched by paying the detainees less than minimum wage for their labor.

The district court dismissed all claims, holding that the FLSA does not apply to custodial detainees and the NMMWA and unjust enrichment claims were "contingent on the success of [the plaintiffs'] FLSA claim." *Id.* at *2. The Fourth Circuit Court of Appeals affirmed the dismissal, upholding the district court's finding that the FLSA is inapplicable to custodial detainees, stating that if "Congress wishes to apply the FLSA to custodial detentions, it is certainly free to do so. But the corollary is that courts are not." *Id.* *5.

The Fourth Circuit's decision supports GEO's argument that the policies at issue are first and foremost, ICE policies that implicate policies nationwide. *See e.g.* ECF 307 at 1, 26-28 (arguing that a change in the VWP would implicate ICE's facilities nationwide). As GEO has

2

argued, the VWP is mandated by its contract with ICE and the PBNDS. ECF 307 (Fact No. 34). The Fourth Circuit's opinion supports this conclusion as well as demonstrating that VWPs like those at Aurora are common at ICE facilities that are not operated by ICE. For these reasons, the Fourth Circuit's decision supports GEO's motion to dismiss for failure to join ICE.

The Fourth Circuit's decision also supports Defendant's Motion for Summary Judgment because the detainees in *Ndambi* argued the same unjust enrichment claim the Plaintiffs assert here. The district court in that case held, and the Fourth Circuit affirmed, that there cannot be an unjust enrichment claim without a violation of the FLSA because the measure of the unjust enrichment is necessarily contingent upon the detainees not being paid minimum wage. Put more simply, the district court found that CoreCivic did not obtain a benefit in an unjust manner because they did not violate either the FLSA or the NMMWA due to the fact that the detainees were not employees.

Accordingly, GEO respectfully requests that this Court consider the attached authority in resolving the issues presented in the Defendant's Motion for Summary Judgment (ECF 305) and GEO's Motion to Dismiss for Failure to Join a Required Party (ECF 307).

Respectfully submitted, this the 24th day of March, 2021.

                              **AKERMAN LLP**

                              *s/ Adrienne Scheffey*
                              Adrienne Scheffey
                              Melissa L. Cizmorris
                              1900 Sixteenth Street, Suite 1700
                              Denver, Colorado 80202
                              Telephone: (303) 260-7712
                              Facsimile: (303) 260-7714
                              Email: adrienne.scheffey@akerman.com
                              Email: melissa.cizmorris@akerman.com

57364146;1

        **BURNS, FIGA & WILL, P.C.**
        Dana L. Eismeier
        Michael Y. Ley
        6400 S. Fiddlers Green Circle, Suite 1000
        Greenwood Village, CO 80111
        Telephone:  (303) 796-2626
        Facsimile:   (303) 796-2777
        Email: deismeier@bfwlaw.com
        Email: mley@bfwlaw.com

        *Attorneys for Defendant The GEO Group, Inc.*

4

57364146;1

## CERTIFICATE OF SERVICE

I hereby certify on this 24th day of March, 2021, a true and correct copy of the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY** was filed and served electronically via the Court's CM/ECF system on the following:

### Counsel for Plaintiffs:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Nick Mangels*
Nick Mangels

5

57364146;1