**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02887 JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

---

Plaintiffs respectfully submit this response to Defendant GEO's second Notice of Supplemental Authority ("NSA"), ECF No. 361. *Ndambi v. CoreCivic, Inc.*, No. 19-2207, 2021 WL 833277 (4th Cir. Mar. 5, 2021) is entirely irrelevant to the motions currently before the Court. *Ndambi* addresses whether the Fair Labor Standards Act ("FLSA") applies to immigration detainees. 2021 WL 833277, at *1. Plaintiffs have not brought FLSA claims in this case. The only related issue, whether GEO is subject to the

Colorado Minimum Wage Order, was decided in this case – in favor of GEO – nearly six years ago. *See Menocal v. GEO Grp., Inc.*, 113 F. Supp. 3d 1125, 1128 (D. Colo. 2015).

GEO's effort to manufacture a connection between *Ndambi* and *Menocal* mischaracterizes Plaintiffs' claims and re-argues settled issues. There is no dispute in this action about *whether* the VWP is required by GEO's contract with ICE. *See* ECF No. 336 (Plaintiffs' Opposition to GEO's Motion for Summary Judgment) at 68 (agreeing with GEO that "ICE *requires* [GEO] to operate the VWP"). Rather, it is Plaintiffs' position that GEO has violated the law in *how* it implements the VWP. *See id.* at 68-69. *Ndambi* does not speak to this issue at all. Nor does the simple fact that the VWP exists in the ICE-GEO contract – an uncontroversial point – have any bearing on whether ICE is a necessary party. *See* ECF No. 338 (Pls.' Opp. to Def.'s Motion to Dismiss for Failure to Join a Required Party) at 10-14.

Nor does *Ndambi* speak to whether GEO's $1/day rate for the VWP unjustly enriches GEO under Colorado law. Plaintiffs have never taken the position that the $1/day rate unjustly enriches GEO because it violates the FLSA. And the Court rejected GEO's argument that Plaintiffs' unjust enrichment claim is duplicative of its minimum wage claim in 2015. *Menocal*, 113 F. Supp. 3d at 1133 ("To the extent Plaintiffs allege that the fair market value of their services exceeds the minimum wage, the remedies sought by the CMWO claim and the unjust enrichment claim are different, and the unjust enrichment claim is not duplicative."). The *Ndambi* court gave far less consideration to this issue, as it arose under New Mexico law, and is therefore unhelpful; it notes the plaintiffs' unjust enrichment claims in a footnote, saying only, "[t]he parties agree that . .

. the appellants' unjust enrichment claim depends on the success of their FLSA claim. Thus, our discussion is limited to interpreting the FLSA." *Ndambi*, 2021 WL 833277 at *2 n.1  If anything, *Ndambi* underscores that no federal law governs the appropriate wage rate in detention, and that such a determination is properly left to state laws such as Colorado's unjust enrichment standards.

Plaintiffs additionally note that the mandate in *Ndambi* has been stayed pending *en banc* review, and that the decision suffers from a number of flaws that make it vulnerable on review.  Most glaringly, it pointedly avoids the text of the statute, saying only that it "is unhelpful," *Ndambi*, 2021 WL 833277 at *2, but without quoting the FLSA's definition of "employ" as "to suffer or permit to work."  29 U.S.C. § 203(g).  The decision instead relies upon public policy arguments to conclude that detainees are not employees.  This analysis runs directly contrary to the Supreme Court's recent direction to lower courts that "naked policy appeals" are "the last line of defense for all failing statutory interpretation arguments," and are "an invitation no court should ever take up." *See Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1753 (2020) (Gorsuch, J.) (finding that the text of Title VII protects LGBT employees).

For the reasons set forth above, Plaintiffs do not believe GEO's filing presents supplemental authority that has any bearing on the Court's determination of the motions pending in this action.

Dated: New York, NY
       March 26, 2021

Respectfully submitted,

By: */s/ Michael J. Scimone*
Michael J. Scimone

3

**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-Mail: mscimone@outtengolden.com

Rachel Dempsey
Adam Koshkin
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: rdempsey@outtengolden.com
E-Mail: akoshkin@outtengolden.com

Alexander Hood
David Seligman
Juno Turner
**TOWARDS JUSTICE**
1410 High St., Suite 300
Denver, CO 80218
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN LAW OFFICE**
1123 Spruce Street
Boulder, CO 80302
(303) 440-8780
brandt@milsteinlawoffice.com

Andrew Turner

4

**THE KELMAN BUESCHER FIRM,
P.C.**
600 Grant St., Suite 825
Denver, CO 80203
(303) 333-7751
aturner@laborlawdenver.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2021, a copy of the foregoing document was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
E-Mail: mscimone@outtengolden.com