**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

  Plaintiffs,

v.

THE GEO GROUP, INC.,

  Defendant.

**MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 367)**

Defendant the GEO Group, Inc. ("GEO"), by and through the undersigned counsel, hereby submits this Motion to Strike Notice of Supplemental Authority (ECF 367).[1]

In their Notice of Supplemental Authority, Plaintiffs submitted *non-public drafts* of trial transcripts from the consolidated cases of *State of Washington v. GEO Group*, No 17-cv-5806 and *Nwauzor v. GEO Group*, Case No. 17-cv-5769 (collectively, "Washington cases"). The Washington cases recently were the subject of a three-week trial in the Western District of

---

[1] As this motion is brought under Fed. R. Civ. P 12(f) a certification of conferral is not required by D.C.COLO.LCivR 7.1(d).

1

Washington. Plaintiffs omit a critical fact: the result of the trial. The trial on the Washington cases ended in a mistrial after the jury indicated they were divided on the issues of liability and immunity after over two days of deliberations.[2] The *draft* transcripts of the events leading to the mistrial in the Washington cases do not constitute any type of "authority." Indeed, none of the issues in the consolidated Washington cases have been resolved and all of the issues raised therein are currently the subject of motions practice related to a new trial. Furthermore, the transcripts will not be made available to the public for 90 days, are unavailable to anyone except the attorneys, law clerks, and judge involved in the Washington cases, and "can't be quoted from or any portion [of the transcript] attached to a brief." *See* Exhibit A. Consequently, it is improper to make the draft transcript Plaintiffs attach to their notice public for the first time in this unrelated case with different claims, class periods, and facts. The transcript should be stricken from the record. Should this Court decline to strike the transcript, at a minimum, this Court should disregard Plaintiffs' manufactured "authority."

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, No. 07–cv–01514–WDM–BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008). "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded." *Ctr. For Native Ecosystems v. U.S. Fish & Wildlife Serv.*, No. CIV.A.08-CV-2744, 2010 WL 2035580, at *2 (D. Colo. May 20, 2010). A matter is impertinent if it does not pertain

---

[2] *See* Exhibit A (email between the court reporter for the Washington cases and the undersigned's legal assistant indicating that the transcripts have not been released to the public and are in draft format); *See also State of Washington v. GEO Group*, No 17-cv-5806 Docket Nos. 483,484,485,486, 487 (noting jury deliberations and mistrial).

2

and is not necessary to resolve the issues in question in the case. *See id*. "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler-Durant Min. Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)

The trial testimony raised by Plaintiffs is clearly immaterial and impertinent to the issues before this Court. In the Washington cases, the jury is tasked with resolving factual disputes as to whether detainees in the Northwest ICE Processing Center are employees and whether GEO is entitled to intergovernmental immunity—two issues that are not before this Court. *See Nwauzor v. GEO*, Western District of Washington, Case No. 17-cv-5769, ECF No. 227. There, the derivative sovereign immunity issues relate to whether GEO was directed by ICE to ensure that detainees were not classified as employees. *Id.* In contrast, the issues before this Court arise under the Trafficking Victims Protection Act and an equitable theory of unjust enrichment. GEO's derivative sovereign immunity claim in this case is wholly unrelated to whether detainees should be classified as employees (a legal theory this Court has already disposed of). Instead, the issue before this Court in the briefing is whether the disciplinary policy that was drafted by ICE, required by ICE, and implemented without alteration by GEO entitles it to derivative sovereign immunity.

In short, the documents submitted provide no testimony about the Aurora facility or any of the issues pertinent to this case. Nor does the submitted testimony have any bearing on the evidence before this Court or the requirements of the Aurora contract. Plaintiffs' characterizations of the jury instructions are similarly misguided. Indeed, Plaintiffs' notice fails to mention that the proceedings ended in a mistrial and that all issues have effectively been reset for the new trial. Any future ruling by the Washington court as to derivative sovereign immunity will be based on a new and different set of facts at trial. The only effect Plaintiffs' notice has is to increase the "time and

money that would be spent litigating issues that will not affect the outcome of the case." *Smuggler-Durant Min. Corp.*, 823 F. Supp. at 875. For the foregoing reasons, Plaintiffs' supplemental authority should be stricken from the record. In the alternative, this Court should disregard Plaintiffs' submission.

Respectfully submitted, this 2nd day of July, 2021.

            **AKERMAN LLP**

            *s/ Adrienne Scheffey*
            Adrienne Scheffey
            Melissa L. Cizmorris
            1900 Sixteenth Street, Suite 1700
            Denver, Colorado 80202
            Telephone:  (303) 260-7712
            Facsimile:   (303) 260-7714
            Email: melissa.cizmorris@akerman.com
            Email: adrienne.scheffey@akerman.com

            **BURNS, FIGA & WILL, P.C.**
            Dana L. Eismeier
            Michael Y. Ley
            6400 S. Fiddlers Green Circle, Suite 1000
            Greenwood Village, CO 80111
            Telephone: (303) 796-2626
            Facsimile:   (303) 796-2777
            Email: deismeier@bfwlaw.com
            Email: mley@bfwlaw.com

            *Attorneys for Defendant The GEO Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on this 2nd day of July, 2021, a true and correct copy of the foregoing **MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 367)** was filed and served electronically via the Court's CM/ECF system on the following:

**Counsel for Plaintiffs:**

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Nick Mangels*
Nick Mangels

5

58864037;4