# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02887 JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

## OPPOSITION TO MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 368)

On June 28, 2021, Plaintiffs submitted a Notice of Supplemental Authority (the "Notice") containing excerpts of the trial transcript in the consolidated trial for *State of Washington v. The GEO Group, Inc.*, No. 17 Civ. 5806 (W.D. Wash.) and *Nwauzor v. The GEO Group, Inc.*, No. 17 Civ. 5769 (W.D. Wash.) ("*Washington/Nwauzor*"). In the excerpt cited, the *Washington/Nwauzor* court held that it was "clear from the evidence" presented at trial the GEO could not sustain its derivative sovereign immunity defense as

applied to the Voluntary Work Program ("VWP") and its $1/day wages.  ECF No. 367 at 2-3.  On July 2, 2021, GEO filed a Motion to Strike the Notice.  ECF No. 368.

GEO's motion should be denied because a motion to strike can only be filed against a pleading.  Even if GEO's motion were an appropriate filing, it would be without merit because the material GEO wishes to strike is relevant to the issues before the Court.

First, Plaintiffs' Notice is not a "pleading."  Rule 12(f) permits a court to "order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  As is clear from "the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  A "pleading" is defined as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).  A notice of supplemental authority is not a pleading, and cannot be the subject of a motion to strike.  *See Sidney-Vinstein*, 697 F.2d at 885.

Second, as to the substantive arguments raised in GEO's motion, the supplemental authority is directly relevant to the claims here.[1]  Plaintiffs moved for partial summary

---

[1]  GEO cites no legal authority for its position that a rough draft transcript must be stricken from the record.  Where typos or misspellings will not bear on the issues, courts have declined to strike rough drafts.  *Delima v. Wal-Mart Stores Ark., LLC*, No. 17 Civ. 5244, 2018 WL 6729994, at *2 (W.D. Ark. Dec. 21, 2018) (denying motion to strike rough draft transcript).  It is common for courts to rely on rough draft transcripts.  *See, e.g.*, *United States v. Shorter*, No. 1:20-CR-00719, 2021 WL 1996329, at *3 (N.D. Ohio May 19, 2021) (relying on rough draft transcript of suppression motion hearing in

2

judgment on GEO's derivative sovereign immunity affirmative defense ("DSI").  ECF No. 260.  In that motion, Plaintiffs argue that GEO cannot sustain its defense as to GEO's practice of paying detainee workers $1/day, because GEO had discretion to determine the amount detainee workers are paid.  *Id.* at 39-40.  Plaintiffs' Notice bears directly on that factual contention: it shows that GEO's Vice President of Contract Compliance, Daniel Ragsdale, testified that "it is possible" for GEO to pay detainees more than $1/day to detainees, and that it does so in at least one facility to "incentiv[ize] participation" in the VWP.  ECF No. 367 (Pls.' NSA) at 2; ECF No. 367-1 (Trial Tr.) at 28-29.[2]

GEO may argue in its reply that Plaintiff's Notice should be stricken because ICE is currently reviewing Mr. Ragsdale's testimony to determine whether it violates the Department of Homeland Security's *Touhy* regulations, which bar current or former agency employees from testifying on agency operations without express authorization.[3]  However, that fact has no bearing on the testimony cited in the Notice, which consists exclusively to Mr. Ragsdale's testimony about *GEO's* operations.  The Notice does not reference Mr. Ragsdale's testimony about ICE or DHS.

GEO is incorrect that the trial ending in a hung jury is a "critical fact."  That is true, but irrelevant.  The *Washington/Nwauzor* jury hung on claims (minimum wage) and

---

denying motion to suppress); *United States v. Sedillo*, No. CR 17-1371, 2018 WL 6650135, at *2 (D.N.M. Dec. 19, 2018) (citing rough transcript of sentencing hearing).
[2]   Mr. Ragsdale's testimony at trial is consistent with his deposition testimony in this case, given as GEO's corporate representative.  ECF No. 261-4 (Ragsdale 30(b)(6) Tr.) 154:24-155:17; *see also* ECF No. 261-2 (Amber Martin Tr.) 107:18-22 (testifying that GEO could pay more than $1/day "on [its] own dime").
[3]   Mr. Ragsdale is the former Acting Director of ICE.

defenses (intergovernmental immunity) that are not common to both cases. Derivative Sovereign Immunity, which the *Washington/Nwauzor* court found could not be sustained, *is* common to both cases. And the factual predicate of the defense – that ICE mandated the pay rate – is the same in both cases.

    For these reasons, the Court should deny GEO's motion to strike.

                                                Respectfully submitted,

Dated: July 23, 2021                    By: */s/ Michael J. Scimone*
       Nyack, NY                          Michael J. Scimone

                                                **OUTTEN & GOLDEN LLP**
                                               685 Third Avenue, 25th Floor
                                               New York, NY 10017
                                               Telephone: (212) 245-1000
                                               Facsimile: (646) 509-2060
                                               E-Mail: mscimone@outtengolden.com

                                               Rachel Dempsey
                                               Adam Koshkin
                                               **OUTTEN & GOLDEN LLP**
                                               One California Street, 12th Floor
                                               San Francisco, CA 94111
                                               Telephone: (415) 638-8800
                                               Facsimile: (415) 638-8810
                                               E-Mail: rdempsey@outtengolden.com
                                               E-Mail: akoshkin@outtengolden.com

                                               Alexander Hood
                                               David Seligman
                                               Juno Turner
                                               **TOWARDS JUSTICE**
                                               1410 High St., Suite 300
                                               Denver, CO 80218
                                               (720) 441-2236
                                               alex@towardsjustice.org
                                               david@towardsjustice.org
                                               juno@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
T: (844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
Andrew Turner
**MILSTEIN TURNER PLLC**
2400 Broadway
Suite B
Boulder, CO 80304
(303) 440-8780
brandt@milsteinturner.com
andrew@milsteinturner.com

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

*Class Counsel*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2021, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
E-Mail: mscimone@outtengolden.com