**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

**DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 367)**

Defendant the GEO Group, Inc. ("GEO"), by and through the undersigned counsel, hereby submits this Reply in Support of its Motion to Strike Notice of Supplemental Authority (ECF No. 367).

## I.    INTRODUCTION

Plaintiffs' response fails to establish that their notice of supplemental authority is relevant or pertinent to *the instant case*. To the contrary, they concede that the information they seek to put in front of this Court is from another case and that the subject of the testimony addresses a facility

1

that is not within the jurisdiction of this Court. Plaintiffs further concede that the testimony is not even the proper subject of a notice of supplemental authority—describing the cited testimony from Dan Ragsdale as testimony that is "consistent with his deposition testimony in this case." ECF No. 369 at fn. 2. Accordingly, because the information is not properly the subject of a notice of supplemental authority, and because it is neither pertinent nor relevant to this case, it should be stricken.

## II.   ARGUMENT

Plaintiffs' notice of supplemental authority should be stricken, or at a minimum, disregarded.

First, Plaintiffs' notice is improper because it does not point to any new "authority." Rather, Plaintiffs' notice is an attempt to bring issues from a case that is pending in front of the Honorable Judge Robert Bryan in Washington in front of this Court. As the docket in *Nwauzor v. The GEO Group, Inc.*, Western District of Washington, Case No. 17-cv-5769 reflects, the issues of immunity and employment remain in dispute and are subject to ongoing briefing (including a motion pending under Rule 50, *id.*, ECF No. 394). Further, because the trial ended in a hung jury, the case has been set for retrial this October. *See id.*, ECF No. 390 at 2. No final rulings have been issued and certainly, any excerpted discussions about the live issues in that case cannot be classified as "authority." This Court should neither opine upon nor consider those issues (and the underlying evidence for the same) when they are properly within the jurisdiction of Judge Robert Bryan. GEO's legal team has already expended efforts in Washington to defend itself against the claims raised in that lawsuit. It should not be made to reiterate and further defend that lawsuit in this case as well.  Plaintiffs' attempt to force GEO to defend itself in the Washington action while also

2

facing a parallel attack on the same issues in this action should not be indulged. Surely, such efforts serve only to increase the costs to GEO of defending the instant action.

Second, the notice provides impertinent and irrelevant information that is not properly considered in this case. The notice provides draft testimony from a trial in the Western District of Washington which involved a single claim: whether the *Washington* Minimum Wage Act applied to detainees in a *Washington* facility. Neither the Washington facility nor the Washington law (or a similar Colorado law) are at issue in this case. The submitted testimony does not address the Colorado facility or any of the Aurora policies at issue in the present case. Rather, as noted by Plaintiffs in their notice, the testimony concerns a facility in Conroe, Texas and its operations. *See* ECF No. 367 at 2. Thus, because the submitted materials are wholly irrelevant to the instant matter, and instead serve only as a distraction, the notice should be stricken.

Third, to the extent Mr. Ragsdale provided "consistent . . . deposition testimony in this case," Plaintiffs should have raised the issue in their initial brief using the evidence in this case and should not be permitted to manufacture a notice of supplemental authority to supplement their brief with evidence that they did not include in their initial briefing. ECF No. 369 at fn. 2. To the extent Plaintiffs have already filed such testimony with this Court, a notice of supplemental authority should not be used to bolster that evidence after-the-fact. To the extent the Court agrees the consistent testimony was not previously filed, Plaintiffs' attempts to manipulate the Washington proceedings to avoid timely filing evidence with this Court should be rejected.

Fourth, Plaintiffs' argument that the procedural posture of the Washington cases is irrelevant does not carry water. The procedural posture of the Washington cases makes plain that there is no "authority" upon which Plaintiffs can properly refer. To the contrary, the issues remain

59284406;1

live disputes in Washington—neither a jury nor the Court has issued a final ruling on any of the issues in those cases. To that end, the procedural posture supports GEO's position that the notice should be stricken as it does not present any "authority" for this Court to consider.

Finally, Plaintiffs cite case law from other jurisdictions to imply that a motion to strike is proper only where it is brought in response to an initial pleading—not where the subject of the motion to strike is a motion or other entry on the docket. Plaintiffs' assertion is inconsistent with the practice in this District. Courts routinely permit motions to strike *any* impertinent or procedurally improper filing—not just pleadings. *See e.g.*, *O'Connor v. Lafayette City Council*, No. 19-CV-1066-WJM-KLM, 2020 WL 5203792, at *2 (D. Colo. Sept. 1, 2020) (striking motion for summary judgment and motions to compel); *Williams v. Am. Fam. Mut. Ins. Co., S.I.*, No. 18-CV-00621-CMA-NRN, 2019 WL 2502207, at *4 (D. Colo. June 17, 2019) (granting motion to strike expert report and testimony); *Lobato v. Ford*, No. CIVA 05CV01437-LTBCB, 2007 WL 2593485, at *15 (D. Colo. Sept. 5, 2007), *aff'd*, No. 05CV01437LTBCBS, 2007 WL 9666115 (D. Colo. Oct. 31, 2007) (granting in part a motion to strike an affidavit). In short, a motion to strike is the appropriate response to an improper notice of supplemental authority. *Kane Cnty. (II), Utah v. United States,* No. 2:10-CV-1073, 2020 WL 5016890, at *2 (D. Utah Aug. 24, 2020) (granting motion to strike notice of supplemental authority); *see also Britton v. Parker*, No. CIV.A. 06-CV-01797MS, 2007 WL 2871003, at *9 (D. Colo. Sept. 26, 2007).

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' supplemental authority should be stricken from the record. In the alternative, this Court should disregard Plaintiffs' submission.

4

59284406;1

Respectfully submitted this 2nd day of August, 2021.

        **AKERMAN LLP**

        *s/ Adrienne Scheffey*
        Adrienne Scheffey
        Melissa L. Cizmorris
        1900 Sixteenth Street, Suite 1700
        Denver, Colorado 80202
        Telephone:  (303) 260-7712
        Facsimile:   (303) 260-7714
        Email: melissa.cizmorris@akerman.com
        Email: adrienne.scheffey@akerman.com

        **BURNS, FIGA & WILL, P.C.**
        Dana L. Eismeier
        Michael Y. Ley
        6400 S. Fiddlers Green Circle, Suite 1000
        Greenwood Village, CO 80111
        Telephone:  (303) 796-2626
        Facsimile:   (303) 796-2777
        Email: deismeier@bfwlaw.com
        Email: mley@bfwlaw.com

        *Attorneys for Defendant The GEO Group, Inc.*

59284406;1

## CERTIFICATE OF SERVICE

I hereby certify on this 2nd day of August, 2021, a true and correct copy of the foregoing **DEFENDANT THE GEO GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 367)** was filed and served electronically via the Court's CM/ECF system on the following:

### Counsel for Plaintiffs:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
andy@towardsjustice.org

Andrew H. Turner
Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
hans@themeyerlawoffice.com

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor West Suite
Washington, DC 20001
pdl@outtengolden.com

Adam L. Koshkin
Rachel W. Dempsey
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
akoshkin@outtengolden.com
rdempsey@outtengolden.com

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
mscimone@outtengolden.com
om@outtengolden.com

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
brandt@milsteinlawoffice.com

*s/ Nick Mangels*
Nick Mangels

59284406;1