# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02887 JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully provide the following Notice of Supplemental Authority pursuant to D. Colo. Civ. L.R. 7.1(f).

On October 12, 2021, a second trial began in the consolidated cases of *State of Washington v. The GEO Group, Inc.*, No. 17 Civ. 5806 (W.D. Wash.) and *Nwauzor v. The GEO Group, Inc.*, No. 17 Civ. 5769 (W.D. Wash.). *Washington*, ECF No. 594 (October 12, 2021 Minute Entry); *Nwauzor*, ECF No. 481 (same). Plaintiffs in those cases alleged that GEO's practice of paying detainee workers $1 per day for work

performed under the Voluntary Work Program ("VWP") at GEO's Northwest Detention Facility violates the Washington Minimum Wage Act. *Washington*, ECF No. 579 (Pretrial Order) at 3-4; *Nwauzor*, ECF No. 469 (same). On October 27 and 29, 2021 the jury issued a verdict in the plaintiffs' favor, finding GEO liable for failing to pay the minimum wage to detainees working in the VWP at the Northwest Detention Facility and awarding plaintiffs approximately $17.3 million in damages. *Washington*, ECF No. 620 (Jury Verdict); *Nwauzor*, ECF No. 508, 519 (same).

At the close of evidence, GEO filed a motion for judgment as a matter of law asserting, among other things, that the evidence established its Derivative Sovereign Immunity ("DSI") defense. *Washington*, ECF No. 610 (Motion for Judgment as a Matter of Law) at 13-17; *Nwauzor*, ECF No. 498 (same) at 13-17. The Court denied GEO's motion in its entirety, and the jury was not instructed on DSI. *Washington*, ECF Nos. 616 (Minute Order Denying GEO's Motion for Judgment as a Matter of Law); 619 (Jury Instructions); *Nwauzor*, ECF Nos. 504, 507 (same). This marks the second occasion on which Judge Bryan has denied GEO's DSI defense in the Washington cases. *See* ECF No. 367 (Plaintiffs' Notice of Supplemental Authorities).

Judge Bryan's decision to deny GEO's DSI defense in the Washington cases is relevant here because the DSI defense in those cases relies on the same facts and theories as GEO's DSI defense here: namely GEO's position that it operated the VWP as it was directed to do so by ICE; that GEO did not exceed its delegated authority in paying $1/day in the VWP; and that ICE had valid authority to "provide for" programs that paid wages as low as $1/day due to Congress's authorization in 8 U.S.C. § 1555(d). *See*

2

*Washington,* ECF No. 610 (Motion for Judgment as a Matter of Law) at 13-17*; Nwauzor,* ECF No. 498 (same) at 13-17.

This theory could not succeed in the Washington cases any more than in this case. In the Pretrial Order in the Washington cases, GEO admitted that it has "the option to pay more than $1/day to detainee-workers for work performed in the VWP." *Washington*, ECF No. 579 (Pretrial Order) at 9; *Nwauzor*, ECF No. 469 (same). GEO's admission there is contrary to its position in the pending summary judgment motions now before this Court. *See* ECF No. 286 at p.73, Undisputed Fact No. 95. GEO should be estopped from taking contradictory positions on the same fact in two different cases. *See Queen v. TA Operating, LLC,* 734 F.3d 1081, 1087 (10th Cir. 2013) (judicial estoppel bars parties from taking inconsistent positions across different litigations). Its admission in the Washington cases demonstrates that the government imbued GEO with discretion to pay whatever amount it wished, and did not require it to pay a certain amount. For the reasons set forth in Plaintiffs' submissions at ECF Nos. 260, 286, 336, this fact demonstrates that no rational juror could find that GEO's DSI defense is applicable here.

Dated: New York, NY
     November 1, 2021

Respectfully submitted,

By: */s/ Michael J. Scimone*
Michael J. Scimone

**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
mscimone@outtengolden.com

Adam Koshkin
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
(415) 638-8800
akoshkin@outtengolden.com

Alexander Hood
David Seligman
Juno Turner
Rachel Dempsey
Brianne Power
**TOWARDS JUSTICE**
PO Box 371680, PMB 44465
Denver, CO 80237-5680
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
rachel@towardsjustice.org
brianne@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221
Andrew@ImmigrantCivilRights.com

Brandt Milstein
**MILSTEIN TURNER, PLLC**
2400 Broadway, Suite B
Boulder, CO 80304
(303) 440-8780
brandt@milsteinturner.com
andrew@milsteinturner.com

Andrew Turner
**MILSTEIN TURNER, PLLC**
1490 Lafayette St. #304
Denver, CO. 80218
303-305-8230
andrew@milsteinturner.com

4

Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

Matthew Fritz-Mauer
**THE KELMAN BUESCHER FIRM, P.C.**
600 Grant St., Ste 450
Denver, CO 80203
(303) 333-7751
mfritzmauer@laborlawdenver.com

*Class Counsel*

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2021, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
E-Mail: mscimone@outtengolden.com