IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02887 JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA
on their own behalf and on behalf of all others similarly situated,

  Plaintiffs,

v.

THE GEO GROUP, INC.,

  Defendant.

## NOTICE OF SUPPLEMENTAL AUTHORITY

  Plaintiffs respectfully provide the following Notice of Supplemental Authority pursuant to D. Colo. Civ. L.R. 7.1(f).

  On January 25, 2022, the court in *Novoa v. The GEO Group, Inc.*, No. 17 Civ. 2514 (C.D. Cal.) issued an order granting in part and denying in part the plaintiffs' motion for summary judgment and denying GEO's motion for summary judgment. *Novoa*, ECF No. 542. The order in *Novoa* bears directly on the pending issues in this case. Although *Novoa* concerns a different GEO facility from the one at issue here, the

claims overlap substantially, involve the same defendant, and challenge the same policies. The connection is so close that the *Novoa* court relied on evidence of GEO's conduct at the Aurora, CO facility at issue in this case in reaching its decision. Ex. A (Slip Op.) at 25.

The *Novoa* plaintiffs alleged, as do Plaintiffs here, that (1) GEO's practice of paying detainee workers $1 per day for work performed under the Voluntary Work Program ("VWP") unjustly enriches GEO; and (2) that GEO violated the Trafficking Victims Protection Act ("TVPA") by requiring detainees to clean common areas under threat of solitary confinement. Ex. A (Slip Op.) at 21-26. In response to those claims, GEO asserted an affirmative defense, as it does in this action, that it is immune from both claims under the doctrine of derivative sovereign immunity ("DSI"). *Id.* at 26-28.

As here, both parties in *Novoa* moved for summary judgment on GEO's DSI defense, and as here, GEO moved for summary judgment on the TVPA and unjust enrichment claims.[1] The *Novoa* court denied GEO's motion as to the DSI defense, unjust enrichment, and the TVPA, and granted the plaintiffs' motion as to GEO's DSI defense.

Each of these rulings bears directly on the issues before this Court. First, GEO's motion for summary judgment on unjust enrichment in this case should be denied for the same reasons articulated by Judge Bernal in *Novoa*. *See* Ex. A (Slip. Op.) at 22. There, as here, GEO's Chief Financial Officer testified that absent the VWP, the facility's labor

---

[1] Unlike in this case, the *Novoa* plaintiffs also cross-moved for summary judgment on the unjust enrichment claim. The order also addressed other claims under California law not present in this case.

2

costs would increase, cutting into GEO's profit.  Ex. A (Slip Op.) at 21; *see* ECF No. 336 at 51-52, 74-75.  Additional evidence in the record, also present in this case, showed that GEO gained a competitive advantage in bidding for government contracts by keeping the facility's labor costs down.  Ex. A (Slip Op.) at 21; *see* ECF No. 336 at 75.  Crediting this evidence, Judge Bernal concluded that "a reasonable jury could find that Defendant has enjoyed increased profits (and/or competitive advantage) by relying on detainee labor to maintain the Adelanto facility."  Ex. A (Slip Op.) at 22.  So too here.

Second, GEO's motion for summary judgment on Plaintiffs' TVPA claim here relies on the same arguments that the *Novoa* court rejected.  *Compare* Ex. A (Slip. Op.) at 23-26 *with* ECF No. 305 at 24-33.  In *Novoa*, as here, GEO argued that threats of solitary confinement are merely a "warning of legitimate consequences" rather than an "improper threat of coercion," Ex. A (Slip Op.) at 23-24, ECF No. 305 at 28-30; that spending up to 72 hours in solitary confinement does not constitute "serious harm" under the TVPA, Ex. A (Slip. Op.) at 25, ECF No. 305 at 24-27; and that GEO did not act with the requisite intent to have detainees believe they could be harmed if they refused to clean.  Ex. A (Slip Op.) at 26; ECF No. 305 at 30-31.

