**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02887-JLK-MEH

---

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE GEO GROUP, INC.,

        Defendant.

---

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 378)**

---

Defendant, The GEO Group, Inc. ("GEO" or "Defendant") respectfully provides its response to Plaintiffs' supplemental authority filed at docket number 378 and states as follows:

Plaintiffs' Notice of Supplemental Authority is inappropriate and should be disregarded for several reasons. First, Plaintiffs' submission of additional authority is inapplicable to the facts before this Court. The supplemental authority is a summary judgment order from a case pending in California: *Novoa v. GEO Group, Inc.*, Central District of California Case No. 5:17-cv-02514-JGB-SHK. The order does not bear on the issues in the instant case. Rather, it involves different

legal claims related to the applicability of different state laws to a different set of facts, in a different jurisdiction, under a different contract, during a different time period.

Second, the *Novoa* plaintiffs' theory of liability under the TVPA differs significantly from the one before this case. Specifically, the areas the *Novoa* detainees clean differ from the areas in the instant case and the potential consequences also differ. The *Novoa* court has previously acknowledged as much and decertified the nationwide class on the basis of the significant differences between the policies, procedures, and practices at each of GEO's facilities. *Novoa v. GEO Group, Inc.*, Central District of California Case No. 5:17-cv-02514-JGB-SHK, ECF No. 524. In decertifying the class, the Court noted that it had relied nearly entirely on the certification of a class in the instant case, but that discovery had revealed that the policies at the California facility differed significantly enough from those in Colorado that resolving the claims together was not appropriate. *Id.* This is significant because, as has always been true, the findings here must stand on their own. Both cases challenge facets of ICE detention[1] but, ultimately, the facts are different, the policies are different, and the evidence is different.

To be sure, even the legal issues are different in the *Novoa* opinion. In *Novoa,* the Court did not address or decide derivative sovereign immunity in the context of the TVPA—the core issue in Plaintiffs' motion for summary judgment. Rather, the *Novoa* court addressed derivative

---

[1] It should be noted that while Plaintiffs bring this case before the Court, they fail to draw the Court's attention to one issue that could *possibly* bear on the issues before this Court. Without addressing specific facts, the *Novoa* court recognized ICE as a "potentially liable party," (*Novoa* Opinion at 10) a finding that supports GEO's Rule 19 Motion to Dismiss (ECF 307).

sovereign immunity <u>exclusively</u> in the context of California employment law (and the evidence before it). Neither California law nor the evidence in the California case are before this Court.[2]

Finally, this Court should disregard Plaintiffs' supplemental authority to maintain independence in this action. While a subset of Plaintiffs' attorneys may represent former detainees in multiple cases filed around the country, the representations before each of those courts have been clear: each subsequent class action did not overlap with the previously filed actions such that GEO would be subject to liability for the same conduct in competing jurisdictions. Without these assurances, the first-to file rule would counsel against subsequent class actions covering the same conduct. *See e.g. David S. v. United Healthcare Ins. Co.*, No. 2:18-CV-803, 2019 WL 4393341, at *2 (D. Utah Sept. 13, 2019); *see also In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir.1996) (noting the "waste of judicial resources" that could occur when potentially overlapping class actions create duplicative proceedings and noting that such an issue "is not correctable on appeal."). Taking notice of the evidentiary findings in California and applying them here would raise serious questions about whether the first-to-file rule should have been / should be applied. To avoid these concerns about duplicate actions, this Court should disregard the supplemental authority and the related facts and evidence in the *Novoa* matter.

---

[2] The *Novoa* order also resolves the issue of whether detainees are "employees" under California law. This issue is not before this Court as it was previously dismissed.

3

Respectfully submitted this February 11, 2022.

          _S/Adrienne Scheffey_
BURNS, FIGA & WILL, P.C.
Adrienne Scheffey
Dana L. Eismeier
Michael Y. Ley
6400 S. Fiddler's Green Circle, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 796-2626
Facsimile: (303) 796-2777
Email: deismeier@bfwlaw.com
ascheffey@bfwlaw.com
mley@bfwlaw.com

**Attorneys for Defendant
The GEO Group, Inc.**

4

## CERTIFICATE OF SERVICE

      I hereby certify that on this **11th day of February, 2022**, I electronically filed the foregoing **Response to Plaintiffs' Notice of Supplemental Authority (ECF 378)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following or deposited a copy of the filing in the United States mail, postage prepaid, addressed as follows:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
(alex@ towardsjustice.org
david@towardsjustice.org
juno@ towardsjustice.org
andy@towardsjustice.org)

R. Andrew Free
LAW OFFICE OF
R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
(andrew@immigrantcivilrights.com)

Adam L. Koshkin
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
(akoshkin@outtengolden.com
rdempsey@outtengolden.com)

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
(hans@themeyerlawoffice.com)

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor  West Suite
Washington, DC 20001
(pdl@outtengolden.com)

Matthew Fritz-Mauer
KELMAN BUESCHER FIRM
600 Grant St., Ste. 825
Denver, CO 80203
(aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com)

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
(brandt@milsteinlawoffice.com)

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
(mscimone@outtengolden.com
om@outtengolden.com

5

 S/*Karina Sapp*
BURNS, FIGA & WILL, P.C.
Adrienne Scheffey
Dana L. Eismeier
Michael Y. Ley
6400 S. Fiddler's Green Circle, Suite 1000
Greenwood Village, CO  80111
Phone:        (303) 796-2626
Facsimile:    (303) 796-2777
Email:         deismeier@bfwlaw.com
                    ascheffey@bfwlaw.com
                    mley@bfwlaw.com

**Attorneys for Defendant**
**The GEO Group, Inc.**

6