**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02887-JLK-MEH

---

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

**THE GEO GROUP, INC.'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**

---

Defendant, The GEO Group, Inc. ("GEO"), by and through its undersigned attorneys, hereby moves the Court to enter a stay pending appeal and as grounds therefore, states as follows:

**D.C.COLO.LCivR 7.1 Certification**: The undersigned certifies that GEO's counsel conferred in good faith with Plaintiffs' counsel regarding the relief requested in this motion, including by providing legal support for its position. Plaintiffs oppose the relief sought herein.

## I.    INTRODUCTION

On November 16, 2022, GEO filed its notice of appeal from this Court's Order on the parties' cross-motions for summary judgment because GEO's defenses provide immunity from

not only liability but <u>immunity from suit</u>.  ECF No. 387. As explained in this motion, the Court's Order presents errors of law as to critical issues of derivative sovereign immunity—an issue that is immediately appealable. These important and difficult issues must be resolved by the Tenth Circuit before trial.  Absent such review, GEO will be irreparably harmed because as noted above, derivative sovereign immunity is not simply immunity from liability, but rather immunity from suit.  Moreover, a stay is required because preparing for and proceeding with a multi-week jury trial prior to resolving critical and important issues of immunity would serve only to waste valuable judicial resources,[1] increase the costs to all parties, and risk putting witnesses and a jury through an unnecessary trial.  For these reasons, this Court should issue a stay of the case pending the Tenth Circuit's review.

## II.   STANDARD FOR A STAY PENDING APPEAL

A stay is "'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"  *Nken v. Holder,* 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States,* 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. The purpose of a stay is to preserve the status quo pending appellate determination. *Cont'l Oil Co. v. Frontier Refining Co.,* 338 F.2d 780, 781 (10th Cir. 1964).

---

[1] Based on the tenor of the Court's analysis in its 76-page Order denying GEO's derivative sovereign immunity defense, and considering motions for reconsideration are disfavored, GEO has not filed what it believes would be a futile motion to reconsider and instead seeks immediate appellate review from the Tenth Circuit in an effort to avoid delay and to avoid a substantial and unnecessary trial, which will include but not be limited to substantial time and expense incurred by all parties as well as the waste of judicial resources.

In ruling on a motion for stay pending appeal, the Court applies the same standards used when ruling on a motion for preliminary injunction. *See Warner v. Gross,* 776 F.3d 721, 728 (10th Cir. 2015). In evaluating a motion for an injunction pending appeal, the Court considers (1) whether the movants have made a strong showing that they are likely to prevail on the merits of their appeal; (2) whether the movants will be irreparably injured if the injunction is not granted; (3) whether granting the injunction will substantially harm the opposing parties; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *Roman Cath. Diocese of Brooklyn v. Cuomo,* 141 S. Ct. 63, 66 (2020) (citing *Winter v. Nat'l Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)); *In re Kim,* No. 16-cv-02928-PAB, 2018 WL 5267157, at *1 (D. Colo. Oct. 23, 2018) ("A motion for stay pending appeal is governed by the same standards applicable to preliminary injunction motions."); *Evans v. Bd. of Cnty. Comm'rs of Boulder,* 772 F. Supp. 1178, 1181 (D. Colo. 1991).[2]

The Tenth Circuit has qualified the first element in cases like this one: "where the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed." *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003). In those circumstances, "probability of success is demonstrated when the petitioner seeking the stay has raised 'questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving more deliberate investigation.'" *Id.* at 853 (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246-47 (10th Cir. 2001)). Thus, even if a court concludes that success on the merits is less than "likely," a stay is nevertheless appropriate where the issues are substantial and difficult.

---

[2] The Tenth Circuit's rules provide the same four-factor showing. *See* 10th Cir. R. 8.1(B)–(E).

**A.  GEO is Likely to Succeed on the Merits and Raises Substantial Legal Questions Deserving of the Tenth Circuit's Review**

On October 18, 2022, this Court granted Plaintiffs' Motion for Summary Judgment on GEO's assertion of derivative sovereign immunity (ECF No. 260) and denied GEO's Motion for Summary Judgement (ECF No. 284) on the same issues. *See* ECF No. 380. In ruling on the cross motions, the Court applied an erroneous standard for derivative sovereign immunity whereby only specific actions explicitly "required" by the federal government would afford the contractor derivative sovereign immunity. ECF No. 380 at 32, 33. This standard is not, as the Court incorrectly asserted, supported by *Yearsley v. W.A. Ross Constr. Co.,* 309 U.S. 18, 20-22 (1940) or *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 167 (2016). Additionally, the Court incorrectly held that derivative sovereign immunity "is limited to cases in which a contractor 'had no discretion . . . and completely followed government specifications." ECF No. 380 at 32 (citing *Cabalce v. Thomas E. Blanchard & Assocs.*, 797 F.3d 720, 732 (9th Cir. 2015). The Court's application of this standard to GEO's assertion of derivative sovereign immunity was erroneous as it requires a higher bar for GEO to plead and prove its defense than the binding precedent set forth by the Supreme Court.

