IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

## PLAINTIFFS' RESPONSE TO GEO'S MOTION TO STAY

      GEO's Motion to Stay Proceedings Pending Appeal (the "Motion"), and the appeal itself, is unlikely to do anything more than further delay Plaintiffs' day in court. After more than eight years of litigation, on October 27, 2022, the Court set this case for a three-week trial beginning in April 2023, after conferring with the parties over trial timing and length. With little warning, GEO filed its appeal, followed by this Motion seeking to vacate those trial dates, three weeks later.

GEO's appeal lacks a valid jurisdictional basis, because the Court's October 18, 2022 Order (ECF No. 380) ("the Decision") is not a final order. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States). GEO argues that the denial of its *Yearsley* defense (but no other part of the Decision) qualifies for review under the collateral order doctrine; but this is contrary to the conclusion of the only two circuit courts to have squarely considered the question. *See Childs v. San Diego Fam. Hous. LLC*, 22 F.4th 1092 (9th Cir. 2022); *Houston Cmty. Hosp. v. Blue Cross & Blue Shield of Texas, Inc.*, 481 F.3d 265 (5th Cir. 2007). It is also contrary to the position of the United States, which has argued elsewhere that a *Yearsley* defense is merely a defense to liability, not an immunity from suit, and therefore can be reviewed concurrently with the merits of this action after a final judgment. Amicus Curiae Brief of the United States in *Posada v. Cultural Care, Inc.*, No. 21 Civ. 01676 (1st Cir.) (Nov. 28, 2022). For that reason, Plaintiffs have moved the Tenth Circuit to dismiss GEO's appeal. Motion to Dismiss for Lack of Appellate Jurisdiction, *Menocal v. GEO Group*, No. 22 Civ. 1409 (10th Cir.) (Nov. 30, 2022).

GEO noticed its appeal under 28 U.S.C. § 1291, which divests this Court of jurisdiction over the action and requires what amounts to an automatic stay. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved

in the appeal."). But as Plaintiffs have argued to the 10th Circuit, it also lacks jurisdiction over the appeal, which would mean jurisdiction remains with this Court.

If this Court were convinced that the 10th Circuit lacked jurisdiction, it could safely disregard GEO's notice of appeal and retain jurisdiction. *See Martinez v. Martinez*, No. 09 Civ. 281 (JB/KBM), 2011 U.S. Dist. LEXIS 175232, at *10-11 (D.N.M. Jan. 26, 2011) (*adopted* Mar. 28, 2011, ECF No. 137) ("Because P. Martinez filed a notice of appeal in the absence of a final order and with no other statutory authority to file a notice of appeal, this Court retains jurisdiction and may ignore the notice of appeal"). But, while Plaintiffs do not consent to GEO's Motion, they do not urge the Court to go this far.[1] Efficiency and judicial economy counsel in favor of following the principle that, "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*).

If Plaintiffs are correct that the 10th Circuit lacks jurisdiction over GEO's attempted interlocutory appeal, the Circuit Court will soon have the opportunity to confirm their view and remand the case for trial. The 10th Circuit has directed GEO to provide a response to Plaintiffs' motion to dismiss the appeal within 14 days. Order Filed by Clerk of Court, *Menocal v. GEO Group*, No. 22 Civ. 1409 (10th Cir.) (Dec. 1, 2022).

---

[1] Class Counsel informed GEO's counsel on Nov. 18, 2022 that they do not consent to its filing of the motion; they did not state that they intended to oppose it.

Until that time, Plaintiffs believe the most prudent course of action is to take the existing trial dates off calendar while the jurisdictional issues are decided.  Doing so will conserve resources and prevent the parties from expending time and energy to prepare for trial on a timeline that may turn out to be infeasible.

But even "an effective notice of appeal does not prohibit all later action in the case by the district court.  *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011).  While an appeal is pending, a district court "may address matters that are not comprehended within the appeal." *Id*. at 1227-28 (internal quotation and alteration marks omitted).  The Court may, for example, act on matters such as Plaintiffs' Motion to Appoint Outten & Golden LLP as Class Counsel and to Withdraw R. Andrew Free and Matthew Fritz-Mauer, which Plaintiffs will file next week.

| | |
|---|---|
| Dated: December 2, 2022<br>New York, NY | Respectfully submitted,<br><br> /s/ *Michael J. Scimone*<br>Michael J. Scimone<br>OUTTEN & GOLDEN LLP<br>685 Third Ave., 25th Floor<br>New York, NY 10017<br>Tel: (212) 245-1000<br>Email: mscimone@outtengolden.com<br><br>*Attorney for Plaintiff and the Class* |