## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

       Plaintiffs,

v.

THE GEO GROUP, INC.,

       Defendant.

## MOTION TO APPOINT OUTTEN & GOLDEN LLP AS CLASS COUNSEL AND TO WITHDRAW R. ANDREW FREE AND MATTHEW FRITZ-MAUER

Plaintiffs bring this unopposed motion to update the status of Class Counsel in advance of trial.  Specifically, Plaintiffs seek an order (1) appointing Outten & Golden LLP ("O&G") Class Counsel pursuant to Fed. R. Civ. P. 23(g), (2) withdrawing Matthew Fritz-Mauer as Class Counsel, and (3) withdrawing R. Andrew Free as Class Counsel.

O&G first appeared on behalf of the Class on June 7, 2017, while this case was on appeal from the Court's order granting class certification and appointing Class Counsel.

O&G has diligently litigated this case since in both the appeal and before this Court, regularly appearing before the Court and filing motions on the Class's behalf.  Because O&G only appeared after the Court appointed Class Counsel, Plaintiffs seek an order confirming O&G's role as Class Counsel in the lead-up to trial.

Matthew Fritz-Mauer and R. Andrew Free have left the private practice of law, and accordingly are withdrawing as Class Counsel.

## L.R. 7.1(A) STATEMENT

The parties met and conferred; GEO does not oppose this motion.

## ARGUMENT

### I.    O&G Satisfies the Rule 23(g) Factors for Class Counsel.

O&G and its lawyers on this case, Michael J. Scimone and Adam Koshkin, are experienced class action practitioners who will fairly and adequately represent the class, and their appointment meets the standards set forth in Fed. R. Civ. P. 23(g)(1) and (4).

Rule 23(g)(1)(A) requires that a court consider the following factors in appointing Class Counsel:

(i)     the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  In addition, Rule 23(g)(4) requires that Class Counsel "fairly and adequately represent the interests of the class."  O&G meets each of these requirements.

First, O&G has done substantial work on this action.  Although O&G did not appear on behalf of the Class until June 7, 2017, after the claims were identified and initially investigated, O&G has litigated the case vigorously since that time and devoted substantial time to building the fact record through discovery.  O&G led Plaintiffs' successful briefing in the 10th Circuit, obtaining an order affirming class certification; took extensive discovery, winning two motions to compel and taking nine depositions of opposing witnesses; drafted and filed successful briefs on dispositive motions and class certification, *see* ECF No. 380; and engaged in the parties' various attempts at settlement.

Second, O&G has extensive experience handling class actions.  As detailed in the attached Declaration of Michael J. Scimone, O&G has expertise in class action litigation and is regularly appointed as Class Counsel, including in cases challenging workplace conditions and in cases in this District.

Third, O&G has a deep knowledge of the applicable law.  That knowledge is demonstrated by O&G's successful briefing both in the trial and appellate courts on key issues in this case, including class certification and summary judgment.  *See* ECF No. 380.

Fourth, and last, O&G has already committed substantial resources to the Class's claims.  Since first appearing on the file, O&G has borne the bulk of Plaintiffs' costs of

litigation, including expert costs, and has committed substantial attorney and paralegal time to the mater.  O&G is prepared to bear the costs of trial, and will continue to support the Class with its nonmonetary resources.

Last, as Rule 23(g)(4) requires, O&G has "fairly and adequately represent[ed] the interests of the class."  O&G has litigated this case vigorously and it is now trial-ready. O&G has no conflicts of interest with the Class and is not aware of any other reason that it cannot fairly and adequately represent the Class.

## II.  R. Andrew Free and Matthew Fitz-Mauer Should be Permitted to Withdraw.

Class Counsel R. Andrew Free and Matthew Fitz-Mauer each seek to withdraw from representing the Class.

District of Colorado Attorney Local Rule 5(b) requires an attorney who seeks to withdraw from representation to demonstrate good cause for the withdrawal.  Mr. Free and Mr. Fritz-Mauer seek to withdraw because both attorneys are leaving their current firms and the private practice of law.  *See* Declaration of R. Andrew Free, ¶ 4; Declaration of Matthew Fritz-Mauer, ¶ 4.  As discussed above, the Class will continue to be adequately represented by O&G, Towards Justice, Milstein Turner PLLC, and The Meyer Law Office PC, and withdrawal should be permitted.

## CONCLUSION

For the reasons set forth above, the Court should appoint O&G as Class Counsel and permit R. Andrew Free and Matthew Fritz-Mauer to withdraw as Class Counsel.

Dated:   December 6, 2022
         New York, NY

Respectfully submitted,

 */s/ Michael J. Scimone*
Michael J. Scimone
OUTTEN & GOLDEN LLP
685 Third Ave., 25th Floor
New York, NY 10017
Tel: (212) 245-1000
Email: mscimone@outtengolden.com

*Attorney for Plaintiff and the Class*