# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ALEJANDRO MENOCAL,<br>MARCOS BRAMBILA,<br>GRISEL XAHUENTITLA,<br>HUGO HERNANDEZ,<br>LOURDES ARGUETA,<br>JESUS GAYTAN,<br>OLGA ALEXAKLINA,<br>DAGOBERTO VIZGUERRA, and DEMETRIO VALERGA<br>on their own behalf and on behalf of all others similarly situated,<br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE GEO GROUP, INC.,<br>　　　　　　　　　　Defendant. | Civil No. 1:14-cv-02887-JLK |

## DECLARATION OF MICHAEL J. SCIMONE IN SUPPORT OF PLAINTIFFS' MOTION FOR JURY VIEW

I, Michael J. Scimone, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an attorney with the law firm Outten & Golden LLP, which, together with Towards Justice, Milstein Turner PLLC, and Meyer Law Office, P.C., are Class Counsel in this action. I am an attorney in good standing admitted to practice before this Court.

2. I have been one of the lawyers primarily responsible for the prosecution of Plaintiffs' and the Class's claims in this case.

3. I make the statements in this Declaration based on my personal knowledge and would so testify if called as a witness at trial.

4. Plaintiffs previously attempted to obtain video-recorded evidence depicting the

conditions of confinement at the Aurora Facility ("the Facility") by serving a request for inspection on GEO on November 2, 2018. GEO objected to this request, and following meet-and-confer efforts, on May 30, 2019, Plaintiffs filed a motion to compel. At a hearing on October 18, 2019, Magistrate Judge Hegarty agreed to grant Plaintiffs' demand to inspect and record video of the Aurora Facility.

5.  ICE was represented at the October 18, 2019 hearing by counsel from the U.S. Department of Justice, who objected to Plaintiffs' Counsel recording video in the facility, and suggested that Plaintiffs' Counsel first tour the Facility without recording video, review publicly-available footage, and then determine whether they still needed additional video recordings. Judge Hegarty declined to require these steps, but told Plaintiffs' Counsel that he recommended they adopt them.

6.  Following the formal conference, ICE's counsel informed Plaintiffs' counsel that ICE believed Judge Hegarty lacked the authority to order video inspection, because Plaintiffs had served their inspection request on GEO, not ICE – and expressed ICE's likely intent to appeal Judge Hegarty's order to the 10th Circuit if Plaintiffs sought to move forward with a videotaped inspection.

7.  One purpose of the inspection request was to gather information that could be used by Plaintiffs' expert witnesses to estimate damages. Realizing that an appeal would delay this aspect of discovery, Plaintiffs decided to proceed with the Facility tour on February 13, 2020, without recording video.

8.  Separately, to avoid creating an appellate issue and to bring ICE's objections formally before the Court, on March 3, 2020, Plaintiffs served a subpoena on ICE requesting a videotaped inspection of the Aurora Facility. ICE maintained its objections to Plaintiffs

2

recording video during the tour.

9. Plaintiffs continued to confer with ICE about the request for video recording over the subsequent months, but the parties remained at impasse. On June 25, 2020, Plaintiffs notified ICE that they intended to file a motion seeking a live jury view of the scene, and would forego their request for a videotaped inspection if the motion is granted, while reserving their right to renew the request for video in the event that this motion is denied.

10. On July 10, 2020, in response to a query from ICE, Plaintiffs again confirmed that they would forego their request for video recording and would not seek further photographs of the Aurora Facility in the event that this motion is granted. On July 14, ICE stated that it did not oppose the jury view motion based on this understanding.

11. In the course of these discussions, Plaintiffs agreed to limit the Jury's tour of the Aurora Facility to unoccupied areas of the facility, to the extent possible, in order to minimize any concerns about detainee privacy and limit any impact on the operation of the Aurora Facility.

12. In addition, ICE requested that Jurors be subject to the facility's usual security procedures, which include that the Jurors be escorted through the Facility, and that the Jurors provide identification for a background check 72 hours in advance of the visit.

13. Counsel for GEO has been copied on all correspondence between Plaintiffs and ICE regarding this motion, including Plaintiffs' June 25, 2020 email. GEO's counsel did not express any position regarding this motion in response to that email.

14. On July 31, in light of GEO's silence, I asked GEO for its position on this motion, and offered to discuss the matter by telephone. On August 3, GEO's counsel responded that they were considering the request in consultation with their client, and would respond in "the near future" with GEO's position. Later that same day, I responded to GEO's counsel that Plaintiffs

intended to file this motion by Friday, August 7, and asked GEO to provide its position by that date.  I further offered to speak with GEO's counsel regarding the motion on any of the intervening days between August 3 and August 7, and provided multiple time slots on each day during which I was available.  GEO did not respond to this last email before Plaintiffs filed the motion.

15. Plaintiffs filed their Motion to Authorize the Jury to View the Aurora ICE Processing Center on August 7, 2020.  ECF No. 301.  The motion was fully briefed by September 11, 2020.  After GEO perfected its appeal from Judge Kane's Order on the Parties' Cross Motions for Summary Judgment (among other motion, *see* ECF No. 380), the Court granted a partial stay on December 6, 2022.  ECF No. 398.  The Court then denied the original Motion for a jury view without prejudice.  ECF No. 401.

16. Following the 10th Circuit's decision on GEO's appeal, Judge Kane ordered a briefing schedule for this renewed motion.  Plaintiffs' counsel contacted counsel for GEO on November 12 to verify whether there was any change in its position on the motion.  Later that week, GEO responded that it continued to oppose this motion for the reasons stated in its original opposition at ECF No. 390.

17. Attached hereto as **Exhibit 1** is a true and correct copy of the Letter from ICE to Warden Choate (June 20, 2019).

| | |
|---|---|
| Dated:  New York, NY<br>November 20, 2024 | Respectfully submitted,<br><br>By: */s/ Michael J. Scimone*<br>Michael J. Scimone<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>Telephone: (212) 245-1000<br>Facsimile: (646) 509-2060<br>mscimone@outtengolden.com<br><br>*Class Counsel* |