IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK-CYC

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA and
DEMETRIO VALERGA,
on their own behalf and on behalf of all
others similarly situated,

    Plaintiffs,

v.

THE GEO GROUP, INC.,

    Defendant.

---

**EMERGENCY MOTION FOR U VISA CERTIFICATION**

---

Class Representative Hugo Alexander Hernandez Ceren ("Ceren") respectfully moves this Court to Certify a U Visa confirming his helpfulness in this Court's investigation of Defendant's violations of 18 U.S.C. § 1584 (Involuntary Servitude), as litigated here under the Trafficking Victims Protection Act. 18 U.S.C. § 1595. Mr. Ceren faces a **September 16, 2025** check-in with U.S Department of Homeland Security Immigration and Customs Enforcement ("ICE"). His ICE Deportation Officer has indicated that the agency intends to take Ceren into

custody unless evidence exists that he is pursuing non-frivolous relief from removal on or before September 16, 2025. Mr. Ceren was recently denied a T Visa and might be detained by ICE absent the relief sought by this motion. For the reasons set forth above, Mr. Ceren respectfully requests that the Court decide this motion on an emergency basis.[1] This matter being unrelated to the pending appeal, the stay does not bar this motion. ECF# 400.

I. **Pertinent Facts**

On October 22, 2014, Plaintiffs filed this action against The GEO Group, Inc., on behalf of themselves a class of similarly situated detained immigrant workers seeking damages for forced labor, unjust enrichment, and violations of Colorado's minimum wage order. On October 18, 2022, relying in part on his deposition and discovery responses, this Court held that a reasonable jury could conclude that Ceren and his fellow Class members are survivors of forced labor under the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1589. *Menocal v. GEO Grp., Inc.*, 635 F. Supp. 3d 1151, 1190 (D. Colo. 2022). In its August 22, 2025 decision affirming its denial of his T visa application, U.S. Citizenship and Immigration Services (USCIS) also informed Ceren "[i]t is acknowledged that you are a victim of forced labor." Exhibit 1 - USCIS Decision on Plaintiff's Motion to Reconsider the prior denial of his T-Visa Application.[2]

---

[1] Class counsel has conferred with Defendant's counsel on this motion and the relief it requests. The parties have exchanged several emails on September 15, 2025. Class counsel has not received a definitive position as of the time of filing. D.C.COLO.LCivR 7.1(a). Class counsel regrets that the Emergency nature of this motion has required filing before fullest conferral could be had.

[2] All Exhibits to this Motion contain confidential personal immigration application information and will be filed under Level 1 Restriction pursuant to D.C.COLO.LCivR 7.2. A timely Motion to Restrict will follow. D.C.COLO.LCivR 7.2(e).

2

## II. Judicial Certification of Ceren's U Visa Application Is Appropriate

Ceren now respectfully moves this Court to exercise its discretion to provide judicial certification of Plaintiff's U-Visa application. Such judicial certification would allow the Plaintiff to apply to the U.S. Customs and Immigration Service (USCIS) for U visa relief, which — if granted — would permit him to remain in the United States to complete presentation of claims under the Trafficking Victims Protection Act in this case.

The judicial certification sought by this motion is simply that Plaintiff "has been helpful, is being helpful, or likely will be helpful" in the investigation and prosecution of these claims. "The purpose of the U nonimmigrant classification is to strengthen the ability of law enforcement agencies to investigate and prosecute such crimes . . . , while offering protection to alien crime victims in keeping with the humanitarian interests of the United States." 72 FR 53014.

To be eligible for U visa relief, an alien (1) must have "suffered substantial physical or mental abuse as a result of having been a victim of criminal activity" described by the Act; (2) must "possess information" concerning the qualifying criminal activity; and (3) must have "been helpful, is being helpful, or is likely to be helpful" in the investigation of prosecution of the qualifying criminal act. See 8 U.S.C. § 1101(a)(15)(U)(i). USCIS makes the above determinations upon full application. This Court's threshold role is limited to certifying that Mr. Ceren has been or is likely to be helpful. 8 U.S.C.A. § 1184(p)(1). The Court need not certify that harm was suffered.

