IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02887-JLK-CYC

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA and
DEMETRIO VALERGA,
on their own behalf and on behalf of all
others similarly situated,

  Plaintiffs,

v.

THE GEO GROUP, INC.,

  Defendant.

---

**EMERGENCY MOTION TO MODIFY WRIT OF HABEAS CORPUS AD TESTIFICANDUM FOR TRIAL TESTIMONY**

---

  Class Representative Hugo Alexander Hernandez Ceren ("Ceren") respectfully moves this Court to issue an emergency writ of habeas corpus ad testificandum halting his imminent removal to El Salvador and requiring U.S. Immigration and Customs Enforcement ("ICE") to

preserve his presence in the United States so that he may testify in person on behalf of the certified class at trial.[1]

As good cause for this Petition, Plaintiff Hernandez Ceren states as follows:

1. By Order dated September 16, 2025, this Court certified the eligibility of class representative Hugo Hernandez Ceren to apply for U Non-Immigrant Status (a "U Visa") with U.S. Citizenship and Immigration Services ("USCIS"). ECF# 434.

2. Following this Court's certification of his U Visa eligibility, Plaintiff Hernandez Ceren prepared and filed a U Visa petition with USCIS. The agency did not provide a notice of receipt concerning that initial application.

3. Plaintiff Hernandez Ceren prepared and filed a second U Visa application, which was delivered to USCIS Attn: 1367, P.O. Box 20020 Phoenix, AZ 85036 on November 24, 2025 at 11:11 AM. Ex. 1, USPS Delivery Tracking Receipt. This P.O. Box is the appropriate address at which to file applications for U Non-Immigrant Status. Ex. 2, USCIS Website pg. 3. Again, USCIS has not provided a notice of receipt acknowledging that application.

4. Petitioner was called in to the Los Angeles U.S. Immigration and Customs Enforcement ("ICE") supervision office on November 24, 2025, for an update about his paperwork and the status of his case. During that meeting ICE abruptly arrested Plaintiff Hernandez Ceren, falsely

---

[1] Class counsel regrets that the Emergency nature of this motion has required filing before conferral could be had. D.C.COLO.LCivR 7.1(a). Undersigned counsel hereby certifies that a copy of this document and the proposed order are being provided to Assistant U.S. Attorney Timothy Jafek by e-mail immediately upon filing them in this Court's CM/ECF system.

claiming that he had "nothing pending". When Petitioner sought an opportunity to speak with counsel and refused to sign blank papers put before him, ICE officers swarmed Petitioner. A female supervisor approved the agents physically forcing Petitioner to affix his fingerprint to a departure record against his will.

5. On or about November 25, 2025, Plaintiff Hernandez Ceren was transported to the Adelanto ICE Processing Center in California and held without access to a deportation officer or counsel. Petitioner's immigration and habeas counsel in the Central District of California attempted to schedule a confidential video visitation with Plaintiff Hernandez Ceren, but no appointments were available.

6. Late on the night on December 6, 2025 and into December 7, 2025, ICE moved Plaintiff Hernandez Ceren from Adelanto to Phoenix, Arizona, and detained him in the Florence Correctional Complex where he is now awaiting removal within hours.

7. Plaintiff's removal from the United States would frustrate this Court's Order certifying is eligibility to apply for U Visa relief. Plaintiff's removal from the United States would also impede the Court's ability to access Plaintiff's testimony at trial.

8. Plaintiff Hernandez Ceren was previously tortured in El Salvador by both police and by transnational criminal organizations following prior removals based on their misapprehension of the meaning tattoos he has, which honor his family.

9. Petitioner fears he will be transferred by the Salvadoran government to CECOT if ICE removes him to El Salvador this weekend.  Survivors of US renditions to CECOT have described torture and other cruel, inhumane, and degrading treatment that routinely occurs there. Robert Tait, *Venezuelans Sent by Trump to El Salvador Endured Systematic Torture, Report Finds*, THE GUARDIAN, Nov. 12, 2025, https://www.theguardian.com/us-news/2025/nov/12/venezuelans-el-salvador-trump-torture-report  It is the position of the U.S. government in other cases that the U.S. has no power to force the Salvadoran government to return someone sent to CECOT. *Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *2 (4th Cir. Apr. 17, 2025).

10.     It is more likely than not that Petitioner's removal will prevent him from testifying at trial in this case.

11.  Petitioner's live testimony is a vital component of the Class's proof in this case, and its absence will prevent the trier of fact from hearing and assessing his responses and credibility as to issues that may emerge between now and trial.

