# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:14-cv-02887-JLK-MEH

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and
DEMETRIO VALERGA,
*on their own and on behalf of all others similarly situated*,

      Plaintiffs,

v.

THE GEO GROUP, INC.,

      Defendant.

---

## JOINT MOTION TO RESTRICT

---

The Parties hereby move this Court to restrict access to the Joint Status Report submitted contemporaneously herewith (ECF No. 498) to preserve confidentiality of the proposed logistics of the forthcoming jury view, as ordered by the Court on May 21, 2026. ECF No. 471.

The Parties agree that the Joint Status Report should be filed as a Level 1 restricted document in accordance with D.C.COLO.LCivR 7.2, for the reasons set forth herein.

### I.    Motion for Level 1 Restriction of Joint Status Report

According to D.C.COLO.LCivR 7.2(c), a motion to restrict public access shall be open to public inspection and shall:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

A.    The Parties Seek to Restrict the Joint Status Report (ECF No. 498) as a Level 1 Restricted Document.

The Parties seek to restrict the Joint Status Report (ECF No. 498) filed contemporaneously with this Motion. The Parties seek a Level 1 Restriction of the Joint Status Report. A Level 1 Restriction limits access to the documents to only the Parties and the Court. D.C.COLO.LCivR 7.2(b).

B.    Interests to be Protected and Corresponding Injury in the Absence of Restriction.

In the Minute Order setting a deadline for the filing of the Joint Status Report, the Court stated that the report *shall* include the following information:

- the stipulated rules for juror contact with counsel, parties, court personnel, and facility staff during the jury view;
- a stipulated list of locations in the facility that will be included in the jury view;
- the time of day the jury view should occur;
- the estimated time it will take for the jurors to enter and view the facility; and

- the proposals for how the jury panel should be questioned during voir dire regarding their willingness to participate in the jury view.

ECF No. 471, at p. 2.

Restriction of the information that the Court requires in the Joint Status Report will protect interference from outside entities in the forthcoming jury view at the Aurora ICE Processing Center ("AIPC") and maintain the safety and security of all parties involved in the visit. The Joint Status Report contains information about the locations in the facility which will be toured, the time of day of the jury view, and the time it would take to enter and view the facility. This information is not appropriate for the public and disclosing the same could present security issues. Such information, if available to the public, could be widely disseminated through news organizations (many of which are already covering this case with great interest) and social media. Restriction of this information therefore ensures that the operations of AIPC and the jury view itself remain shielded from public knowledge, that the jury pool is not already familiar with the areas they will view at the AIPC, and that the jury pool has not had an opportunity to review the means and types of questioning to which jurors will be subject during voir dire prior to being summoned for jury duty.

In the absence of restriction, the potential injuries to the Parties and the proceeding are numerous. For one, non-jurors could use the date and time of the jury view to be present at AIPC and attempt to exert undue influence on the jurors, including through a protest. For another, potential jurors could use the publicly available filing as an opportunity to prepare for the jury view and for questioning during voir dire. This information, once publicly available, could not be

unseen or removed. Therefore, an immediate and continuing Level 1 Restriction of the Joint Status Report is necessary.

C.      Restriction is the Only Practicable Means to Protect the Interests.

The Parties are required by Order of this Court to submit the Joint Status Report. The Court's Order further mandates the contents of the Joint Status Report. Previously, details of the Court's visit to the facility were kept concealed from public view by not placing the information on the docket. Here, however, the Court has ordered the Parties to file the status report on the docket. As such, there is no alternative way for the Parties to comply with the Court Order without filing information about the jury view on the docket. Level 1 Restriction is the least restrictive means by which to protect those interests.

WHEREFORE, the Parties respectfully request a Level 1 restriction of the Joint Status Report, filed contemporaneously herewith (ECF No. 498) which would make the Joint Status Report viewable only by the Court and the Parties to this action.

Respectfully submitted this 21st day of July, 2026.

s/ *Michael J. Scimone*
Michael J. Scimone
Aaron Bryce Lee
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone.: (212) 245-1000
Facsimile: (646) 509-2060
Email: mscimone@outtengolden.com
Email: alee@outtengolden.com

Adam Koshkin
Outten & Golden, LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: akoshkin@outtengolden.com

David Seligman
Juno Turner
Alexander Hood
Rachel Dempsey
Towards Justice
1580 N Logan Street
Ste 660 PMB 44465
Denver, CO 80203
Telephone: (720) 441-2236
Email: alex@towardsjustice.org
Email: david@towardsjustice.org
Email: juno@towardsjustice.org
Email: rachel@towardsjustice.org

Andrew Turner
Brandt Milstein
Milstein Turner, PPLC
1490 Lafayette St. #304
Denver, CO 80218
Telephone: (303) 305-8230
Email: andrew@milsteinturner.com
Email: brandt@milsteinturner.com

s/ *James N. Boeving*
Frederick Yarger
Carolyn Fairless
James N. Boeving
William Hauptman
Wheeler Trigg O'Donnell, LLP
370 17th Street
Suite 4500
Denver, CO 80202
Email: Yarger@wtotrial.com
        Fairless@wtotrial.com
        Boeving@wtotrial.com
        Hauptman@wtotrial.com

s/ *Adrienne Scheffey*
Adrienne Scheffey
Jennings Haug Keleher McLeod Waterfall LLP
3300 East 1st Avenue, Suite 59-
Denver, CO 80206
Telephone: 720.509.0273
Email: acs@jklawyers.com

Dominic E. Draye
Nicholas LeFevre
Greenberg Traurig, LLP
2375 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: 602.445.8425
Facsimile: 602.445.8100
Email: Nicholas.Lefevre@gtlaw.com
        drayed@gtlaw.com

David G. Palmer
Naomi G. Beer
Greenberg Traurig, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
Telephone: 303.572.6500
Facsimile: 303.572.6540
Email: beern@gtlaw.com
        palmerdg@gtlaw.com

*Attorneys for Defendant The GEO Group, Inc*

5

Hans Meyer
Meyer Law Office, P.C.
P.O. Box 40394
Denver, CO 80204
Telephone: (303) 831-0817
Email: hans@themeyerlawoffice.com

*Class Counsel*

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on July 21, 2026, I electronically filed the foregoing **JOINT MOTION TO RESTRICT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


*s/ Diane Jarbawi*