**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02887-JLK

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA, and DEMETRIO VALERGA
*on their own behalf and on behalf of all others similarly situated,*

Plaintiffs,

v.

THE GEO GROUP, INC.,

Defendant.

---

**ORDER ON CONTINUING JURISDICTION**

---

Kane, J.

This Order documents the ruling on jurisdiction that I made at today's hearing after offering the parties the opportunity to argue the matter.

On August 12, 2026, GEO filed a Notice of Appeal (ECF No. 527), stating: "Notice is hereby given that Defendant The GEO Group, Inc. ("GEO") appeals this Court's constructive denial of its Motion for Partial Summary Judgment or Judgment on the Pleadings. (Doc. 450)." According to the Notice, "constructive denials" of qualified immunity are immediately appealable and divest this Court of jurisdiction.

Generally, an interlocutory appeal from an order denying qualified immunity "divests the district court of jurisdiction to proceed with any part of the action against an appealing

defendant." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). However, jurisdiction remains with the district court when an appeal involves a non-appealable order. *See Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340–41 (10th Cir. 1976); *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022). To prevent the misuse of an interlocutory appeal, the Tenth Circuit has also instructed that a district court should not be divested of jurisdiction if the court, "(1) after a hearing and, (2) for substantial reasons given, (3) found the claim to be frivolous." *Stewart*, 915 F.2d at 576 (quoting *United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982)).

GEO's pending appeal involves a non-appealable order and is frivolous because, even if the "constructive denial" referenced in the Notice of Appeal were a recognized concept, no such denial has occurred here. The cases GEO cites in the Notice of Appeal involve orders actually denying qualified immunity, *see Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); deferring any ruling on qualified immunity until trial, *see Workman v. Jordan*, 958 F.2d 332, 333 (10th Cir. 1992); and specifically declining to rule on the substance of the matter while requiring the parties to proceed with discovery and/or trial preparation, *Carswell v. Camp*, 54 F.4th 307, 309 (5th Cir. 2022); *Howe v. City of Enterprise*, 861 F.3d 1300, 1301 (11th Cir. 2017); *Payne v. Bitten*, 749 F.3d 697, 699 (8th Cir. 2014). Here, there has been no such refusal to rule on GEO's Motion and no indication that I am deferring a ruling. Quite the opposite, I have indicated that I will issue an order on the Motion as soon as my docket will allow. Additionally, in the revised Proposed Pretrial Order that was recently submitted by the parties, GEO commented that its Motion asserting qualified immunity "will need be resolved prior to trial." *See* Proposed Order at 22, ECF No. 479. Notably, GEO did not insist that all other proceedings should be stayed until its Motion is resolved.

The Tenth Circuit has recognized that "orders failing or refusing to consider qualified immunity are . . . immediately appealable." *Jefferson v. Moore*, 177 F.4th 1062, 1066 (10th Cir. 2026) (quoting *Lowe v. Town of Fairland*, 143 F.3d 1378, 1380 (10th Cir. 1998)). As the Eighth Circuit has explained, the court of appeals "has jurisdiction over interlocutory appeals arising not only from a district court's reasoned denial of qualified immunity, but also from a district court's failure or refusal to rule on qualified immunity. In the latter instance, however, [the] court only exercises its jurisdiction to compel the district court to decide the qualified immunity question." *Payne*, 749 F.3d at 701. In *Workman v. Jordan*, the district court deferred ruling on qualified immunity until trial, and the Tenth Circuit panel exercised jurisdiction and remanded the matter, directing the district court to consider defendants' assertion of qualified immunity. 958 F.2d at 337. The stated purpose in almost every qualified immunity case is to protect appropriate officials from the expenses of pretrial discovery if the claiming party is in fact immune. Here, discovery was already completed before GEO's Motion was ever filed.

In this case, GEO has waited twelve years to assert qualified immunity. It now contends that a delay of four months in receiving a decision on the matter is a constructive denial. It has presented no similar case in which a court of appeals has ever deemed such circumstances to warrant an immediate appeal divesting a lower court of jurisdiction. In short, no constructive denial has occurred that would authorize an immediate interlocutory appeal, and thus GEO's appeal is not properly taken.

Moreover, GEO's tactics serve no purpose other than to delay. If GEO had wanted a decision on qualified immunity before having to face the burdens of litigation, it could have raised qualified immunity sooner; it could have sought a scheduling or pretrial order that prioritized a decision on qualified immunity; it could have avoided simultaneously bombarding

the Court with other substantive filings involving hefty doctrines such as government contractor protections and preemption; it could have moved for a stay specifically related to its request for qualified immunity; and it could have sought clarification on the timing of the Court's decision. But, instead, GEO has filed a Notice of Appeal and insists that this Court is divested of jurisdiction over all aspects of the case, including to issue a decision on the merits of GEO's qualified-immunity motion. Yet, the exercise of jurisdiction by the Tenth Circuit likely would only be used to compel me to decide the qualified-immunity question, which I have already indicated I intend to do shortly. GEO's attempt to force this tail-chasing clearly violates Federal Rule of Civil Procedure 1.

Accordingly, I conclude that GEO's present appeal is improper and frivolous and that I retain jurisdiction over the case.

DATED this 27th day of August, 2026.

John L. Kane
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE