**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02887-JLK-CYC

ALEJANDRO MENOCAL,
MARCOS BRAMBILA,
GRISEL XAHUENTITLA,
HUGO HERNANDEZ,
LOURDES ARGUETA,
JESUS GAYTAN,
OLGA ALEXAKLINA,
DAGOBERTO VIZGUERRA and
DEMETRIO VALERGA,
on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

THE GEO GROUP, INC.

Defendant.

---

**UNOPPOSED MOTION TO LIMIT PUBLICATION OF CERTAIN HIGHLY CONFIDENTIAL TRIAL EXHIBITS AND DEMONSTRATIVES**

---

Pursuant to the Amended Stipulated Protective Order entered by this Court (ECF No. 157), interested party United States Immigration and Customs Enforcement ("ICE") submits this unopposed Motion to limit publication of certain trial exhibits and demonstratives during and after trial in this matter. Specifically, ICE respectfully seeks an order providing that the trial exhibits and demonstratives identified below (1) are published during trial only to witnesses, jurors, counsel, the Parties, and the Court—not to the public gallery; and (2) are not publicly docketed or otherwise made publicly available in the record of trial. The basis for this motion is set forth below.

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for the Parties, who do not oppose this Motion.

## BACKGROUND

On November 26, 2018, the Court entered an Amended Stipulated Protective Order Concerning Confidential Information. ECF No. 157 (the "Protective Order"). Among other things, the Order was designed to address "any risk of circumvention of law that might result from disclosure of sensitive and confidential law enforcement information." *Id.* ¶ ii. As such, the Protective Order allows any Party to "designate a served, disclosed, or filed document 'Highly Confidential – Attorneys' Eyes Only' if, after review by an attorney, the attorney certifies that [this] designation . . . is based on a good faith belief that the document contains" highly sensitive information, including information "the disclosure of which could result in compromise of the safety or security of GEO facilities and/or harm or retaliation to individuals." *Id.* ¶ 5.

Paragraph 19 further provides procedures for ICE and the Parties to follow when "a party desires to use another party's Confidential or Highly Confidential Material at trial or at any hearing in open court." *Id.* ¶ 19. These procedures require that the submitting party meet and confer with the designating party, and also notify ICE. *Id.* In the absence of a waiver by the designating party, "the producing party or ICE or any other interested party shall move for an order that such evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure." *Id.*

Here, the Parties have notified undersigned counsel, as the DOJ representative for ICE, of their provisional intention to introduce certain trial exhibits and demonstratives that have been designated as Highly Confidential (the "Highly Confidential Exhibits"). *See id.* ¶ 17.

(Introduction of these exhibits is, of course, understood to be subject to relevance, as well as to this Court's orders concerning admissibility. *See, e.g.*, ECF No. 610.) Specifically, counsel for Defendant has identified Trial Exhibits Nos. 665 and 904 through 932.[1] Counsel for Plaintiffs has identified Trial Exhibits 921, 928, 929, and 930 (which overlap with the exhibits identified by Defendant), as well as the demonstrative exhibit appearing at ECF No. 612-1 (under Level 1 restriction).

Each of the identified Trial Exhibits consists of a photo or set of photos of the Aurora ICE Processing Center ("AIPC"), most of which were taken inside the facility. All are marked "Highly Confidential" pursuant to the Protective Order. Plaintiffs' demonstrative exhibit, ECF No. 612-1, comprises five detailed floor plans of the AIPC. This exhibit has also been designated as Highly Confidential. ECF No. 615-1.

**ARGUMENT**

ICE respectfully submits that, because public disclosure of the Highly Confidential Exhibits presents a security risk to the AIPC, they should be published during trial only to witnesses, jurors, counsel, the Parties, and the Court—not to the public gallery. For the same reason, the Highly Confidential Exhibits should not be publicly docketed during trial or otherwise made part of the public record.

Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court. *Nixon v. Warner Comm's*, *Inc*., 435 U.S. 589, 599 (1978). Although courts have long recognized a

---

[1] Counsel for Defendant identified these exhibits prior to the Court's ruling that some are inadmissible. *See* ECF No. 610-1 (sustaining objections to Trial Exhibits 907, 908, 922, 923-926, and 932).

common-law right of access to judicial records, "this right is not absolute; it can be rebutted when other interests outweigh the public interests in access." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). The party seeking to overcome the presumption of access bears the burden of showing some significant interest that outweighs the presumption. *Mann*, 477 F.3d at 1149. In exercising its discretion to withhold case-related information from the public, "[t]he court must consider the relevant facts and circumstances of the particular case and weigh the relative interests" at stake. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

In this case, the public interest in the Highly Confidential Exhibits is minimal. While photographs and floor plans depicting the AIPAC provide context and may assist the Court and jurors in visualizing the facility, they do not bear directly on the substantive merits of the case. Moreover, the information that the photographs convey—*i.e.*, how the AIPC is laid out and what certain areas of the facility look like—is not, in and of itself, contested. As such, the extent to which the Highly Confidential Exhibits can aid the public in understanding the dispute or assessing the integrity of the judicial process is limited. *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) (public's interest in disclosure lies in "understanding disputes that are presented to a public forum for resolution" and "assuring that the courts are fairly run and judges are honest"). In short, these exhibits "play only a negligible role in the performance of Article III duties," and consequently the weight of the presumption of access is low. *Riker*, 315 F. App'x at 755.

In contrast, ICE's interest in ensuring the security of the AIPC and the safety of its occupants is substantial enough to warrant limiting public access to the Highly Confidential

Exhibits. *See Elrod v. Walker*, No. CIV.A. 06-3115-SAC, 2011 WL 1113573, at *2 (D. Kan. Mar. 24, 2011) (holding that the security and safety interest in video recorded at a federal prison facility outweighed the presumption of public access). As explained in the attached declaration of Nichole Black, ICE's Assistant Denver Field Office Director, security risks are an important consideration in operating the AIPC. Exhibit A, Black Declaration, ¶ 4. While most detainees do not threaten the facility's security, the AIPC routinely houses people with violent criminal histories. *Id.* Additionally, the AIPC has been the site of a number of anti-ICE demonstrations, particularly in recent years. *Id.*

The public disclosure of floor plans of the AIPC or photographs of the facility's interior—such as the Highly Confidential Exhibits—raises significant operational security and safety concerns. *Id.* ¶ 5. For example, these materials reveal information about security postures (*i.e.*, how well different areas of the facility are protected against a break-in or attack); security features such as cameras; ingress and egress points; the internal layout of the facility; and the availability and location of items that can be used as weapons. *Id.* Consequently, access to these materials can expose vulnerabilities and allow bad actors to exploit these vulnerabilities. *Id.* ¶ 6. Information in the Highly Confidential Exhibits could allow people outside the facility to plan attacks or drop contraband, including drugs or weapons. *Id.* It could also facilitate escape by detainees, with or without outside accomplices. *Id.* Additionally, it could compromise the safety of detainees, facility employees, and/or on-site government personnel. *Id.*

For these reasons, it is ICE's longstanding practice to restrict the disclosure of materials such as the Highly Confidential Materials. *Id.* ¶ 7. These restrictions include, for example, the confiscation from detainees in the facility of any drawings or renderings that include maps or

floor plans of the facility. *Id.* This has been ICE's practice for at least 15 years. *Id.* Thus, the instant Motion seeks to implement precautions that are, for ICE, justified (as discussed above) and routine—not new or unique to this proceeding.

Therefore, because the facts and circumstances of this case establish that ICE's interest in facility security outweighs the public's interest in disclosure, the Court can and should exercise its discretion to limit public access to the Highly Confidential Exhibits.

**CONCLUSION**

For the foregoing reasons, ICE respectfully requests that this Court enter an order (1) limiting publication of the Highly Confidential Exhibits during trial to witnesses, jurors, counsel, the Parties, and the Court, such that they are not displayed to the public gallery; and (2) directing that any Highly Confidential Exhibits admitted into evidence shall not be publicly docketed or otherwise made publicly available.

DATED: October 30, 2026.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

s/ Katherine A. Ross
***Katherine A. Ross***
Assistant United States Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
katherine.ross@usdoj.gov
*Counsel for Interested Party ICE*

**CERTIFICATE OF SERVICE**

I certify that on October 30, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Katherine Ross*
U.S. Attorney's Office