The *Novoa* court rejected these arguments, finding the evidence in the record – which is nearly identical to the evidence in the record here and included evidence from the Aurora facility at issue in this case – was sufficient for a jury to find in the plaintiffs' favor.  It determined that a reasonable jury could find the threat of solitary confinement in the facility handbook to be an impermissible coercive threat, and recognized that detainee testimony regarding threats made by GEO guards could support a finding that GEO

3

intended to cause detainees to believe they would suffer harm if they did not work. Ex. A (Slip Op.) at 25-26; *see also* ECF No. 336 at 66-68. Judge Bernal relied on evidence that detainees at the *Aurora facility* had been sent to segregation for refusing to clean as evidence that GEO's threats were not hollow. Ex. A (Slip Op.) at 25; *see also* ECF No. 336 at 60. And, citing this Court's order granting class certification, the *Novoa* court held, as a matter of law, that a threat of solitary confinement meant to induce labor (in addition to the actual use of solitary confinement as a consequence for failing to work), is sufficient to establish a TVPA violation. Ex. A (Slip Op.) at 25.

Third, the *Novoa* court granted the plaintiffs summary judgment on GEO's DSI defense. Ex. A (Slip Op.) at 28. As Plaintiffs argue here, the *Novoa* court found that, under the Supreme Court's holdings in *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940) and *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 166 (2016), *as revised* (Feb. 9, 2016), ICE did not direct GEO to pay VWP workers just $1/day, noting that GEO had discretion to set a different rate, but chose not to. Ex. A (Slip Op.) at 28; ECF No. 260 at 39-40. The *Novoa* court further determined, as Plaintiffs have also argued here, that even if ICE had set the rate at $1/day, Congress did not validly confer authority to set a wage rate on ICE. Ex. A (Slip Op.) at 28; ECF No. 298 at 40-45.

The similarities between the plaintiffs' and GEO's arguments in this case and *Novoa* make the *Novoa* summary judgment order particularly relevant to the pending motions here. Plaintiffs urge the Court to follow the reasoning set forth in the *Novoa* order, as well as in Plaintiffs' submissions at ECF Nos. 260, 286, 298, and 336, to grant

4

Plaintiffs' motion for summary judgment on GEO's DSI defense and deny GEO's summary judgment motion as to Plaintiffs' TVPA and unjust enrichment claims.

Dated: Nyack, NY
February 9, 2022

Respectfully submitted,

By: /s/ *Michael J. Scimone*
Michael J. Scimone

**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
mscimone@outtengolden.com

Adam Koshkin
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
(415) 638-8800
akoshkin@outtengolden.com

Alexander Hood
David Seligman
Juno Turner
Rachel Dempsey
Brianne Power
**TOWARDS JUSTICE**
PO Box 371680, PMB 44465
Denver, CO 80237-5680
(720) 441-2236
alex@towardsjustice.org
david@towardsjustice.org
juno@towardsjustice.org
rachel@towardsjustice.org
brianne@towardsjustice.org

R. Andrew Free
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
(844) 321-3221
Andrew@ImmigrantCivilRights.com

5

Brandt Milstein
**MILSTEIN TURNER, PLLC**
2400 Broadway, Suite B
Boulder, CO 80304
(303) 440-8780
brandt@milsteinturner.com
andrew@milsteinturner.com

Andrew Turner
**MILSTEIN TURNER, PLLC**
1490 Lafayette St. #304
Denver, CO. 80218
303-305-8230
andrew@milsteinturner.com
Hans Meyer
**MEYER LAW OFFICE, P.C.**
P.O. Box 40394
Denver, CO 80204
(303) 831-0817
hans@themeyerlawoffice.com

Matthew Fritz-Mauer
**THE KELMAN BUESCHER FIRM, P.C.**
600 Grant St., Ste 450
Denver, CO 80203
(303) 333-7751
mfritzmauer@laborlawdenver.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2022, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
E-Mail: mscimone@outtengolden.com