The standard[3] that the Court should have applied in analyzing the first prong of the derivative sovereign immunity is whether the government contractor "simply performed as the Government directed." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 167 (2016), as revised (Feb. 9, 2016). Since the ruling in *Campbell-Ewald*, the Fourth and Fifth Circuits have addressed the

---

[3] The Court made no finding as to the second prong of derivative sovereign immunity—whether the government validly conferred the authorization upon the contractor. ECF 380 at n.19. Thus, the error cannot be remedied or otherwise rendered harmless by a secondary finding.

application of this standard. In *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 417 (2018)), the Fourth Circuit held that where a government contractor "adhered to the terms of its contract" with the government, the first prong of derivative sovereign immunity is satisfied. *Cunningham*, 888 F.3d at 648. Similarly, in *Taylor Energy Company, L.L.C. v. Luttrell*, 3 F.4th 172 (5th Cir. 2021), the Fifth Circuit summarized the first prong of the derivative sovereign immunity standard as follows: "for actions to be authorized and directed by the Government, the contractor's actions should comply with federal directives." *Id.* at 175. In that case, Plaintiff argued the contractor's design and execution of an environmental remediation plan required by the contract was not "authorized" or directed by the contract because the contract statement of work only required the accomplishment of certain goals, and the contractor had "leeway" or discretion to design various components of the plan to accomplish those goals. *Id.* at 174. The Fifth Circuit rejected this argument finding Plaintiff "misunderstands the *Yearsley* analysis," and that "the appropriate inquiry is whether [the contractor] adhered to the Government's instructions as described in the contract documents." *Id.* at 176. The Fifth Circuit found the first prong of *Yearsley* satisfied because the "Government directed [the contractor] to come up with" the procedures and plans, and "the Government authorized [the contractor's] plan" and the "design and installation of the system." *Id.*

GEO is therefore likely to succeed on its appeal as the standard applied by the Court for derivative sovereign immunity does not comport with that set forth by the Supreme Court. This error was not harmless. There is ample evidence—including a declaration from Jay Brooks, ICE's 30(b)(6) representative—that GEO complied with the terms of its contract in implementing its cleaning policies and making payments to participants in the Voluntary Work Program. ECF 335-

5

2. Had this evidence been considered under the correct standard for summary judgment, it would have compelled the Court to reach a different result.

Furthermore, in addition to a misapplication of the substantive law, the Court misapplied the standard for summary judgment which requires that there be <u>no material facts</u> in dispute for a party to prevail. Indeed, the Court's ruling is internally contradictory with respect to whether factual disputes remain as to the derivative sovereign immunity doctrine that should have been resolved by a jury. For example, footnote 10 of this Court's order (ECF No. 380) points out a dispute between the Parties as to the areas that were actually cleaned by the detainees as part of the challenged practice. Despite identifying this factual dispute, the Court went on to grant summary judgment in Plaintiffs' favor based upon a factual finding about what specific cleaning tasks were at issue in the case—giving no regard to the factual dispute in the record on that very point. *See* ECF 380 at n.16 (finding that the challenged cleaning practices did not include those described by GEO as wiping down tables and cleaning floors, tasks included in the "personal housekeeping" requirement). This error was significant as the Court explicitly stated that if the "personal housekeeping" tasks were the cleaning tasks at issue, "GEO may be entitled to derivative sovereign immunity for its enforcement of this requirement." *Id.*

To be sure, despite finding that ICE did not mandate that detainees "clean the common areas," the Court's order acknowledges that the record contained direction from ICE to detainees that they were to clean both their own "living areas" and also "any general use areas" they used. ECF No. 380 at 30. The failure to acknowledge that the scope of cleaning required by ICE was, at least, the subject of a dispute—was error. In other words, had the Court not resolved an issue of disputed fact, its own Order acknowledges that GEO would have been entitled to summary

judgment. While this is but one example of the misapplication of the summary judgment standard, it is reflective of a compelling reason as to why GEO is likely to succeed on appeal.