The qualifying categories of criminal activity are set out in 8 USC § 1101(a)(15)(U)(iii):

> (iii) the criminal activity referred to in this clause is that involving one or more of the following **or any similar activity** in violation of Federal, State, or local

3

> criminal law: rape; torture; trafficking; incest; domestic violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; female genital mutilation; being held hostage; peonage; **involuntary servitude**; slave trade; kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion; manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; or attempt, conspiracy, or solicitation to commit any of the above mentioned crimes. (emphasis added)

Petitioners for U nonimmigration status must be a victim of one of the enumerated offenses, "or any similar activity". See 8 U.S.C. § 1101(a)(15)(U)(iii). Ceren is a victim of forced labor, which is activity similar to involuntary servitude, an enumerated offense.

Any person who "knowingly and willfully holds to involuntary servitude" another person has violated has violated federal criminal law. See 18 U.S.C. § 1584. Prior to the passage of the TVPA, the U.S. Supreme Court had adopted a narrow interpretation of the involuntary servitude prohibition, requiring actual physical or legal coercion. See United States v. Kozminski, 487 U.S. 931, 949-52 (1988). When Congress enacted the TVPA, it overturned, on invitation of the Kozminski Court, the requirement that an actual objective threat occur. See United States v. Marcus, 487 F. Supp. 2d 289, 302 (E.D.N.Y. 2007)(Congress enacted the TVPA's expanded definition of involuntary servitude "as a response to the Supreme Court's decision in Kozminski"). The TVPA also created a new crime of forced labor, which relied upon the same language as the TVPA's definition of involuntary servitude, compare 22 U.S.C. § 7102(8); 18 U.S.C. § 1589. The TVPA provides a private civil right of action for violation of these forced labor provisions, which Plaintiff Ceren has placed before the Court in this matter. 18 U.S.C. § 1595.

Courts certifying U Visa applications have required a *prima facie* showing that the applicant suffered from qualifying conduct. Garcia v. Audubon Communities Mgmt., LLC, No. CIV.A. 08-1291, 2008 WL 1774584, at *2-3 (E.D. La. Apr. 15, 2008). Applying that *prima*

4

Case No. 1:14-cv-02887-JLK-CYC   Document 432   filed 09/15/25   USDC Colorado
pg 5 of 9

*facie* standard, Mr. Ceren is the victim of forced labor. Menocal, 635 F. Supp. 3d at 1190 ("…Plaintiffs have sufficiently demonstrated that detainees labored under the threat of serious harm.").

Because this case involves a "qualifying criminal activity" as described above, the law provides that a judge, including a federal judge, can "certify" this determination to the USCIS. 8 U.S.C. § 1184(p)(1) provides: "The petition filed by an alien under section 101(a)(15)(U)(i) shall contain a certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigating criminal activity described in section 101(a)(15)(U)(iii). …… This certification shall state that the alien "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity described in section 1101(a)(15)(U)(iii)." Recognizing that judges technically "neither investigate crimes nor prosecute perpetrators," USCIS suggests that "the term 'investigation or prosecution' should be interpreted broadly." 72 FR 53020.

In the instant case, this Court is the appropriate certifying authority. Because allegations of forced labor are before this Court, this Court bore the responsibility to investigate and prosecute — under the broad definition set forth in USCIS guidelines — the alleged unlawful conduct. USCIS regulations direct the certifying official (i.e., this Court) to complete and sign Form I-918, Supplement B, "U Nonimmigrant Status Certification". *See* 8 C.F.R. § 214.14(c)(2)(i). USCIS instructions regarding this form are being submitted in this matter as the first five pages of Exhibit 2. A proposed completed Form I-918 Supplement B certification form **has also been attached hereto for the convenience of the Court.** *See* Exhibit 2. If the Court grants this motion, the Court can either (a) modify and/or execute the attached I-918 Supplement B certification form, or (b) order undersigned counsel to prepare a new I-918

5

Supplement B in conformity with the Court's specific instructions. In either case, the executed I-918 Supplement B certification form would then be attached by the Plaintiff to his I-918 application for a U visa and sent to USCIS.