12.  This Court has previously issued a Writ of Habeas Corpus Ad Testificandum concerning Plaintiff Hernandez Ceren.  ECF# 276.

13.     "The authority to issue writs of habeas corpus ad testificandum is expressly conferred by 28 U.S.C. 2241(c)(5)," and allows a federal court in its discretion "to secure the appearance of a state or federal prisoner as a witness in federal court." *Mitchell v. Howard*, No. 14-CV-1068-WYD-NYW, 2015 WL 5728765, at *2 (D. Colo. Sept. 30, 2015). "The writ of habeas

4

corpus ad testificandum is a common law writ of ancient origin. Its object is to direct the custodian of a desired witness who is incarcerated to bring such witness into court to give testimony. The granting of the writ rests largely within the discretion of the court." *Gilmore v. United States*, 129 F.2d 199, 202 (10th Cir. 1942). *See also Brady v. United States*, 433 F.3d 924, 925 (10th Cir. 1970) (affirming the abuse-of-discretion standard of review).

14. For the reasons stated above, Plaintiff Hernandez Ceren respectfully seeks an order from this Court modifying its previous Writ of Habeas Corpus Ad Testificandum [ECF# 276] and clarifying that Plaintiff Hernandez Ceren shall not be removed from the US prior to trial in this matter. Such Order should be directed to the Acting Director of Immigration and Customs Enforcement, the Acting Enforcement and Removal Operations Director for the Phoenix Field Office, and any other custodian of Plaintiff Hernandez Ceren.

For the foregoing reasons, the Court should grant this emergency motion and modify its existing writ of habeas corpus ad testificandum[ECF# 276] to require ICE to maintain the presence of class representative Hugo Alexander Hernandez Ceren in the United States through the date of trial.

Dated: Denver, CO
December 7, 2025

Respectfully submitted,

*/s/ Andrew Turner*
Andrew H. Turner
Milstein Turner PLLC
2400 Broadway
Suite B
Boulder, CO 80304
303-305-8230
Email: andrew@milsteinturner.com

5

Alexander Neville Hood
Towards Justice and Hood Law Office PLLC
Towards Justice: 1580 North Logan Street, Suite 660, PMB 444
Hood Law Office: 1312 17th Street, Suite 1028
Denver, CO 80203
720-239-2606
Email: alex@towardsjustice.org

Hans Christopher Meyer
The Meyer Law Office, P.C.
P.O. Box 40394
1547 North Gaylord Street
Denver, CO 80204
303-831-0817
Fax: 720-210-9858
Email: hans@themeyerlawoffice.com

P. David Lopez
Outten & Golden LLP
601 Massachusetts Avenue NW
Second Floor West Suite
Washington, DC 20001
202-847-4400
Fax: 202-847-4410
Email: pdl@outtengolden.com

Adam Levin Koshkin
Outten & Golden LLP
One California Street
12th Floor
San Francisco, CA 94111
415-638-8800
Email: akoshkin@outtengolden.com

Brianne Michelle Power
Towards Justice
1580 North Logan Street
Suite 660
PMB 44465
Denver, CO 80203
319-239-3840
Email: brianne@towardsjustice.org

6

David Hollis Seligman
Towards Justice
1580 North Logan Street
Suite 660
PMB 44465
Denver, CO 80203-1994
720-248-8426
Email: david@towardsjustice.org

Juno E. Turner
Towards Justice
1580 North Logan Street
Suite 660
PMB 44465
Denver, CO 80203
720-441-2236
Email: juno@towardsjustice.org

Michael J. Scimone
Outten & Golden LLP
685 Third Avenue
25th Floor
New York, NY 10017
212-245-1000
Email: mscimone@outtengolden.com

Ossai Miazad
Outten & Golden LLP
685 Third Avenue
25th Floor
New York, NY 10017
212-245-1000
Fax: 646-509-2060
Email: om@outtengolden.com

Rachel W. Dempsey
Towards Justice
1580 North Logan Street
Suite 660
PMB 44465
Denver, CO 80203
720-364-2689
Email: rachel@towardsjustice.org

           Brandt P. Milstein
           Milstein Turner PLLC
           2400 Broadway
           Suite B
           Boulder, CO 80304
           303-440-8780
           Email: brandt@milsteinturner.com

           *Class Counsel*

## CERTIFICATE OF SERVICE

   I hereby certify that on December 7, 2025, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

           */s/ Andrew H. Turner*
           Andrew Turner
           Milstein Turner, PLLC
           *Class Counsel*