**Basis for Jurisdiction.** To the extent the Court requires a showing that GEO will succeed in establishing jurisdiction in the Tenth Circuit, GEO will appeal under 28 U.S.C. § 1291 pursuant to the collateral order doctrine. That rule permits a party to appeal from an order that does not terminate the litigation, provided that three criteria are satisfied: (1) the order conclusively determines the disputed question; (2) the issue is important and independent of the underlying merits; and (3) the issue is effectively unreviewable on appeal. *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546 (1949). Immunity from suit is precisely such an issue. The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage of litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). It has therefore applied the collateral order doctrine to various forms of immunity, including government officials' claims of absolute immunity. *Nixon v. Fitzgerald*, 457 U.S. 731 (1982).

The Sixth, Eleventh, and Second Circuits have determined that derivative sovereign immunity is immediately appealable. *ACT, Inc. v. Worldwide Interactive Network, Inc.,* 46 F.4th 489, 497-98 (6th Cir. 2022); *see also Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, 610 F.3d 321, 323 (6th Cir. 2010); *In re World Trade Ctr. Disaster Site Litig.,* 521 F.3d 169, 191–93 (2d Cir. 2008) (concluding that because section 305 of the Stafford Act provides immunity from suit, there was jurisdiction "to determine the substantive question of whether that immunity may extend derivatively to non-federal entities working in cooperation with federal agencies under the Stafford Act"); *McMahon v. Presidential Airways, Inc.,* 502 F.3d 1331, 1339–40, 1343 (11th Cir. 2007) (concluding that there was jurisdiction over the district court's denial of derivative immunity

claimed to arise from *Feres v. United States,* 340 U.S. 135 (1950)); *C.f. Martin v. Halliburton,* 618 F.3d 476, 484–85 (5th Cir. 2010) (concluding that, under Fifth Circuit precedent, the denial of derivative sovereign immunity is not immediately appealable under the collateral-order doctrine). The Fourth Circuit has likewise determined that the issue of derivative sovereign immunity is a jurisdictional bar from suit, not a defense to liability, thereby acting in accord with the Second, Sixth, and Eleventh Circuits. *See Cunningham*, 888 F.3d at 650 ("[T]he Yearsley doctrine operates as a jurisdictional bar to suit and not as a merits defense to liability."). Although the Tenth Circuit has not yet considered the issue, because derivative sovereign immunity shares the important characteristics of other forms of immunity for which the collateral order doctrine is available, the Tenth Circuit should join the Second, Sixth, and Eleventh Circuits in permitting an immediate appeal. Indeed, in the most recent opinion on this issue less than three months ago, the Sixth Circuit rejected the contrary positions of the Ninth And Fifth Circuits— solidly affirming that derivative sovereign immunity is immediately appealable. *ACT, Inc.,* 46 F.4th at 497-98.

In short, given the seriousness of the issues at stake and the approach this Court took with respect to derivative sovereign immunity, which provides immunity from suit, GEO is likely to prevail at the Tenth Circuit in demonstrating that the Court misapplied controlling legal principles, satisfying the first prong of its motion to stay. At the very least, the appeal raises serious legal questions that "make the issue ripe for litigation and deserving more deliberate investigation."  See *Mainstream Mktg. Servs., Inc.*, 345 F.3d at 853 (finding that "probability of success is demonstrated when the petitioner seeking the stay has raised 'questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving more deliberate investigation.'")

**B. GEO Would Be Irreparably Harmed if The Case Were To Proceed Absent A Stay**

As for the second factor, GEO will be irreparably harmed if the case proceeds to trial absent a stay. Even if the Court disagrees that GEO is likely to prevail on appeal, the irreparable harm to GEO still counsels in favor of a stay. Indeed, the "[p]robability of success is inversely proportional to the degree of irreparable injury evidenced. A stay may be granted with either a high probability of success and some injury, or vice versa." *Ctr. for Int'l Envtl. Law v. Office of the United States Trade Representative,* 240 F. Supp. 2d 21, 22 (D.D.C. 2003); *see also Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991). Here, if GEO were to be forced to proceed to trial absent review from the Tenth Circuit, it would be irreparably harmed because derivative sovereign immunity confers immunity from suit. *ACT, Inc.*, 46 F.4th at 497. To that end, if GEO was forced to prepare for and go to trial before the issue was resolved under the prevailing standard, GEO could not be placed in the position it was before the trial, including but not limited to the fact that GEO would be forced to spend a substantial amount of time and resources preparing for and trying a case it was immune from in the first place. As such, there is a significant threat of harm to GEO if the stay is not granted and the harm could not be remedied on appeal. Indeed, GEO has no procedural mechanism to recover its costs and fees should an unnecessary trial proceed. Thus, the second factor weighs in GEO's favor.