Federal courts certify U-visas where the underlying civil action arises from the same criminal conduct that is the subject of an immigrant's U-Visa petition eligibility. *See Villegas v. Metropolitan Gov't of Davidson Cnty/Nashville*, 907 F. Supp. 2d 907 (M.D. Tenn. 2012); *Garcia v. Audubon Community Management*, No. 08-1291, 2008 WL 1774584 (E.D. La. Apr. 15, 2008) (granting certification where plaintiffs made prima facie showing that they were made victims of involuntary servitude). On the other hand, courts have declined to certify U-Visa eligibility where a noncitizen sought certification from a different judicial official than the one before whom he testified, *Villars v. Kubiatowski*, 45 F.Supp.3d 791, 811 (N.D. Ill. 2014), or where no prospect of criminal prosecution or investigation exists. *See Baiju v. U.S. Dep't. of Labor*, No. 12-CV-5610, 2014 WL 349295, at *19 (E.D.N.Y. Jan. 31, 2014) (citing *Agaton v. Hospitality and Catering Services, Inc.*, No. 11-1716, 2013 WL 1282454 (W.D. La. Mar. 28, 2013) (denying certification because there was no pending investigation or prosecution of alleged crimes committed by employer)). Here, Plaintiff has placed forced labor violations before this court.

For the foregoing reasons, the Court should grant this emergency motion and certify the U Visa application of Plaintiff Hugo Alexander Hernandez Ceren on the form submitted as Exhibit 2.

Dated: Denver, CO
      September 15, 2025

Respectfully submitted,

*/s/ Andrew Turner*
Andrew H. Turner
Milstein Turner PLLC
2400 Broadway

Suite B
Boulder, CO 80304
303-305-8230
Email: andrew@milsteinturner.com

Alexander Neville Hood
Towards Justice and Hood Law Office PLLC
Towards Justice: 1580 North Logan Street, Suite 660, PMB 444
Hood Law Office: 1312 17th Street, Suite 1028
Denver, CO 80203
720-239-2606
Email: alex@towardsjustice.org

Hans Christopher Meyer
The Meyer Law Office, P.C.
P.O. Box 40394
1547 North Gaylord Street
Denver, CO 80204
303-831-0817
Fax: 720-210-9858
Email: hans@themeyerlawoffice.com

P. David Lopez
Outten & Golden LLP
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, DC 20001
202-847-4400
Fax: 202-847-4410
Email: pdl@outtengolden.com

Adam Levin Koshkin
Outten & Golden LLP
One California Street
12th Floor
San Francisco, CA 94111
415-638-8800
Email: akoshkin@outtengolden.com

Brianne Michelle Power
Towards Justice
1580 North Logan Street
Suite 660

PMB 44465
Denver, CO 80203
319-239-3840
Email: brianne@towardsjustice.org

David Hollis Seligman
Towards Justice
1580 North Logan Street
Suite 660
PMB 44465
Denver, CO 80203-1994
720-248-8426
Email: david@towardsjustice.org

Juno E. Turner
Towards Justice
1580 North Logan Street
Suite 660
PMB 44465
Denver, CO 80203
720-441-2236
Email: juno@towardsjustice.org

Michael J. Scimone
Outten & Golden LLP
685 Third Avenue
25th Floor
New York, NY 10017
212-245-1000
Email: mscimone@outtengolden.com

Ossai Miazad
Outten & Golden LLP
685 Third Avenue
25th Floor
New York, NY 10017
212-245-1000
Fax: 646-509-2060
Email: om@outtengolden.com

Rachel W. Dempsey
Towards Justice
1580 North Logan Street
Suite 660
PMB 44465
Denver, CO 80203

8

720-364-2689
Email: rachel@towardsjustice.org

Brandt P. Milstein
Milstein Turner PLLC
2400 Broadway
Suite B
Boulder, CO 80304
303-440-8780
Email: brandt@milsteinturner.com

*Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Andrew H. Turner*
Andrew Turner
Milstein Turner, PLLC
*Class Counsel*