**C. Plaintiffs will Not be Harmed if a Stay Issues**

Plaintiff will not be harmed if the stay is granted. Plaintiffs' monetary claims can be fully redressed at a later trial—if any is needed at all. Indeed, the risk of economic harm itself rarely constitutes irreparable harm. *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, (10th Cir. 2003). Furthermore, the class of Plaintiffs who are part of this suit are those who ceased being held

9

at the Facility in 2014. Thus, there are not continuing "injuries" for which this Court must consider. As such, there is no threat of harm to Plaintiffs if the stay is not granted, and this factor weighs in favor of a stay.

### D.  A Stay Would Further the Public Interest

There is a strong public interest in having clear interpretations of federal laws and regulations about decisions regarding management of federal detention facilities. If there are "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation" and the requirements have been met, a movant is entitled to a stay pending appeal. *Walmer v. United States Dep't of Defense,* 52 F.3d 851, 854 (10th Cir.), *cert. denied*, 116 S. Ct. 474 (1995). Here, federal government agencies such as ICE, and by extension its contractors, have a strong interest in determining the policies and procedures that govern its detention facilities. Furthermore, there is a strong public interest in ensuring that precedent of the Supreme Court is fairly and accurately applied in this District. Moreover, there is no public interest in rushing litigation when there are substantial and difficult questions of law about the whether and in what circumstances the government and its contractors are subject to lawsuits related to the management of these facilities. Therefore, the public interest weighs in favor of a stay.

## III.    CONCLUSION

As explained herein, each of the factors that this Court must consider in assessing whether a stay pending appeal is appropriate weigh in GEO's favor. As such, GEO respectfully requests that this Court stay the case in its entirety pending the outcome of the appeal to the Tenth Circuit.

Respectfully submitted this 18th day of November, 2022.

         *S/Wayne Calabrese*
         The GEO Group
         Wayne Calabrese
         Joseph Negron
         4955 Technology Way
         Boca Raton, FL 33431
         Phone: (561) 999-7344
         Email: wcalabrese@geogroup.com
               jnegron@geogroup.com

         *S/ Adrienne Scheffey*
         BURNS, FIGA & WILL, P.C.
         Adrienne Scheffey
         Dana L. Eismeier
         Michael Y. Ley
         6400 S. Fiddler's Green Circle, Suite 1000
         Greenwood Village, CO 80111
         Phone: (303) 796-2626
         Facsimile: (303) 796-2777
         Email: deismeier@bfwlaw.com
               mley@bfwlaw.com
               ascheffey@bfwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2022, I electronically filed the foregoing **MOTION TO STAY PENDING APPEAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following or deposited a copy of the filing in the United States mail, postage prepaid, addressed as follows:

Alexander N. Hood
David H. Seligman
Juno E. Turner
Andrew Schmidt
TOWARDS JUSTICE
PO Box 371680
PMB 44465
Denver, CO 80237-5680
(alex@ towardsjustice.org
david@towardsjustice.org
juno@ towardsjustice.org
andy@towardsjustice.org)

R. Andrew Free
LAW OFFICE OF
R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
(andrew@immigrantcivilrights.com)

Adam L. Koshkin
OUTTEN & GOLDEN, LLP
One California St., 12th Fl.
San Francisco, CA 94111
(akoshkin@outtengolden.com
rdempsey@outtengolden.com)

Hans C. Meyer
MEYER LAW OFFICE, P.C.
P.O. Box 40394
Denver, CO 80204
(hans@themeyerlawoffice.com)

P. David Lopez
OUTTEN & GOLDEN, LLP
601 Massachusetts Ave. NW
2nd Floor  West Suite
Washington, DC 20001
(pdl@outtengolden.com)

Brandt P. Milstein
MILSTEIN LAW OFFICE
1123 Spruce St.
Boulder, CO 80302
(brandt@milsteinlawoffice.com)

Matthew  Fritz-Mauer
KELMAN BUESCHER FIRM
600  Grant St., Ste. 825
Denver, CO 80203
(aturner@laborlawdenver.com
mfritzmauer@laborlawdenver.com)

Michael J. Scimone
Ossai Miazad
OUTTEN & GOLDEN, LLP
685 Third St., 25th Fl.
New York, NY 10017
(mscimone@outtengolden.com
om@outtengolden.com)

S/*Lauren Sitzman*
Lauren Sitzman